IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN,                    )<br>                                 )<br>           Plaintiff,            )<br>                                 )<br>     v.                          )<br>                                 )<br>INTERSOLUTIONS, INC.,            )<br>                                 )<br>           Defendants.           )<br>_____) | Case No.: 1:07-cv-00298-EGS |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

Defendant InterSolutions, Inc. ("Defendant"), by and through undersigned counsel, hereby moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts I, III, IV, and VI of Plaintiff Linda Green's ("Plaintiff") Complaint for failure to state a claim upon which relief can be granted ("Motion").

Plaintiff filed a Complaint alleging that Defendant violated both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the corresponding District of Columbia Wage and Hour Law, D.C. Code § 32-1001, *et seq.* (2006), because Plaintiff was not paid overtime compensation to which she was entitled for the time period between December 2003 and May 2004. (Complaint ¶¶ 65, 93.)  Plaintiff also alleges that Defendant violated both the federal Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") and the corresponding District of Columbia law, D.C. Code § 32-501 et seq.  (Complaint ¶¶ 91, 120.)

Plaintiff has not stated a claim upon which relief can be granted because, even taking all of the facts in the Complaint as true, Plaintiff's FLSA claims are barred by the applicable statute

of limitations under the FLSA. 29 U.S.C. § 255(a). Portions of Plaintiff's claims are barred by the statute of limitations under the corresponding D.C. Wage and Hour Law. D.C. Code Ann. § 32-1013.

Also, Plaintiff has not stated a claim upon which relief can be granted because Plaintiff admits in the Complaint that she agreed to provide Defendant with documentation certifying her serious medical condition, but fails to allege that she actually provided such certification. (Complaint ¶ 51.) Under the FMLA, employers are entitled to such certification, and plaintiff failed to vest in any potential rights under the FMLA when she failed to provide that certification within a reasonable amount of time. 29 U.S.C. § 2613(a); 29 C.F.R. § 825.305.

The grounds for this Motion are set forth in more detail in the accompanying Memorandum In Support of this Motion, which is incorporated herein by reference.

WHEREFORE, Defendant moves this Court to dismiss the entirety of Counts I, III, and VI of Plaintiff's Complaint with prejudice for failure to state any claim upon which relief may be granted. Defendant also moves this Court to dismiss the portions of the claims in Count IV that accrued prior to February 9, 2004.

Respectfully submitted,

  /s/ Manesh K. Rath
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendant

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on March 6, 2007, a copy of the foregoing was served by CM/ECF software to:

Timothy B. Fleming (D.C. Bar No. 351114)
Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W.
Washington, D.C. 20009
Tel.: (202) 467-4123

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
      Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiff
Linda Green

                                                __/s/_ Manesh K. Rath_____
                                                Manesh K. Rath, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, )<br>)<br>   Plaintiff, )<br>)<br> v. )<br>)<br>INTERSOLUTIONS, INC., )<br>)<br>   Defendants. )<br>_____) | Case No.: 1:07-cv-00298-EGS |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

  Defendant InterSolutions, Inc. ("Defendant"), by and through undersigned counsel, submit the following Memorandum in Support of its Motion to Dismiss Counts I, III, IV, and VI of Plaintiff Linda Green's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**FACTUAL AND PROCEDURAL HISTORY**

  Defendant InterSolutions, Inc. is a family-owned business providing staffing to residential and commercial properties in the District of Columbia, Maryland, Virginia, Pennsylvania, and New Jersey. (Complaint ¶ 12.) InterSolutions hired Plaintiff in December 2003 as an hourly wage employee in Defendant's Washington, D.C. headquarters. (Complaint ¶¶ 6, 13.) In May 2004, InterSolutions promoted Plaintiff to a salaried position as the Manager of Defendant's Front Desk/Concierge Department. (Complaint ¶¶ 7, 27.) Plaintiff was employed as Manager of the Defendant's Concierge Department until August 1, 2006. (Complaint ¶ 8.)

