IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>INTERSOLUTIONS, INC., *et al.*, )<br>)<br>      Defendants. )<br>_____) | Case No.: 1:07-cv-00298-EGS |

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant InterSolutions, Inc., Drew Golin and Sara Walder ("Defendants"), through undersigned counsel, hereby move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts III and VI of Plaintiff Linda Green's Amended Complaint for failure to state a claim upon which relief can be granted.

Plaintiff filed her Amended Complaint on March 20, 2007, alleging that Defendants violated the federal Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") and the corresponding District of Columbia Family and Medical Leave Act, D.C. Code § 32-501 *et seq.* Amended Complaint ¶¶ 102, 132.

Even taking all of the facts in the Complaint as true, Plaintiff has not stated a claim under the FMLA or the D.C. equivalent because Plaintiff has not alleged that InterSolutions ever denied any requested leave to Plaintiff. Moreover, Plaintiff also intimates in her Complaint that she was absent without leave on the day InterSolutions terminated her. Plaintiff also points to Department of Labor regulations as a basis for her FMLA claim, but the Supreme Court rejected a similar argument in *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81 (2002). In any

event, the regulations cited by Plaintiff do not help her claim because, by the very terms of her own Amended Complaint, her termination mooted the issue.

The grounds for this Motion are set forth in more detail in the accompanying Memorandum In Support of this Motion, which is incorporated herein by reference.

WHEREFORE, Defendant moves this Court to dismiss the entirety of Counts III and VI of Plaintiff's Amended Complaint with prejudice for failure to state a claim under the FMLA or the DCFMLA upon which relief may be granted.

Respectfully submitted,

Date:   April 16, 2007

   /s/  Manesh K. Rath_____
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendant

**CERTIFICATE OF SERVICE**

       I HEREBY certify that on April 16, 2007, a copy of the foregoing was served by CM/ECF software to:

Timothy B. Fleming (D.C. Bar No. 351114)
Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W.
Washington, D.C. 20009
Tel.: (202) 467-4123

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
      Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiff
Linda Green


                            __/s/_ Manesh K. Rath_____
                            Manesh K. Rath, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-00298-EGS |
| ) | |
| INTERSOLUTIONS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants InterSolutions, Inc., Drew Golin and Sara Walder ("Defendants"), through undersigned counsel, submit the following Memorandum in Support of their Motion to Dismiss Counts III and VI of Plaintiff Linda Green's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**FACTUAL AND PROCEDURAL HISTORY**

InterSolutions, Inc., is a family-owned business providing staffing to residential and commercial properties in the District of Columbia, Maryland, Virginia, Pennsylvania, and New Jersey. Amended Complaint ¶ 16. InterSolutions hired Plaintiff in December 2003 as an hourly wage employee in Defendants' Washington, D.C., headquarters. Amended Complaint ¶¶ 6, 19. In May 2004, InterSolutions promoted Plaintiff to a salaried position as the Manager of Defendants' Front Desk/Concierge Department. Amended Complaint ¶¶ 7, 33. Plaintiff was employed as Manager of the Defendant's Concierge Department until her termination on August 1, 2006, for poor job performance. Amended Complaint ¶¶ 8, 69.

On February 9, 2007, Plaintiff filed a Complaint to recover damages due to Defendant's alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), the District of Columbia Wage and Hour Law, D.C. Code § 32-1001 et seq., the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501 et seq. ("DCFMLA"), the District of Columbia Human Rights Act, D.C. Code § 2-1402.01 et seq. ("DCHRA"), and breach of contract in violation of District of Columbia common law.  Complaint ¶ 1.

On March 6, 2007, InterSolutions filed a Motion to Dismiss Counts I, III, IV and VI of Plaintiff's Complaint.

On March 20, 2007, Plaintiff amended her Complaint to name InterSolutions' owners Drew Golin and Sara Walder as individual defendants.  The Amended Complaint mooted Defendant's Motion to Dismiss Counts I, III, IV and VI of Plaintiff's Complaint.  *See* Order on Motion to Dismiss (Apr. 6, 2007).

## ARGUMENT

Plaintiff alleges in Counts III and VI of her Complaint that Defendant violated both the FMLA (Count III), and the corresponding DCFMLA (Count VI).  Plaintiff nowhere in her Amended Complaint, however, makes any assertion that InterSolutions denied Plaintiff the leave she requested to attend her medical condition.  To the contrary, Plaintiff states several times in her Amended Complaint that Defendants granted her all the FMLA time she requested until, by Plaintiff's own admission, InterSolutions' terminated her for her poor job performance. Amended Complaint ¶ 69.

