IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
LINDA GREEN, )
)
      Plaintiff, )
)
   v. ) CIVIL NO: 1:07CV00298-EGS
)
)
INTERSOLUTIONS, INC., ET AL., )
)
      Defendants. )
)
_____)


**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

     Plaintiff Linda Green ("Plaintiff" or "Green"), by and through her undersigned counsel, submits the following Opposition to Defendants' Motion to Dismiss Counts III and VI of Plaintiff's Amended Complaint ("Motion to Dismiss"). For the reasons presented below, the Motion to Dismiss is without merit and should be denied in its entirety.

**I.    Procedural History**

     On February 9, 2007, Plaintiff filed a complaint alleging violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") (Counts I & II), the federal Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA") (Count III), the District of Columbia Wage and Hour Law, D.C. Code § 32-1001, *et seq*. ("DCWHL") (Counts IV & V), the District of Columbia Family and Medical Leave Act, D.C. Code §

32-501, *et seq*. ("DCFMLA") (Count VI), the District of Columbia Human Rights Act, D.C. Code § 2-1402.01, *et seq*. ("DCHRA") (Count VII), and breach of an employment contract in violation of District of Columbia common law (Count VIII), all by Defendant InterSolutions, Inc. ("InterSolutions"). On March 6, 2007, InterSolutions filed its first Motion to Dismiss Counts I, III, IV, and VI of Plaintiff's Complaint, alleging that Plaintiff's FLSA and DCWHL claims were time-barred, in whole or in part, and that her FMLA and DCFMLA claims were inadequately pled. On March 20, 2007, Plaintiff filed her Opposition to Defendant's Motion to Dismiss and an Amended Complaint, adding InterSolutions' co-owners Drew Golin and Sarah Walder as individual Defendants. On April 7, 2007, the Court denied as moot InterSolutions' Motion to Dismiss. On April 16, 2007, Defendants filed a Motion to Dismiss Counts III and VI of Plaintiff's Amended Complaint.

**II.     Legal Standard**

Defendants have moved to dismiss Green's claims pursuant to Fed. R. Civ. P. 12(b)(6). Defendants' Memorandum in Support of its Motion to Dismiss ("Def. Mot.") at 1. "Confronted with a motion to dismiss, 'a plaintiff is not required to plead facts sufficient to prove its allegations'; rather, the complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Covad Communications Co. v. Bell Atlantic Corp.*, 398 F.3d 666, 671 (D.C. Cir. 2005) (quoting Fed. R. Civ. P. 8(a)). The complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *quoted in Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); *see also Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003). All facts

pled and all reasonable inferences therefrom must be accepted as true, and the court may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 46; *see also Covad*, 398 F.3d at 671. Green's Amended Complaint clearly meets these standards.

**III.   Argument**

   **Plaintiff Has Plainly Stated Claims under the FMLA and DCFMLA**

Contrary to Defendants' assertions otherwise, the Amended Complaint plainly states claims under the FMLA and DCFMLA. The FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" FMLA rights. 29 U.S.C. § 2615(a)(1). Similarly, the DCFMLA renders it illegal for "any person to interfere with, restrain, or deny the exercise of or the attempt to exercise" DCFMLA rights. D.C. Code § 32-507(a). Defendants argue that because Green did not allege that Defendants *denied* her medical leave, she has not stated a claim under the FMLA or DCFMLA. Def. Mot. at 2-3 (emphasis added). Defendants overlook the remaining language of the statutes, which makes it illegal for Defendants to not only deny Plaintiff her rights to medical leave, but also to "interfere with" or "restrain" her exercise of or attempts to exercise those rights. *See* 29 U.S.C. § 2615(a)(1); D.C. Code § 32-507(a). Additionally, the Court of Appeals for the D.C. Circuit has recognized that this statutory language also encompasses a cause of action for an employer's retaliation against an employee for exercising or attempting to exercise her FMLA rights. *See Gleklen v. Democratic Congressional Campaign Committee, Inc.*, 199 F.3d 1365, 1368 (D.C. Cir. 2000) (citing *Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316, 319 (5th Cir.

