IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-00298-EGS |
| ) | |
| INTERSOLUTIONS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants InterSolutions, Inc., Drew Golin, and Sara Walder, through undersigned counsel, submit the following Reply Memorandum to Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Plaintiff's Opposition") pursuant to Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

A.   *The Court Must Accept As True All Reasonable Inferences From the Facts Pled by Plaintiff*

It is axiomatic that on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must assume the truth of the facts pled and all reasonable inferences to be drawn from them. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Plaintiff has pled several facts in this case that lead to a reasonable inference that she was fired for cause and therefore has no claim under the FMLA or the DCFMLA, and that, in any event, InterSolutions never violated the FMLA or the DCFMLA.  Plaintiff states that Defendants presented her with a letter detailing their dissatisfaction with in her job performance and

outlining steps for improvement. Amended Complaint ¶ 69. Plaintiff also states that when she received the letter she "immediately left work." Amended Complaint ¶ 70. Only after these two incidents occurred did Defendants terminate Plaintiff. The reasonable inference to be drawn from these facts is that Defendants were dissatisfied with Plaintiff's job performance and had good cause to terminate Plaintiff for her poor job performance and for storming out of work upon being presented with an unfavorable letter on the quality of her work. An important omission by Plaintiff is her failure to allege that InterSolutions denied her any leave she requested previous to her termination. At the time of her termination, Plaintiff had been taking FMLA leave for four months, from April 2006 through July 2006. *See* Amended Complaint ¶ 49. The reasonable inference from these facts is that InterSolutions had no concern with Plaintiff taking FMLA leave to attend to her medical condition and that Plaintiff was fired for a nondiscriminatory reason. It is certainly more reasonable than presuming, as Plaintiff asks, that Defendants waited four months while Plaintiff sought medical treatment then spontaneously invented a reason to fire her.

      B.     *Plaintiff Has Not Stated A Claim For Retaliation Under the FMLA or the DCFMLA*

To state a claim for retaliation under the FMLA, Plaintiff must "show that she engaged in a protected activity under th[e] statute; that she was adversely affected by an employment decision; and that the protected activity and the adverse employment action were causally connected. . . . Temporal proximity is often found sufficient to establish the requisite causal connection for such claims." *Gleklen v. Democratic Congressional Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000).

As stated above, the facts alleged by Plaintiff do not support a causal connection between Plaintiff's firing and the exercise her FMLA rights. Rather, the reasonable inference to be drawn

is that there existed a nondiscriminatory reason for Plaintiff's firing, namely, Plaintiff's poor job performance.

Moreover, there is no temporal proximity between Plaintiff's exercise of her FMLA rights and her firing.  In *Gleklen*, the plaintiff took FMLA-protected part-time maternity leave. Once the employer learned of the purpose of the leave, the employer requested that the plaintiff return to work on a full-time basis in two weeks.  *Id.* at 355.  When the plaintiff did not return to full time status on the date requested by the employer, the plaintiff was terminated.  *Id.* at 356. The Court found that the two-week period between the employer becoming aware of the maternity leave and requesting plaintiff to return to work on a full time basis satisfied the temporal proximity standard.  *Id.*  at 357.

In the instant case, <u>four months</u> elapsed between the time InterSolutions learned of Plaintiff's breast cancer and her termination.  Plaintiff learned she had breast cancer and informed InterSolutions of her condition in April 2006.  Amended Complaint ¶ 48.  From April through July 2006, Plaintiff sought and received "several hours of medical leave to attend doctor's appointments for the continuing treatment of her breast cancer."  Amended Complaint ¶ 49.  Nowhere in her Amended Complaint does Plaintiff even suggest that InterSolutions tried to prevent her from seeking medical treatment for her breast cancer, as the employer did in *Gleklen*. There simply is no temporal proximity as contemplated by *Gleklen* between Plaintiff alerting InterSolutions that she had a serious medical condition and her termination.

**CONCLUSION**

Plaintiff has failed to state a claim under the FMLA and the DCFMLA, and the Court should dismiss Counts III and VI of Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

__/s/_Manesh K. Rath_____
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendant