UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
LINDA GREEN,                  )
                              )
            Plaintiff,        )
                              )
      v.                      )   Civil Action No. 07-298 (EGS)
                              )
INTERSOLUTIONS, INC., *et al.*, )
                              )
            Defendants.       )
_____)

### MEMORANDUM OPINION

Plaintiff Linda Green filed an Amended Complaint against InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively, "Defendants") alleging violations of the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the District of Columbia Family and Medical Leave Act ("DCFMLA"), D.C. Code § 32-501, *et seq.*[1]  Pending before this Court is Defendant's motion to dismiss Green's claims of FMLA and DCFMLA violations for failure to state a claim upon which relief can be granted.  Upon consideration of the motion, response and reply thereto, and applicable law, the Court **DENIES** Defendants' motion.

### I.   BACKGROUND

InterSolutions, Inc., owned by Drew Golin and Sarah Walder, provides concierge, leasing, and maintenance staffing to

---

[1] Green also alleges violations of the Fair Labor Standards Act, District of Columbia Wage and Hour Law, and District of Columbia Human Rights Act, as well as a claim for breach of contract.  None of these claims are at issue in this motion.

residential and commercial properties.  Plaintiff Linda Green was employed by InterSolutions from December 2003 to August 1, 2006.  In or around May 2004, Green was promoted from an hourly wage employee to the permanent salaried position of Manager of InterSolutions' Front Desk/Concierge Department in the Washington, D.C. office.  As Manager, Green was responsible for screening and placing temporary workers, and developing and maintaining relationships with InterSolutions' clients.  Green's job function required that she spend a substantial amount of time visiting clients' worksites.  By Spring 2005, the Front Desk/Concierge Department, managed by Green, was four to five times more profitable than it was prior to Green's promotion to Manager.

In or around January 2006, Defendants hired John Wagithuku as Chief Executive Officer.  In April or May 2006, Green was diagnosed with breast cancer.  Green informed Defendant Walder and believes that Walder relayed the information to Wagithuku on the same day.  From May to July 2006, Green requested and was granted intermittent hours of medical leave to visit doctors and receive breast cancer treatment.  Green alleges that in or around May 2006, Wagithuku, with the knowledge and consent of Golin and Walder, began discriminating against Green as a result of, among other things, Green's medical leave.

On or around June 9, 2006, Green underwent breast cancer surgery for which she was admitted to a hospital. Green was unable to perform the functions of her job during this time and took one day of medical leave. In mid-June 2006, Wagithuku requested that Green provide "doctor slips" for all past and future medical leave. Am. Compl. ¶ 57. Green requested this information from her doctors but was terminated from InterSolutions before she had the opportunity to provide such "doctor slips" to Defendants. On July 7, 2006, Green underwent a second breast cancer surgery for which she was admitted to a hospital. Green was unable to perform the functions of her job during this time and again took one day of medical leave.

In or around mid-July 2006, Green became aware and informed Wagithuku that she would need intermittent medical leave during August and September for daily breast cancer radiation treatment. Green confirmed this intermittent medical leave with Wagithuku in writing on July 26, 2006. Also on July 26, 2006, Green confirmed with Wagithuku in writing that she would need two hours of leave on the morning of July 27, 2006 for a doctor's appointment.

On July 28, 2006, Green received a letter from Wagithuku detailing her job responsibilities and criticizing her performance. This was the first such criticism she received from Wagithuku. The letter included notification that Defendants

would closely monitor Green's performance and threatened her with discipline and/or termination if her performance did not improve.

On August 1, 2006, Wagithuku gave to Green a letter from Defendant Golin, in which Golin stated his disappointment with Green's job performance. This was the first such criticism Green received from Golin. Golin outlined a "performance plan" for Green and threatened termination if she did not comply within eleven days. Am. Compl. ¶ 69. Once she received the letter, Green left InterSolutions' office to meet with a patient advocate. Later the same day, Defendants terminated Green. Green claims that as a result of her termination she has suffered extreme emotional and economic harm.

Subsequently Green filed a complaint in this Court claiming that InterSolutions violated, among other things, the FMLA and DCFMLA. On April 16, 2007, Defendants filed the instant motion to dismiss Counts III and VI of Green's Amended Complaint, which allege violations of the FMLA and DCFMLA.

## II. ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must present "enough facts to state a claim to relief that is plausible on its face," and "above the speculative level." *Bell Atlantic Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007). The Court will accept as true all factual allegations in the complaint, and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See id*. at 1965; *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996).

### B. Green Has Sufficiently Alleged Violations of the FMLA and DCFMLA

Although the FMLA and DCFMLA do not explicitly state that the statutes protect employees from retaliatory firings, this protection is implied and has been applied by courts in many jurisdictions, including the United States Court of Appeals for the D.C. Circuit and the D.C. Court of Appeals. *See*, *e.g.*, *Gleklen v. Democratic Cong. Campaign Comm.*, *Inc.*, 199 F.3d 1365, 1368 (D.C. Cir. 2000) (determining that employee's right to be free from retaliatory firing for taking medical leave is included in the FMLA by implication); *Chang v. Inst. for Public-Private Partnerships*, *Inc.*, 846 A.2d 318, 328-29 (D.C. 2004) (determining that employee's right to be free from retaliatory firing is included in both the FMLA and DCFMLA); *see also* 29 U.S.C. § 2615(a).

