**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LINDA GREEN,                              )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        Case No.: 1:07-cv-00298-EGS
                                          )
INTERSOLUTIONS, INC., *et al.*,           )
                                          )
            Defendants.                   )
_____ )

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through counsel and in response to Plaintiff's Amended Complaint, state the following as their Answer.

1.      Paragraph 1 contains a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny Paragraph 1.

2.      Paragraph 2 contains a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny Paragraph 2.

3.      Paragraph 3 contains a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny Paragraph 3.

4.      Paragraph 4 contains a conclusion of law to which no response is required.  To the extent that a response is required, Defendants deny Paragraph 4.  Defendants specifically deny that they engaged in "illegal conduct which has adversely affected Green" or that they implemented "unlawful, discriminatory, and retaliatory employment policies, practices, and procedures."

5.      Defendants lack sufficient information either to admit or to deny the allegations contained in Paragraph 5.

6.      Defendants admit Paragraph 6.

7.      Defendants admit Paragraph 7.

8.      Defendants deny Paragraph 8.  Plaintiff was terminated for, among several grounds, threatening violence upon co-workers, refusing to participate in a performance improvement plan, and for poor job performance.

9.      Defendants admit Paragraph 9.

10.      Defendants deny Paragraph 10.

11.      Defendants deny Paragraph 11.

12.      Defendants admit Paragraph 12.

13.      Defendants deny Paragraph 13.

14.      Defendants admit Paragraph 14.

15.      Defendants deny Paragraph 15.

16.      Defendants admit Paragraph 16.

17.      Defendants deny Paragraph 17.  Plaintiff, among others, had this authority for much of the relevant time.

18.      Defendants deny Paragraph 18.  Plaintiff, among others, had thus authority for much of the relevant time.

19.      Defendants admit Paragraph 19.

20.      Defendants admit Paragraph 20.

21.      Defendants admit Paragraph 21.

22.      Defendants deny Paragraph 22.

23.    Defendants deny Paragraph 23.

24.    Defendants deny Paragraph 24.

25.    Defendants deny Paragraph 25.

26.    Defendants deny Paragraph 26.

27.    Defendants deny Paragraph 27.

28.    Defendants deny Paragraph 28.

29.    Defendants deny Paragraph 29.

30.    Defendants deny Paragraph 30.

31.    Defendants deny Paragraph 31.

32.    Defendants deny Paragraph 32.  Defendants believed at all times, and have substantial evidence to presently believe, that their wage practices comport with applicable laws.

33.    Defendants admit Paragraph 33.

34.    Defendants admit Paragraph 34 in part.  Defendants deny that Plaintiff visited or was required to visit clients.

35.    Defendants admit Paragraph 35.

36.    Defendants deny Paragraph 36.

37.    Defendants deny paragraph 37.  Plaintiff caused business to decline through inattention, poor performance, and breach of duty.

38.    Defendants deny Paragraph 38.  Plaintiff caused business to decline through inattention, poor performance, and breach of duty.

39.    Defendants deny Paragraph 39.  Plaintiff was placed in a performance

improvement plan, remonstrated for poor performance, and was the subject of numerous client complaints. These, among other reasons, directly contributed to her performance- and behavior-based termination.

40.    Defendants deny Paragraph 40. Plaintiff unlawfully made these statements to employees without the knowledge or authority of Defendants.

41.    Defendants deny Paragraph 41.

42.    Defendants deny Paragraph 42. Plaintiff became angry and refused without the knowledge or authority of Defendants.

43.    Defendants admit Paragraph 43.

44.    Defendants deny Paragraph 44. To the extent that Plaintiff's use of "also" references her own poor job performance, Defendants admit Plaintiff's poor job performance and deny the remainder of Paragraph 44.

45.    Defendants deny Paragraph 45. Plaintiff was invited to all functions that other employees were invited to. She often declined these invitations.

46.    Defendants deny Paragraph 46. Defendant employed four coordinators, two of whom were over 40. In 2006, Plaintiff was the highest paid coordinator.

47.    Defendants deny Paragraph 47.

48.    Defendants deny Paragraph 48.

49.    Defendants admit that Ms. Green requested and received several intermittent hours of medical leave, all of which were granted. Defendants lack sufficient information either to admit or to deny that Ms. Green in fact attended a doctor's appointment while on leave or that she was unable to perform the functions of her position.

