UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Linda Green, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>InterSolutions, Inc., *et al.* )<br>)<br>Defendants. )<br>) | Case No. 1:07-cv-00298-EGS |

## DEFENDANTS' PROPOSED DISCOVERY PLAN

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, hereby submit the following Proposed Discovery Plan.

Defendants inform the Court that, despite their good faith effort to work with Plaintiff to file a joint Discovery Plan, Defendants found it necessary to submit their own discovery plan. Defendants deny every allegation and conclusion of law that Plaintiff makes in her discovery plan.

### Basis for Defendants' Position in This Plan

Regarding the substance of Defendants' Proposed Discovery Plan, Defendants feel strongly that this matter should be tried efficiently and set for a trial date no later than March 2008.

First, this is not a complex case. This is a single-plaintiff case. Plaintiff's eight counts amount to: 1.) Alleged overtime owed under the Fair Labor Standards Act. 2.) Breach of contract. 3.) Six other counts that put her performance-based termination at issue. Defendants

know of no legitimate reason why a trial in this case should be delayed until October or November 2008.

Second, Plaintiff is represented by two experienced employment firms—the Washington Lawyers' Committee and Wiggins, Childs, Quinn & Pantazis. Such experienced employment counsel should be able to take this case promptly through discovery to trial.

Third, Defendants will be greatly prejudiced with substantially greater expense and business interruption by a prolonged discovery period and distant trial date. Ms. Green's case is a companion to two other cases that have settled. As part of those cases, InterSolutions conducted an internal audit; InterSolutions is in the process of having a Court-approved external audit conducted by a Court-approved auditor; and the Department of Labor recently completed an investigation of InterSolutions' compliance with applicable wage and hour laws. The Department of Labor found no violation and closed its case. Ms. Green's claims are frivolous, and Defendants want to get to trial in a timely manner. Moreover, Plaintiff brought the case. She should be expected to have everything ready to conduct efficient discovery and try the case. Undue delay in discovery and pretrial litigation equals undue financial burden to Defendants

## Defendants' Proposed Discovery Plan

1. Defendants do not anticipate the joinder of any additional parties or further amendment of the pleadings.

2. Defendants are open to proceeding before a Magistrate Judge.

3. The parties have discussed settlement of all three companion cases, but discussions were not fruitful in this case.

4. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be served by July 18, 2007.

5. <u>Discovery</u>:

   a. <u>Requests for Admissions</u>:  The number of Requests for Admissions shall not be limited.

   b. <u>Interrogatories</u>:  Each party shall propound no more than thirty interrogatories without leave of Court.

   c. <u>Requests for Production of Documents</u>:  The number of document requests shall not be limited.

   d. <u>Number of Depositions</u>:  Defendants believe a 5 deposition limit is appropriate.

   e. <u>Time Permitted for Each Deposition</u>: The limitations for depositions shall be governed by the Federal Rules of Civil Procedure.

   f. <u>Protective Orders</u>:  The parties agree that entry of a protective order is appropriate and will submit a motion to the Court with a proposed order or if necessary, separate proposed orders by August 15, 2007.

   g. <u>Close of Discovery</u>:  Defendants propose that discovery shall conclude no later than November 30, 2007.

6. <u>Expert Witnesses and Discovery</u>

   a. The Plaintiff shall make her Rule 26(a)(2) statement naming expert witnesses by August 1, 2007.  Plaintiff shall serve Rule 26(a)(2)(B) expert reports by August 15, 2007.

   b. Defendants shall make their Rule 26(a)(2) statement naming expert witnesses by August 24, 2007.  Defendants shall serve Rule 26(a)(2)(B) expert reports by September 14, 2007.

      c.     Plaintiff shall make any Rule 26(a)(2) statement naming rebuttal expert witnesses by September 14, 2007. Plaintiff shall serve Rule 26(a)(2)(B) expert reports by September 28, 2007.

      d.     All expert discovery shall be concluded no later than November 30, 2007.

