UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, ) | |
| ) | CIVIL NO: 1:07CV00298-EGS |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| INTERSOLUTIONS, *et al.* ) | |
| ) | |
| Defendants. ) | |

## INITIAL REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to Local Civil Rule ("LCvR") 16.3, Fed. R. Civ. Proc. 26(f), and this Court's Order of June 6, 2007, the Plaintiff, through her undersigned Counsel, hereby submits her report and proposed Scheduling Order.

The Parties conferred on June 29, 2007. During that teleconference the Parties had not reached agreement regarding the schedule, but agreed to continue to confer and exchange proposed schedules to try and reach agreement. Subsequent to the June 29, 2007 telephone conference, Counsel for Plaintiff attempted to confer on several occasions with Defendants' counsel to try and reach agreement on a schedule and to work together to submit one report and proposed schedule to the Court. On July 6, 2007, Counsel for Defendants informed Plaintiff's Counsel that Defendants would not agree to submit one report. Although Counsel for Plaintiff submitted a proposed initial report and scheduling order to Counsel for Defendant, and attempted

1

on several occasions to determine which items in the schedule the Parties would be able to reach agreement on, Counsel for the Defendant did not respond to Plaintiffs' counsel's inquiries. Therefore, Plaintiff's counsel has addressed the areas of disagreement, as last communicated by Counsel for Defendant.

In accordance with this Court's June 6, 2007 Order, the Plaintiff hereby submits a brief statement of the case and statutory basis for all causes of action and defenses.

I.   Jurisdiction and Venue

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332; the FLSA, 29 U.S.C. § 216(b); and the FMLA, 29 U.S.C. § 2617(a)(2). This Court has supplemental jurisdiction over the related District of Columbia law claims asserted herein under the doctrine of pendent jurisdiction and pursuant to 28 U.S.C. § 1367(a).  Supplemental jurisdiction over those claims is appropriate because they arise from the same common nucleus of operative facts from which the federal claims arise.

Venue is proper in this Court in the District of Columbia  pursuant to 28 U.S.C. § 1391 because Defendants InterSolutions, Golin, and Walder all reside here, InterSolutions maintains its corporate headquarters here, and Defendants maintain their personnel records here, determine and implement here their company-wide policies, practices and procedures which have affected Green, engage in and/or ratify here illegal conduct which has adversely affected Green, and engage in corporate activities, such as the implementation of unlawful, discriminatory, and retaliatory employment policies, practices, and procedures, which are conceived and carried out here.

II.     Statement of the Case and Statutory Basis

1.     This action is brought by Linda Green, who is a fifty-eight-year-old former employee of Defendants. She worked in Defendants' District of Columbia headquarters. The Plaintiff alleges that, while an hourly employee, the Defendants failed to pay her in accordance with governing wage and hour laws. Once she was promoted to a salaried position, Plaintiff became aware that it was Defendants' pattern and practice not to pay its hourly employees in accordance with governing wage and hour laws, and she repeatedly complained to Defendants on behalf the hourly employees that they were not being adequately paid. Her complaints were met with hostility. When Defendants hired a new Chief Executive Officer, he and Defendants began discriminating against Plaintiff on the basis of her age by excluding her from company events and redistributing her work, responsibilities, and privileges to employees under the age of forty, and paying her less than similarly situated employees under the age of forty. In April or May 2006, Green learned she had a serious medical condition, breast cancer, and informed Defendants thereof. After taking intermittent hours of medical leave to attend doctor's appointments for the continuing treatment of her breast cancer, Defendants began sabotaging Green's ability to run her department, by, for example, confiscating her cell phone, forbidding her from visiting clients, and excluding her from social events with clients. Defendants also breached Plaintiff's employment contract by failing to calculate her bonuses according to an agreed-upon formula.

In July 2006, Plaintiff informed Defendants that she would need intermittent medical leave during August and September to attend daily radiation treatments for her serious medical condition. Two days later, Defendants presented Plaintiff with a letter outlining her job responsibilities and criticizing, for the first time, her job performance and threatening discipline and termination if her

performance did not improve within two weeks.  A similar letter followed a couple of days later.  Upon receipt of the second letter, Plaintiff contacted a patient advocate, who emailed Defendants on August 1, 2006 at 1:25 p.m. and informed Defendants that Green believed that Defendants were violating both the FMLA and the Americans with Disabilities Act, and that she may file a charge with U.S. Equal Employment Opportunity Commission.  Via letter later that same day, August 1, 2006, in retaliation for Green's complaints about Defendants' overtime pay violations, her exercise and attempted exercise of her rights to medical leave, and on the basis of her age, Defendants terminated Plaintiff's employment.

