## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO: 1:07CV00298-EGS |
| | ) | Status Conference: Feb. 6, 2008 |
| | ) | |
| INTERSOLUTIONS, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

_____

### PLAINTIFF'S MOTION TO DISMISS
### DEFENDANTS' COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 12 (b)(6), Plaintiff Linda Green ("Plaintiff"), through her undersigned Counsel, hereby moves this Court to dismiss Defendants InterSolutions, Sarah Wilder, and Drew Golin's ("Defendants") First, Second, Third, Fourth, and Sixth Counterclaims for failure to state a claim upon which relief can be granted.

On June 19, 2007, Defendants filed an Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Counterclaims ("Counterclaims"), alleging Plaintiff violated the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, *et seq*. ("ECPA") and the D.C. Uniform Trade Secrets Act, D.C. CODE § 36-401 *et seq*. ("DCUTSA"), committed trespass to personal property and defamation, breached a fiduciary duty to Defendant InterSolutions, and breached a contract with Defendant InterSolutions. Plaintiff respectfully requests that this Court dismiss Defendants' Counterclaims alleging violations of the ECPA, DCUTSA, and their common law claims of trespass, defamation, and fiduciary duty.

The grounds for this Motion are set forth in the accompanying Memorandum.

Respectfully submitted this 12th day of July, 2007.

                        /s/ Lori B. Kisch          _

                   Timothy B. Fleming (DC Bar No. 351114)
                   Lori B. Kisch (DC Bar No. 491282)
                   Wiggins, Childs, Quinn & Pantazis, PLLC
                   2031 Florida Ave. NW
                   Suite 300
                   Washington, D.C. 20009
                   (202) 467-4123

                   Susan E. Huhta (DC Bar No. 453478)
                   Carolyn P. Weiss (DC Bar No. 480697)
                   Washington Lawyers' Committee for Civil
                   Rights and Urban Affairs
                   11 Dupont Circle, N.W.
                   Suite 400
                   Washington, D.C. 20036
                   (202) 319-1000

                   ***ATTORNEYS FOR THE PLAINTIFF***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO: 1:07CV00298-EGS |
| | ) | Status Conference: Feb. 6, 2008 |
| | ) | |
| INTERSOLUTIONS, INC., *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____) | | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff Linda Green ("Plaintiff") submits the following Motion to Dismiss Defendants' First, Second, Third, Fourth, and Sixth Claims for Relief as asserted in Defendants' Answer, Affirmative Defenses, and Counterclaims ("Counterclaims").  For the reasons presented below, Defendants have not stated claims upon which relief can be granted, and the Counterclaims should be dismissed.

**I.      Factual Background and Procedural History**

Plaintiff Linda Green is a former employee of Defendant InterSolutions, Inc., which is in the business of providing staffing to residential and commercial properties. Dkt. 8, Amended Complaint at 3, 5 ¶¶ 6, 16. This staffing includes, among others, front desk and concierge personnel, leasing personnel, and maintenance personnel.  *Id*. at 5, ¶

1

16.  Defendant InterSolutions is co-owned by Defendants Drew Golin and Sarah Walder. *Id.* at 3, ¶ 10.  Plaintiff was hired by InterSolutions in December 2003, and she managed Defendant InterSolutions' Front Desk/Concierge Department from around May 2004 until her unlawful termination on or around August 1, 2006.  *Id.* at 5, 7, 13, ¶¶19, 33, 71.

On February 9, 2007, Plaintiff filed a complaint alleging violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Counts I & II), the federal Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") (Count III), the District of Columbia Wage and Hour Law, D.C. CODE § 32-1001, *et seq.* ("DCWHL") (Counts IV & V), the District of Columbia Family and Medical Leave Act, D.C. CODE § 32-501, *et seq.* ("DCFMLA") (Count VI), the District of Columbia Human Rights Act, D.C. CODE § 2-1402.01, *et seq.* ("DCHRA") (Count VII), and breach of an employment contract in violation of District of Columbia common law (Count VIII), all by Defendant InterSolutions, Inc. ("InterSolutions").  On March 6, 2007, InterSolutions filed its first Motion to Dismiss Counts I, III, IV, and VI of Plaintiff's Complaint, alleging that Plaintiff's FLSA and DCWHL claims were time-barred, in whole or in part, and that her FMLA and DCFMLA claims were inadequately pled.  On March 20, 2007, Plaintiff filed her Opposition to Defendant's Motion to Dismiss and an Amended Complaint, adding InterSolutions' co-owners Drew Golin and Sarah Walder as individual Defendants.  On April 7, 2007, the Court denied as moot InterSolutions' Motion to Dismiss.  On April 16, 2007, Defendants filed a Motion to Dismiss Counts III and VI of Plaintiff's Amended Complaint, which Plaintiff opposed on April 30, 2007, and which the Court denied on June 6, 2007.

