**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| LINDA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO: 1:07CV00298-EGS |
| | ) Status Conference: Feb. 6, 2008 |
| | ) |
| INTERSOLUTIONS, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____)

## PLAINTIFF'S MOTION TO QUASH
## SUBPOENAS AND FOR A PROTECTIVE ORDER

Plaintiff Linda Green through her undersigned Counsel, respectfully moves this Court to

quash subpoenas served by Defendants InterSolutions, Sarah Walder, and Drew Golin on

Plaintiff's medical doctors W. Bruce Lundeen, David A. Schreiner, and Robert C. Wagner; as

well as America Online; Sprint Communications; Strategic Federal Credit Union; Charles Town

Races and Slots; and Dover Downs. Plaintiff further moves for a Protective Order prohibiting

Defendants from disclosing her social security number to third parties.

The grounds for this Motion are set forth in the accompanying Memorandum.


Respectfully submitted this 20th day of August, 2007.

_____/s/ Lori B. Kisch_____
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW, Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>INTERSOLUTIONS, INC., *ET AL.*,  )<br><br>Defendants.  ) | CIVIL NO: 1:07CV00298-EGS<br>Status Conference: Feb. 6, 2008 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER**

Plaintiff Linda Green, through her undersigned Counsel, hereby respectfully files this Memorandum of Law in Support of her Motion to Quash Subpoenas.

**I.     INTRODUCTION**

**A.     Summary of Facts**

On July 31, August 1, and August 3, 2007, Defendants served subpoenas on Plaintiff's medical doctors W. Bruce Lundeen, David A. Schreiner, and Robert C. Wagner; America Online ("AOL"); Sprint Communications ("Sprint"); Strategic Federal Credit Union; Charles Town Races and Slots; and Dover Downs. *See* Ex. 1. The subpoenas are overly broad, are not reasonably calculated to lead to the discovery of admissible evidence, require the production of privileged documents, and if complied with, would invade the privacy interests of the Plaintiff as well those of as third parties. On August 10, 2007, upon receiving copies of the subpoenas, Plaintiff's counsel sent Defendants' counsel a letter informing them that plaintiff intended to move to quash the subpoenas and requesting that if documents were produced prior to a ruling, Defendants, as a courtesy, refrain from reviewing any of the produced documents. Ex. 2.

On August 15, 2007, Plaintiff's counsel sent Defendants' counsel a letter outlining the reasons why the subpoenas should be voluntarily withdrawn. Ex. 3. On August 16, 2007, Defendants' counsel responded requesting that Plaintiff sign a release allowing all of her medical records to be turned over directly to Defense counsel, "or anyone designated in writing by him," and offered to enter into a protective order. Ex. 4.

On August 16, 2007, counsel for the parties conferred via telephone. Plaintiff offered a compromise solution to the dispute regarding the subpoenaed medical records. Plaintiff agreed that a protective order should be negotiated, drafted, and presented to the Court. Plaintiff further agreed to request her medical records from the doctors who were served with subpoenas, and then review the documents and produce non-objectionable, responsive documents. Plaintiff also agreed to provide a log generally describing any documents she withheld based upon an objection. Defendants refused the compromise position. Instead, Defendants stated that they would withdraw the medical records subpoenas only if Plaintiff voluntarily produced all medical records, and that all such records must be produced prior to August 31, 2007. The parties reached no resolution on the other subpoenas.

### B.     Defendants' Subpoenas Are Overly Broad and Seek Privileged Information

On July 31, 2007, August 1, 2007, and August 3, 2007, Counsel for Defendants served various subpoenas on Plaintiff's medical doctors, three financial institutions, Plaintiff's cell phone provider, and Plaintiff's internet service provider. Ex. 1 (subpoenas).

The subpoenas served upon Plaintiff's medical doctors requires production of "all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006." Ex. 1 at 4-6. Defendants already have propounded a document request seeking this information from Plaintiff. Ex. 5. Defendants' subpoena upon the Strategic Federal Credit Union requires production of "[a]ll monthly statements of account, balance statements, and all

other documents detailing the [Plaintiff's] account . . . from December 1, 2003 through September 1, 2006. Ex. 1 at 8. Likewise, Defendants demanded production of "[a]ll documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006," relating to Plaintiff's accounts from Charles Town Races and Slots and Dover Downs. Ex. 1 at 2-3.

The subpoena served by Defendants upon Sprint requires production of "[a]ll bills, statements, and records chronicling incoming and outgoing calls and indicating, to the best of your ability, the location where calls were placed or received on the [Plaintiff's] phone . . . between March 1, 2004 and September 1, 2006." Ex. 1 at 6. Defendants' subpoena does not limit the information they seek based on caller or recipient. If Sprint is permitted to produce the requested documents, Defendants will have access to information relating to all of Plaintiff's mobile telephone communications for a period of two-and-a-half years, no matter whether they are related to the claims or defenses in this case.

Defendants also demanded production from AOL all electronic mail sent to or from Plaintiff's AOL e-mail account from January 1, 2006 through August 1, 2007. Ex. 1 at 9. Defendants' subpoena makes no attempt to narrow the subject matter, sender, or recipient of the e-mails, thereby ensuring that AOL's compliance with the subpoena would include many e-mails that are entirely irrelevant. More troubling is the prospect that AOL's compliance could result in production of privileged material — if Plaintiff sent or received e-mails from her Counsel, these e-mails would be produced by AOL to Defendants. Further, Defendants seek unlimited access to her emails for a period of one year beyond her employment by Defendants.[1]

---

[1] Plaintiff Linda Green was employed by Defendant InterSolutions, Inc., from December 2003 until her unlawful termination on or around August 1, 2006. Am. Compl. ¶¶ 6, 8, 19, 71.

## II.    ARGUMENT

The subpoena power available to parties through Federal Rule of Civil Procedure 45 is not without limits.  Rule 26 of the Federal Rules of Civil Procedure governs the proper scope of subpoenas, limiting it to "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…"  Fed. R. Civ. P. 26(b)(1); *see also Watts v. S.E.C.,* 482 F.3d 501, 507 (D.C. Cir. 2007).  Accordingly, courts are authorized by rule to "fashion a set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests – including privacy and other confidentiality interests – that might be harmed by the release of the material sought."  *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1216 (D.C. Cir. 2004) (quoting *Pearson v. Miller,* 211 F.3d 57, 61, 65 (3d Cir. 2000)).  In *In re Sealed Case*, the D.C. Circuit stated:

> As a whole, Rule 26 vests the trial judge with broad discretion to tailor discovery . . . [a]nd to undertake some substantive balancing of interests.  In particular, although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.  Hence, in exercising their discretion under the rule, ***courts have long recognized that interests in privacy may call for a measure of extra protection, even where the information sought is not privileged***.

