## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
LINDA GREEN,                    )
                                )
                Plaintiff,      )
                                )
        v.                      )   Civil Action No. 07-298 (EGS)
                                )
INTERSOLUTIONS, INC., et al.,   )
                                )
                Defendants.     )
_____)
```

## ORDER

Pending before the Court is Plaintiff's Motion to Quash Subpoenas and for a Protective Order.  Upon consideration of the motion and response thereto, it is by the Court hereby

**ORDERED** that plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

It is **FURTHER ORDERED** that plaintiff's motion is **denied** as to the subpoenas for medical records issued to Drs. Lundeen, Schreiner, and Wagner.  The Court finds that plaintiff has put her medical condition directly at issue by raising a Family Medical Leave Act claim.  The records sought are relevant to this claim and to defenses in this case.

It is **FURTHER ORDERED** that plaintiff's motion is **granted** as to the subpoenas issued to America Online, Sprint, Strategic Federal Credit Union, Charles Town Races and Slots, and Dover Downs.  Those motions are **QUASHED**.  The Court finds that each of

these subpoenas are not narrowly tailored to just relevant information and thereby unnecessarily invade plaintiff's privacy.

The America Online subpoena to obtain all of plaintiff's emails for an almost two-year period will likely yield volumes of personal emails unrelated to this case, as well as attorney-client privileged emails to which defendants should not have access.  Giving defendants access to every email plaintiff sent and received for almost two years is an unwarranted invasion on plaintiff's privacy.  The Court does find, however, that defendants are entitled to some of plaintiffs emails.  Defendants indicate that they need access to plaintiff's personal email account because they have reason to believe that plaintiff emailed InterSolutions' trade secrets and other confidential information to herself and others.  Certainly, defendants are entitled to any such emails and, arguably, any non-privileged emails related to InterSolutions for the relevant time period. If defendants have not done so already, they may submit an appropriate document request to plaintiff to obtain relevant emails.

As for the subpoena to Sprint, defendants are seeking records chronicling all of plaintiff's cell phone calls and the location of those calls for a period of two-and-a-half years. This request too is overly broad and will yield many irrelevant calls and the phone numbers of those who may wish to keep their

numbers private.  It also unnecessarily invades plaintiff's
privacy for defendants to have access to all telephone numbers
she called and when even if those calls were not made during work
hours, were made on days off, were made during breaks from work,
etc.  Certain of plaintiff's phone records may well be relevant
to defendants' defenses in this case.  As such, defendants can
submit an appropriate document request to plaintiff for such
records if they have not done so already.

Again, defendants' subpoenas for all plaintiff's bank
records for a period of almost three years and records of her
transactions at gambling establishments for a period of a year
and a half are not narrowly tailored to only relevant records and
unnecessarily invade plaintiff's privacy as to her financial
dealings unrelated to the claims or defenses in this case.  Some
of plaintiff's financial records, and certainly any records
indicating plaintiff was visiting gambling establishments or
tending to personal affairs when she was supposed to be working
remotely, are likely relevant.  Accordingly, if defendants have
not done so already, they may submit an appropriate document
request to plaintiff for any relevant financial documents or
records from gambling establishments.

It is **FURTHER ORDERED** that defendants shall destroy any
documents already received by defendants or their counsel
pursuant to any of the above-referenced subpoenas other than the

subpoenas for medical records.  For any documents subject to the

quashed subpoenas that were reviewed prior to the issuance of

this Order, defendants and their counsel shall not discuss,

release, or use in any way any of these documents.  To the extent

any records have not yet been received pursuant to any of the

quashed subpoenas, defendants shall immediately notify the record

holders of the Court's Order quashing these subpoenas.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            August 29, 2007**