## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
LINDA GREEN,                          )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        CIVIL NO: 1:07CV00298-EGS
                                      )        Status Conference: Feb. 6, 2008
                                      )
INTERSOLUTIONS, INC., ET AL.,         )
                                      )
        Defendants.                   )
                                      )
_____)

### PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S
### MOTION TO DISMISS SEVEN DAYS AFTER DEADLINE
### AND OPPOSITION TO DEFENDANTS' MOTION TO
### EXCLUDE PLAINTIFF'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 6(b), Plaintiff Linda Green ("Plaintiff"), through her undersigned Counsel, hereby respectfully moves this Court to grant Plaintiff leave to file, seven days after the date on which it was due, her Motion to Dismiss Defendants InterSolutions, Inc., Sarah Walder, and Drew Golin's ("Defendants") First and Seventh Counterclaims, as amended, for failure to state a claim upon which relief can be granted. Plaintiff also hereby opposes Defendants' Motion to Exclude Plaintiff's Motion to Dismiss.

The grounds for this Motion and Opposition are set forth in the accompanying Memorandum.

Respectfully submitted this 7th day of September, 2007.

_____/s/ Lori B. Kisch_____

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC

1

2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                              |     |                                    |
|------------------------------|-----|------------------------------------|
|                              | )   |                                    |
| LINDA GREEN,                 | )   |                                    |
|                              | )   |                                    |
|         Plaintiff,           | )   |                                    |
|                              | )   |                                    |
|    v.                        | )   | CIVIL NO: 1:07CV00298-EGS          |
|                              | )   | Status Conference: Feb. 6, 2008    |
|                              | )   |                                    |
| INTERSOLUTIONS, INC., ET AL.,| )   |                                    |
|                              | )   |                                    |
|         Defendants.          | )   |                                    |
|                              | )   |                                    |
|                              | )   |                                    |

_____

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFF'S MOTION TO DISMISS AND PLAINTIFF'S MEMORANDUM IN
SUPPORT OF HER MOTION FOR LEAVE TO FILE HER MOTION TO
DISMISS SEVEN DAYS AFTER DEADLINE**

Plaintiff Linda Green, through her undersigned counsel, hereby opposes Defendants'

Motion to Exclude Plaintiff's Motion to Dismiss Defendants' First and Seventh Counterclaims as

untimely ("Motion to Exclude").  Plaintiff's counsel's miscalculation of the date on which her

Motion to Dismiss Defendants' First and Seventh Counterclaims ("Motion to Dismiss") was due

was an inadvertent mistake that has not prejudiced Defendants.  Thus, Plaintiff hereby requests

leave to file her Motion to Dismiss seven days after the deadline and respectfully requests that

the Court consider on the merits Plaintiff's Motion to Dismiss Defendants' First and Seventh

Counterclaims.

**I.    BACKGROUND**

Defendants filed their Answer with Counterclaims on June 19, 2007.  Dkt. 16.  Plaintiff

filed a Motion to Dismiss Defendants' Counterclaims on July 12, 2007.  Dkt. 20.  Defendants

filed an Amended Answer with Amended Counterclaims on July 26, 2007 ("Amended Answer

and Counterclaims"). Dkt. 22. On August 20, 2007, Plaintiff filed a Motion to Dismiss

Defendants' First and Seventh Counterclaims, as amended. Dkt. 26. Defendants' First

Amended Counterclaim alleged that Plaintiff violated the Electronic Communications Privacy

Act, 18 U.S.C. §§ 2701, *et seq.* ("ECPA"). Defendants' Seventh Counterclaim, an additional

counterclaim not included in Defendants' original Answer and Counterclaims, alleged Plaintiff

violated the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq.* ("CFAA"). The Court

issued a Minute Order on August 22, 2007, denying as moot Plaintiff's initial Motion to Dismiss

in light of Defendants' Amended Answer and Counterclaims.

