IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:07-cv-00298-EGS |
| ) | Status Conference: February 6, 2008, 12:00 p.m. |
| INTERSOLUTIONS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' FIRST AND SEVENTH COUNTERCLAIMS AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S MOTION TO DISMISS SEVEN DAYS AFTER DEADLINE**

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned counsel, hereby reply to, and oppose, Plaintiff's Opposition to Defendants' Motion to Exclude Plaintiff's Motion to Dismiss and Plaintiff's Motion for Leave to File Plaintiff's Motion for Leave to File Plaintiff's Motion to Dismiss Seven Days After Deadline ("Opposition") (No. 33).

Plaintiff admits several times in her Opposition that her Motion to Dismiss was not timely filed. Under Federal Rule of Civil Procedure 55(a), Defendants are entitled to at least an entry of default.[1] Defendants, however, merely seek an order for Plaintiff to reply to Defendants' counterclaims so the litigation can move forward to the merits. Defendants' requested relief is reasonable in light of the prejudice Defendants have suffered as a result of Plaintiff's delay and the fact that Plaintiff's delay was entirely within her control.

---

[1] Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk *shall* enter the party's default."

Plaintiff's arguments as to why her failure to timely file her Motion to Dismiss constitutes excusable neglect are misguided.  Plaintiff claims that her delay will have no measurable impact on the proceedings because "[t]he litigation is at an early stage."  Opposition at 5.  Plaintiff's assertion is incorrect.  Discovery is proceeding rapidly in this matter.  One deposition has already been taken; both sides have served and responded to several rounds of discovery; Defendants are diligently interviewing witnesses, gathering facts and evidence in support of their claims and defenses, and planning for additional depositions; and Plaintiff's experts are due to be named in less than three weeks.  Defendants first filed their counterclaims three months ago on June 19, 2007.  The impact on the proceedings of allowing Plaintiff to file her Motion to Dismiss at this late juncture would be great.  It could be months before a judgment is rendered on Plaintiff's Motion to Dismiss at which time discovery would be nearing its conclusion.  During the pendency of the Motion to Dismiss, neither party would know how vigorously to pursue prosecution and defense of the counterclaims at issue since they may or may not survive the Motion to Dismiss.  This scenario would be extremely inefficient for both parties and for the Court.[2]  A more efficient resolution, given Plaintiff's failure to comply with the applicable rules, would be to order Plaintiff to reply now to Defendants' counterclaims, allow the parties to get to the merits of the claims and counterclaims in this litigation, and save Plaintiff's dispositive motion for the summary judgment phase of the litigation.  This approach would result in no prejudice to Plaintiff.

---

[2]     It is Defendants' interest in efficiency, and not, as Plaintiff contends at page 5 of her Opposition, their interest in delaying the proceedings, that led them to file their Motion to Exclude separate from an opposition to Plaintiff's Second Motion to Dismiss.  Defendants seek to get to the merits of the Complaint and Counterclaims in this matter and preserve dispositive motions for after the discovery period, which is well under way.

2

Plaintiff also argues that the Court should excuse her failure to follow Rule 15's timeline because she "inferred the Court would set a . . . schedule for filing an answer to any remaining counterclaims after it resolved Plaintiff's Motion to Dismiss Defendants' First and Seventh Counterclaims." Opposition at 8. Plaintiff again mistakes the plain language of the Rules. By operation of Rule 15, Plaintiff's First Motion to Dismiss (No. 20) was moot at the moment Defendants filed their Amended Answer and Counterclaims (No. 22). Rule 15 contemplates exactly this procedural scenario and provides the longer of ten days or the time remaining to respond to the original pleading to respond to an amended pleading. No order from the Court was required to acknowledge what a plain reading of Rule 15 reveals, and Plaintiff's attempt to blame the Court for her failure to comply with Rule 15 should be rejected.

