IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINDA GREEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL NO: 1:07CV00298-EGS<br>Status Conference: Feb. 6, 2008 |
| INTERSOLUTIONS, INC., ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER
MOTION FOR LEAVE TO FILE PLAINTIFF'S
<u>MOTION TO DISMISS SEVEN DAYS AFTER DEADLINE</u>**

Plaintiff Linda Green, through her undersigned counsel, hereby replies to Defendants' Opposition ("Opposition") to Plaintiff's Motion for Leave to File Plaintiff's Motion to Dismiss Seven Days After Deadline ("Motion for Leave"). Dkt. 33 & 34.

In this opposition, Defendants offer no further support to their claim of prejudice than they did in their original Motion to Exclude. Dkt. 31. Defendants have failed, once again, to articulate how the one-week delay in the filing of the Motion to Dismiss caused them any prejudice whatsoever. They do not offer a single example of prejudice suffered during that one week. While Defendants again refer generally to the status of discovery, Opposition at 2, they make no effort to identify which, if any, of this discovery is specifically tailored to the two Counterclaims that Plaintiff moved to dismiss.

Furthermore, Defendants exaggerate the progress of the litigation and the allegedly prejudicial delay by referring to the date on which they filed their original Answer and Counterclaims (June 19, 2007, Dkt. 16), Opposition at 2, rather than the date on which they filed

their Amended Answer and Counterclaims (July 26, 2007, Dkt. 22) -- the Amended Counterclaims which are the subject of Plaintiff's Motion to Dismiss. Defendants do not, in their Opposition, dispute that the Motion to Dismiss was filed only seven days late, although they had also exaggerated this delay in their Motion to Exclude Plaintiff's Motion to Dismiss, representing to the Court that the delay was eleven days. Motion to Exclude at 2. In sum, Defendants have offered only hyperbole, but no evidence, to justify their claim that they have suffered prejudice as a result of Plaintiff's seven-day delay in filing her Motion to Dismiss. For all these reasons, their motion should be denied

Defendants' further suggestions that (a) denying Plaintiff's Motion would "allow the parties to get to the merits of the claims and counterclaims in this litigation," and (b) that "sav[ing] Plaintiff's dispositive motion for the summary judgment phase of the litigation," would "result in no prejudice to Plaintiff," fare no better. Opposition at 2. The very purpose of Plaintiff's Motion to Dismiss is to exclude from this litigation two counterclaims that Plaintiff contends have no merit. Plaintiff respectfully requests that the Court decide Plaintiff's Motion to Dismiss so the parties may be allowed to focus on discovery related to claims and counterclaims the Court has deemed properly and sufficiently pled, and to not waste their time, efforts, and resources on counterclaims with absolutely no merit. Indeed, Defendants' enthusiasm for "preserv[ing] dispositive motions for after the discovery period," Opposition at 2, n.2, suggests that Defendants wish to conduct a fishing expedition in search of evidence to create causes of action that simply do not exist.

Defendants additionally accuse Plaintiff of attempting to "blame the Court for her failure to comply with Rule 15." *Id.* at 3. Of course, Plaintiff did no such thing. Plaintiff repeatedly conceded in her Motion for Leave that her counsel's failure to timely file the Motion to Dismiss was a result of inadvertent reliance on the wrong procedural rule, and nothing more. *See* Motion

for Leave Memorandum ("Mem.") at 1, 2, 6, and 7.  The language Defendants quote from Plaintiff's Motion for Leave in support of this outrageous assertion, Opposition at 3, was from a portion of Plaintiff's Motion disputing Defendants' assertion that Plaintiff was in default.  *See* Motion for Leave Mem. at 7-8.  Plaintiff's Counsel have consistently and readily conceded fault in late-filing the Motion to Dismiss and have never attempted to lay blame elsewhere, only to dispute Defendants' claim of prejudice resulting therefrom.

Finally, Defendants offer no legal support for the denial of Plaintiff's Motion for Leave.  Because Plaintiff's Counsel concedes their neglect in the late filing of the Motion to Dismiss, the only question for the Court is whether that neglect is excusable.  As argued in the Motion for Leave to Amend, the four *Pioneer* factors weigh in favor of granting Plaintiff's Motion for Leave.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Yesudian ex rel. U.S. v. Howard University*, 270 F.3d 969, 971 (D.C. Cir. 2001)); Motion for Leave Mem. at 2-7.  Because the danger of prejudice to the opposing party is negligible, the length of the delay was brief and will not significantly impact the remainder of the judicial proceedings, and because Plaintiff's counsel inadvertently, but in good faith, relied on the wrong rule when calculating the due date of her Motion to Dismiss, Plaintiff's Motion for Leave should be granted.  *See* Motion for Leave Mem. at 2-7, and, *e.g.*, In *re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003).

Respectfully submitted this 27th day of September, 2007.

        /s/ Lori B. Kisch
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW, Suite 300

3

Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of September, 2007, a copy of the foregoing Reply In Support of Motion for Leave to File Plaintiff's Motion to Dismiss Seven Days After Deadline was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

      By:
        /s/ Lori B. Kisch
      Attorney for Plaintiff