UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| L<small>INDA</small> G<small>REEN</small>, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL NO: 1:07CV00298-EGS<br>Status Conference: Feb. 6, 2008<br>Magistrate Judge Alan Kay |
| I<small>NTER</small>S<small>OLUTIONS</small>, I<small>NC</small>., <small>ET AL</small>., | ) ) | |
| Defendants. | ) ) ) | |

### PLAINTIFF'S MOTION TO ENTER PLAINTIFF'S
### PROPOSED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff Linda Green, through her undersigned counsel, hereby respectfully moves the Court to enter her proposed Confidentiality Agreement and Protective Order governing use of any confidential records that will be disclosed in this litigation, pursuant to Fed. R. Civ. P. 26(c).

On October 30, 2007, the Court held a conference with the parties regarding, *inter alia*, the entry of a protective order. Because the parties could not agree on the language of the proposed protective order, both Plaintiff and Defendants were ordered to submit a proposed protective order to the Court along with a brief explanation of the proposed language.

Pursuant to the Court's order, Plaintiff's Memorandum In Support of her Motion to Enter Plaintiff's Proposed Confidentiality Agreement and Protective Order follows. Plaintiff's Proposed Protective Order is also attached.

Respectfully submitted this 9th day of November, 2007,

/s/ Lori B. Kisch

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
LINDA GREEN,                       )
                                   )
              Plaintiff,           )
                                   )
         v.                        )   CIVIL NO: 1:07CV00298-EGS
                                   )   Status Conference: Feb. 6, 2008
                                   )   Magistrate Judge Alan Kay
INTERSOLUTIONS, INC., ET AL.,      )
                                   )
              Defendants.          )
                                   )
_____)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
PROPOSED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff, through her undersigned counsel, hereby submits this Memorandum in Support of her proposed Confidentiality Agreement and Protective Order, and in Opposition to the one proposed by Defendants.

There are two sections in dispute in the proposed Protective Orders of the parties. The disputed language falls under paragraphs 4 and 10.

**A.      Paragraph 4**

With regard to paragraph 4, Defendants wish to include the following sentence:

"For purposes of this Protective Order, information shall be considered a "trade secret" if it contains the identity or any contact information (including without limitation, the Social Security number, address, telephone number or e-mail address) of an InterSolutions employee,[1] applicant, client or potential client."

---

[1] Based upon defense counsel's representations on the conference call with the Court on October 30, 2007, Plaintiff assumes that when Defendants refer to "employee" in the above quoted sentence, Defendants intend to refer only to temporary employees and not those employees on the permanent staff of InterSolutions. This limitation does not cure the problem, however.

Plaintiff opposes the inclusion of this language for several reasons. First, the language is unnecessary insofar as it purports to define what is protectable rather than how protectable documents and other material are to be treated by the parties, the latter of which is the primary purpose of the protective order. Both the Plaintiff's and Defendants' proposed protective orders allow for any producing party to designate documents or other information which the party believes are properly protectable under Rule 26 and the agreement, and both further contemplate a means by which the parties are to resolve differences of viewpoint regarding whether particular designated documents are properly protectable under the agreement. Defendants' proposed language for paragraph 4 is nothing more than an attempted end run around this process.

Furthermore, plaintiff opposes the provision's definition of "trade secret" and what can permissibly be encompassed by the protective order. Indeed, not only are Defendants seeking to protect the documents as confidential under the protective order; with the above language they are essentially asking plaintiffs to stipulate to the notion that such documents constitute "trade secrets." Plaintiff vehemently disagrees with the premise of the disputed language that, for example, any document with an Intersolutions' employee's name and/or client name on it constitutes a trade secret.[2] The premise is simply absurd. Indeed, the issue has real significance in this case because Defendants have filed multiple counterclaims against Plaintiff alleging that she violated the Uniform Trade Secrets Act, D.C. Code §§ 36-401, et seq., breached fiduciary duties, and breached an employment contract with Defendants – all presumably because she disclosed trade secret and/or confidential information which Defendants argue include employee

---

[2] Plaintiff does agree that if a document lists all or most of Defendants' clients, such a document may be marked as confidential pursuant to the protective order. However, there is no reason why these documents should be labeled as a "trade secret" rather than as "confidential," because the protection under the agreed upon order will be the same.

2

and client names. Thus, Plaintiff cannot agree that such documents constitute protectable and/or trade secret information, and in fact will be taking a squarely contrary position in this litigation.

