**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDA GREEN,                             )<br>                                                       )<br>            Plaintiff,                          )<br>                                                       )<br>      v.                                           )<br>                                                       )<br>INTERSOLUTIONS, INC., *et al.*,    )<br>                                                       )<br>            Defendants.                     )<br>_____)  | Case No.: 1:07-cv-00298-EGS-AK<br><br>Status Conference:  February 6, 2008 |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through their undersigned counsel, hereby move this Court for entry of their Proposed Protective Order, attached hereto as Exhibit A, to safeguard Plaintiff and Defendants' confidential and trade-secret information.

**I.      FACTUAL AND PROCEDURAL HISTORY**

In their proposed discovery plans, the parties agreed that a protective order was appropriate in this case to protect the parties' confidential and trade-secret information.  *See* Defendants' Proposed Discovery Plan (No. 17) at 3, ¶ 5(f) and Plaintiff's Initial Report Pursuant to Local Rule 16.3 (No. 18) at 7, ¶ 8(f).  The parties agree on all points in Defendants' Proposed Protective Order except two.

On October 30, 2007, the parties appeared before the Court on a teleconference to discuss their disagreements.  The parties could not agree on the disputed language, however, and the Court asked each party to submit their proposed protective orders with an explanation in support of their position.

## II. A PROTECTIVE ORDER IS NECESSARY IN THIS CASE TO PROTECT DEFENDANTS' CONFIDENTIAL AND TRADE-SECRET INFORMATION

For good cause shown, Federal Rule of Civil Procedure 26(c)(7) authorizes a court to issue a protective order to ensure that a party's "trade secret or other confidential research, development, or commercial information . . . be revealed only in a designated way." To satisfy the good cause standard, "the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted." *Braack v. Home Depot U.S.A., Inc.*, No. C07-5003RJB, 2007 WL 2156371, *3 (W.D. Wa. July 23, 2007).

Defendants seek a protective order in this case to safeguard InterSolutions' employee and client lists. Under the District of Columbia Trade Secrets Act, a trade secret is information that derives economic value from not being generally known to, or readily ascertainable by, another who can obtain economic value from its disclosure or use and is the subject of reasonable efforts to maintain its secrecy. D.C. Code § 36-401(4). InterSolutions' employee and client lists meet this standard. The economic viability of Defendants' business depends on a steady source of labor that can be quickly and efficiently dispatched to clients seeking specific staffing services. The requests from clients often arrive with little or no notice and require immediate placement by InterSolutions. If InterSolutions cannot fill the request, the client will seek the services of a competitor. To address this business challenge and thereby give InterSolutions its competitive advantage, InterSolutions has invested thousands of dollars and hours into the development of client and potential client lists and also in the development of lists of readily available, screened, trained applicants and workers. InterSolutions' employee and client lists are therefore the life's blood of the company. Moreover, InterSolutions has taken considerable effort to maintain the secrecy of this information. For example, every InterSolutions employee, including the Plaintiff in this case, must sign an "Employment Agreement Relating to Business Information, Trade

2

Secrets and Noncompetition," which requires that InterSolutions' employee and client lists not be disclosed or used in competition against InterSolutions. Clearly InterSolutions' competitive advantage in the industry would be severely injured if this information were to become readily available.

InterSolutions' employee and client lists are central to this case; they figure prominently in both Plaintiff's case as well as in Defendants' counterclaims. However, because these lists are InterSolutions' trade secrets, they do not contain the kind of information that the public has a presumptive right to see and access. Entry of a protective order in this case will therefore not impede on any rights of the public. *Contra San Jose Mercury News, Inc. v. United States Dist. Court,* 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown."). A protective order is therefore appropriate in this case.

