**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
LINDA GREEN,                                         )
                                                    )
            Plaintiff,                               )
                                                    )
      v.                                            )      CIVIL NO: 1:07CV00298-EGS
                                                    )      Status Conference: Feb. 6, 2008
                                                    )      Magistrate Judge Alan Kay
INTERSOLUTIONS, INC., ET AL.,                        )
                                                    )
            Defendants.                              )
                                                    )
_____)

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' ANSWERS TO
INTERROGATORIES AND  PRODUCTION OF DOCUMENTS**

     Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, Plaintiff

Linda Green hereby moves to compel Defendants InterSolutions, Inc., Sarah Walder, and

Drew Golin to produce sufficient answers responsive to Plaintiff's First Set of

Interrogatories, as well as several categories of non-privileged documents responsive to

Plaintiff's First Request for Production of Documents.  Plaintiff also hereby moves this

Court to order Defendant to pay Plaintiff the attorneys' fees and costs of bringing this

Motion and for the other steps Plaintiff's counsel was required to take to bring

Defendants into compliance with their discovery obligations, such fees and costs to be

itemized and submitted to the Court within ten days of the date of its Order.  The bases

for Plaintiff's motion are set forth in the accompanying Memorandum.

     Counsel for Plaintiff certifies that, pursuant to Rule 37(a)(2)(B), we have

conferred in good faith with defense counsel in an effort to secure the requested

information and documents without court action, but thus far have been unsuccessful.

Respectfully submitted this 29th day of November, 2007,


_____ /s/ Lori B. Kisch \_\_\_\_\_

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
LINDA GREEN,                                      )
                                                )
            Plaintiff,                            )
                                                )
      v.                                          )    CIVIL NO: 1:07CV00298-EGS
                                                )    Status Conference: Feb. 6, 2008
                                                )    Magistrate Judge Alan Kay
INTERSOLUTIONS, INC., ET AL.,                     )
                                                )
            Defendants.                           )
                                                )
_____)

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION TO COMPEL DISCOVERY

      Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, Plaintiff Linda

Green, respectfully submits this Memorandum in Support of her Motion to Compel Defendants'

answers to interrogatories and  production of documents in response to Plaintiff's reasonable

discovery requests.

I.      **BACKGROUND**

      Plaintiff Linda Green is a former employee of Defendant InterSolutions, Inc., which

provides temporary staffing to residential and commercial properties.  Dkt. 8, Amended

Complaint at 3, 5, ¶¶ 6, 16.  This staffing includes, *inter alia*, front desk and concierge personnel.

*Id*. at 5, ¶ 16.  Defendant InterSolutions is co-owned by Defendants Drew Golin and Sarah

Walder.  *Id*. at 3, ¶ 10.  Plaintiff was hired by InterSolutions in December 2003, and she

managed InterSolutions' Front Desk/Concierge Department from approximately May 2004 until

her unlawful termination on or around August 1, 2006.  *Id*. at 5, 7, 13, ¶¶ 19, 33, 71.  Plaintiff is

over forty years old.  *Id.* at 3, ¶5.

During the time Plaintiff worked as an hourly employee for Defendants, they did not pay her a lawful overtime wage rate. *Id*. at ¶¶ 30-32.   Upon her promotion to Manager of the Front Desk/Concierge Department in or around May 2004, Plaintiff learned that it was InterSolutions' pattern and practice, designed and implemented primarily by InterSolutions' co-owners Golin and Walder, to tell new hourly temporary employees that they were not entitled to overtime pay, to refuse to pay overtime rates to employees unless they demanded it, and, on the rare occasions when hourly wage employees received overtime pay, to pay them less than the amount required by law. *Id.* at ¶ 40.   Plaintiff repeatedly complained to Defendants on behalf of the temporary employees who were not lawfully paid; her complaints were met with hostility and with instructions not to further employ those temporary employees who had complained. *Id*. at ¶ 42.

Plaintiff learned in April or May of 2006 that she had breast cancer, and she relayed this information to Defendant Walder. *Id*. at ¶ 48.   Soon after Plaintiff began taking intermittent medical leave to undergo treatment for her condition, InterSolutions' CEO John Wagithuku began retaliating against her and sabotaging the work of her department. *Id*. at ¶ 51.   Wagithuku confiscated her cellphone, forbade her from visiting clients, and excluded her from social events with clients.   All other department managers under the age of forty who had not requested medical leave were allowed to visit clients. *Id.*

Defendants further retaliated against Plaintiff for taking medical leave and for complaining about overtime violations, and further discriminated against her based on her age, by not paying her bonuses according to an agreed-upon formula, in breach of Plaintiff's employment contract. *Id*. at ¶¶ 54-55.   In June 2006, Plaintiff filed an official complaint with the

Department of Labor regarding Defendants' failure to pay their hourly employees lawful overtime wage rates, and she agreed to cooperate in the resulting investigation. *Id.* at ¶¶ 62-63.

In mid-July, 2006, Plaintiff informed Wagithuku that she would need intermittent medical leave during August and September to attend daily radiation treatments for her serious medical condition. *Id.* at ¶ 65. On July 26, 2006, Plaintiff re-confirmed in writing to Wagithuku that she would need daily intermittent leave in the upcoming weeks to attend appointments for cancer treatment. *Id.* at ¶ 66. Defendants fired Plaintiff less than a week later, on August 1, 2006, in retaliation for her exercise of her rights to medical leave, in retaliation for her complaints about Defendants' overtime pay violations, and on the basis of her age. *Id.* at ¶ 71.

On February 9, 2007, Plaintiff filed a Complaint alleging violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Counts I & II), the federal Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") (Count III), the District of Columbia Wage and Hour Law, D.C. CODE § 32-1001, *et seq.* ("DCWHL") (Counts IV & V), the District of Columbia Family and Medical Leave Act, D.C. CODE § 32-501, *et seq.* ("DCFMLA") (Count VI), the District of Columbia Human Rights Act, D.C. CODE § 2-1402.01, *et seq.* ("DCHRA") (Count VII), and breach of an employment contract in violation of District of Columbia common law (Count VIII). Dkt. 1.

On June 19, 2007, Defendants filed an Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Counterclaims. Dkt. 16. In their Counterclaims, Defendants allege Plaintiff violated the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, *et seq.* ("ECPA") and the D.C. Uniform Trade Secrets Act, D.C. Code § 36-401 *et seq.* ("DCUTSA"), committed trespass to personal property and defamation, breached a fiduciary duty to

InterSolutions, and breached a contract with InterSolutions. On July 26, 2007, Defendants filed

an Amended Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Amended

Counterclaims ("Am. Countcl."). Dkt. 22. In addition to their previously pled counterclaims,

Defendants raised an additional counterclaim alleging a violation of the Computer Fraud and

Abuse Act, 18 U.S.C. § 1030, *et seq.* ("CFAA"). Plaintiff moved to dismiss Defendants'

amended ECPA counterclaim and its CFAA claim on August 20, 2007, Dkt. 26, and that motion

is currently pending before the Court.

　　Defendants' Amended Counterclaims allege that Plaintiff unlawfully accessed and

retained client information and employee lists, which Defendants consider to be both

confidential and trade secret information, in violation of ECPA, DCUTSA, and CFAA, in breach

of a fiduciary duty, and in breach of a confidentiality agreement she had signed with

InterSolutions. Defendants also allege that, in doing so, Plaintiff committed trespass to personal

property. Dkt. 22, Am. Countcl. at 13-22. Finally, Defendants allege that Plaintiff defamed

them by purportedly telling a property manager at one of Defendants' client properties that

Defendants fired her because she had cancer. *Id.* at ¶¶ 19, 55-57. As result, Defendants claim

that this client, Crystal House ceased doing business with Defendants. *Id.* at ¶ 21.

　　On July 31, 2007, Plaintiff served upon Defendants her first set of interrogatories and

document requests. *See* Plaintiff's First Set of Interrogatories and Request for Production of

Documents (attached hereto as Exhibit 1). On September 4, 2007, Defendants served their

Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of

Documents ("Responses") (attached hereto as Exhibit 2). Defendants' Responses to Plaintiff's

First Set of Interrogatories were not verified by any of the Defendants, in violation of Fed. R.

Civ. P. 33(b)(1-2), which requires that answers to interrogatories be answered "under oath" and "be signed by the person making them . . . ." In addition, Defendants' counsel failed to sign the objections made, in violation of Fed. R. Civ. P. 33(b). *See* Ex. 2. Defendants lodged objections to each of the discovery requests, and refused entirely to provide answers and/or documents responsive to several requests on the basis of these objections. *See id.*

Plaintiff's counsel informed defense counsel via email on September 10, 2007, that Defendants failed to verify and defense counsel failed to sign Defendants' discovery objections and responses. *See* September 10, 2007 email (attached hereto as Exhibit 3). Plaintiff's counsel requested that Defendants' executed responses and objections be provided by the following day. *Id.* Defendants did not provide the executed responses and objections the following day, nor did Defendants' counsel even respond to Plaintiff's counsel's email.

On September 21, 2007, counsel for Plaintiff sent Defendants a letter outlining the various deficiencies in its discovery responses to date. *See* September 21, 2007 correspondence (attached hereto as Exhibit 4). Counsel for Defendants replied to this deficiency letter via letter dated September 25, 2007, stating only that he would respond fully by October 12, 2007. *See* September 25, 2007 Correspondence (attached hereto as Exhibit 5). On October 5, 2007, counsel for Plaintiff emailed defense counsel and indicated that Plaintiff would need all outstanding documents, all supplemental discovery responses, and all responsive discovery from Defendants by October 12, 2007. *See* October 5, 2007 email (attached hereto as Exhibit 6).

On October 12, 2007, the parties conducted a teleconference during which various discovery disputes were discussed. Counsel for Plaintiff inquired whether all outstanding discovery would be produced on that day; defense counsel refused to answer. Later that day,

defense counsel served Plaintiff with Defendants' supplemental discovery responses.  *See*

Defendants' First Supplemental Response to Plaintiff's First Set of Interrogatories (attached

hereto as Exhibit 7) and Defendants' First Supplemental Responses to Plaintiff's First Request

For Production of Documents (attached hereto as Exhibit 8).   The supplemental interrogatories

were not verified by any of the Defendants, and the responses remained deficient.

On October 17, 2007, Defendants finally responded substantively to Plaintiff's

September 21, 2007 deficiency letter.  *See* October 17, 2007 correspondence (attached hereto as

Exhibit 9).  The letter largely restated Defendants' original objections.  *See id.*  The following

day, on October 18, 2007, Defendants finally served their sworn verifications of their Responses

to Plaintiff's First Set of Interrogatories.  *See* Defendants' Verifications (attached hereto as

Exhibit 10).  To date, Defendants' Supplemental Responses remain unsigned and unsworn, and

the objections to Plaintiff's First Set of Interrogatories and Document Requests remain unsigned

by defense counsel.

## II.    LEGAL ARGUMENT

### A.    Defendants Have Not Served Responses or Objections to Plaintiff's Discovery Requests Compliant With the Federal Rules and Thus Have Waived All Objections

Fed. R. Civ. P. 26(g)(2) requires that "[e]very discovery request, response, or objection . .

. **shall** be signed by at least one attorney of record in the attorney's individual name . . . ."  Fed.

R. Civ. P. 26(g)(2) (emphasis added).  The attorney's signature

constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is: (a) consistent with these rules and warranted by existing law . . .; [and] (b) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . .

6

Fed. R. Civ. P. 26(g)(2)(A-B).  Perhaps tellingly, Defendants' counsel has refused, despite

repeated requests, to sign Defendants' Responses and Objections to Plaintiff's First Set of

Interrogatories and First Requests for Production of Documents, in violation of both Rule

26(g)(2) and Rule 33(b)(2) (requiring that objections to interrogatories be signed "by the attorney

making them").  Fed. Rs. Civ. P. 26(g)(2), 33(b)(2).  *See* Exs. 2, 3, 4, 9.

In addition, Defendants failed to verify their interrogatory responses until six weeks after

they were served and have, to date, failed to verify their supplemental answers to Plaintiff's

interrogatories, as required by the Federal Rules.  Rule 33 states, in pertinent part:

> (1) Each interrogatory shall be answered separately and fully in
> writing under oath . . .
> (2) The answers are to be signed by the person making them, and
> the objections signed by the attorney making them.

Fed. R. Civ. P. 33(b)(1-2).  With respect to a party's failure to sign and verify interrogatory

responses, this Court has repeatedly enforced this provision of the Federal Rules.  *See, e.g.,*

*Fonville v. District of Columbia*, 230 F.R.D. 38, 45 (D.D.C. 2005) ("Interrogatories are served

on parties, and defendant's answers must be signed by the party upon whom they were served.").

A party's duty pursuant to the Federal Rules "is to 'provide true, explicit, responsive, complete

and candid answers to the interrogatories' . . . signed by the person who made them and who can

attest to their accuracy." *Alexander v. F.B.I.*, 192 F.R.D. 50, 52 (D.D.C. 2000) (quoting *Chubb*

*Integrated Systems Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 61 (D.D.C. 1984)).  This

Court further held in *Alexander* that "plaintiffs are clearly entitled to have the complete answers

to their interrogatories made under oath."  192 F.R.D. at 56, n.6.

Plaintiff received Defendants' belated interrogatory verifications on October 18, 2007,

over six weeks after they were due, and only after repeated requests by Plaintiff's counsel

therefor.  *See* Exs. 3, 4, 10.  Defendants' Supplemental Responses to Plaintiff's Interrogatories

remain unsigned and unsworn by Defendants, and Defendants' counsel's objections to Plaintiff's

discovery requests also remain unsigned.  *See* Exs. 2, 7, 10.

Under Rules 33 and 34, Defendants had only thirty days after service of the

interrogatories and requests for production of documents to provide their sworn and signed

answers to the interrogatories, as well as their signed objections.  Fed. Rs. Civ. P. 33(b)(3),

34(b); *see also Fonville*, 230 F.R.D. at 42.  Because Defendants failed to provide signed and

sworn answers to Plaintiff's interrogatories within the allotted time frame, and because defense

counsel failed altogether to sign his objections to the interrogatories and document requests,

Defendants have waived their rights to assert any of the objections raised in their responses.  *See*

Exs. 2, 7, 8, 10; *Fonville,* 230 F.R.D. at 42 ("the failure to object within the time fixed for its

answer generally constitutes a waiver of any objection.") (quoting *Chubb*, 103 F.R.D. at 62).[1]

## B.      Defendants' Specific Objections Lack Merit

As noted above, Defendants have waived all objections to Plaintiff's First Set of

Interrogatories and Requests for Production of Documents.  But, even if the Court were to

excuse Defendants' failure to verify and defense counsel's failure to sign the objections, the

great majority of the objections articulated by Defendants in order to avoid discovery are

meritless and should be overruled.

---

[1]   Unlike Rule 33, Rule 34 does not contain an automatic waiver provision as a consequence of
failing to file a timely objection, but there is no reason to interpret the two rules differently.
*Fonville,* 230 F.R.D. at 42.  Indeed, courts have held that the failure to timely file an objection to
a request for production of documents constitutes a waiver.  *Id.* (citing *Coregis Ins. Co. v.
Baratta & Fenerty, Ltd*., 187 F.R.D. 528, 530-31 (E.D. Pa. 1999)); *Kansas-Nebraska Natural
Gas Co., Inc. v. Marathon Oil Co*., 109 F.R.D. 12, 24-25 (D. Neb.1983).

Generally, a party is entitled to discover any information that appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is broadly and liberally construed. *See, e.g., Burlington Ins. Co. v. Okie Dokie, Inc*., 368 F. Supp. 2d 83, 86 (D.D.C. 2005) (citing *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997); *Smith v. Schlesinger*, 513 F.2d 462, 473 n.37 (D.C. Cir. 1975) (citations omitted)). In employment matters, "liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims." *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 657 (1989), *superceded on other grounds by* Civil Rights Act of 1991, S. Res. 1745, 102nd Cong., 105 Stat. 1071 (1991). "[T]he scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, and in an EEOC case the discovery scope is extensive." *Trevino v. Celenese Corp.,* 701 F.2d 397, 407 (5th Cir. 1983) (citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975)). This Court has previously stated that in employment discrimination cases, "plaintiffs have been permitted a very broad scope of discovery, extending to documents and information pertaining to . . . information regarding non-party employees in plaintiff's workplace." *Pleasants v. Allbaugh*, 208 F.R.D. 7, 9 (D.D.C. 2002). Several circuits "have expressly held that discovery in employment discrimination suits is especially broad." *Id.* (collecting cases).

"When objecting to document requests, the objecting party must establish his or her basis for refusing to respond to the other's requests, and it bears the burden of showing why discovery should not be allowed." *Doe v. District of Columbia,* No. Civ.A. 03-1789, 2005 WL 1787683, at *2 (D.D.C. July 5, 2005) (citing *Alexander*, 194 F.R.D. at 302). As detailed below,

Defendants have utterly failed to establish a sound basis for refusing to respond to Plaintiff's eminently reasonable requests, and therefore their responses should be compelled.

Below, the most frequent objections made by Defendants are discussed generally, and then each specific request, objection, and response is reproduced and discussed in turn.

### 1.    Plaintiff's Interrogatories Are Accurately Numbered

Defendants refuse completely to answer Interrogatory Nos. 12, 19, and 21-27 on the theory that Plaintiff has propounded interrogatories in excess of the number permitted. They base this objection on their contention that Plaintiff's Interrogatory Nos. 1-4, 6-7, 9-15, 17-21, and 27 consist of at least two or more "wholly unrelated requests, and thus two [or more] interrogatories." Simply put, Defendants' objection is factually incorrect and would appear to be nothing more than an attempt to avoid their discovery obligations.

Defendants' assertion as to what constitutes a separate and distinct interrogatory is contrary to established case law. "[W]hen subdivisions of an interrogatory relate to a single topic, the subdivisions are deemed part of the same interrogatory." *Tri-State Hosp. Supply Corp. v. U.S.*, 226 F.R.D. 118, 139 (D.D.C. 2005). Therefore, "an interrogatory directed at eliciting details concerning a common theme should not be counted as multiple interrogatories." *In re ULLICO Inc. Litigation*, No. Civ.A.03-01556, 2006 WL 2398742, at *2 (D.D.C. July 18, 2006) (internal quotations omitted). This Court has specifically authorized interrogatories, like those propounded by Plaintiff, whose subparts detail the type of information sought by Plaintiff. *See, e.g., Banks v. Office of Senate Sergeant-at-Arms,* 222 F.R.D. 7, 10 (D.D.C. 2004). As the Court found in *Banks*:

> Lawyers, sensitive to the numerical restriction, also subdivide interrogatories so that after they introduce a topic, they demand to know in detail all the particulars

10

about it, frequently introducing their specific demands with the phrase "including but not limited to." Thus, they may ask their opponent to state whether a particular product was tested and then demand to know when the tests occurred, who performed them, how and where they were conducted and the result. In such a situation, all the questions relate to a single topic, testing, and it would be unfair and draconian to view each of the demands as a separate interrogatory.

222 F.R.D. at 10.

Plaintiff's interrogatories, as discussed in detail below, are exactly of the sort described by the Court in *Banks*. Where there are subparts, the subparts seek simply to delineate and specify the type information sought by the interrogatory as a whole. *See, infra*, Plaintiff's Interrogatory Nos. 1-4, 6-7, 9-15, 17-21, and 27. Because the subparts are legally and factually subsumed within the single topic of the interrogatory as a whole, the interrogatories are properly numbered and do not contain separate and distinct questions. Defendants' objections on this ground, therefore, are without merit and should be rejected.

**2.    Defendants' Repeated Objection That Plaintiff's Interrogatories "Call For a Lengthy Factual Narrative or Itemization and Call For Information That Can Be Provided More Efficiently by Other Means of Discovery" is Not a Proper Objection**

Defendants objected to nearly all of Plaintiff's Interrogatories on the grounds that they "call[] for a lengthy factual narrative or itemization and that [they] call[] for information that can be provided more efficiently by other means of discovery." *See* Defendants' Objections to Plaintiff's Interrogatories Nos. 1- 2, 5-10, 12-13, 15-16, 18-21, and 23-27. This objection is not valid.

This Court has rejected similar attempts by parties to refuse to answer interrogatories in narrative form. For example, in *Melius v. National Indian Gaming Com'n*, No. CIV A 98-2210,

2000 WL 1174994, at *1 -2 (D.D.C. July 21, 2000), this Court rejected a party's attempt to respond to an interrogatory by simply referencing documents that contained responsive information. The Court stated:

> First of all, an interrogatory is a question propounded to a party which that party must answer under oath. Fed. R. Civ. 33(b). A submission by that party's counsel which cross-references pleadings and exhibits is simply not an answer to that interrogatory by that party. It must be recalled that interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (Fed. R. Evid. 801(d)(2)), than an answer to an interrogatory. *See* Fed. R. Civ. P. 33(c) (expressly authorizing the use of interrogatories at trial to extent permitted by the law of evidence). A response which is nothing more than a cross-reference by counsel to other pleadings and exhibits is certainly not that kind of admission and defendant has every right to insist that the answer to its interrogatories be in the form the Federal Rules of Civil Procedure requires. Here, as throughout the law, the form is just as important as the substance.

2000 WL 1174994, at *1. *See also, e.g., Williams v. Johanns*, No. 03-2245, 2006 WL 3826967, at *3 (D.D.C. Dec. 28, 2006) (rejecting as "obviously" insufficient a party's reference to documents in response to an interrogatory).

Similarly, Defendants here seek to avoid fully answering nearly all of Plaintiff's Interrogatories on the grounds that the information may be "more efficiently" obtained by some other (unspecified) means of discovery. If such an objection were proper, Defendants would be able to avoid answering interrogatories altogether by simply stating that Plaintiff should ask the question in a deposition or via some other discovery tool. As the Court recognized in *Melius*, however, interrogatories are a specific discovery device provided by the Federal Rules that allow the opposing party to secure written admissions on topics relevant to the litigation. *See id.* Just as the plaintiff in *Melius* was not permitted to avoid answering interrogatories in narrative form by referring to documents containing responsive information, Defendants here should not be

12

permitted to avoid their duty to answer Plaintiff's interrogatories by simply stating that some

unspecified "other means of discovery" is a "more efficient" way for Plaintiff to obtain the

requested information.

Plaintiff is entitled to propound any and all discovery permitted by the Federal Rules and

the rules of this Court, and Defendants are required to respond to such discovery in good faith.

As such, this Court should reject all of Defendants' objections on this ground and compel

Defendant to provide, in written narrative form, full and complete responses to Plaintiff's

Interrogatories.

**3.    Defendants Offer No Support For Their Numerous "Overbroad" and "Overburdensome" Objections**

Defendants' numerous "overbroad" and "overburdensome" objections to Plaintiff's

interrogatories and document requests are also without merit or support.  Since the 1993

revisions to the Federal Rules of Civil Procedure, it is a well established precept of federal civil

procedure that parties must state "all grounds for an objection to an interrogatory . . . with

specificity."  Fed. R. Civ. P. 33(b)(4).  "[T]he responding party cannot merely state, in

conclusory fashion, that the requests are unduly burdensome." *United States of America ex. Rel.,*

*Kenneth Fisher v. Network Software Associates, et al.,* 217 F.R.D. 240, 246 (D.D.C. 2003)

(internal citation omitted).  "An objection must show specifically how an interrogatory is overly

broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the

nature of the burden."  *Chubb*, 103 F.R.D. at 59-60.  *See also American Rock Salt Co., LLC v.*

*Norfolk Southern Corp.,* 228 F.R.D. 426, 444 (W.D.N.Y. 2004) (rejecting burdensomeness

objection that was not "supported by an affidavit based on personal knowledge."); *Pacific Gas*

*and Elec. Co. v. U.S.*, 69 Fed. Cl. 323, 325-26 (Fed. Cl. 2005) (requiring affidavit to support

claim of burdensomeness). Defendants do not specify the ways in which Plaintiff's interrogatories are "overbroad," despite their numerous objections on this ground, nor do they provide any evidence, nor even any explanation, as to why Plaintiff's requests are overly broad or unduly burdensome. *See Swackhammer*, 225 F.R.D. at 661 ("Unless an interrogatory is overly broad on its face, the party resisting discovery has the burden to support its overbreadth objection.").

In addition, this Court has held that "boilerplate" objections should not be tolerated. *See, e.g., Pleasants*, 208 F.R.D. at 12; *Athridge v. Aetna Cas. & Sur. Co*., 184 F.R.D. 181, 191 (D.D.C. 1998). For example, the Court in *Pleasants* rejected a "vague, ambiguous, overbroad, and irrelevant" objection as "insufficient on its face" to sustain the burden on the opposing party to show "why the production sought would be unreasonably burdensome." 208 F.R.D. at 12.

Because Defendants' overbroad and "overburdensome" objections are not made with specificity or supported by any evidence, these objections should be rejected.

### 4. Defendants' Numerous Objections of Vagueness and Ambiguity Are Unsupported

Defendants' numerous objections that Plaintiff's discovery requests are "vague" and "ambiguous" are similarly unsupported. Simply objecting to a request as "vague" does not satisfy the party's burden to show why a response cannot be provided. *Doe*, 2005 WL 1787683, at *6. "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." *Swackhammer*, 225 F.R.D. at 662 (internal citations omitted).

Defendants' repeated failure to explain why it deems any particular word, phrase,

interrogatory or document request as "vague" or "ambiguous," their failure to explain why such purported ambiguity prevents them from responding fully to the request, and their blatant and deliberate failure to exercise reason or common sense to attribute ordinary definitions to the terms and phrases used in Plaintiff's Interrogatories, render their objections baseless.

## 5. Defendants' Repeated Objection that the Requests Call for a Conclusion of Law are Not Appropriate

Defendants' next repeated objection, that Plaintiff's interrogatories and document requests call for a conclusion of law, is also absolutely specious. In *Banks*, this Court held that an objection to an interrogatory on the grounds that it "seeks an answer to a pure question of law . . . is inappropriate." 222 F.R.D. at 13. Indeed, the law of this Circuit is clear that it is perfectly appropriate for an interrogatory to seek the application of law to fact, or to incorporate reference to a term of art or legal provision. As the Court stated in *Banks*, "[a]s to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." *Id.* (quoting Fed. R. Civ. P. 33(c) advisory committee's notes). Indeed, Fed. R. Civ. P. 33(c) specifically states that "an interrogatory . . . is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(c). Thus, to the extent Defendants have refused to fully answer Plaintiff's interrogatories or document requests on the grounds that they call for a conclusion of law, this objection is invalid and their full and complete responses should be compelled.

Plaintiff's discovery requests, as well Defendants' responses and objections, are reproduced and discussed in detail below.

**INTERROGATORIES**

*Interrogatory No. 3.*        *Identify all adverse actions taken against the Plaintiff by Defendants which in any way concerned Plaintiff's job performance, including, but not limited to, disciplinary measures, warning notices and performance appraisals, and verbal warnings, stating for each the reasons for the action and identify all persons with knowledge related to such action.*

*Objection:*        *Defendants object to this request on the grounds that "adverse action" is vague and calls for a conclusion of law. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object to this request on the grounds that it is vague as to the expression "concerned plaintiff's job performance." Defendants object to this request on the grounds that it is vague and overbroad as to "all persons with knowledge related to such action" and thus calls for information not likely to lead to admissible evidence. Defendants object to this request on the grounds that it is compound in form. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus two interrogatories.*

*Answer:*        *Without waiving said objections, Defendants responses are as follows. Among the many facts that, with or without the aforementioned objections, may be responsive to this request, InterSolutions counseled and terminated Plaintiff for multiple poor performance issues, some of which are listed in response to Interrogatory No. 1, above. Additionally, InterSolutions placed Ms. Green on a performance improvement plan. When approached with this plan, Ms. Green became disruptive, threatened violence, and refused to: a.) acknowledge the performance improvement plan; b.) participate in the performance improvement plan; and c.) improve or show a willingness to improve in any area in which InterSolutions identified a need for improvement.*

    Defendants' response to this Interrogatory is wholly deficient and their objections are

without merit.  As discussed, *supra*, their objection that the request calls for a conclusion of law

as to "adverse action" is without merit.  *See Banks*, 222 F.R.D. at 13.  The interrogatory does not

seek a conclusion of law, only a description of the delineated types of job actions taken against

Plaintiff regarding her job performance.  Defendants' objection that "to the extent that it calls for

a lengthy factual narrative or itemization and that calls for information that can be provided more

efficiently by other means of discovery" is also inappropriate, as discussed *supra*, Section II.B.2.

Defendants' objections that the request is vague regarding the expressions "adverse action,"

"concerned plaintiff's job performance," and "all persons with knowledge related to such action" are not warranted nor supported.   These terms are simply not vague.  Furthermore, examples are given of the types of adverse actions about which the interrogatory inquires: "disciplinary measures, warning notices and performance appraisals . . . ."   Nor is the request overbroad in seeking the identification of all individuals with knowledge of the adverse actions taken concerning Plaintiff's job performance; this information is highly likely to lead to the discovery of admissible evidence, since Plaintiff's performance has been cited by Defendants as at least one basis for her termination.  *See, e.g.,* Am. Countcl. at ¶ 17.

Finally, with respect to Defendants' objection that this request consists of "at least two wholly unrelated requests, and thus two interrogatories," Defendants are mistaken.  *See, supra,* Section II.B.1.  The subject matter of this interrogatory is Plaintiff's disciplinary history while employed by Defendants.  The interrogatory simply asks that Defendants identify all the details about any such discipline, including the reasons for the adverse actions and the persons with knowledge of the actions.  Because the interrogatory concerns a single theme, it should be counted as a single interrogatory.  *Banks*, 222 F.R.D. at 10.

