UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDA GREEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>INTERSOLUTIONS, INC., ET AL., )<br>)<br>Defendants. )<br>)<br>) | CIVIL NO: 1:07CV00298-EGS<br>Status Conference: Feb. 6, 2008<br>Magistrate Judge Alan Kay |

## PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Plaintiff Linda Green, through her undersigned counsel, hereby respectfully moves the Court, pursuant to Fed. R. Civ. P. 26(c), for a protective order to postpone her deposition until after a ruling from this Court on Plaintiff's Motion to Compel [Dkt. 45]. If this Court grants Plaintiff's Motion to Compel, Plaintiff requests that her deposition be scheduled after Defendants produce the relevant documents and information subject to the Court's order.

The grounds for this Motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted this 6th day of December, 2007,

        /s/ Lori B. Kisch\_

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, <br><br> Plaintiff, <br><br> v. <br><br> INTERSOLUTIONS, INC., ET AL., <br><br> Defendants. | CIVIL NO: 1:07CV00298-EGS <br> Status Conference: Feb. 6, 2008 <br> Magistrate Judge Alan Kay |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION FOR A PROTECTIVE ORDER**

Plaintiff Linda Green, through her undersigned counsel, hereby submits this Memorandum in Support of her Motion for a Protective Order.

**I.    BACKGROUND**

On November 19, 2007, counsel for Defendants emailed counsel for Plaintiff and requested that she provide dates in December on which she was available for the depositions of Plaintiff Linda Green and two witnesses. *See* November 19, 2007 correspondence (attached hereto as Exhibit 1). Defense counsel requested that Plaintiff's counsel provide such dates by the following day at 3:00 p.m., or Defendants would "plan to depose these individual [sic] at a date and time most convenient for us." *Id.*

Plaintiff's counsel responded the following day indicating Plaintiff's counsel's availability on December 14, 17, 18, and 21 for the witness depositions. *See* November 20, 2007 email (attached hereto as Exhibit 2). Plaintiff's counsel indicated that it was not appropriate for Defendants to depose Plaintiff prior to Defendants' production of numerous outstanding

documents responsive to Plaintiff's discovery requests and that were the subject of Plaintiff's Motion to Compel, still pending before the Court [Dkt. 45]. *Id.* Plaintiff's counsel further responded that Plaintiff would make herself available after the Court resolved the pending Motion to Compel. *Id.* That same day, Defense counsel issued a deposition notice to Plaintiff for December 12, 2007 (notably, not one of the dates on which Plaintiff's counsel indicated availability). *See* Deposition Notice (attached hereto as Exhibit 3).

On December 5, 2007, Plaintiff's counsel called Defendants' counsel to discuss the dispute; counsel for Defendants was not available. Additionally, several hours after leaving the voicemail for Defendants' counsel, Plaintiff's counsel again emailed defense counsel regarding this issue and informed counsel that a motion for a protective order would be filed on December 6, 2007 if Plaintiff's counsel received no response from Defendants' counsel. *See* December 5, 2007 email (attached hereto as Exhibit 4). As of the filing of this Motion, no response has been received from counsel for Defendants to either Plaintiff's counsel's voicemail or email.

**II.   ARGUMENT**

Federal Rule of Civil Procedure 26(c) allows the Court to enter a protective order "for good cause shown" and permits the Court to order that discovery be taken at designated times. *See* Fed. R. Civ. P. 26(c). Thus, this Court has before granted the "reasonable" request to postpone a deposition pending production of documents pertinent to that deposition. *See, e.g., Federal Deposit Insurance Corp. v. Cafritz*, No. 91-883 (CRR), 1991 WL 171749, *1 (D.D.C. Aug. 20, 1991); *see also Carpenter Technology Corp. v. Armco, Inc.*, No. 90-0740, 1990 WL 61180, *4-5 (E.D. Pa. May 8, 1990) (granting motion for a protective order prohibiting the party "from conducting any depositions . . . until after all document production from its request for production of documents is completed and counsel have had an opportunity to negotiate a

mutually convenient deposition schedule.").

Plaintiff has good cause to make this request for a postponement of her deposition. Because Defendants undoubtedly will depose Ms. Green not only about the bases of her claims against them, but also about Defendants' counterclaims against her, she is entitled to first review the information in Defendants' possession and due to her months ago to fully prepare for her deposition. Plaintiff requested this information, via document requests and interrogatories, on July 31, 2007, and Defendants have been entirely recalcitrant in providing the relevant information. *See* Plaintiff's Motion to Compel, Dkt. 45. Hence, Plaintiff was required to file a Motion to Compel Defendants' responses to nearly all of her discovery requests. Dkt. 45.

