UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN<br><br>    Plaintiff,<br><br>    v.<br><br>INTERSOLUTIONS, INC., *et al*,<br><br>    Defendants. | Civil Action No. 07-298(EGS)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court is Plaintiff's Motion to Enter Plaintiff's Proposed Confidentiality Agreement and Protective Order [39] and Defendants' Motion for Protective Order and Memorandum of Points and Authorities in Support Thereof [40]. Currently in dispute is the language of Paragraphs 4 and 10 of the Protective Order.

I.     **Background**

On February 9, 2007, Plaintiff Linda Green filed a Complaint [1] in the instant action against her former employer, InterSolutions, and the company's co-owners, Drew Golin and Sarah Walder. Plaintiff filed her Amended Complaint [8] on March 20, 2007. Plaintiff alleges that Defendants violated the Fair Labor Standards Act, the federal Family and Medical Leave Act, the District of Columbia Wage and Hour Law, the District of Columbia Family and Medical

---

[1] This case was referred to the undersigned Magistrate Judge for discovery purposes, pursuant to Local Civil Rule 72.2(a). (*See* Minute Order dated 10/18/07.)

Leave Act, and the District of Columbia Human Rights Act and that Defendants breached their employment contract with Plaintiff. (Am. Compl. at 2.) Defendants asserted counterclaims for violation of the Electronic Communications Privacy Act, trespass to personal property, violation of the Uniform Trade Secrets Act, breach of fiduciary duty, defamation, and breach of contract. (Def.'s Answer [16] at 15-20.)

InterSolutions is a staffing company that provides front desk, concierge, leasing, and maintenance personnel to residential and commercial properties in the District of Columbia, Maryland, Virginia, Pennsylvania, and New Jersey. (*Id*. at 5.) Defendants hired Plaintiff in 2003 as a temporary, hourly wage employee at InterSolutions' Washington, D.C. headquarters. (*Id*.) From December 2003 until May 2004, Plaintiff administered Defendants' billing policies and performed other administrative duties and in May 2004 she was promoted to a full-time position as Manager of InterSolutions' Front Desk/Concierge Department (*Id*. at 5-7.) Defendants terminated Plaintiff's employment in August 2006. (*Id*. at 3.)

As discovery in this litigation progressed, both parties agreed on the need for a Protective Order to protect confidential and trade secret information. (Def.'s Mot. at 1.) The parties agreed on all aspects of Defendants' proposed Protective Order with the exception of two sentences in Paragraph 4 that define what constitutes a "trade secret" and two sentences in Paragraph 10 that set forth the procedures for challenging a party's decision to classify information as confidential. The Court discussed these issues with the parties during a telephone conference on October 30, 2007. Because the dispute could not be resolved, the Court ordered each party to file a proposed Protective Order with an explanation of their position.

**II.     Discussion**

Federal Rule of Civil Procedure 26(c) authorizes a court to enter a protective order to safeguard confidential or trade secret information that may be produced by a party during the discovery process.  *See* FED. R. CIV. P. 26(C).  In this case, the parties have already agreed that a protective order should be entered and substantially agree as to its terms but ask this Court to resolve two outstanding issues.

1.     Paragraph 4

Paragraph 4 of the proposed Protective Order sets forth the categories of information that a party may designate as "Confidential Information."  (Pl.'s Proposed Protective Order [39-2] at 2; Def.'s Mot. at 11.)  Both parties agree that "[d]ocuments and information may be designated as 'Confidential Information' if a Party believes in good faith that the documents or information contain trade secrets . . . ." [*Id.*]  However, Defendants wish to include the following language: "For purposes of this Protective Order, information shall be considered a 'trade secret' if it contains the identity or any contact information (including, without limitation, the Social Security number, address, telephone number or e-mail address) of an InterSolutions employee, applicant, client or potential client." (Def.'s Mot. at 11.)[2]

Plaintiff opposes the inclusion of this language on two grounds.  First, Plaintiff asserts that the language is unnecessary because the primary purpose of a protective order is to set forth how protectable documents will be treated by the parties rather than to define what documents

---

[2] During the October 30, 2007 telephone conference, counsel for Defendants conceded that the "InterSolutions employee[s]" referred to in Paragraph 4 are the staffing personnel that InterSolutions provides to its clients, rather than the employees that work directly for InterSolutions.

3

are protectable. (Pl.'s Mot. at 2.) Second, Plaintiff argues that the names of Defendants' clients and employees do not meet the definition of a trade secret under District of Columbia law and that if all documents containing these names are treated as protected then the parties will be forced to litigate the case under seal. (*Id*. at 2-4.) Defendants respond by noting that they "will designate their employee and client lists as Confidential whether or not Defendants' proposed language is in the protective order." (Def.'s Mot. at 4.) Because it is likely that Plaintiff would challenge such a designation in the future, Defendants argue that "[e]liminating this ambiguity now will benefit the parties and the Court by preventing needless disputes and the Court's involvement in them." (*Id*.)

