## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO: 1:07CV00298-EGS |
| | ) | Status Conference: Feb. 6, 2008 |
| | ) | Judge Emmet G. Sullivan |
| | ) | Magistrate Judge Alan Kay |
| INTERSOLUTIONS, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
## WHY DEFENDANTS' COUNSEL SHOULD NOT BE HELD
## IN CONTEMPT OF COURT AND FOR SANCTIONS

Plaintiff, through her undersigned counsel, hereby moves the Court to issue an Order

requiring Defendants' Counsel to Show Cause Why Defendants' Counsel Should Not Be Held in

Contempt of Court and For Sanctions, due to Defendants' Counsel's intentional interference with

Plaintiff's Counsel's valid third-party subpoena for documents.

The grounds for this Motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted this 14th day of December, 2007.

                                    /s/ Lori B. Kisch
                          _____
                          Timothy B. Fleming (DC Bar No. 351114)
                          Lori B. Kisch (DC Bar No. 491282)
                          Wiggins, Childs, Quinn & Pantazis, PLLC
                          2031 Florida Ave. NW
                          Suite 300
                          Washington, D.C. 20009
                          (202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

***Attorneys for Plaintiff***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
LINDA GREEN,                                  )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )     CIVIL NO: 1:07CV00298-EGS
                                              )     Status Conference: Feb. 6, 2008
                                              )     Judge Emmet G. Sullivan
                                              )     Magistrate Judge Alan Kay
                                              )
INTERSOLUTIONS, INC., ET AL.,                 )
                                              )
            Defendants.                       )
                                              )
_____)


PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND TIME TO SERVE EXPERT REPORTS
AND
MEMORANDUM IN SUPPORT OF HER MOTION FOR ORDER
TO SHOW CAUSE WHY DEFENDANTS' COUNSEL SHOULD NOT BE
HELD IN CONTEMPT OF COURT AND FOR SANCTIONS

      Plaintiff Linda Green, through her undersigned counsel, hereby submits this Opposition

to Defendants' Motion to Extend Time to Serve Expert Reports [Dkt. 46] and Memorandum in

Support of Her Motion for Order to Show Cause Why Defendants' Counsel Should Not Be Held

In Contempt of Court and for Sanctions.

I.      BACKGROUND

      Defendants InterSolutions, Inc., Drew Golin, and Sara Walder's expert reports were

originally due November 16, 2007.  Dkt. 19, Scheduling Order.  Plaintiff consented to

Defendants' first request for an extension of time of eighteen additional days to serve their expert

reports, Dkt. 43, which the Court granted on November 28, 2007.  Dkt. 44.  Pursuant to the

Court's November 28, 2007 Order, Defendants' new deadline for serving their expert reports

became December 4, 2007. *Id.* On December 4, 2007, Defendants filed the instant Motion for

another extension of time to serve their expert reports until ten days after receipt of the transcript

of the deposition of Plaintiff Linda Green.[1] Defendants' Motion to Extend Time to Serve Expert

Reports ("Motion") at 1.

On December 7, 2007, the Court granted Plaintiff's Motion for a Protective Order

regarding her deposition [Dkt. 47] and ordered that her deposition be postponed pending the

Court's resolution of her Motion to Compel [Dkt. 45], which is not yet ripe for decision by the

Court. December 7, 2007 Minute Order.

On November 21, 2007, Plaintiff's Counsel served a subpoena for documents on the

expert identified by Defendants, Mr. Phillip Rodokanakis. *See* Ex. 2, Kisch Declaration and

Attachment A, subpoena. Counsel for Defendants was also served with a copy of the subpoena

that same day. *See* Ex. 2, Attachment B, correspondence. The subpoena required Mr.

Rodokanakis to produce documents identified in the Attachment to the Subpoena to Plaintiff's

counsel by 12:00 p.m. on December 11, 2007. Ex. 2, Attachment A. No documents were

produced by Mr. Rodokanakis on December 11, 2007. Ex. 2. On December 12, 2007, Plaintiff's

Counsel sent a letter to Mr. Rodokanakis informing him that he was in violation of the subpoena

and that if the documents were not received by December 14, 2007, Plaintiff would seek the

assistance of the Court to enforce the subpoena. *Id.*

On the afternoon of December 13, 2007, Mr. Rodokanakis called Counsel for Plaintiff

Lori Kisch and informed her that the reason he had not complied with the subpoena was because

---

[1] While Defendants assert that "Counsel for Defendants contacted counsel for Plaintiff about the substance of this motion but has heard nothing in response from counsel for Plaintiff," Mot. at 1 n.1, Plaintiff must clarify that Defendants' Counsel emailed Plaintiff's Counsel Lori Kisch at 6:13 p.m. on December 4, 2007, *see* Ex. 1, email correspondence, less than three hours before Defendants' Motion was filed that same day at 9:01 p.m. Had she been given proper notice of the Motion, Plaintiff's Counsel certainly would have responded.

2

Defendants' Counsel contacted him prior to December 7, 2007 and instructed him not to produce any documents. *Id.* Mr. Rodokanakis stated that he understood from Defendants' counsel that a Motion to Quash had already been filed and that was the reason he did not comply with the subpoena. *Id.* When Plaintiff's Counsel indicated that no motion to quash had been filed by Defendants, Mr. Rodokanakis stated that he would still not produce any documents because Counsel for Defendants continued to instruct him not to produce any responsive documents because Defendants intended to file such a motion in the future. *Id.* Up to that time, Plaintiff had no knowledge that Defendants objected to the subpoena or planned to file a motion to quash.

On December 13, 2007, Plaintiff's Counsel emailed Defendants' Counsel, asked why he had interfered with the subpoena, and asked that he produce all documents responsive to the subpoena and/or confirm that he had instructed Mr. Rodokanakis to comply with the subpoena. Ex. 3, email correspondence. Defendants' Counsel responded that his firm had "informed Mr. Rodokanakis that we intend to file a motion to quash the subpoena he received." *Id.* Defendants' Counsel did not produce any documents nor confirm that he had instructed Mr. Rodokanakis to comply with the subpoena. *Id.* To date, no motion to quash the subpoena has been filed, and should such a motion be filed at this late date, it would be untimely.

