**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDA GREEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERSOLUTIONS, INC., *et al.*, )<br>)<br>Defendants. )<br>_____) | Civil No.: 1:07-cv-00298-EGS-AK |

### DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA

Defendant InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned counsel, hereby move this Court, quash Plaintiff's subpoena to Philip A. Rodokanakis, CFE, EnCE. The grounds for Defendants' Motion to Quash are set out in the accompanying memorandum of points and authorities.

Respectfully submitted,

Date:   December 14, 2007

\_\_/s/\_Manesh K. Rath_____
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDA GREEN, )<br>)<br>    Plaintiff, )<br>)<br>        v. )<br>)<br>INTERSOLUTIONS, INC., *et al.*, )<br>)<br>    Defendants. )<br>_____) | Civil No.: 1:07-cv-00298-EGS-AK |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA**

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned counsel, submit the following Memorandum of Points and Authorities in Support of their Motion to Quash Plaintiff's Subpoena.

**I.  Factual and Procedural History**

On November 2, 2007, Defendants identified Philip A. Rodokanakis, CFE, EnCE, as an expert witness.

On November 21, 2007, Plaintiff served a subpoena *duces tecum* on Philip A. Rodokanakis, CFE, EnCE.  Defendants retained Dr. Rodokanakis as an expert in this litigation to assist Defendants with the prosecution of their counterclaims.

On December 4, 2007, Defendants moved the Court for an extension of the time to serve expert reports.  Defendants stated in their Motion that "Defendants' expert's opinion will be aided by the deposition testimony of Plaintiff.  Certain of Defendants' expert's opinions concern Plaintiff's use of a laptop computer she used while in the employ of Defendants. Testimony from Plaintiff at her deposition will help Defendants' expert put his findings in context and arrive at a

considered opinion." Defendants' Motion to Extend Time to Serve Expert Reports ("Motion to Extend Time") at 2.

Pursuant to their need to depose Plaintiff, Defendants noticed Plaintiff's deposition on November 20, 2007, for Wednesday, December 12, 2007. Plaintiff, however, moved the Court for a protective order postponing the deposition. On December 7, 2007, the Court granted Plaintiff's Motion, thereby postponing Plaintiff's deposition until after the resolution of Plaintiff's Motion to Compel Discovery Responses. December 7, 2007, Minute Order.

On December 13, Counsel for Defendants notified Counsel for Plaintiff that Defendants objected to the subpoena and asked whether Plaintiff would withdraw her subpoena.

On December 14, 2007, Counsel for Plaintiff informed Counsel for Defendants that Plaintiff would not withdraw her subpoena.

**II.     Argument**

   **A.     Plaintiff's Subpoena is Premature**

Plaintiff's subpoena to Dr. Rodokanakis is premature. Defendants have not yet served their expert report. Plaintiff, however, seeks to shortcut that process by seeking, through her subpoena, Dr. Rodokanakis' expert report as well as every piece of data that went into producing it. Plaintiff's Subpoena to Phillip A. Rodokanakis, Exhibit 1 at 3, ¶ 4 ("Your complete file, including, but not limited to, notes, drafts, reports . . . "). Defendants' expert, however, is still formulating his opinions and his report is still in draft form. Plaintiff's subpoena seeks to stop the formulation of Dr. Rodokanakis' opinion by asking to see his papers at this point. Before Defendants' expert report is served, and while Defendants' expert continues to work on his report and analyze the information that will go in it, the Court should not permit Plaintiff to

3

access the papers and private materials of Defendants' expert. It is an unwarranted intrusion into his deliberative process.

### B. Plaintiff's Subpoena is an End-run Around Defendants' Motion to Extend Time to Serve Expert Reports

Plaintiff's subpoena to Dr. Rodokanakis also is an end run around Defendants' Motion to Extend Time to Serve Expert Reports. As discussed above, Plaintff has requested Defendants' expert report through her subpoena presumably so she need not wait for resolution of Defendants' Motion to Extend and Plaintiff's deposition. It would be inappropriate for Plaintiff to receive Dr. Rodokanakis' notes or preliminary work prior to Defednants having served the actual report on Plaintiff. Plaintiff can not have it both ways. If she seeks Defendants' expert report, she should not oppose the deposition of Plaintiff.

### C. Defendants Would be Prejudiced by Plaintiff Receiving Documents at This Early Stage

Defendants stated in their Motion to Extend Time that "[c]ertain of Defendants' expert's opinions concern Plaintiff's use of a laptop computer she used while in the employ of Defendants. Testimony from Plaintiff at her deposition will help Defendants' expert put his findings in context and arrive at a considered opinion." Defendants' Motion to Extend Time to Serve Expert Reports at 2. Before Plaintiff's deposition any data in Dr. Rodokanakis' possession does not represent his opinions on the matters for which he has been retained. The prejudice to Defendants of producing this data at this stage would substantially outweigh the low probative value to Plaintiff of obtaining documents and data that do not reflect Dr. Rodokanakis' views.

