## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,               )
                           )
         Plaintiff,     )
                           )
        v.          )    Civil No.: 1:07-cv-00298-EGS-AK
                           )
INTERSOLUTIONS, INC., *et al.*   )
                           )
        Defendants.   )
_____)

### DEFENDANTS' MOTION FOR LEAVE TO RE-ISSUE SUBPOENAS

Defendants InterSolutions, Inc., Drew Golin, and Sara Walder, through their undersigned counsel, hereby seek leave of Court to re-issue four subpoenas *duces tecum* to Strategic Federal Credit Union, Charles Town Races and Slots, Dover Downs, and Sprint Communications. Defendants file this Motion because Defendants have been unable to obtain the requested documents from Plaintiff and the discovery deadline is six weeks away.

The grounds for Defendants' Motion are set out in the accompanying Memorandum of Points and Authorities.

Date:  December 19, 2007         Respectfully submitted,

                                     __/s/_Manesh K. Rath_____
                                     Manesh K. Rath (D.C. Bar No. 457835)
                                     *rath@khlaw.com*

                                     Keller and Heckman LLP
                                     1001 G Street, N.W., Suite 500 West
                                     Washington, D.C. 20001
                                     Tel: (202) 434-4182
                                     Fax: (202) 434-4646

                                     Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.: 1:07-cv-00298-EGS-AK |
| | ) | |
| INTERSOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION FOR LEAVE TO RE-ISSUE SUBPOENAS**

Defendants InterSolutions, Inc., Drew Golin, and Sara Walder, rely upon the following

Memorandum of Points and Authorities in Support of their Motion for Leave to Re-Issue

Subpoenas ("Motion for Leave").

On August 29, 2007, the Court quashed subpoenas issued by Defendants to Strategic

Federal Credit Union, Charles Town Races and Slots, Dover Downs, and Sprint

Communications for documents related to Plaintiff.  In its Memorandum Opinion, however, the

Court noted that each of the quashed subpoenas seeks some relevant information to which

Defendants are entitled.  On August 31, 2007, the Court ordered Defendants to seek the relevant

information from Plaintiff through requests for document production.  The Court held that if

Plaintiff does not produce the records or if Defendants' counsel has reason to believe that the

records produced are incomplete, Defendants may seek leave of the Court to re-issue necessary

subpoenas.  Despite a good-faith effort to obtain responsive documents, Plaintiff has refused to

produce any responsive documents.  Given the imminent close of discovery, Defendants seek

leave of Court to re-issue subpoenas to obtain the records the Court recognized to be relevant to issues in this litigation.

I.     **Background and Procedural History**

    A.     **Defendants' Subpoenas and the Court's Order**

On July 31, 2007, Defendants served a subpoena *duces tecum* on Strategic Federal Credit Union seeking "all monthly statements of account, balance statements, and all other documents detailing the account of Linda L. Green."  Exhibit A.

On August 1, 2007, Defendants served a subpoena *duces tecum* on Charles Town Races and Slots seeking "all documents, balance statements and statements of account and/or activity from May 1, 2004, through, September 1, 2006, for the Players' Choice Card and corresponding Players' Choice Account of Linda L. Green."  Exhibit B.

On August 1, 2007, Defendants served a subpoena *duces tecum* on Dover Downs seeking "all documents, balance statements and statements of account and/or activity from May 1, 2004, through, September 1, 2006, for the Capital Club Card and corresponding Capital Club Account of Linda L. Green."  Exhibit C.

On August 1, 2007, Defendants served a subpoena *duces tecum* on Sprint Communications seeking "all bills, statements, and records chronicling incoming and outgoing calls and indicating . . . the location where calls were placed or received on the phone of Linda L. Green between March 1, 2004, and September 1, 2006."  Exhibit D.

On August 20, 2007, Plaintiff filed a Motion to Quash each of the above subpoenas (No. 25).  On August 24, 2007, Defendants opposed that Motion (No. 27).

On August 29, 2007, the Court quashed the four subpoenas, holding that "each of these subpoenas are not narrowly tailored to just relevant information and thereby unnecessarily

invade plaintiff's privacy." Aug. 29, 2007, Order (No. 28) at 1-2. The Court, however, noted that defendants were entitled to much of the information they sought.

Regarding the subpoena to Sprint, the Court held that, while the request "is overly broad and will yield many irrelevant calls and the phone numbers of those who may wish to keep their numbers private[,] . . . [c]ertain of plaintiff's phone records may well be relevant to defendants' defenses in this case. As such, defendants can submit an appropriate document request to plaintiff for such records if they have not done so already. *Id.* at 2-3.

As for Defendants' subpoena to Strategic Federal Credit Union, Dover Downs and Charles Town Races and Slots, the court held that "[s]ome of plaintiff's financial records, and certainly any records indicating plaintiff was visiting gambling establishments or tending to personal affairs when she was supposed to be working remotely, are likely relevant. Accordingly, if defendants have not done so already, they may submit an appropriate document request to plaintiff for any relevant financial documents or records from gambling establishments." *Id.* at 3.

On August 31, 2007, the Court ordered that counsel for Defendants "shall not issue any further subpoenas to these particular record holders until he has first exhausted all attempts to obtain the relevant records from Plaintiff. Defendants' counsel shall also not issue any further subpoenas to these record holders without prior leave of the Court. Should Plaintiff not produce the records or should Defendants' counsel have reason to believe that the records produced are incomplete, Defendants' counsel may seek leave of the Court to issue necessary subpoenas." Aug. 31, 2007, Minute Order.

**B.      Defendants' Discovery Requests**

At the time the Court quashed Defendants' subpoenas, Defendants had outstanding discovery requests to Plaintiff seeking the information contained in the subpoenas.  *See* Exhibit E, Defendants' Fifth Request for Production of Documents, Requests Nos. 6, 7, 8, 9, 10.  On September 19, 2007, Plaintiff objected to these requests and produced no responsive documents.  Exhibit F, Plaintiff's Responses to Defendants' Fifth Request for Production of Documents, Response to Requests No. 6, 7, 8, 9, 10.

Plaintiff relied on the Court's August 29, 2007, order as her reason for not producing responsive documents.  In her objections to each document request, Plaintiff objected that the requests are:  (1) overly broad and invade the Privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case; (2) not reasonably calculated to lead to the discovery of admissible evidence; and (3) not appropriately limited per the Court's order of August 29, 2007.  *See id.*

In objecting to the requests *in toto*, Plaintiff failed to honor her obligation under Federal Rule of Civil Procedure 34 to produce all relevant, non-objectionable information.  Fed. R. Civ. P. 34(b) ("If objection is made to part of an item or category, the part shall be specified and inspection permitted *of the remaining parts.*") (emphasis added).  Moreover, at the time Plaintiff served her responses to Defendants' document requests, the Court had already ruled that certain documents from each institution were, in fact, discoverable.

**C.      Defendants' Good Faith Effort to Resolve this Dispute**

Defendants wrote Plaintiff on October 17, 2007, requesting that  Plaintiff at least respond to Defendants' document requests to the extent not objectionable.  Exhibit G.  Additionally, Defendants narrowed the scope of information for these four requests for document production

to assuage Plaintiff's overbreadth and privacy concerns. *Id.* at 10-14. On November 6, 2007, Plaintiff stated that she maintains her objections to each document request. Exhibit H at 4. Plaintiff also introduced new objections; specifically, that she objected to producing these documents because many are already in the possession of Defendants. *Id.* Plaintiff, however, said she has requested responsive documents from each of the relevant custodians and would produce the documents upon receipt of the same. Three months after service of these requests for production of documents on Plaintiff and nearly five months after service of Defendants' original subpoenas, Plaintiff has not produced any responsive documents.

### D.    The Parties' December 18, 2007, Teleconference

On December 18, 2007, counsel for the Parties convened by telephone to discuss several outstanding discovery issues, including when Plaintiff would produce outstanding responsive documents. Counsel for Plaintiff stated that she has produced all responsive documents that she intends to produce except for some that have been withheld for lack of a protective order. In her objections to Defendants' document requests and in her November 7, 2007, letter, Plaintiff never objected to producing the requested documents based on the need for a protective order. *See* Exhibit H at 4; Exhibit F, Response to Requests No. 6, 7, 8, 9, 10. *But see* Exhibit F, Response to Request No. 4, 5 (responding to two document requests immediately preceding the ones at issue here, counsel for Plaintiff objected to producing documents until after entry of a protective order).

## II.    <u>Argument</u>

The Court should grant Defendants leave to re-issue subpoenas on Strategic Federal Credit Union, Charles Town Races and Slots, Dover Downs, and Sprint Communications.

Copies of Defendants' proposed subpoenas, which are narrowly-tailored to capture only relevant and non-privileged documents, are attached hereto as Exhibit I.

