**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO: 1:07CV00298-EGS |
| ) | Status Conference: Feb. 6, 2008 |
| ) | Judge Emmet G. Sullivan |
| ) | Magistrate Judge Alan Kay |
| ) | |
| INTERSOLUTIONS, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO EXTEND DISCOVERY DEADLINE

Plaintiff Linda Green ("Plaintiff"), through her undersigned Counsel, hereby moves this Court to extend the discovery deadline by seven weeks until March 21, 2007.

The grounds for this Motion are set forth in the accompanying Memorandum of Law.

Plaintiff's counsel conferred with Defendants' counsel regarding the content of this Motion, and Defendants' counsel indicated that did not consent to this Motion at this time.

Respectfully submitted this 21st day of December, 2007.

                                                /s/ Lori B. Kisch

                                      Timothy B. Fleming (DC Bar No. 351114)
                                      Lori B. Kisch (DC Bar No. 491282)
                                      Wiggins, Childs, Quinn & Pantazis, PLLC
                                      2031 Florida Ave. NW Suite 300
                                      Washington, D.C. 20009
                                      (202) 467-4123

                                        Susan E. Huhta (DC Bar No. 453478)
                                        Katherine Gillespie (DC Bar No. 480013)

       Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO: 1:07CV00298-EGS |
| ) | Status Conference: Feb. 6, 2008 |
| ) | Judge Emmet G. Sullivan |
| ) | Magistrate Judge Alan Kay |
| INTERSOLUTIONS, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER**
**MOTION TO EXTEND DISCOVERY DEADLINE**

Plaintiff Linda Green ("Plaintiff"), through her undersigned Counsel, hereby moves this Court to extend the discovery deadline.

**I.   SUMMARY**

Plaintiff seeks this extension of discovery because her ability to conduct and complete discovery is dependent on several matters currently pending before the Court, including Plaintiff's Motion to Dismiss [Dkt. 26] and Plaintiff's Motion to Compel [Dkt. 45]. The resolution of these Motions will not likely occur sufficiently in advance of the January 31, 2008 discovery deadline to allow the parties to complete discovery by that time.

**II.   BACKGROUND**

Plaintiff Linda Green is a former employee of Defendant InterSolutions, Inc., which provides temporary staffing to residential and commercial properties. Dkt. 8, Amended Complaint at 3, 5, ¶¶ 6, 16. This staffing includes, *inter alia*, front desk and concierge personnel.

1

*Id*. at 5, ¶ 16.  Defendant InterSolutions is co-owned by Defendants Drew Golin and Sarah Walder.  *Id.* at 3, ¶ 10.  Plaintiff was hired by InterSolutions in December 2003, and she managed InterSolutions' Front Desk/Concierge Department from approximately May 2004 until her unlawful termination on or around August 1, 2006.  *Id*. at 5, 7, 13, ¶¶ 19, 33, 71.

On February 9, 2007, Plaintiff filed a Complaint alleging violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") (Counts I & II), the federal Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA") (Count III), the District of Columbia Wage and Hour Law, D.C. CODE § 32-1001, *et seq*. ("DCWHL") (Counts IV & V), the District of Columbia Family and Medical Leave Act, D.C. CODE § 32-501, *et seq*. ("DCFMLA") (Count VI), the District of Columbia Human Rights Act, D.C. CODE § 2-1402.01, *et seq*. ("DCHRA") (Count VII), and breach of an employment contract in violation of District of Columbia common law (Count VIII).  Dkt. 1.  Plaintiff filed an Amended Complaint on March 20, 2007.  Dkt. 8.

On June 19, 2007, Defendants filed an Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Counterclaims.  Dkt. 16.  In their Counterclaims, Defendants allege Plaintiff violated the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, *et seq*. ("ECPA") and the D.C. Uniform Trade Secrets Act, D.C. Code § 36-401 *et seq*. ("DCUTSA"), committed trespass to personal property and defamation, breached a fiduciary duty to InterSolutions, and breached a contract with InterSolutions.  On July 26, 2007, Defendants filed an Amended Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Amended Counterclaims ("Am. Countcl.").  Dkt. 22.  In addition to their previously pled counterclaims, Defendants raised an additional counterclaim alleging a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* ("CFAA").  Plaintiff moved to dismiss Defendants'

2

amended ECPA counterclaim and its CFAA claim on August 20, 2007, Dkt. 26, and that motion is currently pending before the Court.

On July 10, 2007, the Court issued a Scheduling Order, setting the deadline for completing fact and expert discovery for January 31, 2008. Dkt. 19.