  On February 9, 2007, Plaintiff filed a Complaint to recover damages due to Defendant's alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Family

and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), the District of Columbia Wage and Hour Law, D.C. Code § 32-1001 et seq., the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501 et seq. ("DCFMLA"), the District of Columbia Human Rights Act, D.C. Code § 2-1402.01 et seq. ("DCHRA"), and breach of contract in violation of District of Columbia common law. (Complaint ¶ 1.)

As it relates to this Motion to Dismiss, Plaintiff alleges in Counts I and IV of her Complaint that Defendant violated both the federal FLSA (Count I), and the corresponding District of Columbia Wage and Hour Law (Count IV), because Plaintiff was not paid overtime compensation to which she believes she was entitled for the time period between December 2003 and May 2004. (Complaint ¶¶ 65, 93.) Plaintiff does not assert anywhere in her Complaint that she was entitled to overtime compensation at any time after she was promoted to Manager of InterSolutions' Front Desk/Concierge Department in May 2004.

Plaintiff also alleges in Counts III and VI of her Complaint that Defendant violated both the federal FMLA (Count III) and the corresponding DCFMLA (Count VI). Plaintiff alleges that she had a serious medical condition, breast cancer, and informed InterSolutions of her condition. (Complaint ¶ 42.) From May 2006 through July 2006, Plaintiff alleges that she requested intermittent medical leave to attend doctor's appointments for continuing treatment of her cancer. (Complaint ¶ 43.) Plaintiff admits in her Complaint that Defendant requested that Plaintiff provide documentation certifying her serious medical condition and continuing treatment. (Complaint ¶¶ 84, 113.) Plaintiff admits in her Complaint that in mid-June 2006, Plaintiff agreed to provide documentation from a health care provider certifying her serious medical condition and continuing treatment. (Complaint ¶ 51.) Plaintiff also admits that she requested this information from her doctors. (Complaint ¶ 51.) By Plaintiff's own admission,

2

Plaintiff does not allege that she ever provided Defendant with the medical certification from a health care provider.

## **ARGUMENT**

Plaintiff has not stated a claim upon which relief can be granted because, even taking all of the facts in the Complaint as true, Plaintiff's FLSA claims are barred, either in whole or in part, by the applicable statutes of limitations under the FLSA and D.C. Wage and Hour Law. 29 U.S.C. § 255(a); D.C. Code § 32-1013.

Plaintiff also has failed to state a claim upon which relief can be granted because, from the facts in the Complaint, she admits facts from which this Court can conclude thatwas not protected by or entitled to leave under the FMLA or DCFMLA. Plaintiff admits in her Complaint that Defendant requested that Plaintiff provide documentation certifying her serious medical condition and continuing treatment. (Complaint ¶¶ 84, 113.)

Plaintiff admits in the Complaint that she agreed to provide Defendant with documentation certifying her serious medical condition, but fails to allege that she actually provided such certification. (Complaint ¶ 51.) In failing to allege that she ever actually provided that certification, on the face of the Complaint this Court can conclude that her failure to provide the necessary certification puts her Complaint in such a position that, even if taken as true, would not entitle her to relief. Under the FMLA and DCFMLA, employers are entitled to require such certification, and Plaintiff failed to vest into her potential rights under the FMLA and DCFMLA when she failed to provide that certification. D.C. Code Ann. § 32-504(a); 29 U.S.C. § 2613(a); 29 C.F.R. §§ 825.305, 825.311.

As such, Counts I, III, and VI of Plaintiffs Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Also, a portion of Count IV should also be dismissed with

prejudice because it is barred by the applicable statute of limitations under the D.C. Wage and Hour Law.