Count III of Plaintiff's Amended Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

A.   **Legal Standard**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court for the District of Columbia must assume the truth of the facts alleged in the complaint and may grant the motion only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A motion to dismiss "tests not whether the plaintiff will prevail on the merits, but whether the plaintiff has properly stated a claim." *Adams v. Hitt Contracting, Inc.*, 2005 WL 1903547, at *2 (D.D.C. July 11, 2005) (citing *Chandamuri v. Georgetown Univ.*, 274 F. Supp. 2d 71, 76 (D.D.C. 2003). A plaintiff need only provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

B.   **Plaintiff Has Not Stated A Claim Under the FMLA**

Plaintiff has failed to state a claim under the FMLA because nowhere in Plaintiff's Amended Complaint does she allege that Defendants denied her the FMLA leave she requested to attend her medical condition. To the contrary, Plaintiff admits several places in her Amended Complaint that when she notified InterSolutions of her need for FMLA leave, InterSolutions respected her right to leave. *See* Amended Complaint ¶ 56 (stating that Plaintiff took one day of FMLA leave for breast cancer surgery on June 9, 2006); ¶ 64 (stating that Plaintiff took one day of FMLA leave for a second surgery on July 7, 2006); ¶ 67 (stating that Plaintiff informed and presumably took FMLA leave the morning of July 27, 2006, for a doctor's appointment).

Additionally, Plaintiff states in her Amended Complaint that Defendants presented Plaintiff with a letter detailing their dissatisfaction in her job performance and outlining steps for Plaintiff to take to remedy these job deficiencies. Amended Complaint ¶ 69. Plaintiff states that

when she received this letter she "immediately left work." Amended Complaint ¶ 70. Later, Defendants terminated Plaintiff. Amended Complaint ¶ 71. Plaintiff does not allege that she had been granted leave—FMLA or otherwise—to "immediately leave work" upon receiving notice by Defendants of her poor job performance. Unexcused absences provide a legitimate basis for termination under an employer's policy. *Spangler v. Fed. Home Loan Bank of Des Moines*, 278 F.3d 847, 853 (8th Cir. 2002) (noting that an "employee cannot claim protection from the FMLA for disciplinary action . . . as a result of absences that are not attributable to his serious health conditions.").

The only substantive FMLA prohibitions that Plaintiff claims Defendants violated are 29 C.F.R. §§ 825.301 and 825.305. *See* Amended Complaint ¶ 61. These sections set out procedural requirements that employers must follow before leave can be counted as FMLA leave. These sections, however, are irrelevant and inapposite to the claim presented here. In *Ragsdale v. Wolverine World Wide, Inc.*, the Supreme Court held invalid a Department of Labor regulation that requires an employer to designate leave as FMLA leave or else the leave does not count against an employee's FMLA entitlement. 535 U.S. 81, 85 (2002). According to the Supreme Court, the plaintiff would have acted the same way whether or not the leave was counted as FMLA leave and thus "the regulation permitted [the plaintiff] to bring suit . . . despite her inability to show that [the defendant's] actions restrained her exercise of FMLA rights." *Id.* at 90-91. In the instant case, Plaintiff has admitted that all leave she requested was granted by Defendants prior to her termination. Whether or not that leave would count as FMLA leave or not is a moot point because, as Plaintiff concedes in her own Complaint, she was fired for her poor job performance. Amended Complaint ¶ 69.

4

## **CONCLUSION**

Plaintiff has insufficiently pled a claim under the FMLA and the DCFMLA and the Court should dismiss Counts III and VI of Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

__/s/_Manesh K. Rath_____
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendant

**CERTIFICATE OF SERVICE**

   I HEREBY certify that on April 16, 2007, a copy of the foregoing was served by CM/ECF software to:

 Timothy B. Fleming (D.C. Bar No. 351114)
 Lori B. Kisch (D.C. Bar No. 491282)
 Wiggins, Childs, Quinn & Pantazis, PLLC
 2031 Florida Avenue, N.W.
 Washington, D.C. 20009
 Tel.: (202) 467-4123

 Susan E. Huhta (D.C. Bar No. 453478)
 Carolyn P. Weiss (D.C. Bar No. 480697)
 Washington Lawyers' Committee for
   Civil Rights and Urban Affairs
 11 Dupont Circle, N.W., Suite 400
 Washington, D.C. 20036
 Tel.: (202) 319-1000
 Fax.: (202) 319-1010

 Counsel for Plaintiff
 Linda Green

                __/s/_ Manesh K. Rath_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:07-cv-00298-EGS |
| | ) |
| INTERSOLUTIONS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **(PROPOSED) ORDER**

Upon consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint and any opposition and replies thereto, it is hereby

**ORDERED** this _____ day of _____, 2007, that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**. Accordingly, it is further

1.      **ORDERED** that Counts III and VI of Plaintiff's Amended Complaint are hereby **DISMISSED** with prejudice. It is further

2.      **ORDERED** that Plaintiff pay all of Defendants' costs and attorneys' fees associated with Defendants' Motion to Dismiss.

**SO ORDERED.**

_____        _____
Date                                                    Judge Emmet G. Sullivan