1999) ("Thus, employers have a prescriptive obligation under the FMLA-they must grant employees substantive rights guaranteed by the FMLA-and they have a proscriptive obligation-they may not penalize employees for exercising these rights.")); *see also Price v. Washington Hosp. Center*, 321 F. Supp. 2d 38, 45-46 (D.D.C. 2004) (citing *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1352 (11th Cir. 2000) (FMLA recognizes "two types of claims for alleged violations" of the Act's provisions: "interference claims" and "retaliation claims"); *King v. Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir. 1999) (FMLA "establishes two categories of broad protections:" "prescriptive protections that are expressed as substantive statutory rights[,]" and "protection in the event [employees] are discriminated against for exercising their rights under the Act") (citations omitted); *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 159 (1st Cir. 1998) (same)). The D.C. Court of Appeals has also recognized that the DCFMLA encompasses a claim for retaliation. *See Chang v. Institute for Public-Private Partnerships, Inc.*, 846 A.2d 318, 329 (D.C. 2004).

    Plaintiff alleged in Count III of her Amended Complaint that "Defendants unlawfully interfered with and restrained Green's attempt to exercise her FMLA rights, in violation of 29 U.S.C. § 2615," and that "Defendants discriminatorily altered the terms, conditions, benefits, and/or privileges of Green's employment and ultimately discharged her for exercising and attempting to exercise her rights guaranteed by the FMLA, in violation of 29 U.S.C. § 2615." Amended Complaint ¶¶ 98-99. In Count VI, Plaintiff alleged that "Defendants unlawfully interfered with and restrained Green's attempt to exercise her DCFMLA rights, in violation of D.C. Code § 32-507," and that "Defendants altered the terms, conditions, benefits, and/or privileges of Green's employment and

4

ultimately discharged her in retaliation for exercising and attempting to exercise her rights guaranteed by the DCFMLA, in violation of D.C. Code § 32-507." Amended Complaint ¶¶ 128-29.  Furthermore, Green alleged, in support of these claims, that after she requested and/or took medical leave, Defendants sabotaged her ability to run her department, breached her employment contract with respect to her compensation, and ultimately fired her because of and in retaliation for exercising and attempting to further exercise her rights to medical leave.  Amended Complaint ¶¶ 51-52, 53-55, 65-71.  Thus, both Counts III and VI state claims for interference with the exercise and attempted exercise of FMLA and DCFMLA rights, restraining the exercise and attempted exercise of FMLA and DCMLA rights, and retaliation for exercising and attempting to further exercise FMLA and DCFMLA rights.

Further, Defendants are simply wrong when they state that "the only substantive FMLA prohibitions that Plaintiff claims Defendants violated are 29 C.F.R. §§ 825.301 and 825.305." Def. Mot. at 4.  These regulations are cited in the Amended Complaint to clarify that Defendants did not satisfy their obligations to provide Green with written notice detailing their specific expectations of her, her obligations with regard to FMLA leave, or to explain any consequences of a failure to meet any such obligations, but these regulations are not the bases for Green's claims for relief.  *See* Amended Complaint ¶¶ 94, 98-99, 128-29.  As explained, *supra*, Plaintiff has stated claims for interference with FMLA and DCFMLA rights, restraining FMLA and DCMLA rights, and retaliation for exercising and attempting to further exercise FMLA and DCFMLA rights, all causes of action encompassed in the plain language of the statutes and/or recognized by controlling

case law.  *See* 29 U.S.C. § 2615(a)(1); D.C. Code § 32-507(a); *Gleklen*, 199 F.3d at 1368; *Price,* 321 F. Supp. 2d at 45-46; *Chang*, 846 A.2d at 329.