To establish a prima facie case for violation of the FMLA or DCFMLA, a plaintiff must satisfy the following three elements: (1) that the employee's conduct was protected under the statute; (2) that the employer took adverse action against the employee;

and (3) that there exists a causal connection between the employee's protected conduct and the employer's adverse action. *Gleklen,* 199 F.3d at 1368 (FMLA); *Chang*, 846 A.2d at 329 (DCFMLA); *see also Winder v. Erste*, No. 03-2623, 2005 WL 736639, at *14 (D.D.C. Mar. 31, 2005) (comparing the requisite elements to establish a prima facie case of retaliatory firing under the FMLA and DCFMLA and finding them to be identical).

### 1. Protected Conduct

The FMLA allows an eligible employee to take twelve weeks of leave during any twelve-month period due to "a serious health condition that makes the employee unable to perform the functions of [her] position." 29 U.S.C. § 2612(a)(1)(D). Such leave can be taken intermittently when medically necessary. 29 U.S.C. § 2612(b)(1). An "eligible employee" is defined as someone employed by the defendant employer for at least twelve months and who worked at least 1,250 hours during that time. 29 U.S.C. § 2611(2)(A). A "serious health condition" is defined as an illness that involves in-patient care in a hospital, hospice, or other residential medical care facility, or continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

The DCFMLA similarly allows an eligible employee to take up to sixteen weeks of leave during any twenty-four month period due to a serious health condition. D.C. Code § 32-503(a). The DCFMLA defines an eligible employee and a serious health

condition in the same way as the FMLA with one exception. *See* D.C. Code § 32-501(1); D.C. Code § 32-501(9). The DCFMLA only requires that the employee worked at least 1,000 hours in the twelve months preceding the employee's request for medical leave. D.C. Code § 32-501(1).

In the instant case, Green claims that she was an employee of InterSolutions for more than the twelve months preceding her diagnosis with breast cancer and need for medical leave. Green also claims that she worked at least 1,250 hours during the twelve months immediately preceding her request for medical leave. Green further alleges that she suffered from a serious health condition, breast cancer, for which she required in-patient care in a hospital and continuing treatment by a health care provider. Finally, Green also alleges that she took medical leave as a result of her cancer. These alleged facts are more than sufficient to plead protected conduct under both the FMLA and DCFMLA.

      **2.   Adverse Action**

A retaliatory firing is an adverse action by an employer. *See Gleklen*, 199 F.3d at 1368; *Winder*, 2005 WL 736639, at *14; *Chang*, 846 A.2d at 329. Green alleges that her termination from InterSolutions was in retaliation for exercising her right to medical leave under FMLA and DCFMLA. Green further claims that she was adversely affected by this action, both emotionally and

economically.  These alleged facts are sufficient to support Green's claim that Defendants took adverse action against her.

### 3. Causal Connection

To establish a causal connection between the protected conduct of an employee and an adverse action by the employer, one may show that there was a temporal proximity between the two. *Winder*, 2005 WL 736639, at *14 (citing *Gleklen*, 199 F.3d at 1368).  For temporal proximity to result in a showing of causal connection, the two events must have occurred very close together.  *See Gleklin*, 199 F.3d at 1368 (finding that a gap of only a "few weeks" between protected activity and adverse action was sufficient to infer causal connection).  *But see Chambliss v. Amtrak*, No. 05-2490, 2007 U.S. Dist. LEXIS 11522, at *85 (D.D.C. Feb. 20, 2007) (finding no causal connection where fourteen months elapsed between the employee's protected activity and the employer's adverse action).

Defendants argue that Green has not established the requisite temporal proximity because four months elapsed between Green's diagnosis with breast cancer and termination from InterSolutions.[2]  Green alleges, however, that during this four-

---

[2] Defendants also argue that the real reason for firing Green was "poor performance," not her medical leave. Defs.' Reply at 1-2. Defendants further argue that they had good cause to terminate Green because she left work without permission during business hours.  These arguments, however, are evidentiary and should not be evaluated at the motion to dismiss stage.  Whether Green's

8

month period she engaged in protected conduct by requesting and taking leave because of her medical condition.  Moreover, on July 26, 2006, Green confirmed to Wagithuku in writing that she would need intermittent daily medical leave to attend breast cancer treatments as of July 31, 2006.  Just one day after this intermittent daily medical leave began, Green was terminated.  These facts are sufficient to allege a causal connection at the motion to dismiss stage.

### III. CONCLUSION

Green has alleged sufficient facts to support the claimed violations of her FMLA and DCFMLA rights.  Defendants' motion to dismiss Counts III and VI of Green's Amended Complaint is therefore **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            June 6, 2007**

---

medical leave was, in fact, the true reason for her termination is not at issue in this motion.