50.    Defendants lack sufficient information either to admit or to deny the allegations

contained in Paragraph 50.

51.    Defendants deny Paragraph 51.

52.    Defendants deny Paragraph 52.

53.    Defendants deny Paragraph 53.

54.    Defendants deny Paragraph 54.  No further pay was due by the express terms of the relevant compensation and pay policy.

55.    Defendants admit they never altered the bonus structure or breached the employment contract of any InterSolutions employee, including Ms. Green.  Defendants deny Paragraph 55 to the extent that it implies that Defendants unilaterally altered Ms. Green's bonus structure or breached her employment contract.

56.    Defendants lack sufficient information either to admit or to deny the allegations contained in Paragraph 56.  To the extent a response is required, Defendants deny Paragraph 56.

57.    Defendants admit Paragraph 57.

58.    Defendants deny Paragraph 58.

59.    Defendants lack sufficient information either to admit or to deny the allegations contains in Paragraph 59.

60.    Defendants deny paragraph 60.

61.    Defendants deny Paragraph 61.

62.    Defendants lack sufficient information either to admit or to deny the allegations contained in Paragraph 62.

63.    Defendants deny Paragraph 63.  Defendants were wholly unaware of all facts alleged in Paragraph 63.

64.    Defendants lack sufficient information either to admit or to deny the allegations

contained in Paragraph 64.

65.     Defendants deny Paragraph 65.

66.     Defendants deny Paragraph 66.

67.     Defendants deny Paragraph 67.

68.     Defendants admit that on July 28, 2006, they presented Ms. Green with a job improvement plan.  Defendants deny that this was the first time Ms. Green's job performance had been criticized.  Defendants had addressed Plaintiff's poor job performance and problematic behavior numerous times prior to this.

69.     Defendants deny Paragraph 69, except Defendants admit that they presented Ms. Green with a letter dated July 31, 2006, which outlined several deficiencies in Ms. Green's job performance and ways in which those deficiencies could be remedied.  Plaintiff stated that she refused to agree to remedy the deficiencies.

70.     Defendants admit that upon receiving the July 31, 2006, letter Ms. Green left work without authorization.  Defendants lack sufficient information either to admit or to deny that Ms. Green went to a patient advocate.  When Defendants received an email on August 1, 2006, Ms. Green had already been terminated for insubordination, breach of fiduciary duty for harassing a client, threatening violence upon co-workers, poor job performance and for refusal to participate in a job improvement plan.  Thus, the patients rights advocacy group's email was mooted by her performance-based termination.  Defendants deny everything else in Paragraph 70.

71.     Defendants deny Paragraph 71.

72.     Defendants deny Paragraph 72.  InterSolutions did not replace Ms. Green; other

employees covered all of Ms. Green's job functions after she left.  The person who covered Ms. Green's responsibilities for concierge staffing coordination was paid substantially less.

73.     Defendants deny Paragraph 73.

74.     Defendants reincorporate by reference all prior admissions, denials and statements of insufficient information contained in Paragraphs 1 through 73.

75.     Defendants deny Paragraph 75.

76.     Defendants deny Paragraph 76.

77.     Defendants deny Paragraph 77.

78.     Defendants deny Paragraph 78.

79.     Defendants deny paragraph 79.

80.     Defendants deny Paragraph 80.

81.     Defendants reincorporate by reference all prior admissions, denials and statements of insufficient information contained in Paragraphs 1 through 80.

82.     Defendants deny Paragraph 82.

83.     Defendants deny Paragraph 83.

84.     Defendants deny Paragraph 84.

85.     Defendants deny Paragraph 85.

86.     Defendants deny Paragraph 86.

87.     Defendants reincorporate by reference all prior admissions, denials and statements of insufficient information contained in Paragraphs 1 through 86.

88.     Defendants deny Paragraph 88.

89.     Defendants admit Paragraph 89.

90.     Defendants admit Paragraph 90.

91.     Defendants lack sufficient information either to admit or to deny that in May 2006 Green became aware that she suffered from a serious health condition.  Defendants deny that in May 2006 Ms. Green informed Defendants that she suffered from breast cancer or any serious health condition.