7.     The parties agree that there is no need for bifurcation of trial or discovery in this case.

8.     All dispositive motions shall be filed 40 days before trial.

9.     The parties shall confer and agree upon stipulations of facts not in dispute and the authenticity of documents 60 days prior to trial and 20 days prior to the deadline for filing dispositive motions.

10.    The Parties shall make disclosures subject to Rue 26(a)(3) and LCvR 16.5 45 days prior to trial.

11.    Motions in Limine and objections to witnesses shall be made 15 days prior to trial.

12.    Defendants propose a trial no later than March 2008.

13.    Defendants propose a pretrial conference date 4 weeks before the trial date.

14.    The parties have conferred and agree to maintain all electronic data regarding discovery that is reasonably calculated to lead to the discovery of admissible evidence.

Date: July 6, 2007                              Respectfully submitted,

                                                _____
                                                Manesh K. Rath (D.C. Bar No. 457835)
                                                Keller and Heckman LLP
                                                1001 G Street, N.W., Suite 500 West
                                                Washington, D.C.  20001
                                                Tel: (202) 434-4182
                                                Fax: (202) 434-4646

                                                Attorney for Defendants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Linda Green,                                )                        | |
|                                                     )   Case No. 1:07-cv-00298-EGS | |
|             Plaintiff,                      )                        | |
|                                                     )                        | |
| v.                                              )                        | |
|                                                     )                        | |
| InterSolutions, Inc., *et al.*       )                        | |
|                                                     )                        | |
|             Defendants.                 )                        | |
|                                                     )                        | |

**(PROPOSED) SCHEDULING ORDER**

On consideration of Defendants' Proposed Discovery Plan, it is hereby **ORDERED** that the parties shall abide by the following schedule and discovery limitations:

1.   Initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be served by July 18, 2007.

2.   Discovery:

   a.   Requests for Admissions:  The number of Requests for Admissions shall not be limited.

   b.   Interrogatories:  Each party shall propound no more than thirty interrogatories, unless otherwise or ordered by the Court.

   c.   Requests for Production of Documents:  The number of document requests shall not be limited.

   d.   Number of Depositions:  Each party shall be entitled to five depositions without leave of court.

   e.   Time Permitted for Each Deposition:  The limitations for depositions shall

be governed by the Federal Rules of Civil Procedure.

      f.    <u>Protective Orders</u>:  The parties shall submit a motion to the Court with a proposed protective order or if necessary separate proposed protective orders by August 15, 2007.

      g.    <u>Close of Discovery</u>:  All discovery shall close by November 20, 2007.

3.    <u>Expert Witnesses and Discovery</u>

      a.    The Plaintiff shall make her Rule 26(a)(2) statement naming expert witnesses by August 1, 2007.  Plaintiff shall serve Rule 26(a)(2)(B) expert reports by August 15, 2007.

      b.    Defendants shall make their Rule 26(a)(2) statement naming expert witnesses by August 24, 2007.  Defendants shall serve Rule 26(a)(2)(B) expert reports by September 14, 2007.

      c.    Plaintiff shall make any Rule 26(a)(2) statement naming rebuttal expert witnesses by September 14, 2007.  Plaintiff shall serve Rule 26(a)(2)(B) expert reports by September 28, 2007.

      d.    All expert discovery shall be concluded by November 30, 2007.

4.    All dispositive motions shall be filed 40 days before trial.

5.    The parties shall confer and agree upon stipulations of facts not in dispute and the authenticity of documents 60 days prior to trial and 20 days prior to the deadline for filing dispositive motions.

6.    The Parties shall make disclosures subject to Rue 26(a)(3) and LCvR 16.5 45 days prior to trial.

      7.      Motions in Limine and objections to witnesses shall be made 15 days prior to trial.

      8.      Defendant proposes a pretrial conference date 4 weeks before the trial date.

      9.      Trial will be set for a date certain in March 2008.

Dated: July ____, 2007

_____
THE HONORABLE EMMET G. SULLIVAN
United States District Court Judge
District of Columbia