In this action, the Plaintiff seeks redress for Defendants' failure to pay her in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), and D.C. Wage and Hour Law D.C. Code § 32-1003; for retaliation against her for complaining about Defendants' failure to comply with the FLSA and D.C. Wage and Hour Law, in violation of 29 U.S.C. § 215 (a)(3) and D.C. Code § 32-1010; for interference with and restraint of her rights under the federal Family and Medical Leave Act ("FMLA") and the D.C. Family and Medical Leave Act ("DCFMLA") D.C. Code § 32-507;  for discriminating and retaliating against her for exercising her rights to medical leave, in violation of 29 U.S.C. § 2615 and D.C. Code § 32-507;  unlawful discrimination on the basis of age, in violation of the D.C. Human Rights Act, D.C. Code § 2-1402.11(a)(1); and breach of her employment contract, in violation of District of Columbia common law.  The Plaintiff seeks lost compensation and job benefits, including, but not limited to, back pay (plus interest), and front pay and compensatory, punitive, and/or nominal damages, and other legal and equitable monetary relief; prejudgment interest; litigation costs and expenses; and any other and further relief the Court may deem just and proper.

2.  Plaintiff's Position Regarding Defendant's Counterclaims

Plaintiff denies in full all of Defendants' counterclaims. Plaintiff denies she accessed Defendants' computer system without authorization or in excess of her authorization. Plaintiff only accessed Defendants' computer system while an employee of Defendants, during which time she enjoyed authorized access to the system. Plaintiff did not, therefore, violate the Electronic Communications Privacy Act nor commit trespass to personal property. Plaintiff also did not breach any agreements regarding confidential information, nor did she reveal any confidential information nor misappropriate any trade secrets of Defendants. She did not, therefore, violate the Uniform Trade Secrets Act, breach any contract with Defendant, nor breach any fiduciary duty. While Plaintiff maintains that Defendants terminated her employment, in part, due to her exercise of her FMLA and DCFMLA rights necessitated by her serious health condition, breast cancer, Plaintiff is not liable for defamation. Plaintiff will move to dismiss the majority of Defendants' counterclaims.

III.  Initial Report Pursuant to Local Rule LCvR 16.3

1.  The Defendants filed a dispositive motion, which was denied by the Court.

2.  At this time, the Plaintiff does not anticipate the joinder of any additional parties or further amendment of the pleadings. The parties have discussed the possibility of agreement upon factual and legal issues, and have concluded that no such agreements are feasible at this time.

3.  The Plaintiff does not wish to proceed before a Magistrate Judge.

4.  The parties have discussed settlement, but discussions were not fruitful.

5.  The Plaintiff does not wish to avail herself of ADR at this time.

6. The parties disagree over the scheduling for the filing of dispositive motions. As indicated on the attached proposed schedule, the Plaintiff proposes that any dispositive motions be filed two months after the close of non-expert discovery and two weeks after Defendants file their expert reports. Plaintiff further proposes that the dispositive motions be filed six or seven months before trial to give sufficient time for briefing and for a decision prior to trial. In Defendant's last communication regarding the schedule for filing dispositive motions, they proposed that dispositive motions be filed 40 days before trial and two months after the close of their proposed discovery deadline which includes all expert discovery.

7. The Plaintiff proposes that initial disclosures required by Fed. R. Civ. P. 26(a)(1) be served by July 18, 2007.

8. <u>Discovery</u>:

    a. <u>Requests for Admissions</u>: The number of Requests for Admissions shall not be limited.

    b. <u>Interrogatories</u>: No party shall be required to answer more than (30) interrogatories, unless otherwise ordered by the Court.

    c. <u>Requests for Production of Documents</u>: The number of document requests shall not be limited.

    d. <u>Number of Depositions</u>: The parties disagree over the number of depositions to be taken in the case. Defendants propose that the plaintiff shall be permitted to take only five depositions and that Defendants (collectively) shall be permitted to take five depositions. Consistent with the Rules, Plaintiff proposes that each side be permitted to take ten depositions, plus depositions of all identified experts, unless

otherwise ordered by the Court.

  e. <u>Time Permitted for Each Deposition</u>: The limitations for depositions shall be governed by the Federal Rules of Civil Procedure.

  f. <u>Protective Orders</u>:  Entry of a protective order is appropriate and the Plaintiff proposes that the parties submit a motion by August 15, 2007, to request the entry of a protective order.

  g. The Parties dispute the length of discovery.  Plaintiffs propose that discovery conclude by February 15, 2008.  Plaintiff understands from Defendants last communication that they propose that discovery (including all experts reports and depositions) conclude by November 30, 2007.  Defendants' proposal leaves little time for discovery to occur.  Plaintiff's proposal is reasonable and will also permit the Parties the time to file any necessary motions to compel should disagreements arise during the course of discovery.