On June 19, 2007, Defendants filed an Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Counterclaims.  In their Counterclaims, Defendants allege Plaintiff violated the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, *et seq.* ("ECPA") and the D.C. Uniform Trade Secrets Act, D.C. Code § 36-401 *et seq.* ("DCUTSA"), committed trespass to personal property and defamation, breached a fiduciary duty to InterSolutions and breached a contract with InterSolutions.  Plaintiff herewithin moves to dismiss the ECPA, DCUTSA, trespass to personal property, breach of fiduciary duty, and breach of contract claims for failure to state a claim upon which relief can be granted.

## II.  Legal Argument

In evaluating a Rule 12(b)(6) motion to dismiss, although the Court must construe counterclaims in a light most favorable to the non-moving party and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations, see *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).  The allegations must give "fair notice of what the [Defendants'] claim is and the grounds upon which it rests."  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).  As the U.S. Supreme Court recently made clear, a complaint must present "enough facts to state a claim to relief that is plausible on its face," and "above the speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1965, 1974 (2007).  Thus, the Court "need not accept inferences drawn by the [Defendant] [ ] if such inferences are not supported by the facts set out in the complaint." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *see also Lutz v. United States*, No. 06-1177, 2007 WL 1954438, at *2

(D.D.C. July 5, 2007) (same).  Nor is the Court bound to accept the legal conclusions of

the non-moving party.  *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).

### A.    Defendants Have Not Stated A Claim Under the Electronic Communications Privacy Act ("ECPA")

The Court should dismiss Count One of Defendants Answer and Counterclaims,

purportedly a claim of violation of the federal Electronic Communications Privacy Act

("ECPA"), because Defendants do not allege an ECPA claim "above the speculative

level."  *Twombly*, 127 S. Ct. at 1974.  In support of their ECPA counterclaim, Defendants

allege only:  that Plaintiff "accessed without authorization, or exceeded her authorized

access to, InterSolutions' computer system," Counterclaims at 16, ¶ 22; that, upon her

termination, she "possessed confidential client and employee lists," Counterclaims at 14,

¶ 7; and that she "obtained InterSolutions' client and employee information by printing

the information from InterSolutions' computer network."  *Id.* at 14, ¶¶ 7-8.  These facts

are insufficient, as a matter of law, to sustain an ECPA claim.

Defendants allege that "Plaintiff's acts set forth in this complaint constitute a

violation the [sic] Electronic Communications Privacy Act, 18 U.S.C. § 1801."

Counterclaims at 16 ¶ 23.  As an initial matter, Section 1801 is not a provision of the

ECPA, but a statute outlawing "video voyeurism."  *See* 18 U.S.C. § 1801.  Defendants

make no allegation to support a video voyeurism claim and thus Plaintiff assumes the

reference to this section was an error.  As such, Plaintiff proceeds on the theory that

Defendants intended to allege a violation of 18 U.S.C. § 2701(a).[1]

---

[1] If the reference to 18 U.S.C. § 1801 was not a typographical error, Plaintiff hereby moves the Court to dismiss that claim as well, as there are no facts pled to support such a claim.

Section 2701(a) of ECPA generally prohibits unauthorized access of electronic communications held in electronic storage in certain facilities. The ECPA was enacted in 1986 as an amendment to the 1968 Wiretap Act. *See United States v. Councilman*, 418 F.3d 67, 80-81 (1st Cir. 2005). The purpose of the amendment was to provide privacy protection in the face of advancing technology not covered by the Wiretap Act. *See id.* at 80-81. Specifically, the ECPA was intended to "create a cause of action against 'computer hackers (*e.g*., electronic trespassers).'" *International Ass'n of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 495-96 (D. Md. 2005) (quoting *Sherman & Co. v. Salton Maxim Housewares, Inc.*, 94 F. Supp. 2d 817, 820 (E.D. Mich. 2000)); *see also* S. Rep. No. 99-541 at 35 (stating that Section 2701 "addresses the growing problem of unauthorized persons deliberately gaining access to, and sometimes tampering with, electronic or wire communications that are not intended to be available to the public."), *quoted in Werner-Masuda*, 390 F. Supp. 2d at 497. The prohibition against exceeding authorized access envisions a person with authorization to a computer database or certain public portions of a database visiting "private" zones of data in the system. *See Sherman*, 94 F. Supp. 2d at 821.