381 F.3d at 1215 (internal citations and quotations omitted) (emphasis added).

Courts also have discretion to issue orders to protect a party from annoyance, embarrassment, and oppression by quashing a subpoena, preventing discovery on the matter altogether, or limiting the discovery.  *See* Fed. R. Civ. P. 26(c); *Flanagan v. Wyndham Intern. Inc.*, 231 F.R.D. 98, 104 (D.D.C. 2005).

### A.    The Subpoenas Should Be Quashed Because the Information They Seek Is Irrelevant, Privileged, and/or Unduly Invasive of Plaintiff's Privacy Rights.

All of the subpoenas served by Counsel for Defendants are objectionable.  The subpoenas, discussed individually below, should be quashed because they seek irrelevant

information, privileged information, or information whose disclosure is not only unnecessary but which would unduly infringe on Plaintiff's privacy rights.

> 1.  Defendants' Subpoenas to Plaintiff's Medical Doctors Should Be Quashed Because They Seek Documents that Are Irrelevant and Infringe on Plaintiff's Privacy Rights

On July 31, 2007, Defendants served subpoenas on Drs. Lundeen, Schreiner, and Wagner, Ex. 1 at 4-6, all of whom are physicians who have treated Plaintiff.  All three were ordered to produce "all medical records, bills, and receipts for payment from December 1, 2003 through September 1, 2006 for Linda L. Green."  *Id.*

This Court should quash these subpoenas because they infringe on Plaintiff's privacy interests in her medical records.  First, Plaintiff's medical records are protected by the physician-patient privilege from discovery.  District of Columbia law provides that "[i]n the Federal courts in the District of Columbia . . . a physician or surgeon . . . may not be permitted, without the consent of the client . . . to disclose any information, confidential in its nature, that he has acquired in attending a client in his professional capacity and that was necessary to enable him to act in that capacity . . . ."  D.C. CODE § 14-307 (a).  This codified physician patient-privilege extends to the release of information during discovery.  *See, e.g., Whitbeck v. Vital Signs, Inc.*, 163 F.R.D. 398, 399-400 (D.D.C. 1995); *Simpson v. Braider*, 104 F.R.D. 512, 519 (D.D.C. 1985).  Virginia, the state in which each of Plaintiff's doctors practices, also has a codified physician-patient privilege.  *See* VA. CODE ANN. § 8.01-399.  Plaintiff has not consented to the release of this information by her doctors directly to Defendants' counsel; therefore production pursuant to these the subpoenas would be improper.

Even if Ms. Green's medical records were not protected by statutory physician-patient privileges, the records are inherently protected by a zone of privacy.  *See, e.g., United States v. Westinghouse Electric Corp.*, 638 F.2d 570, 577-78 (3d Cir. 1980) (discussing the privacy

protections afforded medical records); *In re Sealed Cases*, 381 F.3d at 1213 ("Whether or not additional documents are subject to privilege under state law, Federal Rule of Civil Procedure 26 at least requires the district court to weigh the appellant's privacy interest in those documents against the plaintiff's need for them before it orders production.").

Furthermore, the Court should quash these subpoenas because they are overly broad, seeking documents that may be irrelevant to the claims or defenses of the parties. *See* Fed. R. Civ. P. 26(b)(1). Only medical records relevant to the matters at issue in this case need be produced. The great majority of the information responsive to the subpoenas, which would include all of Plaintiff's medical records for a period of nearly three years, is neither relevant to this case nor likely to lead to the discovery of admissible evidence. Arguably relevant are records of Plaintiff's diagnosis of breast cancer, the serious medical condition which necessitated her need for medical leave, and documentation in the possession of her medical care providers treating her indicating the times and dates on which she was absent from work because she was being treated for this serious medical condition. This information, to the extent it is responsive to Defendants' document requests, will be produced in the course of discovery.

Indeed, Defendants' Fourth Request for Production of Documents, No. 1, *see* Ex. 5, has requested all medical records that are the subject of Defendants' subpoenas on Plaintiff's doctors. These subpoenas are thus cumulative and unnecessary. Further, Plaintiff has offered to request all the medical records from the subpoenaed doctors, produce those that are not objectionable which are responsive to document requests, and provide a log with a general description of documents withheld to Defendants. This compromise position was specifically contemplated and approved by the court in *J.J.C. v. Fridell*, 165 F.R.D. 513, 517 (D. Minn. 1995). Such a process was also found to be proper by the court in *Miller v. Baltimore Gas & Electric Company et al.*, (N.D. Md. 2001). *See* Ex. 6. This process allows Plaintiff's counsel to

first review the medical records, make objections to producing certain of those records, and

provide a log regarding withheld documents, if any. Defendants will then have the opportunity

to demonstrate why any withheld medical records should be produced.

        2.    <u>Defendants' Subpoena to AOL Should Be Quashed Because It Is Overly<br>Broad, Infringes on Plaintiff's Privacy Rights, and May Violate the<br>Attorney-Client Privilege</u>

Defendants' subpoena to America Online (AOL) demanding production of "all e-mails

sent to or from" Ms. Green's personal email address from "January 1, 2006 through August 1,

2007" is plainly overbroad and not reasonably calculated to lead to the discovery of admissible

evidence. Ex. 1 at 9. Most of what Defendants would receive from AOL would have nothing to

do with this case. In fact, Defendants' counsel admitted as much during the parties' conference

call of August 16, 2007. In response to a similarly overbroad subpoena for "all of plaintiff's

personal e-mails over an almost two-year period without any limitation concerning subject

matter," a district court has stated:

> Assuming plaintiff's personal e-mail accounts are similar to those of most individual's,
> these subpoenas would yield a ***vast amount of irrelevant material***, including "spam" e-
> mails, internet purchase orders and confirmations, personal correspondence,
> confirmations of medical appointments and the whole raft of communications that are
> now routinely made over the internet. Although the vast majority, if not all, of this
> material is, no doubt, innocuous, that is not the touchstone for discovery; in order to be
> discoverable, the material sought must be "not privileged" and "relevant to the claim or
> defense of any party." Fed. R. Civ. P. 26(b)(1). ***Defendant's subpoenas entirely ignore***
> ***the requirement that a discovery request must be limited to relevant material***.