"A party shall plead in response to an amended pleading . . . within 10 days after service

of the amended pleading . . . ." Fed. R. Civ. P. 15(a). However, a plaintiff is entitled to 20 days

to serve a responsive pleading to a counterclaim. Fed. R. Civ. P. 12(a)(2). In calculating the

date on which Plaintiff's Motion to Dismiss was due, Plaintiff mistakenly relied on Fed. R. Civ.

P.12(a)(2), rather than on Fed. R. Civ. P. 15(a). Thus, Plaintiff filed her Motion to Dismiss on

Monday August 20, 2007, which would have been timely under Fed. R. Civ. P.12(a)(2).

Pursuant to Federal Rules of Civil Procedure 15(a) and 6(a, e), however, the Motion was

due on Monday, August 13, 2007. This date is calculated by counting 10 days, excluding

holidays and weekends, adding the three days for mailing, and then because the deadline falls on

a Sunday, the due date is the following Monday. Therefore, Plaintiff's Motion to Dismiss was

filed seven days late, not eleven days late, as Defendants assert. Mot. to Exclude at 2.

## II.    ARGUMENT

This Court has discretion, pursuant to Fed. R. Civ. P. 6(b), to permit Plaintiff to file her

Motion to Dismiss after the deadline where Plaintiff's failure to timely file the motion was "the

result of excusable neglect." Fed. R. Civ. P. 6(b)(2). The Court applies the factors enumerated

in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), to

determine whether the delay was the result of "excusable neglect." *See, e.g., Yesudian ex rel. U.S. v. Howard University*, 270 F.3d 969, 971 (D.C. Cir. 2001)). The factors are: "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer*, 507 U.S. at 395).

Regarding the first *Pioneer* factor, which concerns the danger of prejudice to the opposing party, Defendants argue that they have been prejudiced by Plaintiff's seven-day delay in filing her Motion to Dismiss. Mot. to Exclude Memorandum ("Mem.") at 3-4. Defendants assert that they "interpreted" Plaintiff's discovery requests to indicate that Plaintiff would not move to dismiss the amended counterclaims, and that, as a result, after the time for filing a motion pursuant to Rule 15(a) had passed, Defendants concluded that such a motion would not be forthcoming. Mem. at 3. Consequently, Defendants assert, they propounded discovery which go to their Counterclaims, "spent significant time and money interviewing potential witnesses regarding their counterclaims, conducting legal research on their counterclaims, and generally strategizing and pursuing the prosecution of their counterclaims," all "in reliance on Defendants' reasonable belief" that Plaintiff would not renew her motion to dismiss. *Id.* at 3-4.

Defendants' assertion of prejudice is suspect for many reasons. First, only two of Plaintiff's discovery requests were specifically tailored to Defendants' First and Seventh Counterclaims (the ECPA and CFAA counterclaims, respectively). *See* Mot. to Exclude, Ex. A, Interrogatory Nos. 19 and 23. The inclusion of these two Interrogatories should not have given rise to any inference that Plaintiff would not move to dismiss those counterclaims. Plaintiff diligently sought discovery on these claims in order to collect any relevant evidence should her

Motion to Dismiss be denied.  Of course, until the Court rules on the Motion to Dismiss, the counterclaims remain a part of the case and subject to discovery.  The other six interrogatories and seven requests for production cited by Defendants as evidence that she would not move to dismiss their counterclaims speak generally to all of Defendants' counterclaims, or to counterclaims other than the First (ECPA) Counterclaim or Seventh (CFAA) Counterclaim, and thus should not have indicated one way or another Plaintiff's intentions with respect to those Counterclaims.  *See, e.g.,* Mot. to Exclude, Ex. A, Interrog. Nos. 2 (referencing all counterclaims); Nos. 10 & 18 (inquiring about the allegations underlying the defamation counterclaim); Nos. 20 & 25 (inquiring about the trade secrets allegations which form the basis of nearly all of Defendants' counterclaims); No. 21 (inquiring about the allegations underlying the breach of contract claim).  In any event, Plaintiff's Motion to Dismiss should not be denied fair consideration before the Court simply because Defendants "interpreted" Plaintiff's discovery to convey a meaning that it did not.