Plaintiff's failure to follow Rule 15 is further called into question by the fact that she previously used Rule 15 in this litigation to file her Amended Complaint on March 20, 2007 (No. 8). *See* Plaintiff's Opposition to Defendants' Motion to Dismiss at 9, n.2 ("The Amended Complaint was submitted for filing on this day, March 20, 2007, pursuant to Fed. R. Civ. P. 15(a)."). [3] Plaintiff read Rule 15 properly when amending her own pleading. Her failure to read the rule in its entirety does not constitute, and should not be sanctioned by the Court as, excusable neglect. At a minimum, Plaintiff should be held to a standard of care of reading and understanding the rules she is employing for her own benefit in litigation. In this light, Plaintiff's failure to timely file her Motion to Dismiss was not mere inattention but rather negligence that the Court should not excuse.

---

[3] The circumstances surrounding the filing of Plaintiff's Amended Complaint are factually identical to the facts presently before the Court. Defendants filed a Motion to Dismiss (No. 4), and on the date her Opposition was due, Plaintiff filed an Amended Complaint to plead around the arguments set forth in Defendants' Motion to Dismiss. Then sole Defendant InterSolutions rightly understood Plaintiff's Amended Complaint to immediately moot its pending Motion to Dismiss.

Finally, Plaintiff's reliance on *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207 (D.C. Cir. 2003), and *Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969 (D.C. Cir. 2001), is misplaced.  In *In re Vitamins Antitrust Class Actions*, Hill's Pet's failure to timely opt out of the class action settlement, if found not to be excusable neglect, would have resulted in the forfeiture of substantial rights of arguably unrepresented parties.  327 F.3d at 1209.  Furthermore, there was no serious argument that UCB Chemicals Corporation would be prejudiced by Hill's Pet's opting out.  *Id.*  In the instant case, however, as stated above, an order requiring Plaintiff to reply to Defendants' counterclaims does not threaten any substantial rights possessed by Plaintiff.  Indeed, Plaintiff will be free to raise the arguments contained in her Motion to Dismiss later at the summary judgment stage of this litigation after she reviews the discovery she has propounded that goes directly to Defendants' counterclaims.  Similarly, *Yesudian* is wholly inapposite.  In that case, the trial court never conducted an excusable neglect analysis; it merely permitted a late filing because plaintiff was not prejudiced.  270 F.3d at 971.

In *Yesudian* and *In re Vitamins Antitrust Class Actions*, the courts' paramount concern was prejudice to the opposing party.  In neither case was even the specter of prejudice to the other side raised.  In the instant case, however, Defendants have set forth in their Motion to Exclude several ways in which Defendants and the proceedings will be prejudiced by permitting Plaintiff's late filing, and they do not reiterate those facts here.  Plaintiff's attempt to discredit those arguments in her Opposition are insincere and unsupported by any authority, and the Court should grant Defendants' Motion to Exclude.

                                                                                                   Respectfully submitted,

Date:   September 17, 2007                              /s/ Manesh K. Rath  
                                                                   Manesh K. Rath (D.C. Bar No. 457835)

                                                                   Keller and Heckman LLP  
                                                                   1001 G Street, N.W., Suite 500 West  
                                                                   Washington, D.C. 20001  
                                                                   Tel: (202) 434-4182  
                                                                   Fax: (202) 434-4646

                                                                   Counsel for Defendants

## CERTIFICATE OF SERVICE

    I hereby certify that on September 17, 2007, a copy of the foregoing was served by CM/ECF on the following individuals:

Wiggins, Childs, Quinn & Pantazis, PLLC  
Timothy B. Fleming (D.C. Bar No. 351114)  
Lori B. Kisch (D.C. Bar No. 491282)  
2031 Florida Avenue, N.W.  
Washington, D.C. 20009  
Tel.: (202) 467-4123

Washington Lawyers' Committee for Civil Rights and Urban Affairs  
Susan E. Huhta (D.C. Bar No. 453478)  
11 Dupont Circle, N.W., Suite 400  
Washington, D.C. 20036  
Tel.: (202) 319-1000  
Fax.: (202) 319-1010

Counsel for Plaintiff

                                                                       /s/ Manesh K. Rath