D.C. Code § 36-401(4) defines a trade secret as: "information . . . that: [d]erives actual or potential independent economic value, from not being generally known to, and not being readily ascertainable by, proper means by another who can obtain economic value from its disclosure or use; and [i]s the subject of reasonable efforts to maintain its secrecy." The identity of InterSolutions' employees and/or clients does not meet this definition of a trade secret. Defendant has yet to produce any evidence that, for example, the name or contact information of any random employee has any independent economic value. InterSolutions trades in unskilled labor for concierge temporary positions for which it pays approximately $10 per hour and for which its employees are required to have almost no skill or prior training. Further, there is no evidence that Defendants have taken reasonable steps to maintain the secrecy of the names of the employees who work for InterSolutions and the names of the clients for whom it provides temporary employees. For example, Defendants do not prohibit InterSolutions' temporary employees and former employees from disclosing to third parties that they work or did work at Intersolutions and at what client site they work or worked.

Both parties agree that if a document is marked as confidential under the protective order, a party may not file the document with the Court without filing it under seal. Because of this provision, Plaintiff adamantly opposes Defendants effort to label all documents with client and/or employee names as confidential. This court has held that under the "doctrine of openness in our judicial system, the only documents that should be sealed in a civil litigation are those which are clearly proprietary . . . ." *DAG Enterprises, Inc. v. Exxon Mobil Corp.*, No. 00-0182CKK, 2005 WL 475274, *3 (Feb. 25, 2005). If Defendants are permitted to label all

3

documents which contain the name of an employee or the name of a client as "confidential" (or worse, "trade secrets") the consequence will be that Plaintiffs will be forced to try this case under seal. This is counter to what the D.C. Circuit Court of Appeals has recognized as the "common law tradition of public access to records of a judicial proceeding. Access to records serves the important function of ensuring the integrity of judicial proceedings in particular and the law enforcement process more generally. . . [T]he right is fundamental to a democratic state." *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1981).

Simply put, Defendants' attempt to label any document which contains an employee or client name as a "trade secret" under an Agreed Protective Order entered by this Court, is an attempt to have this Court prematurely rule on an ultimate issue in this case. From the standpoint of the discovery issues which the protective order itself is designed to address, the language Defendants propose is superfluous. For these reasons, Plaintiff requests that the Court reject their request to include it in the agreement.

**B.    Paragraph 10**

The differences between Plaintiff's and Defendants' proposals under paragraph 10 of the Confidentiality Agreement and Protective Order center around two issues, both of which become ripe in the instance where the parties disagree over the propriety of a confidentiality designation. First, the parties disagree over who bears the burden to prove that a document has been properly marked as confidential and may be protected under Fed. R. Civ. P. 26(c), should the parties find themselves unable to agree. Plaintiff contends that the designating party bears such burden, just as it would under Rule 26; Defendants take the rather novel position that the non-designating party bears the burden of establishing that document(s) at issue are not properly protectable.

Second and related, the parties disagree over which party should bear the burden of filing a motion with the Court related to a disagreement over a confidentially designated document: Plaintiff's position is that, if the parties cannot reach agreement, the designating party would be obligated to seek a protective order from the Court to maintain the confidentiality designation. Defendants on the other hand argue that the non-designating party would be required to file a motion to compel or for an order "de-designating" documents as nonconfidential.

The parties agree that if a party designates a document as confidential, the other party may challenge that designation and the parties may seek resolution from the Court as to whether the document was properly marked. However, Plaintiff maintains that it is the responsibility of the designating party to seek protection from the Court to maintain the confidentiality where the designation has been challenged. Plaintiff further maintains that the designating party has the burden to demonstrate that it is a protectable document under Fed. R. Civ. P. 26(c).

The Federal Rules of Civil Procedure provide that where a party seeks to ensure that discovery proceeds in such a manner that confidential and/or trade secret information is protected from public disclosure, the party seeking such protection must move the court for a protective order and prove that the order is necessary. Specifically, Fed. R. Civ. P. 26(c) provides that "[u]pon motion by a party . . . ," the court may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . ." (emphasis added). Thus, the "party seeking a protective order bears the initial burden of demonstrating both that the information sought is a trade secret or confidential commercial information, and that the requested disclosure might be harmful." *Genentech, Inc. v. Bowen,* No. 87-605, 1987 WL 10500 (D.D.C. April 21, 1987) (citing *Centurion Industries, Inc. v. Warren Steurer and Associates*, 665 F.2d 323, 325 (10th Cir.

5

1981)).  Therefore, it follows that if the parties do not agree as to whether certain material should be designated as confidential, it is incumbent on the party seeking confidential protection of the document to move the court to issue a protective order guaranteeing its confidentiality and that it is "revealed only in a [confidentially] designated way." Fed. R. Civ. P. 26(c).

For the foregoing reasons, Plaintiff respectfully requests that her proposed Confidentiality Agreement and Protective Order be entered by this Court.

Respectfully submitted this 9th day of November, 2007.