### III. THE PARTIES DISAGREE OVER TWO POINTS IN DEFENDANTS' PROPOSED PROTECTIVE ORDER

#### A. Paragraph 4

The first point of disagreement concerns the definition of "trade secrets" contained in Paragraph 4 of Defendants' Proposed Protective Order. Both parties agree that information may be protected under Defendants' Proposed Protective Order if a party "believes in good faith that the documents or information contain trade secrets or confidential research, development, or commercial information or other information that would meet the qualifications for entry of a protective order under Fed. R. Civ. P. 26(c)." Defendants' Proposed Protective Order, Exhibit A, at 2, ¶ 4; Plaintiff's Proposed Protective Order, at 2 ¶ 4. Defendants propose to resolve any ambiguity over what documents may be included under the protective order by adding the

3

following language: "[I]nformation shall be considered a 'trade secret' if it contains the identity or any contact information (including, without limitation, the Social Security number, address, telephone number or e-mail address) of an InterSolutions employee, applicant, client or potential client." Defendants' Proposed Protective Order, Exhibit A, at 2, ¶ 4.

Confidentiality of Defendants' employee and client lists is vital to Defendants' successful competition in the staffing industry and is the central reason that Defendants seek entry of a protective order in this case. Defendants will designate their employee and client lists as Confidential whether or not Defendants' proposed language is in the protective order. However, the fact that Plaintiff objects so strongly to Defendants' proposed language suggests, almost to the point of stating, that Plaintiff intends to challenge such a designation. Eliminating this ambiguity now will benefit the parties and the Court by preventing needless disputes and the Court's involvement in them.

Additionally, Plaintiff's suggestion that Defendants will force Plaintiff to litigate the case under seal is completely unfounded. There is a vast difference between rightfully marking trade-secret information as Confidential pursuant to a duly-issued protective order and litigating a case under seal. Plaintiff offers no evidence to suggest that this case will be litigated under seal, and the Court should not indulge Plaintiff's hyperbole.

Finally, Defendants note that Paragraph 4 of Plaintiff's Proposed Protective Order contains the following language, which was included at the insistence of Plaintiff: "Documents and information may also be designated as 'Confidential Information' if such documents include social security numbers, health or medical-related information, and/or tax information." These criteria capture the universe of information Plaintiff will seek to protect under the protective

4

order[1] but do nothing to assist Defendants.  Plaintiff apparently desires immunity from challenge for documents she designates as Confidential but wants to retain broad latitude to challenge anything designated by Defendants.  The Court should not sanction such an equitable disparity.  The court should either condone both parties' attempts at objectivity and broad protection should or neither.

### B.      Paragraph 10

The second point of disagreement concerns the procedure for handling challenges to confidentiality designations under this protective order.  Under Defendants' Proposed Protective Order, the party challenging the designation of information as Confidential under the protective order ("Challenging Party") bears the burden of proof before the Court to demonstrate that the information is not Confidential and should not be protected under the protective order.

Plaintiff, by contrast, proposes a strange procedure under which, after written notice by the Challenging Party that it desires the information to be declassified, "the party desiring to preserve the confidentiality classification may make a motion to the Court to preserve such classification and prevent disclosure, and shall bear the burden of demonstrating that the material is confidential."  Plaintiff's Proposed Protective Order at 6, ¶ 10.  Under Plaintiff's proposal, if the Designating Party does not make a motion to the Court within 11 days, the information automatically becomes declassified.  *Id.*

Plaintiff's proposed procedure is ripe for costly abuse.  No standards exist to govern when the Challenging Party may seek the declassification of information.  Thus, under Plaintiff's Protective Order, the Challenging Party need only provide written notice that it desires the information to be declassified to require the Designating Party to expend significant time and

---

[1]      Defendants have requested medical records, tax information and other records from Plaintiff and from third parties related to Plaintiff's employment and financial dealings that by their nature likely will contain her social security number.