With regard to Defendants' substantive response, Defendants state "Among the many facts . . ." and then do not go on to state the alleged "many facts."  Clearly, therefore, Defendants have not fully answered the Interrogatory, and a full and complete answer should be compelled.

**<u>Interrogatory No. 4.</u>        Identify all persons who made or participated in the decision to terminate the Plaintiff's employment and describe the job title and role of each such person.**

<u>Objection:</u>    *Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus two interrogatories. Defendants object to the expression "made or participated in the decision" as vague and ambiguous.*

17

*Answer:*        *Without waiving said objections, Defendants responses are as follows.*
*InterSolutions made the decision to terminate Plaintiffs employment. Persons who, before,*
*during, or after the termination, had involvement in the termination process include: Drew*
*Golin, John Wagithuku.*

Defendants' objections are without merit and their response is deficient.  The phrase
"made or participated in the decision" is in no way vague or ambiguous, and Defendants have
not articulated why they believe it to be so, nor why any such vagueness prevents them from
fully responding.  *See Doe,* 2005 WL 1787683, at *6.  Nor should the interrogatory be counted
as more than one.  The interrogatory inquires of one subject: the involvement of individuals in
the decision to terminate Plaintiff.  Defendants' objection is frivolous.  *See, e.g., Banks*, 222
F.R.D. at 10.

Likewise, Defendants' response to the interrogatory is insufficient.  Defendants state that
"persons who . . . had involvement in the termination process *include*" (emphasis added) Drew
Golin and John Wagithuku, suggesting that others may also have been involved, but Defendants
do not identify any other individuals.  Additionally, Defendants fail to describe the role of Drew
Golin and John Wagithuku in the termination of Plaintiff.  Defendants should be ordered to fully
respond to this interrogatory.

### *Interrogatory No. 5.        Describe all the facts supporting Defendants' reason(s) for terminating Plaintiff.*

*Objection:*        *Defendants object on the grounds that this request is vague and ambiguous as to*
*"Defendants". Defendants object to this Interrogatory to the extent that it calls for a lengthy*
*factual narrative or itemization and that calls for information that can be provided more*
*efficiently by other means of discovery. Defendants object on the grounds that the use of the term*
*"Defendants" here calls for a conclusion of law and for taking an allegation in dispute as true.*
*Defendant [sic] object on the grounds that this request taken in total calls for a conclusion of*
*law and raises an allegation in dispute.*

*Answer:*        *Without waiving said objections, Defendants responses are as follows.*
*Defendants incorporate as part of their response herein any and all applicable statements in*

*their Answer and elsewhere in this response. Plaintiff exhibited a persistent failure, despite numerous instances of counseling, reminder, warning and reprimand, to use the most updated computer accessed notations for dispatching staff to client sites, and in particular her failure to reference or adhere to client instructions not to resend a staff person. Plaintiff's job performance was poor and declining. Plaintiff was the direct and proximate cause of InterSolutions' loss of a significant client as well as the loss of other clients. When that significant client requested a meeting in order to voice its complaints about Plaintiff's poor performance and refusal to comply with their staffing requests, Plaintiff, at the last moment and without prior warning, failed to show up at that meeting. Plaintiff was not at the office when expected and refused to work at the office despite numerous requests and warnings on the subject. Plaintiff was directly responsible for a substantial business decline. Plaintiff was disruptive, rude, uncooperative, arid discourteous on numerous occasions towards subordinates, superiors, coworkers, clients, and applicants. Plaintiff's performance in recruiting and screening applicants was poor, and this resulted in a poor quality of the staff that she hired. Plaintiff exhibited poor performance in managing accounts. Plaintiff was presented with a performance improvement plan which she refused to sign, and at the presentation of which, she was disruptive and threatened violence. Plaintiff refused to participate in a plan to improve her performance.*

Defendants' objections are without merit and their response insufficient. Particularly striking is Defendants' objection to the term "Defendants" as vague and ambiguous. It refers, obviously to the named Defendants in this case. Defendants' objection that the response would require a lengthy factual narrative likewise is not a proper objection, as discussed *supra*. In addition, and for the same reasons, Defendants cannot "incorporate as part of their response herein any and all applicable statements in the Answer and elsewhere in this response" without even identifying to which "applicable statements" they refer. Defendants are required to answer the interrogatory in narrative form as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33; *Melius,* 2000 WL 1174994 at *1.

Defendants' objections that the use of the term "Defendants" calls for a conclusion of law, and that the interrogatory "taken in total calls for a conclusion of law" are blatantly specious. Defendants' further objection that the interrogatory as a whole and the term "Defendants" takes "an allegation in dispute as true" is also a frivolous objection. The

interrogatory seeks only the reasons Defendants fired Plaintiff.  That they fired her is an

undisputed fact.  But even if it were not, as this Court has held, to the extent an interrogatory

assumes facts in dispute, the opposing party "may state this in the response to the request."

*Pulliam v. Continental Cas. Co.*, No. Civ. A.02-0370, 2003 WL 1085939, at *4 (D.D.C. Jan. 24,

2003) (Kay, M.J.)  It is not a proper ground for an objection.  *Id.*

      Defendants should be compelled to a provide and full and complete answer to the

interrogatory.

***Interrogatory No. 6.***     ***Identify all persons who have been disciplined by and/or terminated
from employment by InterSolutions, Inc., and describe fully and in detail the circumstances
leading to, and the reasons for such discipline and/or terminations, and the individuals with
knowledge of such discipline and/or termination.***

*Objection:*     *Defendants object to this request on the grounds that it is overbroad. Defendants
object to this request on the grounds that it is not reasonably calculated to lead to the discovery
of admissible evidence. Defendants object to this Interrogatory to the extent that it calls for a
lengthy factual narrative or itemization and that calls for information that can be provided more
efficiently by other means of discovery. Defendants object to this request on both the
aforementioned grounds to the extent that it is not reasonably limited in temporal scope.
Defendants object to this request on grounds that it is overbroad and is not reasonably
calculated to lead to the discovery of admissible evidence to the extent that it is not reasonably
limited to relevant persons. Defendants object to this request on the grounds that it is compound
in form. Defendants object to the numbering of this item as one request, as it consists of at least
three wholly unrelated requests, and thus three interrogatories.*

*Answer:*     *Without waiving said objections, Defendants responses are as follows. Among
possible other individuals, Everett Bethea, Tina Wells, and Linda Green have been disciplined
and/or terminated.*

      Defendants' objections that this request is overbroad and not reasonably calculated to

lead to the discovery of admissible evidence lack merit.  The information sought in this

interrogatory is directly relevant to Plaintiff's claims in this case.  If, in fact, other employees or

former employees of InterSolutions were disciplined less severely for equal or more egregious

alleged misconduct than that identified by Defendants as the reason for Plaintiff's termination,

this would be proof supporting Plaintiff's claims. If, in fact, certain individuals were not disciplined or terminated for similar conduct, such evidence would be used as comparator evidence to prove pretext. Further, if, in fact, other employees or former employees who complained about FLSA violations or other illegal acts of Defendants were disciplined or fired by Defendants for such complaints, this evidence too would help to prove a pattern of such conduct, intent, and pretext.

Defendants' objection that the request calls for a lengthy factual narrative is not appropriate, as discussed *supra*. Defendants' objection that the interrogatory is compound and consists of more than one interrogatory is without merit. The interrogatory seeks only to elicit details concerning a common theme – discipline of other InterSolutions employees – and therefore should be counted as one interrogatory. *See In re ULLICO*, 2006 WL 2398742, at *2.

Defendants' substantive response, once again, is insufficient. Specifically, the response includes the language, "Among possible other individuals . . . ," but then does not go on to identify any other individuals. Defendants are aware whether any other employees were disciplined or terminated. They thus appear to be withholding responsive information. Further, Defendants failed to describe the circumstances leading to, and the reasons for such discipline and/or terminations. Defendants also failed to identify the individuals with knowledge of such discipline and/or termination. Due to Defendants' blatant failure to respond in good faith to the request, Defendants should be compelled to provide a full and complete response.

***Interrogatory No. 7.*** *Identify all persons who have violated an InterSolutions' policy, who have received negative performance reviews, and/or who have received a verbal warning regarding poor performance, describing the policies violated, reason(s) for the poor performance review, and/or the verbal warning, and identify the individuals who have knowledge of the violated policies, poor reviews, and/or verbal warnings.*

*Objection:*    Defendants object this request on the grounds that it is vague as to "InterSolutions' policy". Defendants object to this request on the grounds that it is vague as "verbal warning" and as to "poor performance" and as to "poor reviews" and as to "knowledge of the violated policies." Defendants object to this request on the grounds that it is ambiguous as to the use of "poor performance" and "poor performance review". Defendants object to this interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object to this request on the grounds that it is grossly overbroad as to all who have received verbal warning regarding poor performance, Defendants object to this request on the grounds that it is overbroad and not likely to lead to the discovery of admissible evidence to the extent that it is not reasonably limited in temporal scope. Defendants object to this request on grounds that it is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not reasonably limited to relevant persons. Defendants object to this request on the grounds that it is over broad and not likely to lead to admissible evidence as to "policies violated", and as to "the reasons for the poor performance review". Defendants object to the numbering of this item as one request, as it consists of at least five wholly unrelated requests, and thus five interrogatories.

*Answer:*    Without waiving said objections, Defendants responses are as follows. Among possible other persons, Everett Bethea received "negative performance reviews, and/or who have received a verbal warning regarding poor performance." Plaintiff is the person who issued and authored it. Plaintiff also received "negative performance reviews, and/or who have received a verbal warning regarding poor performance." Plaintiff was regarded by InterSolutions as among the worst performing employees InterSolutions ever had. Plaintiff was counseled, warned, and/or reprimanded multiple times about her failure to treat co-workers with respect. Plaintiff was counseled, warned and/or reprimanded on multiple occasions about the need for her to work at the office and use the staffing software. Plaintiff persisted in refusing this instruction, in part claiming that she needed to be out of the office "selling," despite InterSolutions response on multiple occasions that Plaintiff needed to be in the office for quality control. This failure on the part of Plaintiff directly led to the loss of clients, including a very substantial client from the perspective of business volume. Plaintiff, without prior warning, failed to show up at a meeting of that substantial client, the purpose of which was to address their grievances about Plaintiffs poor work quality and refusal to comply with their requests. Even after that meeting, Plaintiff continued to refuse to comply with the same client requests. Plaintiff failed to get along with others. Plaintiff ignored InterSolutions' quality of staffing instructions. Plaintiff blocked calls from persons who complained.

Defendants' objections regarding vagueness lack merit. Defendants should know what constitutes an "InterSolutions policy," a "verbal warning," "poor performance," and "poor reviews," as those terms were used in the course of Defendants' business.  The phrase "knowledge of the violated policies" is not vague.  In any event, Defendants have failed to

specify how any such vagueness prevents them from fully responding. *See Doe*, 2005 WL 1787683, at *6. With regard to Defendants' objection that the request is overbroad and not limited in temporal scope as to "all who have received a verbal warning regarding poor performance," Plaintiff agreed to limit her request to those warnings given since December 2001. *See* Ex. 4. Nevertheless, Defendants continue to refuse to respond fully. *See* Ex. 9 at 8. Defendants have failed to articulate why these time frames are overly broad, and cannot meet their burden of showing Plaintiff is not entitled to this information.

Finally, Defendants' objection that the interrogatory consists of "at least five wholly unrelated requests, and thus five interrogatories," is without merit. Far from being unrelated, the delineated information sought by the interrogatory covers one central topic: the identification of comparator employees whose work was unsatisfactory to Defendants, either because those individuals violated InterSolutions' policies or because those individuals were inadequately performing. The remaining delineated types of information all relate to that central topic, and thus the interrogatory should be counted as a single question. *See In re ULLICO,* 2006 WL 2398742, at *2.

As for Defendants' substantive responses, Defendants' response that "Among possible other persons . . ." suggests that there may have been other individuals who received warnings, but the response does not identify such individuals. Defendants should be compelled to supplement this response to include all such persons since December 2001. Defendants further failed to identify or describe any policies that were allegedly violated, or to identify individuals with knowledge of the violated policies, poor reviews and/or verbal warnings. Defendants'

failure to comply with their discovery obligations and answer this interrogatory in good faith

requires that their responses be compelled by the Court.

**_Interrogatory No. 8._**        _Identify the revenue and net profit received by Defendants from each of its departments including, but not limited to the concierge department, leasing department, and maintenance department for each month from December 2002 to the present._

_Objection:_        _Defendants object to this request on the grounds that it is not likely to lead to admissible information. Defendants object to this request on the grounds that it is grossly overbroad as to revenue and net profit. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object to this request on the grounds that it is overbroad as to its temporal scope, including December 2002 through all time periods not relevant to this matter, and as to the present. Defendants object to this request on the grounds that it is not likely to lead to admissible information as to leasing and maintenance departments._

_Answer:_        _Without waiving said objections, Defendants responses are as follows. The concierge department, the department for which Plaintiff was directly responsible, suffered substantial decline in business, as well as in quality and morale, during the portion of time that Plaintiff was responsible for the department. That department improved in the corresponding months of the following year, in which months Plaintiff was no longer responsible for the department. In March 2005, the Concierge Department had a business volume of 6,562 hours per month. In the same month of the following year, that figure was 4,465.25 and the year after it was 3,849. In March 2005, 2,329 hours were assigned to Archstone properties; in March 2006, that number was 1,545.5, and in March 2007, that figure was zero. In April 2005, that department assigned 5,466.75 hours per month; in April 2006, it assigned 5,499.75; in April 2007, 6,848.5. In May 2005, that department had a volume of 7,085.5 hours; in May 2006 it was 4,628.5; and in May 2007, it was 5,362.5. In June 2005, the department assigned 6,412.75 hours; in June 2006 it assigned 4,857.75; and in June 2007 it assigned 5,849.25. In July 2005, its volume was 7,132.75. In July 2006, its volume was 5,367.25. In July 2007, its volume was 7,852.25._

Each of Defendants' objections lacks merit, as discussed _supra_.  All of the information

requested in this Interrogatory is designed to obtain information that is reasonably calculated to

lead to the discovery of admissible evidence.  This information will demonstrate that the Plaintiff

performed her job well and that her Concierge Department outperformed other departments.  The

information provided for the one year prior to Plaintiff's employment as well as the time frame

since her termination will establish comparison points for the performance of her department before, during, and after her tenure with InterSolutions and is relevant to Defendants' articulated reason for terminating Plaintiff: her alleged poor performance and the resulting poor performance of her department. In fact, in their response to Plaintiff's Interrogatory No. 7, Defendants stated that Plaintiff was "among the worst performing employees InterSolutions ever had." *See* Answer to Interrogatory No. 7, *supra*. This evidence is needed to rebut Defendants' articulated reason for terminating Plaintiff. It will also help establish whether Defendants properly paid her bonuses; which goes to the heart of Plaintiff's breach of contract claim.

Defendants have not offered any support for their boilerplate claim that this interrogatory would place "an unreasonable burden on Defendants." *See* Ex. 9 at 9. Defendants' objection that the information "can be provided more efficiently by other means of discovery" is without merit, as discussed *supra*. Defendants should be compelled to provide a full and complete response to this Interrogatory.

**_Interrogatory No. 9._**     **Identify all polices, practices, procedures, and the method(s) used to determine each of the bonuses given to Ms. Green by InterSolutions, Inc., and identify all documents supporting and/or evidencing such policies, practices, procedures and/or methods used and/or relied upon.**

*Objection:*     *Defendants object to this request on the grounds that it is vague as to "polices, practices, procedures, and the method(s)" and "supporting". Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemi2ation and that calls for information that can be provided more efficiently by other means of discovery. Defendants object to this request on the grounds that "evidencing" assumes alleged facts in dispute and calls for a conclusion of law. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus two interrogatories.*

*Answer:*     *Without waiving said objections, Defendants responses are as follows. Plaintiff's initial arrangement, to the extent that it was reduced to writing signed by the parties, speaks for itself. To the extent that nothing in this response should be construed as contrary or limiting to such writing, Plaintiff received a bonus from time to time in a discretionary manner and also received payment for department performance or revenue generated minus costs of department*

25

*including background checks, cell phone bills from department, staff, costs of hiring, multiplied by a percent. Initially, this payment was based on when the money was received, not upon when the money was earned. That changed to being based upon money received in the prior month.*

Defendants' objections lack merit. Defendants' objections to the terms "policies, practices, procedures, and the method(s)" as "vague" is not stated with adequate specificity, nor is it supportable. The terms are not vague. Likewise, the objections that the term "evidencing" assumes alleged facts in dispute and calls for a conclusion of law are nothing short of sanctionable.

Further, Defendants' response is deficient. It states that, at times, Plaintiff received a bonus "in a discretionary manner," but does not describe the manner in which the amount of the bonus was calculated. Nor does the response sufficiently describe the various other methods used to determine Plaintiff's bonus alluded to in the response. Defendants should be compelled to provide a full and complete response to this interrogatory.

**_Interrogatory No. 10._**      **_State fully and describe in detail the reason for, and all events leading up to, the loss of the Archstone contract, and identify all individuals who have knowledge of and/or who were involved in any discussions regarding the loss of the contract, stating the knowledge of each individual, and identify all communications regarding, referencing, or pertaining to the loss of the Archstone contract, including the date of the communication, the persons involved in the communication, and the content of the communication._**

_Objection:_      _Defendants object to this request on the grounds that it is vague as to the expressions "leading up to" and "knowledge" and "involved in" as they related to all events or communications. Defendants object to this request to the extent that it seeks knowledge of nonparties. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants objects to this request on the grounds that it is overbroad as to knowledge. Defendants object on the grounds that this request is vague and overbroad as to "involved in any discussions" and "loss of" contract. Defendants object as to the reference to a contract as being vague and conclusory. Defendants object to the numbering of this item as one request, as it consists of at least four wholly unrelated requests, and thus at least four interrogatories._

26

*Answer:        Without waiving said objections, Defendants responses are as follows. Plaintiff refused to regularly work in the office during regular working hours. Plaintiff persisted in this refusal despite numerous occasions where InterSolutions requested it, counseled her, warned her, and reprimanded her for her refusal. This refusal had a direct impact on, among other critical business operations, Plaintiff's ability to recruit and hire quality candidates and upon her ability to staff client requests with persons who were eligible for a particular assignment. On this second problem, clients, including Archstone, complained to Plaintiff a number of times, but Plaintiff ignored the complaints and/or blocked the complaints from getting to others at InterSolutions. Archstone, at a late stage in its dissatisfaction with this problem, requested a meeting with the responsible persons at InterSolutions, including Plaintiff since she was the account manager for concierge assignments. Plaintiff, at the last moment, failed to attend the meeting without providing prior notice. Drew Golin attended the meeting. Archstone staff were present at the meeting. John Wagithuku was hired in part for the purpose to address quality control problems including those mentioned herein. John Wagithuku was hired in part for the purpose of either managing Plaintiff's poor work attitude and work quality, thereby hopefully improving that department's performance, or managing her termination.*

Defendants' objections lack merit.  Defendants have not stated with sufficient particularity why the interrogatory is vague or overbroad.  Defendants' objection to the request "to the extent that it seeks knowledge of nonparties," is not an appropriate objection and is, in any event, meritless.  Plaintiff obviously only sought the knowledge and information of the parties on which the discovery was served.  *See* Fed. R. Civ. P. 33(b); *Doe v. District of Columbia*, 231 F.R.D. 27, 35 (D.D.C. 2005).  Defendants' objection to the "reference to a contract as being vague and conclusory" is without merit.  If no contract existed, Defendants can simply so state.  *Pulliam,* No. Civ. A.02-0370, 2003 WL 1085939, at *4.

Defendants' objection that the interrogatory "consists of at least four wholly unrelated requests, and thus at least four interrogatories," is meritless.  This interrogatory relates to one single topic:  the reasons that InterSolutions lost its contract with Archstone.  Because all of the delineated information sought relates to this central topic, the request should be counted as a single interrogatory.  *In re ULLICO, 2006* WL 2398742, at *2.

27

As for the substantive response provided, Defendants fail to articulate their understanding as to the reason(s) Archstone terminated the contract. They further fail to identify all individuals who have knowledge of and/or who were involved in any discussions regarding the loss of the contract. Defendants failed to state the knowledge of each such individual. Defendants also failed to identify all communications regarding the loss of the Archstone contract, including the date of such communications, the persons involved, and the content of such communications.

Defendants should be compelled to provide a full and complete response to this interrogatory.

***Interrogatory No. 11.*** *Identify all individuals with knowledge of any or all of Ms. Green's communications with Defendants regarding their failure to pay overtime to employees, and for each such complaint, state the date the complaint was made, the individuals who have knowledge of the complaint, and what action, if any, the Defendants took in response to the complaints.*

*Objection:* *Defendants object to this request on the grounds that the use of the term "Defendants" in the specific context of this request is vague and ambiguous. Defendants object to this request because it assumes alleged facts in dispute. Defendants object to this request because it calls for a conclusion of law which is denied. Defendants object to this request to this request as to an alleged failure of overtime pay which consists of alleged facts in dispute and calls for a conclusion of law. Defendants object to this request as it is vague and ambiguous as to "their" and "complaint." Defendants object to the numbering of this item as one request, as it consists of at least four wholly unrelated requests, and thus at least four interrogatories.*

*Answer:* *Without waiving said objections, Defendants responses are as follows. Employees from time to time asked questions about their pay and/or rate, and InterSolutions addressed them promptly to the employee's satisfaction. Plaintiff tried to persuade InterSolutions to adopt a system that InterSolutions later concluded was arguably not compliant at which time InterSolutions promptly ended the practice proposed and advocated by Plaintiff. When employees complained directly to Plaintiff, she threatened them to remain silent under punishment of not getting future assignments. Plaintiff used threats and intimidation towards coworkers to keep Defendants from knowing about complaints.*

Defendants' objections lack merit. The terms "Defendants," "their," and "complaint" are not vague and ambiguous, nor have Defendants explained why they deem them to be so. Nor

28

have Defendants satisfied their burden to establish why any such purported vagueness or ambiguity prevents them from fully responding to the interrogatory.  The objections that the interrogatory assumes alleged facts in dispute and calls for a conclusion of law are not proper objections, as discussed *supra*.  Defendants' objection that the request represents more than one interrogatory is also without merit.  The topic of this request is singular: complaints made by Plaintiff to Defendants regarding their failure to pay overtime wage rates to employees.  All other delineated types of information sought regarding this single topic are intrinsically related thereto, and therefore the interrogatory is properly numbered as a single interrogatory.  *See, e.g., Banks*, 222 F.R.D. at 10.

Defendants' response is wholly inadequate insofar as it fails to identify which employees raised questions about their pay and the dates of such questions.  Defendants also failed to identify the specific individuals to whom these employees raised questions.  Defendants failed to state what action, if any, they took in response to the questions or complaints.  Defendants failed to identify all individuals who Plaintiff allegedly threatened.  Defendants failed to identify all individuals with knowledge of any or all of Plaintiff's communication with Defendants regarding their failure to pay overtime to employees.  Defendants should be compelled to fully answer this interrogatory.

**<u>Interrogatory No. 12.</u>    Identify all individuals to whom Defendants belatedly made payments for overtime wages owed, or to settle claims of overtime wages allegedly owed, stating the amount each individual was subsequently paid, and the date upon which the late payment was made, including but not limited to the amounts paid to current and former employees between the filing of the Complaints in Cryer, et al. v. Intersolutions, et al., Case No. 1:06-cv-02032 and Wells v. Intersolutions, Inc., et al., Case No. 1:06-cv-02033, and the present.**

<u>Objection:</u>    Defendants object on the grounds that this request is vague and calls for a conclusion of law as to "belatedly," "wages allegedly owed," "settled claims," "late," and

"claims of overtime wages." Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery, assuming such discovery is not otherwise or similarly improper, including a request for documents which speak for themselves. Defendant objects that this request is vague as to "subsequently" in reference to a vague or ambiguous precedent event. Defendants object to an allegation of a late payment as a conclusion of an allegation in dispute. Defendants object that this request is vague as to temporal reference. Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure. Defendants object to this request on the grounds that it is information which Plaintiff by counsel has direct knowledge.

_Answer:_        [No Answer]

Defendants' complete refusal to answer this interrogatory should not be permitted.

Defendants' objections lack merit.  The objections that the interrogatory is "vague," calls for

"information that can be provided more efficiently by other means of discovery," refers to an

"allegation in dispute," are not appropriate objections, as discussed _supra_.  Defendants have not

sustained their burden of establishing how the interrogatory is vague or why any such vagueness

prevents them from responding.  _See Doe,_ 2005 WL 1787683, at *6.  Finally, Defendants'

objection that the interrogatory is not numbered correctly is meritless.  The interrogatory

concerns one topic: belated payments of wages owed by InterSolutions to its employees.  All

other delineated items are intrinsically related to this topic, and therefore the interrogatory is

properly numbered as a single interrogatory.  _See, e.g., Banks_, 222 F.R.D. at 10.  Defendants

should be compelled to answer.

**_Interrogatory No. 13._        _Describe in detail all efforts undertaken by Defendants to determine their obligation to pay overtime wage rates to employees, the scope of Defendants' failure to properly pay overtime wage rates to employees, and all efforts made to rectify Defendants' failure to properly pay overtime wage rates to InterSolutions' employees._**

_Objection:_        _Defendants object on the grounds that it calls for a conclusion of law as to an "obligation," and as to Defendant's alleged "failure." Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information_

30

*that can be provided more efficiently by other means of discovery. Defendants object that this request is vague as to rectify as to failure. Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:        Without waiving said objections, Defendants responses are as follows. InterSolutions pay practices and its internal controls are reliable and accurate and achieve results that are reliable and accurate.*

Defendants' objections that the interrogatory "calls for a conclusion of law," calls for a lengthy factual narrative," and is vague, are without merit, as discussed repeatedly, *supra*.  The interrogatory is properly numbered a single interrogatory as it relates to one topic:  efforts undertaken by Defendants to remedy their failure to properly pay overtime to their employees.

*See, e.g., Banks*, 222 F.R.D. at 10.  Finally, Defendants' answer is not responsive to the Interrogatory.  Defendants should be compelled to fully and completely answer the Interrogatory propounded.

**_Interrogatory No. 14._**        **_Identify all clients who complained about Plaintiff, including, but not limited to complaints that Plaintiff had a negative attitude and/or didn't follow client instructions, describing the complaints, the dates the complaints were made, and the individuals who have knowledge of the complaints._**

*Objection:        Without waiving said objections, Defendants responses are as follows. Defendants object to this request on the grounds that it is vague and overbroad as to "negative," "complained," "individuals," and "knowledge." Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. To the extent that it is not reasonably calculated to lead to the discovery of admissible evidence, Defendants object. Defendants object that this request is vague and overbroad as to temporal scope. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus at least two interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:        Without waiving said objections, Defendants responses are as follows. Among other clients, the following complained specifically about Plaintiff's poor work quality and refusal to follow client instructions about not resending specific staff persons: Avalon, Bozutto, Archstone, Archstone Smith, Avalon Ballston.*

Defendants' objections lack merit.  As discussed above, the objection that the interrogatory calls for information more easily obtained through other means of discovery is without merit.  Defendants' objection that the words "negative," "complained," "individuals," and "knowledge" are vague is absolutely frivolous.  Defendants have not articulated how these objections are vague or why any such vagueness prevents them from responding.  Defendants have not stated their overbroad objection with sufficient particularity, nor have they sustained their burden of establishing how or why the request is overbroad, as discussed *supra*.  "[T]he responding party cannot 'merely state, in conclusory fashion, that the requests are unduly burdensome.'"  *Network Software Associates,* 217 F.R.D. at 246.

Defendants' objection that the Interrogatory is overbroad as to temporal scope is nonsensical as the Interrogatory is specifically tailored to complaints about the Plaintiff, which is one of the reasons Defendants give for firing her.  The information sought by this request, therefore, is highly likely to lead to the discovery of admissible evidence, as it goes directly to Defendants' articulated reason for terminating Plaintiff.  Finally, regarding Defendants' objection that the request consists of "at least two wholly unrelated requests," Defendants are incorrect.  The interrogatory inquires of one topic — client complaints about Plaintiff — and therefore is properly numbered as a single interrogatory.  *See, e.g., Banks*, 222 F.R.D. at 10.

As for the substantive response, Defendants failed to fully answer this Interrogatory.  Defendants state that "Among other clients," suggesting that additional clients other than those listed complained about Plaintiff, but then do not identify any additional clients.  Further, Defendants failed to describe the specific alleged complaints, the date the complaints were

32

allegedly made, and the individuals who have knowledge of the alleged complaints. Defendants

should be compelled to provide a full response to this interrogatory.