Plaintiff does not contest her obligation to be deposed; she only requests that her deposition occur after the production of documents and information relevant to her claims and Defendants' counterclaims. Had Defendants produced this information in a timely manner, Ms. Green's deposition could proceed as noticed. Instead, over four months after Plaintiff propounded her discovery requests, Defendants continue to refuse to provide Plaintiff with even the most basic responsive information regarding their counterclaims. For example, Defendants refused completely to answer Plaintiff's Interrogatory Nos. 19-25, which, *inter alia*, ask Defendants to articulate the factual bases for their Electronic Communications Privacy Act, misappropriation of trade secrets, breach of fiduciary duty, breach of contract, trespass to personal property, and Computer Fraud and Abuse Act counterclaims. *See* Motion to Compel at 37-44, Dkt. 45. In addition, Defendants have produced only a meager amount of documents responsive to Plaintiff's Requests for Production of Documents. Defendants have produced only five types of documents: employee manual and policies, documents from the personnel file of Plaintiff, documents from the personnel file of one other employee, selective printouts from a

3

computer database tracking placement of temporary employees, and the confidentiality agreements signed by Plaintiff. *See id*. at 60-61. In fact, the documents produced by Defendants in response to Plaintiff's document requests total only 307 pages.

Because Defendants have not complied with their discovery obligations, as detailed on Plaintiff's Motion to Compel [Dkt. 45], Plaintiff requests that her deposition be postponed until she receives this vital information and essential documents relevant to her claims and Defendants' counterclaims. Plaintiff only asks for a reasonable opportunity to properly prepare for the deposition – an opportunity she has not yet had due to Defendants' refusal to respond to discovery requests. Defendants will not be prejudiced by a short delay in taking Plaintiff's deposition, but Plaintiff will be placed at risk of unfair surprise should be deposed before this relevant information is produced.

Further, although defense counsel initially inquired with Plaintiff's counsel regarding the dates of their availability for depositions, Defendants completely ignored the dates upon which Plaintiff's counsel stated they were available. *See* Exs. 2, 3. Therefore, should the Court deny Plaintiff's instant Motion to postpone her deposition pending resolution of her Motion to Compel, Plaintiff requests that her deposition be postponed to a day on which Plaintiff's Counsel and Plaintiff are available.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for a Protective Order and postpone her deposition until such time as the Court rules upon her Motion to Compel, and, should the Court grant Plaintiff's Motion to Compel in whole or in part, until such mutually convenient time after such information and/or documents are received by Plaintiff. In the alternative, Plaintiff requests that the Court postpone her deposition until a date

4

on which Plaintiff's counsel and Plaintiff are available.

Respectfully submitted this 6th day of December, 2007.

          /s/ Lori B. Kisch

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

***Attorneys for Plaintiff***

5

## STATEMENT PURSUANT TO LCvR 7.1(m)

I, Lori B. Kisch, Counsel for Plaintiffs, hereby certify that letters and emails between defense counsel and myself, including those attached hereto as Exhibits 1-2, 4, and a telephone call on December 5, 2007, that I conferred in good faith (and attempted to further confer) with counsel for Defendants in an effort to narrow the matters at issue in the instant Motion.

    /s/ Lori B. Kisch
Lori B. Kisch

## CERTIFICATE OF SERVICE

  I hereby certify that on this 6th day of December, 2007, the foregoing Motion for a Protective Order, Memorandum in Support thereof, and attached exhibits were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

    By:
     /s/ Lori B. Kisch
    Attorney for Plaintiff

**KH** KELLER AND HECKMAN LLP
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
Manesh K. Rath
(202) 434-4182
Rath@khlaw.com

November 19, 2007

**Via Email and U.S. Postal Service**

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
2031 Florida Avenue, NW
Suite 300
Washington, DC 20009

Re: *Green v. InterSolutions, Inc., et al.*

Dear Lori:

Please provide us at least five dates you are available for depositions between Monday, December 3, and Friday, December 21. We intend to depose Linda Green, Milt Chamberlain, and Craig El-Amin during that period.

Please respond to this letter by 3:00 p.m. on Tuesday, November 20. If we do not hear from you by then, we will plan to depose these individual at a date and time most convenient for us.