Federal Rule of Civil Procedure 26(c) does not define the term "trade secret," but the Court is guided by the definition set forth in the District of Columbia's Uniform Trade Secret's Act (DCUTSA), which provides:

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (A) Derives actual or potential independent economic value, from not being generally known to, and not being readily ascertainable by, proper means by another who can obtain economic value from its disclosure or use; and (B) Is the subject of reasonable efforts to maintain its secrecy.

D.C. CODE § 36-401(4) (2001). Plaintiff argues that "[t]he identity of InterSolutions' employees and/or clients does not meet this definition of a trade secret," (Pl.'s Mot. at 5), while Defendants contend that employee and client lists are "vital to [their] successful competition in the staffing industry," (Def.'s Mot. at 4). This Court will not decide whether this information will always meet the definition of a trade secret under the DCUTSA and Rule 26(c) but concludes, for purposes of this protective order only, that the names of staffing employees and clients should be

4

protected as if they were trade secrets.

While the Court accepts that this information should be protected, however, the Court rejects Defendants' contention that an entire document "shall be considered a 'trade secret,'" and designated as "Confidential Information" under the Protective Order, simply because it "contains the identity or any contact information . . . of an InterSolutions employee, applicant, client or potential client." (Def.'s Mot. at 11.) Therefore Defendants may designate the identities of and information about these individuals or entities as confidential, and redact them as appropriate, without subjecting the whole document to the procedures for dealing with confidential information outlined in the proposed Protective Order. This approach takes into account Defendants' concerns about the release of commercially sensitive material and Plaintiff's concern that Defendants' proposed language for Paragraph 4 will cause the case to be litigated under seal.

    2.    <u>Paragraph 10</u>

Paragraph 10 of the Proposed Protective Order sets forth the procedure for challenging a party's designation of information as "Confidential Information." (Pl.'s Proposed Protective Order [39-2] at 5-6; Def.'s Mot. at 15.) The parties disagree about two aspects of this procedure: first, which party bears the burden of proof when there is a dispute over one party's confidentiality designation; and second, in the event that the parties cannot settle the matter without court intervention, which party is required to file a motion with the court. (Pl.'s Mot. at 4-5.) Plaintiff argues that the party seeking to designate the material as confidential bears the burden of justifying that the information has been properly designated and such and further bears

5

the burden of filing any appropriate motions with the court. (*Id.*) On the other hand, Defendants argue that the party challenging the confidentiality designation (*i.e.* the party seeking to exclude information from the scope of the protective order) bears the burden of demonstrating that the material was not properly labeled as confidential. (Def.'s Mot. at 5-6.)

This Court finds that Plaintiff's approach most closely approximates the allocation of burden under Rule 26(c) and therefore is the appropriate procedure to employ when the propriety of a confidentiality designation is in question. In the absence of a protective order, the party seeking to prevent or regulate the disclosure of confidential information may, after making a good faith effort to resolve the issue with the other party, move the court for a protective order. FED. R. CIV. P. 26(C). The burden rests on the moving party to demonstrate that the information they seek to protect is a trade secret or confidential information or otherwise the proper subject of a protective order. *Jones v. Hirschfeld*, 219 F.R.D. 71, 75-76 (S.D.N.Y. 2003); *Genentech v. Bowen*, No. 87-605, 1987 WL 10500 *1 (D.D.C. Apr. 21, 1987) (citing *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). Therefore, under Rule 26(c), the party seeking to protect the information has both the burden of proof and the burden of petitioning the court for relief. The Court can find no reason why a similar approach should not govern confidentiality designations once a protective order is already in place.[3]

---

[3] Defendants label Plaintiff's approach "strange," unreasonable, and "ripe for costly" abuse but provide no support - either in the Federal Rules of Civil Procedure or case law - to justify its allocation of burden. (Def.'s Mot. at 6.) Plaintiff, on the other hand, has not conjured up her approach from the ether but rather grounds it in the in language of Rule 26(c).

### III.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the identity and contact information of InterSolutions employees, applicants, clients and potential clients shall be treated as "Confidential Information" under Paragraph 4 of the proposed Protective Order; and it is further

**ORDERED** that the party seeking to preserve the confidentiality of information has the burden of proof and the burden of filing a motion should court intervention be required, as set forth in Plaintiff's proposed language for Paragraph 10; and it is further

**ORDERED** that the parties shall submit, via electronic filing, a Protective Order containing the approved language for the Court's signature.


Dated: December 10,  2007                                         /s/
                                                                 ALAN KAY
                                                                 UNITED STATES MAGISTRATE JUDGE