In sum, Defendants' Counsel has attempted to hide evidence by giving it to its expert, instructing the expert not to produce the evidence in response to the subpoena, informing Plaintiff that she will get the evidence once the expert report is served, and then seeking to delay the service of the expert report itself until after Plaintiff is deposed.

## II.    ARGUMENT

On November 2, 2007, Defendants identified one expert: Phillip A. Rodokanakis, CFE, EnCE. *See* Ex. 4, Defendants' Expert Identification. According to his website, Mr. Rodokanakis

is a "computer forensics and data recovery expert." *See* Ex. 5, U.S. Data Forensics, LLC website

(accessed December 14, 2007).   Presumably, therefore, Defendants intend to use Mr.

Rodokanakis' expert testimony to support their allegations that Plaintiff, without authorization,

accessed information on Defendants' computers or computer system and transmitted it

elsewhere, thereby performing predicate acts to Defendants' Electronic Communications Privacy

Act, the Computer Fraud and Abuse Act, the Uniform Trade Secrets Act, breach of fiduciary

duty, and breach of contract counterclaims.  *See* Dkt. 22, Defendants' Amended Answer and

Counterclaims at 13-24.

   Defendants do not offer any evidence (in the form of an affidavit from Mr. Rodokanakis

or otherwise) for their summary contention that "Defendants' expert's opinion will be aided by

the deposition testimony of Plaintiff."  Mot. at 2.  Indeed, it appears odd that a computer

forensics and data recovery expert would need deposition testimony to support the results of his

forensic investigation.  Nor do Defendants cite any legal support for the proposition that an

extension in these circumstances is warranted.  In any event, Defendants' expert may supplement

his initial report with Plaintiff's deposition transcript, if necessary; Plaintiff would not oppose

any such supplementation.  Mr. Rodokanakis could also incorporate Plaintiff's deposition

testimony into his reply report, should Plaintiff's deposition testimony actually "help

Defendants' expert put his findings in context and arrive at a considered opinion."  Mot. at 2. In

short, Defendants will suffer no prejudice should they be required to serve their expert's report as

ordered.  Any lack of "context" in Mr. Rodokanakis' report could be later provided, once

Plaintiff's deposition transcript is received.  Despite Defendants' contention to the contrary, there

is no need to delay his initial report for this reason.

Plaintiff, on the other hand, will suffer prejudice from this continued delay in the service of Defendants' expert report because she has yet to see, months into discovery, a single shred of evidence supporting Defendants' counterclaims. Indeed, Defendants' Motion appears to be the latest in a string of tactics employed by Defendants to stall the production of evidence bearing on the merit (or lack thereof) of their counterclaims. First, as detailed in Plaintiff's Motion to Compel, Defendants have refused completely to answer Plaintiff's Interrogatory Nos. 19-25, which, *inter alia*, ask Defendants to articulate the factual bases for their Electronic Communications Privacy Act, misappropriation of trade secrets, breach of fiduciary duty, breach of contract, trespass to personal property, and Computer Fraud and Abuse Act counterclaims. *See* Motion to Compel at 37-44, Dkt. 45. In addition, none of the meager amount of documents Defendants have produced in response to Plaintiff's requests for production of documents, served over four months ago, offers any support for (or indeed bear in any way upon) Defendants' factual allegations underlying their Counterclaims. Yet Defendants presumably intend to question Plaintiff about issues related to those claims or they would not have asked for an extension of time in order to serve their computer expert's report until after the deposition. Plaintiff is entitled to know the basis of the claims brought against her; thus far, Defendants have provided none.

Second, Defendants just this week belatedly served "responses" to Plaintiff's Second Request for Production of Documents, in which they once again fail to produce any documents supporting their counterclaims. Ex. 6, Defendants' Responses to Plaintiff's Second Request for Production of Documents. Defendants instead respond with outrageously spurious responses that they will not produce responsive documents because the documents are "possessed by Defendants' expert" and "Plaintiff will obtain this information when Defendants serve an expert

report." *See id*, Responses to Requests for Production ("RFPs") Nos. 45, 48, 54, 55, 57, and 58. Of course, Defendants now, through the instant Motion, seek to delay even further the production of this expert report and, therefore, the responsive documents.

This delay would be significant; because the Court has ordered [Dkt. 47] that Defendants may not take Plaintiff's deposition prior to the Court's ruling on Plaintiff's Motion to Compel [Dkt. 45], Plaintiff's deposition will likely not take place for several weeks. Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Compel is not due until December 24, 2007, and assuming the Court quickly decides the Motion to Compel two weeks after briefing is completed, a decision would not issue until January 7, 2008. Then, assuming Defendants timely produce any compelled documents within a week of the Court's order (by January 14, 2008), and Plaintiff's deposition was scheduled the following week (the week of January 21, 2007), Defendants would not likely receive Plaintiff's deposition transcript until the week of February 4, 2008. Defendants then have requested ten additional days from the receipt of Plaintiff's deposition transcript to produce their expert's report, Mot. at 1, so Plaintiff would not receive the report and associated evidence until the week of February 11 or 18, 2008. Thus, even according to this highly ambitious schedule, Plaintiff would not receive this key evidence for over two months, and over two to three weeks after discovery in this case has been ordered to be completed. *See* Dkt. 19, Scheduling Order.