Plaintiff, by contrast, will suffer no prejudice by not receiving this information. Through several orders from the Court, Plaintiff's deadline for naming experts and serving expert reports has been tied to Defendants' expert designations and reports. Since Defendants have not served

their expert reports yet, Plaintiff retains the full period in which to name experts and serve expert reports.

                                                                                                                       Respectfully submitted,

Date:   December 14, 2007                     __/s/_ Manesh K. Rath_____
                                                                 Manesh K. Rath (D.C. Bar No. 457835)
                                                                 *rath@khlaw.com*

                                                                Keller and Heckman LLP
                                                                1001 G Street, N.W., Suite 500 West
                                                                Washington, D.C. 20001
                                                                Tel: (202) 434-4182
                                                                Fax: (202) 434-4646

                                                                Counsel for Defendant

## CERTIFICATE OF SERVICE

       I HEREBY certify that on December 14, 2007, a copy of the foregoing was served by CM/ECF software to:

    Timothy B. Fleming (D.C. Bar No. 351114)
    Lori B. Kisch (D.C. Bar No. 491282)
    Wiggins, Childs, Quinn & Pantazis, PLLC
    2031 Florida Avenue, N.W.
    Washington, D.C. 20009
    Tel.: (202) 467-4123

    Susan E. Huhta (D.C. Bar No. 453478)
    Carolyn P. Weiss (D.C. Bar No. 480697)
    Washington Lawyers' Committee for
        Civil Rights and Urban Affairs
    11 Dupont Circle, N.W., Suite 400
    Washington, D.C. 20036
    Tel.: (202) 319-1000
    Fax.: (202) 319-1010

    Counsel for Plaintiff
    Linda Green

                                                            __/s/_ Manesh K. Rath_____
                                                              Manesh K. Rath, Esq.

# EXHIBIT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

For The _____ DISTRICT OF _____ Columbia

Linda Green

V.

InterSolutions, Inc., Sara Walder, and Drew Golin

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07CV00298-EGS

TO: Phillip A. Rodokanakis, CFE, EnCE
U.S. Data Forensics, LLC
4520 East West Highway, Suite 640
Bethesda, MD 20814

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Wiggins, Childs, Quinn & Pantazis, PLLC<br>2031 Florida Ave NW, Suite 300, Washington, DC 20009 | 12/11/20007 12:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiff | 11/21/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lori B. Kisch, Attorney for Plaintiff Linda Green
Wiggins, Childs, Quinn & Pantazis, PLLC 2031 Florida Ave. NW Suite 300 Washington, DC 20009 (202) 467-4123

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                       DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## **ATTACHMENT A**

1. All documents, including notes, obtained from, or relating to any interviews or discussions conducted in conjunction with the preparation of your expert report.

2. All documents received from, or distributed to, any individuals who were interviewed in conjunction with preparation of your expert report.

3. All documents, including, but not limited to, all computer files, drafts, e-mails, and notes, given to, or received from, Keller and Heckman LLP and/or InterSolutions, Inc., any employee of InterSolutions, Inc., Drew Golin, and/or Sarah Walder.

4. Your complete file, including, but not limited to, notes, drafts, reports, memoranda, correspondence, e-mail messages, photographs, videotapes, computer files, etc. regarding *Green v. Intersolutions, Inc., et al.*, Civil Action No. 1:07-CV-00298.

5. All documents (including any computer files) relied upon, reviewed by, or used by you, or anyone working with or for you, in reaching the opinions you express in your expert report in the above-referenced matter.

6. All documents (including computer files) provided to you, or individuals working with or for you, by counsel for Defendants and/or InterSolutions, Inc., any employee of InterSolutions, Inc., Drew Golin, and/or Sarah Walder, in the above-referenced matter.

7. All documents used by or created by you, or anyone working with or for you, in conducting any tests related to the above-referenced matter, including, but not limited to, preliminary and draft tests and notes.

8. All drafts of the expert reports submitted by you in the above referenced matter.

9. All notes or documents (including any emails) provided by you, or anyone working with or for you, to counsel for Defendants in the above-referenced matter.

10. All documents you, or any individual working with or for you, provided to any other expert witness or consultant in the above-referenced matter.

11. All documents received from any other expert witness or consultant in the above-referenced matter.

12. All computer programming syntax and resulting computer output.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.: 1:07-cv-00298-EGS-AK |
| | ) | |
| INTERSOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**(PROPOSED) ORDER**

It is hereby **ORDERED** this _____ day of _____, 2007 that Defendants' Motion to Quash Plaintiff's Subpoena is hereby **GRANTED** and Plaintiff's Subpoena to Phillip A. Rodokanakis, CFE, EnCE, is hereby **QUASHED**.

**SO ORDERED.**

_____        _____
Date                                                   Judge Emmet G. Sullivan