On August 31, 2007, the Court ordered that Defendants try to obtain the documents at issue from Plaintiff. To date, three and a half months later, Defendants have been unable to do so through a document request that was already outstanding prior to the Court's orders on this issue.

As the Court noted in its August 28, 2007, Order, each of the third parties possesses a core of appropriately-requested documents relevant to this litigation. Defendants have a right to pursue this information to prosecute their counterclaims and their defenses in this litigation.

Discovery ends in six weeks, on January 31, 2008. Scheduling Order (No. 19) at 1, ¶ 1. It is imperative that Defendants have sufficient time to re-serve these subpoenas, receive the information and, if necessary, serve additional discovery based on the documents they receive. Defendants therefore can afford to wait no longer for Plaintiff's cooperation and must present this motion to the Court. The Court should grant leave to Defendants to re-issue the subpoenas attached hereto as Exhibit J.

**III.    Defendants Request an Expedited Ruling on This Motion**

Because of the short time remaining in discovery in this case, and because of the non-complex issue presented in this motion, Defendants request an expedited ruling so that they may expeditiously re-serve subpoenas on these four entities.

**IV.    Conclusion**

For the foregoing reasons, Defendants' Motion for Leave to Re-Issue Subpoenas should be granted in its entirety.

Date:  December 19, 2007                    Respectfully submitted,


                                           __/s/_Manesh K. Rath_____
                                           Manesh K. Rath (D.C. Bar No. 457835)
                                           *rath@khlaw.com*

                                           Keller and Heckman LLP
                                           1001 G Street, N.W., Suite 500 West
                                           Washington, D.C. 20001
                                           Tel: (202) 434-4182
                                           Fax: (202) 434-4646

                                           Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2007, a copy of the foregoing Defendants' Motion for Leave to Re-Issue Subpoenas was served by CM/ECF software upon:

Timothy B. Fleming (D.C. Bar No. 351114)
Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W.
Washington, D.C. 20009
Tel.: (202) 467-4123

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
        Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiff


                        __/s/_Manesh K. Rath_____
                        Manesh K. Rath, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LINDA GREEN,                                          )
                                                     )
                    Plaintiff,                        )
                                                     )
         v.                                           )          Civil No.: 1:07-cv-00298-EGS-AK
                                                     )
INTERSOLUTIONS, INC., *et al.*                        )
                                                     )
                    Defendants.                       )
_____)

**APPENDIX I:**

**EXHIBIT LIST TO
DEFENDANTS' MOTION FOR LEAVE TO RE-ISSUE SUBPOENAS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A | Subpoena *duces tecum* served on Strategic Federal Credit Union |
| B | Subpoena *duces tecum* served on Charles Town Races and Slots |
| C | Subpoena *duces tecum* served on Dover Downs |
| D | Subpoena *duces tecum* served on Sprint Communications |
| E | Defendants' Fifth Request for Production of Documents |
| F | Plaintiff's Responses to Defendants' Fifth Request for Production of Documents |
| G | October 17, 2007, letter from Defendants to Plaintiff requesting that Plaintiff respond to Defendants' document requests to the extent not objectionable |
| H | November 6, 2007, response from Plaintiff maintaining her objections to each document request |
| I | Defendants' proposed, narrowly-tailored subpoenas |

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Linda Green

V.

InterSolutions, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    Civil Action No: 07-298

TO:    Strategic Federal Credit Union; Attn: Jerry Macomber
7700 Arlington Blvd.
Falls Church, VA 22042

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All monthly statements of account, balance statements, and all other documents detailing the account of Linda L. Green, 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044 (SSN: 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; Account Number 54205; Transit ABA Number 256078556) from December 1, 2003 through September 1, 2006.

| PLACE    Keller and Heckman, Attn: Manesh K. Rath, 1001 G. St. NW, Ste. 500 W. Washington, DC 20001 | DATE AND TIME 8/31/2007  5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *Rath, counsel for Defendants* | DATE 7/31/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Keller and Heckman, Attn: Manesh K. Rath, 1001 G. St. NW, Ste. 500 W.
Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE                                                        SIGNATURE OF SERVER

                                                                                    ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
      (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
      (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
      (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
      (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
      (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
      (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT B

✎AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

Linda Green

V.

InterSolutions, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    07-298

TO:  Phyllis LeTart, Charles Town Races and Slots
P.O. Box 551 (Intersection of Hwy. 51 and Federal Way)
Charles Town, WV 25414

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006 for the Players' Choice Card and corresponding Players' Choice Account of Linda L. Green, 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044 (SSN: 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; VA Driver's License No.: A69-69-9753).

| PLACE  Keller and Heckman, LLP, Attn: Manesh Rath, 1001 G St. NW, Suite 500 West, Washington, DC 20001 | DATE AND TIME 8/31/2007  5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Rath, Counsel for Defendants* | DATE 8/1/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Manesh Rath, Keller and Heckman, LLP, 1001 G St. NW, Suite 500 West, Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT C

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Linda Green

V.

InterSolutions, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-298

TO:  Lee Ford, Director of Security, Dover Downs
1131 North DuPont Highway
Dover, DE 19901

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006 for the Capital Club Card and corresponding Capital Club Account of Linda L. Green, 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044 (SSN: 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; VA Driver's License No.: A69-69-9753).

| PLACE       Keller and Heckman, LLP, Attn: Manesh Rath, 1001 G St. NW, Suite 500 West, Washington, DC 20001 | DATE AND TIME 8/31/2007  5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *Rath, counsel for Defendants* | DATE 8/1/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Manesh Rath, Keller and Heckman, LLP, 1001 G St. NW, Suite 500 West, Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | |
|---|---|---|
|  | DATE | SIGNATURE OF SERVER |
|  |  | ADDRESS OF SERVER |

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT D

✎AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Virginia |
| --- | --- | --- |

Linda L. Green

V.

InterSolutions, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-298  (D.C. District Court)

TO:    Sprint Communications Co. c/o Corporate Service Co.
       11 South 12th St.
       Richmond, VA 23219

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All bills, statements, and records chronicling incoming and outgoing calls and indicating, to the best of your ability, the location where calls were placed or received on the phone of Linda L. Green between March 1, 2004 and September 1, 2006, (phone number: (703) 200-7884; SSN: 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) 6200 Wilson Blvd., Apt. 1117, Falls Church, VA 22044.

| PLACE    Keller and Heckman, LLP, Attn: Manesh Rath, 1001 G St. NW, Suite 500 West, Washington, DC 20001 | DATE AND TIME  8/31/2007  5:00 pm |
| --- | --- |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *RATH / Counsel for Defendants* | DATE  8/31/2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Manesh Rath, Keller and Heckman, LLP, 1001 G St. NW, Suite 500 West, Washington, DC 20001; Phone (202) 434-4182

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
DATE                                SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      Case No.: 1:07-cv-00298-EGS
                                      )
INTERSOLUTIONS, INC., *et al.*,       )
                                      )
            Defendants.               )
_____)

## DEFENDANTS' FIFTH REQUEST
## FOR PRODUCTION OF DOCUMENTS

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned

counsel, pursuant to the Federal Rules of Civil Procedure, request Plaintiff Linda Green to

produce for inspection and copying, pursuant to, and within the time set forth in Rule 34 of the

Federal Rules of Civil Procedure, the documents listed herein.  Copies may be produced in their

entirety upon the offices of Keller and Heckman LLP, 1001 G Street, NW, Suite 500 West,

Washington, D.C.  20001.

## DEFINITIONS

The following terms have the following meanings in this set of  Interrogatories:

1.      "Person" includes natural persons, corporations, partnerships (limited or general),

        associations, joint ventures, committees, groups, governments (including agencies

        and subdivisions), quasi-public entities, and any other entities, including their

        directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

2.      "You" and "your" and "Plaintiff" means Linda Green and all other persons acting

        or purporting to act on her behalf, including, but not limited to, her attorneys.  "You"

and "your" also means any business entity in which you have ownership, managerial responsibility, or in which you are otherwise a principal.

3.    "Defendants" means InterSolutions, Inc, Drew Golin, and Sara Walder.

4.    "Document" means any written, printed, typed, or other graphic or photographic matter of any nature, however produced or reproduced, any audio or video or other type of mechanical and electronic recordings, whether recorded by magnetic tape, disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source, and any data or information input into any computer system, contained in any memory system of any computer or contained on computer disk or similar computer data retention device, electronic mail or e-mail, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. "Document" includes the original and every draft or copy, where such draft or copy is not an identical duplicate of the original, or where such draft or copy contains any commentary or notation whatsoever that does not appear on the original.

5.    "Communicate" or "communication" means every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise.