On July 31, 2007, Plaintiff served upon Defendants her first set of interrogatories and document requests. *See* Plaintiff's Motion to Compel, Dkt. 45, at 4 (and exhibits attached thereto). On September 4, 2007, Defendants served their Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents. *Id.* at 4. Therein, Defendants lodged objections to each of the discovery requests, and refused entirely to provide answers and/or documents responsive to several requests on the basis of these objections. *See id.*

Plaintiff sent Defendants a letter on September 21, 2007, outlining the various deficiencies in their discovery responses. *See id.* at 5. Upon receiving Defendants' response of October 17, 2007, it was clear that no resolution of the dispute was possible. *See id*. at 5-6. Counsel for both parties participated in a conference call with the The Honorable Judge Alan Kay on October 30, 2007, and Plaintiff subsequently filed her Motion to Compel on November 14, 2007. Dkt. 42.[1] Because Defendants refused to fully respond, or to respond at all, to nearly all of Plaintiff's twenty-seven interrogatories and twenty-three requests for production of documents, Plaintiff's Motion to Compel was extensive. *See id.* The briefing regarding the Motion to Compel will be completed on December 21, 2007.

---

[1] Because Plaintiff simultaneously filed a motion for a page extension, Dkt. 41, to which Defendants refused to consent, the Motion to Compel was re-filed on November 29, 2007 [Dkt. 45], the day after the Court granted Plaintiff's motion for a page extension. *See* Minute Order, Nov. 28, 2007.

3

## II.     ARGUMENT

The current deadline for completing fact and expert discovery is January 31, 2008. Scheduling Order, Dkt. 19. There are several pending matters concerning discovery and discovery disputes which render the January 31 deadline untenable.

### A.     Depositions and Plaintiff's Motion to Compel

Importantly, all parties have extensive discovery to undertake. While both parties have conducted substantial written discovery (Plaintiff has served twenty-seven interrogatories and sixty-nine document requests; Defendants have served eighteen interrogatories, forty-eight document requests, and eighty-four requests for admission), to date, Defendants have taken only one deposition and Plaintiff has not taken any. While Plaintiff wished to proceed with her depositions months ago, her ability to do so has been continuously frustrated by Defendants' refusal to produce documents and information responsive to Plaintiff's discovery requests.

Despite Plaintiff's request for plainly relevant documents related to Plaintiff's eight claims for relief and Defendants' seven counterclaims, Defendants, over four months after Plaintiff propounded her discovery requests, continue to refuse to provide Plaintiff with even the most basic responsive information. For example, Defendants refused completely to answer Plaintiff's Interrogatory Nos. 19-25, which, *inter alia*, ask Defendants to articulate the factual bases for their Electronic Communications Privacy Act, misappropriation of trade secrets, breach of fiduciary duty, breach of contract, trespass to personal property, and Computer Fraud and Abuse Act counterclaims. *See* Plaintiff's Motion to Compel, Dkt. 45, at 37-44. In addition, in response to Plaintiff's first thirty-eight requests for production, Defendants have produced only 307 pages of documents, which comprise, in total, only five types of records: (1) employee manual and policies; (2) documents from the personnel file of Plaintiff; (3) documents from the

4

personnel file of one other employee; (4) selective printouts from a computer database tracking placement of temporary employees; and (5) the confidentiality agreements signed by Plaintiff. *See id.* at 60-61.

Plaintiff's ability to proceed with her depositions has been stalled pending resolution of her Motion to Compel. Without these essential documents, Plaintiff is unable to fully prepare for or take the depositions of witnesses with knowledge of Plaintiff's claims, Defendants' defenses thereto, and Defendants' counterclaims. Defendants, too, are affected by the pending Motion to Compel: the Court has ruled that Plaintiff's deposition may not be taken by Defendants until the Court resolves Plaintiff's Motion to Compel [Dkt. 45]. Minute Order, Dec. 7, 2007.

In addition, if the parties are unable to resolve their differences related to Plaintiff's Second Request for Production of Documents, Plaintiff anticipates filing another motion to compel relating to those document requests.

### B. Expert Deadlines

Notwithstanding the Court's July 10, 2007 Scheduling Order [Dkt. 19], the Court has altered several expert-related deadlines. The Court has extended Plaintiff's deadline for identifying experts and rebuttal experts and serving the related reports pertaining to Defendants' Computer Fraud and Abuse Act and Electronic Communications Privacy Act counterclaims until the Court resolves Plaintiff's pending Motion to Dismiss those counterclaims. *See* Minute Order, Oct.19, 2007; Order, Nov. 28, 2007, Dkt. 44, at 2. The deadlines currently set for Plaintiff to name her rebuttal experts and to serve rebuttal expert reports regarding all of Defendants' other counterclaims are December 28, 2007, and January 14, 2008, respectively. Order, Nov. 28, 2007, Dkt. 44, at 2. However, Defendants moved, on December 4, 2007, to extend the deadline for serving their expert reports until ten days after receipt of Plaintiff's

5

deposition transcript [Dkt. 46], and Plaintiff will also shortly move to extend her rebuttal expert identification and report due dates accordingly. These motions are currently pending, or will be shortly pending, before the Court, and briefing on Defendants' Motion to Extend Expert Deadlines is scheduled to be completed as of December 26, 2007.