I.   **Even Assuming The Truth Of The Facts Alleged In the Complaint, Plaintiff Has Not Properly Stated A Claim Under Counts I, III, IV, and VI Of The Complaint.**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the District Court for the District of Columbia must assume the truth of the facts alleged in the complaint and may grant the motion only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A motion to dismiss "tests not whether the plaintiff will prevail on the merits, but whether the plaintiff has properly stated a claim." *Adams v. Hitt Contracting, Inc.,* 2005 WL 1903547, at *2 (D.D.C. July 11, 2005), *citing Chandamuri v. Georgetown Univ.,* 274 F. Supp. 2d 71, 76 (D.D.C. 2003). A plaintiff need only provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

II.  **Plaintiff Is Not Entitled To Relief Under Counts I and IV of the Complaint Because Her Claims Are Barred By The Applicable Statutes of Limitations.**

Even if Plaintiff has alleged facts that state an otherwise actionable claim under the FLSA and D.C. Wage and Hour Law, her claims are barred, either in whole or in part, by the applicable statutes of limitations.

   A.  **The limitations period for claims under the federal FLSA is two years unless the employer's violation of the Acts are "willful," in which case the limitation period is extended to three years.**

The limitations period for claims under the FLSA, 29 U.S.C. § 255(a), is two years unless the employer's violation is willful, in which case the limitations period is extended to three years. 29 U.S.C. § 255(a); *Phuong v. Nat'l Academy of Sciences*, 901 F. Supp. 12, 14 (D.D.C.

4

1995)(Friedman, J.); *Beale v. District of Columbia*, 789 F. Supp. 1172, 1174 (D.D.C. 1992)(Revercomb, J.); *Wyland v. D.C. Government*, 728 F. Supp. 35, 36 (D.D.C. 1990)(Pratt, J.).

A cause of action accrues under the FLSA at the time that the Act was allegedly violated and overtime payments were allegedly due. *Beale*, 789 F. Supp. at 1174. In *Beale v. District of Columbia*, this Court held that a plaintiff's recovery under the FLSA was properly limited to a period of two years dating back from the date of their Complaint. *Id*. Furthermore, under the FLSA, the continuing violations exception does not apply. *Hasken v. City of Louisville*, 234 F. Supp. 2d. 688, 691 (W.D. Ky. 2002). Thus, each violation of the Act gives rise to a new cause of action and begins a new statute of limitations period as to that particular pay period or event. *Hasken*, 234 F. Supp. 2d. at 691. In *Truslow v. Spotsylvania County Sheriff,* a district court noted that a cause of action for overtime wages accrues at each regular payday immediately following the work period during which services were rendered and for which overtime pay is claimed. 783 F. Supp. 274, 279 (E.D. Va. 1992); *citing Mitchell v. Lancaster Milk Co.*, 185 F. Supp. 66 (M.D. Pa. 1960).

> **B.    Plaintiff has not alleged that Defendant's violation was "willful" as to her alleged unpaid overtime between December 2003 and May 2004.**

Even taking the alleged facts in the Complaint as true, Plaintiff has not alleged facts that demonstrate that Defendant's actions towards her overtime payments were "willful."

> 1.    <u>Plaintiff bears the burden of showing that Defendant's conduct was "willful," and must allege facts sufficient to demonstrate that Defendant either "knew" or showed a "reckless disregard" as to whether its conduct was prohibited by the statute.</u>

To extend the statute of limitations from two years to three years, the plaintiff bears the burden of establishing that the employer's conduct was willful. *Truslow*, 783 F. Supp. at 279; *citing McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

5

A violation under the FLSA is "willful" if the employer either knew or showed a "reckless disregard" for the matter of whether its conduct was prohibited by the Act. *McLaughlin*, 486 U.S. at 133; *Wyland*, 728 F. Supp. at 36. Even a finding of unreasonableness on the part of employer does not rise the level of a willful violation if the plaintiff fails to sufficiently demonstrate a reckless or knowing violation. *Wyland,* 728 F. Supp. at 37. In *McLaughlin v. Richland Shoe Co.*, the Supreme Court expressly rejected a standard that would allow a finding of "willfulness" if the employer, recognizing that it might be covered by the FLSA, acted without a reasonable basis for believing that it was complying with the statute. 486 U.S. at 134. Thus, the employer's conduct must amount to something more than unreasonable in order for it to be considered "willful."