Because Green's references to 20 C.F.R. §§ 825.301 and 825.305 in the Amended Complaint are simply intended to illuminate the context of Defendants' FMLA violations, not form the bases thereof, Defendants' citation to *Ragsdale v. Wolverine World Wide, Inc*., 525 U.S. 81, 85 (2002), is inapposite and nonsensical.  In *Ragsdale*, the employer allowed the employee to take thirty weeks of leave, much more than the twelve weeks required by the FMLA, and then fired the employee when she did not return to work after those thirty weeks.  525 U.S. at 84-85.  The Supreme Court rejected the employee's argument (derived from a Department of Labor regulation) that because the employer did not designate the thirty weeks as FMLA leave, she should have been allowed twelve *additional* weeks of (properly designated) FMLA leave.  *Id.* at 90-96.  The Court held that the regulation requiring such a result would alter the FMLA's protections in a fundamental way – it would "relieve[] employees of the burden of proving any real impairment of their rights" or any real prejudice.  *Id.* at 90.  Here, by stark contrast, Green's rights have been definitively impaired and she has suffered real prejudice by Defendants' interference with and restraint of her rights under the FMLA and DCFMLA, as well as their retaliation against her for exercising and attempting to exercise those rights, as described, *supra*.  Green does not rely on any regulations in support of her claims that run afoul of the FMLA or DCFMLA's protections; indeed, she claims direct violations thereof.

Furthermore, Green in no way "has admitted that all leave she requested was granted by Defendants prior to her termination."  Def. Mot. at 4.  Green states simply that

she "took" one day of medical leave for her respective surgeries, not that Defendants in any way "granted" her this leave, or that they designated or considered it FMLA/DCFMLA leave. *See* Amended Complaint ¶¶ 56, 64. In addition, Green asserted that in late July, 2006, she requested intermittent leave for ongoing cancer treatments in early August. Amended Complaint ¶ 66. Defendants certainly did not "grant" this leave; instead they fired her, just a few days later, in retaliation for (among other things) requesting it. *See* Amended Complaint ¶ 71.

In further distortion of the facts and claims in Green's Amended Complaint, Defendants assert that "Plaintiff concedes in her Complaint [that] she was fired for her poor job performance." Def. Mot. at 4. Green does no such thing, as she clearly alleges that Defendants terminated Green's employment "in retaliation for Green's complaints about Defendants' overtime pay violations, her exercise of her FMLA and DCFMLA rights, her further attempts to exercise and protect her rights under the FMLA and DCFMLA, and on the basis of her age," not because of any alleged poor job performance. Amended Complaint ¶ 71. While Plaintiff admits that Defendants gave her letters criticizing her job performance, nowhere does Plaintiff concede that their contents were in any way based in fact. *Id.* at ¶¶ 68-69.

Finally, Defendants' suggestion that Plaintiff's termination was justified – and therefore (presumably) that she cannot state a claim for FMLA or DCFMLA violations – because she left work after receiving a letter from Defendant Golin outlining a "performance plan," is an argument both factually and legally premature and inappropriate for resolution on a motion to dismiss. Whether Green was instructed to leave the office on that day or did so of her own accord, whether her absence was

7

justified or excused, and whether that absence had anything at all to do with Green's termination are factual questions with legal ramifications speaking to one of the ultimate issues in the case – that is, the basis for Green's termination. On a motion to dismiss, the Court must accept all facts pled and all reasonable inferences therefrom as true, and the court may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 46; *see also Covad*, 398 F.3d at 671.

Green has plainly asserted that she was terminated illegally on the basis of her age, in retaliation for exercising and attempting to further exercise her FMLA and DCFMLA rights, and in retaliation for her complaints regarding Defendants' failure to comply with governing wage and hour laws. *See* Amended Complaint. She has pled sufficient facts to support these claims, which, if proved, will entitle her to relief. Because Green's FMLA and DCFMLA claims are adequately pled and give Defendants "fair notice of the claim[s] and the grounds upon which [they] rest," there is no basis for their dismissal. *Kingman Park*, 348 F.3d at 1040.

Defendants' Motion to Dismiss Green's FMLA and DCFMLA claims should, therefore, be denied in its entirety.

## IV. Conclusion

For the foregoing reasons, Plaintiff requests that the Court deny Defendants' Motion to Dismiss Counts III and VI of Plaintiff's Amended Complaint.

Respectfully submitted this 30th day of April, 2007.

/s/ Lori B. Kisch

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123


Susan E. Huhta (DC Bar No. 453478)
Carolyn P. Weiss (DC Bar No. 480697)
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

## CERTIFICATE OF SERVICE

   I hereby certify that on this 30th day of April, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

       By:
        /s/ Lori B. Kisch
       Attorney for Plaintiff