92.     Defendants lack sufficient information either to admit or to deny the allegation contained in Paragraph 92.

93.     Defendants lack sufficient information either to admit or to deny the allegations contained in Paragraph 93.

94.     Defendants deny Paragraph 94.

95.     Defendants admit that Ms. Green agreed to supply Defendants with doctors' slips. Defendants lack sufficient information either to admit or to deny that Ms. Green requested the documentation from her doctors to produce to Defendants.  Defendants deny that Ms. Green was terminated before she had the opportunity to provide such documentation to the Defendants.

96.     Defendants deny Paragraph 96.

97.     Defendants lack sufficient information either to admit or to deny the allegations contained in Paragraph 97.

98.     Defendants deny Paragraph 98.

99.     Defendants deny Paragraph 99.

100.     Defendants deny Paragraph 100.

101.     Defendants deny Paragraph 101.

102.     Defendants deny Paragraph 102.

103.     Defendants reincorporate by reference all prior admissions, denials and statements of insufficient information contained in Paragraphs 1 through 102.

104.    Defendants admit Paragraph 104.

105.    Defendants deny Paragraph 105.

106.    Defendants deny Paragraph 106.

107.    Defendants deny Paragraph 107.

108.    Defendants deny Paragraph 108.

109.    Defendants deny Paragraph 109.

110.    Defendants deny Paragraph 110.

111.    Defendants deny Paragraph 111.

112.    Defendants reincorporate by reference all prior admissions, denials and statements of insufficient information contained in Paragraphs 1 through 111.

113.    Defendants deny Paragraph 113.

114.    Defendants deny Paragraph 114.

115.    Defendants deny Paragraph 115.

116.    Defendants deny Paragraph 116.

117.    Defendants deny Paragraph 117.

118.    Defendants reincorporate by reference all prior admissions, denials and statements of insufficient information contained in Paragraphs 1 through 117.

119.    Defendants deny Paragraph 119.

120.    Defendants admit Paragraph 120.

121.    Defendants lack sufficient information either to admit or to deny that in May 2006 Green became aware that she suffered from a serious health condition.  Defendants deny that in May 2006 Ms. Green informed Defendants that she suffered from breast cancer or any serious health condition.

122.    Defendants lack sufficient information either to admit or to deny the allegation contained in Paragraph 122.

123.    Defendants lack sufficient information either to admit or to deny the allegations contained in Paragraph 123.

124.    Defendants deny Paragraph 124.

125.    Defendants admit that Ms. Green agreed to supply Defendants with doctors' slips. Defendants lack sufficient information either to admit or to deny that Ms. Green requested the documentation from her doctors to produce to Defendants.  Defendants deny that Ms. Green was terminated before she had the opportunity to provide such documentation to the Defendants.

126.    Defendants deny Paragraph 126.

127.    Defendants lack sufficient information either to admit or to deny the allegations contained in Paragraph 97.

128.    Defendants deny Paragraph 128.

129.    Defendants deny Paragraph 129.

130.    Defendants deny Paragraph 130.

131.    Defendants deny Paragraph 131.

132.    Defendants deny Paragraph 132.

133.    Defendants reincorporate by reference all prior admissions, denials and statements of insufficient information contained in Paragraphs 1 through 132.

134.    Defendants admit Paragraph 134.

135.    Defendants deny Paragraph 135.

136.    Defendants deny Paragraph 136.

137.    Defendants deny Paragraph 137.

138.    Defendants deny Paragraph 138.

139.    Defendants deny Paragraph 139.

140.    Defendants deny Paragraph 140.

141.    Defendants deny Paragraph 141.

142.    Defendants reincorporate by reference all prior admissions, denials and statements of insufficient information contained in Paragraphs 1 through 141.

143.    Defendants admit that Defendants and Ms. Green entered into an agreement related to pay only. Defendants deny the remainder of Paragraph 143 to the extent that the word "terms" refers to a length of time.

144.    Defendants deny Paragraph 144.

145.    Defendants deny Paragraph 145.

146.    Defendants deny Paragraph 146.

147.    Defendants deny Paragraph 147.

148.    Defendants deny Paragraph 148.

149.    Defendants deny Paragraph 149.

150.    Paragraph 150 requires no response from Defendants. To the extent it does, it is denied.

151.    Paragraph 151 requires no response from Defendants. To the extent it does, it is denied.

## <u>AFFIRMATIVE DEFENSES</u>

Defendants hereby assert the following affirmative defenses in this case:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim is barred by the doctrine of satisfaction

because Defendants paid Plaintiff all bonuses due and owing under her employment contract.