9. The parties disagree over the deadlines for Fed. R. Civ. P. 26(a)(2) regarding the identification and exchange of expert witness reports.  Plaintiff proposes that expert identification and reports occur after Plaintiff has had the opportunity to conduct discovery.  Without conducting some discovery, Plaintiff will not be in a position to know whether any experts are needed.  Defendants' Counsel has not informed Counsel for Plaintiff regarding the deadline Defendants seek for expert reports.

  a. Plaintiff shall make her Rule 26(a)(2)(A) expert disclosures identifying her experts by February 15, 2008.  The Plaintiff shall serve Rule 26(a)(2)(B) expert reports by March 1, 2008.

  b. Defendants shall make their Rule 26(a)(2)(A) expert disclosures

    identifying their experts by February 22, 2008. Defendants shall serve

    Rule 26(a)(2)(B) expert reports by March 28, 2008.

  c. The Plaintiff shall make any additional or rebuttal Rule 26(a)(2)(A) expert

    disclosures and Rule 26(a)(2)(B) expert reports by April 18, 2008.

10. Paragraph 10 of LCvR 16 is inapplicable, as this case is not a class action.

11. There is no need for bifurcation of trial or discovery in this case.

12. Plaintiff proposes a pretrial conference date for September 12, 2008.

13. The parties disagree with regard to the scheduling of a trial date. Plaintiff proposes that a trial should be scheduled for October or November of 2008. In Defendants' last communication regarding the scheduling of trial, Defendants proposed a trial in March of 2008. Plaintiff's counsel (Lori Kisch) has informed Defendants' counsel that she has a month long trial scheduled for March 2008.

14. The parties conferred and agreed to maintain all electronic data regarding discovery that is reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted this 6th day of July, 2007.

        __/s/ Lori B. Kisch_____
        Timothy B. Fleming (DC Bar No. 351114)
        Lori B. Kisch (DC Bar No. 491282)
        Wiggins, Childs, Quinn & Pantazis, PLLC
        2031 Florida Ave. NW
        Suite 300
        Washington, D.C. 20009
        (202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Carolyn P. Weiss (DC Bar No. 480697)
Washington Lawyers' Committee for Civil Rights and Urban
  Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

7

*ATTORNEYS FOR THE PLAINTIFF*
**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

_____
LINDA GREEN,                )
                            )    CIVIL NO: 1:07CV00298-EGS
            Plaintiff,      )
                            )    JURY TRIAL DEMANDED
v.                          )
                            )
INTERSOLUTIONS, *et al.*    )
                            )
            Defendants.     )
_____)

## PLAINTIFFS' PROPOSED SCHEDULING ORDER

On consideration of the Report filed by the Plaintiff, Linda Green, and on consideration of a report submitted by the Defendants, InterSolutions, *et al.*, pursuant to Local Rule LCvR 16.3, and on consideration of the record thus far,

IT IS HEREBY ORDERED that the parties shall abide by the following schedule and discovery limitations:

1. The Parties' Rule 26(a)(1) disclosures shall be made by July 18, 2007.

2. Discovery shall commence on July 20, 2007.

3. Number of Depositions:

    Each side shall be permitted to take ten depositions, not including expert depositions. Additional depositions may be taken for good cause shown.

4. Close of Discovery:

      1.    <u>Non-expert discovery</u>

    All discovery other than expert discovery shall conclude by February 15, 2008.

      2.    <u>Expert Discovery</u>

    Depositions of experts shall be completed by May 2, 2008.

5. Identification of Experts and Expert Reports:

    1. Plaintiff shall make her Rule 26(a)(2)(A) expert disclosures identifying her experts by February 15, 2008. The Plaintiff shall serve Rule 26(a)(2)(B) expert reports by March 1, 2008.

    2. Defendants shall make their Rule 26(a)(2)(A) expert disclosures identifying their experts by February 22, 2008. Defendants shall serve Rule 26(a)(2)(B) expert reports by March 28, 2008.

    3. The Plaintiff shall make any additional or rebuttal Rule 26(a)(2)(A) expert disclosures and Rule 26(a)(2)(B) expert reports by April 18, 2008.

6. Dispositive Motions

    Any dispositive motion shall be filed by April 11, 2008. Oppositions to dispositive motions shall be filed by May 9, 2008. Replies shall be filed by May 30, 2008.

7. The Parties shall submit by August 15, 2007 a motion for entry of a Protective Order.

8. The parties shall confer and agree upon stipulations of facts not in dispute and the

authenticity of documents 20 days prior to trial.

9. The Parties shall make disclosures subject to Rue 26(a)(3) and LCvR 16.5 40 days prior to trial.

10. Motions in Limine and objections to witnesses shall be made 15 days prior to trial.

11. Pretrial Conference

The final pretrial conference shall take place on September 12, 2008.

12. Trial

The trial shall take place in October or November, 2008.

Dated July ____, 2007       _____
                            THE HONORABLE EMMET G. SULLIVAN
                            United States District Court Judge
                            District of Columbia

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Initial Report and Proposed Scheduling Order were served via the Court's electronic filing system on counsel of record.

Respectfully submitted this 6th day of July, 2007.

    __/s/ Lori B. Kisch_____
    Lori B. Kisch