Specifically, 18 U.S.C. § 2701(a) makes it unlawful for one to

> (1) intentionally access[] without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceed[] an authorization to access that facility; and thereby obtain[], alter[], or prevent[] authorized access to a wire or electronic communication while it is in electronic storage in such system . . . .

18 U.S.C. § 2701(a). However, this section is not applicable to "conduct authorized (1) by the person or entity providing a wire or electronic communications service; (2) by a

user of that service with respect to a communication of or intended for that user; . . . ."

18 U.S.C.A. § 2701(c).

Defendants' failure to allege facts to support these elements of an ECPA claim

warrants dismissal of this cause of action.

**1.     Defendants Allege No Facts to Support Their Claim That Plaintiff's Access to Their Computer System Was Unauthorized or In Excess of Her Authorization**

In support of their ECPA counterclaim, Defendants allege that Plaintiff "accessed

without authorization, or exceeded her authorized access to, InterSolutions' computer

system."  Counterclaims at 16, ¶ 22.  Defendants allege that, upon her termination, she

"possessed confidential client and employee lists" and that she "obtained InterSolutions'

client and employee information by printing the information from InterSolutions'

computer network."  *Id.* at 14, ¶¶ 7-8.   Defendants provide no further facts as to when

Plaintiff allegedly obtained such information and/or whether and/or how the printing of

such information from its computer network was unauthorized or in excess of Plaintiff's

authorization.  In fact, Defendants concede that "[i]n her position as staffing coordinator,

Plaintiff had access to confidential and trade secret information including client name and

address lists, employee name and address lists, and prospective employee name and

address lists."  *Id.* at 14, ¶ 4.  Defendants do not allege that Plaintiff's access was limited

in any way, nor that she accessed such information at a time when she was not authorized

to do so.  The Court need not accept an inference that Plaintiff's access was at some point

limited or revoked when Defendants provide absolutely no factual assertions to support

such an inference.

Because Defendants do not state a claim for relief that is plausible on its face with respect to how or why Plaintiff's access to any stored communications was unauthorized or in excess of her authorization, the claim should be dismissed.  *See, e.g., Supnick v. Amazon.com, Inc.*, No. C00-0221P, 2000 WL 1603820, at *1 (W.D. Wash. March 18, 2000) (stating "lack of authorization" is element of ECPA violation).

> **2.    Defendants Do Not Plead Sufficient Facts to Establish That InterSolutions' Place of Business and Computer System Constitute a "Facility Through Which An Electronic Communications Service is Provided"**

Defendants do not plead sufficient facts to support their summary contention that "InterSolutions' place of business and computer system constitute 'a facility through which an electronic communication service is provided,' as used in 18 U.S.C. § 2701." Counterclaims at 16, ¶ 21.  An "electronic communication service" is defined in 18 U.S.C. § 2510(15) as "any service which provides to users thereof the ability to send or receive wire or electronic communications."  18 U.S.C. § 2510(15).[2]

The mere fact that a business maintains a computer system is not determinative of whether the business is a facility through which an electronic communications service is provided under § 2701.  In *In re JetBlue Airways Corp. Privacy Litigation,* 379 F. Supp. 2d 299, 306-10 (E.D.N.Y. 2005), the court granted a Rule 12(b)(6) motion and held that maintenance of a website through which customer information was processed did not render the defendant a facility through which an electronic communication service is provided, as defined by the statute.  Similarly, in *Crowley v. Cybersource Corp.*, 166 F. Supp. 2d 1263, 1270-72 (N.D. Cal. 2001), the court found that online merchant

---

[2] The ECPA expressly adopts the definitions provided in § 2510 of the Wiretap Act.  18 U.S.C. 2711(1).

Amazon.com was not a facility through which electronic communication services were provided, despite the fact that it maintained a website and received electronic communications containing personal information from its customers in connection with the purchase of goods.   In *Andersen Consulting LLP v. UOP,* 991 F. Supp. 1041, 1043 (N.D. Ill. 1998), the court held that the fact that a company maintains an email system is not enough to meet the element that it be a business which provides electronic communications.  The court dismissed the complaint and held that "email is a necessary tool for almost any business today."  *Id.; see also State Wide Photocopy v. Tokai Fin. Servs., Inc.,* 909 F. Supp. 137, 145 (S.D.N.Y.1995) (court dismissed ECPA complaint finding that use of fax machines and computers did not convert a business into a facility through which electronic communication services are provided).