*Quinby v. WestLb AG*, No. 04 Civ. 7406 WHP HBP, 2006 WL 59521, at *1 (S.D.N.Y. Jan. 11,

2006) (emphases added); *see also ACS Consultant Co., Inc. v. Williams*, 2007 WL 674608, at *

10 (E.D. Mich. 2007) (quashing subpoena demanding production of "[a]ny and all E-mails of

[employee] sent or received between June, 2005 through April, 2006" from personal Yahoo

account as infringing on the privacy rights of third parties, the attorney-client privilege, and

attorney work product). Similarly, Defendants' subpoena is not limited to relevant material.

Furthermore, Defendants' subpoena on its face requires AOL to produce communications between Plaintiff and her Counsel, violating the attorney-client privilege. Further, Defendants attempt to pry into Plaintiff's personal affairs irrespective of whether the details of such affairs are relevant to this case. Such behavior is impermissible. *See Theofel v. Farey-Jones,* 359 F.3d 1066, 1071-72 (9th Cir. 2003); *see also supra* at 6-8 (discussing the court's duty to consider privacy interests in determining whether to permit discovery).

Defendants have not presented any evidence that document requests to Plaintiff would be inadequate to obtain the requested documents. Because the AOL subpoena is overly broad, seeks irrelevant and privileged material, and because it impermissibly infringes on Plaintiff's privacy, this Court should quash the subpoena.

3.    Defendants' Subpoena to Sprint Should Be Quashed Because It Is Overly Broad and Infringes on Plaintiff's Privacy Rights

Defendants' subpoena to Sprint for "all bills, statements, and records chronicling incoming and outgoing calls and indicating, to the best of [Sprint's] ability, the location where calls were placed or received" on Plaintiff's cellular telephone "between March 1, 2004 and September 1, 2006," *see* Ex. 1 at 7, is, like that issued to AOL, plainly overbroad and not reasonably calculated to lead the discovery of admissible evidence. The preponderance of the information sought would not only be completely irrelevant to this case, but also would reveal personal and private communications. Courts have held that such subpoenas are an invasion of privacy of both the person whose records are subpoenaed and the persons whose telephone numbers would appear on such records, *i.e.*, each person making a call to or receiving a call from the telephone in question. *See, e.g., Lewis v. Chicago Housing Auth.*, No. 91 C 1478, 1991 WL 173247, at *2 (N.D. Ill. Sept. 4, 1991) (finding a subpoena served on plaintiff's phone company overly broad and an invasion of the plaintiff's "privacy interests, and those of his family and friends," and that "defendant has no need of the phone numbers of the plaintiff's family and

8

friends"). Such an unwarranted invasion of Plaintiff's privacy — and the privacy of every

person she called and received calls from on her cellular telephone over the course of two and

half years — is neither warranted nor justified to obtain information relevant to this case.

Defendants may request any relevant information regarding Plaintiff's telephone calls

through document requests to her. The subpoena to Sprint therefore should be quashed.

> 4.     Defendants' Subpoena to Strategic Federal Credit Union Should Be
>        Quashed Because It Is Overly Broad and Infringes on Plaintiff's Privacy

Defendants' subpoena to Plaintiff's credit union, Strategic Federal Credit Union, for "all

monthly statements of account, balance statements, and all other documents detailing" her

personal account, *see* Ex. 1 at 8, is also plainly overbroad and not reasonably calculated to lead

to the discovery of admissible evidence. As the D.C. Circuit has recognized, because of the

privacy interests at stake, "the federal discovery rules generally prohibit a litigant from

discovering an opponent's assets 'until after a judgment against the opponent has been

rendered.'" *Resolution Trust Corp. v. Thornton*, 41 F.3d 1539, 1547 (D.C. Cir.1994) (quoting

*FTC v. Turner*, 609 F.2d 743, 745 (5th Cir.1980)); accord *Sanderson v. Winner*, 507 F.2d 477,

479-80 (10th Cir.1974*); RTC v. Feffer*, 793 F. Supp. 11, 14 (D.D.C. 1992); *cf.* Fed. R. Civ. P.

69(a) (allowing discovery in aid of judgment). As the court held in *Peskoff v. Faber*, to allow the

production of "personal bank records, the Court would have to find a connection between the

[plaintiff's] accounts and specific allegations in the plaintiff's complaint." 230 F.R.D. 25, 28

(D.D.C. 2005). No such connection exists here.

In *Reserve Solutions, Inc., v. Vernaglia*, the court considered a motion to quash a

subpoena served on American Express for the former employee's credit card records. No. 05

Civ. 8622 VM RLE, 2006 WL 1788299 (S.D.N.Y. June 26, 2006). There, even where the

company had alleged that the employee had converted company funds and used money from

company accounts to pay personal expenses, the court held:

>   Although this action concerns the alleged conversion of funds, discovery should not include unrelated and detailed personal financial records and credit card information. The Court finds that [the company's] 1) subpoena is overly broad; and 2) right to subpoena the financial records is outweighed by intrusions into [defendant's] privacy interests.

*Id.* at *2.  In this case, of course, there is no allegation of conversion or other financial wrongdoing, and, consequently, even less justification for an invasion of Plaintiff's privacy interests in her personal financial records.  Relevant information may be obtained directly from Plaintiff through document requests.

>   5.   Defendants' Subpoenas to Charles Town Races and Slots and Dover Downs Should Be Quashed Because They Seek Irrelevant Information and Are Sought to Harass, Humiliate, and Embarrass Plaintiff

Defendants' subpoenas to Charles Town Races and Slots for "all documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006 for the Player's Choice Card and corresponding Players' Choice Account of Linda L. Green," and to Dover Downs for "all documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006 for the Capital Club Card and corresponding Capital Club Account of Linda L. Green," *see* Ex. 1 at 2-3, seek plainly irrelevant information.  Defendants have indicated no possible relevance of these records to the claims or defenses at issue in this case.  These records apparently are sought only to harass, humiliate, and embarrass Plaintiff.

Should Defendants put forth a rationale for these records' relevance, these subpoenas nevertheless should be quashed because any relevant information may be obtained from Plaintiff through document requests.