This is particularly true because Defendants have failed to identify which, if any, of their purported discovery requests, research, investigation, or interviews related specifically to their First and Seventh Counterclaims, which are the only amended counterclaims Plaintiff untimely moved to dismiss.  In fact, Defendants only propounded one interrogatory and ten requests for production of documents during the one-week period after which Plaintiff's Motion to Dismiss was due and before it was filed.  *See* Ex. 1, Defendants' Fifth Request for Production of Documents, served August 17, 2007, and Ex. 2, Defendants' Second Set of Interrogatories, served August 20, 2007.  None of these discovery requests appears specifically tailored to address Defendants' ECPA or CFAA claims.  Thus, it is doubtful that they were served simply because Plaintiff failed to file her Motion to Dismiss those claims on August 13.  In addition, the Requests for Admission that Defendant attached to its Motion to Exclude as evidence of efforts

undertaken in reliance on a belief that Plaintiff would not file a Motion to Dismiss, *see* Mot. to Exclude Ex. B, were served August 9, 2007, four days before the Motion to Dismiss was due. Obviously, therefore, Defendants were not waiting to see whether Plaintiff filed a motion to dismiss *any* of their amended counterclaims before propounding this discovery. In sum, Defendants' claim of prejudice resulting from Plaintiff's one-week delay in filing her Motion to Dismiss Defendants' First and Seventh Counterclaims seems exaggerated and insufficient to justify denying Plaintiff's Motion for Leave to File Her Motion to Dismiss Seven Days After Deadline or granting Defendants' Motion to Exclude.

Even if Defendants had suffered the prejudice they claim in their Motion to Exclude, it would not justify denying Plaintiff's motion for leave to late-file her Motion to Dismiss when the other three *Pioneer* factors are weighed against any minimal prejudice Defendants may have suffered. *See Pioneer*, 507 U.S. at 395. The length of the delay – seven days – will have no substantial impact on the current judicial proceedings. *See id.* The litigation is at an early stage, the Motion to Dismiss has been filed, and Defendants have had and should have an adequate amount of time to respond to the Motion. Deadlines not specifically related to the instant motion need not be adjusted. Thus, because the length of delay was brief and its potential impact on the judicial proceedings is minimal, this factor weighs against granting Defendants' Motion to Exclude. *See id.*

Indeed, any delay resulting from the Court's need to resolve the instant matter is partially due to Defendants' having waited fifteen days to file the their Motion to Exclude, despite being aware, on the date the Motion to Dismiss was filed, that it was tardy. *See* Mem. at 3-4. Further, rather than concurrently filing their Opposition to Plaintiff's Motion to Dismiss with their Motion to Exclude, Defendants have caused greater delay by requesting an additional fourteen days to respond to Plaintiff's Motion to Dismiss, should the Court deny their Motion to Exclude.

These delays on Defendants' part call into further question their claim of prejudice from Plaintiff's seven-day delay in filing her Motion to Dismiss.

Plaintiff also notes that, pursuant to the Court's April 6, 2007 Minute Order, indicating "Defendant's answer or other response to the Amended Complaint is due no later than April 16, 2007," Defendants themselves had more than ten days to respond to Plaintiff's Amended Complaint; their Motion to Dismiss was filed twenty-seven calendar days after the filing of Plaintiff's Amended Complaint, two days longer than Plaintiff took to file her Motion to Dismiss their Amended Counterclaims. *See* Dkt.8, 9, 22, & 26.