        /s/ Lori B. Kisch
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW, Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

## CERTIFICATE OF SERVICE

    I hereby certify that on this 9th day of November, 2007, the foregoing Motion to Enter Plaintiff's Proposed Confidentiality Agreement and Protective Order, Memorandum in Support thereof, and attached Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


    By:
      /s/ Lori B. Kisch
    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Linda L. Green,<br><br>   Plaintiff,<br><br>v.<br><br>InterSolutions, Inc., *et al.*,<br><br>   Defendants. | **Civil Action No. 07-298 (EGS)** |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

  This matter comes before the Court, pursuant to Fed. R. Civ. P. 26(c), for the entry of a Protective Order governing the disclosure of confidential information by Plaintiff Linda Green ("Plaintiff") and by Defendants, InterSolutions, Inc., Drew Golin and Sara Walder ("Defendants") (collectively "Disclosing Parties" or "Parties"). The Disclosing Parties have agreed, as set forth in this Confidentiality Agreement and Protective Order ("Protective Order"), to treat certain information as "Confidential" and subject to the protections afforded herein. It appears to the Court that entry of this Protective Order is appropriate.

  IT THEREFORE IS ORDERED THAT:

  1. The term "documents or information" shall include all documents or information in any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage or otherwise.

  2. As used herein, any references to "Person" refer to and mean a natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, subsidiary, affiliate, parent company, any other form of business organization or arrangement, or government agency of any nature or type, and includes, without limitation, such Person's employees, directors, shareholders, agents, representatives, attorneys, accountants and all other

persons acting or purporting to act on behalf of the foregoing in this sentence.

3. Parties may designate documents and information in this litigation as "Confidential Information" that meet the requirements below.

4. Documents and information may be designated as "Confidential Information" if a Party believes in good faith that the documents or information contain trade secrets or confidential research, development, or commercial information or other information that would meet the qualifications for entry of a protective order under Fed. R. Civ. P. 26(c). Documents and information may also be designated as "Confidential Information" if such documents include social security numbers, health or medical-related information, and/or tax information. Such designation shall be made by stamping or otherwise affixing a label or sticker stating "Confidential Information" to the documents or information so designated at the time of their production. If a Party inadvertently fails to mark an item as "Confidential Information" at the time of production, that Party shall have thirty (30) days thereafter in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked "Confidential Information." Within ten (10) business days of receipt of the substitute copies, the Party receiving the substitute copy shall either return the previously unmarked items and all copies thereof to the producing party or destroy all such unmarked items and copies and inform the producing party of such destruction in writing.

5. In the case of depositions upon oral examination, if counsel for any Party believes that a question or answer contains Confidential Information, counsel shall so state on the record and shall request that the specific pages that include such Confidential Information be included in a separate, sealed portion of the transcript. The reporter shall be instructed to include on the cover page of each sealed portion the legend: "This transcript portion contains information

subject to a Protective Order and shall be used only in accordance therewith." When testimony designated as Confidential Information is elicited during a deposition, Persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as Confidential Information on the record at the deposition shall have thirty (30) days, following mailing of the transcript by the court reporter, in which to correct such failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute Confidential Information, and directing the reporter to place the same under seal as provided in this paragraph and to exclude the sealed pages from the unsealed portion of the transcript. Within ten business days of receipt of the substitute transcripts, the Party receiving the substitute transcript shall return the unmarked transcript and all copies thereof to the Party substituting the transcript or destroy all copies of the transcripts and notify in writing the Party substituting the transcript of the destruction. The Party substituting the transcript shall bear all additional court reporter costs associated with re-issuing the transcript.

6. All documents and things marked as Confidential Information shall be treated by the Parties as Confidential Information, except as provided for in paragraph 10.

7. Unless and until the Court rules or the Parties otherwise agree in writing, access to or disclosure of Confidential Information, other than at trial, deposition, or a hearing or conference regarding any motion in this Proceeding, may not be disclosed or made available by a recipient of such documents or information to any person other than:

(a) The Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors'

   (b) The Parties, provided that disclosure shall be made only to those former and present officers, directors, or employees who have a need to review such information solely for the proceedings concerning the matters in issue between the Parties in this action, including discovery, hearings, trial preparation, trial, and any appellate proceedings (and provided that any such Person who is not a signatory to this Protective Order sign an undertaking in the form of Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by it);

   (c) Counsel of record of any party to this Proceeding, and any attorney associated with the counsel of record, the clerical, paralegal, secretarial, legal assistants and interns and law clerks on staff of such counsel.;

   (d) Outside experts or outside consultants for a Party, including their stenographic, clerical or other personnel, whose advice and consultation may be used by such Party in connection with preparation for trial, or for trial of this action, including any motions in this action, provided that the provisions of Paragraph 8 are followed; and

   (e) Court reporters and videographers in connection with the recording of sworn testimony in these proceedings,

   (f) individuals whom any party to this Proceeding may call as witnesses at trial, provided that each individual signs Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by its terms and the party reasonably believes the witness has information concerning the Confidential Information.