5

effort to draft, submit, and litigate a motion before the Court simply to retain the protections already afforded by the protective order. And if the Designating Party does not file such a motion, Plaintiff's Protective Order clearly states that the document automatically loses its protection. There is absolutely no mechanism to police abuse of this procedure. Given Plaintiff's vehement opposition to Defendants' proposed addition to Paragraph 4, above, Defendants are concerned that Plaintiffs would be able to use this self-serving procedure to its fullest extent.

Defendants' proposal for handling challenges is much more reasonable. It appropriately places the burden on the party seeking to exclude data from the protective order to demonstrate that the information is not appropriately labeled as Confidential; that is, that it does not meet the "good faith" standard set out in the first sentence of Paragraph 4. This procedure keeps with the judicial norm that the party seeking relief from the Court bears the burden of proof that it is entitled to relief.

Additionally, Plaintiff appears to have a fundamental misunderstanding about the role of this protective order in the litigation, which Defendants surmise leads to her highly-irregular procedure. According to Plaintiff's Motion to Enter Plaintiff's Proposed Confidentiality Agreement and Protective Order ("Plaintiff's Motion") (No. 39), after the Challenging Party notifies the Designating Party in writing that it disagrees with a Confidential designation, "the party seeking such protection *must move the court for a protective order* and prove that the order is necessary." Plaintiff's Motion at 5 (emphasis added). Later, Plaintiff writes, "it follows that if the parties do not agree as to whether certain material should be designated as confidential, it is incumbent on the party seeking confidential protection of the document *to move the court to issue a protective order* guaranteeing its confidentiality." *Id.* at 6 (emphasis added).

6

In the instant case, Plaintiff and Defendants are jointly seeking a protective order from the Court, and the parties bear the initial burden collectively. Defendants have set this burden out in Section II, above. Once the Court enters the protective order, and the parties begin designating information as covered by it pursuant to the "good faith" standard of Paragraph 4, a different standard applies for challenges to it. Under the standard for challenges, the party seeking to challenge bears the burden to exempt the document from the protective order. Paragraph 10 of Plaintiff's Proposed Protective Order would require the parties to move for another protective order on documents that would already have been designated as protected by *this* protective order. Plaintiff clearly—and incorrectly—thinks that this protective order provides no protection at all.

WHEREFORE, for the above-stated reasons and for any other reason that may become known at a hearing on this matter, Defendants respectfully request that the Court enter Defendants' Protective Order.

Dated:  November 13, 2007            \_\_/s/\_ Manesh K. Rath_____
                                                           Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*
Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C.  20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for DefendantS

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 13, 2007, a copy of the foregoing was served by CM/ECF software to:

Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W.
Washington, D.C.  20009
Tel.: (202) 467-4123
Fax:  (202) 467-4489

Susan E. Huhta (D.C. Bar No. 453478)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiff

                                        /s/_Manesh K. Rath_____
                                        Manesh K. Rath, Esq.

# EXHIBIT A

**Defendants' Proposed Confidentiality Agreement
and Protective Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Linda L. Green, <br><br>    Plaintiff, <br><br>v. <br><br>InterSolutions, Inc., *et al.*, <br><br>    Defendants. | **Civil No. 1:07-CV-298-EGS-AK** |

## **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

   This matter comes before the Court, pursuant to Fed. R. Civ. P. 26(c), for the entry of a Protective Order governing the disclosure of confidential information by Plaintiff Linda Green ("Plaintiff") and by Defendants, InterSolutions, Inc., Drew Golin and Sara Walder ("Defendants") (collectively "Disclosing Parties" or "Parties").  The Disclosing Parties have agreed, as set forth in this Stipulated Confidentiality Agreement and Protective Order ("Protective Order"), to treat certain information as "Confidential" and subject to the protections afforded herein.  It appears to the Court that entry of this Protective Order is appropriate.

   IT THEREFORE IS ORDERED THAT:

   1. The term "documents or information" shall include all documents or information in any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage or otherwise.