**_Interrogatory No. 15._**     **_Describe all conversations between and/or among defendants and/or any other individual regarding the fact that Ms. Green had cancer and/or her requests for medical leave, including the date and means by which Defendants were first informed Ms. Green had cancer._**

_Objection:_     _Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object to this request on the grounds that it is vague and overbroad as to "describe," and "medical leave" and "Defendants." Defendants object to this request on the grounds that it assumes alleged facts in dispute and calls for a conclusion of law. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus at least two interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure._

_Answer:_     _Without waiving said objections, Defendants responses are as follows. Plaintiff did not submit a request for medical leave, refused to inform InterSolutions as to the nature of her absence, and refused to provide doctors notes when requested. Plaintiff never informed Defendants she had cancer. Defendants did not know, and as of the date of this response, still do not know that Plaintiff had cancer. Plaintiff only once informed InterSolutions that she said she had a doctor appointment for a biopsy. lnterSolutions did not understand this information to suggest a diagnosis, but rather took the word biopsy as containing within its own meaning a statement that no diagnosis had at that date been made. No Defendant knew about, and Linda never mentioned cancer. Linda requested a leave of absence, and InterSolutions requested a doctors note. Linda refused and challenged the request on the ground that such a requirement was unfair. Plaintiff never provided any such doctors notes, Nevertheless, Plaintiff took all leave which she requested, and no leave was ever denied. InterSolutions requested a doctor's note on or about June 14, 2006, Plaintiff challenged InterSolutions' request and never provided it._

Defendants' objections are without merit. Defendants' objections that the information

sought can be provided "more efficiently by other means of discovery," assumes alleged facts in

dispute, and calls for a conclusion of law are wholly without merit. Their objection that the

terms "describe," "medical leave," and "Defendants" render the request vague and/or overbroad

is frivolous. Finally, because the interrogatory relates to a single topic — Plaintiff's discussions

with Defendants regarding her medical condition — the request is properly numbered as a single

interrogatory.  Further, Defendants' response is insufficient.  Defendants failed to describe all

conversations regarding the fact Plaintiff had cancer and/or her requests for medical leave,

including the date of such conversations.  Defendants should be compelled to provide full and

complete response to Plaintiff's interrogatory.

***Interrogatory No. 16.***      ***Describe all facts supporting your contentions that Plaintiff was
disruptive, uncontrollable, and threatened to commit acts of physical violence to
Intersolutions' office and employees, and identify all individuals to whom such threats were
made and all individuals who have knowledge of such threats and acts.***

*Objection:*      *Defendants object to this Interrogatory to the extent that it calls for a lengthy
factual narrative or itemization and that calls for information that can be provided more
efficiently by other means of discovery. Defendants object to the numbering of this item as one
request, as it consists of at least three wholly unrelated requests, and thus at least three
interrogatories. Defendants object that this request exceeds the amount allowed by the Federal
Rules of Civil Procedure.*

*Answer:*      *Without waiving said objections, Defendants responses are as follows. Plaintiff
was disruptive, uncontrollable, threatened to commit acts of physical violence. Among several
others, John Wagithuku, Craig Al Amin, and Rashida Ahmed had knowledge of threats and
disruptive acts.*

*Supplemental Answer:*      *Without waiving the objections in Defendants' Responses to
Plaintiff's First Set of Interrogatories, Defendants respond as follows. Upon good faith and
belief, on or about August 1, 2006, Plaintiff was presented with a Performance Improvement
Plan by John Wagithuku. Upon good faith and belief, Ms. Green refused to sign the Performance
Improvement Plan. Upon good faith and belief, after refusing to sign the Performance
Improvement Plan, Ms. Green threatened violence upon her coworkers and threatened
destructive action against the office of InterSolutions, Inc.*

Defendants' objections that this interrogatory calls for information that can be provided

more efficiently by other means of discovery is without merit, as discussed above.  The request is

properly numbered because it relates to a single topic: Defendants' contentions that Plaintiff was

disruptive, uncontrollable, and threatened to commit acts of physical violence, allegations made

in Defendants' Amended Answer and Counterclaims, ¶¶ 14-16.

Defendants' answer to this interrogatory is wholly deficient in supplying facts in response to the interrogatory. Instead, Defendants merely restate the conclusory, vague allegations found in their Counterclaims. Defendants failed to identify the individuals to which the threats were allegedly made. With regard to individuals with knowledge of the threats, Defendants suggest that they have not identified all individuals with knowledge when they stated "Among several others . . . ." Defendants should be compelled to provide a full and complete answer to this interrogatory.

***Interrogatory No. 17.*** *Identify each individual who supplied information for or otherwise contributed to the answering of Ms. Green's Interrogatories and, with respect to each such person, state the subject matter of each person's information or other contribution.*

*Objection:* *Defendants object to this request on the grounds that it is vague as to contributed, and as to contribution and as to Ms. Green's Interrogatories and as to the subject matter of each person's information or contribution. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus at least two interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:* *Without waiving said objections, Defendants responses are as follows. Drew Golin, John Wagithuku contributed the subject matter that formed the responses herein.*

*Supplemental Answer:* *Without waiving the objections in Defendants' Responses to Plaintiff's First Set of Interrogatories, Defendants responses are as follows. Sara Walder also contributed to the subject matter that formed the responses herein. Ms. Walder has knowledge of InterSolutions operating procedures. John Wagithuku has knowledge of InterSolutions operating procedures and Plaintiff's employment history. Drew Golin has knowledge of InterSolutions operating procedures and Plaintiff's employment history.*

Defendants' objections lack even colorable merit. There is nothing vague about the terms "contributed," "Ms. Green's Interrogatories," or "subject matter of each person's information or contribution." Defendants' objections to these common words and phrases further evidence an intentionally obstructionist approach to discovery in this case. Furthermore, the numbering of this request as a single interrogatory is proper given that it relates to a single topic: the source of

35

the information contained in Defendants' answers to the Interrogatories.  Defendants' response

fails to sufficiently identify the subject matter of each individual's contribution to the

interrogatory responses.  Defendants should be compelled to provide a full and accurate response

to the interrogatory.

***Interrogatory No. 18.    State all facts in support of your allegation that Ms. Green informed Mr. Chamberlain that she had been fired because she had cancer, including the identities of the individuals with knowledge of such facts, and describe all facts supporting your allegation that Crystal House ceased doing business with InterSolutions based upon Ms. Green's statement.***

*Objection:    Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus at least two interrogatories, Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:    Without waiving said objections, Defendants responses are as follows. Linda Green and Mr. Chamberlain have direct knowledge of the alleged facts in this request. Defendants incorporate by reference all allegations in its Amended Answer and Counterclaim.*

*Supplemental Answer:    Without waiving the objections in Defendants' Responses to Plaintiffs First Set of Interrogatories, Defendants responses are as follows. Upon good faith and belief, Ms. Green and Mr. Chamberlain have knowledge that Ms. Green informed Mr. Chamberlain that she had been fired because she had cancer.*

Defendants' objections to this Interrogatory lack merit.  That the interrogatory allegedly

calls for a "lengthy factual narrative" is not a proper objection, nor is Defendants' contention that

the information can be gathered "more efficiently by other means of discovery," as discussed

*supra*.  The request is properly numbered as a single interrogatory as it seeks information on a

single topic:  Defendants' allegation that Crystal House stopped doing business with

Intersolutions because Plaintiff told an employee of Crystal House (Mr. Chamberlain) that

Defendants fired her because she had cancer.  Am. Countcl. at ¶¶ 19-21.

Defendants' response to this interrogatory is completely insufficient. Defendants included these allegations in their Counterclaims against Plaintiff, so, presumably, they have personal knowledge of the underlying facts. If Defendants have knowledge of no facts supporting their allegation, they must so state. Defendants should be compelled to provide a fully responsive answer to this interrogatory.

***Interrogatory No. 19.*** ***State all facts in support of your Counterclaim that Ms. Green violated the Electronic Communications Privacy Act ("ECPA"), including but not limited to your contentions that:***

*Objection:* *Defendants object to this request because it calls for a conclusion of law. Defendants object to this request because it calls for information for which an interrogatory is not appropriate. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus at least two interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

> ***(a) Intersolutions' place of business and computer system constitute a facility through which an electronic communication service is provided;***

*Objection:* *Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object that this request is vague and calls for a conclusion of law as to violated and facility and as to "place of business". Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

> ***(b) that Ms. Green accessed without authorization, or exceeded her authorization to Intersolutions' computer system,***

*Objection:* *Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object that this request is vague as to "authorization to...system." Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

> ***(c) specific communications were accessed by Ms. Green, identifying which communications you allege were accessed and when;***

37

*Objection:*      Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object that this request is vague and ambiguous as to "when," and that it calls for facts in dispute as to specific communications, and that it is ambiguous as to whether "accessed" refers to unauthorized access or all access. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

### (d) the communication alleged to have been accessed was in electronic storage;

*Objection:*      Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object that this request is vague and ambiguous as to "the communication" and as to whether "accessed" refers to unauthorized access or all access. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

### (e) that the communication alleged to have been accessed was part of Defendants' electronic communication service; and

*Objection:*      Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object that this request is vague and ambiguous as to "communication" and as to whether accessed refers to unauthorized access or all access. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

### (f) that the communications alleged to have been accessed constitute electronic communications as defined by the ECPA.

*Objection:*      Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object that this request is vague and ambiguous as to "communication" and as to whether accessed refers to unauthorized access or all access. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

*Answer:*      [No Answer]

Defendants' numerous objections to this interrogatory are without merit.  The

request does not call for a conclusion of law, but asks Defendants simply to "state all

facts" in support of their ECPA claim.  Furthermore, use of terms and phrases that form

part of Defendants' ECPA cause of action does not convert the request to one seeking a

legal conclusion.

The "including but not limited to" language, which introduces the specific elements of the claims (delineated in subparts), was specifically sanctioned by the court in *Banks* and is appropriate. *Banks*, 222 F.R.D. at 10. Because the subparts all refer to a single topic — Defendants' ECPA counterclaim — the request is properly numbered as a single interrogatory. *See id*. Defendants' objection that the information can be provided "more efficiently by other means of discovery" is not a proper objection. Defendants' objection that various phrases of the request are vague is especially perplexing, given that the request merely mirrors the language employed by Defendants when stating their ECPA counterclaim. Am. Countcl. at ¶¶ 23-27. To the extent Defendants objected on the basis that the request "calls for facts in dispute as to specific communications," such is not a proper objection, as discussed *supra*. Defendants are required to answer the interrogatory according to their knowledge and understanding of the facts responsive to the question, no matter if they are in dispute.

Defendants' objection to Interrogatory 19(c), (d), (e), and (f)'s reference to "accessed" is further evidence of Defendants' purposeful obfuscation of discoverable information, as the phrase clearly asks for communications accessed by Plaintiff in violation of ECPA, as alleged by Defendants. Such obfuscation is further evidenced by Defendants' repeated objection to the term "communication" as vague. Defendants presumably believe Plaintiff accessed at least one particular communication in violation of ECPA; they should know which communication(s) form the basis of their counterclaim and identify it.

Defendants' complete refusal to respond to this Interrogatory and prevent Plaintiff's access to rightfully due discovery should not be tolerated. Defendants should be compelled to provide a full and complete response to this interrogatory.

***Interrogatory No. 20.*** *Identify each and every alleged trade secret InterSolutions believes Plaintiff misappropriated and all factual bases supporting Defendants' assertion that such information constituted trade secret(s), and all factual bases supporting Defendants' assertion that Plaintiff misappropriated any such trade secrets.*

*Objection:* *Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendant objects on the grounds that this request calls for a conclusion of law. Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:* [No Answer]

Defendants' objections that the interrogatory "calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery" is without merit. Defendants' objection that the request calls for a legal conclusion is both unfounded and without merit. It clearly calls only for factual support of Defendants' allegations that Plaintiff misappropriated trade secrets. *See* Am. Countcl. at ¶¶ 31-45.

Furthermore, the request is properly numbered as a single interrogatory because it concerns a single theme: Defendants' allegation that Plaintiff misappropriated trade secrets. Defendants should be compelled to provide a fully responsive answer to this Interrogatory.

***Interrogatory No. 21.*** *Explain in detail the circumstances surrounding the "forensic discovery" Defendants allegedly conducted due to Plaintiff's alleged breach of contract, including when such "forensic discovery" took place, who conducted the discovery, what information was revealed as a result as such discovery, why such discovery was necessary, and what resources were expended conducting such discovery.*

40

*Objection:*     *Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants objects that this request calls for a conclusion of law. Defendants object that this request calls for information that may or is covered under the attorney work product doctrine. Defendants object that this request is vague and ambiguous as to the term "due to". Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:*     [No Answer]

Defendants' objections are without merit. Defendants' objection that the interrogatory "calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery" is without merit. Defendants' objection that the request calls for a legal conclusion is also without merit (as discussed *supra*). Plaintiff plainly asked for a factual explanation, not a conclusion of law. If there is information responsive to the interrogatory that Defendants believe is subject to the attorney work product doctrine, then they should provide a privilege log. They have not. Defendants' objection to the phrase "due to" as vague is yet another baseless objection unsupported by reason or common sense. Finally, the interrogatory is properly numbered because it covers only one topic: the facts supporting Defendants' allegation in their Amended Counterclaims that they "expended substantial resources discovering Ms. Green's breach [of contract], including but not limited to, the cost of conducting a forensic discovery of all possible sources of the breach." Am. Countcl. at ¶ 63.

Defendants' complete refusal to answer this Interrogatory should not be tolerated and they should be compelled to provide a full and complete response to the Interrogatory.

***Interrogatory No. 22.*** *Identify all current and former employees of InterSolutions (other than temporary workers) from December 2003 to the present, including their names, positions, wage rates or salaries, bonuses received, and dates of birth.*

*Objection:* *Defendants object that this is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad, is vague as to current and former employees other than temporary workers. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:* [No Answer]

Defendants' objections are without merit. The request is reasonably calculated to lead to the discovery of admissible evidence because it seeks information regarding potential comparators to Plaintiff. To the extent other permanent employees were paid more or less, whether by virtue of salary or bonus, this evidence will support Plaintiff's breach of contract and age discrimination claims. In addition, the employees' dates of birth are likely to lead to the discovery of admissible evidence to support Plaintiff's age discrimination claim. Defendants' boilerplate vague and overbroad objections are not stated with sufficient specificity. Defendants should be compelled to provide a full and complete response to this interrogatory.

***Interrogatory No. 23.*** *Identify all facts supporting Defendants' Computer Fraud and Abuse Act claim, including facts describing what email messages and accounts Plaintiff allegedly tampered with, the nature of any such tampering, and when any such tampering occurred.*

*Objection:* *Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:* [No Answer]

Defendants' objection that the information sought can be provided more efficiently by other means of discovery is without merit, as discussed *supra*. Defendants should be compelled to provide a full and complete answer to this interrogatory.

*__Interrogatory No. 24.__      Describe in detail the work history of Harry McNeill with InterSolutions, including the following:*

*__Objection:__      Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendant objects to the extent that it is vague and ambiguous as to "work history" and calls for information that is not likely to lead to admissible evidence. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

> *(a) his date of hire*
> *(b) the title and date of each position he has held*
> *(c) the job responsibilities of each of the positions he has held*
> *(d) his salary or rate of pay for each of the positions as well as any bonuses received in each position*
> *(e) the reasons for any changes in Mr. McNeill's position, title, responsibilities, salary and/or rate of pay.*

*__Objection [Repeated for each section (a-e)]:__ Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 24.*

*__Answer:__*      [No Answer]

Defendants' objection to this request because it calls for information that can be provided more efficiently by other means of discovery is without merit, as discussed *supra*. Defendants' vagueness objection is not sufficiently supported, nor is it in any way legitimate given that the subparts delineate the types of "work history" information sought by the interrogatory. Furthermore, the request is likely to lead to the discovery of admissible evidence because, on information and belief, Mr. McNeil is the individual who replaced Plaintiff after she was fired. Therefore, his qualifications for the position, his rise through the company, his previous job responsibilities, and his salary are all relevant to Plaintiff's retaliation and age discrimination claims, as well as her breach of contract claim. Defendants should be compelled to answer this interrogatory.

43

***Interrogatory No. 25.*** *Describe all steps that Defendants took to restrict access to and maintain the secrecy of the confidential and/or trade secret information Defendants identify in their Amended Answer and Amended Counterclaims.*

*Objection:* *Defendants object to this interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object to the extent that it is vague and ambiguous as to "steps," and "restrict access." Defendants object on the grounds that it calls of a conclusion of law and calls for information that is not likely to lead to admissible evidence. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:* [No Answer]

Defendants' objection to this request because it calls for information that can be provided more efficiently by other means of discovery is without merit, as discussed *supra*. Defendants' vagueness objection to the terms "steps" and "restrict access" is meritless and unsupported. Indeed, Defendants use this exact language in their Amended Answer and Counterclaims. *See* Am. Countcl. at ¶ 41 ("InterSolutions took steps, and continues to take steps, to restrict access to . . . its customer lists, client lists, business records, and email system."). The objection does not call for a conclusion of law, only facts in support of Defendants' allegations. The information requested is plainly likely to lead to the discovery of admissible evidence, since it asks for facts in support of the specific allegation made by Defendants in their Counterclaims. *See id.* Defendants should be compelled to provide a full and complete response to this interrogatory.

***Interrogatory No. 26.*** *Identify all communications between Defendants and Plaintiff regarding complaints or criticisms of her work performance, including the persons involved in the communications, the date upon which such communications took place, and the content of such communications.*

*Objection:* *Defendants object to this request on the grounds that it is vague and ambiguous as to the term "Defendants" as used in this context. Defendants object that the use of the term "complaints or criticisms" is vague and ambiguous. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information*

44

*that can be provided more efficiently by other means of discovery. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:*        [No Answer]

Defendants' objection to this request because it calls for information that can be provided more efficiently by other means of discovery is without merit, as discussed *supra*. Defendants' objections to "Defendants," "complaints," and "criticism" as vague are not supported, nor supportable. Defendants should be compelled to fully answer this interrogatory.

***Interrogatory No. 27.***       ***Identify and describe all communications between Defendants and with temporary employees who had complained or expressed concern or alerted Defendants to the fact that Defendants had not fully paid overtime wage rates to their employees, including who was involved in any such communications, the content of the communications, the dates of the communications, Defendants' responses to such communications, including but not limited to verbal responses and actions taken as a result of such communications, and identify documents referring to, relating to, or comprising any such communications.***

*Objection:*      *Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories. Defendants object that this request calls for a conclusion of law and assumes alleged facts in dispute. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*Answer:*        [No Answer]

Defendants' objection to this request because it calls for information that can be provided more efficiently by other means of discovery is without merit, as discussed *supra*. Defendants' objections that the interrogatory calls for a conclusion of law and assumes alleged facts in dispute are inappropriate, as discussed *supra*. Defendants are incorrect that the request is misnumbered; the request relates to a single topic: Defendants' responses to complaints about their failure to pay lawful overtime wage rates. Furthermore, Plaintiff has withdrawn the request to the extent it asks that Defendants identify responsive documents. *See* October 26, 2007

45

correspondence (attached hereto as Exhibit 11).  Defendants should be compelled to provide a

full and complete response to this and all of Plaintiff's interrogatories addressed herein.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

As discussed previously, *supra* at Section II.A, Defendants have waived their objections

to Plaintiff's document requests by failing to timely provide signed objections.  It should be

noted that after providing Answers and Supplemental Answers to Plaintiff's Requests for

Production of Documents ("RFPs") (in which Defendants belatedly objected to RFP Nos. 6, 7, 8,

10, 15, 16, 17, and 19 on the basis of undue burden) Defendants attempted, in their October 17,

2007 letter to Plaintiff's counsel to interpose additional objections they had not made previously.

Ex. 9.  Each of these "new" objections is untimely and therefore waived.  Nor is raising

discovery objections in correspondence a valid means of formally lodging them.

Even if they were timely, however, Defendants' undue burden objections  are not stated

with any level of specificity.  Nor have Defendants provided any affidavits or evidence attesting

to the nature of the burden that might be imposed on them by responding to these RFPs.  Rather

than explain why a request is overly broad, Defendants simply repeat *ad nauseam* that:  "The

ultimate effect of this burden is incommensurate with the information sought by the request." *See*

Ex. 9.  Whatever that means, Defendants' objection fails for being untimely and unsubstantiated.

*Request No. 1:*        *Any and all documents which are identified in or used in preparing your*
*answers to Plaintiff's Interrogatories, and those you intend to introduce into evidence at trial*
*in this case.*

*Objection:*    *Defendants object to this request on the grounds that it is compound in form and*
*thus ambiguous, and also because it is not reasonably limited to a request that is likely to lead to*
*the discovery of admissible evidence.*

*Answer:*        *Without waiving said objections, Defendants respond as follows. At trial,*
*Defendants intend to introduce any document produced or identified herein or at any other time*

*including documents numbered Def. 00001 through Def. 00365. Documents numbered Def. 00188 through Def. 00365 are produced herein. Documents numbered Def. 00001 through 00187 may be produced under an appropriate protective order.*

<u>*Supplemental Answer:*</u>          *Without waiving the objections in Defendants' Responses to Plaintiffs First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.*

Defendants' objections lack merit.  With regard to Defendants' objection that the RFP is compound, none of the authorities — not the Federal Rules of Civil Procedure, not the local rules for the U.S. District Court for the District of Columbia, not the Scheduling Order in this case, Dkt. 19 — place any limit on the number of Rule 34 Requests for Production.  In fact, the Scheduling Order specifically states "There is no limit on . . . requests for production of documents."  Dkt. 19.  Therefore, even if this Court concludes that this RFP is compound, Defendants may not refuse to produce documents on this basis.

As for Defendants' "ambiguous" objection, the RFP is clear:  it seeks both documents used in preparing Defendants' responses to Plaintiff's Interrogatories as well as documents Defendants intend to use as evidence at trial.  In any event, Defendants do not state this objection with the required particularity and this Court should reject this boilerplate objection.  *See Doe,* 2005 WL 1787683, at *6.

Finally, with regard to Defendants' assertion that the request is not reasonably calculated to lead to the discovery of admissible evidence, this assertion is groundless.  Plaintiff previously has discussed the pertinence of her Interrogatories, and any documents Defendants used to prepare their responses to those interrogatories would likewise be relevant and fully discoverable.  Likewise, with regard to documents Defendants intend to introduce at trial, such documents are patently reasonably calculated to lead to the discovery of admissible evidence

47

because Defendants themselves will be seeking the admission of such documents.  This request

is tailored to evidence Defendants seek to admit at trial.  Based on Defendants' written

responses, it is entirely unclear whether they have produced any documents specifically

responsive to this RFP.

Defendants should be ordered to produce all documents responsive to this request.

**_Request No. 3_:  _All documents referring or relating to the termination and/or renewal or_**
**_potential renewal of the Archstone Contract._**

_Objection:_      _Defendants object to this request on the grounds that it is overbroad and not_
_reasonably calculated to lead to admissible evidence._

_Answer:_        _Without waiving said objections, Defendants respond as follows. Defendant_
_produce herein documents responsive to this request, including documents numbered between_
_Def. 00261 and Def. 00313, notably including Def. 00266._

_Supplemental Answer:_          _Without waiving the objections in Defendants' Responses to_
_Plaintiffs First Request for Production of Documents, Defendants respond as follows._
_Documents numbered DEF 00366 through DEF 00495 are produced herein._

Defendants' objections lack merit.  Defendants have taken the position in this case that

Plaintiff was terminated in part for her role in Intersolutions' loss of the Archstone contract.

Thus, evidence about the termination of the Archstone contract relates directly to a defense in

this case, and the request is therefore calculated to lead to the discovery of admissible evidence.

With regard to Defendants' overbroad objection, once more, Defendants have failed to

establish the basis of their objection, instead relying on repetitive, boilerplate objections.

Further, it appears Defendants have withheld documents responsive to this request.  In a

recent letter, Defendants concede that "[c]ertainly, InterSolutions would have documents that

reflect the termination of the contract with Archstone and the reasons for the termination . . .

[and] contracts that reflect the business relationship between Archstone and InterSolutions . . . ."

*See* November 1, 2007 correspondence (attached hereto as Ex. 12). Defendants' failure to produce this responsive information is not justified, and this Court should order production of all documents responsive to this request.

**<u>Request No. 4</u>:  All documents supporting and/or contradicting any statements made in Defendants' counterclaims.**

<u>*Objection:*</u>      *Defendants object on the grounds that this request is vague as to 'contradicting' and that the term calls for a conclusion of law and/or a finding of fact in dispute. Defendants object to this request on the grounds that it is compound in nature and as such ambiguous.*

<u>*Answer:*</u>      *Without waiving said objections, Defendants respond as follows. Defendants produce herein documents responsive to this request, including documents numbered between and inclusive of Def. 00188 and Def. 00365, and also assert that documents numbered Def. 00001 through Def. 00187 are responsive to this request and are available for production under an appropriate protective order.*

<u>*Supplemental Answer:*</u>      *Without waiving the objections in Defendants' Responses to Plaintiffs First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.*

Defendants object that this Request calls for a conclusion of law and/or a finding of fact in dispute, both improper objections in this context.  As explained previously, while it is inappropriate for a discovery request to seek an answer to a purely legal question, it is appropriate to seek application of law to facts, or to incorporate legal terms in a request.  *See Banks*, 222 F.R.D. at 13.  In any event, Plaintiff merely requests documents.

Defendants make many factual allegations as part of their counterclaims, including, for example, "On good information and belief, Ms. Green obtained InterSolutions' client and employee information by printing the information from InterSolutions' computer network in excess of her authority under the Agreements."  *See* Am. Countcl. at ¶ 8.  Request No. 5 simply seeks documents supporting and/or contradicting this allegation, such as documentary

confirmation that Plaintiff did or did not in fact print information from InterSolutions' computer network, if such documentary evidence exists.

Defendants' objection that this request is vague because of the term "contradicting" is baffling. The dictionary definitions of "contradict" are as follows:

> 1 : to assert the opposite of.
> 2 : to deny the statement of . . .
> 3 : to be contrary to or inconsistent with.

AMERICAN HERITAGE DICTIONARY 190 (3d ed. 1994). Plaintiff seeks all documents that "assert the opposite of" or "deny the statement[s] of" Defendants' counterclaims. Taking another example, paragraph 17 of Defendants' counterclaims refers to Plaintiff's "poor job performance." Am. Countcl. at ¶ 8. Documents "contradicting" this statement would include positive job reviews by Defendants, and any other positive feedback by Defendants and/or outside contractors regarding Plaintiff's performance.

Defendants also object that this request is "compound in nature and as such ambiguous." Aside from conjoining the terms "supporting and/or contradicting," there is nothing compound about this request. Further, the conjunction, in itself, does not render the request ambiguous — Plaintiff simply seeks all documents that support and/or contradict statements made in Defendants' counterclaims.

Because Defendants' objections to Request No. 4 are meritless, Defendants should be ordered to produce all documents responsive to this request.

**_Request No. 5_**:  **_All documents referring and/or relating to any audit or review conducted by any of the Defendants relating to the payment of overtime wages to employees or former employees, and copies of all checks issued as a result of such audit or review._**

_Objection:_       _Defendants object on the grounds that this request is not reasonably calculated to lead to admissible evidence. Defendants object to this request on the grounds that it is overbroad_

50

*in that it is not limited in temporal scope, and not limited to audits or reviews that are likely to lead to admissible evidence.*

<u>Answer:</u>          [No Answer]

As discussed repeatedly, *supra*, boilerplate objections like these are not to be credited and Defendants cannot withhold documents on the basis of such objections.  This request is reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendants conducted a review or an audit relating to the payment of overtime wages and found that individuals had not been properly paid, and to the extent that any checks were then issued, such evidence directly relates to Plaintiff's retaliation claim.  Therefore, the request is narrowly tailored to seek audits and reviews that relate to the payment of overtime wages and is not overly broad.

Defendants have failed to produce any documents in response to this RFP.  With regard to the temporal scope of the request, Defendants cannot simply refuse to produce responsive documents on this basis.  However, in the spirit of compromise, Plaintiff will limit this request to any such documents that date back to December 1998.

**<u>Request No. 6</u>:  All documents reflecting the hours worked by temporary employees in the concierge department during the time in which Ms. Green was employed by InterSolutions.**

<u>Objection:</u>          *Defendants object on the grounds that this request is not reasonably calculated to lead to admissible evidence. Defendants object that this request is overbroad and unduly burdensome.*

<u>Answer:</u>          [No Answer]

**<u>Request No. 7</u>:  All documents from clients regarding the number of hours worked and/or the amount paid by the clients for temporary concierge workers during the time in which Plaintiff was employed.**

*Objection:*    *Defendants object on the grounds that this request is not reasonably calculated to lead to admissible evidence. Defendants object that this request is overbroad and unduly burdensome.*

*Answer:*    [No Answer]

**Request No. 8:  All documents reflecting the total amount of money received by Defendants from each of its clients by month and/or by department, from January 2003 to the present.**

*Objection:*    *Defendants object on the grounds that this request is not reasonably calculated to lead to admissible evidence. Defendants object that this request is overbroad and unduly burdensome.*

*Answer:*    [No Answer]

Defendants have failed to respond to any of these three document requests, apparently indicating that they have withheld responsive documents. Defendants' objection that the requests are not reasonably calculated to lead to the discovery of admissible evidence is meritless. The requests seek documents which could provide evidence relating to the FLSA violations committed by Defendants, which is relevant to Plaintiff's claim of retaliation. They could also provide evidence of Defendants' failure to properly pay Plaintiff her bonuses. They further could provide evidence of how Plaintiff's department flourished under her direction. Therefore, these requests are narrowly tailored to lead to the discovery of admissible evidence.

Further, it is not a proper objection to simply refuse to produce documents because to do so would be unduly burdensome. Defendants must fully articulate the nature of such burden and offer evidentiary support thereof. *See* Section II.B.3, *supra*. Even were Defendants' undue burden objection proper, the objection is baseless. Presumably, the records sought are maintained in the regular course of business for tax, payroll, and other business purposes. Defendants' counsel's statement in his October 17, 2007 correspondence that responding to these

requests would require "compilation and production of hundreds of documents" has little weight. *See* Ex. 9 at 21.   Sheer reference to the number of documents responsive to the request means little if the documents are easily obtained and compiled by Defendants.  In any event, Defendants have not sustained their burden of establishing any alleged burden involved in producing the documents, especially in light of their centrality to claims and defenses in this litigation.