Sincerely,

*Rath*

Manesh K. Rath

Exhibit 1

Washington, D.C.    Brussels    San Francisco    Shanghai
www.khlaw.com

**Abby M. Richardson**

| | |
|---|---|
| **From:** | Lori Kisch |
| **Sent:** | Tuesday, November 20, 2007 1:27 PM |
| **To:** | 'Sheffield, Robert'; Rath, Manesh |
| **Cc:** | 'Susan Huhta'; Katherine Gillespie |
| **Subject:** | RE: Green v. InterSolutions |

Manesh,

We are available for Milt Chamberlain's deposition on December 21st. We are available for Craig El-Amin's deposition on either December 14, 17, or 18. We do not agree that it is appropriate for you to depose Linda Green at this point. As you know, we served discovery requests months ago for which we have not yet received reponses and documents. Ms. Green is entitled to receive the discovery she has requested prior to being deposed. After the Court resolves the motion to compel we will be happy to discuss deposition dates for Ms. Green.

Lori B. Kisch
Wiggins Childs Quinn & Pantazis, PLLC
2031 Florida Ave, N.W., Suite 300
Washington, D.C. 20009
Tel: 202-263-3681
Fax: 202-467-4489

*Privilege and Confidentiality Notice*
*This message and any attachments are confidential and may contain information protected by the attorney/client privilege. This message and any attachments are intended only for the individual or entity named above. Any dissemination, use, distribution, copying or disclosure of this communication by any other person or entity is strictly prohibited. If you are not the intended recipient, do not read, copy, use or disclose this communication to others. Please notify the sender by replying to the message and then deleting it from your system. Thank you.*

---

**From:** Sheffield, Robert [mailto:Sheffield@khlaw.com]
**Sent:** Monday, November 19, 2007 2:39 PM
**To:** Lori Kisch
**Cc:** Rath, Manesh; Wright, Wesley
**Subject:** Green v. InterSolutions

Lori,

Please see the attached correspondence from Manesh Rath.

<<2007-11-19 .pdf>>
Robert A. Sheffield
tel: 202.434.4139 | fax: 202.434.4646 | Sheffield@khlaw.com
1001 G Street, N.W., Suite 500 West | Washington, D.C. 20001
**Keller and Heckman LLP**
*Serving Business through Law and Science®*
**Washington, D.C. | Brussels | San Francisco | Shanghai**
*Visit our websites at* www.khlaw.com *or* www.packaginglaw.com *for additional information on Keller and Heckman.*

Exhibit 2

12/3/2007

_____

This message and any attachments may be confidential and/or subject to the attorney/client privilege, IRS Circular 230 Disclosure or otherwise protected from disclosure.

If you are not a designated addressee (or an authorized agent), you have received this e-mail in error, and any further use by you, including review, dissemination, distribution, copying, or disclosure, is strictly prohibited. If you are not a designated addressee (or an authorized agent), we request that you immediately notify us of this error by reply e-mail and then delete it from your system.

12/3/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Linda Green,                              )
                                          )
         Plaintiff,                       )
                                          )
    v.                                    )   Civil No: 1:07-cv-00298-EGS-AK
                                          )
InterSolutions, Inc., *et al.*,           )
                                          )
         Defendants.                      )
_____)

## NOTICE OF DEPOSITION OF LINDA L. GREEN

Please take notice that Defendants will take the deposition of Linda L. Green, at the date, time and location below:

| | |
|---|---|
| Name and Address of Witness: | Linda L. Green<br>6200 Wilson Boulevard, Apt. 1117<br>Falls Church, VA 22044 |
| Date of Deposition: | December 12, 2007 |
| Time of Deposition: | 10:00 a.m. until 6:00 p.m. or until such time as is needed to complete the deposition. |
| Location: | Law Offices Keller and Heckman LLP<br>1001 G Street, N.W.,<br>Suite 500 West<br>Washington, D.C. 20001<br>(202) 434-4100 |

The deposition will be taken for the purposes of discovery and/or use as evidence in the above-captioned matter before a Notary Public or person duly authorized to administer oaths. The deposition will continue until it is completed and may be held over for an additional date or dates as necessary to complete the deposition. The deposition will be recorded in writing and by audiotape. The witness identified above is hereby notified to personally appear and attend at the time and place specified for the purpose of having her deposition taken in accordance with this Notice.