Finally, as discussed above, Defendants' Counsel has purposefully (and admittedly, *see* Ex. 3) interfered with Plaintiff's properly issued subpoena for documents served on Mr. Rodokanakis by instructing Mr. Rodokankis not to comply with the subpoena. *See* Exs. 2-3. Defendants' Responses to Plaintiff's Second Request for Production of Documents indicate that Mr. Rodokanakis has in his possession documents, including electronic records, relating to the

forensic discovery allegedly undertaken by Defendants as a result of Plaintiff's alleged breach of her employment contract, *see* Ex. 6, Response to RFP No. 45; documents related Defendants' allegation that Plaintiff accesses, used, published, and/or tampered with InterSolutions' computer system, *see id.*, Response to RFP No. 48; documents related to Plaintiff's alleged use and/or interference with Defendants' email messages and accounts, *see id.*, Response to RFP No. 54; and documents related to Defendants' Computer Fraud and Abuse Act counterclaim, Response to RFP Nos. 55, 57, 58. This interference with a properly issued subpoena is improper and should be sanctioned by the Court. Instead of pursuing legal remedies to prevent the production of documents responsive to the subpoena, *i.e.,* a motion to quash the subpoena, Defendants' Counsel pursued extra-legal avenues to prevent Plaintiff from gaining access to evidence in this case. Defense Counsel's blatant attempts to hide evidence by giving it to its expert, instructing the expert not to produce the evidence in response to the subpoena, informing Plaintiff that she will get the evidence once the expert report is served, and then seeking to delay the service of the expert report itself until after the Plaintiff is deposed, should not be tolerated.

The court in *Fox Industries, Inc., v. Gurovich*, considered similar interference with subpoenas served on third parties, found the conduct sanctionable, and ordered the offending party to pay $3,000 to the court for "usurping the court's authority" and $4,000 to opposing counsel for costs and attorneys' fees. No. CV 03-5166 (TCP)(WDW), 2006 WL 2882580. at *1, 8-9 (E.D.N.Y Oct. 6, 2006). There, as here, defendants' counsel instructed third parties who had been served with subpoenas by the plaintiff not to comply with the subpoenas and informed the third parties that the defendants would move to quash the subpoenas, but never did so. *Id.* at *1-2. The court stated that defendants' counsel had committed abuse of process and usurped the authority of the court to rule on the validity of subpoenas and to direct the recipients to comply

or not comply. *Id.* at *8-9. The court further held that the instructions to the third parties not to respond to the subpoenas are "clear evidence of [the attorney's] bad faith and vexatious behavior, evincing a deliberate effort to usurp the authority of the court." *Id.* at *10 (citing *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998).

Defendants' Counsel should be required to explain his actions in this regard to the Court, be held in contempt of Court, and be sanctioned for his vexatious and improper behavior. In addition, the Court should not allow Defendants to continue their obstructionist tactics and further delay the production of relevant evidence and thus should deny the Defendants' instant Motion to Extend Time to Serve Expert Reports.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Extend Time to Serve Expert Reports and order that Defendants serve their expert report immediately. Plaintiff also respectfully requests that the Court issue an Order to Show Cause why Defendants' Counsel should not be held in contempt of Court for interfering with Plaintiff's properly issued subpoena and sanction Defendants' Counsel for such interference. Defendants' Counsel should be ordered to pay all costs and fees associated with filing the instant Opposition and Motion.

Respectfully submitted this 14th day of December, 2007.

/s/ Lori B. Kisch

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW, Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

***Attorneys for Plaintiff***

## STATEMENT PURSUANT TO LCvR 7.1(m)

I, Lori B. Kisch, Counsel for Plaintiffs, hereby certify that via emails between defense counsel and myself, including those attached hereto as Exhibit 3, as well as two additional emails on December 14, 2007, that I conferred with counsel for Defendants in an effort to narrow the matters at issue in the instant Motion.

_____/s/ Lori B. Kisch_____
Lori B. Kisch

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of December, 2007, the foregoing Opposition to Defendants' Motion to Extend Time to Serve Expert Reports, Motion for Order to Show Cause Why Defendants' Counsel Should Not Be Held in Contempt and for Sanctions, attached exhibits, and Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


By:
     /s/ Lori B. Kisch
Attorney for Plaintiff

## Lori Kisch

| | |
|---|---|
| **From:** | Sheffield, Robert [Sheffield@khlaw.com] |
| **Sent:** | Tuesday, December 04, 2007 6:13 PM |
| **To:** | Lori Kisch |
| **Cc:** | Rath, Manesh |
| **Subject:** | GREEN v. INTERSOLUTIONS, INC. |
| **Attachments:** | InterSolutions' Motion to Extend Time.doc; Proposed Order for Motion to Extend Time.doc |

Lori,

We will be seeking an extension of time to serve our expert report until 10 days after we receive the transcript of Plaintiff's deposition.  Please review the motion and let us know whether Plaintiff consents to this motion.


<<InterSolutions' Motion to Extend Time.doc>> <<Proposed Order for Motion to Extend Time.doc>>


Robert A. Sheffield
tel: 202.434.4139 | fax: 202.434.4646 | Sheffield@khlaw.com
1001 G Street, N.W., Suite 500 West | Washington, D.C. 20001
**Keller and Heckman LLP**

*Serving Business through Law and Science*®
**Washington, D.C. | Brussels | San Francisco | Shanghai**
*Visit our websites at* www.khlaw.com *or* www.packaginglaw.com *for additional information on Keller and Heckman.*

---

This message and any attachments may be confidential and/or subject to the attorney/client privilege,   IRS Circular 230 Disclosure or otherwise protected from disclosure.


If you are not a designated addressee (or an authorized agent), you have received this e-mail in error, and any further use by you, including review, dissemination, distribution, copying, or disclosure, is strictly prohibited. If you are not a designated addressee (or an authorized agent), we request that you immediately notify us of this error by reply e-mail and then delete it from your system.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN,  )<br><br>                  Plaintiff,  )<br><br>          v.  )<br>             )<br>             )<br>INTERSOLUTIONS, INC., ET AL.,  )<br><br>                  Defendants.  )<br>             ) | CIVIL NO: 1:07CV00298-EGS<br>Status Conference: Feb. 6, 2008 |

### DECLARATION OF LORI B. KISCH

I, Lori B. Kisch, state the following:

1.    I am an attorney with the law firm Wiggins, Childs, Quinn & Pantazis, PLLC ("WCQP") located in its Washington, D.C. office.