6.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

2

7.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any relevant information that might otherwise be outside its scope.

8.    "All" and "each" shall be construed as all and each.

9.    The use of the singular form of any word includes the plural and vice versa.

10.    "Identify" and "identification" shall mean:

    (a.)    <u>when used in reference to an individual person</u>, to state with particularity his full name, present or last known residential address and telephone number, present or last known business address and telephone number, business title, and business affiliation;

    (b.)    <u>when used in reference to a person other than an individual</u>, to state with particularity its full name, form of organization, present or last known address or principal place of business and telephone number, address and telephone number of place of business during the period covered by these interrogatories, the type and nature of its business, and the names of the individual persons who are or were principals during the period relevant to this suit, agents, or employees and who have knowledge of relevant facts;

    (c.)    <u>when used in reference to a communication</u>, to state with particularity the date of the communication, the place where the communication occurred (e.g., telephone conversation, meeting), the substance and content of the communication, the identity of each person who made a statement, the statement, the identity of each person who received a statement, and the identity of each person present during the communication.

3

11.    "Describe" when used in reference to an event or incident or communication shall mean to state the date, time, and details with particularity of the event or incident or communication and identify all persons who witnessed the event or incident.

12.    "Particularity" shall mean being specific rather than general; an exactitude of detail, especially in description; an attention to, or concern with detail.

## INSTRUCTIONS

1.    With respect to any document or other communication for which you claim a privilege, identify the nature of the privilege asserted, the general subject matter of the communication, the date of the communication, the parties to the communication, where not apparent, the relationship of the parties to the communication, and the identity of every other person who has ever been privy to the communication.  Provide this information in a separate list fully identifying all such withheld documents.

2.    If you are unable to produce a document in its entirety, you are requested to produce that or those portion(s) of the requested document that  you are able to produce and completely and state the reasons for your inability to respond to the remainder.

3.    All requests seek documents for a time period between January 1, 2005 and the present date unless a particular interrogatory specifically states otherwise.

## DOCUMENTS

1.        All traditional land-line telephone bills received by you for your personal telephone lines between January 1, 2005, and August 1, 2006.

2.        All monthly credit card statements for all your credit card accounts between January 1, 2005, and August 1, 2006.

4

3.          For Dr. Bruce Lundeen, M.D., all medical records, bills, and receipts for

payment from December 1, 2003, through September 1, 2006.

4.          For Dr. David A. Schreiner, all medical records, bills, and receipts for

payment from December 1, 2003, through September 1, 2006.

5.          For Dr. Robert C. Wagner, all medical records, bills, and receipts for

payment from December 1, 2003, through September 1, 2006.

6.          All bills, statements, and records chronicling incoming and outgoing calls

placed or received by the Sprint phone number (703) 200-7884 between

March 1, 2004, and September 1, 2006, indicating the geographic location

where each call were placed and received.

7.          All monthly statements of account, balance statements, and all other

documents detailing your account with Strategic Federal Credit Union

between December 1, 2003, through December 1, 2006.

8.          All electronic mail messages sent to or from your American Online email

address llgreen311@aol.com between January 1, 2006, and August 1,

2007.

9.          All documents, balance statements and statements of account and/or

activity from May 1, 2004, through September 1, 2006, for your Capital

Club Card and corresponding Capital Club Account with Dover Downs.

10.         All documents, balance statements and statements of account and/or

activity from May 1, 2004, through September 1, 2006, for your Players'

Choice Card and corresponding Players' Choice Account with Charles

Town Races and Slots.

5

Respectfully submitted,
KELLER AND HECKMAN LLP

Date: August 17, 2007

Manesh K. Rath, Esquire (D.C. Bar No. 457835)

1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001-4564
(202) 434-4182 (telephone)
(202) 434-4646 (facsimile)

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2007, I caused a copy of the foregoing Defendants'

Fifth Request for Admissions to be served via U.S. Postal Service – First Class Mail upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300

Counsel for Plaintiff

Manesh K. Rath

6

# EXHIBIT F

**WIGGINS, CHILDS, QUINN & PANTAZIS, rLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

September 21, 2007

**Via Electronic and First Class U.S. Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

**Re: Green v. InterSolutions, Inc., et al.**

Dear Mr. Rath:

Enclosed please find a copy of Plaintiff Linda Green's Responses to Defendants' Fifth Request for Production of Documents. This was originally served on Wednesday, September 19, 2007, but, unfortunately, due to a clerical error, it was returned to our office today. Therefore, we are re-sending these Responses via e-mail and U.S. Mail.

Sincerely,

*Lori Kisch* / with permission

Lori B. Kisch

Enclosure

cc:     Susan Huhta, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

September 19, 2007

**Via First Class U.S. Mail**
Manesh K. Rath
Keller & Heckman LLP
1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001

*Re: Linda Green v. InterSolutions, Inc., et al.*

Dear Manesh:

Enclosed please find the Plaintiff's Response to Defendants' Fifth Request for Production of Documents.

Sincerely,

Lori Kisch

Enclosure

cc:    Sue Huhta, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| Plaintiff, | ) | CIVIL NO: 1:07CV00298-EGS |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| INTERSOLUTIONS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF LINDA GREEN'S RESPONSES TO DEFENDANTS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** Plaintiff, Linda Green, and objects/responds to the Defendants' specific Requests for Production of Documents as follows:

### GENERAL CONDITIONS

1.    The provision of any information in connection with these discovery responses does not constitute an admission that such information, or any part of such information, is either material or relevant to any issue in this case or is admissible in any proceeding, including trial, in this action.

2.    The Plaintiff makes the disclosures herein based on information reasonably available and expressly reserves the right (a) to object to the admissibility of any information or documents produced in connection with such response in any proceeding, including trial, in this action, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such modification.

3.    The responses herein are based on information or documents presently available to the Plaintiff.  Investigation and discovery are presently continuing, however, and additional

information pertinent to these requests for documents may well be disclosed as a result of such ongoing and continuing investigation.

## GENERAL OBJECTIONS

1.      The Plaintiff objects to the definitions and instructions accompanying these discovery requests to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.      The Plaintiff objects to these discovery requests to the extent that they are overly broad and/or unduly burdensome and seek information regarding matters about which the Defendant has knowledge.

3.      The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

4.      The Plaintiff objects to these document requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiff.

5.      The Plaintiff objects to these document requests to the extent that the documents sought, if any, were obtained and/or prepared in anticipation of litigation, and the Defendant has not made the required showing of substantial need for the documents or information or that the substantial equivalent of such documentation or information is unobtainable by other means. The Plaintiff further objects to these document requests to the extent that the documents or information called for, if any, are privileged and are not discoverable under Fed. R. Civ. P. Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

2

6.    The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in Plaintiff's possession, custody or control.

8.    The Plaintiff objects to these document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad and/or unduly burdensome.

9.    The Plaintiff objects to these document requests to the extent that they seek documents or information regarding matters which are not at issue in this action.

10.    The Plaintiff objects to these document requests to the extent that they do not place any temporal limits on the requests and/or seek documents or information covering an unreasonably long time period.

11.    Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below.  By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO DEFENDANTS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

***Request No. 1:***      *All traditional land-line telephone bills received by you for your personal telephone lines between January 1, 2005, and August 1, 2006.*

**OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of both Plaintiff and third-parties.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

3

***Request No. 2:***     *All monthly credit card statements for all your credit card accounts between January 1, 2005, and August 1, 2006.*

    **OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

***Request No. 3:***     *For Dr. Bruce Lundeen, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.*

    **RESPONSE:**  Plaintiff will produce all non-privileged documents in her possession which are responsive to this request after a protective order is entered in the case.

***Request No. 4:***     *For Dr. David A. Schreiner, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.*

    **RESPONSE:**  Plaintiff will produce all non-privileged documents in her possession responsive to this request after a protective order is entered in the case.

***Request No. 5:***     *For Dr. Robert C. Wagner, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006*

    **RESPONSE:**  Plaintiff will produce all non-privileged documents in her possession which are responsive to this request after a protective order is entered in the case.