Therefore, service of Defendants' expert reports and Plaintiff's expert rebuttal reports (for all claims other than Defendants' CFAA counterclaim) is on hold pending the Court's resolution of Defendants' Motion to Extend [Dkt. 46]. Should the Court grant Defendants' Motion to Extend, then the expert reports would be further delayed pending the taking of Plaintiff's deposition and the delivery of the transcript thereof. It is nearly impossible to complete all of this discovery prior to the January 31, 2008 discovery deadline.

### C.   All Parties Will Benefit From the Extension

Plaintiff seeks an extension of discovery in this case so that she may fully develop the evidence needed to prove her claims and defend against Defendants' counterclaims. The request for an extension is not due to any lack of diligence on Plaintiff's part. Rather, it is, in large part, attributable to the Defendants' failure to comply with their discovery deadlines and the Motions related thereto pending before the Court.

The Court has not previously extended the fact discovery deadline, and Defendants will suffer no prejudice from the extension. Rather, Defendants will also benefit from the extra time an extension will afford them time to develop evidence in support of their counterclaims.

If no extension is granted, Plaintiff will suffer prejudice in that she will likely be forced to proceed with taking depositions without having significant information or documents related to her claims and Defendants' counterclaims. In addition, she will be forced to proceed with discovery related to Defendants' ECPA and CFAA Counterclaims, potentially wasting valuable

time and resources, as those claims are subject to possible dismissal upon the Court's resolution of her pending Motion to Dismiss [Dkt. 26].

In short, Plaintiff's ability to efficiently and effectively proceed with discovery is dependent on several matters pending before the Court, the resolution of which is not likely to take place sufficiently in advance of the current January 31, 2008 discovery deadline to remedy the issues they pose.  Thus, in summary, there are at least five current discovery issues that warrant an extension of the discovery deadline: (1) Plaintiff's need to proceed with discovery on Defendants' ECPA and CFAA counterclaims is dependent upon the Court's resolution of her pending Motion to Dismiss those counterclaims [Dkt. 26]; (2) Plaintiff's ability to proceed with any of her depositions is impeded by Defendants' failure to produce scores of documents and information responsive to her discovery requests, subject of her pending Motion to Compel [Dkt. 45], which will not be fully briefed until December 21, 2007; (3) the deadlines for expert reports relating to Defendants' ECPA and CFAA counterclaims have already been extended, such that expert reports, including rebuttal and reply reports, are not likely to be completed prior to the January 31, 2007 deadline [Dkt. 44; Minute Order, Oct. 19, 2007]; (4) the deadlines for expert reports related to Defendants' other counterclaims are currently subject to Defendants' pending Motion to Extend [Dkt. 46];  and (5) because the Court [Minute Order, Dec. 7, 2007] has linked the taking of Plaintiff's deposition to the resolution of Plaintiff's pending Motion to Compel [Dkt. 45], it may be that Plaintiff's deposition is not taken prior to the January 31 deadline, depending on when the Court rules upon that motion.

An extension of seven weeks will allow the Court time to resolve the pending motions and allow the parties sufficient time to expeditiously complete discovery.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion to Extend Discovery Deadline to March 21, 2008.  Plaintiff further requests that the status conference be moved to the week of March 24, 2008.[2]

Respectfully submitted this 21st day of December, 2007.

       /s/ Lori B. Kisch
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. N.W., Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

---

[2] Plaintiff's Counsel Lori Kisch is due to give birth in early to mid-April.  Plaintiff therefore requests that, if the Court's schedule permits, the status conference be held during the week of March 24, 2008, so that she may attend.

## STATEMENT PURSUANT TO LCvR 7.1(m)

I, Lori B. Kisch, Counsel for Plaintiffs conferred with Defendants' counsel via telephone on December 18, 2007, regarding the substance of this Motion.  Defendants' counsel indicated that he did not consent to this Motion at this time.  He indicated that he would prefer to wait until the end of the discovery period to consider whether it is necessary to extend the deadline.

    /s/ Lori B. Kisch
Lori B. Kisch

## CERTIFICATE OF SERVICE

  I hereby certify that on this 21st day of December, 2007, the foregoing Motion to Extend Discovery Deadlines and Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

        By:
         /s/ Lori B. Kisch
        Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                     )
LINDA GREEN,                              )
                                                     )
       Plaintiff,                        )
                                                     )
   v.                                          )   CIVIL NO: 1:07CV00298-EGS
                                                     )   Status Conference: Feb. 6, 2008
                                                     )
INTERSOLUTIONS, INC., ET AL.,      )
                                                     )
       Defendants.                      )
                                                     )
_____)

## **PROPOSED ORDER**

    WHEREAS Plaintiff Linda Green has moved the Court to extend the time for discovery,

    IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED.

    IT IS FURTHER ORDERED that all fact and expert discovery must be completed by

March 21, 2008.  The parties are further ordered to appear for a status conference on March

_____, 2008 at _____a.m./p.m.


Dated: _____                    _____
                                                  The Honorable Emmet G. Sullivan
                                                  United States District Judge