      2.    <u>Plaintiff has only made bare assertions that Defendant's conduct was willful, and has not provided any specific factual allegations to support her claim.</u>

In support of Count I of her Complaint, Plaintiff simply alleges, without any facts to support her claim, that Defendant's conduct was "repeated, willful, and intentional." (Complaint ¶ 68.) Such bare and conclusory allegations are insufficient to state a claim under the FLSA. *Phuong*, 901 F. Supp. at 15.

In *Phuong v. Nat'l Academy of Sciences*, which came before this Court, a Plaintiff filed a complaint against the defendant alleging that NAS failed to compensate the plaintiff for overtime hours and that the employer's failure to compensate her was "willful and intentional." 901 F. Supp. at 15. This Court noted that the allegations were "conclusory and unsupported by specific factual allegations or evidence," and held that a reasonable fact finder could not conclude that the defendant's conduct was "willful." *Id.* Thus, this Court held that the two year statute of limitations applied under the FLSA. *Id.*

In the instant case, Plaintiff has also made conclusory allegations that are unsupported by factual evidence. While the plaintiff in *Phuong* alleged in her complaint that the defendant's conduct was "willful and intentional," Plaintiff in the instant case has alleged that Defendant's conduct was "repeated, willful, and intentional." (Complaint ¶ 68.) Neither plaintiff provided any specific factual allegations to support the claim. In the instant case, Plaintiff's use of an additional adjective, in this case "repeated," does not differentiate the instant case from *Phuong*.

While Plaintiff has alleged some facts that, if taken as true, may suggest that Defendant's conduct was willful as to the methods that it paid its temporary Front Desk and Concierge employees, these facts do not pertain to the time that Plaintiff worked as an hourly wage employee in InterSolutions' headquarters. (Complaint ¶¶ 34, 35.) Rather, Plaintiff admits in her Complaint that any alleged willful conduct occurred *after* she was promoted to Manager of the Front Desk and Concierge Division in May 2004. (Complaint ¶¶ 34, 35.) Plaintiff does not allege any specific facts to suggest that any willful violations occurred between December 2003 and May 2004, which is the time period that Plaintiff alleges she is owed overtime pay under the FLSA.

Similar to the *Phuong* case, Count I of Plaintiff's Complaint does not contain facts that support a finding of "willful," and as such, this Court should also apply the two year statute of limitations for non-willful violations of the FLSA. 29 U.S.C. § 255(a).

**C.     Plaintiff's federal FLSA claim is barred because the alleged violations occurred before February 9, 2005.**

Plaintiff filed her Complaint on February 9, 2007. (Document No. 1-1.) As stated above, Plaintiff has not shown that Defendant's conduct was "willful" under the FLSA. 29 U.S.C. § 255(a). Therefore, any claims for unpaid overtime compensation that occurred prior to February 9, 2005 are barred by the applicable two year statutes of limitations. 29 U.S.C. § 255(a).

Plaintiff has only alleged in Count I of the Complaint that the Defendant failed to pay her overtime for the time that she was an hourly employee between December 2003 and May 2004. (Complaint ¶¶ 65.) Because her claims for unpaid wages relate entirely to a period that occurred before February 8, 2005, they must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they are barred by the applicable statutes of limitations. *Beale*, 789 F. Supp. at 1174.

> **D.  Even if Plaintiff has alleged that Defendant's violations were "willful," all claims to wages between December 2003 and February 8, 2004 are barred by the three year statue of limitations under the FLSA.**

Even assuming, *arguendo*, that Plaintiff has alleged that Defendant's violations were "willful," all of her claims to wages between December 2003 and February 8, 2004 are barred by the three-year statue of limitations.