## SECOND AFFIRMATIVE DEFENSE

Defendants Drew Golin and Sara Walder are not personally liable under the

FMLA.

## THIRD AFFIRMATIVE DEFENSE

Defendants Drew Golin and Sara Walder are not personally liable under the DCFMLA.

## FOURTH AFFIRMATIVE DEFENSE

InterSolutions honored Plaintiff's rights under the FMLA.

## FIFTH AFFIRMATIVE DEFENSE

InterSolutions honored Plaintiff's rights under the DCFMLA.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff never took the necessary steps to vest her rights under the FMLA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff never took the necessary steps to vest her rights under the DCFMLA.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages under her employment contract with

InterSolutions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff was ineligible to receive a bonus under her employment contract with

InterSolutions.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and for legitimate business reasons in terminating

Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants deny that they owe any money to Plaintiff, but if such money is owed, it must be reduced by the amount of damages sustained by Defendants as a result of Plaintiffs' breach of contract and tortious acts.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants give notice that they intend to rely upon and utilize such other defenses as they become available or apparent during the course of discovery and hereby reserve the right to amend their Answer.

### <u>COUNTERCLAIMS</u>

Defendants, through counsel, respectfully move this Court for entry of judgment in their favor and against the Plaintiff on their counterclaims and, in support thereof, state as follows:

### NATURE OF THE ACTION

1.    Linda Green worked for InterSolutions as a staffing coordinator until August 1, 2006.

2.    On March 15, 2005, and on April 16, 2006, Ms. Green signed an "Employment Agreement Relating to Business Information, Trade Secrets and Noncompetition" ("the Agreements).

3.      In her position as staffing coordinator, Ms. Green was responsible for, among other things, directing InterSolutions' temporary employees to various client sites to perform their job functions.

4.      In her position as staffing coordinator, Ms. Green had access to confidential and trade secret information including client name and address lists, employee name and address lists, and prospective employee name and address lists.

5.      InterSolutions' client and employee name and address lists are the personal property of InterSolutions.

6.      The Agreements prohibit Ms. Green from ever using InterSolutions' client information, customer information, employee information or prospective employee information for her personal benefit.

7.      Upon her termination on August 1, 2006, Ms. Green possessed confidential client and employee lists subject to the protections of the Agreements.  Ms. Green has repeatedly refused to return to InterSolutions the confidential information in her possession.

8.      On good information and belief, Ms. Green obtained InterSolutions' client and employee information by printing the information from InterSolutions' computer network.

9.      On July 28, 2006, InterSolutions CEO John Wagithuku presented Ms. Green with a performance improvement plan whose purpose was to address deficiencies in Ms. Green's job performance and "to reiterate our expectations of you as the head of the Concierge Department." Prior to presentation of the job improvement plan, several clients had complained of Ms. Green's negative attitude and inability to follow client instructions with regard to staffing requests.

10.     When presented with the performance improvement plan, Ms. Green refused to sign it.

11.     At the same time, Ms. Green became very disruptive and uncontrollable.

12.     Ms. Green immediately left InterSolutions' office, turned around, and threatened to commit acts of physical violence to InterSolutions' office and employees.

13.     After Ms. Green threatened to commit acts of physical violence to InterSolutions' office and employees, she left the vicinity.

14.     By a letter dated August 1, 2006, InterSolutions terminated Ms. Green because of her threats to commit acts of physical violence to InterSolutions employees, her poor job performance, her refusal to sign her performance improvement plan, and her refusal to agree to improve her job performance.

15.     The August 1, 2006, termination letter notified Ms. Green that she is "obligated to return all company property in [her] possession . . . by or before Friday, August 4th, 2006."

16.     On good information and belief, in or about August 2006, Plaintiff stated to Milt Chamberlain, property manager at Crystal House, that InterSolutions terminated her because she had cancer.

17.     Crystal House provided InterSolutions varying amounts of business ranging from $1,000.00 to $1,800.00 per month.

18.     As a direct and proximate result of Plaintiff's statement to Mr. Chamberlain that she was fired because she had cancer, Crystal house immediately ceased doing business with InterSolutions.