Defendants do not allege any facts to support their contention that InterSolutions' place of business and computer system meet the definition of a facility through which electronic communication services are provided.  They do not allege what sort of electronic communication service InterSolutions provides nor to whom it provides any such service.  All that is ascertainable from the Counterclaims is that Defendants have a computer system, which is not nearly enough.  *See* Counterclaims at 15, ¶¶ 21, 22. Because Defendants do not identify any electronic communication service that InterSolutions provides, nor any facility from which it provides such a service, nor allege any other facts in support of their conclusory statement that InterSolutions' place of business and computer system constitute a facility through which an electronic communication service is provided, as referenced in 18 U.S.C. § 2701, this cause of action fails to state a claim upon which relief can be granted.

8

### 3.    Defendants Do Not Allege Which Electronic Communications Plaintiff Unlawfully Accessed

It is likewise unclear from the Complaint what "electronic communications" Plaintiff allegedly unlawfully accessed.  Counterclaims at 16, ¶ 21.  Defendants allege that Plaintiff "obtained InterSolutions' client and employee information by printing the information from InterSolutions' computer network," *id.* at 14, ¶8, and then treat such client and employee information as "electronic communications," which they are not.

An electronic communication is defined as "any *transfer* of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce . . . ."  18 U.S.C. § 2510(12) (emphasis added).  One of the most common examples of covered electronic communications is e-mail messages.  *See Theofel v. Farey-Jones,* 359 F.3d 1066 (9th Cir. 2004); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 875 (9th Cir. 2002) ("The legislative history of the ECPA suggests that Congress wanted to protect electronic communications that are configured to be private, such as email and private electronic bulletin boards."); *Cedar Hill Assocs., Inc., v. Paget*, No. 04-C-0557, 2005 WL 3430562 (N.D. Ill. Dec. 9, 2005) (involving former employee who accessed former co-workers' e-mail accounts and marked the messages "unread" after opening them).  Text messages sent between cellular telephones are also electronic communications for purposes of the statute.  *United States v. Jones*, 451 F. Supp. 2d 71, 75 (D.D.C. 2006).

Defendants have not alleged that the client lists and employee information constitute electronic communications, nor have they alleged any facts that would support such a contention.  Indeed, the reasonable inference is that they are documents listing

information regarding InterSolutions' clients and employees, not *communications* of any sort.  Defendants' failure to present facts that "raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, requires dismissal of this cause of action.

> **4.     Defendants Do Not Allege That Plaintiff Accessed Electronic Communications While the Communications Were In Electronic Storage In A System That Provides Electronic Communication Services**

To state a proper ECPA claim, Defendants must allege that the electronic communications Plaintiff allegedly accessed were in "electronic storage in such a system . . . ."  *See* 18 U.S.C. § 2701(a).  An essential element of an ECPA claim is that "*at the time of access*, the electronic communications were in 'electronic storage.'"  *In re Toys R Us*, No. 00-CV-2746, 2001 WL 34517252, at *4 (N.D. Cal. Oct. 9, 2001) (emphasis added).  "Electronic storage" is defined as:

> (A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication.

18 U.S.C. § 2510(17).

Thus, the ECPA protects electronic communications stored in two ways.  The statute "protects electronic communications stored for a limited time in the middle of a transmission, *i.e.* when an electronic communication service temporarily stores a communication while waiting to deliver it."  *Snow v. DIRECTV, Inc.*, No. 2:04-CV-515FTM33SPC, 2005 WL 1226158, at *3 (M.D. Fla. May 9, 2005); *DoubleClick*, 154 F. Supp. 2d at 512.  A "prime" example of this type of "electronic storage would be when an e-mail service stores a message until the addressee downloads it."  *Snow*, 2005 WL

1226158, at *3 (Congress intended to limit definition of electronic storage to such situations); *DoubleClick*, 154 F. Supp. 2d at 512 (same).