**III.    CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion to Quash Defendants' subpoenas.

Respectfully submitted this 20th day of August, 2007.

_____/s/ Lori B. Kisch_____

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123


Susan E. Huhta (DC Bar No. 453478)
Carolyn P. Weiss (DC Bar No. 480697)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2007, a copy of the foregoing Motion to Quash and/or for a Protective Order, Memorandum in Support, and Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


By:
    /s/ Lori B. Kisch
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
LINDA GREEN,                      )
                                  )
            Plaintiff,            )
                                  )
        v.                        )     CIVIL NO: 1:07CV00298-EGS
                                  )     Status Conference: Feb. 6, 2008
                                  )
INTERSOLUTIONS, INC., *ET AL.*,   )
                                  )
            Defendants.           )
                                  )
_____)

**EXHIBIT 1**
**TO MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER**

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Linda Green

v.

InterSolutions, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   07-298

TO:  Phyllis LeTart, Charles Town Races and Slots
P.O. Box 551 (Intersection of Hwy. 51 and Federal Way)
Charles Town, WV 25414

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006 for the Players' Choice Card and corresponding Players' Choice Account of Linda L. Green, 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044 (SSN: 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; VA Driver's License No.: A69-69-9753).

| PLACE | Keller and Heckman, LLP, Attn: Manesh Rath, 1001 G St. NW, Suite 500 West, Washington, DC 20001 | DATE AND TIME 8/31/2007  5:00 pm |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Rath, Counsel for Defendants* | 8/1/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Manesh Rath, Keller and Heckman, LLP, 1001 G St. NW, Suite 500 West, Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Linda Green

v.

InterSolutions, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   07-298

TO:  Lee Ford, Director of Security, Dover Downs
     1131 North DuPont Highway
     Dover, DE 19901

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006 for the Capital Club Card and corresponding Capital Club Account of Linda L. Green, 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044 (SSN: 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; VA Driver's License No.: A69-69-9753).

| PLACE   Keller and Heckman, LLP, Attn: Manesh Rath, 1001 G St. NW, Suite 500 West, Washington, DC 20001 | DATE AND TIME 8/31/2007  5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Rath, counsel for Defendants* | DATE 8/1/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Manesh Rath, Keller and Heckman, LLP, 1001 G St. NW, Suite 500 West,
Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Linda Green<br><br>V.<br><br>InterSolutions, Inc. et al. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]   Civil Action No: 07-298 |

TO:   W. Bruce Lundeen, M.D.
1701 North George Mason Dr.
Arlington, VA 22205

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All medical records, bills, and receipts for payment from December 1, 2003 through September 1, 2006 for Linda L. Green, 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044 (SSN: 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; VA Driver's License No.: A69-69-9753).

| PLACE | Keller and Heckman, Attn: Manesh K. Rath, 1001 G. St. NW, Ste. 500 W. Washington, DC 20001 | DATE AND TIME<br>8/31/2007  5:00 pm |
|---|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Rath, Counsel for Defendants* | DATE<br><br>7/31/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Keller and Heckman, Attn: Manesh K. Rath, 1001 G. St. NW, Ste. 500 W.
Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Linda Green

v.

InterSolutions, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    Civil Action No: 07-298

TO: David A. Schreiner, M.D.
611 S. Carlin Springs Rd. #405
Arlington, VA 22204

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All medical records, bills, and receipts for payment from December 1, 2003 through September 1, 2006 for Linda L. Green, 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044 (SSN: 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; VA Driver's License No.: A69-69-9753).

| PLACE    Keller and Heckman, Attn: Manesh K. Rath, 1001 G. St. NW, Ste. 500 W. Washington, DC 20001 | DATE AND TIME<br>8/31/2007  5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Rath, Counsel for Defendants* | DATE<br>7/31/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Keller and Heckman, Attn: Manesh K. Rath, 1001 G. St. NW, Ste. 500 W.
Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Linda Green

V.

InterSolutions, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]     Civil Action No: 07-298

TO:    Robert C. Wagner, M.D.
       1635 N. George Mason Dr., Suite 140
       Arlington, VA 22205

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):
All medical records, bills, and receipts for payment from December 1, 2003 through September 1, 2006 for Linda L.
Green, 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044 (SSN: 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; VA Driver's License No.:
A69-69-9753).

| PLACE | Keller and Heckman, Attn: Manesh K. Rath, 1001 G. St. NW, Ste. 500 W.<br>Washington, DC 20001 | DATE AND TIME<br>8/31/2007  5:00 pm |
|---|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Rath, Counsel for Defendants* | 7/31/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Keller and Heckman, Attn: Manesh K. Rath, 1001 G. St. NW, Ste. 500 W.
Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Eastern _____ DISTRICT OF _____ Virginia

Linda L. Green

V.

InterSolutions, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-298 (D.C. District Court)

TO:  Sprint Communications Co. c/o Corporate Service Co.
11 South 12th St.
Richmond, VA 23219

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All bills, statements, and records chronicling incoming and outgoing calls and indicating, to the best of your ability, the location where calls were placed or received on the phone of Linda L. Green between March 1, 2004 and September 1, 2006, (phone number: (703) 200-7884; SSN: 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) 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044.

| PLACE   Keller and Heckman, LLP, Attn: Manesh Rath, 1001 G St. NW, Suite 500 West, Washington, DC 20001 | DATE AND TIME  8/31/2007  5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *RATH / Counsel for Defendants* | DATE  8/31/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Manesh Rath, Keller and Heckman, LLP, 1001 G St. NW, Suite 500 West, Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Linda Green

V.

InterSolutions, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    Civil Action No: 07-298

TO:  Strategic Federal Credit Union; Attn: Jerry Macomber
7700 Arlington Blvd.
Falls Church, VA 22042

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All monthly statements of account, balance statements, and all other documents detailing the account of Linda L. Green, 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044 (SSN: 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; Account Number 54205; Transit ABA Number 256078556) from December 1, 2003 through September 1, 2006.

| PLACE | Keller and Heckman, Attn: Manesh K. Rath, 1001 G. St. NW, Ste. 500 W. Washington, DC 20001 | DATE AND TIME 8/31/2007  5:00 pm |
|---|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Rath, counsel for defendants* | DATE 7/31/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Keller and Heckman, Attn: Manesh K. Rath, 1001 G. St. NW, Ste. 500 W.
Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Eastern _____    DISTRICT OF    _____ Virginia

Linda Green

V.