With reference to the third and fourth *Pioneer* factors, s*ee Pioneer*, 507 U.S. at 395, the reason for the delay, as articulated above, was in the reasonable control of Plaintiff's counsel, but Plaintiff's counsel acted in good faith and simply relied on the wrong rule in calculating the date on which her motion was due. While "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *In re Vitamins*, 327 F.3d at 1210 (citing *Pioneer*, 507 U.S. at 392; *Yesudian*, 270 F.3d at 971). In *In re Vitamins*, the Circuit Court declined to adopt a "per se rule that garden variety attorney inattention can never constitute excusable neglect." 327 F.3d at 1210. Instead, it upheld the district court's decision to grant a motion, filed pursuant to Fed. R. Civ. P. 6(b), to modify a final order approving a class settlement after finding that the failure to file a timely opt-out notice was the result of excusable neglect, not bad-faith, and that the defendant would not be substantially prejudiced. *Id.* at 1209-10. Similarly, the Court in *Yesudian* affirmed the excusal of a one-week delay in filing an opposition motion where the filing resulted from, as here, inadvertent reliance on the wrong

6

Court rule, and where "the delay was brief, and there is no suggestion that it had a material effect on the proceedings. . . . [and] there is no suggestion of bad faith."  270 F.3d at 971.

This is not a case, for example, like that in *Smith v. District of Columbia*, where "the length of the delay was well over a year, not just a few days," and the late-movant did "not even attempt to justify . . . ignoring the deadlines."  430 F.3d 450, 457 n.5 (D.C. Cir. 2005).  Nor is this a case where Defendants, as a result of the late-filing, will "be prejudiced to the tune of almost one million dollars," or where "the deadlines were negotiated and agreed to by plaintiffs . . . ."  *Pigford v. Johanns,*  416 F.3d 12, 21(D.C. Cir. 2005).  In those cases, the court found there was no excusable neglect.  *See also Casanova v. Marathon Corp.*, No. CA No. 05-496 (JMF), 2007 WL 2317630 (D.D.C. Aug. 15, 2007) (approximate two-year delay in failing to file answer not excusable neglect); *Howard v. Gutierrez,*  474 F. Supp. 2d 41, 57 (D.D.C. 2007) (no excusable neglect where plaintiffs waited "three additional months after being alerted to a missed deadline before attempting to mitigate the error").  Here, by contrast, Plaintiff's neglect should be excused because Plaintiff's counsel inadvertently relied on the wrong rule in calculating the date on which Plaintiff's Motion to Dismiss was due.  The Motion was filed only seven days after it was due.  The Plaintiff was unaware of the tardiness of her filing until Plaintiff's counsel reviewed Defendants' Motion to Exclude, filed three days ago.  There was no bad faith (as Defendants concede, Mem. at 4) and Defendants did not suffer any appreciable prejudice as a result of the one-week delay.

Defendants also assert in their Motion to Exclude that Plaintiff "is in default on all of Defendants' counterclaims for failing to answer or move to dismiss the counterclaims within the time permitted by Rule 15."  Mem. at 4 n.2.  However, this Court issued a Minute Order on July 27, 2007, in which it stated that, "Upon resolution of Plaintiff's Motion to Dismiss the Counterclaims, the Court shall set a schedule for the filing of an answer to any remaining

counterclaims." Although this Order specifically referred to Plaintiff's original Motion to

Dismiss, Plaintiff inferred the Court would set a similar schedule for filing an answer to any

remaining counterclaims after it resolved Plaintiff's Motion to Dismiss Defendants' First and

Seventh Counterclaims. Therefore, Plaintiff is not in default for failing to answer any of

Defendants' counterclaims.

Finally, Plaintiff notes that Defendants' Motion to Exclude did not comply with this

Court's July 10, 2007 Scheduling Order, which requires that all motions comply with LCvR

7.1(m). Defendants did not attempt to resolve with Plaintiff's counsel the matters at issue in

their Motion to Exclude.

## III.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny

Defendants' Motion to Exclude Plaintiff's Motion to Dismiss Defendants' First and Seventh

Counterclaims and grant Plaintiff's Motion for Leave to File Her Motion to Dismiss Defendants'

First and Seventh Counterclaims Seven Days After Deadline.


Respectfully submitted this 7th day of September, 2007.