  8. Counsel desiring to disclose Confidential Information to outside experts or outside consultants under Paragraph 7 shall first obtain from each Person to whom disclosure is intended a signed undertaking in the form of Attachment 1 hereto stating that he or she has read

this Protective Order and agrees to be bound by it.  Counsel desiring to disclose Confidential Information to any Person other than those designated in Paragraph 7 shall first obtain from each such Person a signed undertaking in the form of Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by it, shall serve a copy of said undertaking upon opposing counsel, and shall obtain the prior written consent of opposing counsel for the disclosure to said Persons.  If opposing counsel does not give written consent, there shall be no disclosure to such Person except by further order of the Court pursuant to resolution of a motion brought by counsel for the Party seeking disclosure.

      9.      Confidential Information shall be used by the Parties and Persons to whom the Confidential Information are disclosed pursuant to the provisions of this Protective Order solely for the proceedings concerning the matters in issue between the Parties in this action, including discovery, hearings, trial preparation, trial, and any appellate proceedings.  Confidential Information shall not be used by the Parties or Persons for any business or competitive purpose or function, including for the purpose of unrelated litigation or administrative proceedings, unless agreed to in writing by the Parties or as authorized by further order of the Court.  No Party or Person shall divulge information subject to this Protective Order to a third Person other than those Persons entitled to receive such information under this Protective Order.

      No Confidential Information, whether embodied in physical objects, documents, electronically-stored data, tangible items or the transcription of statements of persons, shall be filed with the Court, unless the Parties consent in writing to such filing, or unless filed under seal.

      10.      In the event that there is a dispute about the propriety of a designation of information as "Confidential Information," the following procedure shall be followed.  Upon

written notice to the party designating the information as Confidential Information ("Designating Party") of the intention of counsel for another party to declassify any information designated as "Confidential Information," the Designating Party shall, within ten (10) calendar days after receiving such notice, state whether it objects to such declassification.  In the event that objection is made, counsel for the party desiring the declassification and counsel for the Designating Party shall promptly, but in no more than three business days, make a good faith effort to resolve the matter.  *Failing such resolution, the party desiring to preserve the confidentiality classification may make a motion to the Court to preserve such classification and prevent disclosure, and shall bear the burden of demonstrating that the material is confidential, proprietary, or otherwise protected.*

*In the event of a failure to reach agreement upon the confidentiality classification, the classification shall remain in effect for an additional eleven days, and (if the designating party files a motion to preserve the designation) until the motion is resolved by the Court.  Should no such motion be filed within eleven days, the document or material shall no longer be regarded as confidential and subject to the Protective Order.  The burden to prove the information is confidential shall be upon the Party seeking protection.*

11.    A Party's consent that another Party may disclose Confidential Information to a third Person does not prejudice its right to object to disclosure of the same Confidential Information to a different third Person.

12.    After final termination of this action, counsel for the Parties shall return all copies of Confidential Information to the Parties claiming such Confidential Information or shall destroy such Confidential Information and certify the destruction to the Parties claiming such

Confidential Information except to the extent that such Confidential Information has been incorporated into any document filed with the Court or entered as an exhibit.

13.     Restrictions and obligations set forth herein relating to Confidential Information shall not apply to any information that the Parties agree in writing, or the Court rules, has come or shall come into a Party's legitimate possession independently.  However, if documents or other information was received by a Party pursuant to a subpoena, any party shall be permitted to designate such documents received as a result of such a subpoena as CONFIDENTIAL INFORMATION pursuant to paragraph four above.

**So Ordered:**

Dated: _____        _____

**Judge Emmet G. Sullivan**
**Magistrate Judge Alan Kay**

**ATTACHMENT 1**

**UNDERTAKING RE: PROTECTIVE ORDER**

UNDERTAKING OF _____

I, _____, declare:

1.  My address is _____. My present occupation is _____.

2.  I have received a copy of the Protective Order entered by the United States District Court for the District of Columbia in connection with the case captioned *Linda L. Green v. InterSolutions, et al.*, United States District Court for the District of Columbia, Civil Action No. 07-298 (EGS).  I have carefully read and understand the provisions of the Protective Order.

3.  I shall comply with all of the provisions of the Protective Order.  I shall hold in confidence, shall not disclose to anyone other than those persons specifically authorized by the Protective Order, and shall not copy or use except for the proceedings concerning the matters in issue between the Parties, any information designated "CONFIDENTIAL" that I receive in this action.

Executed this \_\_\_ day of _____, 200\_\_.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
SIGNATURE

_____
NAME