   2. As used herein, any references to "Person" refer to and mean a natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, subsidiary, affiliate, parent company, any other form of business organization or arrangement, or government agency of any nature or type, and includes, without limitation, such Person's employees, directors, shareholders, agents, representatives, attorneys, accountants and all other

persons acting or purporting to act on behalf of the foregoing in this sentence.

3.  Parties may designate documents and information in this litigation as "Confidential Information" that meet the requirements below.

4.  Documents and information may be designated as "Confidential Information" if a Party believes in good faith that the documents or information contain trade secrets or confidential research, development, or commercial information or other information that would meet the qualifications for entry of a protective order under Fed. R. Civ. P. 26(c).  **For purposes of this Protective Order, information shall be considered a "trade secret" if it contains the identity or any contact information (including, without limitation, the Social Security number, address, telephone number or e-mail address) of an InterSolutions employee, applicant, client or potential client.  Documents and information may also be designated as "Confidential Information" if such documents include social security numbers, health or medical-related information, and/or tax information.**  Such designation shall be made by stamping or otherwise affixing a label or sticker stating "Confidential Information" to the documents or information so designated at the time of their production.  If a Party inadvertently fails to mark an item as "Confidential Information" at the time of production, that Party shall have thirty (30) days thereafter in which to correct its failure.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked "Confidential Information."  Within ten (10) business days of receipt of the substitute copies, the Party receiving the substitute copy shall either return the previously unmarked items and all copies thereof to the producing party or destroy all such unmarked items and copies and inform the producing party of such destruction in writing.

5. In the case of depositions upon oral examination, if counsel for any Party believes that a question or answer contains Confidential Information, counsel shall so state on the record and shall request that the specific pages that include such Confidential Information be included in a separate, sealed portion of the transcript. The reporter shall be instructed to include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." When testimony designated as Confidential Information is elicited during a deposition, Persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as Confidential Information on the record at the deposition shall have thirty (30) days, following mailing of the transcript by the court reporter, in which to correct such failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute Confidential Information, and directing the reporter to place the same under seal as provided in this paragraph and to exclude the sealed pages from the unsealed portion of the transcript. Within ten business days of receipt of the substitute transcripts, the Party receiving the substitute transcript shall return the unmarked transcript and all copies thereof to the Party substituting the transcript or destroy all copies of the transcripts and notify in writing the Party substituting the transcript of the destruction. The Party substituting the transcript shall bear all additional court reporter costs associated with re-issuing the transcript.

6. All documents and things marked as Confidential Information shall be treated by the Parties as Confidential Information unless and until the Court rules to the contrary or the Parties agree otherwise in writing.

7. Unless and until the Court rules or the Parties otherwise agree in writing, access to or disclosure of Confidential Information, other than at trial, deposition, or a hearing or conference regarding any motion in this Proceeding, may not be disclosed or made available by a recipient of such documents or information to any person other than:

(a) The Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors'

(b) The Parties, provided that disclosure shall be made only to those former and present officers, directors, or employees who have a need to review such information solely for the proceedings concerning the matters in issue between the Parties in this action, including discovery, hearings, trial preparation, trial, and any appellate proceedings (and provided that any such Person who is not a signatory to this Protective Order sign an undertaking in the form of Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by it);

(c) Counsel of record of any party to this Proceeding, and any attorney associated with the counsel of record, the clerical, paralegal, secretarial, legal assistants and interns and law clerks on staff of such counsel.;

(d) Outside experts or outside consultants for a Party, including their stenographic, clerical or other personnel, whose advice and consultation may be used by such Party in connection with preparation for trial, or for trial of this action, including any motions in this action, provided that the provisions of Paragraph 8 are followed; and

(e) Court reporters and videographers in connection with the recording of sworn testimony in these proceedings,

   (f) individuals whom any party to this Proceeding may call as witnesses at trial, provided that each individual signs Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by its terms and the party reasonably believes the witness has information concerning the Confidential Information.