Because Defendants have failed to articulate the nature of the burden imposed and established that such burden would outweigh the usefulness of such information, Defendants should be ordered to produce all documents responsive to Request Nos. 6-8.

**<u>Request No. 9</u>:  *All documents referring and/or relating to the termination of Plaintiff.***

<u>*Objection:*</u>      [No Objection]

<u>*Answer:*</u>      *Without waiving said objections, Defendants respond as follows. Documents produced by defendant herein are responsive to this request, including documents numbered Def. 00261 through Def. 00313, notably Def. 00262 through Def. 00268 and Def. 00296.*

<u>*Supplemental Answer:*</u>      *Without waiving the objections in Defendants' Responses to Plaintiffs First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.*

Although Defendants' answers state, "Without waiving said objections, . . ," Defendants made no objections specific to this Request.  Nor is it clear from their written response that they produced <u>all</u> non-privileged documents that are responsive to this request.  Because Defendants have made no objection whatsoever to Plaintiff's RFP No. 9, they should be ordered to produce all responsive documents.

**<u>Request No. 10</u>:  *All documents referring and/or relating to any complaints made by Defendants' employees regarding Defendants' failure to pay overtime wages.***

<u>*Objection:*</u>      *Defendants object to this request on the grounds that it is vague as to the use of the word "Defendants" in this context, and as to the term "complaint." Defendants object that this request is overbroad and is not reasonably calculated to lead to admissible evidence.*

*Defendants object that this request is vague as to temporal scope. Defendants object that this request is unduly burdensome.*

<u>*Answer:*</u>        [No Answer]

Defendants' objections lack merit and Defendants must produce documents responsive to this request. Once again, Defendants make the befuddling objection to the term "Defendants" as vague. The term refers, obviously, to the named Defendants in this case.

This request is not overly broad and is reasonably calculated to lead to the discovery of admissible evidence. Responsive documents could provide evidence relating to Plaintiff's retaliation claim and could tend to show that Defendants had knowledge of the complaints regarding their violation of the FLSA by failing to pay their employees overtime wages. With respect to Defendants' objections regarding burdensomeness, *see* Plaintiff's response above to Defendants' objection to Request No. 6.

**<u>Request No. 11</u>:  All documents comprising, referring and/or relating to any complaints made against or about the Plaintiff by Defendants, InterSolutions' employees, managers, officers, or any other individual.**

<u>*Objection:*</u>        *Defendants object to this request on the grounds that it is vague as to the use of the word "Defendants" in this context, and as to the term "complaint." Defendants object that this request is vague as to temporal scope.*

<u>*Answer:*</u>        *Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00262 through Def. 00268, and Def. 00296.*

<u>*Supplemental Answer:*</u>        *Without waiving the objections in Defendants' Responses to Plaintiffs First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.*

Defendants' objections lack merit. Once again, the spurious objection to the term "Defendants" should be rejected as without even colorable merit. The term "complaint" is also not vague. Plaintiff's Requests for Production of Documents specifically instructed Defendants

to employ the definition of all terms "according to standard American usage, as shown in a dictionary of the English language."  Furthermore, Defendants have not sustained their burden to establish why this term is vague, nor have they exercised "reason and common sense to attribute ordinary definitions to terms and phrases utilized" in the request.  *See Swackhammer*, 225 F.R.D. 658 at 662.  Furthermore, the temporal scope is not vague; it is necessarily limited to the time in which Plaintiff began employment with Defendants up through the present.  Plaintiff seeks all documents in Defendants' possession that comprise, refer to or relate to complaints made about Plaintiff, which Defendants allege formed the basis for Plaintiff's termination.

While Defendants have produced some documents responsive to this request, they have not confirmed whether the documents produced comprise all documents responsive to this request, nor have they indicated whether any documents were withheld on the basis of their objections. Defendants should be compelled to produce all responsive documents.

**_Request No. 12_**:  ***All documents referring and/or relating to Plaintiff's job performance.***

*Objection:*      [No Objection]

*Answer:*      *Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00261 through Def. 00313, notably Def. 00262 through Def. 00268 and Def. 00296.*

*Supplemental Answer:*      *Without waiving the objections in Defendants' Responses to Plaintiffs First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.*

Defendants did not object to this request and, therefore, should be compelled to produce all responsive documents.  While Defendants have produced some documents responsive to this request, they have not confirmed whether the documents produced comprise all documents

responsive to this request, nor have they indicated whether any documents were withheld on the

basis of their objections.

***Request No. 13: All documents comprising, containing, or reflecting employment policies and
procedures manuals, employee handbooks, and policies and procedures of the Defendants
regarding equal employment opportunity ("EEO"), family and medical leave, harassment,
discipline, discharge, and/or bonuses from January 1, 2003 to the present.***

*Objection:       Defendants object that this request is vague and overbroad as to its request for
documents reflecting employment procedures regarding EEO or FML, harassment, discipline or
discharge and/or bonuses. To the extent that it is overbroad, it is not reasonably calculated to
lead to admissible evidence.*

*Answer:       Without waiving said objections, Defendants respond as follows. Defendants
produced herein documents responsive to this request including documents numbered Def.
00188 through Def. 00259 and Def. 00314 through Def. 00317.*

Defendants' objections lack merit.  Defendants' objection to the request as vague,

overbroad, and not calculated to lead to the discovery of admissible evidence "reflecting

employment procedures regarding EEO or FML, harassment, discipline or discharge and/or

bonuses" is not properly supported.  This court should reject this "boilerplate" objection as

"insufficient on its face" to sustain the burden on the opposing party to show "why the

production sought would be unreasonably burdensome."  *Pleasants*, 208 F.R.D. at 12.  While

Defendants have produced some documents responsive to this request, they have not confirmed

whether the documents produced comprise all documents responsive to this request.

***Request No. 14: All documents relating to any complaints of discrimination and/or
harassment and/or retaliation against the Defendants, including, but not limited to, all
internal complaints, documents, or memoranda, EEO complaints, EEOC Charges, and
investigative files and lawsuits alleging discrimination and/or retaliation against the
Defendants from 2000 to the present.***

*Objection:       Defendants object that this request is not likely to lead to admissible evidence, is
overbroad, is overbroad as to temporal scope, calls for a conclusion of law, and is vague as to
the documents sought relating to "discrimination against the Defendants" and/or "retaliation
against the Defendants."*

56

*Answer:*        *None.*

Defendants' objections lack merit.  The objection that a request for documents can call for a conclusion of law is simply baseless, as discussed *supra*.  Nor is the request vague as to the phrases "discrimination against the Defendants" and/or "retaliation against the Defendants." Defendants' isolation of these phrases out of context in an attempt to feign misunderstanding is indicative of their approach to all of Plaintiff's discovery requests.  Read in context, these phrases clearly indicate that Plaintiff seeks complaints against Defendants that allege discrimination, retaliation, and/or harassment.  In any event, Defendants did not meet their burden of establishing why or how these phrases were vague.

Furthermore, the request is clearly likely to lead to admissible evidence with respect to content and temporal scope.  If Defendants discriminated, harassed, and/or retaliated against others, this evidence is clearly relevant to Defendants' intent to discriminate, harass, and/or retaliate against Plaintiff, as this Court has repeatedly held.  *See, e.g., Williams v. Johanns*, No. 03-2245, 2007 WL 2480367, at *2 -3 (D.D.C. Sept. 4, 2007) ("evidence of other acts of discrimination similar to the discrimination charged may be admitted to show motive or intent"); *see also Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002) ("While a complaint in itself proves nothing about the accusation made, knowledge of its existence might yield admissible evidence as to the discriminatory animus on a prior occasion of a particular manager and that likelihood suffices under Fed. R. Civ. P. 26(b)(1).").  A review of retaliation, discrimination, and harassment complaints lodged against Defendants, therefore, is likely to lead to the discovery of admissible evidence regarding Defendants' intent to discriminate, retaliate, and harass Plaintiff.

The temporal limit of discovery permitted in discrimination cases is extensive, and this Court has repeatedly allowed discovery of information predating the plaintiff's claims by numbers of years. For example, in *Waters*, 216 F.R.D. at 159-60, the plaintiff, who was terminated in 2001, sought information pertaining to all persons terminated, as well as all complaints of discrimination against the defendant, dating back five years to January 1, 1996. The Court found this temporal scope appropriate. *Id.* at 159.

Therefore, discovery of these documents, predating Plaintiff's employment by only three years, are reasonably limited in time and subject matter and should be compelled accordingly.

***Request No. 15:*** ***The personnel files or any other file, including but not limited to, Human Resources files, supervisors' files, departmental files, discipline files or other files, by whatever name, containing employment information relating to Linda Green, and all those employees identified in response to Interrogatory Nos. 5 and 6.***

<u>*Objection:*</u>    *Defendants incorporate by reference their objections to Interrogatories 5 and 6. Defendants object that this request is overbroad, unduly burdensome, and not calculated to lead to admissible evidence. Defendants object that this request is vague and overbroad as to persons identified in 5 and 6 and as to "any other file".*

<u>*Answer:*</u>    *Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00261 through Def. 00313.*

<u>*Supplemental Answer:*</u>    *Without waiving the objections in Defendants' Responses to Plaintiffs First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.*

Plaintiff informed Defendants in her September 21, 2007 letter that Plaintiff mistakenly referred in this document request to her Interrogatory Nos. 5 and 6, instead of Interrogatory Nos. 6 and 7, which is what she intended. *See* Ex. 4. In any event, Defendants' objections lack merit. This request is narrowly tailored in seeking information regarding individuals who have been disciplined by Defendants and/or who have received negative performance reviews. These

documents are likely to reveal comparators; where other employees or former employees of

InterSolutions were disciplined less severely for equal or more egregious alleged misconduct

than that identified by Defendants as the reason for Plaintiff's termination, such would be

evidence of pretext. If, in fact, certain individuals were not disciplined or terminated for similar

or more severe misconduct than that alleged to have caused Plaintiff's termination, such

individuals would also be comparators evidencing pretext. Further, if, in fact, other employees

or former employees who complained about FLSA violations or other illegal acts of Defendants

were disciplined or fired by Defendants, such evidence would establish intent to retaliate and a

pattern of retaliatory behavior, which is clearly relevant to Plaintiff's FLSA and DCWHL claims.

Defendants should be compelled to produce all responsive documents.

**_Request No. 16_**_:  Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant._

_Objection:        Defendants object that this request is overbroad, unduly burdensome, and not likely to lead to admissible evidence. Defendants object that this request is vague as to the term discipline, overbroad as to employees unrelated to any matter herein, and vague as to compilation, databases or lists._

_Answer:        Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00261 through Def. 00313._

_Supplemental Answer:        Without waiving the objections in Defendants' Responses to Plaintiffs First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein._

Defendants' objections lack merit. Defendants have not sustained their burden of

substantiating their contentions that this request is overbroad, overburdensome, vague, and/or not

likely to lead to admissible evidence. These boilerplate objections should be rejected. The

documents sought are directly related to Defendants' assertion that Plaintiff was fired in part due

to problems with her performance. While Defendants have produced some documents responsive to this request, they have not confirmed whether the documents produced comprise all documents responsive to this request, nor have they indicated whether any documents were withheld on the basis of their objections. A full and complete response to this request should be compelled.

**_Request No. 17_: _Document retention policies of Defendants._**

_Objection:_     _Defendants object that this request is overbroad, not reasonably limited in temporal scope, unduly burdensome, and not likely to lead to admissible evidence._

_Answer:_     [No Answer]

Defendants have not sustained their burden of articulating why this request is overbroad, unduly burdensome, or not likely to lead to admissible evidence. The request is clearly relevant, as it will help Plaintiff determine whether all responsive documents have been produced, where documents are stored, which documents are retained and saved, and which potentially relevant and responsive documents have been destroyed, and whether any such destruction was in violation of Defendants' policies. Defendants should be compelled to produce all responsive document retention policies from December 1, 2003 to the present.

**_Request No. 18_: _All documents relating, referring to, supporting or contradicting each of Defendants' counterclaims and the facts alleged therein._**

_Objection:_     _Defendants object on the grounds that this request is vague as to "contradicting" and that the term calls for a conclusion of law and/or a finding of fact in dispute. Defendants object to this request on the grounds that it is compound in nature and as such ambiguous._

_Answer:_     _Without waiving said objections, Defendants respond as follows. Defendant produce herein documents responsive to this request, including documents numbered between and inclusive of Def. 00188 and Def. 00365, and also assert that documents numbered Def. 00001 through Def. 00187 are responsive to this request and are available for production under an appropriate protective order._

*Supplemental Answer:*        *Without waiving the objections in Defendants' Responses to Plaintiffs First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.*

Defendants' objections lack merit.  The term "contradicting" is not vague.  Defendants' objection that the request is compound has no bearing on their requirement to produce responsive documents.  The objection that the document request calls for a conclusion of law is simply nonsensical.  Moreover, while Defendants have produced some documents responsive to this request, they have refused to confirm whether all responsive documents have been produced. *See* Ex. 9.  Defendants should be compelled to fully respond to this request and produce all responsive documents.

**Request No. 19:  Documents referring to, relating to, or referencing the salaries and/or bonus structures of all InterSolutions' employees employed since December 2003.**

*Objection:*        *Defendants object that this request is overbroad, not reasonably limited in temporal scope, unduly burdensome, and not likely to lead to admissible evidence.*

*Answer:*        *Defendants produced herein documents responsive to this request including documents numbered Def. 00261.*

Defendants' boilerplate objections lack merit and are not supported by any facts. Certainly, any and all documents that relate to the salary and bonus of the Plaintiff are relevant for purposes of determining whether she was compensated correctly, and for determining damages.  Additionally, salary and bonus information related to Harry McNeil (Plaintiff's replacement) is reasonably calculated to lead to the discovery of admissible evidence, as it would appear that Mr. McNeil has assumed Plaintiff's job responsibilities, and thus is a key comparator.  Further, the salary and bonus information relating to other department coordinators and/or managers (of which there are less than ten) are relevant to Plaintiff's claims of age discrimination, breach of contract, and retaliation claims.  The temporal scope of the request is

narrowly tailored from the time Plaintiff began working with Defendants to the present.

Defendants should be compelled to produce all responsive documents.

***Request No. 20:  Documents reflecting, referring to, or explaining any changes in Harry McNeill's position, title, responsibilities, salary and/or rate of pay during his employment with InterSolutions.***

*Objection:*      *Defendants object that this request is overbroad, and not likely to lead to admissible evidence.*

*Answer:*      *Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00318 through Def. 00353.*

***Request No. 21:  The personnel file of Harry McNeill.***

*Objection:*      *Defendants object that this request is overbroad, not reasonably limited in temporal scope, and not likely to lead to admissible evidence.*

*Answer:*      *Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00318 through Def. 00353.*

Defendants' objections to Request Nos. 20 and 21 lack merit and are not properly

supported.  Upon information and belief, Mr. McNeil assumed Plaintiff's position once she was

terminated.  Therefore, all information regarding his assumption of this position and the reasons

he was placed in the position, as well as any other positions he has held with Defendants is likely

to lead the discovery of admissible comparator evidence regarding Defendants' intent to

discriminate and retaliate against Plaintiff.  While Defendants have produced some documents

responsive to these requests, Defendants refuse to confirm whether all responsive documents

have been produced.  Indeed, the documents that have been produced appear to be various

portions of Mr. McNeil's personnel file but, for example, no documents reflecting internal

discussions regarding who should replace Plaintiff and why.  Defendants should be compelled to

produce all responsive documents.

*__Request No. 22__:  Documents referring to, reflecting, explaining, or comprising all agreements entered by Plaintiff with Defendants, including but not limited to agreements regarding confidentiality, trade secrets, terms of employment, salary, bonus structure, and any agreement referenced by Defendants' in their Amended Answer and Amended Counterclaims.*

*__Objection__:      Defendants object that, to the extent that it calls for documents "reflecting" the subject matter of this request, this request is overbroad, not reasonably limited in temporal scope, and not likely to lead to admissible evidence.*

*__Answer__:        Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def 00354 through Def. 00365, and Def. 00261.*

Defendants' boilerplate objections lack merit and are not properly supported.  The

documents sought presumably form the basis of several if not all of Defendants' counterclaims.

While Defendants have produced some documents in response to this request, they have refused

to confirm whether all responsive documents have been produced.  Defendants should be

compelled to produce all responsive documents.

*__Request No. 23__:  All documents relating or referring to, comprising, or containing written leave requests and/or doctor's notes requested by or provided to Defendants by InterSolutions' employees, or requested by or provided to InterSolutions' employees, from January 2003 to the present, including, but not limited to documents relating to, referring to, comprising or containing references to Ms. Green's medical condition and/or her requests for medical leave and/or InterSolutions request for doctor's notes from her.*

*__Objection__:      Defendants object on this ground that this request assumes alleged facts in dispute, calls for a conclusion of law, and is vague as to its request for documents "referring to." Defendants object to this request on the grounds that it is compound in form.*

*__Answer__:        Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents contained in the range Def. 00261 through Def. 00313, and Def. 00318 through Def. 00353.*

Defendants' boilerplate objections lack merit and are not properly supported.  The

objection that the request assumes alleged facts in dispute is incomprehensible, but in any event

not a proper objection, as discussed *supra*.  Likewise, Defendants' objection that the request is

compound in form is not a proper objection, as discussed *supra*.  While Defendants have

produced some documents in response to this request, Defendants have refused to confirm

whether all responsive documents have been produced.  Defendants should be compelled to

produce all responsive documents.

**C.      Should the Court Find Plaintiff Has Served Interrogatories in Excess of the
          Number Permitted, Plaintiff Requests Leave to Serve The Additional
          Interrogatories**

Although Plaintiff does not believe that she has propounded interrogatories in excess of

the number permitted, should the Court find to the contrary, Plaintiff hereby requests that the

Court exercise its discretion pursuant to Fed. R. Civ. P. 33(a) and 26(b)(2) and allow Plaintiff to

propound the additional interrogatories already served.  Plaintiff has alleged eight separate

causes of action against Defendants, and Defendants, in turn, have alleged seven separate causes

of action against Plaintiff.  Each of Plaintiff's interrogatories is narrowly tailored to the specific

claims and defenses in this case.  Defendants will not suffer prejudice by having to answer the

propounded interrogatories.  However, if Defendants are permitted to avoid answering all of the

interrogatories, Plaintiff will suffer prejudice.

**D.      Defendants' Wholly Deficient Discovery Responses and Numerous,
          Repeated, Frivolous Objections That Have Necessitated Multiple Letters,
          Emails, Teleconferences and This Motion To Compel Support an Award of
          Fees and Costs**

When a motion to compel discovery is granted, "the court *shall* . . . require the party . . .

whose conduct necessitated the motion or the party or attorney advising such conduct or both of

them to pay to the moving party the reasonable expenses incurred in making the motion,

including the attorney's fees . . . ."  Fed. R. Civ. P. 37(a)(4)(A) (emphasis added);  *see also* Dkt.

19, this Court's July 10, 2007 Order ("Counsel are hereby notified that the party that does not

prevail on the discovery dispute shall pay the costs involved, including attorney's fees.").  In the

event the Court grants, in whole or in part, Plaintiff's Motion to Compel, she respectfully

requests that the Court award her the considerable expenses and fees incurred in making this

Motion, along with the fees and costs associated with attempting to persuade Defendants to

voluntarily comply with their discovery obligations prior to Plaintiff's filing of the Motion.

   Defendants' "responses" to Plaintiff's discovery requests are rife with blatantly baseless

objections, the effort to respond to which has necessitated numerous hours of preparation of both

a deficiency letter, various emails and telephone calls to defense counsel, and the instant Motion.

One of many examples of Defendants' specious objections is Defendants' repeated objection to

the use of the term "Defendants" as "vague."  *See infra*, Defendants' Objections to Interrogatory

Nos. 5, 11, 15, and 26, and Requests for Production ("RFP") Nos. 10 and 11.  In addition, many

of Defendants' interrogatory answers are deliberately evasive and/or non-responsive.  For

example, in response to Interrogatory No. 16, which requested that Defendants describe all facts

supporting their contention that Plaintiff was "disruptive, uncontrollable, and threatened to

commit acts of physical violence to InterSolutions' office and employees," Defendants

responded that "Plaintiff was disruptive, uncontrollable, and threatened to commit acts of

physical violence."  *See supra*, Defendants' "Response" to Interrogatory No. 16.[2]

---

[2] Defendants later supplemented this answer with another evasive, non-responsive response.  *See* Supplemental Response to Interrogatory No. 16, *supra*; *see also* Ex. 7.

Another example is Defendants' deliberately evasive and non-reponsive answer to Interrogatory No. 3, which asked Defendants to "describe in detail all efforts undertaken by Defendants to determine their obligation to pay overtime wage rates to employees, the scope of Defendants' failure to properly pay overtime wage rates to employees, and all efforts made to rectify Defendants' failure to properly pay overtime wage rates to InterSolutions' employees." Defendants responded, nonsensically, that "InterSolutions pay practices and its internal controls are reliable and accurate and achieve results that are reliable and accurate." *See supra,* Defendants' Answer to Plaintiff's Interrogatory No. 3.

In addition, despite numerous requests by Plaintiff's counsel, Defendants' counsel would not confirm whether Defendants had withheld any information pursuant to their belated and baseless objections. *See* Exs. 4, 9. Nor, revealingly, has defense counsel yet signed Defendants' discovery responses to certify that " best of signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is: (a) consistent with these rules and warranted by existing law . . .; (b) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . ." Fed. R. Civ. P. 26(g)(2)(A-B); *see also* Rule 33(b)(2) (requiring that objections to interrogatories be signed "by the attorney making them"). Indeed, Defendants themselves failed to verify their Interrogatory responses until six weeks after they were due, and then only after repeated requests by Plaintiff's counsel therefor. Defendants' supplemental responses remain unverified. Defendants' wholesale failure to comply with even these most basic aspects of their discovery obligations further warrants the invocation of Fed. R. Civ. P. 37(a)(4)(A).

Thus, over three and a half months after Plaintiff served her requests, various significant

categories of information and documents have not been produced, including, *inter alia*, interrogatory responses and documents supporting Defendants' ECPA, CFAA, breach of contract, and breach of fiduciary duty counterclaims (*see, supra*, Interrogatory Nos. 19-25; RFP No. 18), as well as interrogatory responses and documents regarding Plaintiff's FLSA, FMLA, DCHRA, DCWHL, and breach of contract claims (*see, supra*, Interrogatory Nos. 26-27; RFP Nos. 5-8, 10, 14, 19). Of course, in addition, and as detailed above, the documents and information provided by Defendants to date are overwhelmingly deficient.

Because Defendants' objections and refusals to produce responsive, relevant information appear specifically designed to harass Plaintiff, cause unnecessary delay, and needlessly increase the cost of this litigation, Plaintiff respectfully requests an award of fees and expenses.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be granted in its entirety.

Respectfully submitted this 29th day of November, 2007.

<div style="margin-left:45%">

_____
/s/ Lori B. Kisch

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

</div>

## STATEMENT PURSUANT TO LCvR 7.1(m)

I, Lori B. Kisch, Counsel for Plaintiffs, hereby certify that through multiple letters and emails between defense counsel and myself, including those attached hereto as Exhibits 3-6, 9, and 11, that I conferred in good faith with counsel for Defendants and attempted to narrow the matters at issue in the instant Motion.

_____/s/ Lori B. Kisch_____
Lori B. Kisch

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November, 2007, the foregoing Motion to Compel, Memorandum in Support thereof, attached exhibits and Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


By:
    /s/ Lori B. Kisch_____
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
LINDA GREEN,                              )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      CIVIL NO: 1:07CV00298-EGS
                                          )      Status Conference: Feb. 6, 2008
                                          )
INTERSOLUTIONS, INC., ET AL.,             )
                                          )
            Defendants.                   )
                                          )
_____  )

### APPENDIX A:

### EXHIBIT LIST TO
### PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' ANSWERS TO INTERROGATORIES AND  PRODUCTION OF DOCUMENTS

| Exhibit | Description |
|---|---|
| 1 | Plaintiff's First Set of Interrogatories and Request for Production of Documents |
| 2 | Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents |
| 3 | Kisch E-mail to Sheffield, September 10, 2007 |
| 4 | Kisch Letter to Rath, September 21, 2007 |
| 5 | Rath Letter to Kisch, September 25, 2007 |
| 6 | Kisch E-mail to Rath, October 5, 2007 |
| 7 | Defendants' First Supplemental Response to Plaintiff's First Set of Interrogatories |
| 8 | Defendants' First Supplemental Response to Plaintiff's First Request for Production of Documents |
| 9 | Rath Letter to Kisch, October 17, 2007 |
| 10 | Defendants' Verifications |
| 11 | Kisch Letter to Rath, October 26, 2007 |
| 12 | Rath Letter to Kisch, November 1, 2007 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO: 1:07CV00298-EGS |
| | ) | |
| | ) | |
| INTERSOLUTIONS, INC., ET AL. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Intersolutions, Inc. Drew Golin, Sarah Walder, and its counsel of record:

Plaintiff, Linda Green ("Green" or Plaintiff"), by her undersigned counsel, propounds these interrogatories and requests production of the documents and things in their possession, custody or control listed herein from the Defendants and its officers, attorneys, agents, contractors, and employees. This discovery is to be answered by the foregoing Defendants in the manner, time and form provided by Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and pursuant to the Definitions and Instructions contained below.

## DEFINITIONS

A.    As used herein, the terms "document" and "written communication" shall be construed in their broadest senses, including any original, reproduction, or copy of any kind of written or documentary material, or drafts thereof, and any electronically, magnetically, or otherwise

recorded or stored material, including, but not limited to, the following items, whether printed, recorded or reproduced by any other mechanical, electronic, or photographic means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; electronic mail (E-mail), notes, diaries, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, tape recordings; dictation belts; voice tapes; notes or summaries of telephone conversations, personal conversations, oral communications, or meetings; memoranda; notes; agenda of meetings; notices; records; studies; bid records; personal memoranda; photographs; photographic negatives; photographic slides; motion picture films; video tapes; compact discs (CD); charts; graphs; diagrams; reports; lists; statement of witnesses; findings of investigations; files; statistics; statistical analyses; spreadsheets; charts; graphs; reports of experts; reports of consultants; papers; books; records; summaries; computer tapes, computer disks, computer cards, and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B.      As used herein, the term "oral communication" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C.      As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organizations, associations or business entities.

D.      As used herein, the terms "InterSolutions," "you," "company," or "Defendant," or Defendants, used singularly or any combination of them, means the named Defendants, InterSolutions, Inc., Drew Golin, Sarah Walder, and the officers, attorneys, agents, and employees of

such Defendants having information available to the Defendants within the meaning of Rule 33(a) and/or Rule 34.

E.      "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, race, present or last known home address and telephone number, present or last known business affiliation and address, title or occupation, years of service or seniority level, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.      "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rule 33 and of Rule 34 of the Federal Rules of Civil Procedure.  More particularly, the term "identify" when used with reference to a document includes:

1.      the date(s) the document bears, or if none, the date it was written;

2.      the name, address, and telephone number of each and every person who wrote it, participated in the writing of it, signed it, and/or over whose name it was issued;

3.      the name, address, and telephone number of each and every person to whom it was addressed and each person to whom a copy was identified as being directed;

4.      the name and address of each and every person who received a copy of the document;

3

5.      a description of the document, as for instance, a letter or memorandum, and the nature and substance of the document or writing described with sufficient particularity to enable the same to be identified;

6.      its present location or custodian of each copy, or if unknown, its last known location or custodian;

7.      if any document is no longer in Defendant's possession, or subject to Defendant's control, state what disposition was made of it, the reason for such disposition, the identity of the person(s) currently having possession or control and the date that possession or control was relinquished by the Defendant or any one of them.

G.      "Identify" when used with reference to an oral communication, means to include the following:

1.      the identities of all persons participating in, or hearing, such oral communication;

2.      the date, manner (e.g., telephone), and place at which persons who participated in, or heard, the oral communication were located;

3.      a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

4.      name of each person who was present, other than the participants;

5.      the substance of the oral communication, including what was said by each person who made or participated in such oral statement or conversation;

6.      the identity and present custodian of any writing or any mechanical or

4

electrical recording that recorded, summarized, or confirmed such oral

statement or conversation, or which refers, relates to, or bears upon it.

H.    As used herein, the term "date" shall mean the exact day, month and year, if

ascertainable, or if not, the best approximation thereof, including relationship to other events.

I.    As used herein the term "discipline" shall include any action taken in regard to an

employee which is intended to punish and/or correct some aspect of the employee's behavior conduct

or performance, including, but not limited to, the following actions: verbal warning, written warning,

verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

J.    As used herein, the term "termination" shall include any one or more of the following

actions which interrupt an employee's service of employment with the Defendants: layoff, discharge,

quit, resignation, terminated, fired, etc.

K.    The term "personnel file" shall include any file and the contents thereof relating to the

employment of an individual, whether designated as a personnel file or otherwise, including, but not

limited to, human resources file, employee file, supervisor's file, manager's file, departmental file,

division file, training file, work history file, benefits file, safety file, workers' compensation file,

discipline file, grievance file, or any other name.

L.    Any other words used herein shall be defined according to standard American usage,

as shown in a dictionary of the English language.