Exhibit 3

Respectfully submitted,

Date: November 20, 2007

*[signature: Rath]*

Manesh K. Rath (D.C. Bar No. 457835)
Keller and Heckman LLP
1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646
E-mail: Rath@khlaw.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2007, a copy of the foregoing Defendants' Notice of Deposition of Linda L. Green was served via U.S. Postal Service – First Class Mail on:

Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, LLC
2031 Florida Avenue, N.W.
Suite 300
Washington, D.C. 20009
Tel.: (202) 467-4123
Fax: (202) 467-4489

Counsel for Plaintiff

*[signature: Rath]*

Manesh K. Rath
Keller and Heckman LLP

2

**Abby M. Richardson**

| | |
|---|---|
| **From:** | Lori Kisch |
| **Sent:** | Wednesday, December 05, 2007 4:10 PM |
| **To:** | Rath, Manesh |
| **Cc:** | 'Susan Huhta'; Katherine Gillespie; Abby M. Richardson |
| **Subject:** | Green v. Intersolutions, Inc., et al |

Manesh,

I left you a voicemail earlier this afternoon, but have not heard back from you. As I mentioned in a prior email, we cannot agree to go forward with Linda Green's deposition on the 12th. We believe we are entitled to the long overdue documents prior to her deposition. Additionally, as you know, December 12th was not one of the days we provided as a day we are available. We will agree to produce Ms. Green after a decision on the pending motion to compel. Please let us know by 10:00 a.m. tomorrow whether you will agree to rescind the Notice of Deposition relating to Ms. Green until after a decision on the pending motion to compel. If we do not receive confirmation from you by that time we will go ahead and file a motion for protective order.

Additionally, we had previously informed you that we were available for Mr. Chamberlain's deposition on December 21st, one of the days you had suggested. You then went ahead and noticed his deposition for December 14th. We ask that you reschedule it for the 21st. If you are no longer available on the 21st, then we can discuss an alternate date.

Further, we have previously discussed the issue of your revealing Ms. Green's social security number to third parties. We noticed that you again have revealed her social security number to a third party as it was listed on the subpoena to teh Patient Advocate Foundation. There is absolutley no reason why that was necessary. If we do not receive written confirmation from you by close of busienss tomorrow, that you will cease from distributing Ms. Green's social security number to third parties, we will seek the Court's assistance.

Finally, we note that you failed to serve us with a copy of the subpoena served on Mr. Chamberlain at the time the subpoena was issued. We received a copy of the subpoena today, 15 days after it was apparently issued. Manesh, despite the continued courtesies we have extended to you, you not only fail to provide us with documents as required under the rules, but you fail to extend any professional courtesy to us at all. We emailed you on November 26th, November 30th, and December 3rd inquiring as to the status of the scheduling of Mr. Chamberlain's deposition. Additionally, having received no confirmation regarding Mr. Chamberlain or Mr. Craig El-Amin's deposition, I requested on December 3rd that you fax a copy of any subpoenas you had issued. You sent no such fax and did not respond to my email. To date, you have failed to respond to any of our emails to confirm the date of Mr. Chamberlain's deposition. Not only had you already issued the subpoena and failed to serve us with a copy, but your complete refusal to provide confirmation of Mr. Chamberlain's deposition is quite simply unprofessional. We hope this behavior does not continue.

We hope that in the future you will return our phone calls and respond to our emails.

Lori B. Kisch
Wiggins Childs Quinn & Pantazis, PLLC
2031 Florida Ave, N.W., Suite 300
Washington, D.C. 20009
Tel: 202-263-3681
Fax:202-467-4489

*Privilege and Confidentiality Notice*
*This message and any attachments are confidential and may contain information protected by the attorney/client privilege. This message and any attachments are intended only for the individual or entity named above. Any dissemination, use, distribution, copying or disclosure of this communication by any other person or entity is strictly prohibited. If you are not the intended recipient, do not read, copy, use or disclose this communication to others. Please notify the sender by replying to the message and then deleting it from your system. Thank you.*

Exhibit 4

12/6/2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDA GREEN, <br><br> Plaintiff, <br><br> v. <br><br> INTERSOLUTIONS, INC., ET AL., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL NO: 1:07CV00298-EGS <br> ) Status Conference: Feb. 6, 2008 <br> ) Magistrate Judge Alan Kay <br> ) <br> ) <br> ) |

**PROPOSED ORDER**

WHEREAS Plaintiff Linda Green has moved the Court for a Protective Order postponing her deposition until such time as the Court resolves her Motion to Compel, IT IS HEREBY ORDERED that

PLAINTIFF'S MOTION IS GRANTED.

IT IS FURTHER ORDERED THAT Defendants shall not take Plaintiff's deposition until this Court issues an order regarding Plaintiff's Motion to Compel. In the event that the Court grants Plaintiff's Motion, in whole or in part, Defendants shall not take Plaintiff's deposition until such mutually convenient time after such information and/or documents are received by Plaintiff.

Dated: _____          _____
                                                               The Honorable Alan Kay
                                                               United States Magistrate Judge