2.    I have personal knowledge of the facts stated herein, and am competent to testify.

3.    I am a member in good standing of the Bars of the District of Columbia and Maryland.

4.    On November 21, 2007, I issued a subpoena upon Defendants' designated expert, Mr. Phillip A. Rodokanakis, CFE, EnCE at the U.S. DataForensics, LLC, 4520 East West Highway, Suite 640, Bethesda, MD 20814.

      Attached hereto as Exhibit A is a true and accurate copy of the subpoena.

5.    The subpoena was served upon Mr. Rodokanakis on that same day.

6.    I also caused to be served on November 21, 2007 a copy of the subpoena upon Defendants' counsel. Attached hereto as Exhibit B is a true and accurate copy of the cover letter which accompanied the subpoena.

7.      The subpoena required Mr. Rodokanakis to produce documents identified in the Attachment to the Subpoena to Plaintiff's counsel by 12:00 p.m. on December 11, 2007.

8.      No documents were produced by Mr. Rodokanakis on December 11, 2007.

9.      On December 12, I sent a letter to Mr. Rodokanakis informing him that he was in violation of the subpoena and that if the documents were not received by December 14, 2007, Plaintiff would seek the assistance of the Court to enforce the subpoena.

10.     On the afternoon of December 13, 2007, Mr. Rodokanakis called me on the telephone.  Mr. Rodokanakis informed me that the reason he had not complied with the subpoena was because counsel for Intersolutions contacted him prior to December 7th and told him not to produce any documents because Defendants were filing a motion to quash the subpoena.  Mr. Rodokanakis informed me that he understood from Intersolutions' counsel that a Motion to Quash had already been filed and that was the reason he did not comply with the subpoena.

11.     He then informed me that he now understands no motion to quash has yet been filed, but that he would not produce any documents because counsel for InterSolutions continued to instruct him not to produce any responsive documents and that Defendants still intended to file a Motion to Quash the subpoena.

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of December, 2007 in Washington, D.C.

Lori B. Kisch

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| For The | DISTRICT OF | Columbia |
|---|---|---|

Linda Green

V.

InterSolutions, Inc., Sara Walder, and Drew Golin

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07CV00298-EGS

TO:  Phillip A. Rodokanakis, CFE, EnCE
U.S. Data Forensics, LLC
4520 East West Highway, Suite 640
Bethesda, MD 20814

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | | DATE AND TIME |
|---|---|---|
| Wiggins, Childs, Quinn & Pantazis, PLLC 2031 Florida Ave NW, Suite 300, Washington, DC 20009 | | 12/11/20007 12:00 pm |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) _Attorney for Plaintiff_ | DATE 11/21/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lori B. Kisch, Attorney for Plaintiff Linda Green
Wiggins, Childs, Quinn & Pantazis, PLLC 2031 Florida Ave. NW Suite 300 Washington, DC 20009 (202) 467-4123

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## ATTACHMENT A

1. All documents, including notes, obtained from, or relating to any interviews or discussions conducted in conjunction with the preparation of your expert report.

2. All documents received from, or distributed to, any individuals who were interviewed in conjunction with preparation of your expert report.

3. All documents, including, but not limited to, all computer files, drafts, e-mails, and notes, given to, or received from, Keller and Heckman LLP and/or InterSolutions, Inc., any employee of InterSolutions, Inc., Drew Golin, and/or Sarah Walder.

4. Your complete file, including, but not limited to, notes, drafts, reports, memoranda, correspondence, e-mail messages, photographs, videotapes, computer files, etc. regarding *Green v. Intersolutions, Inc., et al.*, Civil Action No. 1:07-CV-00298.

5. All documents (including any computer files) relied upon, reviewed by, or used by you, or anyone working with or for you, in reaching the opinions you express in your expert report in the above-referenced matter.

6. All documents (including computer files) provided to you, or individuals working with or for you, by counsel for Defendants and/or InterSolutions, Inc., any employee of InterSolutions, Inc., Drew Golin, and/or Sarah Walder, in the above-referenced matter.

7. All documents used by or created by you, or anyone working with or for you, in conducting any tests related to the above-referenced matter, including, but not limited to, preliminary and draft tests and notes.

8. All drafts of the expert reports submitted by you in the above referenced matter.

9. All notes or documents (including any emails) provided by you, or anyone working with or for you, to counsel for Defendants in the above-referenced matter.

10. All documents you, or any individual working with or for you, provided to any other expert witness or consultant in the above-referenced matter.

11. All documents received from any other expert witness or consultant in the above-referenced matter.

12. All computer programming syntax and resulting computer output.

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Linda Green

vs.

InterSolutions, Inc., et al.

No. 1:07CV00298-EGS

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

I, FREDERICK PARSONS, JR., having been duly authorized to make service of the Letter dated November 21, 2007 and Subpoena Duces Tecum with Attachment A in the above entitled case, hereby depose and say:

That my date of birth / age is 12-18-1965.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 1:00 pm on November 21, 2007, I served Phillip A. Rodokanakis, CFE, EnCE at US Data Forensics LLC, 4520 East West Highway, Suite 640, Bethesda, Maryland 20814 by serving Phillip A. Rodokanakis, CFE, EnCE, personally. Described herein:

```
    SEX-    MALE
    AGE-    54
 HEIGHT-    5'9"
   HAIR-    GRAY
 WEIGHT-    170
   RACE-    WHITE
```

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Affidavit of Service is true and correct.

Executed on **11-24-07**
          Date

FREDERICK PARSONS, JR.
1827 18th Street, N.W.,
Washington, D.C. 20009
Our File#- 197843

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

————

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE  (202) 467-4489

November 21, 2007

<u>**Via U.S. First Class Mail**</u>
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

<u>*Re: Green v. InterSolutions, Inc.*</u>

Dear Manesh:

Please find enclosed a subpoena to Dr. Phillip A. Rodokanakis.