***Request No. 6:***     *All bills, statements, and records chronicling incoming and outgoing calls placed or received by the Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, indicating the geographic location where each call were placed and received.*

    **OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of both Plaintiff and third-parties.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

**_Request No. 7:_**    *All monthly statements of account, balance statements, and all other documents detailing your account with Strategic Federal Credit Union between December 1, 2003, through December 1, 2006.*

    **OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

**_Request No. 8:_**    *All electronic mail messages sent to or from your American Online email address llgreen311@aol.com between December 1, 2003, through December 1, 2006.*

    **OBJECTION:**  Plaintiff objects to this request because it is overly broad and seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Plaintiff objects to the request to the extent it invades the privacy of Plaintiff.  Plaintiff further objects to the extent that the request seeks attorney-client privileged documents.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

**_Request No. 9:_**    *All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Capital Club Card and Corresponding Capital Club Account with Dover Downs.*

    **OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

**_Request No. 10:_**    *All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots.*

    **OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
2031 Florida Ave, NW, Suite 300
Washington, DC  20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND
    URBAN AFFAIRS**
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via First Class U.S. Mail this 19th day of September, 2007, upon:

Manesh K. Rath
KELLER AND HECKMAN LLP
1001 G Street, NW
Suite 500 West
Washington, DC 20001

*Counsel for Defendants*

_____
Attorney for Plaintiff

7

# EXHIBIT G

# **KH**® KELLER AND HECKMAN LLP
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
**Manesh K. Rath**
(202) 434-4139
Rath@khlaw.com

October 17, 2007

**Via E-Mail and U.S. Postal Service**

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
2031 Florida Avenue, NW, Suite 300
Washington, D.C. 20009

     Re:    ***Green v. InterSolutions, Inc., et al.***
              **Plaintiff's Responses to Defendants' Requests for Production of Documents.**

Dear Ms. Kisch:

     This letter addresses your client's objections and responses to Defendants' Requests for Production of Documents. Please consider this letter to be part of our personal consultation on this matter and a sincere effort to resolve the parties' dispute. Please provide us a response to this letter by 5:00 p.m. on October 24, 2007.

     As an initial matter, Defendants hereby stipulate to treat all Confidential documents as if they were produced under the proposed protective order since both parties' proposed protective orders treat confidential documents similarly. We therefore ask that you provide us with all such documents promptly rather than wait for the Court to enter a protective order. We are prepared to do the same upon your agreement to similar conditions.

     Second, we ask that you comply with Rule 34(b)(i) for the documents you intend to produce and retroactively for those that you have previously produced. Rule 34(b)(i) requires that documents produced shall be organized and labeled to correspond with the categories in the request. You have not done this. Please provide us with a list indicating which documents go to what document request. For ease of reference, please use the Bates numbers you have assigned to Plaintiff's documents rather than the title or content of the document itself.

     Next, we ask that you reconsider your objections to the following requests for production of documents.

***Defendants' First Request for Production of Documents (issued July 27, 2007)***

     Request 1 requested: "All documents referenced or specifically identified in Plaintiff's Rule 26(a)(1) initial disclosures." You indicated that "Plaintiff will produce all non-privileged documents responsive to this request." Plaintiff's initial disclosures specifically identified the following documents as within Plaintiff's "possession, custody or control":

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 2

- Correspondence and emails between Linda Green and InterSolutions' employees and owners, and other documents regarding Ms. Green's employment, termination, bonuses, time off, requests for leave and/or notification of medical appointments;

- Correspondence and emails regarding Linda Green's complaints regarding InterSolutions;

- InterSolutions' Policies and Expectations; and,

- InterSolutions' Corporate Employee Manual, dated September 2004.

To date, we have received only some of the documents referenced in Plaintiff's initial disclosures. Please produce all documents listed in Plaintiff's initial disclosures, including any documents identified since the filing of Plaintiff's initial disclosures.

Request 2 requested: "All documents concerning any claims of any kind that you have asserted, or contemplated asserting against any past or present employer, including, but not limited to, agency charges, complaints, lawsuits, demands, claims, appeals, and other court papers." You objected and refused to provide documents because the request "is vague and overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Your objection is not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to claims or defenses in this litigation. The fact of whether Plaintiff has previously filed administrative charges or lawsuits against past employers would undoubtedly lead to admissible evidence. For example, the documents would provide admissible evidence regarding Plaintiff's past employers and supervisors at her previous jobs. Moreover, as you know, the Federal Rules of Civil Procedure do not require that discoverable information also be admissible under the Federal Rules of Evidence. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3d Cir. 1982). You seem to have conflated the two standards. Third, the information sought through this request is properly admissible for impeachment purposes. We ask that you reconsider your objection and produce responsive documents.

Request 3 requested: "All documents received by you from any law enforcement authority, government agency, or court system, concerning the subject matter of the pending action." You objected to this request "to the extent it requests documents related to the subject matter of the pending action rather than the claims and defenses of the pending action." Your objection is not well taken. Any document received by Plaintiff from any law enforcement authority or government agency concerning the subject matter of the pending action is relevant and discoverable under the Federal Rules of Civil Procedure. To the extent you have withheld

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 3

documents based on this objection, we ask that you reconsider your objection and produce responsive documents.

Request 4 requested: "All documents sent by you to any law enforcement authority, government agency, or court system, concerning the subject matter of the pending action." You objected to this request "to the extent it requests documents related to the subject matter of the pending action rather than the claims and defenses of the pending action." Your objection is not well taken. Any document sent by Plaintiff to any law enforcement authority or government agency concerning the subject matter of the pending action is relevant and discoverable under the Federal Rules of Civil Procedure. To the extent you have withheld documents based on this objection, we ask that you reconsider your objection and produce responsive documents.

Request 5 requested: "All documents related to the filing of any state and/or federal tax return by you in the tax filing year of 2004." You objected "to the extent that it is overly broad and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that Plaintiff should have disclosed the information sought through this request in her initial disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C), Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay, lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this information as Confidential under the proposed protective orders. We ask that you reconsider your objections and produce responsive documents.

Request 6 requested: "All documents related to the filing of any state and/or federal tax return by you in the tax filing year of 2005." You objected "to the extent that it is overly broad and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that Plaintiff should have disclosed the information sought through this request in her initial disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C), Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay, lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 4

information as Confidential under the proposed protective orders. We ask that you reconsider your objections and produce responsive documents.

Request 7 requested: "All documents related to the filing of any state and/or federal tax return by you in the tax filing year of 2006." You objected "to the extent that it is overly broad and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that Plaintiff should have disclosed the information sought through this request in her initial disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C), Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay, lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this information as Confidential under the proposed protective orders. We ask that you reconsider your objections and produce responsive documents.

Request 8 requested: "All documents related to the filing of any state and/or federal tax return by you in the tax filing year of 2007." You objected "to the extent that it is overly broad and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that Plaintiff should have disclosed the information sought through this request in her initial disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C), Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay, lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this information as Confidential under the proposed protective orders. We ask that you reconsider your objections and produce responsive documents.

### *Defendants' Second Request for Production of Documents*

Request 1 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2004." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting the amount of income earned from sources other than Defendants, such a request is not reasonably calculated to lead to the discovery of admissible

## KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 5

evidence and is designed to harass and invade the privacy interests of Plaintiff. Therefore, Plaintiff objects to producing documents responsive to this request." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request seeks relevant and discoverable information. On information and belief, Plaintiff was engaged in other income-earning activity while employed at InterSolutions. This information is relevant to claims or defenses in this litigation. Please reconsider your objections and produce responsive documents.

Request 2 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2005." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting the amount of income earned from sources other than Defendants, such a request is not reasonably calculated to lead to the discovery of admissible evidence and is designed to harass and invade the privacy interests of Plaintiff. Therefore, Plaintiff objects to producing documents responsive to this request." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request seeks relevant and discoverable information. On information and belief, Plaintiff was engaged in other income-earning activity while employed at InterSolutions. This information is relevant to claims or defenses in this litigation. Please reconsider your objections and produce responsive documents.

Request 3 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2006." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting income earned from sources other than Defendants during Plaintiff's employment, such a request is not reasonably likely to lead to discoverable information and is designed to harass and invade the privacy interests of Plaintiff." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this information is relevant to claims and defenses in this litigation. On information and belief, Plaintiff was engaged in other income-earning activity while employed at InterSolutions. Plaintiff has a duty to mitigate damages, and this income is relevant to Plaintiff's duty to mitigate her damages. As you know, the standard for discoverability is a low one. *Id.* at 417. Please reconsider your objections and produce responsive documents. Notwithstanding your objections, you indicated, without qualification, that you would produce "any W-2 statements received from sources other than Defendants after her termination from Defendants." To date, we have not received any W-2 statements from Plaintiff. Please produce documents responsive to this request.

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 6

Request 4 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2007." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting income earned from sources other than Defendants during Plaintiff's employment, such a request is not reasonably likely to lead to discoverable information and is designed to harass and invade the privacy interests of Plaintiff." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this information is relevant to claims and defenses in this litigation. Plaintiff has a duty to mitigate damages, and this income is relevant to Plaintiff's duty to mitigate her damages. As you know, the standard for discoverability is a low one. *Id.* at 417. Please reconsider your objections and produce responsive documents. Notwithstanding your objections, you indicated, without qualification, that you would produce "any W-2 statements received from sources other than Defendants after her termination from Defendants." To date, we have not received any W-2 statements from Plaintiff. Please produce documents responsive to this request.