In *Wyland v. D.C. Government*, the plaintiffs filed an FLSA claim before this Court on July 26, 1988. *Wyland*, 728 F. Supp. at 36. The plaintiffs had alleged that the defendant D.C. government owed them overtime compensation for violations that occurred between April 15, 1986 and October 1, 1987. *Id.* This Court held that the ordinary two year statute of limitations barred recovery for some plaintiffs for approximately one-sixth of the violation period – from April 15, 1986 to July 25, 1986. *Id.* at 38. This is because the violations for pay periods that occurred prior to two years before the claim was filed were barred by the statute of limitations. *Id.*

In the instant case, Plaintiff filed her Complaint on February 9, 2007, and is seeking damages under the FLSA and the corresponding D.C. Wage and Hour Law for the period between December 2003 and May 2004. (Complaint ¶¶ 65, 93.) The period between December 2003 and February 8, 2004 is barred by even the three year statue of limitations for a "willful" violation. Just as this Court limited the plaintiffs' recovery to a portion of the violations that occurred within the statute of limitations in *Wyland v. District of Columbia,* this Court must also

limit Plaintiffs recovery to only that portion of her Complaint that falls within the three year statue of limitations. *Wyland*, 728 F. Supp. at 38.

Even under the longest possible three year period under the FLSA, Plaintiffs claims are barred as to the period between December 2003 and February 8, 2004, and those portions of the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

    **E.**    **Count IV of Plaintiff's Complaint relates to claims that are barred by the three year statue of limitations under the District of Columbia Wage and Hour Law, D.C. Code Ann. §32-1013.**

The statute of limitations for claims under the D.C. Wage and Hour Law is three years. D.C. Code Ann. § 32-1013.

Plaintiff has only alleged in Count IV of the Complaint that the Defendant failed to pay her overtime for the time that she was an hourly employee between December 2003 and May 2004. (Complaint ¶ 93.) This Court must limit Plaintiffs recovery to only that portion of her Complaint that falls within the three year statue of limitations. *Wyland*, 728 F. Supp. at 38. Because portions of Count IV of Plaintiff's claim for unpaid wages under the D.C. Wage and Hour Law relate to a period that occurred before February 9, 2004, they must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they are barred, in part, by the applicable statutes of limitations. *Beale*, 789 F. Supp. at 1174; D.C. Code Ann. § 32-1013.

**III.**    **Counts III and VI of the Complaint fail to state a claim upon which relief can be granted because Plaintiff admits in the Complaint that she agreed to provide Defendant with documentation certifying her serious medical condition, but fails to allege that she actually provided such certification.**

    **A.**    **Background to Plaintiff's Claims under the FMLA and DCFMLA.**

The FMLA entitles an eligible employee to a total of twelve (12) workweeks of unpaid leave during any 12 month period for a serious health condition that makes the employee unable to perform the functions of his or her job. 29 U.S.C. § 2612(a)(1)(D). The Act defines a

9

"serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves ... inpatient care in a hospital, hospice, or residential medical care facility" or "continuing treatment by a health care provider." 29 U.S.C. § 2611(11)(A)-(B).  Leave taken in relation to a serious health condition may be taken intermittently or on a reduced leave schedule when medically necessary.  29 U.S.C. § 2612(b)(1).

The FMLA and DCFMLA create two types of claims.  First, the statutes create interference claims, in which an employee asserts that his or her employer denied or otherwise interfered with his substantive rights under the Act.  29 U.S.C. § 2615(a)(1); D.C. Code Ann. § 32-507(a).  Second, the statutes create retaliation claims, in which an employee asserts that his or her employer discriminated against him because he engaged in activity protected by the Act.  29 U.S.C. § 2615(a)(1)-(2); D.C. Code Ann. § 32-507(b).

In her Complaint, Plaintiff appears to assert both types of claims.  Plaintiff has alleged that Defendant "interfered with and restrained" Plaintiff's attempt to exercise her FMLA and DCFMLA rights.  (Complaint ¶¶ 87, 116.)  Plaintiff also alleges that Defendant "ultimately discharged her in retaliation" for exercising her FMLA and DCFMLA rights.  (Complaint ¶¶ 88, 117.)

> **B.    Employers are entitled to require that employees provide a certification from a health care provider in order to exercise the employee's rights under the FMLA and DCFMLA.**

Under both the federal FMLA and the corresponding DCFMLA, employers have the right to require that an employee's request for leave be supported by a certification issued by a health care provider.  29 U.S.C. § 2613(a); D.C. Code Ann. § 32-504(a).  Under the Department of Labor's regulations implementing the FMLA, employers must allow the employee at least fifteen (15) calendar days to furnish the certification after the employers has requested it.  29 C.F.R. § 825.305.