19.     As of June 19, 2007, Crystal House continues not to do business with InterSolutions.

### FIRST CLAIM FOR RELIEF
**Unlawful Access to Stored Communications
in Violation of the Electronic Communications Privacy Act
(18 U.S.C. §§ 2701 *et seq.*)**

20.     Defendants incorporate by reference all allegations contained in the Answer and Counterclaim above and below.

21.     InterSolutions' place of business and computer system constitute "a facility through which an electronic communication service is provided," as used in 18 U.S.C. § 2701.

22.     Plaintiff accessed without authorization, or exceeded her authorized access to, InterSolutions' computer system, which is involved in interstate commerce and communication, and thereby obtained access to electronic communications stored in InterSolutions' computer system.

23.     Plaintiff's acts set forth in this complaint constitute a violation the Electronic Communications Privacy Act, 18 U.S.C. § 1801.

24.     Plaintiff's acts were done knowingly and intentionally and caused damage and loss to InterSolutions.

25.     As a result of Plaintiff's acts, InterSolutions has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

26.     Unless enjoined, Plaintiff's acts will continue to irreparably injure and cause damage to InterSolutions.

**SECOND CLAIM FOR RELIEF**
**Trespass to Personal Property**
**(D.C. Common Law)**

27.     Defendants incorporate by reference all allegations contained in the Answer and Counterclaim above and below.

28.     The computers and computer network that InterSolutions uses to operate its business and to communicate with its clients are the personal property of InterSolutions.

29.    Without authorization from InterSolutions, Plaintiff has engaged in the acts set froth here, including accessing, using, and tampering with InterSolutions' computer system and client lists.

30.    Plaintiff's acts set forth here constitute trespass to InterSolutions' personal property in violation of the common law of the District of Columbia.

31.    As a result of Plaintiff's actions, InterSolutions has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

32.    Unless enjoined, Plaintiff's act will continue to cause irreparable injury and damage to InterSolutions.

**THIRD CLAIM FOR RELIEF**
**Violation of the Uniform Trade Secrets Act**
**(D.C. Code §§ 36-401 *et. seq.*)**

33.    Defendants incorporate by reference all allegations contained in the Answer and Counterclaim above and below.

34.    InterSolutions' client information and employee information constitute trade secrets as defined by D.C. Code § 36-401 and they provide an economic benefit to InterSolutions by virtue of their trade secret status.

35.    Plaintiff was informed by InterSolutions and thus knew or should have known that InterSolutions considered such information to be confidential and trade secrets.

36.    InterSolutions took steps to restrict access to, and to maintain the secrecy and security of, its customer lists, client lists, business records, and email system.  Such information was not easily acquired or duplicated by others, apart from those obtaining access to confidential and sensitive information in the course of their employment with InterSolutions, and subject to restrictions imposed by InterSolutions to maintain the secrecy and security of such information.

37.     InterSolutions has expended significant time and money to develop its customer lists, client lists, business records, and email system.  Such information is valuable to InterSolutions.

Plaintiff's acts are and have been willful and/or knowing.

38.     As a result of Plaintiff's acts of misappropriation, InterSolutions has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

39.     Unless enjoined, Plaintiff will continue to irreparably injure and cause damage to InterSolutions.

## FOURTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty
### (D.C. Common Law)

40.     Defendants incorporate by reference all allegations contained in the Answer and Counterclaim above and below.

41.     InterSolutions reposed in Plaintiff, and Plaintiff knowingly accepted, InterSolutions' trust and confidence regarding the protection of its customer lists, client lists, employee lists, prospective employee lists, business records, and email system.

42.     Plaintiff exploited InterSolutions trust for her own personal gain by engaging in a course of conduct designed to harm InterSolutions.

43.     Plaintiff's acts set forth herein constitute breach of fiduciary duty in violation of District of Columbia common law.

44.     Plaintiff's acts set forth in this counterclaim were willful or intentional.

45.     As a result of Plaintiff's breach of fiduciary duty, InterSolutions has been irreparably injured and has suffered monetary damages in an as yet undetermined amount.