The statute also protects backup storage of electronic communications pending delivery, as well as post-transmission back-up storage of electronic communications. *Theofel,* 359 F.3d at 1075-76; 18 U.S.C. § 2510(17)(B). The mere retention of information, such as an e-mail message, does not satisfy the "backup storage" requirement of 18 U.S.C. § 2501(17)(B). Rather, "[i]t must be established that the *purpose for the retention* was to serve as a backup protection." *Kaufman et al., v. Nest Seekers, LLC et al*., No. 05-CV-6782, 2006 WL 2807177 (S.D.N.Y. Sept. 26, 2006) (emphasis added). *See also Snow*, 2005 WL 1226158, at *3 (granting 12(b)(6) dismissal because the information at issue was not a "stored communication"); *Borninski v. Williamson*, No. 3:02-CV-1014, 2005 WL 1206872, at *12 (N.D. Tex. May 17, 2005) (finding no violation of the ECPA where party accessed emails stored on hard drive, not in "electronic storage"). Furthermore, the communications must be stored in the system which provides the electronic communications service; storage on a hard drive, for example, will not suffice, since the hard drive is not a system that provides electronic communications services. *See, e.g., United States v. Ropp*, 347 F. Supp. 2d 831, 837-38 (C.D. Cal. 2004).

Defendants' allegation that Plaintiff "obtained access to electronic communications stored in InterSolutions' computer system," Counterclaims at 16, ¶ 22, is insufficient to survive a Rule 12(b)(6) motion. Because Defendants have not pled "any set of facts consistent with the" allegation that Plaintiff accessed electronic communications in electronic storage in a system that provides electronic communication

11

services, they have not properly stated a claim under 18 U.S.C. § 2701(a). *Twombly*, 127 S. Ct. at 1969; 18 U.S.C. § 2701(a).

In sum, Defendants have failed to state a claim under the ECPA because they have not sufficiently alleged (1) that InterSolutions' place of business and computer system constitute a facility though which an electronic communications service is provided; (2) that Plaintiff accessed InterSolutions' computer system without authorization or in excess of her authorization; (3) that Plaintiff obtained access to electronic communications; or (4) that any electronic communications allegedly accessed were in electronic storage in a system that provides electronic communications services. The conclusory assertions and bare recital of the elements of a cause of action in Defendants' counterclaim "will not do." *See Twombly*, 127 S. Ct. at 1965. Defendants are obliged to present enough facts "to raise a right to relief above the speculative level" and provide Plaintiff with "'fair notice' of the nature of the claim," as well as the "grounds on which the claim rests." *Id.* at 1965 n.3 (citations omitted); *see* Fed. R. Civ. P. 8(a), 12(b)(6). Because Defendants have not done so, their claim for relief under ECPA should be dismissed.

**B.    Defendants Have Not Stated a Claim of**
<u>**Trespass to Personal Property**</u>

Defendants make only conclusory allegations insufficient to support their claim of trespass to personal property. Defendants allege that Plaintiff committed trespass to personal property – InterSolutions' "computers and computer network" – when, "without authorization from InterSolutions," Plaintiff engaged in "accessing, using, and tampering with InterSolutions' computer system and client lists." Counterclaims at 16-17, ¶¶ 28, 29.

However, there are simply no facts alleged in the Counterclaims that support this allegation.  In fact, Defendants concede that "[i]n her position as staffing coordinator, Plaintiff had access to confidential and trade secret information including client name and address lists, employee name and address lists, and prospective employee name and address lists."  *Id.* at 14, ¶ 4.  Defendants do not allege that Plaintiff accessed the information at a time when she did not have such authorized access.

There are likewise no factual bases for Defendants' conclusory statement that Plaintiff "tamper[ed] with" or "us[ed]" InterSolutions' computer system and client lists. *Id.* at 16-17, ¶¶ 28-29.  Defendants' factual recitation indicates that Plaintiff allegedly *accessed* and *possessed* client lists, not that she tampered with or used them for any purpose.  *Id.* at 14, 16, ¶¶ 7-8, 22.

To the extent the trespass to personal property claim is based on Plaintiff's alleged retention of client lists after her termination, Defendants have not alleged any damages resulting from such retention that would establish Plaintiff's liability.  Trespass to personal property, commonly referred to as trespass to chattels, "may be committed by intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another."  *Pearson v. Dodd*, 410 F.2d 701, 707 n.30 (D.C. Cir. 1969) (quoting RESTATEMENT (SECOND) OF TORTS § 217).  However, "liability for trespass to chattels exists only on a showing of actual damage to the property interfered with" or to the possessor of such property.  *Id*. at 707 & n.32.  No action can be maintained "for a mere harmless intermeddling with goods."  *Id.* at n.32.

Defendants do not allege that Plaintiff took the only copy of any client lists, thereby dispossessing InterSolutions of the lists, nor that she has used the client lists or

disclosed their contents to Defendants' detriment.  The source of any injury or damages, and their connection to Plaintiff's alleged trespass to Defendants' computers, computer system, or client lists, is not apparent from the Counterclaims.  Because there are simply no facts supporting Defendants' allegations that Plaintiff tampered, used, or damaged InterSolutions' personal property, Plaintiff has not received "'fair notice' of the nature of the claim," nor the "'grounds' on which the claim rests." *Twombly*, 127 S. Ct. at 1965 n.3, (citation omitted).  Defendants' Second Claim for Relief should be dismissed in its entirety.