InterSolutions, Inc. et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-298 (D.C. District Court)

TO:   AOL LLC, Legal Dept. Custodian of Records-Civil Subpoena
      2200 AOL Way
      Dulles, VA 20166

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All e-mails sent to or from the account of Linda L. Green (e-mail address llgreen311@aol.com) from January 1, 2006 through August 1, 2007.

| PLACE   Keller and Heckman LLP, Attn: Manesh Rath, 1001 G St. NW, Suite 500 West, Washington, DC 20001 | DATE AND TIME  8/31/2007  5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Counsel for defendants | DATE  8/3/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Manesh K. Rath, Keller and Heckman, LLP, 1001 G St. NW, Suite 500 West, Washington, DC 20001; Phone: (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2007, copies of subpoenas to: Charles Town Races & Slots; Dover Downs; W. Bruce Lundeen, M.D.; David A. Schreiner, M.D.; Robert C. Wagner, M.D.; Sprint Communications Company; Strategic Federal Credit Union; and, America Online were served by hand on:

Lori B. Kisch
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300

Counsel for Plaintiff

_____
Manesh K. Rath

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
LINDA GREEN,                                )
                                            )
              Plaintiff,                    )
                                            )
       v.                                   )    CIVIL NO: 1:07CV00298-EGS
                                            )    Status Conference: Feb. 6, 2008
                                            )
INTERSOLUTIONS, INC., *ET AL.*,             )
                                            )
              Defendants.                   )
                                            )
_____)

**EXHIBIT 2
TO MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER</u>**

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

———

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

August 10, 2007

*Via E-mail, Fax, and U.S. First Class Mail*

Manesh K. Rath
Keller & Heckman LLP
1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001

    Re: *Green v. InterSolutions, Inc., et al.*

Dear Manesh:

  We are in receipt of copies of the subpoenas you served last week. We will move to quash all of the subpoenas, as they seek either irrelevant, privileged, or confidential information, or information more properly obtained from Ms. Green during discovery. We respectfully request that you refrain from reviewing any documents you receive in response to the subpoenas pending Judge Sullivan's ruling on our motion to quash.

  Please let me know if you have any questions or concerns.

      Sincerely,

      *Lori Kisch* / with permission

      Lori Kisch

Cc: Susan Huhta, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                              )

LINDA GREEN,                  )
                              )

           Plaintiff,      )
                              )

          v.               )     CIVIL NO: 1:07CV00298-EGS
                              )     Status Conference: Feb. 6, 2008
                              )

INTERSOLUTIONS, INC., *ET AL.*,     )
                              )

          Defendants.     )
                              )
_____)

**EXHIBIT 3
TO MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER**

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

August 15, 2007

*Via Electronic Mail*

Manesh K. Rath
Keller & Heckman LLP
1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001

Re: *Green v. InterSolutions, Inc., et al.*

Dear Manesh:

I write concerning the subpoenas you served August 1, 2007. As I mentioned in my letter of August 10, 2007, we intend to move to quash all of the subpoenas. However, before doing so, and in accordance with Judge Sullivan's scheduling order instructing us to confer in good faith to resolve any discovery disputes prior to bringing them to the Court, we wished to open a dialogue regarding the subpoenas and the information they seek. Below we briefly outline our position on the subpoenas.

Federal Rule of Civil Procedure 45 authorizes court-issued subpoenas to obtain discovery from third parties, and Rule 26, which generally governs civil discovery, provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . " Fed. R. Civ. P. 26(b)(1); *Watts v. S.E.C.*, 482 F.3d 501, 507 (D.C. Cir. 2007). Thus, subpoena power is limited by Rule 26 and courts are authorized by the rule to "fashion a set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests - including privacy and other confidentiality interests - that might be harmed by the release of the material sought." *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1216 (D.C. Cir. 2004) (quoting *Pearson v. Miller*, 211 F.3d 57, 61, 65 (3d Cir. 2000)). Continuing to discuss the proper scope of discovery, the D.C. Circuit stated:

As a whole, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). And "[i]t is appropriate for the court, in exercising its discretion . . . to undertake some substantive balancing of interests . . . ." *Laxalt v. McClatchy*, 809 F.2d 885, 890 (D.C. Cir. 1987); *see United States v. Microsoft Corp.*, 165 F.3d 952, 960 (D.C. Cir. 1999) (holding that Rule 26(c)'s "good cause' standard ... is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case"). In particular, "[a]lthough [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21(1984). Hence, in exercising their

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

discretion under the rule, courts have long "recognized that interests in privacy may call for a measure of extra protection," even where the information sought is not privileged. Fed. R. Civ. P. 26(b) advisory committee's note (1970) (referring to income tax returns, which are "generally held not privileged"); *see Pearson*, 211 F.3d at 72 (holding that "[l]egitimate interests in privacy are among the proper subjects of" Rule 26(c)'s protection).

*Id.* at 1215.

Finally, the rule grants a district court the discretion to issue orders to protect a party from annoyance, embarrassment, and oppression by quashing a subpoena, preventing discovery on the matter altogether, or limiting the discovery. *See* Fed. R. Civ. P. 26(c); *Flanagan v. Wyndham Intern. Inc.*, 231 F.R.D. 98, 104 (D.D.C. 2005).

All of the subpoenas served by Counsel for Defendants are objectionable. They either seek irrelevant information, privileged information, or information whose disclosure is not only unnecessary but which would unduly infringe on Ms. Green's privacy rights. The subpoenas are discussed individually below.

Subpoenas served on Ms. Green's Doctors

Subpoenas were served on Dr. Bruce Lundeen, Dr. David Schreiner, and Dr. Robert Wagner, all of whom are physicians who have treated Ms. Green. All three were ordered to produce "all medical records, bills, and receipts for payment from December 1, 2003 through September 1, 2006 for Linda L. Green."

Ms. Green's medical records are protected by the physician-patient privilege from discovery. District of Columbia law provides that "[i]n the Federal courts in the District of Columbia . . . a physician or surgeon . . . may not be permitted, without the consent of the client . . . to disclose any information, confidential in its nature, that he has acquired in attending a client in his professional capacity and that was necessary to enable him to act in that capacity . . ." D.C. Code § 14-307 (a). This codified physician patient-privilege extends to the release of information during discovery. *See, e.g., Whitbeck v. Vital Signs, Inc.*, 163 F.R.D. 398, 399-400 (D.D.C. 1995); *Simpson v. Braider*, 104 F.R.D. 512, 519 (D.D.C. 1985). Virginia, the state in which each of Ms. Green's doctors practices, also has a codified physician-patient privilege. VA. Code Ann. § 8.01-399. Because Ms. Green has not consented to the release of this information by her doctors, the subpoenas are improper.