                                        _____/s/ Lori B. Kisch_____
                                        Timothy B. Fleming (DC Bar No. 351114)
                                        Lori B. Kisch (DC Bar No. 491282)
                                        Wiggins, Childs, Quinn & Pantazis, PLLC
                                        2031 Florida Ave. NW, Suite 300
                                        Washington, D.C. 20009
                                        (202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

## <u>CERTIFICATE OF COMPLIANCE WITH LCvR 7.1(m)</u>

I hereby certify that I spoke with counsel for Defendants, Manesh Rath, on September 6,

2007 regarding the Motion for Leave to File Plaintiff's Motion to Dismiss Seven Days After

Deadline.  Mr. Rath stated that Defendants are opposed to the motion.


By:
_____/s/ Lori B. Kisch_____
Attorney for Plaintiff

1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September, 2007, a copy of the foregoing Motion for Leave to File Plaintiff's Motion to Dismiss Seven Days After Deadline and Opposition to Defendants' Motion to Exclude, the attached exhibits, and Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:
_____/s/ Lori B. Kisch_____
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.: 1:07-cv-00298-EGS |
| | ) |
| INTERSOLUTIONS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' FIFTH REQUEST
### FOR PRODUCTION OF DOCUMENTS

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned

counsel, pursuant to the Federal Rules of Civil Procedure, request Plaintiff Linda Green to

produce for inspection and copying, pursuant to, and within the time set forth in Rule 34 of the

Federal Rules of Civil Procedure, the documents listed herein.  Copies may be produced in their

entirety upon the offices of Keller and Heckman LLP, 1001 G Street, NW, Suite 500 West,

Washington, D.C.  20001.

### DEFINITIONS

The following terms have the following meanings in this set of  Interrogatories:

1.      "Person" includes natural persons, corporations, partnerships (limited or general),

associations, joint ventures, committees, groups, governments (including agencies

and subdivisions), quasi-public entities, and any other entities, including their

directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

2.      "You" and "your" and "Plaintiff" means Linda Green and all other persons acting

or purporting to act on her behalf, including, but not limited to, her attorneys.  "You"

Exhibit 1

and "your" also means any business entity in which you have ownership, managerial

responsibility, or in which you are otherwise a principal.

3.     "Defendants" means InterSolutions, Inc, Drew Golin, and Sara Walder.

4.     "Document" means any written, printed, typed, or other graphic or photographic

matter of any nature, however produced or reproduced, any audio or video or other

type of mechanical and electronic recordings, whether recorded by magnetic tape,

disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source,

and any data or information input into any computer system, contained in any

memory system of any computer or contained on computer disk or similar computer

data retention device, electronic mail or e-mail, and any other data compilations from

which information can be obtained, translated, if necessary, by the respondent

through detection devices into reasonably usable form. "Document" includes the

original and every draft or copy, where such draft or copy is not an identical duplicate

of the original, or where such draft or copy contains any commentary or notation

whatsoever that does not appear on the original.

5.     "Communicate" or "communication" means every manner of disclosure,

exchange, or transmittal, and every disclosure, exchange, or transmittal of

information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by

document, or whether face-to-face, by telephone, mail, personal delivery,

electronically, or otherwise.

6.     "Concerning" means relating to, referring to, describing, evidencing, or

constituting.

7.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any relevant information that might otherwise be outside its scope.

8.    "All" and "each" shall be construed as all and each.

9.    The use of the singular form of any word includes the plural and vice versa.

10.    "Identify" and "identification" shall mean:

(a.)    when used in reference to an individual person, to state with particularity his full name, present or last known residential address and telephone number, present or last known business address and telephone number, business title, and business affiliation;

(b.)    when used in reference to a person other than an individual, to state with particularity its full name, form of organization, present or last known address or principal place of business and telephone number, address and telephone number of place of business during the period covered by these interrogatories, the type and nature of its business, and the names of the individual persons who are or were principals during the period relevant to this suit, agents, or employees and who have knowledge of relevant facts;

(c.)    when used in reference to a communication, to state with particularity the date of the communication, the place where the communication occurred (e.g., telephone conversation, meeting), the substance and content of the communication, the identity of each person who made a statement, the statement, the identity of each person who received a statement, and the identity of each person present during the communication.