  8. Counsel desiring to disclose Confidential Information to outside experts or outside consultants under Paragraph 7 shall first obtain from each Person to whom disclosure is intended a signed undertaking in the form of Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by it.  Counsel desiring to disclose Confidential Information to any Person other than those designated in Paragraph 7 shall first obtain from each such Person a signed undertaking in the form of Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by it, shall serve a copy of said undertaking upon opposing counsel, and shall obtain the prior written consent of opposing counsel for the disclosure to said Persons.  If opposing counsel does not give written consent, there shall be no disclosure to such Person except by further order of the Court pursuant to resolution of a motion brought by counsel for the Party seeking disclosure.

  9. Confidential Information shall be used by the Parties and Persons to whom the Confidential Information are disclosed pursuant to the provisions of this Protective Order solely for the proceedings concerning the matters in issue between the Parties in this action, including discovery, hearings, trial preparation, trial, and any appellate proceedings.  Confidential Information shall not be used by the Parties or Persons for any business or competitive purpose or function, including for the purpose of unrelated litigation or administrative proceedings, unless agreed to in writing by the Parties or as authorized by further order of the Court.  No Party

or Person shall divulge information subject to this Protective Order to a third Person other than those Persons entitled to receive such information under this Protective Order.

No Confidential Information, whether embodied in physical objects, documents, electronically-stored data, tangible items or the transcription of statements of persons, shall be filed with the Court, unless the Parties consent in writing to such filing, or unless filed under seal.

10.    In the event that there is a dispute about the propriety of a designation of information as "Confidential Information," the following procedure shall be followed.  Upon written notice to the party designating the information as Confidential Information ("Designating Party") of the intention of counsel for another party to declassify any information designated as "Confidential Information," the Designating Party shall, within fourteen (14) calendar days after receiving such notice, state whether it objects to such declassification.  In the event that objection is made, counsel for the party desiring the declassification and counsel for the Designating Party shall promptly, but in no more than three business days, make a good faith effort to resolve the matter.  **Failing such resolution, the party challenging the confidentiality classification may make a motion to the Court to remove such classification and allow disclosure, and shall bear the burden of demonstrating that the material is not confidential, proprietary, or otherwise subject to protection under this Protective Order.  During the pendency of the motion, the classification as Confidential Information shall remain in effect.**

11.    A Party's consent that another Party may disclose Confidential Information to a third Person does not prejudice its right to object to disclosure of the same Confidential Information to a different third Person.

12. After final termination of this action, counsel for the Parties shall return all copies of Confidential Information to the Parties claiming such Confidential Information or shall destroy such Confidential Information and certify the destruction to the Parties claiming such Confidential Information except to the extent that such Confidential Information has been incorporated into any document filed with the Court or entered as an exhibit.

13. Restrictions and obligations set forth herein relating to Confidential Information shall not apply to any information that the Parties agree in writing, or the Court rules, has come or shall come into a Party's legitimate possession independently.

**So Ordered:**

Dated: _____       _____

**Judge Emmet G. Sullivan**

**Magistrate Judge Alan Kay**

## ATTACHMENT 1

## UNDERTAKING RE: PROTECTIVE ORDER

UNDERTAKING OF _____

I, _____, declare:

1. My address is _____. My present occupation is _____.

2. I have received a copy of the Protective Order entered by the United States District Court for the District of Columbia in connection with the case captioned *Linda L. Green v. InterSolutions, Inc., et al.*, United States District Court for the District of Columbia, Case 1:07cv-00298-EGS-AK.  I have carefully read and understand the provisions of the Protective Order.

3. I shall comply with all of the provisions of the Protective Order.  I shall hold in confidence, shall not disclose to anyone other than those persons specifically authorized by the Protective Order, and shall not copy or use except for the proceedings concerning the matters in issue between the Parties, any information designated "CONFIDENTIAL" that I receive in this action.

Executed this \_\_\_ day of _____, 200\_\_.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
SIGNATURE

_____
NAME