M.    If any requested document is known by Defendants to have existed, but no longer

exists or is no longer is in Defendants' possession, custody, or control, Defendants are requested to

identify the last known custodian thereof and state the date upon which it was lost or destroyed or

otherwise became unavailable.  If the document still exists but is unavailable to Defendants,

5

Defendants are requested to identify its present custodian and location.

N.    "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive. The word "including" shall be construed to mean without limitation. The words "any" and "all" shall be construed so as to make the discovery request inclusive rather than exclusive.

O.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to ring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

P.    A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. Words of the masculine or feminine gender shall include the masculine or neuter genders as the context requires.

## INSTRUCTIONS

1.    If any request for documents or things cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

2.    Each request for documents seeks production of all documents described, including all drafts and nonidentical copies.

3.    Each request for documents seeks production of all documents described herein and any attachments, exhibits or appendices thereto in Defendants' possession, custody, or control or in the possession, custody or control of any of Defendants' attorneys, agents, or representatives, and all documents and any attachments which Defendants' or their attorneys or agents have the legal right to obtain or have the ability to obtain from sources under their control.

6

4.      Each request for a document contemplates production of the document in its entirety, including any attachments, appendices or exhibits, without abbreviation or expurgation.

5.      If it is claimed that any privilege or protection is applicable to any document, the production of which is sought by these requests, describe each such document by date, location, number of pages, attachments, appendices and exhibits, preparer(s), author(s), addressee(s), recipients(s), title and subject matter; set forth the nature of the claimed privilege or the grounds for the refusal to disclose; and identify all those persons who have possession, custody or control of the document or copies thereof and who are attorneys and acted as such with respect to the document.

6.      In the event that any document or thing requested herein has been destroyed or discarded or otherwise disposed of, such document is to be described by date, location, number of pages, attachments, appendices and exhibits, author(s), addressee(s), recipient(s), title and subject matter; such thing shall be described with the greatest particularity possible.  In addition, state the reason for disposal or destruction of the document or thing, and identify each and every person who either authorized disposal or destruction of the document or thing or who disposed of or destroyed the document or thing.

7.      These requests for production of documents and things are deemed to be continuing; the answers and responses must, accordingly, be amended to reflect any further information, documents and/or things that come to your attention or the attention of your agents or attorneys between the date of service hereof and the date of trial.

8.      Documents produced pursuant to these document requests are to be organized as they are kept in the usual course of business and clearly designated so as to reflect the individual (and, as appropriate, his or her job title) and department (as appropriate) from whose files each

document was produced, the file from which each was produced, and the location of each such file.

## INTERROGATORIES

1.    State fully and in detail all facts that support and/or contradict your denials of the facts alleged by Green in the Complaint, and identify all documents which tend to support or contradict such facts.

2.    State fully and in detail all facts that support and/or contradict your Counterclaims against Green, and identify all documents which tend to support or contradict such facts.

3.    Identify all adverse actions taken against the Plaintiff by Defendants which in any way concerned Plaintiff's job performance, including, but not limited to, disciplinary measures, warning notices and performance appraisals, and verbal warnings, stating for each the reasons for the action and identify all persons with knowledge related to such action.

4.    Identify all persons who made or participated in the decision to terminate the Plaintiff's employment and describe the job title and role of each such person.

5.    Describe all the facts supporting Defendants' reasons(s) for terminating Plaintiff.

6.    Identify all persons who have been disciplined by and/or terminated from employment by Intersolutions, Inc., and describe fully and in detail the circumstances leading to, and the reasons for such discipline and/or terminations, and the individuals with knowledge of such discipline and/or termination.

7.    Identify all persons who have violated an Intersolutions' policy, who have received negative performance reviews, and/or who have received a verbal warning regarding poor performance, describing the policies violated, reason(s) for the poor performance review, and/or the verbal warning, and identify the individuals who have knowledge of the violated policies, poor

reviews, and/or verbal warnings.

8.    Identify the revenue and net profit received by Defendants from each of its departments including, but not limited to the concierge department, leasing department, and maintenance department for each month from December 2002 to the present.

9.    Identify all polices, practices, procedures, and the method(s) used to determine each of the bonuses given to Ms. Green by Intersolutions, Inc., and identify all documents supporting and/or evidencing such policies, practices, procedures and/or methods used and/or relied upon.

10.    State fully and describe in detail the reason for, and all events leading up to, the loss of the Archstone contract, and identify all individuals who have knowledge of and/or who were involved in any discussions regarding the loss of the contract, stating the knowledge of each individual, and identify all communications regarding, referencing, or pertaining to the loss of the Archstone contract, including the date of the communication, the persons involved in the communication, and the content of the communication.

11.    Identify all individuals with knowledge of any or all of Ms. Green's communications with Defendants regarding their failure to pay overtime to employees, and for each such complaint, state the date the complaint was made, the individuals who have knowledge of the complaint, and what action, if any, the Defendants took in response to the complaints.

12.    Identify all individuals to whom Defendants belatedly made payments for overtime wages owed, or to settle claims of overtime wages allegedly owed, stating the amount each individual was subsequently paid, and the date upon which the late payment was made, including but not limited to the amounts paid to current and former employees between the filing of the Complaints in *Cryer, et al. v. Intersolutions, et al.,* Case No. 1:06-cv-02032 and *Wells v.*

*Intersolutions, Inc., et al.*, Case No. 1:06-cv-02033, and the present.

13.     Describe in detail all efforts undertaken by Defendants to determine their obligation to pay overtime wage rates to employees, the scope of Defendants' failure to properly pay overtime wage rates to employees, and all efforts made to rectify Defendants' failure to properly pay overtime wage rates to InterSolutions' employees.

14.     Identify all clients who complained about Plaintiff, including, but not limited to complaints that Plaintiff had a negative attitude and/or didn't follow client instructions, describing the complaints, the dates the complaints were made, and the individuals who have knowledge of the complaints.

15.     Describe all conversations between and/or among defendants and/or any other individual regarding the fact that Ms. Green had cancer and/or her requests for medical leave, including the date and means by which Defendants were first informed Ms. Green had cancer.

16.     Describe all facts supporting your contentions that Plaintiff was disruptive, uncontrollable, and threatened to commit acts of physical violence to Intersolutions' office and employees, and identify all individuals to whom such threats were made and all individuals who have knowledge of such threats and acts.

17.     Identify each individual who supplied information for or otherwise contributed to the answering of Ms. Green's Interrogatories and, with respect to each such person, state the subject matter of each person's information or other contribution.

18.     State all facts in support of your allegation that Ms. Green informed Mr. Chamberlain that she had been fired because she had cancer, including the identities of all individuals with knowledge of such facts, and describe all facts supporting your allegation that Crystal House ceased

10

doing business with Intersolutions based upon Ms. Green's statement.

19.     State all facts in support of your Counterclaim that Ms. Green violated the

Electronic Communications Privacy Act ("ECPA"), including but not limited to your contentions

that:

    (a)     Intersolutions' place of business and computer system constitute a facility

        through which an electronic communication service is provided;

    (b)     that Ms. Green accessed without authorization, or exceeded her

        authorization to Intersolutions' computer system,

    (c)     specific communications were accessed by Ms. Green, identifying which

        communications you allege were accessed and when;

    (d)     the communication alleged to have been accessed was in electronic

        storage;

    (e)     that the communication alleged to have been accessed was part of

        Defendants' electronic communication service; and

    (f)     that the communications alleged to have been accessed constitute

        electronic communications as defined by the ECPA.

20.     Identify each and every alleged trade secret InterSolutions believes Plaintiff

misappropriated and all factual bases supporting Defendants' assertion that such information

constituted trade secret(s), and all factual bases supporting Defendants' assertion that Plaintiff

misappropriated any such trade secrets.

21.     Explain in detail the circumstances surrounding the "forensic discovery"

Defendants allegedly conducted due to Plaintiff's alleged breach of contract, including when

such "forensic discovery" took place, who conducted the discovery, what information was revealed as a result as such discovery, why such discovery was necessary, and what resources were expended conducting such discovery.

22.    Identify all current and former employees of InterSolutions (other than temporary workers) from December 2003 to the present, including their names, positions, wage rates or salaries, bonuses received, and dates of birth.

23.    Identify all facts supporting Defendants' Computer Fraud and Abuse Act claim, including facts describing what e-mail messages and accounts Plaintiff allegedly tampered with, the nature of any such tampering, and when any such tampering occurred.

24.    Describe in detail the work history of Harry McNeill with InterSolutions, including the following:

    (a)    his date of hire

    (b)    the title and date of each position he has held

    (c)    the job responsibilities of each of the positions he has held

    (d)    his salary or rate of pay for each of the positions as well as any bonuses received in each position

    (e)    the reasons for any changes in Mr. McNeill's position, title, responsibilities, salary and/or rate of pay.

25.    Describe all steps that Defendants took to restrict access to and maintain the secrecy of the confidential and/or trade secret information Defendants identify in their Amended Answer and Amended Counterclaims.

26.    Identify all communications between Defendants and Plaintiff regarding

12

complaints or criticisms of her work performance, including the persons involved in the communications, the date upon which such communications took place, and the content of such communications.

27.     Identify and describe all communications between Defendants and with temporary employees who had complained or expressed concern or alerted Defendants to the fact that Defendants had not fully paid overtime wage rates to their employees, including who was involved in any such communications, the content of the communications, the dates of the communications, Defendants' responses to such communications, including but not limited to verbal responses and actions taken as a result of such communications, and identify documents referring to, relating to, or comprising any such communications.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff requests that Defendants produce, within the time provided by the Federal Rules of Civil Procedure, the following documents:

1.     Any and all documents which are identified in or used in preparing your answers to Plaintiff's Interrogatories, and those you intend to introduce into evidence at trial in this case.

2.     All documents referring to Crystal House and/or Mr. Chamberlain.

3.     All documents referring or relating to the termination and/or renewal or potential renewal of the Archstone Contract.

4.     All documents supporting and/or contradicting any statements made in Defendants' counterclaims.

5.     All documents referring and/or relating to any audit or review conducted by any of the

13

Defendants relating to the payment of overtime wages to employees or former employees, and copies of all checks issued as a result of such audit or review.

6.      All documents reflecting the hours worked by temporary employees in the concierge department during the time in which Ms. Green was employed by InterSolutions.

7.      All documents from clients regarding the number of hours worked and/or the amount paid by the clients for temporary concierge workers during the time in which Plaintiff was employed.

8.      All documents reflecting the total amount of money received by Defendants from each of its clients by month and/or by department, from January 2003 to the present.

9.      All documents referring and/or relating to the termination of Plaintiff.

10.     All documents referring and/or relating to any complaints made by Defendants' employees regarding Defendants' failure to pay overtime wages.

11.     All documents comprising, referring and/or relating to any complaints made against or about the Plaintiff by Defendants, InterSolutions' employees, managers, officers, or any other individual.

12.     All documents referring and/or relating to Plaintiff's job performance.

13.     All documents comprising, containing, or reflecting employment policies and procedures manuals, employee handbooks, and policies and procedures of the Defendants regarding equal employment opportunity ("EEO"), family and medical leave, harassment, discipline, discharge, and/or bonuses from January 1, 2003 to the present.

14.     All documents relating to any complaints of discrimination and/or harassment and/or retaliation against the Defendants, including, but not limited to, all internal complaints, documents, or memoranda, EEO complaints, EEOC Charges, and investigative files and

14

lawsuits alleging discrimination and/or retaliation against the Defendants from 2000 to the present.

15.    The personnel files or any other file, including but not limited to, Human Resources files, supervisors' files, departmental files, discipline files or other files, by whatever name, containing employment information relating to Linda Green, and all those employees identified in response to Interrogatory Nos. 5 and 6.

16.    Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant.

17.    Document retention policies of Defendants.

18.    All documents relating, referring to, supporting or contradicting each of Defendants' counterclaims and the facts alleged therein.

19.    Documents referring to, relating to, or referencing the salaries and/or bonus structures of all InterSolutions' employees employed since December 2003.

20.    Documents reflecting, referring to, or explaining any changes in Harry McNeill's position, title, responsibilities, salary and/or rate of pay during his employment with InterSolutions.

21.    The personnel file of Harry McNeill.

22.    Documents referring to, reflecting, explaining, or comprising all agreements entered by Plaintiff with Defendants, including but not limited to agreements regarding confidentiality, trade secrets, terms of employment, salary, bonus structure, and any agreement referenced by Defendants' in their Amended Answer and Amended Counterclaims.

23.    All documents relating or referring to, comprising, or containing written leave requests and/or doctor's notes requested by or provided to Defendants by InterSolutions'

employees, or requested by or provided to InterSolutions' employees, from January 2003 to the present, including, but not limited to documents relating to, referring to, comprising or containing references to Ms. Green's medical condition and/or her requests for medical leave and/or InterSolutions request for doctor's notes from her.

Respectfully Submitted,

for Lori B. Kisch

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Carolyn P. Weiss (DC Bar No. 480697)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*Attorneys for Plaintiff*

16

## CERTIFICATE OF SERVICE

This is to certify that a copy of Plaintiff's First Set of Interrogatories and Request for Production of Documents has been served upon the following counsel of record by first-class mail, postage prepaid, on this 31st day of July, 2007.

Manesh K. Rath
Keller and Heckman LLP
1001 G Street, NW
Suite 500 West
Washington, DC 20001

*for Lori B. Kisch*

Lori B. Kisch

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-cv-00298-EGS |
| | ) | |
| INTERSOLUTIONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS'
OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants state the following objections and responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents:

**GENERAL OBJECTIONS**

Defendants interpose the following General Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents. These general objections apply to each individual discovery request. To the extent that certain objections are cited in response to a specific request, Defendants may reiterate these objections because the objections are believed to be particularly applicable to that request. These specific iterations are not to be construed as a waiver of any other general objections applicable to information falling within the scope of the discovery request.

1.    Defendants object to the instructions and definitions that precede Plaintiff's First Set of Interrogatories and Request for Production of Documents to the extent that they attempt to

impose obligations upon Defendants that are beyond those set forth in the Federal Rules of Civil Procedure.

2.      Defendants object to Plaintiff's First Set of Interrogatories and Request for Production of Documents to the extent that any request or portion thereof seeks information or documents privileged from disclosure by the attorney-client privilege or by the work product doctrine.

3.      Defendants object to Plaintiff's First Set of Interrogatories and Request for Production of Documents on the grounds that they exceed the permitted number of interrogatories allowed under the Federal Rules of Civil Procedure. Specifically, Rule 33(a) states that any party may serve written interrogatories, not exceeding 25 in number including all discrete subparts. Fed. R. Civ. P. 33(a). As such, Defendants respond to the first 25 interrogatories to the extent that a response is warranted, and state this objection to each part and subpart of an interrogatory that may follow thereafter.

**GENERAL RESPONSES**

1.      Defendants' responses are based upon information and documents that are presently available to the Defendants and Defendants intend to supplement these responses if they later become available.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1.      State fully and in detail all facts that support and/or contradict your denials of the facts alleged by Green in the Complaint, and identify all documents which tend to support or contradict such facts.

**OBJECTION:**

Defendants object on the grounds that this request is overbroad to the extent that all denials do not stand in need of support, some denials are based upon facts which have been stated in the Answer and thus speak for themselves, some denials are based upon fact which Plaintiff has first hand knowledge of, and some denials are denials as a matter of law. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object on the grounds that this request is vague as to the use of the expression "contradict your denial," and vague as to "support and/or contradict". Defendants object on the grounds that this request calls for a conclusion of law. Defendants object on the grounds that this request is compound in form. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus two interrogatories.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows. Defendants incorporate as part of their response herein any and all applicable statements in their Answer and elsewhere in this response. Among many other facts that support Defendants' denials, Plaintiff was terminated for a legitimate non discriminatory reason, was treated at all times in compliance with all applicable state and federal employment laws, and was treated in a manner that was in conformance with Defendants' contractual obligations, if any. Plaintiff was terminated because of, among several other grounds, the

cumulative effect of her poor performance; her continually deteriorating performance; her inability to work positively and cooperatively with others; her poor behavior towards coworkers, subordinates, superiors, applicants and customers; her persistent failure, despite numerous instances of counseling, reminder, warning and reprimand, to use the most updated computer accessed notations for dispatching staff to client sites, and in particular her failure to reference or adhere to client instructions not to resend a staff person; her absence from the office and her job duties; her refusal to agree to improve her performance; and her disruptive behavior when presented with a performance improvement plan.

2.      State fully and in detail all facts that support and/or contradict your Counterclaims against Green, and identify all documents which tend to support or contradict such facts.

**OBJECTION:**

Defendants object to this request on the grounds that it is vague as to "support or contradict".  Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.   Defendants object that all facts that support or contradict a counterclaim calls for a conclusion of law.  Defendants object that this request is overbroad.   Defendants object that this request is compound in form.  Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus two interrogatories.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows.  Among many other facts that support Defendants' counterclaims, Ms. Green misinformed a client as to the nature of her termination; she damaged data belonging to InterSolutions and/or in InterSolutions' possession; Ms. Green violated her agreement with InterSolutions; Ms. Green unlawfully took proprietary data from InterSolutions.

3.    Identify all adverse actions taken against the Plaintiff by Defendants which in any way concerned Plaintiff's job performance, including, but not limited to, disciplinary measures, warning notices and performance appraisals, and verbal warnings, stating for each the reasons for the action and identify all persons with knowledge related to such action.

**OBJECTION:**

Defendants object to this request on the grounds that "adverse action" is vague and calls for a conclusion of law.  Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.  Defendants object to this request on the grounds that it is vague as to the expression "concerned plaintiff's job performance."  Defendants object to this request on the grounds that it is vague and overbroad as to "all persons with knowledge related to such action" and thus calls for

information not likely to lead to admissible evidence. Defendants object to this request on the grounds that it is compound in form. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus two interrogatories.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows. Among the many facts that, with or without the aforementioned objections, may be responsive to this request, InterSolutions counseled and terminated Plaintiff for multiple poor performance issues, some of which are listed in response to Interrogatory No. 1, above. Additionally, InterSolutions placed Ms. Green on a performance improvement plan. When approached with this plan, Ms. Green became disruptive, threatened violence, and refused to: a.) acknowledge the performance improvement plan; b.) participate in the performance improvement plan; and c.) improve or show a willingness to improve in any area in which InterSolutions identified a need for improvement.

4.    Identify all persons who made or participated in the decision to terminate the Plaintiff's employment and describe the job title and role of each such person.

**OBJECTION:**

Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus two interrogatories. Defendants object to the expression "made or participated in the decision" as vague and ambiguous.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows. InterSolutions made the decision to terminate Plaintiff's employment. Persons who, before, during, or after the termination, had involvement in the termination process include: Drew Golin, John Wagithuku.

5.    Describe all the facts supporting Defendants' reasons(s) for terminating Plaintiff.

**OBJECTION:**

Defendants object on the grounds that this request is vague and ambiguous as to "Defendants". Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object on the grounds that the use of the term "Defendants" here calls for a conclusion of law and for taking an allegation in dispute as true. Defendant object on the grounds that this request taken in total calls for a conclusion of law and raises an allegation in dispute.

**ANSWER**:

Without waiving said objections, Defendants responses are as follows. Defendants incorporate as part of their response herein any and all applicable statements in their Answer and elsewhere in this response. Plaintiff exhibited a persistent failure, despite numerous instances of counseling, reminder, warning and reprimand, to use the most updated computer accessed notations for dispatching staff to client sites, and in particular

her failure to reference or adhere to client instructions not to resend a staff person. Plaintiff's job performance was poor and declining. Plaintiff was the direct and proximate cause of InterSolutions' loss of a significant client as well as the loss of other clients. When that significant client requested a meeting in order to voice its complaints about Plaintiff's poor performance and refusal to comply with their staffing requests, Plaintiff, at the last moment and without prior warning, failed to show up at that meeting. Plaintiff was not at the office when expected and refused to work at the office despite numerous requests and warnings on the subject. Plaintiff was directly responsible for a substantial business decline. Plaintiff was disruptive, rude, uncooperative, and discourteous on numerous occasions towards subordinates, superiors, coworkers, clients, and applicants. Plaintiff's performance in recruiting and screening applicants was poor, and this resulted in a poor quality of the staff that she hired. Plaintiff exhibited poor performance in managing accounts. Plaintiff was presented with a performance improvement plan which she refused to sign, and at the presentation of which, she was disruptive and threatened violence. Plaintiff refused to participate in a plan to improve her performance.

6.   Identify all persons who have been disciplined by and/or terminated from employment by InterSolutions, Inc., and describe fully and in detail the circumstances leading to, and the reasons for such discipline and/or terminations, and the individuals with knowledge of such discipline and/or termination.

**OBJECTION:**

Defendants object to this request on the grounds that it is overbroad.  Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.  Defendants object to this request on both the aforementioned grounds to the extent that it is not reasonably limited in temporal scope.  Defendants object to this request on grounds that it is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not reasonably limited to relevant persons.  Defendants object to this request on the grounds that it is compound in form.  Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus three interrogatories.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows.  Among possible other individuals, Everett Bethea, Tina Wells, and Linda Green have been disciplined and/or terminated.

7.    Identify all persons who have violated an Intersolutions' policy, who have received negative performance reviews, and/or who have received a verbal warning regarding poor performance, describing the policies violated, reason(s) for the poor performance review, and/or the verbal warning, and identify the individuals who have knowledge of the violated policies, poor reviews, and/or verbal warnings.

**OBJECTION:**

Defendants object this request on the grounds that it is vague as to "InterSolutions' policy". Defendants object to this request on the grounds that it is vague as "verbal warning" and as to "poor performance" and as to "poor reviews" and as to "knowledge of the violated policies." Defendants object to this request on the grounds that it is ambiguous as to the use of "poor performance" and "poor performance review". Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object to this request on the grounds that it is grossly overbroad as to all who have received verbal warning regarding poor performance. Defendants object to this request on the grounds that it is overbroad and not likely to lead to the discovery of admissible evidence to the extent that it is not reasonably limited in temporal scope. Defendants object to this request on grounds that it is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not reasonably limited to relevant persons. Defendants object to this request on the grounds that it is over broad and not likely to lead to admissible evidence as to "policies violated", and as to "the reasons for the poor performance review". Defendants object to the numbering of this item as one request, as it consists of at least five wholly unrelated requests, and thus five interrogatories.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows. Among possible other persons, Everett Bethea received "negative performance reviews, and/or who have

received a verbal warning regarding poor performance." Plaintiff is the person who issued and authored it. Plaintiff also received "negative performance reviews, and/or who have received a verbal warning regarding poor performance." Plaintiff was regarded by InterSolutions as among the worst performing employees InterSolutions ever had. Plaintiff was counseled, warned, and/or reprimanded multiple times about her failure to treat co-workers with respect. Plaintiff was counseled, warned and/or reprimanded on multiple occasions about the need for her to work at the office and use the staffing software. Plaintiff persisted in refusing this instruction, in part claiming that she needed to be out of the office "selling," despite InterSolutions response on multiple occasions that Plaintiff needed to be in the office for quality control. This failure on the part of Plaintiff directly led to the loss of clients, including a very substantial client from the perspective of business volume. Plaintiff, without prior warning, failed to show up at a meeting of that substantial client, the purpose of which was to address their grievances about Plaintiff's poor work quality and refusal to comply with their requests. Even after that meeting, Plaintiff continued to refuse to comply with the same client requests. Plaintiff failed to get along with others. Plaintiff ignored InterSolutions' quality of staffing instructions. Plaintiff blocked calls from persons who complained.

8.   Identify the revenue and net profit received by Defendants from each of its departments including, but not limited to the concierge department, leasing department, and maintenance department for each month from December 2002 to the present.

**OBJECTION:**

Defendants object to this request on the grounds that it is not likely to lead to admissible information.  Defendants object to this request on the grounds that it is grossly overbroad as to revenue and net profit.  Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.  Defendants object to this request on the grounds that it is overbroad as to its temporal scope, including December 2002 through all time periods not relevant to this matter, and as to the present. Defendants object to this request on the grounds that it is not likely to lead to admissible information as to leasing and maintenance departments.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows.  The concierge department, the department for which Plaintiff was directly responsible, suffered substantial decline in business, as well as in quality and morale, during the portion of time that Plaintiff was responsible for the department.  That department improved in the corresponding months of the following year, in which months Plaintiff was no longer responsible for the department.  In March 2005, the Concierge Department had a business volume of 6,562 hours per month.  In the same month of the following year, that figure was 4,465.25 and the year after it was 3,849.  In March 2005, 2,329 hours were assigned to Archstone properties; in March 2006, that number was 1,545.5, and in March 2007, that figure was zero.  In April 2005, that department assigned 5,466.75 hours per month; in April 2006, it assigned 5,499.75; in April 2007, 6,848.5.  In May 2005, that department had a volume of 7,085.5 hours; in May 2006 it was 4,628.5; and in May 2007, it was 5,362.5.  In June 2005, the department assigned 6,412.75 hours; in June 2006 it assigned

4,857.75; and in June 2007 it assigned 5,849.25.  In July 2005, its volume was 7,132.75.

In July 2006, its volume was 5,367.25.  In July 2007, its volume was 7,852.25.

9.    Identify all polices, practices, procedures, and the method(s) used to determine each of

the bonuses given to Ms. Green by Intersolutions, Inc., and identify all documents

supporting and/or evidencing such policies, practices, procedures and/or methods used

and/or relied upon.

**OBJECTION:**

Defendants object to this request on the grounds that it is vague as to "polices, practices,

procedures, and the method(s)" and "supporting".  Defendants object to this Interrogatory

to the extent that it calls for a lengthy factual narrative or itemization and that calls for

information that can be provided more efficiently by other means of discovery.

Defendants object to this request on the grounds that "evidencing" assumes alleged facts

in dispute and calls for a conclusion of law.  Defendants object to the numbering of this

item as one request, as it consists of at least two wholly unrelated requests, and thus two

interrogatories.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows.  Plaintiff's initial

arrangement, to the extent that it was reduced to writing signed by the parties, speaks for

itself.  To the extent that nothing in this response should be construed as contrary or

limiting to such writing, Plaintiff received a bonus from time to time in a discretionary

manner and also received payment for department performance or revenue generated

minus costs of department including background checks, cell phone bills from department, staff, costs of hiring, multiplied by a percent. Initially, this payment was based on when the money was received, not upon when the money was earned. That changed to being based upon money received in the prior month.

10. State fully and describe in detail the reason for, and all events leading up to, the loss of the Archstone contract, and identify all individuals who have knowledge of and/or who were involved in any discussions regarding the loss of the contract, stating the knowledge of each individual, and identify all communications regarding, referencing, or pertaining to the loss of the Archstone contract, including the date of the communication, the persons involved in the communication, and the content of the communication.

**OBJECTION:**

Defendants object to this request on the grounds that it is vague as to the expressions "leading up to" and "knowledge" and "involved in" as they related to all events or communications. Defendants object to this request to the extent that it seeks knowledge of nonparties. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants objects to this request on the grounds that it is overbroad as to knowledge. Defendants object on the grounds that this request is vague and overbroad as to "involved in any discussions" and "loss of" contract. Defendants object as to the reference to a contract as being vague and conclusory. Defendants object to the numbering of this item as one request, as it consists of at least four wholly unrelated requests, and thus at least four interrogatories.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows.  Plaintiff refused to regularly work in the office during regular working hours.  Plaintiff persisted in this refusal despite numerous occasions where InterSolutions requested it, counseled her, warned her, and reprimanded her for her refusal.  This refusal had a direct impact on, among other critical business operations, Plaintiff's ability to recruit and hire quality candidates and upon her ability to staff client requests with persons who were eligible for a particular assignment.  On this second problem, clients, including Archstone, complained to Plaintiff a number of times, but Plaintiff ignored the complaints and/or blocked the complaints from getting to others at InterSolutions.  Archstone, at a late stage in its dissatisfaction with this problem, requested a meeting with the responsible persons at InterSolutions, including Plaintiff since she was the account manager for concierge assignments.  Plaintiff, at the last moment, failed to attend the meeting without providing prior notice.  Drew Golin attended the meeting.  Archstone staff were present at the meeting.  John Wagithuku was hired in part for the purpose to address quality control problems including those mentioned herein.  John Wagithuku was hired in part for the purpose of either managing Plaintiff's poor work attitude and work quality, thereby hopefully improving that department's performance, or managing her termination.

11.    Identify all individuals with knowledge of any or all of Ms. Green's communications with Defendants regarding their failure to pay overtime to employees, and for each such complaint, state the date the complaint was made, the individuals who have knowledge of

the complaint, and what action, if any, the Defendants took in response to the complaints.

**OBJECTION:**

Defendants object to this request on the grounds that the use of the term "Defendants" in the specific context of this request is vague and ambiguous. Defendants object to this request because it assumes alleged facts in dispute. Defendants object to this request because it calls for a conclusion of law which is denied. Defendants object to this request to this request as to an alleged failure of overtime pay which consists of alleged facts in dispute and calls for a conclusion of law. Defendants object to this request as it is vague and ambiguous as to "their" and "complaint." Defendants object to the numbering of this item as one request, as it consists of at least four wholly unrelated requests, and thus at least four interrogatories.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows. Employees from time to time asked questions about their pay and/or rate, and InterSolutions addressed them promptly to the employee's satisfaction. Plaintiff tried to persuade InterSolutions to adopt a system that InterSolutions later concluded was arguably not compliant at which time InterSolutions promptly ended the practice proposed and advocated by Plaintiff. When employees complained directly to Plaintiff, she threatened them to remain silent under punishment of not getting future assignments. Plaintiff used threats and intimidation towards coworkers to keep Defendants from knowing about complaints.