Sincerely,

Lori B. Kisch

Enclosure

## Abby M. Richardson

| | |
|---|---|
| **From:** | Rath, Manesh [Rath@khlaw.com] |
| **Sent:** | Thursday, December 13, 2007 5:02 PM |
| **To:** | Lori Kisch |
| **Subject:** | RE: Green v. Intersolutions, Inc., et al. |

Lori,

We informed Mr. Rodokanakis that we intend to file a motion to quash the subpoena he received.  We ask you whether you are available to confer regarding that subpoena and whether, in light of our objections, you will be willing to withdraw your subpoena.

Please let us know what times you might be available for that purpose.

Per your request below, I will look into, and see that you get another copy of the Defendants' document production that you are seeking.

Thank you,

Manesh K. Rath
Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
  Tel: (202) 434-4182
  Fax: (202) 434-4646
  Mobile: (703) 980-7068
  rath@khlaw.com

**Keller and Heckman LLP**
**Washington, D.C. | Brussels | San Francisco | Shanghai**

---

**From:** Lori Kisch [mailto:LKisch@wcqp.com]
**Sent:** Thursday, December 13, 2007 4:42 PM
**To:** Rath, Manesh; Sheffield, Robert
**Cc:** Susan Huhta; Katherine Gillespie; Abby M. Richardson
**Subject:** Green v. Intersolutions, Inc., et al.

Counsel,

I received a phone call today from Mr. Rodokanakis informing me that he was instructed by your firm not to produce documents responsive to the subpoena that was served upon him.  As you know, Mr. Rodokanakis was served with a valid supboena 22 days ago and the time for him to respond has passed.  Please provide me with a full explanation immediately as to why you have interfered with a properly served subpoena.  Further, please produce by 9:00 a.m. tomorrow morning all documents responsive to the subpoena served upon Mr. Rodokanakis and/ or provide me with written confirmation by that time that you have informed Mr. Rodokankis that he must comply with the subpoena.

Also, we still have not received Defendants' response to Plaintiff's Second Request for Production of Documents

12/14/2007

which was due December 5th.  Although I requested yesterday that you fax or email a copy of the response which you have stated was served on December 6th, I neither received such a copy nor did you respond to my request. I again request that you email or fax me a copy of the response.  I also again request that you inform us as to whether any documents were served and, if so, when.

Lori B. Kisch
Wiggins Childs Quinn & Pantazis, PLLC
2031 Florida Ave, N.W., Suite 300
Washington, D.C. 20009
Tel: 202-263-3681
Fax:202-467-4489

This e-mail is from a law firm and is not encrypted. Unless otherwise indicated or obvious from the nature of the above communication, the information contained in or attached to it is attorney-client privileged and confidential information/work product or constitutes non-public information. The communication is intended to be conveyed only to the above-designated recipient(s) for their use. If the reader of this transmission is not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify the sender by return e-mail, delete this e-mail from your system and destroy any copies, electronic, paper or otherwise which you may have of the above communication. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

This message and any attachments may be confidential and/or subject to the attorney/client privilege,   IRS Circular 230 Disclosure or otherwise protected from disclosure.

If you are not a designated addressee (or an authorized agent), you have received this e-mail in error, and any further use by you, including review, dissemination, distribution, copying, or disclosure, is strictly prohibited. If you are not a designated addressee (or an authorized agent), we request that you immediately notify us of this error by reply e-mail and then delete it from your system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN,       ) | |
|       ) | |
| Plaintiff,       ) | |
|       ) | |
| v.       ) | Case No.: 1:07-cv-00298-EGS |
|       ) | |
| INTERSOLUTIONS, INC., *et al.*,       ) | |
|       ) | |
| Defendants.       ) | |

## DEFENDANTS' EXPERT DISCLOSURES

Pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, Defendants

InterSolutions, Inc., Drew Golin and Sara Walder, through their undersigned counsel, hereby

disclose their expert witness:

> Phillip A. Rodokanakis, CFE, EnCE
> U.S. Data Forensics, LLC
> 4520 East West Highway, Suite 640
> Bethesda, MD 20814

Dated: November 2, 2007

_Rath_

Manesh K. Rath (D.C. Bar No. 457835)

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007, a copy of the foregoing was served by U.S. Postal Service – First Class Mail on:

Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W.
Washington, D.C. 20009
Tel.: (202) 467-4123
Fax:  (202) 467-4489

Counsel for Plaintiff

_____
Manesh K. Rath

2

 





**Phillip Rodokanakis, CFE**
phil@usdfllc.com

Phillip Rodokanakis is the Managing Partner of U.S. Data Forensics, LLC, a company providing computer forensic and litigation support services. In addition, Mr. Rodokanakis is a senior team member of the Forensic Accounting and Dispute Analysis department of Klausner Dubinsky + Associates, P.C., a public accounting firm affiliated with U.S. Data Forensics, LLC.

Mr. Rodokanakis is a computer forensics and data recovery expert. He is a Certified Fraud Examiner (CFE) with 30 years of international and domestic investigative and white-collar crime experience. He has participated in prosecutions of numerous complex financial frauds, and has developed a solid professional background in computer forensics and advanced Information Technology systems.

A retired special agent, Mr. Rodokanakis conducted a broad range of criminal, civil, and administrative investigations in more than 60 countries. He interacted with senior public and private sector officials at the highest executive levels, both in the United States and overseas. During his career with the Federal Government, Mr. Rodokanakis served as a Foreign Service Officer before being appointed to the Department of Interior where he managed investigations for the Office of Inspector General.

Mr. Rodokanakis conducts many lectures and seminars and has been invited to address national conferences. An accredited college instructor, he has taught college courses in Criminal Justice and Business Administration. He has developed training modules and delivered specialized training presentations in the areas of computer forensics and white collar crime investigations.