Request 5 requested: "All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2006." You objected "to the extent that this request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff." Your objection is not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request is clear on its face. Your attempt to deliberately misunderstand the request does not render it vague or ambiguous. In any event, you stated that you would produce all documents responsive to this request. To date, however, we have not received any documents responsive to this request. Please produce responsive documents.

Request 6 requested: "All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2007." You objected "to the extent that this request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff." Your objection is not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request is clear on its face. Your attempt to deliberately misunderstand the request does not render it vague or ambiguous. In any event, you stated that you would produce all documents responsive to this request. To date, however, we have not received any documents responsive to this request. Please produce responsive documents.

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 7

Request 7 requested: "All documents received by you concerning any and all income earned by you since January 1, 2005." You objected "to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence," but you indicated, without qualification, that Plaintiff would produce all W-2 statements received since January 1, 2005. Your objections are not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this information is relevant to claims and defenses in this litigation. On information and belief, Plaintiff was engaged in other employment while employed at InterSolutions, and this income is relevant to Plaintiff's duty to mitigate her damages on some of her claims against Defendants. As you know, the standard for discoverability is a low one. *Id.* at 417. Third, to date, we have not received any W-2 statements or other documents responsive to this request. Please produce responsive documents.

Request 8 requested: "All documents provided by you to any individual concerning any and all income earned by you since January 1, 2005." You objected "to the extent that this request is vague and ambiguous. Plaintiff further objects to the extent that this request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the extent that this request seeks discovery of privileged documents." Plaintiff refused to produce documents. Your objections are not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request seeks information relevant to claims and defenses in this litigation. On information and belief, Plaintiff had other sources of income while employed by InterSolutions. This additional income is relevant to Defendants' counterclaims and defenses as well as to Plaintiff's duty to mitigate her damages on some of her claims against Defendants. Please reconsider your objections and produce responsive documents.

Request 9 requested: "All written statements by witnesses or potential witnesses, signed and unsigned, that identify, reference or relate to you." You objected "to the extent that it is vague and ambiguous and fails to identify the documents requested with reasonable particularity. Plaintiff also objects to this request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks production of documents protected by the attorney-client privilege and/or work product doctrine." Your objections are not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request is clear on its face and Plaintiff's attempt to deliberately misunderstand it does not render this request vague or ambiguous. Third, this request clearly seeks information likely to lead to admissible evidence. This information is at the core of discoverable information under the Federal Rules of Civil Procedure. Finally, no written statement by a witness or potential witness other than Plaintiff is protected by the attorney-client privilege unless the person making the statement is your client. If you represent any of Plaintiff's witnesses or potential witnesses

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 8

please inform us of this so that we will know not to contact those individuals directly. Even if you do represent any of Plaintiff's witnesses or potential witnesses, Defendants disagree that a written statement made by an individual in their capacity as a witness or potential witness is a confidential communication. Please reconsider your objections and produce responsive documents.

### *Defendants' Fourth Request for Production of Documents*

Request 1 requested: "All medical records (including, but not limited to, doctor reports, doctor diagnoses, medical bills, or receipts for payment of medical bills) related to any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering associated with any facts alleged in Plaintiff's Amended Complaint." You objected to this request on the grounds that "it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the Court made clear in its August 29, 2007, Order on Plaintiff's Motion to Quash that Plaintiff has put her medical condition directly at issue in this case and that Plaintiff's medical records are relevant to claims and defenses in the litigation. Third, Plaintiff to date has not specified with any degree of certainty the date on which she alleges to have been diagnosed with cancer. Defendants are without a doubt entitled to this key piece of information, and Plaintiff's medical records are the only reliable source for this. Notwithstanding your objections, you indicated that you would produce the requested documents. To date, however, we have received no documents from Plaintiff responsive to this request. Please produce documents responsive to this request.

Request 2 requested: "All records or correspondence relating to any insurance provider's payment, non-payment, or other involvement in any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering, associated with any facts alleged in Plaintiff's Amended Complaint." You objected "to the extent that it is vague and ambiguous. Plaintiff further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence." You refused to produce any documents responsive to this request. Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the request is neither vague nor ambiguous. The request plainly seeks insurance records related to medical treatment associated with any facts alleged in Plaintiff's complaint. Plaintiff certainly knows what medical treatment she received regarding the facts she has set forth in her Amended Complaint, and she should possess the appropriate insurance records from treatment she received. Third, the Court made clear in its August 29, 2007, Order on Plaintiff's Motion to Quash that Plaintiff has put her medical condition directly at issue in this case and that Plaintiff's medical records are relevant to claims and defenses in the litigation. The same

## KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 9

principle holds true for Plaintiff's insurance records that relate to medical treatment received. Fourth, to date, Plaintiff has not specified with any degree of certainty the date on which she alleges to have been diagnosed with cancer. Plaintiff's insurance records will indicate, at a minimum, the dates she sought or received treatment for her cancer. Defendants are entitled tot his information under the Federal Rules of Civil Procedure. Please reconsider your objections and produce responsive documents.

### Defendants' Fifth Request for Production of Documents

Request 1 requested: "All traditional land-line telephone bills received by you for your personal telephone lines between January 1, 2005, and August 1, 2006." You objected to this request "because it is overly broad and invades the privacy of both Plaintiff and third-parties. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have provided no factual support for any of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, you do not have standing to assert the interests of third parties, and your objection on that basis is plainly invalid. Third, Plaintiff has an expectation of privacy in the content of a telephone conversation not the fact that the conversation occurred. *E.g., Reporters Comm. For Freedom of the Press v. Am. Tel. & Tel. Co.*, 593 F.2d 1030, 392 (D.C. Cir. 1978). Defendants seek only evidence that the calls occurred not their contents. Fourth, the information sought is relevant to claims and defenses in this litigation. Defendants terminated Plaintiff for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's phone records would verify that Plaintiff was using her home telephone when she should have been at InterSolutions' office or visiting client sites. Fifth, the fact that the Court found this language in a subpoena to be overbroad does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept records of calls received by Plaintiff's personal home telephone or placed by Plaintiff's personal home telephone during normal business hours (between 8:00 a.m. and 6:00 p.m.) on non-holiday weekdays from January 1, 2005, through August 1, 2006.

Request 2 requested: "All monthly credit card statements for all your credit card accounts between January 1, 2005, and August 1, 2006." You objected to this request "because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have provided no factual bases for any of your objections as required

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 10

by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request properly seeks information relevant to claims and defenses in this litigation. Defendants terminated Plaintiff for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's credit card statements for the time period requested would verify that Plaintiff used her credit card for personal reasons when she should have been at InterSolutions' office or visiting client sites. The statements would also pinpoint the locations of the purchases, which would further prove Plaintiff's misconduct. Third, the fact that the Court found this language in a subpoena to be overbroad does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all of Plaintiff's monthly credit card statements for all of Plaintiff's credit card accounts between January 1, 2005, and August 1, 2006, so long as the statements show every purchase made during regular business hours (8:00 am to 6:00 p.m.) on non-holiday weekdays.

Request 3 requested: "For Dr. Bruce Lundeen, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006." You indicated that Plaintiff would produce these documents after a protective order is entered in the case. Per the introductory paragraph of this letter, Defendants stipulate to treat this information as Confidential until a protective order is in place. Please produce records responsive to this request.

Request 4 requested: "For Dr. David A. Schreiner, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006." You indicated that Plaintiff would produce these documents after a protective order is entered in the case. Per the introductory paragraph of this letter, Defendants stipulate to treat this information as Confidential until a protective order is in place. Please produce records responsive to this request.

Request 5 requested: "For Dr. Robert C. Wagner, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006." You indicated that Plaintiff would produce these documents after a protective order is entered in the case. Per the introductory paragraph of this letter, Defendants stipulate to treat this information as Confidential until a protective order is in place. Please produce records responsive to this request.

Request 6 requested: "All bills, statements and records chronicling incoming and outgoing calls placed or received by the Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, indicating the geographic location where each call was placed and

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 11

received." You objected to this request "because it is overly broad and invades the privacy of both Plaintiff and third-parties. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have provided no factual bases for any of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, you do not have standing to assert the interests of third parties, and your objection on that basis is plainly invalid. Third, this request seeks information relevant to claims and defenses in this case. Defendants terminated Plaintiff for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's mobile phone records would verify that Plaintiff was using her mobile telephone during work hours for non-work related purposes. Fourth, the fact that the Court found this language in a subpoena to be overbroad does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all bills, statements and records chronicling Plaintiff's Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, so long as the bills, statements and records indicate the time and geographic location of every incoming call and outgoing call that was received or placed by Plaintiff's Sprint mobile telephone, between March 1, 2004, and September 1, 2006, while Plaintiff's mobile telephone was at a location outside of Washington, D.C.