10

The certification provision in the FMLA is "designed as a check against employee abuse of leave." *Pendarvis v. Xerox Corp.*, 3 F. Supp. 2d. 53, 56 (D.D.C. 1998)(Friedman, J.)(citations omitted). If an employer requests such certification, the certification must be provided by the employee and "the certification must state that the employee is unable to perform the functions of the employee's position." *Id.*

> **C.    It is well-settled law that an employee relinquishes his or her rights under the FMLA and DCFMLA when the employee does not provide a medical certification upon the employer's request.**

Under Department of Labor regulations implementing the FMLA, if an employee never produces the certification once it has been requested by the employer, the leave is not FMLA leave. 29 C.F.R. §§ 825.311(b), 825.312(b). Because the leave is not FMLA leave if the employee fails to provide the medical certification within the required time, an employer may terminate the employee for good cause (*i.e.*, failure to show up to work) because the employee is no longer entitled to the protections afforded under the statutes. *Lightfoot v. District of Columbia,* 2006 WL 54430, *6 (D.D.C. January 10, 2006)(Walton, J.); *Urban v. Dolgencorp of Texas, Inc.*, 393 F.3d 572 (5th Cir. 2004), *rehearing denied* 398 F.3d 699 (5th Cir. 2005); *Rager v. Dade Behring, Inc.,* 210 F.3d 776 (7th Cir. 2000).

In *Lightfoot v. District of* Columbia, a plaintiff filed a suit before this Court claiming that D.C. government violated the FMLA when it terminated him for failing to provide a follow-up medical certification. 2006 WL 54430, *6. This Court held that it could not conclude that a plaintiff satisfied the FMLA requirements because he failed to provide his employer with the second medical certification that the employer needed to determine whether the plaintiff was eligible for benefits. *Id.* at *7. Thus, this Court awarded the Defendant a judgment on the pleading as to the Plaintiff's FMLA claim. *Id.*

In *Urban v. Dolgencorp of Texas, Inc.*, an employee of defendant Dolgencorp requested time away from work to have surgery associated with carpal tunnel syndrome. 398 F. 3d at 573. The defendant notified the plaintiff that it would be necessary for her to produce a medical certification from her physician to approve the leave under the FMLA, and that the deadline to submit the form would be twenty days following the employer's request. *Id.* The employer never received the plaintiff's certification even after giving her an additional 15-day extension to provide it. *Id.* Thus, the employer did not consider her leave as FMLA leave. The employer terminated the plaintiff because her thirty days of non-FMLA leave provided under company policy had expired, and the company considered her further absences to be unauthorized And thus did not qualify as FMLA medical leave. *Id.* The terminated employee brought an action against her former employer, alleging that she was terminated in violation of the FMLA. *Id.* at 572.

The 5th Circuit held that the defendant employer had satisfied its statutory obligations under the FMLA before it terminated the plaintiff for failing to provide a medical certification. *Id.* at 577. Thus, the plaintiff was not entitled to remedy the certification and was not entitled to recovery under the FMLA because she never provided the certification. *Id.* In making that determination, the 5th Circuit noted that it would be illogical to require an employer to continually notify an employee who failed to submit a medical certification within the specified deadline that they were in danger of relinquishing their rights under the FMLA. *Id.* at 577.

Similarly, in *Rager v. Dade Behring*, an employee reported her need to take leave for an impending surgery. 210 F.3d at 777. The employer notified the employee that she might qualify for FMLA protection, but that she would need to submit a medical certification to the employer. *Id.* at 778. After notifying the employee several times of her need to provide a certification, the

12

employee was ultimately terminated because she never provided the certification. *Id.* The employee sued the employer after she was terminated. *Id.* The 7th Circuit affirmed a district court's holding that the employer did not violate the FMLA by terminating the employee because she had never returned her FMLA medical certification. *Id.*

The medical certification requirement is a well-settled area of law. Courts have widely held that plaintiffs who failed to provide a medical certification failed to avail themselves of the protections of the FMLA, and therefore dismissed claims for retaliatory discharge under the FMLA. *Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir. 2000); *Baldwin-Love v. Electronic Data Systems Corp.*, 307 F. Supp. 2d 1222, 1235 (M.D. Ala. 2004); *Aubochon v. Knauf Fiberglass, GMBH*, 240 F. Supp. 2d 859, 870 (S.D. Ind. 2003); *Smith v. Colo. Interstate Gas Co.*, 794 F.Supp. 1035, 1038-39 (D. Colo. 1992).