46.    Unless enjoined, Plaintiff's acts will continue to cause irreparable injury and damage to InterSolutions.

### FIFTH CLAIM FOR RELIEF
**Defamation**
**(D.C. Common Law)**

47.    Defendants incorporate by reference all allegations contained in the Answer and Counterclaim above and below.

48.    Plaintiff's false statements to InterSolutions clients were a direct and proximate cause of financial loss to Defendants.

49.    Plaintiffs false statements are defamatory because they are asserted as fact, are in fact false, and were uttered with reckless disregard of the truth or with the specific intent to injure InterSolutions, and did in fact injure InterSolutions in the form of lost business.

### SIXTH CLAIM FOR RELIEF
**Breach of Contract**

50.    Defendants incorporate by reference all allegations contained in the Answer and Counterclaim above and below.

51.    Plaintiff entered into a confidentiality agreement with InterSolutions.

52.    Plaintiff agreed not to take or disclose confidential information.

53.    Plaintiff breached that contract by taking confidential and trade secret information with her when her employment with InterSolutions was terminated.

54.    Defendant has been harmed by the loss of business that has ensued from Plaintiff's breach of the confidentiality agreement.

55.    Defendant expended substantial resources discovering the breach, including but not limited to, the cost of conducting a forensic discovery of all possible sources of the breach.

56.    In August 2006 InterSolutions demanded the return of all confidential information

and Plaintiff refused.

57.     Since then, InterSolutions has made numerous additional requests for the return of its confidential information and Plaintiff has continually refused.

## PRAYER FOR RELIEF

WHEREFORE, InterSolutions prays this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1.     Grant a temporary restraining order, preliminary injunction, and permanent injunction preventing Plaintiff from:

a.     misappropriating InterSolutions' trade secrets or other proprietary information or materials;

b.     trespassing on InterSolutions' personal property;

c.     using any trade practice that tends to compete unfairly or to injure InterSolutions, its business, and/or the goodwill related to its business;

d.     engaging in any acts that improperly interfere with the business relations of InterSolutions, including the making of any false statements about InterSolutions or the circumstances surrounding Plaintiff's termination.

2.     Order Plaintiff to:

a.     Destroy or cause to be destroyed all of InterSolutions' electronic information, and to return or cause to be returned to InterSolutions all of InterSolutions' tangible information (such as documents and things) in Plaintiff's possession, custody or control that were improperly obtained from InterSolutions; and;

20

      b.      provide a sworn written statement that:

            i.      identifies in detail any and all information, documents and things improperly obtained from InterSolutions.

            ii.      identifies all persons or entities to which such information was provided or otherwise disclosed; and

            iii.      identifies all persons or entities known to have had access to such information;

            iv.      verifies that Plaintiff has destroyed or caused to be destroyed or has returned or caused to be returned to InterSolutions any and all such information, documents, and things in Plaintiff's possession, custody or control that were improperly obtained from InterSolutions.

3.      Order Plaintiff to issue a retraction of her false statement about InterSolutions complained of herein, and order Plaintiff to issue retractions of any other false statements she has made about InterSolutions.

4.      Rule that a bond is not necessary for the temporary restraining order or preliminary injunction.

5.      Schedule the matter for a hearing and issue a preliminary injunction ordering Plaintiff to cease the activities complained of herein pending a final judgment on the merits of Defendants' claims.

6.      Enter final judgment in favor of InterSolutions on all of its counterclaims.

7.      Order Plaintiff to pay InterSolutions all monetary damages to which it is entitled, in an amount to be determined at trial, including:

a.    an award of InterSolutions' damages as a result of Plaintiff's acts complained of herein;

b.    An award of Plaintiff's profits, if any, arising from Plaintiff's acts;

c.    An award of punitive damages under 18 U.S.C. § 2707 and other applicable laws in light of Plaintiff's willful or intentional acts;

d.    An award of InterSolutions' reasonable attorneys' fees pursuant to 18 U.S.C. § 2707 and other applicable law;

e.    An award of InterSolutions' costs and expenses incurred in prosecuting this action; and

f.    An award of damages of not less than $1,000 for each of Plaintiff's violations of the Electronic Communications Privacy Act pursuant to 18 U.S.C. § 2707.

8.    Award such other relief as this Court deems just and reasonable.

Respectfully submitted,

Date:   June 19, 2007

___/s/_____

Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C.  20001
Tel:  (202) 434-4182
Fax:  (202) 434-4646

Counsel for Defendants