### C.     Defendants Do Not Allege Misappropriation as is Required for a Claim Under the Uniform Trade Secrets Act

In their third claim for relief, Defendants allege that Plaintiff violated the D.C. Uniform Trade Secrets Act ("DCUTSA"), D.C. CODE §§ 36-401 *et seq.*  Counterclaims at 17-18, ¶¶ 33-39.  DCUTSA provides injunctive relief and damages for misappropriation.  D.C. CODE §§ 36-402, 36-403.  Specifically, Defendants allege that "InterSolutions' client and employee information constitute trade secrets," and "[a]s a result of Plaintiff's acts of misappropriation, InterSolutions has been irreparably injured." Counterclaims at 17, 18, ¶¶ 34, 38.

To state a claim under DCUTSA, Defendants must properly allege "(1) the existence of a trade secret," and (2) misappropriation of that trade secret.  *DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 77 (D.D.C. 2007); *see* D.C. CODE § 36-401(2).  For the purposes of this motion, Plaintiff does not argue that Defendants failed to allege that InterSolutions' client and employee information constitute trade secrets (however, Plaintiff intends to show during discovery that InterSolutions has no trade secrets entitled

to protection under DCUTSA). However, Defendants have not alleged any facts

supporting its contention that Plaintiff allegedly misappropriated trade secrets.

Misappropriation is defined by DCUTSA as follows:

(A) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(B) Disclosure or use of a trade secret of another without express or implied consent by a person who:

(i) Used improper means to acquire knowledge of the trade secret; or

(ii) At the time of disclosure or use, knew or had reason to know that the trade secret was:

(I) Derived from or through a person who had utilized improper means to acquire it;

(II) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;

(III) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

(iii) Before a material change in his or her position, knew or had reason to know that the information was a trade secret and knowledge of the trade secret had been acquired by accident or mistake.

D.C. CODE § 36-401(2). Thus, Defendants must show (1) that Plaintiff acquired

Defendants' alleged trade secret by improper means, or (2) that Plaintiff improperly

disclosed or used Defendants' alleged trade secret without consent. *See id.*; *DSMC*, 479

F. Supp. 2d at 79. Defendants have not alleged any facts that Plaintiff either improperly

acquired, or improperly used or disclosed, InterSolutions' client and employee

information.

###### 1.    Defendants Alleged No Facts that Plaintiff Acquired Information by Improper Means

First, Defendants have not shown that Plaintiff *acquired* the information "by improper means."  D.C. CODE § 36-401(2)(A).[3]  "Improper means" is defined by the statute as "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means."  *Id.* at § 36-401(1). Defendants allege only that Plaintiff "possessed confidential client and employee lists," "refused to return to InterSolutions the confidential information in her possession," and that she "obtained" the information by printing it from InterSolutions' computer network. Counterclaims at 14, ¶¶ 7-8.  Defendants do not allege that Plaintiff stole, bribed, made any misrepresentations, breached a duty to maintain secrecy, or engaged in any form of espionage in order to acquire the information.  *See Glasstech, Inc. v. TGL Tempering Sys., Inc.*, 50 F. Supp. 2d 722, 729-30 (N.D. Ohio 1999) (granting motion to dismiss misappropriation claim under Ohio UTSA because there were no facts to show that party acquired the trade secret by improper means).  Nor do Defendants allege that Plaintiff obtained any information from Defendants during a time period in which she was not authorized to have access to such information.

In fact, not only do Defendants fail to allege that Plaintiff engaged in any "stealth, deception and trickery" to acquire the information, *DSMC*, 479 F. Supp. 2d at 79, they admit that she had authorized access to the information while she was employed by InterSolutions.  Counterclaims at 14, ¶ 4.  Plaintiff simply could not have improperly acquired information to which she had authorized access during the course of her employment.  *See Diamond v. T. Rowe Price Associates, Inc.*, 852 F. Supp. 372, 412 (D.

---

[3]    Defendants also do not allege that Plaintiff acquired the information from someone who she knew, or should have known, had acquired it by improper means.