Even if Ms. Green's medical records were not protected by statutory physician-patient privileges, the records are inherently protected by a zone of privacy. *See, e.g., United States v. Westinghouse Electric Corp.*, 638 F.2d 570, 577-78 (3d Cir. 1980) (discussing the privacy protections afforded medical records); *In re Sealed Cases*, 381 F.3d at 1213 ("Whether or not additional documents are subject to privilege under state law, Federal Rule of Civil Procedure 26 at least requires the district court to weigh the appellant's privacy interest in those documents against the plaintiff's need for them before it orders production.").

Because there are privacy interests at stake, only medical records strictly relevant to the matters at issue in this case need be produced. The great majority of the information responsive

to the subpoenas, which would include all of Ms. Green's medical records for a period of nearly three years, is completely irrelevant to this case. Arguably relevant are records of Ms. Green's diagnosis of breast cancer, the serious medical condition which necessitated her need for medical leave, and documentation in the possession of her medical care providers treating her for such serious medical condition of the times and dates on which she was absent from work because she was being treated for this serious medical condition. This information, to the extent it is responsive to your requests for production of documents, will be produced in the course of discovery. No subpoena is necessary. No other information demanded in your overbroad subpoenas is relevant to this case and would justify the serious intrusion of Ms. Green's private medical records that would result from compliance therewith.

We ask that you withdraw your subpoenas for Ms. Green's privileged and irrelevant medical records. Ms. Green will produce non objectionable medical records during the course of discovery. Indeed, Defendants' Fourth Request For Production of Documents, No. 1, appears to have requested all relevant medical records. Therefore, no subpoena is necessary.

Subpoena to AOL

Your subpoena to America Online (AOL) demanding production of "all e-mails sent to or from" Ms. Green's personal email address from "January 1, 2006 through August 1, 2007" is plainly overbroad and not reasonably calculated to lead to the discovery of admissible evidence. In response to a similarly overbroad subpoena for "all of plaintiff's personal e-mails over an almost two-year period without any limitation concerning subject matter," a court stated:

Assuming plaintiff's personal e-mail accounts are similar to those of most individual's, these subpoenas would yield a vast amount of irrelevant material, including "spam" e-mails, internet purchase orders and confirmations, personal correspondence, confirmations of medical appointments and the whole raft of communications that are now routinely made over the internet. Although the vast majority, if not all, of this material is, no doubt, innocuous, that is not the touchstone for discovery; in order to be discoverable, the material sought must be "not privileged" and "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Defendant's subpoenas entirely ignore the requirement that a discovery request must be limited to relevant material.

*Quinby v. Westlb AG*, No. 04 Civ. 7406 WHP HBP, 2006 WL 59521, at *1 (S.D.N.Y. Jan. 11, 2006). Similarly, your subpoena is not limited to relevant materials. Again, the proper method for discovering the relevant emails is through document requests to the plaintiff.

Subpoena to Sprint

Your subpoena to Sprint Communications for "all bills, statements, and records chronicling incoming and outgoing calls and indicating, to the best of [Sprint's] ability, the location where calls were placed or received" on Ms. Green's cellular telephone "between March 1, 2004 and September 1, 2006" is, like that issued to AOL, plainly overbroad and not reasonably calculated to lead the discovery of admissible evidence. The large majority of the information sought would not only be completely irrelevant to this case, but would also reveal personal and private communications. Courts have held that such subpoenas are an invasion of

privacy of both the person whose records are subpoenaed and the persons whose telephone numbers would appear on such records, i.e., each person making a call to or receiving a call from the telephone in question. *See, e.g., Lewis v. Chicago Housing Authority*, No. 91 C 1478, 1991 WL 173247, at *2 (N.D. Ill. Sept. 4, 1991) (finding a subpoena served on plaintiff's phone company overly broad and an invasion of the plaintiff's "privacy interests, and those of his family and friends," and that "defendant has no need of the phone numbers of the plaintiff's family and friends"). Such an unwarranted invasion of Ms. Green's privacy, and that of every person she called and received calls from on her cellular telephone over the course of two and half years, is neither warranted nor justified to obtain information relevant to this case. We ask that you withdraw the subpoena and request any relevant information regarding Ms. Green's telephone calls through document requests to her.

Subpoena to Strategic Federal Credit Union

Your subpoena to Ms. Green's credit union, Strategic Federal Credit Union, for "all monthly statements of account, balance statements, and all other documents detailing" Ms. Green's personal account is also plainly overbroad and not reasonably calculated to lead to the discovery of admissible evidence. In *Reserve Solutions, Inc., v. Vernaglia*, the court considered a motion to quash a subpoena served on American Express for the defendant's credit card records. No. 05 Civ. 8622 VM RLE, 2006 WL 1788299 (S.D.N.Y. June 26, 2006). There, even where the plaintiff had alleged that the defendant had converted company funds and used money from company accounts to pay personal expenses, the court held:

> [A]lthough this action concerns the alleged conversion of funds, discovery should not include unrelated and detailed personal financial records and credit card information. The Court finds that [plaintiff's] 1) subpoena is overly broad; and 2) right to subpoena the financial records is outweighed by intrusions into [defendant's] privacy interests.

*Id.* at *2. In this case, of course, there is no allegation of conversion or other financial wrongdoing, and, consequently, even less justification for an invasion of Ms. Green's privacy interests in her personal financial records. Relevant information may be obtained directly from Ms. Green through document requests.

Subpoenas to Charles Town Races and Slots and Dover Downs

Your subpoenas to Charles Town Races and Slots for "all documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006 for the Player's Choice Card and corresponding Players' Choice Account of Linda L. Green," and to Dover Downs for "all documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006 for the Capital Club Card and corresponding Capital Club Account of Linda L. Green," seek plainly irrelevant information. We can contemplate no possible relevance of these records to the claims or defenses at issue in this case. These records are apparently sought only to harass, humiliate, and embarrass Ms. Green. Any relevant information may be obtained from Ms. Green through document requests.