11.    "Describe" when used in reference to an event or incident or communication shall mean to state the date, time, and details with particularity of the event or incident or communication and identify all persons who witnessed the event or incident.

12.    "Particularity" shall mean being specific rather than general; an exactitude of detail, especially in description; an attention to, or concern with detail.

## INSTRUCTIONS

1.  With respect to any document or other communication for which you claim a privilege, identify the nature of the privilege asserted, the general subject matter of the communication, the date of the communication, the parties to the communication, where not apparent, the relationship of the parties to the communication, and the identity of every other person who has ever been privy to the communication.  Provide this information in a separate list fully identifying all such withheld documents.

2.  If you are unable to produce a document in its entirety, you are requested to produce that or those portion(s) of the requested document that  you are able to produce and completely and state the reasons for your inability to respond to the remainder.

3.  All requests seek documents for a time period between January 1, 2005 and the present date unless a particular interrogatory specifically states otherwise.

## DOCUMENTS

1.    All traditional land-line telephone bills received by you for your personal telephone lines between January 1, 2005, and August 1, 2006.

2.    All monthly credit card statements for all your credit card accounts between January 1, 2005, and August 1, 2006.

3.    For Dr. Bruce Lundeen, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.

4.    For Dr. David A. Schreiner, all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.

5.    For Dr. Robert C. Wagner, all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.

6.    All bills, statements, and records chronicling incoming and outgoing calls placed or received by the Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, indicating the geographic location where each call were placed and received.

7.    All monthly statements of account, balance statements, and all other documents detailing your account with Strategic Federal Credit Union between December 1, 2003, through December 1, 2006.

8.    All electronic mail messages sent to or from your American Online email address llgreen311@aol.com between January 1, 2006, and August 1, 2007.

9.    All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Capital Club Card and corresponding Capital Club Account with Dover Downs.

10.    All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots.

Respectfully submitted,

KELLER AND HECKMAN LLP

Date: August 17, 2007

Manesh K. Rath, Esquire (D.C. Bar No. 457835)

1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001-4564
(202) 434-4182 (telephone)
(202) 434-4646 (facsimile)

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2007, I caused a copy of the foregoing Defendants'

Fifth Request for Admissions to be served via U.S. Postal Service – First Class Mail upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300

Counsel for Plaintiff

Manesh K. Rath

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-cv-00298-EGS |
| | ) | |
| INTERSOLUTIONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' SECOND SET OF INTERROGATORIES

Defendants InterSolutions, Inc., Drew Golin and Sara Walder through undersigned counsel, pursuant to Fed. R. Civ. P. 26 and 33, requests Plaintiff Linda Green to fully and completely answer the interrogatories set forth below, and to serve written answers to this Second set of Interrogatories to the offices of Keller and Heckman LLP, 1001 G Street, NW, Suite 500 West, Washington, D.C., 20001 within thirty (30) days after the service of this set of Interrogatories.

### DEFINITIONS

The following terms have the following meanings in this set of Interrogatories:

1.      "Person" includes natural persons, corporations, partnerships (limited or general), associations, joint ventures, committees, groups, governments (including agencies and subdivisions), quasi-public entities, and any other entities, including their directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

2.      "You" and "your" and "Plaintiff" means Linda Green and all other persons acting

1

Exhibit 2

or purporting to act on her behalf, including, but not limited to, her attorneys. "You" and "your" also means any business entity in which you have ownership, managerial responsibility, or in which you are otherwise a principal.

3.      "Defendants" means InterSolutions, Inc., Drew Golin, and Sara Walder.

4.      "Document" means any written, printed, typed, or other graphic or photographic matter of any nature, however produced or reproduced, any audio or video or other type of mechanical and electronic recordings, whether recorded by magnetic tape, disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source, and any data or information input into any computer system, contained in any memory system of any computer or contained on computer disk or similar computer data retention device, electronic mail or e-mail, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. "Document" includes the original and every draft or copy, where such draft or copy is not an identical duplicate of the original, or where such draft or copy contains any commentary or notation whatsoever that does not appear on the original.

5.      "Communicate" or "communication" means every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise.