12.    Identify all individuals to whom Defendants belatedly made payments for overtime wages owed, or to settle claims of overtime wages allegedly owed, stating the amount

each individual was subsequently paid, and the date upon which the late payment was made, including but not limited to the amounts paid to current and former employees between the filing of the Complaints in *Cryer, et al. v. lntersolutions, et al.,* Case No. 1 :06-cv-02032 and *Wells v. Intersolutions, Inc., et aI.,* Case No.1 :06-cv-02033, and the present.

**OBJECTION:**

Defendants object on the grounds that this request is vague and calls for a conclusion of law as to "belatedly," "wages allegedly owed," "settled claims," "late," and "claims of overtime wages." Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery, assuming such discovery is not otherwise or similarly improper, including a request for documents which speak for themselves. Defendant objects that this request is vague as to "subsequently" in reference to a vague or ambiguous precedent event. Defendants object to an allegation of a late payment as a conclusion of an allegation in dispute. Defendants object that this request is vague as to temporal reference. Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure. Defendants object to this request on the grounds that it is information which Plaintiff by counsel has direct knowledge.

13.    Describe in detail all efforts undertaken by Defendants to determine their obligation to pay overtime wage rates to employees, the scope of Defendants' failure to properly pay overtime wage rates to employees, and all efforts made to rectify Defendants' failure to properly pay overtime wage rates to InterSolutions' employees.

**OBJECTION:**

Defendants object on the grounds that it calls for a conclusion of law as to an "obligation," and as to Defendant's alleged "failure."    Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.    Defendants object that this request is vague as to rectify as to failure. Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories.    Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows.    InterSolutions pay practices and its internal controls are reliable and accurate and achieve results that are reliable and accurate.

14.    Identify all clients who complained about Plaintiff, including, but not limited to complaints that Plaintiff had a negative attitude and/or didn't follow client instructions, describing the complaints, the dates the complaints were made, and the individuals who have knowledge of the complaints.

**OBJECTION:**

Without waiving said objections, Defendants responses are as follows.  Defendants object to this request on the grounds that it is vague and overbroad as to "negative," "complained," "individuals," and "knowledge."  Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.  To the extent that it is not reasonably calculated to lead to the discovery of admissible evidence, Defendants object.  Defendants object that this request is vague and overbroad as to temporal scope.  Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus at least two interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows.  Among other clients, the following complained specifically about Plaintiff's poor work quality and refusal to follow client instructions about not resending specific staff persons:  Avalon, Bozutto, Archstone, Archstone Smith, Avalon Ballston.

15.    Describe all conversations between and/or among defendants and/or any other individual regarding the fact that Ms. Green had cancer and/or her requests for medical leave, including the date and means by which Defendants were first informed Ms. Green had cancer.

**OBJECTION:**

Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.   Defendants object to this request on the grounds that it is vague and overbroad as to "describe," and "medical leave" and "Defendants." Defendants object to this request on the grounds that it assumes alleged facts in dispute and calls for a conclusion of law.  Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus at least two interrogatories.   Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows.  Plaintiff did not submit a request for medical leave, refused to inform InterSolutions as to the nature of her absence, and refused to provide doctors notes when requested.   Plaintiff never informed Defendants she had cancer.  Defendants did not know, and as of the date of this response, still do not know that Plaintiff had cancer.   Plaintiff only once informed InterSolutions that she said she had a doctor appointment for a biopsy.  InterSolutions did not understand this information to suggest a diagnosis, but rather took the word biopsy as containing within its own meaning a statement that no diagnosis had at that date been made.  No Defendant knew about, and Linda never mentioned cancer.  Linda requested a leave of absence, and InterSolutions requested a doctors note. Linda refused and challenged the request on the ground that such a requirement was unfair. Plaintiff never provided any such doctors notes.   Nevertheless, Plaintiff took all leave which she requested, and no leave was ever denied.  InterSolutions requested a doctor's note on or

about June 14, 2006, Plaintiff challenged InterSolutions' request and never provided it.

16.   Describe all facts supporting your contentions that Plaintiff was disruptive, uncontrollable, and threatened to commit acts of physical violence to Intersolutions' office and employees, and identify all individuals to whom such threats were made and all individuals who have knowledge of such threats and acts.

**OBJECTION:**

Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.  Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories.  Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows.  Plaintiff was disruptive, uncontrollable, threatened to commit acts of physical violence.  Among several others, John Wagithuku, Craig Al Amin, and Rashida Ahmed had knowledge of threats and disruptive acts.

17.   Identify each individual who supplied information for or otherwise contributed to the answering of Ms. Green's Interrogatories and, with respect to each such person, state the subject matter of each person's information or other contribution.

**OBJECTION:**

Defendants object to this request on the grounds that it is vague as to contributed, and as to contribution and as to Ms. Green's Interrogatories and as to the subject matter of each person's information or contribution. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus at least two interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows. Drew Golin, John Wagithuku contributed the subject matter that formed the responses herein.

18.    State all facts in support of your allegation that Ms. Green informed Mr. Chamberlain that she had been fired because she had cancer, including the identities of all individuals with knowledge of such facts, and describe all facts supporting your allegation that Crystal House ceased doing business with InterSolutions based upon Ms. Green's statement.

**OBJECTION:**

Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus at least two interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

**ANSWER:**

Without waiving said objections, Defendants responses are as follows.  Linda Green and Mr. Chamberlain have direct knowledge of the alleged facts in this request.  Defendants incorporate by reference all allegations in its Amended Answer and Counterclaim.

19.     State all facts in support of your Counterclaim that Ms. Green violated the Electronic Communications Privacy Act ("ECPA"), including but not limited to your contentions that:

**OBJECTION:**

Defendants object to this request because it calls for a conclusion of law.  Defendants object to this request because it calls for information for which an interrogatory is not appropriate.  Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.  Defendants object to the numbering of this item as one request, as it consists of at least two wholly unrelated requests, and thus at least two interrogatories.  Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

(a)     Intersolutions' place of business and computer system constitute a facility through which an electronic communication service is provided;

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19.  Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.  Defendants object that this

23

request is vague and calls for a conclusion of law as to violated and facility and as to "place of business". Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

(b)     that Ms. Green accessed without authorization, or exceeded her authorization to Intersolutions' computer system,

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object that this request is vague as to "authorization to...system." Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

( c)     specific communications were accessed by Ms. Green, identifying which communications you allege were accessed and when;

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object that this request is vague and ambiguous as to "when," and that it calls for facts in dispute as to specific communications, and that it is ambiguous as to whether "accessed" refers to unauthorized access or all access. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

(d)     the communication alleged to have been accessed was in electronic storage;

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object that this request is vague and ambiguous as to "the communication" and as to whether "accessed" refers to unauthorized access or all access. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

(e)    that the communication alleged to have been accessed was part of Defendants' electronic communication service; and

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object that this request is vague and ambiguous as to "communication" and as to whether accessed refers to unauthorized access or all access. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

(f)    that the communications alleged to have been accessed constitute electronic communications as defined by the ECPA.

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 19. Defendants object that this request is vague and ambiguous as to "communication" and as to whether accessed refers to unauthorized access or all access. Defendants object that this request exceeds the amount allowed by the Federal

Rules of Civil Procedure.

20.     Identify each and every alleged trade secret InterSolutions believes Plaintiff misappropriated and all factual bases supporting Defendants' assertion that such information constituted trade secret(s), and all factual bases supporting Defendants' assertion that Plaintiff misappropriated any such trade secrets.

**OBJECTION:**

Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendant objects on the grounds that this request calls for a conclusion of law. Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

21.     Explain in detail the circumstances surrounding the "forensic discovery" Defendants allegedly conducted due to Plaintiff's alleged breach of contract, including when such "forensic discovery" took place, who conducted the discovery, what information was revealed as a result as such discovery, why such discovery was necessary, and what resources were expended conducting such discovery.

**OBJECTION:**

Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more

efficiently by other means of discovery. Defendants objects that this request calls for a conclusion of law. Defendants object that this request calls for information that may or is covered under the attorney work product doctrine. Defendants object that this request is vague and ambiguous as to the term "due to". Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

22.    Identify all current and former employees of InterSolutions (other than temporary workers) from December 2003 to the present, including their names, positions, wage rates or salaries, bonuses received, and dates of birth.

**OBJECTION:**

Defendants object that this is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad, is vague as to current and former employees other than temporary workers. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

23.    Identify all facts supporting Defendants' Computer Fraud and Abuse Act claim, including facts describing what e-mail messages and accounts Plaintiff allegedly tampered with, the nature of any such tampering, and when any such tampering occurred.

**OBJECTION:**

Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more

efficiently by other means of discovery. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

24.    Describe in detail the work history of Harry McNeill with InterSolutions, including the following:

**OBJECTION:**

Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendant objects to the extent that it is vague and ambiguous as to "work history" and calls for information that is not likely to lead to admissible evidence. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

(a)    his date of hire

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 24.

(b)    the title and date of each position he has held

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 24.

(c)    the job responsibilities of each of the positions he has held

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 24.

(d)    his salary or rate of pay for each of the positions as well as any bonuses received in each position

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 24.

(e)    the reasons for any changes in Mr. McNeill's position, title, responsibilities, salary *and/or* rate of pay.

**OBJECTION:**

Defendants restate and incorporate their objections stated in objection to Interrogatory nominally numbered 24.

25.    Describe all steps that Defendants took to restrict access to and maintain the secrecy of the confidential and/or trade secret information Defendants identify in their Amended Answer and Amended Counterclaims.

**OBJECTION:**

Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery.  Defendants object to the extent that it is vague

and ambiguous as to "steps," and "restrict access." Defendants object on the grounds that it calls of a conclusion of law and calls for information that is not likely to lead to admissible evidence. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

26.    Identify all communications between Defendants and Plaintiff regarding complaints or criticisms of her work performance, including the persons involved in the communications, the date upon which such communications took place, and the content of such communications.

**OBJECTION:**

Defendants object to this request on the grounds that it is vague and ambiguous as to the term "Defendants" as used in this context. Defendants object that the use of the term "complaints or criticisms" is vague and ambiguous. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

27.    Identify and describe all communications between Defendants and with temporary employees who had complained or expressed concern or alerted Defendants to the fact that Defendants had not fully paid overtime wage rates to their employees, including who was involved in any such communications, the content of the communications, the dates of the communications, Defendants' responses to such communications, including but not

limited to verbal responses and actions taken as a result of such communications, and identify documents referring to, relating to, or comprising any such communications.

**OBJECTION:**

Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories. Defendants object that this request calls for a conclusion of law and assumes alleged facts in dispute. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Any and all documents which are identified in or used in preparing your answers to Plaintiffs Interrogatories, and those you intend to introduce into evidence at trial in this case.

**OBJECTION:**

Defendants object to this request on the grounds that it is compound in form and thus ambiguous, and also because it is not reasonably limited to a request that is likely to lead to the discovery of admissible evidence.

**ANSWER:**

Without waiving said objections, Defendants respond as follows. At trial, Defendants intend to introduce any document produced or identified herein or at any other time including documents numbered Def. 00001 through Def. 00365. Documents numbered

Def. 00188 through Def. 00365 are produced herein. Documents numbered Def. 00001 through 00187 may be produced under an appropriate protective order.

2.      All documents referring to Crystal House and/or Mr. Chamberlain.

**OBJECTION:**

Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to admissible evidence.

3.      All documents referring or relating to the termination and/or renewal or potential renewal of the Archstone Contract.

**OBJECTION:**

Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to admissible evidence.

**ANSWER:**

Without waiving said objections, Defendants respond as follows. Defendant produce herein documents responsive to this request, including documents numbered between Def. 00261 and Def. 00313, notably including Def. 00266.

4.      All documents supporting and/or contradicting any statements made in Defendants' counterclaims.

**OBJECTION:**

Defendants object on the grounds that this request is vague as to "contradicting" and that the term calls for a conclusion of law and/or a finding of fact in dispute. Defendants object to this request on the grounds that it is compound in nature and as such

ambiguous.

**ANSWER:**

Without waiving said objections, Defendants respond as follows.  Defendants produce

herein documents responsive to this request, including documents numbered between and

inclusive of Def. 00188 and Def. 00365, and also assert that documents numbered Def.

00001 through Def. 00187 are responsive to this request and are available for production

under an appropriate protective order

5.    All documents referring and/or relating to any audit or review conducted by any of the

Defendants relating to the payment of overtime wages to employees or former

employees, and copies of all checks issued as a result of such audit or review.

**OBJECTION:**

Defendants object on the grounds that this request is not reasonably calculated to lead to

admissible evidence.  Defendants object to this request on the grounds that it is

overbroad in that it is not limited in temporal scope, and not limited to audits or reviews

that are likely to lead to admissible evidence.

6.    All documents reflecting the hours worked by temporary employees in the concierge

department during the time in which Ms. Green was employed by InterSolutions.

**OBJECTION:**

Defendants object on the grounds that this request is not reasonably calculated to lead to

admissible evidence.  Defendants object that this request is overbroad and unduly

burdensome.

7.     All documents from clients regarding the number of hours worked and/or the amount paid by the clients for temporary concierge workers during the time in which Plaintiff was employed.

**OBJECTION:**

Defendants object on the grounds that this request is not reasonably calculated to lead to admissible evidence.  Defendants object that this request is overbroad and unduly burdensome.

8.     All documents reflecting the total amount of money received by Defendants from each of its clients by month and/or by department, from January 2003 to the present.

**OBJECTION:**

Defendants object on the grounds that this request is not reasonably calculated to lead to admissible evidence.  Defendants object that this request is overbroad and unduly burdensome.

9.     All documents referring and/or relating to the termination of Plaintiff.

**ANSWER:**

Without waiving said objections, Defendants respond as follows.  Documents produced by defendant herein are responsive to this request, including documents numbered Def. 00261 through Def. 00313, notably Def. 00262 through Def. 00268 and Def. 00296.

10.    All documents referring and/or relating to any complaints made by Defendants' employees regarding Defendants' failure to pay overtime wages.

**OBJECTION:**

Defendants object to this request on the grounds that it is vague as to the use of the word "Defendants" in this context, and as to the term "complaint." Defendants object that this request is overbroad and is not reasonably calculated to lead to admissible evidence. Defendants object that this request is vague as to temporal scope. Defendants object that this request is unduly burdensome.

11.    All documents comprising, referring and/or relating to any complaints made against or about the Plaintiff by Defendants, InterSolutions' employees, managers, officers, or any other individual.

**OBJECTION:**

Defendants object to this request on the grounds that it is vague as to the use of the word "Defendants" in this context, and as to the term "complaint." Defendants object that this request is vague as to temporal scope.

**ANSWER:**

Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00262 through Def. 00268, and Def. 00296.

12.    All documents referring and/or relating to Plaintiffs job performance.

**ANSWER:**

Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00261 through Def. 00313, notably Def. 00262 through Def. 00268 and Def. 00296.

13.    All documents comprising, containing, or reflecting employment policies and procedures

manuals, employee handbooks, and policies and procedures of the Defendants regarding

equal employment opportunity ("EEO"), family and medical leave, harassment,

discipline, discharge, and/or bonuses from January 1, 2003 to the present.

**OBJECTION:**

Defendants object that this request is vague and overbroad as to its request for documents

reflecting employment procedures regarding EEO or FML, harassment, discipline or

discharge and/or bonuses.   To the extent that it is overbroad, it is not reasonably

calculated to lead to admissible evidence.

**ANSWER:**

Without waiving said objections, Defendants respond as follows.   Defendants produced

herein documents responsive to this request including documents numbered Def. 00188

through Def. 00259 and Def. 00314 through Def. 00317.

14.    All documents relating to any complaints of discrimination and/or harassment and/or

retaliation against the Defendants, including, but not limited to, all internal complaints,

documents, or memoranda, EEO complaints, EEOC Charges, and investigative files and

lawsuits alleging discrimination and/or retaliation against the Defendants from 2000 to

the present.

**OBJECTION:**

Defendants object that this request is not likely to lead to admissible evidence, is

overbroad, is overbroad as to temporal scope, calls for a conclusion of law, and is vague

as to the documents sought relating to "discrimination against the Defendants" and/or

"retaliation against the Defendants."

**ANSWER:**

None.

15.     The personnel files or any other file, including but not limited to, Human Resources files, supervisors' files, departmental files, discipline files or other files, by whatever name, containing employment information relating to Linda Green, and all those employees identified in response to Interrogatory Nos. 5 and 6.

**OBJECTION:**

Defendants incorporate by reference their objections to Interrogatories 5 and 6. Defendants object that this request is overbroad, unduly burdensome, and not calculated to lead to admissible evidence. Defendants object that this request is vague and overbroad as to persons identified in 5 and 6 and as to "any other file".

**ANSWER:**

Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00261 through Def. 00313.

16.     Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant.

**OBJECTION:**

Defendants object that this request is overbroad, unduly burdensome, and not likely to lead to admissible evidence. Defendants object that this request is vague as to the term

discipline, overbroad as to employees unrelated to any matter herein, and vague as to compilation, databases or lists.

**ANSWER:**

Without waiving said objections, Defendants respond as follows.  Defendants produced herein documents responsive to this request including documents numbered Def. 00261 through Def. 00313.

17.    Document retention policies of Defendants.

**OBJECTION:**

Defendants object that this request is overbroad, not reasonably limited in temporal scope, unduly burdensome, and not likely to lead to admissible evidence.

18.    All documents relating, referring to, supporting or contradicting each of Defendants' counterclaims and the facts alleged therein.

**OBJECTION:**

Defendants object on the grounds that this request is vague as to "contradicting" and that the term calls for a conclusion of law and/or a finding of fact in dispute.  Defendants object to this request on the grounds that it is compound in nature and as such ambiguous.

**ANSWER:**

Without waiving said objections, Defendants respond as follows.  Defendant produce herein documents responsive to this request, including documents numbered between and inclusive of Def. 00188 and Def. 00365, and also assert that documents numbered Def.

00001 through Def. 00187 are responsive to this request and are available for production under an appropriate protective order

19. Documents referring to, relating to, or referencing the salaries and/or bonus structures of all InterSolutions' employees employed since December 2003.

**OBJECTION:**

Defendants object that this request is overbroad, not reasonably limited in temporal scope, unduly burdensome, and not likely to lead to admissible evidence.

**ANSWER:**

Defendants produced herein documents responsive to this request including documents numbered Def. 00261.

20. Documents reflecting, referring to, or explaining any changes in Harry McNeill's position, title, responsibilities, salary and/or rate of pay during his employment with InterSolutions.

**OBJECTION:**

Defendants object that this request is overbroad, and not likely to lead to admissible evidence.

**ANSWER:**

Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00318 through Def. 00353.

21.    The personnel file of Harry McNeill.

**OBJECTION:**

Defendants object that this request is overbroad, not reasonably limited in temporal scope, and not likely to lead to admissible evidence.

**ANSWER:**

Without waiving said objections, Defendants respond as follows.  Defendants produced herein documents responsive to this request including documents numbered Def. 00318 through Def. 00353.

22.    Documents referring to, reflecting, explaining, or comprising all agreements entered by Plaintiff with Defendants, including but not limited to agreements regarding confidentiality, trade secrets, terms of employment, salary, bonus structure, and any agreement referenced by Defendants' in their Amended Answer and Amended Counterclaims.

**OBJECTION:**

Defendants object that, to the extent that it calls for documents "reflecting" the subject matter of this request, this request is overbroad, not reasonably limited in temporal scope, and not likely to lead to admissible evidence.

**ANSWER:**

Without waiving said objections, Defendants respond as follows.  Defendants produced herein documents responsive to this request including documents numbered Def. 00354 through Def. 00365, and Def. 00261.

23.    All documents relating or referring to, comprising, or containing written leave requests

and/or doctor's notes requested by or provided to Defendants by InterSolutions' employees, or requested by or provided to InterSolutions' employees, from January 2003 to the present, including, but not limited to documents relating to, referring to, comprising or containing references to Ms. Green's medical condition and/or her requests for medical leave and/or InterSolutions request for doctor's notes from her.

**OBJECTION:**

Defendants object on this ground that this request assumes alleged facts in dispute, calls for a conclusion of law, and is vague as to its request for documents "referring to." Defendants object to this request on the grounds that it is compound in form.

**ANSWER:**

Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents contained in the range Def. 00261 through Def. 00313, and Def. 00318 through Def. 00353.

Respectfully submitted,


Date:   September 4, 2007                Manesh K. Rath (D.C. Bar No. 457835)
                                         *rath@khlaw.com*

                                         Keller and Heckman LLP
                                         1001 G Street, N.W., Suite 500 West
                                         Washington, D.C.  20001
                                         Tel:  (202) 434-4182
                                         Fax:  (202) 434-4646

                                         Counsel for Defendants

## CERTIFICATE OF SERVICE

I certify that on September 4, 2007, a copy of Defendant's Objections and Responses To Plaintiff's First Set of Interrogatories and Request For Production Of Documents was served via U.S. Postal Service – First Class Mail upon:

>   Lori B. Kisch, Esq.
>   Wiggins, Childs, Quinn & Pantazis, PLLC
>   2031 Florida Ave. NW
>   Suite 300
>   Washington, D.C. 20009
>
>   Counsel for Plaintiff

_____
Manesh K. Rath

## Abby M. Richardson

| | |
|---|---|
| **From:** | Lori Kisch |
| **Sent:** | Monday, September 10, 2007 11:28 AM |
| **To:** | 'Sheffield, Robert' |
| **Cc:** | Rath, Manesh; 'Susan Huhta' |
| **Subject:** | RE: Green v. InterSolutions, Inc. |

I will take a look at the protective order and send you my revisions. I received Defendants Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents. The document was signed by neither an attorney nor the clients. Please send executed objections and responses by tomorrow.

Thank you.

Lori B. Kisch
Wiggins Childs Quinn & Pantazis, PLLC
2031 Florida Ave, N.W., Suite 300
Washington, D.C. 20009
Tel: 202-263-3681
Fax:202-467-4489

*Privilege and Confidentiality Notice*
*This message and any attachments are confidential and may contain information protected by the attorney/client privilege. This message and any attachments are intended only for the individual or entity named above. Any dissemination, use, distribution, copying or disclosure of this communication by any other person or entity is strictly prohibited. If you are not the intended recipient, do not read, copy, use or disclose this communication to others. Please notify the sender by replying to the message and then deleting it from your system. Thank you.*

**From:** Sheffield, Robert [mailto:Sheffield@khlaw.com]
**Sent:** Friday, September 07, 2007 4:10 PM
**To:** Lori Kisch
**Cc:** Rath, Manesh
**Subject:** Green v. InterSolutions, Inc.

Ms. Kisch,

Please see the enclosed correspondence from Manesh Rath.

<<2007-09-07.pdf>>

Thank you,
Robert A. Sheffield
tel: 202.434.4139 | fax: 202.434.4646 | Sheffield@khlaw.com
1001 G Street, N.W., Suite 500 West | Washington, D.C. 20001
**Keller and Heckman LLP**
*Serving Business through Law and Science*®
**Washington, D.C. | Brussels | San Francisco | Shanghai**
*Visit our websites at* www.khlaw.com *or* www.packaginglaw.com *for additional information on Keller and Heckman.*

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

September 21, 2007

**Via Electronic and First Class U.S. Mail**

Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

*Re: Green v. InterSolutions, Inc.*

Dear Mr. Rath:

We write regarding Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents.

As an initial matter, on September 10, 2007, I emailed you and requested that you and your clients execute the discovery responses which still have not yet been executed. You never responded. Because you and your clients failed to execute the discovery responses, Defendants have waived all objections. Further, because Defendant Sarah Walder failed to respond to the Interrogatories at all, she too and in particular has waived her right to object to any of the requests. Nonetheless, neither you nor your clients are relieved of your obligations under the Federal Rules of Civil Procedure. We are still waiting for responses from Ms. Walder, and we are still waiting for executed copies of Intersolutions' and Drew Golin's discovery responses. Please get both to me no later than September 25, 2007.

As for Defendants Intersolutions' and Drew Golin's unverified and unsworn responses received to date, below are our specific exceptions to Defendants' objections and responses. Although we believe all objections are waived, in the event that the Court does not find that they are waived, we have described below separate and independent challenges to their propriety and otherwise noted deficiencies in the substantive responses themselves.

**INTERROGATORIES**

First, as to Defendants' objections throughout the interrogatories that the individually numbered interrogatories constitute more than one request, this is incorrect. Each interrogatory is properly numbered as one interrogatory. As I am sure you are aware, "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Zamora v. D'Arrigo Bros. Co. of Cal.*, No. C04-00047 JW (HRL), 2006 WL 931728, at *4 (N.D. Cal. Apr. 11, 2006)

**THE KRESS BUILDING**
**301 19TH STREET NORTH**
**BIRMINGHAM, AL 35203**
**(205) 328-0640**

**2031 FLORIDA AVE, N.W.**
**SUITE 300**
**WASHINGTON, D.C. 20009**
**(202) 467-4123**

(citing *Safeco of America v. Rawston*, 181 F.R.D. 441, 445 (C.D. Cal. 1998); *Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D. Nev. 1997)); *see also Ginn v. Gemini, Inc.*, 137 F.R.D. 320, 322 (D. Nev. 1991); *American Chiropractic Ass'n v. Trigon Healthcare*, No. 1:00CV00113, 2002 WL 534459, at *2 (W.D. Va. Mar. 18, 2002). We note that presumably based on this specious objection, Defendants refused to answer several interrogatories and/or parts of interrogatories. Please supplement and provide full responses to these Interrogatories by September 28, 2007.

With respect to Defendants' specific interrogatory responses, our challenges are articulated below.

**1.    State fully and in detail all facts that support and/or contradict your denials of the facts alleged by Green in the Complaint, and identify all documents which tend to support or contradict such facts.**

Defendants' objections lack merit. First, whether or not the Plaintiff has knowledge of a fact is not a proper objection for refusing to answer an interrogatory. Second, your objection that the response would require a lengthy factual narrative is not a proper objection. Third, your objection that the phrases "contradict your denial" and "support and/or contradict" are vague is not warranted. There is nothing vague about these phrases. Finally, there is nothing in this Interrogatory that calls for a legal conclusion. Please confirm that you have not withheld information based upon any of these objections.

In Defendants' answer they state that "Among *many other facts* that support Defendants' denials. . . ." (emphasis added), but then do not articulate the alleged "many other facts." If there are any other facts that support Defendants' denials, the rules require that Defendants provide them in the answer. Likewise, Defendants state that "Plaintiff was terminated because of, *among several other grounds*, . . ." (emphasis added), but then do not appear to articulate these alleged "several other grounds." To the extent that defendants contend that their alleged bases for Ms. Green's termination support their version of the facts, the interrogatory requires the identification of all purported bases for Ms. Green's termination. Therefore, please supplement this answer to include all the facts that support and/or contradict your denials of the facts alleged by Green in the Complaint, and all grounds for Ms. Green's termination. Further, Defendants failed to identify the documents supporting or contradicting the facts. Please include in your supplementation the identification of any such documents; if there are no such documents, please so state.

**2.    State fully and in detail all facts that support and/or contradict your Counterclaims against Green, and identify all documents which tend to support or contradict such facts.**

With regard to Defendants' objections, the first objection that the phrase "support or contradict" is vague is not warranted. There is nothing vague about the phrase. Second, your objection that the response would require a lengthy factual narrative is not a proper objection. Further, this request does not request information that calls for a legal conclusion and it is not overbroad.

With regard to Defendants' substantive response, in Defendants' answer they state that, "Among many other facts . . ." but then do not go on to state what these "many other facts" are. All facts must be included in this response. Further, Defendants failed to state which client Ms. Green allegedly "misinformed . . . as to the nature of her termination." Defendants also failed to specify what data they allege as damaged and how it was damaged. Defendants failed to specify what agreement they allege Ms. Green violated, and how. Defendants failed to identify what allegedly proprietary data they claim Ms. Green took from InterSolutions. Further, Defendants failed to identify any documents that support or contradict such facts, if any. Please supplement the previous response immediately to remedy each of these inadequacies.

3.    **Identify all adverse actions taken against the Plaintiff by Defendants which in any way concerned Plaintiff's job performance, including, but not limited to, disciplinary measures, warning notices and performance appraisals, and verbal warnings, stating for each the reasons for the action and identify all persons with knowledge related to such action.**

With regard to Defendants' objections, their contention that the response would require a lengthy factual narrative is not a proper objection. Defendants' objection that the request is vague regarding the expressions "concerned plaintiff's job performance" and "all persons with knowledge related to such action" is not warranted. There is nothing vague about these phrases. Further, the request for the identification of all individuals with knowledge of the adverse actions taken concerning Plaintiff's job performance is not overbroad and is in fact highly likely to lead to the discovery of admissible evidence. Defendants are incorrect that the interrogatory may only seek information that will "lead to admissible evidence"; rather, the information sought need only be likely to lead to the discovery of admissible evidence.

With regard to Defendants' substantive response, Defendants state "Among the many facts . . ." and then do not go on to state the alleged "many facts." This is not sufficient. Defendants must fully answer this interrogatory with all the facts responsive to this request.

4.    **Identify all persons who made or participated in the decision to terminate the Plaintiff's employment and describe the job title and role of each such person.**

With regard to Defendants' objections, the phrase "made or participated in the decision" is not vague and ambiguous. Please confirm that no information was withheld from Defendants' response based upon this objection.