Areas of Mr. Rodokanakis' practice include:

- Fraud Investigations
- Corporate Investigations

- Litigation Support
- Computer Crimes
- Computer Forensics
- Forensic Accounting
- Due Diligence
- Expert Witness Testimony

Certifications/Affiliations

- Certified Fraud Examiner, Association of Certified Fraud Examiners, 1994
- Washington Metro Chapter of Certified Fraud Examiners (past Chapter President & Member of the Board of Directors)
- High Technology Criminal Investigations Association (HTCIA)
- Federal Law Enforcement Officers Association (FLEOA)
- Criminal Investigation Division Agents Association (CIDAA)

Mr. Rodokanakis earned a Master of Education degree in Human Services from Boston University. He received his Bachelor of Science in Business Administration and a Certificate of Studies in Law Enforcement from the University of Maryland.

Mr. Rodokanakis has received special training in Computer Fraud, Computer Forensics, Government Fraud, White Collar Crimes, Public Corruption, Money Laundering, and Financial Investigations.



**4520 East West Highway, Suite 640**
**Bethesda, MD 20814**
**Tel: 301-657-5600, Fax: 240-482-3981**
**Email: info@usdfllc.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,                                    )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )        Case No.: 1:07-cv-00298-EGS-AK
                                                )
INTERSOLUTIONS, INC., *et al.*,                 )
                                                )
            Defendants.                         )
_____)

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants state the following objections and responses to Plaintiff's Second Request for Production of Documents:

### GENERAL OBJECTIONS

Defendants interpose the following General Objections to Plaintiff's Second Request for Production of Documents. These general objections apply to each individual discovery request. To the extent that certain objections are cited in response to a specific request, Defendants may reiterate these objections because the objections are believed to be particularly applicable to that request. These specific iterations are not to be construed as a waiver of any other general objections applicable to information falling within the scope of the discovery request.

1.      Defendants object to the instructions and definitions that precede Plaintiff's Second Request for Production of Documents to the extent that they attempt to impose obligations upon Defendants that are beyond those set forth in the Federal Rules of Civil Procedure.

2.     Defendants object to Plaintiff's Second Request for Production of Documents to the extent that any request or portion thereof seeks information or documents privileged from disclosure by the attorney-client privilege or by the work product doctrine.

## GENERAL RESPONSES

1.     Defendants' responses are based upon information and documents that are presently available to the Defendants and Defendants intend to supplement these responses if they later become available.

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 24:**  Any and all documents received in response to a subpoena issued by Defendants in this case.

**OBJECTION:**  Defendants object that this request seeks documents that pertain to Plaintiff's medical treatment, which documents Plaintiff already possesses.  For the past five months, Plaintiff has consistently refused to produce—or has agreed to produce but consistently failed to produce—the documents Defendants sought through these subpoenas.

**Request No. 25:**  Any and all documents referring to or reflecting the salary, wage rate, and/or bonus structure of and/or amount paid to Harry McNeil from January 1, 2003 to the present.

**OBJECTION**:  Defendants object that this request is overbroad, unduly burdensome and not reasonably calculated to lead to discoverable information.  Defendants also object to this request to the extent that Plaintiff insinuates that Harry McNeil replaced Plaintiff after her termination.  Nowhere in the pleadings or in the issues as framed by Plaintiff has Mr. McNeill's name ever arisen.  His employment with InterSolutions is not relevant to any claim or defense of Plaintiff.

**Request No. 26:**  Any and all compilations and/or lists of telephone numbers of individuals currently and/or formerly employed by InterSolutions at any time since December 1, 2003.

**OBJECTION:**  Defendants object that this request is overbroad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass and annoy.  This case involves a single plaintiff's grievances against Defendants.  InterSolutions' employee lists bear no relevance to the claims presented by Plaintiff.  Defendants further object to this request because it calls for the production of documents that contain trade secrets and confidential information.

**Request No. 27:**  If Defendants possess no documents responsive to Request No. 26, produce any and all documents reflecting the telephone numbers of all individuals currently and/or formerly employed by InterSolutions at any time since December 1, 2003.

**OBJECTION:**  Defendants object that this request is overbroad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass and annoy.  This case involves a single plaintiff's grievances against Defendants.  InterSolutions' employee lists bear no relevance to the claims presented by Plaintiff.  Defendants further object to this request because it calls for the production of documents that contain trade-secret and confidential information.

**Request No. 28:**  Any and all compilations and/or lists of the telephone numbers of InterSolutions' current and/or former clients since December 1, 2003.

**OBJECTION:**  Defendants object that this request is overbroad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence. This case involves a single plaintiff's grievances against Defendants.  InterSolutions' client lists bear no relevance to the claims presented by Plaintiff.  Defendants further object to this request because it calls for the production of documents that contain trade-secret and confidential information.

**Request No. 29:**  If Defendants possess no documents responsive to Request No. 28, produce any and all documents reflecting the telephone numbers of all InterSolutions' current and/or former clients since December 1, 2003.

**OBJECTION:**  Defendants object that this request is overbroad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass and annoy.  This case involves a single plaintiff's grievances against Defendants.  InterSolutions' employee lists bear no relevance to the claims presented by Plaintiff.  Defendants further object to this request because it calls for the production of documents that contain trade-secret and confidential information.

**Request No. 30:**  Any and all documents reflecting or relating to payments made by Archstone-Smith, and/or any individual Archstone-Smith property, to InterSolutions on a weekly, monthly and/or yearly basis, from January 1, 2002 to the present.

**OBJECTION:**  Defendants object that this request is overbroad insofar as it seeks information relating to payments by Archstone for periods of time well before Plaintiff's employment began.  It is also overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks payments from Archstone not related to InterSolutions' concierge services.

**RESPONSE:**  Subject to the foregoing objections, Plaintiff will produce responsive documents that are within the scope of discovery when the Court issued an appropriate protective order in this case.

**Request No. 31:** If Defendants possess no documents responsive to Request No. 30, produce any and all documents reflecting or relating to payments made by Archstone-Smith, and/or any individual Archstone-Smith property, to InterSolutions from January 1, 2002 to the present.

**OBJECTION:** Defendants incorporate their objection to Request Number 30 herein. Defendants object that this request is overbroad insofar as it seeks information relating to payments by Archstone for periods of time well before Plaintiff's employment began. It is also overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks payments from Archstone not related to InterSolutions' concierge services.