Request 7 requested: "All monthly statements of account, balance statements, and all other documents detailing your account with Strategic Federal Credit Union between December 1, 2003, and December 1, 2006." You objected to this request because "it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have not explained with the required specificity how this request is "overly broad." *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to claims and defenses in this litigation. Plaintiff was terminated by InterSolutions for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's monthly statements of account, balance statements, and all other documents detailing her account with Strategic Federal Credit Union would verify that Plaintiff used her debit card for personal reasons when she should have been at InterSolutions' office or visiting client sites. The statements would also pinpoint the locations of any purchases or ATM withdrawals. Third, the

KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 12

fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of Plaintiff's monthly statements of account, balance statements, and all other documents detailing her account with Strategic Federal Credit Union between December 1, 2003, and December 1, 2006, so long as the data shows every debit card purchase or ATM withdrawal made during normal working hours (8:00 a.m. to 6:00 p.m.) on non-holiday weekdays.

Request 8 requested: "All electronic mail messages sent to or from your America Online email address llgreen311@aol.com between January 1, 2006, and August 1, 2007." You objected to the request because it was is overly broad, seeks documents which are not reasonably calculated to lead to the admission of discoverable evidence, invades Plaintiff's privacy, seeks attorney-client privileged documents, and not appropriately limited pursuant to the Court's August 29, 2007, order. Your objections are not well taken. First, you have provided no factual support for any of your objections as required by the federal Rules of Civil Procedure. *See United States ex rel. Pogue v. Diabetes Treatment Center*, 235 F.R.D. 521, 523 (D.D.C. 2006); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the contents of Plaintiff's emails are relevant to claims and defenses in this litigation. On information and belief, Plaintiff emailed Defendants' trade secrets from her InterSolutions' email address to her America Online (AOL) email address and distributed InterSolutions' trade secrets to others from her AOL address. The emails sought through this request would pinpoint the date and time when Plaintiff emailed Defendants' trade secrets and other confidential information to her personal email address. Third, the fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept copies of all email messages sent to Plaintiff's AOL email address (llgreen311@aol.com) between January 1, 2006, and August 1, 2007, from any email address ending in "intersolutionsinc.com" *and* copies of all email messages sent from Plaintiff's AOL email address (llgreen311@aol.com) between January 1, 2006, and August 1, 2007, that contain, in the text or in an attachment to the email, at least two InterSolutions client or employee names or addresses. This limitation should adequately protect Plaintiff's privacy and concerns. We note in advance that under the crime-fraud exception to the attorney-client privilege, Defendants' would take exception to Plaintiff withholding any emails meeting the above definition on privilege grounds.

Request 9 requested: "All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Capital Club Card and corresponding Capital Club Account with Dover Downs." You objected to this request "because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 13

Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have not explained how or why this request is overly broad, as required under the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to Defendants' defenses in this litigation. Plaintiff was terminated by InterSolutions for good cause for, among several other reasons, excessive absences from the office during work hours. Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. On good information and belief, Plaintiff spent time during regular working hours at Dover Downs during times she said she was working remotely or visiting client sites. Documents detailing Plaintiff's account would verify that Plaintiff was gambling at Dover Downs when she should have been at InterSolutions' office or visiting client sites. Third, this request does not invade Plaintiff's privacy interests. Plaintiff has previously stated in this litigation that she has gambled at Dover Downs. *See* Plaintiff's Response to Interrogatory 1 of Defendants' Second Set of Interrogatories. Defendants only seek records detailing Plaintiff' activity at Dover Downs to pinpoint the dates and times she was gambling there. In any case, the records sought by this request are, as a matter of law, the business records of Dover Downs, *Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980), and Plaintiff cannot legitimately claim to have a privacy interest in Dover Downs' records. Finally, the fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all documents, balance statements and statements of account or activity from May 1, 2004, through September 1, 2006, for Plaintiff's Capital Club Card and corresponding Capital Club Account with Dover Downs so long as the documents show all gambling activity conducted at Dover Downs during regular business hours (8:00 a.m. to 6:00 p.m.) on non-holiday weekdays.

Request 10 requested: "All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots." You objected to this request "because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have not explained how or why this request is overly broad, as required under the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to Defendants' defenses in this litigation. Plaintiff was terminated by InterSolutions for good cause for, among several other reasons, excessive absences from the office during work hours. Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 14

medical leave. On good information and belief, Plaintiff spent time during regular working hours at Charles Town Races and Slots during times she said she was working remotely or visiting client sites. Documents detailing Plaintiff's account would verify that Plaintiff was gambling at Charles Town Races and Slots when she should have been at InterSolutions' office or visiting client sites. Third, this request does not invade Plaintiff's privacy interests. Plaintiff has previously stated in this litigation that she has gambled at Charles Town Races and Slots. *See* Plaintiff's Response to Interrogatory 1 of Defendants' Second Set of Interrogatories. Defendants only seek records detailing Plaintiff' activity at Charles Town Races and Slots to pinpoint the dates and times she was gambling there. In any case, the records sought by this request are, as a matter of law, the business records of Charles Town Races and Slots, *Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980), and Plaintiff cannot legitimately claim to have a privacy interest in Charles Town Races and Slots' records. Finally, the fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all documents, balance statements and statements of account or activity from May 1, 2004, through September 1, 2006, for Plaintiff's Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots so long as the documents show all gambling activity conducted at Charles Town Races and Slots during regular business hours (8:00 a.m. to 6:00 p.m.) on non-holiday weekdays.

### *Defendants' Sixth Request for Production of Documents*

Request 2 requested: "All records or documents reflecting any deductions you claimed from the U.S. Internal Revenue Service for the tax years 2004, 2005, and 2006." You objected to this request "because it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request because it invades the privacy of Plaintiff." You refused to produce the requested documents. Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, Plaintiff has agreed to produce all W-2s from sources other than Defendants thereby calling into doubt the genuineness of Plaintiff's privacy objections to this request. *See* Plaintiff's Response to Request Number 3 of Defendants' Second Request for Production of Documents. Third, the information sought by this request is relevant to claims or defenses in this litigation and is therefore discoverable. We know that Plaintiff used her private mobile phone for business purposes. However, that use was never authorized or condoned by InterSolutions. This request seeks to verify whether Plaintiff ever claimed a deduction for using her cell phone for business purposes. Please reconsider your objections and produce responsive documents.

Request 3 requested: "All records or documents reflecting any deductions you claimed from the Virginia Department of Taxation for the tax years 2004, 2005, and 2006." You objected to this request "because it is not reasonably calculated to lead to the discovery of

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 15

admissible evidence. Plaintiff further objects to this request because it invades the privacy of Plaintiff." You refused to produce the requested documents. Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought is relevant to claims or defenses in this litigation and is therefore discoverable. We know that Plaintiff used her private mobile phone for business purposes. However, that use was never authorized or condoned by InterSolutions and that use goes to the issue of Plaintiff's unauthorized absences from work. This request seeks to verify whether Plaintiff ever claimed a deduction for using her cell phone for business purposes. Please reconsider your objections and produce responsive documents.

Sincerely,

Manesh K. Rath

c:    Drew Golin
      John Wagithuku

# EXHIBIT H

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY
_____

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

November 6, 2007

**<u>Via Email and U.S. First Class Mail</u>**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

**<u>Re: Green v. InterSolutions, Inc.</u>**

Dear Manesh:

We write in response to your letter of October 17, 2007 alleging deficiencies in Plaintiff's responses to Defendants' requests for production of documents and your October 29, 2007 letter alleging deficiencies in Plaintiff's responses to interrogatories.

Regarding your proposal that we produce documents prior to Judge Kay's approval of the proposed protective order, we will agree to produce documents marked as confidential only if Defendants abide by their stipulation articulated in your October 17, 2007 letter that you will "treat all Confidential documents as if they were produced under the proposed protective order . . . ." Plaintiff also expects that any medical records Defendants have received pursuant to their subpoenas be treated as if they were marked confidential and produced under the proposed protective order. Plaintiff similarly stipulates to treat all Confidential documents currently withheld by Defendants as if they were produced under the proposed protective order. Upon receipt of Defendants' production of all such confidential documents, Plaintiff will produce confidential documents she has withheld on this basis.

Regarding your assertion that Plaintiff has not complied with Fed. R. Civ. P. 34(b)(i), you are mistaken. The Rule requires that a party producing documents for inspection "shall produce them as they are kept in the usual course of business **or** shall organize and label them to correspond with the categories in the request . . . ." Fed. R. Civ. P. 34 (b)(i) (emphasis added). Because Plaintiff produced the documents as they are normally kept in the course of her personal affairs, she has complied with the rule. In any event, in the spirit of compromise, Plaintiff will provide a supplement to her initial responses to Defendants' requests for production of documents which identifies which documents were produced in response to which request(s).