> **D.    Plaintiff admits in her Complaint that Defendant requested that she provide a medical certification, and that she agreed to obtain the medical certification but failed to do so.**

The instant case is similar to the decisions in *Lightfoot v. District of Columbia*, *Urban v. Dolgencorp of Texas, Inc.* and *Rager v. Dade Behring, Inc.* because all of the employers requested that the plaintiffs provide a medical certification, and none of the plaintiffs did so within the 15 calendar days. In the instant case, Plaintiff never complied. Plaintiff admits in her Complaint that Defendant requested that Plaintiff provide documentation certifying her serious medical condition and continuing treatment. (Complaint ¶¶ 84, 113.) Plaintiff admits in her Complaint that in mid-June 2006, Plaintiff agreed to provide documentation from a health care provider certifying her serious medical condition and continuing treatment. (Complaint ¶ 51.) Plaintiff also admits that she requested this information from her doctors. (Complaint ¶ 51.)

Plaintiff does not allege anywhere in her Complaint that she ever actually provided Defendant with the medical certification from a health care provider. In failing to allege that she

ever actually provided that certification, Plaintiff admits, and fails to plead to the contrary, that she never did so. Because Plaintiff admits in her Complaint that she was terminated on August 1, 2006, and that Plaintiff had agreed to provide the certification in "mid-June 2006," it is clear from the face of the Complaint that Defendant provided her with longer than 15 calendar days to provide the certification. (Complaint ¶¶ 51, 8.)

As stated above, in failing to provide the medical certification under the FMLA and the DCFMLA, Plaintiff relinquished her protection and rights under those statutes. Thus, under no set of circumstances can Plaintiff claim that Defendant either interfered with her FMLA or DCFMLA rights, or retaliated against her for exercising those rights. Plaintiff's claims under those statutes must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons set forth above, Defendant respectfully moves this Court to dismiss the entirety of Counts I, III, and VI of Plaintiff's Complaint with prejudice for failure to state any claim upon which relief may be granted. Defendant also moves this Court to dismiss the portions of the claims in Count IV that accrued prior to February 9, 2004.

Respectfully submitted,

   /s/ Manesh K. Rath
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 6, 2007, a copy of the foregoing was served by CM/ECF software to:

Timothy B. Fleming (D.C. Bar No. 351114)
Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W.
Washington, D.C. 20009
Tel.: (202) 467-4123

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
    Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiff
Linda Green


              /s/ Manesh K. Rath_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN,                )<br>                                           )<br>            Plaintiff,              )<br>                                           )<br>    v.                                  )<br>                                           )<br>INTERSOLUTIONS, INC.,   )<br>                                           )<br>            Defendants.         )<br>_____) | Case No.: 1:07-cv-00298-EGS |

**(PROPOSED) ORDER**

Upon consideration of Defendant InterSolutions, Inc.'s Motion to Dismiss, and any opposition and replies thereto, it is hereby

**ORDERED** this _____ day of _____, 2007 that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**.  Accordingly, it is further

**ORDERED** that Counts I, III, and VI of the Plaintiff Linda Green's Complaint are hereby **DISMISSED** with prejudice, and portions of Count IV are dismissed with prejudice as to all claims for unpaid wages that accrued prior to February 9, 2004.

It is further **ORDERED** that Plaintiff pay all of Defendants costs and attorneys fees associated with Defendants' Motion to Dismiss.

**SO ORDERED.**

_____                            _____
Date                                                                   Judge Emmet G. Sullivan