Md. 1994).  Essentially, Defendants have hinged their claim on the hope that the Court

will speculate that Plaintiff may have acquired the information when she no longer had

authorized access to it.  But mere insinuation without any set of facts to support their

allegations does not satisfy Defendants' burden to state a claim.  *See Twombly*, 127 S. Ct.

at 1965 ("Factual allegations must be enough to raise a right to relief above the

speculative level . . . ."); *Lutz v. United States*, 2007 WL 1954438, at *2  ("[T]he Court

need not accept as true inferences unsupported by facts set out in the complaint . . . .").

### 2.    Defendants Allege No Facts That Plaintiff Disclosed or Used Information in Violation of DCUTSA

Second, Defendants have not alleged that Plaintiff *disclosed or used* the

information in any way in violation of DCUTSA.  *See* D.C. CODE § 36-401(2)(B)(i), (ii),

(iii).  Defendants allege only that "[a]s a result of Plaintiff's acts of misappropriation,

InterSolutions has been irreparably injured . . . ."  Counterclaims at 18, ¶ 38.  This

conclusory allegation that Plaintiff committed acts of misappropriation does not satisfy

Defendants' burden to state a claim.  *See Twombly*, 127 Sect. at 1964-65; *Vincit*

*Enterprises, Inc. v. Zimmerman*, No. 1:06-CV-57, 2006 WL 1319515, at *7 (E.D. Tenn.

May 12, 2006) (plaintiff failed to allege misappropriation sufficiently because there were

"no direct factual allegations in the complaint that [defendant] in fact used or disclosed

any . . . trade secrets").  "[A] formulaic recitation of the elements of a cause of action will

not do" in defense of a 12(b)(6) motion to dismiss.  *Twombly*, 127 S. Ct. at 1965.

Defendants may not survive a motion to dismiss by making conclusory assertions that

leave open the possibility that a claim exists; they must "nudge[] their claims across the

line from conceivable to plausible."  *Id.* at 1974; *see Hicks v. Ass'n of Am. Med. Colls.*,

No. 07-00123, 2007 WL 1577841, at *2 (D.D.C. May 31, 2007); *Rattigan v. Gonzales*, No. 04-2009, 2007 WL 1577855, at *6 (D.D.C. May 31, 2007).

Defendants are obliged to present enough facts to provide Plaintiff with "fair notice of the nature of the claim," as well as the "grounds on which the claim rests." *Twombly*, 127 S. Ct. at 1965 n.3 (citations omitted).  Yet, because Defendants have failed to allege "any set of facts" to support the "blanket assertion" that Plaintiff committed acts of misappropriation, she is completely unaware of the specific way in which she is alleged to have done so.  *Id.* at 1969.  Thus, Defendants have not provided Plaintiff with the notice pleading required by Rule 8.  *See id.* at 1965 n.3.

In sum, because Defendants have failed to state a claim under DCUTSA, their third claim for relief should be dismissed.  *See id*. at 1974; *Taylor*, 132 F.3d at 761 (D.C. Cir. 1997) ("Dismissal under Rule 12(b)(6) is proper when . . . the court finds that the plaintiffs have failed to allege all the material elements of their cause of action.").  Defendants have not properly alleged that Plaintiff acquired, used, or disclosed InterSolutions' client and employee information in violation of DCUTSA.  *See* D.C. CODE § 36-401(2).

### D.    Defendants' Breach of Fiduciary Duty Counterclaim Must Be Dismissed

Under D.C. law, to state a claim for breach of fiduciary duty, a counterclaimant must, at a minimum, allege facts supporting the contention that Plaintiff (a) owed a fiduciary duty to the Defendants and (b) breached that duty, and that (c) the breach proximately caused an injury.  *See Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard, Jr.*, 24 F. Supp. 2d 66, 75 (D.D.C.1998).  Defendants have not adequately pled this cause of action.

First, it is unclear from Defendants' counterclaims what fiduciary duty Plaintiff owed Defendants and how she breached any such duty. In support of their breach of fiduciary duty claim, Defendants allege only that "Plaintiff knowingly accepted, InterSolutions' trust and confidence regarding the protection of its customer lists, client lists, employee lists, prospective employee lists, business records, and email system," Counterclaims at 18, ¶ 41, and that Plaintiff "exploited InterSolutions trust for her own personal gain by engaging in a course of conduct designed to harm InterSolutions," *id.* at ¶ 42. Under District of Columbia law, "for a fiduciary duty to exist between parties, there must be a special relationship of trust or confidence." *Prunte v. Universal Music Grp.,* 448 F. Supp. 32, 42 (D.D.C. 2007). Here, Defendants' allegations are insufficient regarding the existence of a duty.