4

We request that, by tomorrow at noon, that you send a letter to each of the persons subpoenaed informing them that the subpoenas are withdrawn and no documents need be produced. Please also send us copies of such letters by noon tomorrow. We also ask that if you have already received any documents as a result of the subpoenas, that you forward to us the original documents which you received (unopened) and that you retain no copies of the documents.

If you do not consent to the resolution of these disputes offered in this letter, please let us know that by noon tomorrow. If we cannot come to an agreement, we will then, pursuant to the scheduling order in this case, need to arrange a telephone conference with Judge Sullivan to discuss the matter. If we have not heard from you by noon tomorrow, we will call you and conference you in to call the court to set up the telephone conference with Judge Sullivan.

We hope that we can reach a mutually agreeable resolution of these discovery requests so that we will not need to burden the Court with these issues. Please contact me with any questions or concerns.

Sincerely,

Lori B. Kisch

CC:    Sue Huhta, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

LINDA GREEN,                                    )
                                                )
                                                )
                        Plaintiff,              )
                                                )
            v.                                  )        CIVIL NO: 1:07CV00298-EGS
                                                )        Status Conference: Feb. 6, 2008
                                                )
INTERSOLUTIONS, INC., *ET AL*.,                 )
                                                )
                        Defendants.             )
                                                )
_____)

## EXHIBIT 4
## TO MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER

# KH
## KELLER AND HECKMAN LLP
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

**Writer's Direct Access**
**Manesh K. Rath**
(202) 434-4182
Rath@khlaw.com

August 16, 2007

**Facsimile (202-467-4489) and U.S. Postal Service**

Lori B. Kisch, Esq.
Wiggins Childs Quinn and Pantazis, PLLC
2031 Florida Avenue, NW
Suite 300
Washington, DC 20001

Re:    *Green v. InterSolutions, Inc., et al.*

Dear Lori:

We are writing in response to your letter dated yesterday, August 15, 2007. We have reviewed your objections to our subpoenas seeking medical information and we look forward to conferring with you this afternoon at 3:00 p.m. In the meantime, for your consideration, we propose as an alternative solution that Ms. Green provide: 1.) a written authorization, similar or identical to the one attached, to any custodian of medical records authorizing their release; and 2.) a draft protective order that will satisfy Ms. Green as to maintaining the privacy of the documents that are produced. This alternative proposal will satisfy Ms. Green's concerns for medical privacy and at the same time will allow us to examine documents that Ms. Green has put at issue in the above referenced matter. If you are able, please confer with Ms. Green about this proposal prior to our 3:00 p.m. conference today in the hopes that we can resolve this issue in a manner that is acceptable for all of the parties.

Sincerely,

Manesh K. Rath

Attachment – 1

## <u>AUTHORIZATION FOR THE RELEASE OF MEDICAL RECORDS</u>

To: _____    Patient:    Linda L. Green

_____    D.O.B.:    _____

_____    S.S.N.:    _____

    This document authorizes any physician, counselor, hospital, medical attendant, nurse, technician, health care provider (as that term is defined by either Health Insurance Portability and Accountability Act or Family and Medical Leave Act), or others to furnish Attorney Manesh K. Rath of Keller and Heckman LLP, or anyone designated in writing by him, all records, opinions, reports, X-rays, photostatic copies, abstracts or excerpts of any records or any other information or document that you have in your custody or control regarding the medical evaluation and/or treatment of Linda L. Green, including, but not limited to, all physician's progress notes, nurse's notes, patient history and physicals, lab results, radiology reports, operative notes, anesthesiology records, graphic flow sheets, correspondence, consult notes, billing records, insurance information, etc.

    I authorize the use of a photocopy of this form as it if were an original.

Dated: _____

_____
Linda L. Green

Sworn to and subscribed before me this _____ day of August 2007.


_____


My Commission Expires:


_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
LINDA GREEN,                                  )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )      CIVIL NO: 1:07CV00298-EGS
                                              )      Status Conference: Feb. 6, 2008
                                              )
INTERSOLUTIONS, INC., *ET AL*.,               )
                                              )
            Defendants.                       )
                                              )
_____)

**EXHIBIT 5
TO MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-cv-00298-EGS |
| | ) | |
| INTERSOLUTIONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' FOURTH**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned

counsel, pursuant to Federal Rules of Civil Procedure 26 and 33, requests Plaintiff Linda Green

to produce for inspection and copying, pursuant to, and within the time set forth in Rule 34 of the

Federal Rules of Civil Procedure, the documents listed herein. Copies may be produced in their

entirety to Manesh K. Rath / Keller and Heckman LLP / 1001 G Street, NW, Suite 500 West /

Washington, D.C. 20001.

**DEFINITIONS**

The following terms have the following meanings in this set of Interrogatories:

1.    "Person" includes natural persons, corporations, partnerships (limited or general),

associations, joint ventures, committees, groups, governments (including agencies

and subdivisions), quasi-public entities, and any other entities, including their

directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

2.    "You" and "your" and "Plaintiff" means Linda Green and all other persons acting

or purporting to act on her behalf, including, but not limited to, her attorneys. "You"

and "your" also means any business entity in which you have ownership, managerial

responsibility, or in which you are otherwise a principal.

3.     "Defendants" means InterSolutions, Inc, Drew Golin, and Sara Walder.

4.     "Document" means any written, printed, typed, or other graphic or photographic

matter of any nature, however produced or reproduced, any audio or video or other

type of mechanical and electronic recordings, whether recorded by magnetic tape,

disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source,

and any data or information input into any computer system, contained in any

memory system of any computer or contained on computer disk or similar computer

data retention device, electronic mail or e-mail, and any other data compilations from

which information can be obtained, translated, if necessary, by the respondent

through detection devices into reasonably usable form. "Document" includes the

original and every draft or copy, where such draft or copy is not an identical duplicate

of the original, or where such draft or copy contains any commentary or notation

whatsoever that does not appear on the original.

5.     "Communicate" or "communication" means every manner of disclosure,

exchange, or transmittal, and every disclosure, exchange, or transmittal of

information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by

document, or whether face-to-face, by telephone, mail, personal delivery,

electronically, or otherwise.

6.     "Concerning" means relating to, referring to, describing, evidencing, or

constituting.

7.    "And" and "or" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of these interrogatories any relevant information

that might otherwise be outside its scope.