6.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

7.      "And" and "or" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of these interrogatories any relevant information that might otherwise be outside its scope.

8.    "All" and "each" shall be construed as all and each.

9.    The use of the singular form of any word includes the plural and vice versa.

10.   "Identify" and "identification" shall mean:

(a.)    when used in reference to an individual person, to state with particularity his full name, present or last known residential address and telephone number, present or last known business address and telephone number, business title, and business affiliation;

(b.)    when used in reference to a casino or other gambling establishment, to state with particularity its full name, address, telephone number, and each date Plaintiff visited such casino or other gambling establishment.

(c.)    when used in reference to a communication, to state with particularity the date of the communication, the place where the communication occurred (e.g., telephone conversation, meeting), the substance and content of the communication, the identity of each person who made a statement, the statement, the identity of each person who received a statement, and the identity of each person present during the communication.

(c.)    when used in reference to Plaintiff's employer, state the name, address, and telephone number of the employer; the dates of employment; salary earned; name of supervisor; and, reason for leaving.

11.    "Describe" when used in reference to an event or incident or communication shall mean to state the date, time, and details with particularity of the event or incident or communication and identify all persons who witnessed the event or incident.

12.    "Particularity" shall mean being specific rather than general; an exactitude of detail, especially in description; an attention to, or concern with detail.

## INSTRUCTIONS

1.    With respect to any communication for which you claim a privilege, identify the nature of the privilege asserted, the general subject matter of the communication, the date of the communication, the parties to the communication, where not apparent, the relationship of the parties to the communication, and the identity of every other person who has ever been privy to the communication.  Provide this information in a separate list.

2.    If you are unable to fully and completely answer an interrogatory, you are Requested to answer that or those portion(s) of the interrogatory you are able to respond to fully and completely and state the reasons for your inability to respond to the remainder.

3.    All interrogatories seek information for a time period between January 1, 2005 and the present date unless a particular interrogatory specifically states otherwise.

## INTERROGATORIES

1.    Identify every casino or other gambling establishment you gambled at between May 1, 2004, and September 1, 2006.

4

Respectfully submitted,
KELLER AND HECKMAN LLP

Date: August 20, 2007

Manesh K. Rath, Esquire (D.C. Bar No. 457835)
1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001-4564
(202) 434-4182 (telephone)
(202) 434-4646 (facsimile)

Counsel for Defendants


## CERTIFICATE OF SERVICE

I certify that on August 20, 2007, a copy of Defendant's Second Set of Interrogatories

was served via U.S. Postal Service – First Class Mail upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009

Counsel for Plaintiff

Manesh K. Rath

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
LINDA GREEN,                                          )
                                                    )
                        Plaintiff,                    )
                                                    )
            v.                                         )        CIVIL NO: 1:07CV00298-EGS
                                                    )
                                                    )
INTERSOLUTIONS, INC., ET AL.,                         )
                                                    )
            Defendants.                               )
_____)

## <u>**PROPOSED ORDER**</u>

WHEREAS Plaintiff has moved the Court for leave to file her Motion to Dismiss Defendants' First and Seventh Counterclaims; and

WHEREAS Defendants have moved the Court to exclude Plaintiff's Motion to Dismiss Defendants' First and Seventh Counterclaims and, in the alternative, to continue the time for opposing Plaintiff's Motion to Dismiss Plaintiff's First and Seventh Counterclaims;

IT IS HEREBY ORDERED that Plaintiff's Motion For Leave is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Exclude Plaintiff's Motion to Dismiss Defendants' First and Seventh Counterclaims is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion in the Alternative to Continue the Time for Opposing Plaintiff's Motion to Dismiss Plaintiff's First and Seventh Counterclaims is GRANTED.

IT IS FURTHER ORDERED that Defendants shall file a response to Plaintiff's

Motion to Dismiss Defendants' First and Seventh Counterclaims within fourteen days of

the date of this Order.


_____

Emmet G. Sullivan
UNITED STATES DISTRICT JUDGE

Dated: _____, 2007.