As for the substantive response, Defendants state that "persons who . . . had involvement in the termination process *include*" (emphasis added) Drew Golin and John Wagithuku, suggesting that others may also have been involved, but then do not identify any other individuals. Please identify any other individuals involved, or clearly indicate that no other individuals were involved. Additionally, Defendants failed to describe the role of Drew Golin and John Wagithuku in the termination of the plaintiff. Please supplement with full descriptions of their respective roles.

    **5.       Describe all the facts supporting Defendants' reason(s) for terminating Plaintiff.**

       Defendants' objections that the term "Defendants" is vague and ambiguous is without merit.  Defendants' objection that the response would require a lengthy factual narrative is not a proper objection.  Defendants' objection that "the use of the term 'Defendants' here calls for a conclusion of law and for taking an allegation in dispute as true.  Defendant object [sic] on the grounds that this request taking in total calls for a conclusion of law and raises an allegation in dispute," is, frankly, incomprehensible, but in any event without merit.  Please confirm that no information was withheld from this request based upon these objections.

    **6.       Identify all persons who have been disciplined by and/or terminated from employment by InterSolutions, Inc., and describe fully and in detail the circumstances leading to, and the reasons for such discipline and/or terminations, and the individuals with knowledge of such discipline and/or termination.**

       Defendants' objections that this request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence lack merit.  If in fact other employees or former employees of Intersolutions were disciplined less severely for equal or more egregious alleged misconduct than that identified by Defendants as the reason for Plaintiff's termination, this would be relevant proof supporting Ms. Green's claims and fully discoverable.  If in fact certain individuals were not disciplined or terminated could also be reasonably calculated to lead to the discovery of admissible evidence if such individuals engaged in similar types of alleged misconduct.  Further, if in fact other employees or former employees who complained about FLSA violations or other illegal acts of Defendants were disciplined or fired by Defendants, this also would be information that is reasonably calculated to lead to the discovery of admissible evidence.

       With respect to Defendants' substantive response, as a general matter it is woefully insufficient.  Specifically, the response includes the language, "Among possible other individuals . . ." but then does not go on to identify such possible other individuals.  Defendants must provide all information responsive to this request of which they are currently aware, not just the names of some individuals.  Furthermore, it would appear that defendants should know with certainly whether any employees were disciplined or terminated and thus Plaintiff does not understand Defendants' use of the phrase "possible other individuals."  Further, Defendants failed to describe the circumstances leading to, and the reasons for such discipline and/or terminations.  Defendants also failed to identify the individuals with knowledge of such discipline and/or termination.

       Finally, with regard to Defendants' objection that the request is not reasonably limited in temporal scope, Plaintiff will agree to modify the request to information responsive to this Interrogatory dating back to January 1, 2000.  Please provide supplementation that remedies the deficiencies noted above.

    **7.       Identify all persons who have violated an InterSolutions' policy, who have received negative performance reviews, and/or who have received a verbal warning regarding poor performance, describing the policies violated, reason(s) for the poor**

**performance review, and/or the verbal warning, and identify the individuals who have knowledge of the violated policies, poor reviews, and/or verbal warnings.**

Defendants' objections regarding vagueness lack merit. With regard to Defendants' objection that the request is overbroad as to "all who have received a verbal warning regarding poor performance," and is not limited in temporal scope, Plaintiff will limit her request to those warnings given since December 2001. Defendants' remaining objections lack merit.

Regarding Defendants' substantive responses, Defendants' response that "Among possible other persons . . ." suggests that there may have been other individuals who received warnings, but the response does not identify such individuals. Defendants must supplement this response to include all such persons since December 2001. Defendants further failed to identify or describe any policies that were allegedly violated. Defendants also failed to identify individuals with knowledge of the violated policies, poor reviews and/or verbal warnings.

**8.      Identify the revenue and net profit received by Defendants from each of its departments including, but not limited to the concierge department, leasing department, and maintenance department for each month from December 2002 to the present.**

Each of Defendants' objections lacks merit. All of the information requested in this Interrogatory is designed to obtain information that is reasonably calculated to lead to the discovery of admissible evidence. This information will demonstrate that the Plaintiff performed her job well and that her Concierge department outperformed other departments. It will also help establish whether she was paid her bonuses correctly.

Defendant must supplement this response and provide the information requested for each month from December 2002 to the present.

**9.      Identify all polices, practices, procedures, and the method(s) used to determine each of the bonuses given to Ms. Green by InterSolutions, Inc., and identify all documents supporting and/or evidencing such policies, practices, procedures and/or methods used and/or relied upon.**

Defendants' objections lack merit. Please confirm that no information was withheld based upon the objections. Further, Defendants failed to identify all documents supporting and/or evidencing the policies, practices, procedures and/or methods used and/or relied upon.

**10.      State fully and describe in detail the reason for, and all events leading up to, the loss of the Archstone contract, and identify all individuals who have knowledge of and/or who were involved in any discussions regarding the loss of the contract, stating the knowledge of each individual, and identify all communications regarding, referencing, or pertaining to the loss of the Archstone contract, including the date of the communication, the persons involved in the communication, and the content of the communication.**

Defendants' objections lack merit. Please confirm that no information was withheld based upon the objections.

As for the substantive response provided, Defendants failed to identify all individuals who have knowledge of and/or who were involved in any discussions regarding the loss of the contract. Defendants failed to state the knowledge of each such individual. Defendants failed to identify all communications regarding the loss of the Archstone contract, including the date of such communications, the persons involved and the content of such communications.

**11. Identify all individuals with knowledge of any or all of Ms. Green's communications with Defendants regarding their failure to pay overtime to employees, and for each such complaint, state the date the complaint was made, the individuals who have knowledge of the complaint, and what action, if any, the Defendants took in response to the complaints.**

Defendants' objections lack merit. Please confirm that you have not withheld any information based upon these objections.

Regarding the substantive response, Defendants failed to identify which employees raised questions about their pay and the dates of such questions. Defendants also failed to identify the specific individuals to whom these employees raised questions. Defendants failed to state what action, if any, they took in response to the questions or complaints. Defendants failed to identify all individuals who Plaintiff allegedly threatened. Defendants failed to identify all individuals with knowledge of any or all of Ms. Green's communication with Defendants regarding their failure to pay overtime to employees. Defendants failed to answer the remaining parts of this Interrogatory as well.

**12. Identify all individuals to whom Defendants belatedly made payments for overtime wages owed, or to settle claims of overtime wages allegedly owed, stating the amount each individual was subsequently paid, and the date upon which the late payment was made, including but not limited to the amounts paid to current and former employees between the filing of the Complaints in *Cryer, et al. v. Intersolutions, et al.,* Case No. 1:06-cv-02032 and *Wells v. Intersolutions, Inc., et al.,* Case No. 1:06-cv-02033, and the present.**

Defendants' objections lack merit. Further, Defendants objection that this Interrogatory exceeds the number allowed, is unfounded especially because Defendants answered later Interrogatories. Defendants must answer this Interrogatory.

**13. Describe in detail all efforts undertaken by Defendants to determine their obligation to pay overtime wage rates to employees, the scope of Defendants' failure to properly pay overtime wage rates to employees, and all efforts made to rectify Defendants' failure to properly pay overtime wage rates to InterSolutions' employees.**

Defendants' objections lack merit. Further, Defendants' answer is non responsive to the Interrogatory. Defendants must fully and completely answer the Interrogatory propounded.

**14. Identify all clients who complained about Plaintiff, including, but not limited to complaints that Plaintiff had a negative attitude and/or didn't follow client instructions, describing the complaints, the dates the complaints were made, and the individuals who**

**have knowledge of the complaints.**

Defendants' objections lack merit. With regard to Defendants' objection that the Interrogatory is overbroad as to temporal scope, such an objection is nonsensical as the Interrogatory is specifically tailored to complaints about the Plaintiff which is one of the reasons given by Defendants as to the reason for her termination.

As for the substantive response, Defendants failed to fully answer this Interrogatory. For example, Defendants stated that "Among other clients, . . ." thus suggesting that additional clients other than those listed complained about Plaintiff, but then do not identify any additional clients. Defendants must identify all clients who complained. Further, Defendants failed to describe the complaints, the date the complaints were made, and the individuals who have knowledge of the complaints.

**15.    Describe all conversations between and/or among defendants and/or any other individual regarding the fact that Ms. Green had cancer and/or her requests for medical leave, including the date and means by which Defendants were first informed Ms. Green had cancer.**

Defendants' objections lack merit. Further, regarding substance, Defendants failed to describe all conversations regarding the fact Plaintiff had cancer and/or her requests for medical leave, including the date of such conversations.

**16.    Describe all facts supporting your contentions that Plaintiff was disruptive, uncontrollable, and threatened to commit acts of physical violence to Intersolutions' office and employees, and identify all individuals to whom such threats were made and all individuals who have knowledge of such threats and acts.**

Defendants' objections lack merit. As for Defendants' substantive response, Defendant failed to describe the facts supporting its conclusory statements that Plaintiff was disruptive, uncontrollable, and threatened to commit acts of physical violence to InterSolutions' office and employees. Merely restating the conclusory, vague allegations is not sufficient to answer this Interrogatory. Defendants failed to identify the individuals to which the threats were allegedly made. Finally, with regard to individuals with knowledge of the threats, Defendants suggest that they have not identified all individuals with knowledge when they stated "Among several others . . ." Defendants must identify all individuals.

**17.    Identify each individual who supplied information for or otherwise contributed to the answering of Ms. Green's Interrogatories and, with respect to each such person, state the subject matter of each person's information or other contribution.**

Defendants' objections lack merit. These requests were served on all three defendants. Therefore, Sarah Walder must also answer these Interrogatories.

**18.    State all facts in support of your allegation that Ms. Green informed Mr. Chamberlain that she had been fired because she had cancer, including the identities of the**

**individuals with knowledge of such facts, and describe all facts supporting your allegation that Crystal House ceased doing business with InterSolutions based upon Ms. Green's statement.**

Defendants' objections to this Interrogatory lack merit. That the interrogatory allegedly calls for a "lengthy factual narrative" is not a proper objection, nor is Defendants' contention that the information can be gathered "more efficiently by other means of discovery."

As for Defendants' actual response, it reads in total: "Linda Green and Mr. Chamberlain have direct knowledge of the alleged facts in this request. Defendants incorporate by reference all allegations in its Amended Answer and Counterclaim." This is not a substantive response. Please supplement immediately and provide all responsive information.

**Interrogatories 19-27**. Defendants refused to answer Interrogatories 19 through 27, contending that, based on alleged excessive subparts of prior requests, these Interrogatories exceed the permissible limit. As noted above, this objection is without merit. Please provide full substantive responses from each Defendant to these Interrogatories no later than September 28.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     **Any and all documents which are identified in or used in preparing your answers to Plaintiff's Interrogatories, and those you intend to introduce into evidence at trial in this case.**

Defendants' objections lack merit. Defendants' response that they will produce documents which they intend to use at trial is not a sufficient response. Defendants must produce all documents responsive to this request regardless of whether they intend to rely upon such documents at trial. Further, Defendants state that they *may* produce documents numbered Def. 1-187 under an appropriate protective order. Such documents must be produced.

2.     **All documents referring to Crystal House and/or Mr. Chamberlain.**

Defendants' objections to this request are without merit. This request is reasonably calculated to lead to the discovery of admissible evidence. Defendants filed a counterclaim against Plaintiff specifically alleging facts relating to Crystal House and specifically alleging conversations between Plaintiff and Mr. Chamberlain. Defendants cannot withhold evidence that might disprove or undermine Defendants' counterclaims.

3.     **All documents referring or relating to the termination and/or renewal or potential renewal of the Archstone Contract.**

Defendants' objections lack merit. Defendant stated that Plaintiff was terminated in part for her role in Intersolutions' loss of the Archstone contract. Therefore, this evidence goes directly to a defense in this case. Please confirm that no documents have been withheld regarding this request.

4.    **All documents supporting and/or contradicting any statements made in Defendants' counterclaims.**

Defendants' objections lack merit.  Please confirm that no documents were withheld based on Defendants' objections.

5.    **All documents referring and/or relating to any audit or review conducted by any of the Defendants relating to the payment of overtime wages to employees or former employees, and copies of all checks issued as a result of such audit or review.**

Defendants' objections lack merit.  This request is not overly broad and is reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendants conducted a review or an audit relating to the payment of overtime wages and found that individuals had not been properly paid, and to the extent that any checks were then issued, such evidence directly relates to Plaintiff's retaliation claim.

6.    **All documents reflecting the hours worked by temporary employees in the concierge department during the time in which Ms. Green was employed by InterSolutions.**

Defendants' objections lack merit.  This request is reasonably calculated to lead to the discovery of admissible evidence as it requests documents which could provide evidence of Defendants' failure to properly pay the temporary employees their overtime.  Responsive documents also could tend to establish how the department flourished under the direction of the Plaintiff.  They further could provide evidence of the bonuses or failure to pay full bonuses to the Plaintiff.

Further, as I am sure you are aware, it is not a proper objection to simply refuse to produce documents because it is unduly burdensome.  Defendants "cannot 'merely state, in conclusory fashion, that the requests are unduly burdensome.'"  *United States of America ex. rel., Kenneth Fisher v. Network Software Associates, et al.*, 217 F.R.D. 240, 246 (D.D.C. 2003).  It is a well established precept of federal civil law that parties must state "all grounds for an objection to an interrogatory . . . with specificity."  Fed. R. Civ. P. 33(b)(4).  Federal courts have uniformly adopted this position.  *See, e.g., United States ex rel. Pogue v. Diabetes Treatment Ctr.*, 235 F.R.D. 521, 523-24 (D.D.C. 2006); *United States of America ex. rel., Kenneth Fisher v. Network Software Associates, et al.*, 217 F.R.D. 240, 246 (D.D.C. 2003) (citing *Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 191 (D.D.C. 1998)).  "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, [or] oppressive'" does not suffice as specific objection.  *Momah, v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417, (E.D. Pa. 1996) (quoting *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982)).  Thus, Defendants must state with specificity how production of the requested documents would create a burden.  Your clients have not done so.

7.    **All documents from clients regarding the number of hours worked and/or the amount paid by the clients for temporary concierge workers during the time in which Plaintiff was employed.**

Defendants' objections lack merit. This request is reasonably calculated to lead to the discovery of admissible evidence as it requests documents which could provide evidence relating to the FLSA violations committed by Defendants. Responsive documents also could provide evidence of Defendants' failure to properly pay Plaintiff her bonuses. Such documents also could provide evidence of how the department flourished under the direction of the Plaintiff. Further, with regard to Defendants' objection regarding alleged burdensomeness, *see* Plaintiff's response above to Defendants' objection to Request No. 6.

**8.      All documents reflecting the total amount of money received by Defendants from each of its clients by month and/or by department, from January 2003 to the present.**

Defendants' objections lack merit. This request is reasonably calculated to lead to the discovery of admissible evidence as it seeks documents which could provide evidence relating to the FLSA violations committed by Defendants. It could also provide evidence of Defendants' failure to properly pay the Plaintiff her bonuses. It could also provide evidence of how the department flourished under the direction of the Plaintiff. Further, with regard to Defendants' objection regarding alleged burdensomeness, *see* Plaintiff's response above to Defendants' objection to Request No. 6.

**9.      All documents referring and/or relating to the termination of Plaintiff.**

In Defendants' written response they state, "Without waiving said objections, . . ." However, Defendants made no objections specific to this Request. Please confirm that all documents responsive to this request have been produced.

**10.     All documents referring and/or relating to any complaints made by Defendants' employees regarding Defendants' failure to pay overtime wages.**

Defendants' objections lack merit and Defendants must produce documents responsive to this request. This request is not overly broad and is reasonably calculated to lead to the discovery of admissible evidence. Responsive documents could provide evidence relating to Plaintiff's retaliation claim and could tend to show that Defendants had knowledge of the complaints regarding their violation of the FLSA by failing to pay their employees overtime wages. With respect to Defendants' objections regarding burdensomeness, *see* Plaintiff's response above to Defendants' objection to Request No. 6.

**11.     All documents comprising, referring and/or relating to any complaints made against or about the Plaintiff by Defendants, InterSolutions' employees, managers, officers, or any other individual.**

Defendants' objections lack merit. Defendants have stated that the Plaintiff was terminated in part based on complaints made about Plaintiff. Plaintiff is entitled to all documents relating to any complaints made about her. Please confirm that no documents were withheld based upon these objections and that all responsive documents have been produced.

**12.     All documents referring and/or relating to Plaintiff's job performance.**

Defendants' response states, "Without waiving said objections, . . ." However, Defendants made no objections to this Request. Please confirm that all documents responsive to this request have been produced.

**13.    All documents comprising, containing, or reflecting employment policies and procedures manuals, employee handbooks, and policies and procedures of the Defendants regarding equal employment opportunity ("EEO"), family and medical leave, harassment, discipline, discharge, and/or bonuses from January 1, 2003 to the present.**

Defendants' objections lack merit. Please confirm that no documents were withheld based upon the objections.

**14.    All documents relating to any complaints of discrimination and/or harassment and/or retaliation against the Defendants, including, but not limited to, all internal complaints, documents, or memoranda, EEO complaints, EEOC Charges, and investigative files and lawsuits alleging discrimination and/or retaliation against the Defendants from 2000 to the present.**

Defendants' objections lack merit. Please confirm that you did not withhold any documents based upon the objections.

**15.    The personnel files or any other file, including but not limited to, Human Resources files, supervisors' files, departmental files, discipline files or other files, by whatever name, containing employment information relating to Linda Green, and all those employees identified in response to Interrogatory Nos. 5 and 6.**

As an initial matter, Plaintiff mistakenly referred in this document request to her Interrogatories number 5 and 6, instead of Interrogatory nos. 6, and 7, which is what she intended. Therefore, in addition to all the files for those individuals identified in Request No. 6, please also produce all files as described in this request, for those individuals identified in Defendants' response to Interrogatory No. 7 as well.

In any event, Defendants' objections lack merit. *See* Plaintiff's responses above to Defendants' objection to Plaintiff's Interrogatory Nos. 6 and 7. All files relating to individuals identified in response to Interrogatory Nos. 6 and 7 must be produced.

**16.    Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant.**

Defendants' objections lack merit. Further, Defendants state that they produced documents bates labeled DEF 261 and DEF 313 in response to this request. However, DEF 261 is an offer letter to the Plaintiff. This document is not responsive to the request. Additionally, DEF 313 does not appear to relate to any discipline. Defendants must produce responsive documents to this request.

17.    **Document retention policies of Defendants.**

Defendants' objections lack merit. With regard to their objection regarding burdensomeness, *see* Plaintiff's response above to Defendants' objection to Request No. 6.

18.    **All documents relating, referring to, supporting or contradicting each of Defendants' counterclaims and the facts alleged therein.**

Defendants' objections lack merit. Please confirm that, other than the documents bates numbered Def. 1-187 (which you have indicated will be promptly produced upon agreement on terms of a reasonable protective order), no other documents have been withheld based upon Defendants' objections and that all responsive documents have been produced.

19.    **Documents referring to, relating to, or referencing the salaries and/or bonus structures of all InterSolutions' employees employed since December 2003.**

Defendants' objections lack merit. Certainly, any and all documents that relate to the salary and bonus of the Plaintiff are relevant for purposes of determining whether she was compensated correctly and for determining damages. Additionally, all salary and bonus information related to Harry McNeil is reasonably calculated to lead to the discovery of admissible evidence, as it would appear that Mr. McNeil has assumed Plaintiffs' job responsibilities. Further the salary and bonus information relating to other coordinators and/or managers are relevant to Plaintiff's claims of discrimination. Therefore, Defendants must produce all such responsive documents.

20.    **Documents reflecting, referring to, or explaining any changes in Harry McNeill's position, title, responsibilities, salary and/or rate of pay during his employment with InterSolutions.**

Defendants' objections lack merit. Please confirm that no documents were withheld based upon Defendants' objections and please confirm that Defendants have produced all responsive documents to this request.

21.    **The personnel file of Harry McNeill.**

Defendants' objections lack merit. Please confirm that no documents were withheld based upon Defendants' objections and please confirm that Defendants have produced all responsive documents to this request.

22.    **Documents referring to, reflecting, explaining, or comprising all agreements entered by Plaintiff with Defendants, including but not limited to agreements regarding confidentiality, trade secrets, terms of employment, salary, bonus structure, and any agreement referenced by Defendants' in their Amended Answer and Amended Counterclaims.**

Defendants' objections lack merit. Please confirm that no documents were withheld

*Manesh Rath, Esq.*
*September 21, 2007*
*Page 13 of 13*

based upon Defendants' objections and please confirm that Defendants have produced all responsive documents to this request.

**23.    All documents relating or referring to, comprising, or containing written leave requests and/or doctor's notes requested by or provided to Defendants by InterSolutions' employees, or requested by or provided to InterSolutions' employees, from January 2003 to the present, including, but not limited to documents relating to, referring to, comprising or containing references to Ms. Green's medical condition and/or her requests for medical leave and/or InterSolutions request for doctor's notes from her.**

Defendants' objections lack merit.  Please confirm that no documents were withheld based upon Defendants' objections and please confirm that Defendants have produced all responsive documents to this request.

Plaintiff asks that Defendants Intersolutions and Drew Golin provide supplemental responses by September 28, 2007, and that Defendant Sarah Walder provides a formal, written response to these requests by the same date.

Sincerely,

*with permission*

Lori B. Kisch

cc:    Susan Huhta, Esq.



**KELLER AND HECKMAN LLP**
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
**Manesh K. Rath**
(202) 434-4182
Rath@khlaw.com

September 25, 2007

**Via E-Mail**

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
2031 Florida Avenue, NW
Suite 300
Washington, DC 20009

      **Re:**   *Green v. InterSolutions, Inc. et al.*

Dear Lori:

     I am in receipt of your letter dated September 21, 2007 alleging deficiencies with our discovery responses. Given the breadth of the content of your letter, I ask that we be able to carefully review your letter and provide you with a response. We expect to respond fully by October 12, 2007.

Sincerely,

Manesh K. Rath

c:    John Wagithuku
      Drew Golin

## Abby M. Richardson

| | |
|---|---|
| **From:** | Lori Kisch |
| **Sent:** | Friday, October 05, 2007 11:08 AM |
| **To:** | Sheffield, Robert |
| **Cc:** | Rath, Manesh; Wright, Wesley; susan_huhta@washlaw.org |
| **Subject:** | RE: Green v. InterSolutions, Inc.: Protective Order |

Manash,

We will get you our comments to this on Monday.

Also, we have not received your response to our exception letter regarding the Defendants' discovery deficiencies. As you know, we had requested a response several times, and you have ignored our requests. We will need to receive all outstanding documents no later than October 12th. We will also need all supplemental discovery responses by that date as well as well as responses to the discovery from all Defendants. If Defendants continue to refuse to produce certain documents and answer certain Interrogatories, we will need to know that by that date as well. If any discovery disputes are not resolved by October 12th, we will contact the Court on October 16th to request a conference call with the Judge. In the event that we will need to contact Judge Sullivan on October 16th, please let us know your availability for joining us on that call.

Lori Kisch

---

**From:** Sheffield, Robert [mailto:Sheffield@khlaw.com]
**Sent:** Wed 10/3/2007 3:11 PM
**To:** Lori Kisch
**Cc:** Rath, Manesh; Wright, Wesley
**Subject:** Green v. InterSolutions, Inc.: Protective Order

Lori,

Attached are Defendants' comments on the protective order.

<<Protective Order - Defendants' Edits.doc>>

Robert A. Sheffield
tel: 202.434.4139 | fax: 202.434.4646 | Sheffield@khlaw.com
1001 G Street, N.W., Suite 500 West | Washington, D.C. 20001
**Keller and Heckman LLP**
*Serving Business through Law and Science*®
**Washington, D.C. | Brussels | San Francisco | Shanghai**
*Visit our websites at* www.khlaw.com *or* www.packaginglaw.com *for additional information on Keller and Heckman.*

---

10/16/2007

This message and any attachments may be confidential and/or subject to the attorney/client privilege,   IRS Circular 230 Disclosure or otherwise protected from disclosure.

If you are not a designated addressee (or an authorized agent), you have received this e-mail in error, and any further use by you, including review, dissemination, distribution, copying, or disclosure, is strictly prohibited. If you are not a designated addressee (or an authorized agent), we request that you immediately notify us of this error by reply e-mail and then delete it from your system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,                                )
                                            )
      Plaintiff,                       )
                                            )
      v.                               )        Case No.: 1:07-cv-00298-EGS
                                            )
INTERSOLUTIONS, INC., *et al.*,             )
                                            )
      Defendants.                      )
_____     )

## DEFENDANTS' FIRST SUPPLEMENTAL RESPONSE
## TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants state the following responses to supplement their Response to Plaintiff's First Set of Interrogatories:

16.    Describe all facts supporting your contentions that Plaintiff was disruptive, uncontrollable, and threatened to commit acts of physical violence to InterSolutions' office and employees, and identify all individuals to whom such threats were made and all individuals who have knowledge of such threats and acts.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First Set of Interrogatories, Defendants respond as follows. Upon good faith and belief, on or about August 1, 2006, Plaintiff was presented with a Performance Improvement Plan by John Wagithuku. Upon good faith and belief, Ms. Green refused to sign the Performance Improvement Plan. Upon good faith and belief, after refusing to sign the Performance Improvement Plan, Ms. Green threatened

violence upon her coworkers and threatened destructive action against the office
of InterSolutions, Inc.

17. Identify each individual who supplied information for or otherwise contributed to
the answering of Ms. Green's Interrogatories and, with respect to each such
person, state the subject matter of each person's information or other contribution.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First Set
of Interrogatories, Defendants responses are as follows. Sara Walder also
contributed to the subject matter that formed the responses herein. Ms. Walder
has knowledge of InterSolutions operating procedures. John Wagithuku has
knowledge of InterSolutions operating procedures and Plaintiff's employment
history. Drew Golin has knowledge of InterSolutions operating procedures and
Plaintiff's employment history.

18. State all facts in support of your allegation that Ms. Green informed Mr.
Chamberlain that she had been fired because she had cancer, including the
identities of all individuals with knowledge of such facts, and describe all facts
supporting your allegation that Crystal House ceased doing business with
InterSolutions based upon Ms. Green's statement.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First Set of Interrogatories, Defendants responses are as follows.  Upon good faith and belief, Ms. Green and Mr. Chamberlain have knowledge that Ms. Green informed Mr. Chamberlain that she had been fired because she had cancer.

Date: October 12, 2007

Manesh K. Rath, Esquire (D.C. Bar No. 457835)
1001 G Street, N.W., Suite 500 West
Washington, DC  20001-4564
(202) 434-4182 (telephone)
(202) 434-4646 (facsimile)

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2007, a copy of the foregoing Defendants' First Supplemental Responses to Defendants First Set of Interrogatories was served via U.S. Postal Service – First Class Mail upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, NW
Suite 300
Washington, DC  20009

Counsel for Plaintiff

_____
Manesh K. Rath

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-cv-00298-EGS |
| | ) | |
| INTERSOLUTIONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' FIRST SUPPLEMENTAL RESPONSES**
**TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants' produce the following documents to supplement their Response to Plaintiff's

First Request for Production of Documents:

1.    Any and all documents which are identified in or used in preparing your answers

to Plaintiffs Interrogatories, and those you intend to introduce into evidence at

trial in this case.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First

Request for Production of Documents, Defendants respond as follows.

Documents numbered DEF 00366 through DEF 00495 are produced herein.

3.    All documents referring or relating to the termination and/or renewal or potential

renewal of the Archstone Contract.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First

Request for Production of Documents, Defendants respond as follows.

Documents numbered DEF 00366 through DEF 00495 are produced herein.

4.    All documents supporting and/or contradicting any statements made in

Defendants' counterclaims.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First

Request for Production of Documents, Defendants respond as follows.

Documents numbered DEF 00366 through DEF 00495 are produced herein.

9.    All documents referring and/or relating to the termination of Plaintiff.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First

Request for Production of Documents, Defendants respond as follows.

Documents numbered DEF 00366 through DEF 00495 are produced herein.

11.   All documents comprising, referring and/or relating to any complaints made

against or about the Plaintiff by Defendants, InterSolutions' employees,

managers, officers, or any other individual.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First

Request for Production of Documents, Defendants respond as follows.

Documents numbered DEF 00366 through DEF 00495 are produced herein.

12.   All documents referring and/or relating to Plaintiff's job performance

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.

15. The personnel files or any other file, including but not limited to, Human Resources files, supervisors' files, departmental files, discipline files or other files, by whatever name, containing employment information relating to Linda Green, and all those employees identified in response to Interrogatory Nos. 5 and 6.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.

16. Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.

18. All documents relating, referring to, supporting or contradicting each of Defendants' counterclaims and the facts alleged therein.

**ANSWER:**

Without waiving the objections in Defendants' Responses to Plaintiff's First

Request for Production of Documents, Defendants respond as follows.

Documents numbered DEF 00366 through DEF 00495 are produced herein.

Date: October 12, 2007

Manesh K. Rath, Esquire (D.C. Bar No. 457835)
1001 G Street, N.W., Suite 500 West
Washington, DC  20001-4564
(202) 434-4182 (telephone)
(202) 434-4646 (facsimile)

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2007, a copy of the foregoing Defendants' First Supplemental Responses to Defendants First Request for Production of Documents was served via U.S. Postal Service – First Class Mail upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, NW
Suite 300
Washington, DC  20009

Counsel for Plaintiff

_____
Manesh K. Rath

4

**KELLER AND HECKMAN LLP**
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
**Manesh K. Rath**
(202) 434-4139
Rath@khlaw.com

October 17, 2007

**Via E-Mail and U.S. Postal Service**

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
2031 Florida Avenue, NW, Suite 300
Washington, D.C. 20009

<div style="margin-left:2em">

Re:    ***Green v. InterSolutions, Inc., et al.***
        **Plaintiff's Responses to Defendants' Requests for Production of Documents.**

</div>

Dear Ms. Kisch:

      This letter addresses your client's objections and responses to Defendants' Requests for Production of Documents. Please consider this letter to be part of our personal consultation on this matter and a sincere effort to resolve the parties' dispute. Please provide us a response to this letter by 5:00 p.m. on October 24, 2007.