**RESPONSE:** Subject to the foregoing objections, Plaintiff will produce responsive documents when the Court issues an appropriate protective order in this case.

**Request No. 32:** Documents reflecting or relating to the quantity of services rendered (whether indicated by hours of service provided and/or the number of employees provided to render such hours of service) by InterSolutions to Archstone-Smith and/or any individual Archstone-Smith property from January 1, 2002 to the present.

**OBJECTION:** Defendants object that this request is overbroad insofar as it seeks information relating to services rendered by InterSolutions to Archstone for periods of time well before Plaintiff's employment began. It is also overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to services rendered by InterSolutions to Archstone not related to InterSolutions' concierge services.

**RESPONSE:** Subject to the foregoing objections, Defendants will produce responsive documents that are within the scope of discovery when the Court issues an appropriate protective order in this case.

**Request No. 33:** All documents reflecting or relating to the termination of Archstone-Smith's use of InterSolutions' services in 2006, including all documents reflecting or relating to the reasons for such termination.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 34:** All documents reflecting or relating to Archstone-Smith's satisfaction with the services rendered by Plaintiff and/or Archstone-Smith's dissatisfaction with the services rendered by Harry McNeil and/or John Wagithuku and/or Sara Walder and/or Drew Golin.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 35:** All documents reflecting or relating to any meetings, including the meeting requested by Archstone referred to by Defendants in their response to Plaintiff's Interrogatory Number 10, attended by a representative, employee, and/or agent of Archstone-Smith (1) with an InterSolutions' representative, employee, and/or agent, and/or (2) about InterSolutions, Inc., and/or (3) during which InterSolutions' services were discussed, including announcements of the meeting's time, place, purpose, subject matter, and/or attendees; minutes and/or notes taken

during the meeting; presentations given at and/or prepared for the meeting; and all other documents reflecting the purpose of the meeting, the topics discussed during the meeting, the expected attendees of the meeting, the actual attendees of the meeting, and the results of the meeting.

**OBJECTION:** Defendants object to this request on the grounds that it is vague and ambiguous in its structure and content, that it is vague for being compound in nature, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it is overbroad and unduly burdensome.

**RESPONSE:** Defendants will produce responsive documents subject to the foregoing objections.

**Request No. 36:** All correspondence and/or other documents transmitted between employees, representatives, and/or agents of InterSolutions, Inc. and employees, representatives, and/or agents of Archstone-Smith from January 1, 2006 to the present, as well as all documents reflecting or relating to such correspondence and/or transmissions.

**OBJECTION:** Defendants object that this request is vague and ambiguous both in content and structure; it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and is intended merely to annoy and harass. The vast majority of correspondence between the persons listed in this request concerns day-to-day business matters that have no relevance whatsoever to Plaintiff's claims or Defendants' defenses in this litigation.

**Request No. 37:** All contracts between Archstone-Smith and InterSolutions, Inc. and/or any individual Archstone-Smith property and InterSolutions, Inc. regarding InterSolutions' provision of services to Archstone-Smith and/or any individual Archstone-Smith property.

**OBJECTION:** Defendants object that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and is intended merely to annoy and harass. The scope of services provided by InterSolutions bears no relevance to this litigation. InterSolutions provided concierge services to Archstone, and, pursuant to a protective order issued by the Court, InterSolutions will produce documents reflective of the value of those services.

**Request No. 38:** All documents referring to, relating to and/or supporting Defendants' assertion that InterSolutions' place of business and/or computer system constitute a facility through which an electronic communication service is provided.

**RESPONSE:** Defendants will produce responsive documents, if any, to the extent that such documents are within the scope of discovery.

**Request No. 39:** All documents, including but not limited to electronic records reflecting access to InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, and/or supporting Defendants' assertion that Ms.

Green accessed without authorization, and/or in excess of her authorization, InterSolutions' computers and/or computer system.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 40:** All documents referring to, relating to, and/or identifying communications, including the communications themselves, allegedly accessed by Plaintiff in violation of the Electronic Communications Privacy Act ("ECPA").

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 41:** All documents, including but not limited to electronic records reflecting access to InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, and/or identifying the time, date and/or location of Ms. Green's alleged violations of the ECPA.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 42:** All documents referring to, relating to, and/or supporting Defendants' assertion that the communications allegedly accessed by Plaintiff were in electronic storage at the time of Plaintiff's unauthorized access.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 43:** All documents referring to, relating to, and/or identifying the alleged trade secret(s) Defendants believe Plaintiff misappropriated.

**OBJECTION:** Defendants object that this request calls for production of trade-secret and confidential information.

**RESPONSE:** Defendants will produce responsive documents when the Court issues an appropriate protective order in this case.

**Request No. 44:** All documents referring to, relating to, and/or supporting Defendants' assertion that Plaintiff misappropriated Defendants' trade secrets.

**OBJECTION:** Defendants object that this request calls for production of trade-secret and confidential information.

**RESPONSE:** Defendants will produce responsive documents when the Court issues an appropriate protective order in this case.

**Request No. 45:** All documents, including electronic records, referring to, relating to, documenting, or memorializing in any way the "forensic discovery" allegedly undertaken by Defendants as a result of Plaintiff's alleged breach of contract, including without limitation documents that refer to, relate to, establish, or tend to establish when such forensic discovery

occurred, by whom it was conducted, information revealed or gleaned during the forensic discovery, why such forensic discovery was necessary, and what resources were expended by Defendants in conducting the forensic discovery.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 46:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, documenting, establishing or tending to establish Defendants' Computer Fraud and Abuse Act claim, including all documents referring to, relating to, or identifying in any way the e-mail messages and accounts with which Plaintiff allegedly tampered, the nature of any such tampering, and when any such tampering occurred.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 47:** All documents referring or relating to any measures taken by Defendants to restrict access to and maintain the secrecy of the confidential and/or trade secret information Defendants identify in their Amended Answer and Amended Counterclaims.