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

**Defendants' First Request for Production of Documents (issued July 27, 2007):**

Request No. 1: Plaintiff has produced all documents in her possession referenced or specifically identified in her Rule 26(a)(1) initial disclosures.

Request No. 2: Notwithstanding Plaintiff's objections, which she maintains, Plaintiff will produce documents responsive to this request.

Request No. 3: Plaintiff has produced all documents responsive to this request; no documents have been withheld based on the stated objections.

Request No. 4: Plaintiff has produced all documents responsive to this request. No documents have been withheld based on the stated objections.

Request Nos. 5-8: Plaintiff maintains her objections and will produce her W-2 tax forms subject to the protective order that is approved by Judge Kay. Plaintiff's W-2s will contain all necessary information needed for Defendants to assess Plaintiff's damages. Plaintiff disagrees that her Rule 26(a)(1)(C) disclosures were insufficient. As stated therein, damages cannot yet be calculated because, *inter alia*, Plaintiff requires discovery to ascertain her damages. This allegation is particularly surprising given that Defendants only offered an estimation of damages related to their defamation counterclaim; Defendants failed to make any statement at all regarding damages alleged for their other six counterclaims, only a statement that their initial disclosures would be supplemented "on an ongoing basis." No such supplementation has occurred.

**Defendants' Second Request for Production of Documents**

Request Nos. 1-3: Plaintiff maintains her objections. To the extent Defendants seek documents establishing Plaintiff was employed by, for, or on behalf of an organization or employer other than Defendants while working for Defendants, no such documents exist. As previously stated, Plaintiff will produce her W-2 tax forms subject to the protective order that is approved by Judge Kay. Plaintiff's W-2s will contain all necessary information needed for Defendants to assess Plaintiff's damages and her efforts to mitigate such damages.

Request No. 4: Plaintiff maintains her objections. However, Plaintiff will produce her W-2 statements received from sources other than Defendants after her termination by Defendants subject to the protective order that is approved by Judge Kay.

Request Nos. 5-6: Plaintiff maintains her objections. This request is so broad that it could include all daily correspondence between Plaintiff and her current employer. However, Plaintiff will produce any documents related to applications for employment in the calendar years 2006 and 2007 shortly.

Request No. 7: Plaintiff maintains her objections. This request is so broad it is difficult for Plaintiff to determine what information Defendants seek. To the extent Defendants seek documents establishing Plaintiff was employed by, for, or on behalf of an organization or

employer other than Defendants while working for Defendants, no such documents exist. As previously stated, Plaintiff will produce her W-2 tax forms subject to the protective order that is approved by Judge Kay. Plaintiff's W-2s will contain all necessary information needed for Defendants to assess Plaintiff's damages and her efforts to mitigate such damages. If Defendants would like to further clarify this request, Plaintiff will respond accordingly.

Request No. 8: Plaintiff maintains her objections. This request is so broad it is difficult for Plaintiff to determine what information Defendants seek. To the extent Defendants seek documents establishing Plaintiff was employed by, for, or on behalf of an organization or employer other than Defendants while working for Defendants, no such documents exist. As previously stated, Plaintiff will produce her W-2 tax forms subject to the protective order that is approved by Judge Kay. Plaintiff's W-2s will contain all necessary information needed for Defendants to assess Plaintiff's damages and her efforts to mitigate such damages. If Defendants would like to further clarify this request, Plaintiff will respond accordingly.

Request No. 9: Plaintiff maintains her objections. The request is worded so broadly that it does not appear to be tailored to the claims and defenses in this lawsuit. Obviously, any witness statements not related to the claims and defenses in this lawsuit are not discoverable and Plaintiff objects to the request for that reason, among the others stated. To the extent Plaintiff's counsel collects any such statements for preparation of Plaintiff's case for trial, they are protected by the work product doctrine.

**Defendants' Fourth Request for Production of Documents**

Request No. 1: Plaintiff has requested information responsive to this request from her doctors and will produce the responsive information subject to the protective order approved by Judge Kay.

Request No. 2: Plaintiff is requesting information responsive to this request from her insurance providers and will produce the responsive information subject to the protective order approved by Judge Kay.

**Defendants' Fifth Request for Production of Documents**

Request No. 1: Plaintiff maintains her objections to this request. However, subject to the narrowing of this request in your October 17, 2007 letter, Plaintiff is requesting information responsive to this request from her telephone carrier and will produce responsive information, with appropriate redactions, when it is received. As you are well aware, Judge Sullivan rejected your argument that Ms. Green does not have standing to raise these privacy concerns and, indeed, because of such privacy concerns quashed the subpoena served for her cell phone records. *See* Judge Sullivan's August 29, 2007 Order.

Request No. 2: Plaintiff maintains her objections. The information sought, if revealed, would constitute a gross invasion of Ms. Green's privacy. The overbroad requests seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 3: Plaintiff maintains her objections to this request. However, Plaintiff has requested these documents from Dr. Lundeen and will produce such documents reflecting medical treatment sought and received through September 1, 2006, subject to the protective order approved by Judge Kay, upon receipt of same.

Request No. 4: Plaintiff maintains her objections to this request. However, Plaintiff has requested documents from Dr. Schreiner and will produce such documents reflecting medical treatment sought and received through September 1, 2006, subject to the protective order approved by Judge Kay, upon receipt of same.

Request No. 5: Plaintiff maintains her objections to this request. However, Plaintiff has requested these documents from Dr. Wagner and will produce such documents reflecting medical treatment sought and received through September 1, 2006, subject to the protective order approved by Judge Kay, upon receipt of same.

Request No. 6: Plaintiff maintains her objections to this request. However, pursuant to your amended request, Plaintiff is requesting documents from Sprint and will produce responsive documents, dated through August 1, 2006, in redacted form, upon receipt. As you are well aware, Judge Sullivan rejected your argument that Ms. Green does not have standing to raise these privacy concerns and, indeed, because of such privacy concerns quashed the subpoena served for these records. *See* Judge Sullivan's August 29, 2007 Order.

Request No. 7: Plaintiff maintains her objections. The information sought, if revealed, would constitute a gross invasion of Ms. Green's privacy. The overbroad requests seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 8: Plaintiff maintains her objections. Pursuant to your amended request, Plaintiff is in the process of gathering the responsive documents in her possession and will produce emails sent to Plaintiff's AOL account through August 1, 2006. However, any emails sent to or from an InterSolutions' email address should already be in the possession or control of Defendants. Plaintiff will produce emails sent from her AOL account that contain at least two InterSolutions' client or employee names other than Plaintiff's, so long as the email relates in some way to InterSolutions' business and/or the claims and defenses in this lawsuit. Plaintiff will not produce any privileged documents. Please explain your statement that Plaintiff may not withhold attorney-client privileged communications due to the crime-fraud exception.

Request No. 9: Plaintiff maintains her objections. However, pursuant to your amended request, Plaintiff is gathering the responsive documents in her possession and requesting responsive documents from Dover Downs. Plaintiff will produce the responsive documents upon receipt of same.

Request No. 10: Plaintiff maintains her objections. However, pursuant to your amended request, Plaintiff is gathering responsive documents in her possession and requesting responsive documents from Charles Town Races and Slots. Plaintiff will produce the responsive documents upon receipt of same.

*Manesh Rath, Esq.*
*November 6, 2007*
*Page 5 of 6*

**Defendants' Sixth Request for Production of Documents**

       Request No. 2:  Plaintiff maintains her objections.  Your October 17, 2007 letter indicates that such documents are sought to establish whether Plaintiff ever claimed a deduction for using her cell phone for business purposes.  No such documents exist, because Plaintiff never claimed a deduction for using her cell phone for business purposes.

       Request No. 3:  Plaintiff maintains her objections.  Your October 17, 2007 letter indicates that such documents are sought to establish whether Plaintiff ever claimed a deduction for using her cell phone for business purposes.  No such documents exist, because Plaintiff never claimed a deduction for using her cell phone for business purposes.

**Defendants' Interrogatories**

       First of all, none of Plaintiff's interrogatory responses were provided "without objection," as you contend.  Plaintiff's Interrogatory Responses include ten objections on pages two and three, under the heading "General Objections," which are not waived by Plaintiff's responses.  See Plaintiff's Responses to Defendants' First Set of Interrogatories.   These objections were made to each of Defendants' Interrogatories.

       Interrogatory No. 2:   Plaintiff maintains her objections.   Plaintiff will supplement her response with the telephone number of her current employer and her salary.