Second, even assuming, *arguendo*, that such facts create a fiduciary duty, Defendants have not alleged any facts supporting their contention that Plaintiff breached such a duty by failing to "protect" such information. In *Government Relations Inc. v. Howe,* No. 05-1081, 2007 WL 201264, at *11 (D.D.C. Jan. 24, 2007) (internal citations omitted), the court dismissed a breach of fiduciary duty claim where the plaintiff's complaint, as here, lacked factual support for such broad claims. The court held, "Plaintiff has not provided the Court with any facts supporting its claims of Defendant's alleged misconduct and/or 'wrongful acts' -- not one date, client taken away or attempted to be taken away by Defendant . . . nothing." *Id.*

Like the plaintiff in *Howe*, Defendants here have alleged only that Plaintiff accessed and took copies of client lists from Defendants and failed to return them. Defendants do not allege that she disclosed the contents of such lists, used the

information contained within such lists to the detriment of Defendants, nor dispossessed Defendants of such lists.  Other than their statement that "Plaintiff exploited InterSolutions trust for her own personal gain by engaging in a course of conduct designed to harm InterSolutions," Defendants do not allege to what course of conduct they refer, what personal gain Plaintiff sought or obtained, nor how the conduct was designed to harm InterSolutions.  Simply put, the Counterclaim does not allege any facts supporting its bold assertion that fiduciary duty was breached.  Plaintiff has not been given fair notice of the grounds for Defendants' breach of fiduciary duty claim, and, therefore, the claim should be dismissed.  *See Browning*, 292 F.3d at 242.

### E.    Defendants' Breach of Contract Counterclaim Should Be Dismissed

Finally, Defendants have not adequately pled a claim for breach of contract.  To state a claim for breach of contract, Defendants must allege that a contract existed, that Defendants performed their contractual obligations, that Plaintiff breached the contract, and that Defendants suffered damages due to the breach.  *See, e.g., Ames v. HSBC Bank USA, N.A.*, No. 06-2039, 2007 WL 1404443, *4 (D.D.C. May 11, 2007) (quoting *Park v. Arnott*, No. 89-3257, 1992 WL 184521, *4 (D.D.C. July 14, 1992)).  Defendants nowhere plead that they performed their obligations pursuant to the purported agreement, nor even what their obligations were.

Further, Defendants have not sufficiently pled that they suffered any damages as a result of Plaintiff's alleged breach.  Defendants allege that Plaintiff breached the contract "by taking confidential and trade secret information with her when her employment with InterSolutions was terminated."  Counterclaims at 19, ¶ 53.  As a result, Defendants claim, they suffered a "loss of business that has ensued from Plaintiff's breach of the

20

confidentiality agreement." *Id.* at ¶ 54.  There are simply no facts alleged regarding any

loss of business from the "taking" of this information.  Defendants do not allege how or

why any damages resulted from the alleged breach.  Defendants do not allege that

Plaintiff disclosed, damaged, or dispossessed Defendants of such information.

Because Defendants have sufficiently alleged neither how they satisfied their

obligations under the purported contract nor how Defendants suffered as a result of any

alleged breach, Defendants' breach of contract claim should be dismissed.

## III.     CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant

her Motion to Dismiss regarding Defendants' First, Second, Third, Fourth, and Sixth

Claims for Relief, as asserted in Defendants' Counterclaims.


Respectfully submitted this 12th day of July, 2007.

_____/s/ Lori B. Kisch_____

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123


Susan E. Huhta (DC Bar No. 453478)
Carolyn P. Weiss (DC Bar No. 480697)
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*ATTORNEYS FOR THE PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2007, a copy of the foregoing Motion to Dismiss, Memorandum in Support of Motion to Dismiss, and Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:
_____/s/ Lori B. Kisch_____
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )
LINDA GREEN,                        )
                                    )
            Plaintiff,              )
                                    )
        v.                          )    CIVIL NO: 1:07CV00298-EGS
                                    )
                                    )
INTERSOLUTIONS, INC., ET AL.,       )
                                    )
            Defendants.             )
                                    )
_____ )

## PROPOSED ORDER

WHEREAS Plaintiff has moved the Court to dismiss Defendants' First, Second, Third, Fourth, and Sixth Counterclaims with prejudice, Plaintiff's motion is GRANTED.

IT IS FURTHER ORDERED that within ten days of the date of this Order, Plaintiff shall file an Answer to Defendants' Fifth Counterclaim.

_____
Emmet G. Sullivan
UNITED STATES DISTRICT JUDGE

Dated: _____, 2007.