8.    "All" and "each" shall be construed as all and each.

9.    The use of the singular form of any word includes the plural and vice versa.

10.    "Identify" and "identification" shall mean:

    (a.)    <u>when used in reference to an individual person,</u> to state with particularity

his full name, present or last known residential address and telephone

number, present or last known business address and telephone number,

business title, and business affiliation;

    (b.)    <u>when used in reference to a person other than an individual,</u> to state with

particularity its full name, form of organization, present or last known

address or principal place of business and telephone number, address and

telephone number of place of business during the period covered by these

interrogatories, the type and nature of its business, and the names of the

individual persons who are or were principals during the period relevant to

this suit, agents, or employees and who have knowledge of relevant facts;

    (c.)    <u>when used in reference to a communication,</u> to state with particularity the

date of the communication, the place where the communication occurred

(e.g., telephone conversation, meeting), the substance and content of the

communication, the identity of each person who made a statement, the

statement, the identity of each person who received a statement, and the

identity of each person present during the communication.

11.    "Describe" when used in reference to an event or incident or communication shall mean to state the date, time, and details with particularity of the event or incident or communication and identify all persons who witnessed the event or incident.

12.    "Particularity" shall mean being specific rather than general; an exactitude of detail, especially in description; an attention to, or concern with detail.

## INSTRUCTIONS

1.    With respect to any document or other communication for which you claim a privilege, identify the nature of the privilege asserted, the general subject matter of the communication, the date of the communication, the parties to the communication, where not apparent, the relationship of the parties to the communication, and the identity of every other person who has ever been privy to the communication.  Provide this information in a separate list fully identifying all such withheld documents.

2.    If you are unable to produce a document in its entirety, you are requested to produce that or those portion(s) of the requested document that  you are able to produce and completely and state the reasons for your inability to respond to the remainder.

3.    All requests seek documents for a time period between January 1, 2005 and the present date unless a particular interrogatory specifically states otherwise.

## DOCUMENTS

1.    All medical records (including, but not limited to, doctor reports, doctor diagnoses, medical bills, or receipts for payment of medical bills) related to any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering, associated with any facts alleged in Plaintiff's Amended Complaint.

2.    All records or correspondence relating to any insurance provider's payment, non-

payment, or other involvement in any treatment received by Plaintiff for any physical

condition, ailment, or disease; physical or mental pain or suffering; or emotional

suffering, associated with any facts alleged in Plaintiff's Amended Complaint.


Respectfully submitted,
KELLER AND HECKMAN LLP

Date: August 1, 2007

Manesh K. Rath, Esq. (D.C. Bar No. 457835)
rath@khlaw.com
1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2007, a copy of the foregoing Defendant's Fourth

Request for Production of Documents was served via Federal Express upon:


Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009

Counsel for Plaintiff


Susan E. Huhta, Esq.
Washington Lawyer's Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036

Counsel for Plaintiff


Manesh K. Rath

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

LINDA GREEN,

               Plaintiff,

        v.

INTERSOLUTIONS, INC., *ET AL.*,

               Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO: 1:07CV00298-EGS
Status Conference: Feb. 6, 2008

**EXHIBIT 6
TO MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER**

# UNITED STATES DISTRICT COURT

## DISTRICT OF MARYLAND

CHAMBERS OF
CATHERINE C. BLAKE
UNITED STATES DISTRICT JUDGE

December 10, 2001

U.S. COURTHOUSE
101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-3220
Fax (410) 962-6836

Timothy Fleming, Esquire
Lori B. Kisch, Esquire
Jessica Caspe, Esquire
Gordon, Silberman, Wiggins & Childs
7 DuPont Circle, N.W., Suite 200
Washington, D.C. 20036

Grant Morris, Esquire
7 DuPont Circle, N.W., Suite 250
Washington, D.C. 20036

Kerry B. Fisher, Esquire
John Wood, Esquire
Baltimore Gas & Electric Company
39 W. Lexington Street
20th Floor, Gas & Electric Building
Baltimore, MD 21201

Ronald Cherry, Esquire
Patrick R. Buckler, Esquire
Elena D. Marcuss, Esquire
McGuire Woods, LLP
7 St. Paul Street, Suite 1000
Baltimore, MD 21202

Richard F. Kane, Esquire
McGuire Woods, LLP
Bank of America Plaza
101 South Tryon Street, Suite 3700
Charlotte, NC 28280-0008

Re: <u>Polly Miller, et al. v. Baltimore Gas & Electric Company, et al.</u>
<u>Civil No. CCB-00-2808</u>

Dear Counsel:

Thank you for your joint status report dated November 30, 2001. In light of your continuing disagreement about the plaintiffs' medical records. I propose the following. The plaintiffs may defer production of particularly sensitive or confidential medical records, upon condition of providing defendants a log of the withheld documents. If they do so, however, and



if it later appears that a claim for compensatory damages for physical, mental, or severe emotional injuries will go forward, production of the records may be ordered and the plaintiff may have to be available for a further deposition.

As to the language of the Confidentiality Order, I agree that the 10 day delay is cumbersome. Inclusion of the sentence at pp. 2-3 of your status report limiting disclosure of "confidential medical materials" to employees engaged in trial preparation, etc. should be sufficient protection. If there is a particular employee about whom a plaintiff can identify a genuine reason for concern, that name should be discussed with defense counsel in advance.

Accordingly, the pending motion to quash subpoena and motion for confidentiality order are hereby **Granted in part** and **Denied in part** consistent with the terms of this letter. If either side believes this proposal needs further clarification, please contact my chambers to arrange a conference call within 10 days.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely yours,

Catherine C. Blake
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| LINDA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO: 1:07CV00298-EGS |
| ) | |
| ) | |
| INTERSOLUTIONS, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **PROPOSED ORDER**

WHEREAS Plaintiff has moved the Court to quash Defendants' subpoenas demanding production from Plaintiffs' medical doctors W. Bruce Lundeen, David A. Schreiner, and Robert C. Wagner; America Online; Sprint Communications; Strategic Federal Credit Union; Charles Town Races and Slots; and Dover Downs; Plaintiff's motion is GRANTED and Defendants subpoenas are hereby QUASHED.

IT IS FURTHER ORDERED that Defendants shall not disclose Plaintiff's social security number to third parties.

_____
Emmet G. Sullivan
UNITED STATES DISTRICT JUDGE

Dated: _____, 2007.