      As an initial matter, Defendants hereby stipulate to treat all Confidential documents as if they were produced under the proposed protective order since both parties' proposed protective orders treat confidential documents similarly. We therefore ask that you provide us with all such documents promptly rather than wait for the Court to enter a protective order. We are prepared to do the same upon your agreement to similar conditions.

      Second, we ask that you comply with Rule 34(b)(i) for the documents you intend to produce and retroactively for those that you have previously produced. Rule 34(b)(i) requires that documents produced shall be organized and labeled to correspond with the categories in the request. You have not done this. Please provide us with a list indicating which documents go to what document request. For ease of reference, please use the Bates numbers you have assigned to Plaintiff's documents rather than the title or content of the document itself.

      Next, we ask that you reconsider your objections to the following requests for production of documents.

***Defendants' First Request for Production of Documents (issued July 27, 2007)***

      Request 1 requested: "All documents referenced or specifically identified in Plaintiff's Rule 26(a)(1) initial disclosures." You indicated that "Plaintiff will produce all non-privileged documents responsive to this request." Plaintiff's initial disclosures specifically identified the following documents as within Plaintiff's "possession, custody or control":

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 2

- Correspondence and emails between Linda Green and InterSolutions' employees and owners, and other documents regarding Ms. Green's employment, termination, bonuses, time off, requests for leave and/or notification of medical appointments;

- Correspondence and emails regarding Linda Green's complaints regarding InterSolutions;

- InterSolutions' Policies and Expectations; and,

- InterSolutions' Corporate Employee Manual, dated September 2004.

To date, we have received only some of the documents referenced in Plaintiff's initial disclosures. Please produce all documents listed in Plaintiff's initial disclosures, including any documents identified since the filing of Plaintiff's initial disclosures.

Request 2 requested: "All documents concerning any claims of any kind that you have asserted, or contemplated asserting against any past or present employer, including, but not limited to, agency charges, complaints, lawsuits, demands, claims, appeals, and other court papers." You objected and refused to provide documents because the request "is vague and overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Your objection is not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to claims or defenses in this litigation. The fact of whether Plaintiff has previously filed administrative charges or lawsuits against past employers would undoubtedly lead to admissible evidence. For example, the documents would provide admissible evidence regarding Plaintiff's past employers and supervisors at her previous jobs. Moreover, as you know, the Federal Rules of Civil Procedure do not require that discoverable information also be admissible under the Federal Rules of Evidence. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3d Cir. 1982). You seem to have conflated the two standards. Third, the information sought through this request is properly admissible for impeachment purposes. We ask that you reconsider your objection and produce responsive documents.

Request 3 requested: "All documents received by you from any law enforcement authority, government agency, or court system, concerning the subject matter of the pending action." You objected to this request "to the extent it requests documents related to the subject matter of the pending action rather than the claims and defenses of the pending action." Your objection is not well taken. Any document received by Plaintiff from any law enforcement authority or government agency concerning the subject matter of the pending action is relevant and discoverable under the Federal Rules of Civil Procedure. To the extent you have withheld

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 3

documents based on this objection, we ask that you reconsider your objection and produce responsive documents.

Request 4 requested: "All documents sent by you to any law enforcement authority, government agency, or court system, concerning the subject matter of the pending action." You objected to this request "to the extent it requests documents related to the subject matter of the pending action rather than the claims and defenses of the pending action." Your objection is not well taken. Any document sent by Plaintiff to any law enforcement authority or government agency concerning the subject matter of the pending action is relevant and discoverable under the Federal Rules of Civil Procedure. To the extent you have withheld documents based on this objection, we ask that you reconsider your objection and produce responsive documents.

Request 5 requested: "All documents related to the filing of any state and/or federal tax return by you in the tax filing year of 2004." You objected "to the extent that it is overly broad and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that Plaintiff should have disclosed the information sought through this request in her initial disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C), Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay, lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this information as Confidential under the proposed protective orders. We ask that you reconsider your objections and produce responsive documents.

Request 6 requested: "All documents related to the filing of any state and/or federal tax return by you in the tax filing year of 2005." You objected "to the extent that it is overly broad and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that Plaintiff should have disclosed the information sought through this request in her initial disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C), Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay, lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 4

information as Confidential under the proposed protective orders. We ask that you reconsider
your objections and produce responsive documents.

Request 7 requested: "All documents related to the filing of any state and/or federal tax
return by you in the tax filing year of 2006." You objected "to the extent that it is overly broad
and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects
to producing these documents prior to the entry of a protective order in this case." Your
objections are not well taken. First, you have not explained with the required specificity the
bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v.
Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request
goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that
Plaintiff should have disclosed the information sought through this request in her initial
disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C),
Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay,
lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is
insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this
information as Confidential under the proposed protective orders. We ask that you reconsider
your objections and produce responsive documents.

Request 8 requested: "All documents related to the filing of any state and/or federal tax
return by you in the tax filing year of 2007." You objected "to the extent that it is overly broad
and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects
to producing these documents prior to the entry of a protective order in this case." Your
objections are not well taken. First, you have not explained with the required specificity the
bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v.
Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request
goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that
Plaintiff should have disclosed the information sought through this request in her initial
disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C),
Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay,
lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is
insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this
information as Confidential under the proposed protective orders. We ask that you reconsider
your objections and produce responsive documents.

### *Defendants' Second Request for Production of Documents*

Request 1 requested: "All documents received by you, or otherwise provided to you,
concerning income earned from any source other than from Defendants in the calendar year
2004." You objected "to the extent that it is vague and ambiguous. To the extent that this
request seeks documents reflecting the amount of income earned from sources other than
Defendants, such a request is not reasonably calculated to lead to the discovery of admissible

## KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 5

evidence and is designed to harass and invade the privacy interests of Plaintiff. Therefore, Plaintiff objects to producing documents responsive to this request." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request seeks relevant and discoverable information. On information and belief, Plaintiff was engaged in other income-earning activity while employed at InterSolutions. This information is relevant to claims or defenses in this litigation. Please reconsider your objections and produce responsive documents.

Request 2 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2005." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting the amount of income earned from sources other than Defendants, such a request is not reasonably calculated to lead to the discovery of admissible evidence and is designed to harass and invade the privacy interests of Plaintiff. Therefore, Plaintiff objects to producing documents responsive to this request." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request seeks relevant and discoverable information. On information and belief, Plaintiff was engaged in other income-earning activity while employed at InterSolutions. This information is relevant to claims or defenses in this litigation. Please reconsider your objections and produce responsive documents.

Request 3 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2006." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting income earned from sources other than Defendants during Plaintiff's employment, such a request is not reasonably likely to lead to discoverable information and is designed to harass and invade the privacy interests of Plaintiff." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this information is relevant to claims and defenses in this litigation. On information and belief, Plaintiff was engaged in other income-earning activity while employed at InterSolutions. Plaintiff has a duty to mitigate damages, and this income is relevant to Plaintiff's duty to mitigate her damages. As you know, the standard for discoverability is a low one. *Id.* at 417. Please reconsider your objections and produce responsive documents. Notwithstanding your objections, you indicated, without qualification, that you would produce "any W-2 statements received from sources other than Defendants after her termination from Defendants." To date, we have not received any W-2 statements from Plaintiff. Please produce documents responsive to this request.

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 6

Request 4 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2007." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting income earned from sources other than Defendants during Plaintiff's employment, such a request is not reasonably likely to lead to discoverable information and is designed to harass and invade the privacy interests of Plaintiff." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this information is relevant to claims and defenses in this litigation. Plaintiff has a duty to mitigate damages, and this income is relevant to Plaintiff's duty to mitigate her damages. As you know, the standard for discoverability is a low one. *Id.* at 417. Please reconsider your objections and produce responsive documents. Notwithstanding your objections, you indicated, without qualification, that you would produce "any W-2 statements received from sources other than Defendants after her termination from Defendants." To date, we have not received any W-2 statements from Plaintiff. Please produce documents responsive to this request.

Request 5 requested: "All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2006." You objected "to the extent that this request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff." Your objection is not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request is clear on its face. Your attempt to deliberately misunderstand the request does not render it vague or ambiguous. In any event, you stated that you would produce all documents responsive to this request. To date, however, we have not received any documents responsive to this request. Please produce responsive documents.

Request 6 requested: "All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2007." You objected "to the extent that this request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff." Your objection is not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request is clear on its face. Your attempt to deliberately misunderstand the request does not render it vague or ambiguous. In any event, you stated that you would produce all documents responsive to this request. To date, however, we have not received any documents responsive to this request. Please produce responsive documents.

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 7

Request 7 requested: "All documents received by you concerning any and all income earned by you since January 1, 2005." You objected "to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence," but you indicated, without qualification, that Plaintiff would produce all W-2 statements received since January 1, 2005. Your objections are not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this information is relevant to claims and defenses in this litigation. On information and belief, Plaintiff was engaged in other employment while employed at InterSolutions, and this income is relevant to Plaintiff's duty to mitigate her damages on some of her claims against Defendants. As you know, the standard for discoverability is a low one. *Id.* at 417. Third, to date, we have not received any W-2 statements or other documents responsive to this request. Please produce responsive documents.

Request 8 requested: "All documents provided by you to any individual concerning any and all income earned by you since January 1, 2005." You objected "to the extent that this request is vague and ambiguous. Plaintiff further objects to the extent that this request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the extent that this request seeks discovery of privileged documents." Plaintiff refused to produce documents. Your objections are not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request seeks information relevant to claims and defenses in this litigation. On information and belief, Plaintiff had other sources of income while employed by InterSolutions. This additional income is relevant to Defendants' counterclaims and defenses as well as to Plaintiff's duty to mitigate her damages on some of her claims against Defendants. Please reconsider your objections and produce responsive documents.

Request 9 requested: "All written statements by witnesses or potential witnesses, signed and unsigned, that identify, reference or relate to you." You objected "to the extent that it is vague and ambiguous and fails to identify the documents requested with reasonable particularity. Plaintiff also objects to this request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks production of documents protected by the attorney-client privilege and/or work product doctrine." Your objections are not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request is clear on its face and Plaintiff's attempt to deliberately misunderstand it does not render this request vague or ambiguous. Third, this request clearly seeks information likely to lead to admissible evidence. This information is at the core of discoverable information under the Federal Rules of Civil Procedure. Finally, no written statement by a witness or potential witness other than Plaintiff is protected by the attorney-client privilege unless the person making the statement is your client. If you represent any of Plaintiff's witnesses or potential witnesses

## KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 8

please inform us of this so that we will know not to contact those individuals directly. Even if you do represent any of Plaintiff's witnesses or potential witnesses, Defendants disagree that a written statement made by an individual in their capacity as a witness or potential witness is a confidential communication. Please reconsider your objections and produce responsive documents.

### *Defendants' Fourth Request for Production of Documents*

Request 1 requested: "All medical records (including, but not limited to, doctor reports, doctor diagnoses, medical bills, or receipts for payment of medical bills) related to any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering associated with any facts alleged in Plaintiff's Amended Complaint." You objected to this request on the grounds that "it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the Court made clear in its August 29, 2007, Order on Plaintiff's Motion to Quash that Plaintiff has put her medical condition directly at issue in this case and that Plaintiff's medical records are relevant to claims and defenses in the litigation. Third, Plaintiff to date has not specified with any degree of certainty the date on which she alleges to have been diagnosed with cancer. Defendants are without a doubt entitled to this key piece of information, and Plaintiff's medical records are the only reliable source for this. Notwithstanding your objections, you indicated that you would produce the requested documents. To date, however, we have received no documents from Plaintiff responsive to this request. Please produce documents responsive to this request.

Request 2 requested: "All records or correspondence relating to any insurance provider's payment, non-payment, or other involvement in any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering, associated with any facts alleged in Plaintiff's Amended Complaint." You objected "to the extent that it is vague and ambiguous. Plaintiff further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence." You refused to produce any documents responsive to this request. Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the request is neither vague nor ambiguous. The request plainly seeks insurance records related to medical treatment associated with any facts alleged in Plaintiff's complaint. Plaintiff certainly knows what medical treatment she received regarding the facts she has set forth in her Amended Complaint, and she should possess the appropriate insurance records from treatment she received. Third, the Court made clear in its August 29, 2007, Order on Plaintiff's Motion to Quash that Plaintiff has put her medical condition directly at issue in this case and that Plaintiff's medical records are relevant to claims and defenses in the litigation. The same

## KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 9

principle holds true for Plaintiff's insurance records that relate to medical treatment received. Fourth, to date, Plaintiff has not specified with any degree of certainty the date on which she alleges to have been diagnosed with cancer. Plaintiff's insurance records will indicate, at a minimum, the dates she sought or received treatment for her cancer. Defendants are entitled tot his information under the Federal Rules of Civil Procedure. Please reconsider your objections and produce responsive documents.

### Defendants' Fifth Request for Production of Documents

Request 1 requested: "All traditional land-line telephone bills received by you for your personal telephone lines between January 1, 2005, and August 1, 2006." You objected to this request "because it is overly broad and invades the privacy of both Plaintiff and third-parties. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have provided no factual support for any of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, you do not have standing to assert the interests of third parties, and your objection on that basis is plainly invalid. Third, Plaintiff has an expectation of privacy in the content of a telephone conversation not the fact that the conversation occurred. *E.g., Reporters Comm. For Freedom of the Press v. Am. Tel. & Tel. Co.*, 593 F.2d 1030, 392 (D.C. Cir. 1978). Defendants seek only evidence that the calls occurred not their contents. Fourth, the information sought is relevant to claims and defenses in this litigation. Defendants terminated Plaintiff for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's phone records would verify that Plaintiff was using her home telephone when she should have been at InterSolutions' office or visiting client sites. Fifth, the fact that the Court found this language in a subpoena to be overbroad does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept records of calls received by Plaintiff's personal home telephone or placed by Plaintiff's personal home telephone during normal business hours (between 8:00 a.m. and 6:00 p.m.) on non-holiday weekdays from January 1, 2005, through August 1, 2006.

Request 2 requested: "All monthly credit card statements for all your credit card accounts between January 1, 2005, and August 1, 2006." You objected to this request "because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have provided no factual bases for any of your objections as required

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 10

by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request properly seeks information relevant to claims and defenses in this litigation. Defendants terminated Plaintiff for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's credit card statements for the time period requested would verify that Plaintiff used her credit card for personal reasons when she should have been at InterSolutions' office or visiting client sites. The statements would also pinpoint the locations of the purchases, which would further prove Plaintiff's misconduct. Third, the fact that the Court found this language in a subpoena to be overbroad does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all of Plaintiff's monthly credit card statements for all of Plaintiff's credit card accounts between January 1, 2005, and August 1, 2006, so long as the statements show every purchase made during regular business hours (8:00 am to 6:00 p.m.) on non-holiday weekdays.

Request 3 requested: "For Dr. Bruce Lundeen, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006." You indicated that Plaintiff would produce these documents after a protective order is entered in the case. Per the introductory paragraph of this letter, Defendants stipulate to treat this information as Confidential until a protective order is in place. Please produce records responsive to this request.

Request 4 requested: "For Dr. David A. Schreiner, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006." You indicated that Plaintiff would produce these documents after a protective order is entered in the case. Per the introductory paragraph of this letter, Defendants stipulate to treat this information as Confidential until a protective order is in place. Please produce records responsive to this request.

Request 5 requested: "For Dr. Robert C. Wagner, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006." You indicated that Plaintiff would produce these documents after a protective order is entered in the case. Per the introductory paragraph of this letter, Defendants stipulate to treat this information as Confidential until a protective order is in place. Please produce records responsive to this request.

Request 6 requested: "All bills, statements and records chronicling incoming and outgoing calls placed or received by the Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, indicating the geographic location where each call was placed and

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 11

received." You objected to this request "because it is overly broad and invades the privacy of both Plaintiff and third-parties. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have provided no factual bases for any of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, you do not have standing to assert the interests of third parties, and your objection on that basis is plainly invalid. Third, this request seeks information relevant to claims and defenses in this case. Defendants terminated Plaintiff for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's mobile phone records would verify that Plaintiff was using her mobile telephone during work hours for non-work related purposes. Fourth, the fact that the Court found this language in a subpoena to be overbroad does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all bills, statements and records chronicling Plaintiff's Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, so long as the bills, statements and records indicate the time and geographic location of every incoming call and outgoing call that was received or placed by Plaintiff's Sprint mobile telephone, between March 1, 2004, and September 1, 2006, while Plaintiff's mobile telephone was at a location outside of Washington, D.C.

    Request 7 requested: "All monthly statements of account, balance statements, and all other documents detailing your account with Strategic Federal Credit Union between December 1, 2003, and December 1, 2006." You objected to this request because "it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have not explained with the required specificity how this request is "overly broad." *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to claims and defenses in this litigation. Plaintiff was terminated by InterSolutions for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's monthly statements of account, balance statements, and all other documents detailing her account with Strategic Federal Credit Union would verify that Plaintiff used her debit card for personal reasons when she should have been at InterSolutions' office or visiting client sites. The statements would also pinpoint the locations of any purchases or ATM withdrawals. Third, the

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 12

fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of Plaintiff's monthly statements of account, balance statements, and all other documents detailing her account with Strategic Federal Credit Union between December 1, 2003, and December 1, 2006, so long as the data shows every debit card purchase or ATM withdrawal made during normal working hours (8:00 a.m. to 6:00 p.m.) on non-holiday weekdays.

Request 8 requested: "All electronic mail messages sent to or from your America Online email address llgreen311@aol.com between January 1, 2006, and August 1, 2007." You objected to the request because it was is overly broad, seeks documents which are not reasonably calculated to lead to the admission of discoverable evidence, invades Plaintiff's privacy, seeks attorney-client privileged documents, and not appropriately limited pursuant to the Court's August 29, 2007, order. Your objections are not well taken. First, you have provided no factual support for any of your objections as required by the federal Rules of Civil Procedure. *See United States ex rel. Pogue v. Diabetes Treatment Center*, 235 F.R.D. 521, 523 (D.D.C. 2006); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the contents of Plaintiff's emails are relevant to claims and defenses in this litigation. On information and belief, Plaintiff emailed Defendants' trade secrets from her InterSolutions' email address to her America Online (AOL) email address and distributed InterSolutions' trade secrets to others from her AOL address. The emails sought through this request would pinpoint the date and time when Plaintiff emailed Defendants' trade secrets and other confidential information to her personal email address. Third, the fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept copies of all email messages sent to Plaintiff's AOL email address (llgreen311@aol.com) between January 1, 2006, and August 1, 2007, from any email address ending in "intersolutionsinc.com" *and* copies of all email messages sent from Plaintiff's AOL email address (llgreen311@aol.com) between January 1, 2006, and August 1, 2007, that contain, in the text or in an attachment to the email, at least two InterSolutions client or employee names or addresses. This limitation should adequately protect Plaintiff's privacy and concerns. We note in advance that under the crime-fraud exception to the attorney-client privilege, Defendants' would take exception to Plaintiff withholding any emails meeting the above definition on privilege grounds.

Request 9 requested: "All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Capital Club Card and corresponding Capital Club Account with Dover Downs." You objected to this request "because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 13

Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have not explained how or why this request is overly broad, as required under the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to Defendants' defenses in this litigation. Plaintiff was terminated by InterSolutions for good cause for, among several other reasons, excessive absences from the office during work hours. Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. On good information and belief, Plaintiff spent time during regular working hours at Dover Downs during times she said she was working remotely or visiting client sites. Documents detailing Plaintiff's account would verify that Plaintiff was gambling at Dover Downs when she should have been at InterSolutions' office or visiting client sites. Third, this request does not invade Plaintiff's privacy interests. Plaintiff has previously stated in this litigation that she has gambled at Dover Downs. *See* Plaintiff's Response to Interrogatory 1 of Defendants' Second Set of Interrogatories. Defendants only seek records detailing Plaintiff' activity at Dover Downs to pinpoint the dates and times she was gambling there. In any case, the records sought by this request are, as a matter of law, the business records of Dover Downs, *Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980), and Plaintiff cannot legitimately claim to have a privacy interest in Dover Downs' records. Finally, the fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all documents, balance statements and statements of account or activity from May 1, 2004, through September 1, 2006, for Plaintiff's Capital Club Card and corresponding Capital Club Account with Dover Downs so long as the documents show all gambling activity conducted at Dover Downs during regular business hours (8:00 a.m. to 6:00 p.m.) on non-holiday weekdays.

Request 10 requested: "All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots." You objected to this request "because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have not explained how or why this request is overly broad, as required under the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to Defendants' defenses in this litigation. Plaintiff was terminated by InterSolutions for good cause for, among several other reasons, excessive absences from the office during work hours. Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require

## KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 14

medical leave. On good information and belief, Plaintiff spent time during regular working hours at Charles Town Races and Slots during times she said she was working remotely or visiting client sites. Documents detailing Plaintiff's account would verify that Plaintiff was gambling at Charles Town Races and Slots when she should have been at InterSolutions' office or visiting client sites. Third, this request does not invade Plaintiff's privacy interests. Plaintiff has previously stated in this litigation that she has gambled at Charles Town Races and Slots. *See* Plaintiff's Response to Interrogatory 1 of Defendants' Second Set of Interrogatories. Defendants only seek records detailing Plaintiff' activity at Charles Town Races and Slots to pinpoint the dates and times she was gambling there. In any case, the records sought by this request are, as a matter of law, the business records of Charles Town Races and Slots, *Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980), and Plaintiff cannot legitimately claim to have a privacy interest in Charles Town Races and Slots' records. Finally, the fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all documents, balance statements and statements of account or activity from May 1, 2004, through September 1, 2006, for Plaintiff's Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots so long as the documents show all gambling activity conducted at Charles Town Races and Slots during regular business hours (8:00 a.m. to 6:00 p.m.) on non-holiday weekdays.

### *Defendants' Sixth Request for Production of Documents*

Request 2 requested: "All records or documents reflecting any deductions you claimed from the U.S. Internal Revenue Service for the tax years 2004, 2005, and 2006." You objected to this request "because it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it invades the privacy of Plaintiff." You refused to produce the requested documents. Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, Plaintiff has agreed to produce all W-2s from sources other than Defendants thereby calling into doubt the genuineness of Plaintiff's privacy objections to this request. *See* Plaintiff's Response to Request Number 3 of Defendants' Second Request for Production of Documents. Third, the information sought by this request is relevant to claims or defenses in this litigation and is therefore discoverable. We know that Plaintiff used her private mobile phone for business purposes. However, that use was never authorized or condoned by InterSolutions. This request seeks to verify whether Plaintiff ever claimed a deduction for using her cell phone for business purposes. Please reconsider your objections and produce responsive documents.

Request 3 requested: "All records or documents reflecting any deductions you claimed from the Virginia Department of Taxation for the tax years 2004, 2005, and 2006." You objected to this request "because it is not reasonably calculated to lead to the discovery of

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 15

admissible evidence. Plaintiff further objects to this request because it invades the privacy of Plaintiff." You refused to produce the requested documents. Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought is relevant to claims or defenses in this litigation and is therefore discoverable. We know that Plaintiff used her private mobile phone for business purposes. However, that use was never authorized or condoned by InterSolutions and that use goes to the issue of Plaintiff's unauthorized absences from work. This request seeks to verify whether Plaintiff ever claimed a deduction for using her cell phone for business purposes. Please reconsider your objections and produce responsive documents.

Sincerely,

Manesh K. Rath

c:    Drew Golin
John Wagithuku

## VERIFICATION OF SARA WALDER

    I declare under penalty of perjury that I am a co-owner of InterSolutions, Inc.; that I have read Defendants' Objections and Responses to Plaintiffs First Set of Interrogatories and know the contents thereof; that the same is true and correct of my own knowledge, except for those matters therein stated upon information and belief, and as to those matters, I believe them to be true.

    Executed on October 16, 2007

                               Sara Walder, Co-owner
                               InterSolutions, Inc.

## VERIFICATION OF JOHN WAGITHUKU

I declare under penalty of perjury that I am the Chief Executive Officer of InterSolutions, Inc.; that I have read Defendants' Objections and Responses to Plaintiffs First Set of Interrogatories and know the contents thereof; that the same is true and correct of my own knowledge, except for those matters therein stated upon information and belief, and as to those matters, I believe them to be true.

Executed on October 16, 2007

John Wagithuku, Chief Executive Officer
InterSolutions, Inc.

## VERIFICATION OF DREW GOLIN

     I declare under penalty of perjury that I am a co-owner of InterSolutions, Inc.; that I have read Defendants' Objections and Responses to Plaintiffs First Set of Interrogatories and know the contents thereof; that the same is true and correct of my own knowledge, except for those matters therein stated upon information and belief, and as to those matters, I believe them to be true.

     Executed on October 16, 2007

Drew Golin, Co-owner
InterSolutions, Inc.

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

———

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE  (202) 467-4489

October 26, 2007

**Via Electronic Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

### Re: Green v. InterSolutions, Inc.

Dear Manesh:

Upon review of your October 17, 2007 letter regarding Defendants' responses and objections to Plaintiff's discovery requests, Plaintiff has reconsidered an objection raised by you in response to portions of her Interrogatory Nos. 9 and 27 that ask Defendants to "identify all documents . . . ." related to the respective Interrogatory question.  Plaintiff hereby withdraws the portion of the Interrogatories which specifically requests Defendants to identify the documents.

Also, in your letter of October 17th, you appear to be supplementing some of your discovery responses.  As you know, the letter is not a formal supplementation and to the extent that you did intend to supplement the responses we ask that you please do so by close of business Monday.

Sincerely,

Lori B. Kisch

Enclosures

cc:    Susan Huhta, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123



**KELLER AND HECKMAN LLP**
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
**M a n e s h  K.  R a t h**
(202) 434-4182
R a t h @ k h l a w . c o m

November 1, 2007

**Via Email and U.S. Postal Service**

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn, & Pantazis, LLC
2031 Florida Avenue, NW
Suite 300
Washington, DC 20009

  **Re:**   *Green v. InterSolutions, Inc., et al.*

Dear Lori:

  We received Plaintiff's October 22, 2007, subpoena to Archstone-Smith Communities, LLC, on the morning of October 31. As you know, Federal Rule of Civil Procedure 45 requires that you give "prior notice" to each party "of any commanded production of documents" to third parties. We did not receive Plaintiff's subpoena until nine days after the subpoena was issued. This is unfortunate since only six days after Defendants issued subpoenas to Ms. Green's doctors, you wrote us a letter demanding to know why we had not served you contemporaneously with the doctors. Henceforth we expect you to comply with the applicable rules.

  In addition to your willful violation of the rules, we have several other concerns with your subpoena. First, much of the data you seek are documents more properly sought through a document production request from Defendants. Certainly, InterSolutions would have documents that reflect the termination of the contract with Archstone and the reasons for the termination; records of payments made by Archstone to InterSolutions; correspondence between InterSolutions employees and Archstone employees; contracts that reflect the business relationship between Archstone and InterSolutions; and documents that reflect Archstone's perception of John Wagithuku, Harry McNeil, Drew Golin and Sara Walder. Defendants request that Plaintiff withdraw her subpoena and request this information from Defendants prior to issuing another subpoena. Judge Sullivan endorsed this approach in the Court's August 31, 2007, Minute Order.

  Second, much of the documentation concerning the financial relationship between Archstone and InterSolutions contains confidential or trade-secret information. The parties are currently working on a protective order, and this information would certainly be designated as Confidential under either parties' proposed protective order. Until such protections are in place, we object to your obtaining and using such information.

---

Washington, D.C.   Brussels   San Francisco   Shanghai

KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
November 1, 2007
Page 2


We ask that Plaintiff withdraw her subpoena to Archstone.  Please let us know by 12:00 p.m. on Friday, November 2, whether you will withdraw Plaintiff's subpoena.  If we do not hear from you by that time, we will call Judge Kay on Friday to arrange for the filing of a motion to quash the subpoena.  In the meantime, we ask that you refrain from viewing any documents you receive pursuant to the subpoena, and that you confirm in writing that you have not opened any mail from or reviewed any documents from Archstone that may have been provided to you pursuant to this subpoena.

Sincerely,

Manesh K. Rath

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
LINDA GREEN,                                         )
                                                    )
                    Plaintiff,                       )
                                                    )
          v.                                         )     CIVIL NO: 1:07CV00298-EGS
                                                    )
                                                    )
INTERSOLUTIONS, INC., ET AL.,                        )
                                                    )
                    Defendants.                      )
                                                    )
_____)


**<u>PROPOSED ORDER</u>**

WHEREAS, Plaintiff Linda Green has moved the Court to compel Defendants to fully

respond to interrogatories and to produce documents responsive to her document requests, IT IS

HEREBY ORDERED that

Plaintiff's Motion is GRANTED IN ITS ENTIRETY, and

IT IS FURTHER ORDERED that Defendants shall pay to Plaintiff the attorneys' fees

and expenses associated with this Motion, such fees and costs to be itemized and submitted to

the Court within ten days of the date of this Order.


Dated: _____          _____
                                            The Honorable Alan Kay
                                            United States Magistrate Judge