**OBJECTION:** Defendants object to the extent that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** *See* DEF.00354-65.

**Request No. 48:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, and/or supporting Defendants' assertion that Plaintiff accessed, used, published, and/or tampered with InterSolutions' computer system, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report.

**Request No. 49:** All documents referring to, relating to, and/or supporting Defendants' assertion that Plaintiff electronically transmitted InterSolutions' confidential and trade secret information via email or other electronic transmission to her personal address, to a third person, or to an agent acting on behalf, including without limitation copies of any such electronic transmissions.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 50:** All documents referring or relating to Crystal House's alleged cessation of its use of InterSolutions' services, including without limitation documents that refer to, relate to,

memorialize, or document in any way the date on which it ceased doing business with InterSolutions and its reasons for ceasing to do business with InterSolutions.

**OBJECTION:** Defendants object that this request is vague and ambiguous as to the term "Crystal House" and as to the terms "doing business" and "do business."

**Request No. 51:** All documents referring or relating to any efforts undertaken by Defendants to regain the business of Crystal House after it ceased doing business with Defendants, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request is vague and ambiguous as to the term "Crystal House" and as to the term "doing business."

**RESPONSE:** Defendants will produce responsive documents subject to the foregoing objections.

**Request No. 52:** All documents referring to, relating to, documenting, or memorializing in any way Defendants' alleged loss of business that has allegedly ensued as a result of Plaintiff's alleged breach of her confidentiality agreement with Defendants, as alleged in Defendants' Amended Answer and Counterclaim.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 53:** All documents referring to, relating to, documenting, or memorializing in any way Defendants' allegedly numerous requests for the return of its confidential information and Plaintiff's alleged refusals to return such alleged confidential information, as alleged in Defendants' Amended Answer and Counterclaims.

**RESPONSE:** *See* DEF.00262.

**Request No. 54:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, documenting, or memorializing in any way Plaintiff's alleged access, use, copying, transmittal, and/or tampering with InterSolutions' email messages and accounts, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 55:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, documenting, identifying, or memorializing in any way the alleged damage caused by Plaintiff in violation of the Computer Fraud and Abuse Act ("CFAA"), as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve their expert report.

**Request No. 56:** All documents referring to, relating to, or outlining the scope of Plaintiff's authority to access Defendants' computer system, computers, email messages, and/or email accounts.

**RESPONSE:** *See* DEF.00354-65.

**Request No. 57:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system referring to, relating to, documenting, identifying, or memorializing in any way Plaintiff's alleged transmission of a program, information, code or command, in violation of the CFAA, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 58:** All documents referring to, relating to, documenting, identifying, or memorializing in any way the type and/or amount of loss suffered by Defendants as a result of Plaintiff's alleged violation of the CFAA, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 59:** All documents reflecting the method(s) used to determine the amount of each of the bonuses given to Plaintiff by Defendants.

**OBJECTION:** Defendants object that this request is outside the scope of discovery on the ground that Plaintiff is in possession of this information and need not request that Defendants provide it.

**RESPONSE:** Defendants' objections, Defendants will produce responsive documents subject to the foregoing objections.

**Request No. 60:** All documents referring to, relating to, or reflecting Defendants' response to any complaints, expressions of concern, and/or communication to Defendants indicating the Defendants had not fully paid overtime wage rates to their employee(s).

**OBJECTION:** Defendants object that this request is overbroad as to temporal boundaries and as to scope, is unduly burdensome, seeks documents not reasonably calculated to lead to the discovery of admissible evidence, and is intended merely to annoy and harass. Defendants further object that this request is vague, including as to whose complaints "responses" are sought and as to the meaning of "response." Plaintiff alleges InterSolutions failed to pay her overtime when she was employed and compensated on a temporary and hourly basis, respectively. Plaintiff also alleges that InterSolutions retaliated against her for "reporting an opposing Defendants' overtime wage and hour violations." Amended Complaint, ¶ 8. No other count in Plaintiff's Amended Complaint implicates Plaintiff's overtime pay practices. Defendants' "response" to overtime complaints bears no relevance to Plaintiff's claims as it is neither a defense to the allegations nor additional evidence in support of Plaintiff's counts.

Respectfully submitted,

Date:   December 6, 2007

Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C.  20001
Tel:  (202) 434-4182
Fax:  (202) 434-4646

Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 6, 2007, a copy of Defendant's Objections and Responses To Plaintiff's Second Request For Production Of Documents was served via U.S. Postal Service – First Class Mail upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009

Counsel for Plaintiff

_____
Manesh K. Rath

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
LINDA GREEN,                                        )
                                                    )
                        Plaintiff,                  )
                                                    )
            v.                                      )   CIVIL NO: 1:07CV00298-EGS
                                                    )   Status Conference: Feb. 6, 2008
                                                    )   Judge Emmet G. Sullivan
                                                    )   Magistrate Judge Alan Kay
                                                    )
INTERSOLUTIONS, INC., ET AL.,                       )
                                                    )
                        Defendants.                 )
                                                    )
_____)

## PROPOSED ORDER

WHEREAS Plaintiff Linda Green has moved the Court to order Defendants' Counsel to show cause why Defendants' Counsel should not he held in contempt of Court for interfering with Plaintiff's valid third-party subpoena and for sanctions;

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED; and

IT IS FURTHER ORDERED that Defendants' Counsel must show cause why he should not be held in contempt of Court for interfering with Plaintiff's valid third-party subpoena within ten days of the date of this ORDER; and

IT IS FURTHER ORDERED that Defendants must pay all costs and fees incurred by Plaintiff in preparing her Motion to Show Cause and for Sanctions; and

IT IS FURTHER ORDERED that Plaintiff shall submit to the Court a bill of costs and fees incurred by Plaintiff associated with her Motion to Show Cause and for Sanctions within ten days of the date of this Order.

Dated: _____                    _____
                                             The Honorable Emmet G. Sullivan
                                             United States District Judge

                                             The Honorable Alan Kay
                                             United States Magistrate Judge