       Interrogatory No. 3:   Definition 10(d) is a definition regarding Plaintiff's employer, but Interrogatory No. 3 requests information about potential employers.  Therefore, definition 10(d) is inapplicable and there is nothing to supplement.

       Interrogatories No. 5: Defendants'  misnumbering  of  these  requests  caused  some confusion on Plaintiff's part and resulted in the inadvertent omission of Plaintiff's response to Defendants' first Interrogatory No. 5.   Plaintiff maintains the general objections made in response to all of Defendants' Interrogatories.  Plaintiff responds as follows:

Plaintiff seeks awards of back pay, front pay, lost benefits, and other equitable relief, as well as nominal damages, compensatory damages, punitive damages, and attorneys' fees and expenses.  At this time, however, damages cannot be fully calculated because, *inter alia*, Plaintiff requires discovery to ascertain her damages.  Plaintiff will supplement this information in accordance with the scheduling order and as discovery proceeds.

Plaintiff will formally supplement her response shortly.

       Interrogatory No. 7:    Plaintiff has no other accounts of any kind, including no retirement accounts, 401(k) accounts, or other accounts that would fall within the scope of this request.

       Interrogatory No. 8:  Defendants have subpoenaed all of Plaintiff's medical records and therefore have access to all of the information requested in this Interrogatory.  Plaintiff refers Defendants to such records.  Once Plaintiff receives her medical records, she will supplement

*Manesh Rath, Esq.*
*November 6, 2007*
*Page 6 of 6*

this response.

Sincerely,

Lori B. Kisch

Enclosures

cc:     Susan Huhta, Esq.
        Katherine Gillespie, Esq.

# EXHIBIT I

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

      **See Attachment 1.**

**Attachment 1**
**(CHARLES TOWN RACES AND SLOTS)**

For the Relevant Time Period, and for the account of Linda L. Green:

All data in any Document only to the extent that such data reflects any Activity by Ms. Linda L. Green at Charles Town Races and Slots only during the Relevant Time Period.

<u>Definitions</u>:

"Activity" means any presence upon the property of Charles Town Races and Slots (which may be evidenced by video camera records); any purchases at any gift, sundries, concessions, bar, or food point of sale; any transactional activity on Ms. Green's Players Card or in her account; any gaming activity at Charles Town Races and Slots race track(s) or at any of its slot machines.

"Document" "Document" means any written, printed, typed, audio, video, other type of mechanical and electronic recordings, whether recorded by magnetic tape, disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source, any data or information input into any computer system, contained in any memory system of any computer or contained on computer disk or similar computer data retention device, electronic mail or e-mail, and any other data compilations from which information can be obtained.
Also, "Document" includes the original and every draft or copy, where such draft or copy is not an identical duplicate of the original, or where such draft or copy contains any commentary or notation whatsoever that does not appear on the original.

"Linda L. Green" refers to Ms. Linda L. Green, who is believed to reside at 6200 Wilson Boulevard, Apartment 1117, Falls Church, Virginia 22044, and who is believed to have a Players Choice Card and account with Charles Town Races and Slots.

"Normal Working Hours" is defined as and limited to regular weekdays, excluding weekends and holidays, between the hours of 8:00 a.m. and 6:30 p.m.

"Relevant Time Period" is defined as all Normal Working Hours between May 1, 2004 and August 1, 2006.

**Attachment 1**
**(DOVER DOWNS)**

For the Relevant Time Period, and for the account of Linda L. Green:

All data in any Document only to the extent that such data reflects any Activity by Ms. Linda L. Green at Dover Downs only during the Relevant Time Period.

<u>Definitions</u>:

"Activity" means any presence upon the property of Charles Town Races and Slots (which may be evidenced by video camera records); any purchases at any gift, sundries, concessions, bar, or food point of sale; any transactional activity on Ms. Green's Players Card or in her account; any gaming activity at Charles Town Races and Slots race track(s) or at any of its slot machines.

"Document" "Document" means any written, printed, typed, audio, video, other type of mechanical and electronic recordings, whether recorded by magnetic tape, disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source, any data or information input into any computer system, contained in any memory system of any computer or contained on computer disk or similar computer data retention device, electronic mail or e-mail, and any other data compilations from which information can be obtained.
Also, "Document" includes the original and every draft or copy, where such draft or copy is not an identical duplicate of the original, or where such draft or copy contains any commentary or notation whatsoever that does not appear on the original.

"Linda L. Green" refers to Ms. Linda L. Green, who is believed to reside at 6200 Wilson Boulevard, Apartment 1117, Falls Church, Virginia 22044, and who is believed to have a Capital Club Card and account with Charles Town Races and Slots.

"Normal Working Hours" is defined as and limited to regular weekdays, excluding weekends and holidays, between the hours of 8:00 a.m. and 6:30 p.m.

"Relevant Time Period" is defined as all Normal Working Hours between May 1, 2004 and August 1, 2006.

**Attachment 1**
**(SPRINT COMMUNICATIONS)**

For the Relevant Time Period, all data in any Document such as invoices, monthly bills or statements, only to the extent that such data reflects incoming calls and outgoing calls during Normal Working Hours that were: a.) received by Linda L. Green's Phone or b.) placed by Linda L. Green's Phone, while Linda L. Green's Phone was at a location outside of the Washington, D.C. Metro Area.

Definitions:

"Linda L. Green" is refers to Ms. Linda L. Green, who is believed to reside at 6200 Wilson Boulevard, Apartment 1117, Falls Church, Virginia 22044, and who is believed to have, or to have had, an account with Sprint for the phone umber (703) 200-7884.

"Linda L. Green's Phone" is defined as the phone that Sprint had, during the Relevant Time Period, assigned the number (703) 200-7884.

"Normal Working Hours" is defined as and limited to regular weekdays, excluding weekends and holidays, between the hours of 8:00 a.m. and 6:30 p.m.

"Relevant Time Period" is defined as all Normal Working Hours between May 1, 2004 and August 1, 2006.

"Washington, D.C. Metro Area" is defined as the political districts: of the District of Columbia, the Maryland counties of Montgomery County, Prince Georges County, and Howard County and all cities and townships wholly located within their borders; and the Virginia jurisdictions of Arlington County, City of Alexandria, Fairfax County, City of Falls Church, Loudon County, City of Fairfax, and the Town of Vienna, and all cities and townships within their borders.

**Attachment 1**
**(STRATEGIC FEDERAL CREDIT UNION)**

For the Relevant Time Period, and for any account of Linda L. Green with Strategic FCU:

1.   data, as limited below, in any balance statement;
2.   data, as limited below, in any Document regarding any ATM withdrawal; and
3.   data, as limited below, in any Document regarding any checks drafted by Ms. Linda L. Green;

only to the extent that such data reflect any withdrawal, draft of any check, any point of sale purchase, any credit card purchase, any check card or debit card purchase, or ATM withdrawal, at a site outside of the Washington, D.C. Metro Area during Normal Working Hours.

Definitions:

"Document" "Document" means any written, printed, typed, audio, video, other type of mechanical and electronic recordings, whether recorded by magnetic tape, disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source, any data or information input into any computer system, contained in any memory system of any computer or contained on computer disk or similar computer data retention device, electronic mail or e-mail, and any other data compilations from which information can be obtained.  Also, "Document" includes the original and every copy, where such draft or copy is not an identical duplicate of the original.

"Linda L. Green" refers to Ms. Linda L. Green, who is believed to reside at 6200 Wilson Boulevard, Apartment 1117, Falls Church, Virginia 22044, and who is believed to have an account with Strategic FCU with an account number 54206, transit ABA number 256078556.

"Normal Working Hours" is defined as and limited to regular weekdays, excluding weekends and holidays, between the hours of 8:00 a.m. and 6:30 p.m.

"Relevant Time Period" is defined as all Normal Working Hours between May 1, 2004 and August 1, 2006.

"Washington, D.C. Metro Area" is defined as the political districts: of the District of Columbia, the Maryland counties of Montgomery County, Prince Georges County, and Howard County and all cities and townships wholly located within their borders; and the Virginia jurisdictions of Arlington County, City of Alexandria, Fairfax County, City of Falls Church, Loudon County, City of Fairfax, and the Town of Vienna, and all cities and townships within their borders.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.: 1:07-cv-00298-EGS-AK |
| | ) | |
| INTERSOLUTIONS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## (PROPOSED) ORDER

It is hereby **ORDERED** this _____ day of _____, 2007, that Defendants' Motion for Leave to Re-Issue Subpoenas is **GRANTED**.  Defendants may re-issue subpoenas to Strategic Federal Credit Union, Charles Town Races and Slots, Dover Downs, and Sprint Communications.

**SO ORDERED.**

_____
Date

_____
Judge Emmet G. Sullivan