# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,                                     )
                                                 )
                     Plaintiff,                  )
                                                 )
            v.                                    )        Civil No.: 1:07-cv-00298-EGS-AK
                                                 )
INTERSOLUTIONS, INC., *et al.*,                  )
                                                 )
                     Defendants.                 )
_____)

## DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendants InterSolutions, Inc., Drew Golin, and Sara Walder, through their undersigned counsel, hereby move this Court for an order compelling Plaintiff to produce documents responsive to Defendants' First through Sixth Requests for Production of Documents.

Counsel for Defendants state that he has conferred with counsel for Plaintiff in an attempt to secure the requested information without court intervention but has been unsuccessful.

The grounds for this Motion are set forth in more detail in the accompanying Memorandum of Points and Authorities in Support of this Motion.

Dated:  December 21, 2007                  Respectfully submitted,


                                           __/s/_Manesh K. Rath_____
                                           Manesh K. Rath (D.C. Bar No. 457835)
                                           *rath@khlaw.com*

                                           Keller and Heckman LLP
                                           1001 G Street, N.W., Suite 500 West
                                           Washington, D.C.  20001
                                           Tel: (202) 434-4182
                                           Fax: (202) 434-4646

                                           Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.: 1:07-cv-00298-EGS-AK |
| | ) | |
| INTERSOLUTIONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants InterSolutions, Inc., Drew Golin, and Sara Walder, rely upon the following

points and authorities in support of their Motion to Compel Production of Documents ("Motion

to Compel").

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Discovery opened in this case in July 2007.  *See* July 10, 2007, Scheduling Order (No.

19).  The discovery deadline is January 31, 2008.  *Id.*

Between July 27, 2007, and August 22, 2007, Defendants served five requests for

production of Documents.  *See* Defendants' First through Sixth Requests for Production of

Documents, attached hereto as Exhibits A through E.[1]

Between August 29, 2007, and September 24, 2007, Plaintiff served objections and

responses.  *See* Plaintiff's Responses to Defendants' First through Sixth Requests for Production

of Documents, attached hereto as Exhibits F through J.  Plaintiff's responses asserted conclusory

objections with no factual support; asserted unspecified privileges; and broadly refused to

---

[1]    Due to a numbering error, the five requests for production of documents at issue in this motion to compel
are numbered 1, 2, 4, 5, and 6.  This causes no confusion, however, since both parties throughout have been aware
of the problem and have properly referenced the relevant request for production of documents.

produce documents responsive to many of Defendants' requests despite the fact that each of Defendants' requests sought a core of relevant, unobjectionable documents. The few documents Plaintiff produced were not identified to correspond with the request to which they are responsive as required by the Federal Rules of Civil Procedure. Plaintiff's wholesale violation of the rules at nearly every turn has made it exceedingly difficult, and at times impossible, for Defendants to determine whether Plaintiff has complied with Defendants' requests.

On October 17, 2007, Defendants wrote Plaintiff requesting that Plaintiff reconsider her objections and produce responsive documents. Exhibit K. Plaintiff responded on November 6, 2007. Exhibit L. In her response, Plaintiff maintained her objections to several requests and continued to withhold documents. For other requests, Plaintiff indicated that she would produce responsive documents shortly. For still others, Plaintiff indicated that she would now request responsive documents from the relevant record holder and produce them when, and if, she received them. Over six weeks later, Plaintiff has produced very few if any of the documents she stated she would.

On December 18, 2007, counsel for the Parties convened by telephone to discuss several outstanding discovery issues, including when Plaintiff would produce outstanding responsive documents. Counsel for Plaintiff stated that she has produced all responsive documents that she intends to produce except for some that have been withheld due to the lack of a protective order.

Based on Plaintiff's substantively deficient responses to Defendants requests for production of documents, the gross procedural violations incurred in making those responses, and counsel for Plaintiff's representations that no documents are forthcoming, Defendants have no option but to file this Motion to Compel.

## II.    DEFENDANTS' GENERAL OBJECTIONS TO PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST THROUGH SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS

The following points represent overarching deficiencies in Plaintiff's objections and responses to Defendants' First through Sixth Requests for Production of Documents. These deficiencies are present in nearly every one of Plaintiff's objections or responses. To aid the Court's resolution of these issues, Defendants set them out here as broad categories.

### A.    Plaintiff's Conclusory and Boilerplate Objections Are Insufficient

The party responding to discovery requests bears the burden to show facts justifying each objection. *Creighton Saint Joseph Regional Healthcare, LLC v. Lakeland Engineering Equipment Co.*, Case No. 8:07CV113, 2007 WL 4052064, at *2 (D. Neb. Nov. 13, 2007). "Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production." *Fleet Systems, Inc. v. Federal Coach, LLC*, Case No. 8:07CV08, 2007 WL 2264618, at * 4 (D. Neb. Aug. 6, 2007); *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996).

Plaintiff has not carried her burden. Nearly every objection or response by Plaintiff to a request for production of documents contains a laundry list of conclusory and boilerplate objections. For instance, in response to Defendants' request for documents regarding Plaintiff's income, Plaintiff objected based on a privilege. Exhibit G at 5, Plaintiff's Response to Request No. 8 of Defendants' Second Request for Production of Documents. Nowhere in her objection or response, however, did Plaintiff identify the specific privilege or any facts to support her assertion that requested documents contain privileged information. *Id.* Plaintiff also has objected to certain requests "invade the privacy interest" of Plaintiff. *E.g.*, Exhibit G at 4, Plaintiff's Responses to Request Nos. 3 and 4 of Defendants' Second Request for Production of

Documents.  Plaintiff cites no authority for such an objection, and Defendants are aware of none.

The balance of Plaintiff's objections contains assertions that the requested information is:  overly

broad, not reasonably calculated to lead to admissible evidence, and vague and ambiguous.  *E.g.*,

Exhibit G at 5, Plaintiff's Response to Request No. 6 of Defendants' Second Request for

Production of Documents; Exhibit H at 4, Plaintiff's Response to Request No. 2 of Defendants'

Fourth Request for Production of Documents.  Plaintiff's objections do not allow for meaningful

evaluation by either Defendants or the Court.  *Harding v. Dana Transp., Inc.*, 914 F.Supp. 1084,

1102 (D.N.J. 1996) ("[I]t is the obligation of the objecting party to object with particularity so

that the court can ascertain the objectionable character of the discovery request.  Failure to meet

this obligation may result in waiver of the objections.").  Therefore, Plaintiff's objections are

ineffective, and Plaintiff should be ordered to produce responsive documents.

**B.**    **Plaintiff Has Not Satisfied Her Burden of Producing Unobjectionable**
         **Documents**

Federal Rule of Civil Procedure 34(b) states:  "If objection is made to part of an item or

category, the part shall be specified and inspection permitted of the remaining parts."  According

to the comments to the Rule, the 1993 Amendments to Rule 34(b) "make clear that, if a request

for production is objectionable only in part, production shall be afforded with respect to the

unobjectionable portions."  Fed. R. Civ. P. 34(b), cmt. to 1993 Amendments.  *See also*  7-34

*Moore's Federal Practice - Civil*, § 34.13 (3d ed. 2007).  Plaintiff has not done this.  Instead,

Plaintiff has interposed the conclusory boilerplate objections discussed above and refused to

produce anything, despite Plaintiff's own acknowledgement that the request captures

discoverable documents to which Plaintiff has no objection.  Exhibit I at 4-5, Plaintiff's

Responses to Request Nos. 6 and 7 of Defendants' Fifth Request for Production of Documents;

Exhibit J at 4, Plaintiff's Responses to Request Nos. 2 and 3 of Defendants' Sixth Request for

Production of Documents.  Plaintiff apparently believes that so long as she has an objection to at least one responsive document, she need not produce any responsive documents.  The Court should not tolerate Plaintiff's obfuscatory behavior, which is in large part the reason Defendants have been forced to file this Motion to Compel.

### C.    Plaintiff Has Not Satisfied Her Burden of Labeling Her Document Productions to Correspond with the Categories in the Request

Federal Rule of Civil Procedure 34(b)(i) requires that "a party who produces documents for inspection shall produce them as they are kept in the ordinary course of business or shall organize and label them to correspond with the categories in the request."  "Plaintiff is not a business.  Therefore, she must organize and label them to correspond with the categories in the request."  *Martin v. Berkeley County Comm'n*, Case No. 3:06CV142, 2007 WL 3046205, at * 1 1 (N.D.W.V. Oct. 18, 2007).  Plaintiff has not done this.

Plaintiff has produced documents in small batches over the past several months.  These documents were produced with no indication of the request or requests to which they were responsive.  For several months, Plaintiff has assured Defendants she would supplement her responses to identify which documents are responsive to which requests.  To date, Plaintiff has not done so.  Most recently, on the parties' December 18, 2007, teleconference, Plaintiff told Defendants she would make the supplementation "after the holidays"—four months after serving responses to Defendants' requests for production of documents and less than one month before the close of discovery.  Plaintiff's failure to organize and label her documents to correspond with the categories in the request has made it exceedingly difficult for Defendants to determine whether Plaintiff has adequately responded to any of Defendants' requests.  With the discovery cutoff rapidly approaching in this case, Defendants can wait no longer for a supplement by Plaintiff that appears not to be forthcoming.  The Court therefore should order Plaintiff to

immediately supplement her responses to identify the documents that are responsive to each of Defendants' document requests.

### D.    Plaintiff's "Vague and Ambiguous" Objections are Insufficient

Plaintiff has objected that several of Defendants' documents requests are "vague and ambiguous."  *E.g.*, Exhibit G at 5, Plaintiff's Response to Request No. 6 of Defendants' Second Request for Production of Documents; Exhibit F at 4, Plaintiff's Response to Request No. 2 of Defendants' First Request for Production of Documents.  The standard for determining whether a document request is vague or ambiguous "is whether a reasonable person would know what documents or things are called for in the request."  7-34 *Moore's Federal Practice - Civil*, § 34.11 (3d ed. 2007); *Mallinckrodt Chem. Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348 (S.D.N.Y. 1973).  Defendants' requests all meet this standard.  Plaintiff acknowledges this as well.  In her November 9 letter in response to Defendants' October 17 letter asking Plaintiff to reconsider her objections, Plaintiff stated, with regard to Request No. 6 of Defendants' Second Request for Production of Document:  "Plaintiff maintains her objections.  This request is so broad that it *could* include all daily correspondence between Plaintiff and her current employer." Exhibit L at 2 (emphasis added).  Plaintiff's use of the word "could" indicates she knows that this is not a reasonable interpretation of Defendants' request and not what the request intended to cover.  But Plaintiff may not withhold documents based on objections about what a request "could" cover at its outer limits; Plaintiff must produce documents that she reasonably believes to be responsive.  The Court should reject Plaintiff's "vague and ambiguous" objections.

### E.    Plaintiff Has Not Provided Defendants a Privilege Log Despite Objecting to Many of Defendants' Document Requests on the Basis of A Privilege

Federal Rule of Civil Procedure 26(b)(5)(A) requires that "[w]hen a party withhold information otherwise discoverable under these rules by claiming that it is privileged . . . the

party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected , will enable other parties to assess the applicability of the privilege or protection." Plaintiff has not done this. Plaintiff responded or objected to at least seven of Defendants' requests for production of documents on privilege grounds. Exhibit G at 4-5, Plaintiff's Responses to Request Nos. 5 and 6 of Defendants' Second Request for Production of Documents; Exhibit I at 4-5, Plaintiff's Responses to Request Nos. 3, 4, 5, and 8 of Defendants' Fifth Request for Production of Documents; Exhibit F at 4, Plaintiff's Response to Request No. 2 of Defendants' First Request for Production of Documents;

As with every other objection interposed by Plaintiff, she neither specified the privilege nor provided any facts in support of her privilege assertion. Despite asserting privileges in response to these requests for production of documents, Plaintiff has provided nothing to Defendants indicating what documents have been withheld and what privilege has been asserted. Plaintiff has inappropriately withheld this information from Defendants thereby necessitating this Motion to Compel. The Court should order Plaintiff to comply with Rule 26 and provide Defendants a privilege log.

## II.     DEFENDANTS' SPECIFIC OBJECTIONS TO PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST THROUGH SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS

In addition to the general deficiencies described in Part II, above, Defendants have specific objections with regard to each of the following objections and responses by Plaintiff.

### A.     In Response to Several Requests for Production of Documents, Plaintiff Stated That She Would Produce Documents But Has Not Done So

Plaintiff stated in her response to each of the following requests for production of documents that she would produce responsive documents. To date, Defendants have received no

documents responsive to the requests.  Additionally, on December 18, 2007, Plaintiff informed

Defendants that she has produced all documents she intends to produce except for some that she

is withholding until entry of a protective order.  The Court should order Plaintiff to produce

responsive documents.

*Request No. 2 of Defendants' First Request for Production of Documents*  *All documents concerning any claims of any kind that you have asserted, or contemplated asserting against any past or present employer, including, but not limited to, agency charges, complaints, lawsuits, demands, claims, appeals, and other court papers.*

*Objection*:  Plaintiff objects to this request to the extent that it is vague and overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

*Answer*:  Subject to Plaintiff's objection, Plaintiff will produce non-privileged documents related to the claims she has asserted against the Defendants in this action.

*Request No. 5 of Defendants' Second Request for Production of Documents*  *All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2006.*

*Objection*:  Plaintiff objects to the extent that request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

*Response*:  Plaintiff will produce all non-privileged documents responsive to this request.

In Interrogatory No. 3 of Defendants' First Set of Interrogatories, attached hereto as

Exhibit M, Defendants asked Plaintiff to identify each potential employer to which Plaintiff

applied for employment since leaving InterSolutions.  In her response to Interrogatory No. 3,

Plaintiff identified 25 employers to whom she applied for work.  Exhibit N at 4.  Plaintiff,

however, has produced no documents responsive to this request.  Defendants terminated Plaintiff

in 2006.  Defendants would expect at least some cover letters and resumes to have been sent by

Plaintiff to some of these 24 employers in 2006.

In response to Request No. 6 of Defendants' Second Request for Production of Documents, which requested correspondence between Plaintiff and potential employers in 2007, Plaintiff produced email receipts of her applications to only eight of the 24 employers identified in response to Interrogatory No. 3 of Defendants' First Set of Interrogatories. This leaves 16 employers unaccounted for. The Court should order Plaintiff to produce all responsive documents.

**B.      Plaintiff Has Not Adequately Responded to Document Requests Served In Relation to the Subpoenas Quashed by the Court in August 2007**

Defendants initially sought information contained in the following requests for production of documents through a subpoena to the record holder. Plaintiff sought and obtained an order quashing the subpoena. *See* Aug. 29, 2007, Order (No. 28). The Court ordered that Defendants should seek this information from Plaintiff and, if unsuccessful, seek leave of Court to re-issue the subpoena. *Id.* For the past four months, Defendants have made a good-faith effort to obtain responsive documents from Plaintiff but have been unable to do so. Consequently, on December 19, 2007, Defendants moved the Court for leave to re-issue the quashed subpoenas (No. 53). That motion, however, does not absolve Plaintiff of her responsibility to produce documents responsive to this request. The Court should order Plaintiff to do so.

The objections that Plaintiff has raised to this discovery are absurd. In its August 29, 2007, Order, the Court noted that each of the following requests sought a core of relevant and discoverable information. The Court went so far as to specify what that information was. *See* Aug. 29, 2007, Order. Plaintiff is required to produce such responsive material even if other requested material may be objectionable. *See* Section II.B., above. Yet, Plaintiff objected that these requests are "overly broad," "not reasonably calculated to lead to the discovery of admissible evidence," and that they "invade[] the privacy of Plaintiff with regard to her financial

dealings unrelated to the claims and defenses in this case." Plaintiff plainly thumbed her nose at the Court's order and has thereby cost Defendants considerable time and money trying to obtain this information.

*Request No. 6 of Defendants' Fifth Request for Production of Documents* *All bills, statements and records chronicling incoming and outgoing calls placed or received by the Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, indicating the geographic location where each call was placed and received.*

Objection: Plaintiff objects to this request because it is overly broad and invades the privacy of both Plaintiff and third-parties. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited.

*Request No. 7 of Defendants' Fifth Request for Production of Documents* *All monthly statements of account, balance statements, and all other documents detailing your account with Strategic Federal Credit Union between December 1, 2003, and December 1, 2006.*

Objection: Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

*Request No. 9 of Defendants' Fifth Request for Production of Documents* *All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Capital Club Card and corresponding Capital Club Account with Dover Downs.*

Objection: Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited.

*Request No. 10 of Defendants' Fifth Request for Production of Documents* *All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots.*

Objection: Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited.

The Court should order Plaintiff to fully respond to each of these requests.

C.    **Plaintiff Has Not Adequately Responded to Document Requests for Plaintiff's Medical Records**

The following three requests for production of documents seek Plaintiff's medical records. In the Court's August 29, 2007, Order on Plaintiff's Motion to Quash Subpoenas, the Court held that Plaintiff had put her medical condition at issue by raising a Family and Medical Leave Act claim and that Defendants were entitled to Plaintiff's medical records. Aug. 29, 2007, Order at 1. In her objections to each of the following requests, which she served three weeks *after* the Court's order, Plaintiff indicated she would produce "all non-privileged documents in her possession after a protective order is entered in this case." As discussed above, Plaintiff did not specify the privilege to which she referred in her objection. If the privilege to which Plaintiff refers is the physician-patient privilege, the Court has already held that Plaintiff waived it by raising a Family Medical Leave Act claim.[2] The Court should order Plaintiff to produce *all* responsive documents once the protective order is entered. If Plaintiff seeks to withhold responsive documents based on an asserted privilege, Plaintiff must specify the documents withheld and the privilege asserted. *See* Section II.E., above.

Request No. 3 of Defendants' Fifth Request for Production of Documents  *For Dr. Bruce Lundeen, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006.*

Objection:  Plaintiff will produce all non-privileged documents in her possession which are responsive to this request after a protective order is entered in this case.

---

[2]    In Virginia, the State in which Plaintiff consulted doctors, the physician-patient privilege as it relates to the production of medical records, controls only the physician not the patient. Virginia Code 8.01-399, which codifies Virginia's physician-patient privilege, provides: "Neither a lawyer nor anyone acting on the lawyer's behalf shall obtain, in connection with pending or threatened litigation, information concerning a patient from a practitioner of any branch of the healing arts without the consent of the patient." Thus, in response to Defendants' request to Plaintiff for her medical records, Plaintiff has no privilege to raise. Further, although the Court never specifically held that Plaintiff had waived the physician-patient privilege, that finding was clearly necessary to the Court's decision to uphold the validity of Defendants' subpoenas to Plaintiff's doctors.

<u>Request No. 4 of Defendants' Fifth Request for Production of Documents</u>  *For Dr. David A. Schreiner, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006.*

    *Objection*:  Plaintiff will produce all non-privileged documents in her possession which are responsive to this request after a protective order is entered in this case.

<u>Request No. 5 of Defendants' Fifth Request for Production of Documents</u>  *For Dr. Robert C. Wagner, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006.*

    *Objection*:  Plaintiff will produce all non-privileged documents in her possession which are responsive to this request after a protective order is entered in this case.

**D.**    **Miscellaneous**

<u>Request No. 6 of Defendants' Second Request for Production of Documents</u>  *All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2007.*

    *Objection*:  Plaintiff objects to the extent that request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

    *Response*:  Plaintiff will produce all non-privileged documents responsive to this request.

Plaintiff has withheld responsive documents.  In Interrogatory No. 3 of Defendants' First Set of Interrogatories, Defendants asked Plaintiff to identify each potential employer to which Plaintiff applied for employment since leaving InterSolutions.  Exhibit M at 5.  In her response to Interrogatory No. 3, Plaintiff identified 24 employers.  Exhibit N at 4.  In response to this request for production of documents, Plaintiff produced email receipts of her applications to only eight of the 24 employers identified in response to Interrogatory No. 3.  In her November 6 letter to Defendants, Plaintiff stated that she would produce responsive documents "shortly."  Exhibit L at 2.  Over six weeks later, Defendants have received no additional documents.  Obviously, Plaintiff's production is incomplete.  The dates on which Plaintiff applied for work after her

13

termination by InterSolutions is a key component to assessing Plaintiff's damages. The Court

should order Plaintiff to produce *all* responsive documents.

> Request No. 2 of Defendants' Fourth Request for Production of Documents  *All records or correspondence relating to any insurance provider's payment, non-payment, or other involvement in any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering, associated with any facts alleged in Plaintiff's Amended Complaint.*

> > *Objection*:  Plaintiff objects to this Request to the extent that it is vague and ambiguous.  Plaintiff further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Based on the foregoing objections, Plaintiff objects to producing documents responsive to this request.

Plaintiff stated in her November 9 letter that she "is requesting information responsive to

this request from her insurance providers and will produce the responsive information subject to

the protective order approved by Judge Kay." Exhibit L at 3.  Defendants do not dispute at this

time whether the documents are properly protectable under the protective order.  Defendants,

however, take issue with the scope and magnitude of Plaintiff's initial objections and of the

nested qualifications contained in Plaintiff's November 9 letter.

Plaintiff took the position in her response that the request is vague and not reasonably

calculated to lead to discoverable evidence and she refused to produce any documents.  In her

November 9 letter, Plaintiff stated that she "is requesting" this information.  The process of

requesting responsive documents is a discrete act:  Plaintiff either has or has not requested the

records.  In any case, Plaintiff should have "explanation of benefits" statements in her

possession, which insurance companies send to the insured as a matter of standard procedure.

Plaintiff's cautious and evasive responses to this request suggest that even after entry of a

protective order, Defendants may not receive any or all documents.  Given the imminent close of

discovery, Defendants cannot afford to wait until the protective order is entered to see whether

Plaintiff will in fact produce anything responsive to this request.  The Court should order

Plaintiff to produce all responsive documents.

> Request No. 1 of Defendants' Fifth Request for Production of Documents  *All traditional land-line telephone bills received by you for your personal telephone lines between January 1, 2005, and August 1, 2006.*

> > *Objection*:  Plaintiff objects to this request because it is overly broad  and invades the privacy of both Plaintiff and third parties.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

Plaintiff cites the Court's August 29, 2007, order as evidence that this request is

overbroad.  This request, however, was not subject to the Court's order and therefore is not

controlled by it.  The records sought through this request are discoverable.  Defendants

terminated Plaintiff for good cause for, among several other reasons, excessive absences from

the office during work hours.  Plaintiff alleges she regularly worked remotely, but Defendants

have good reason to believe that during regular work hours, Plaintiff frequently tended to

personal matters wholly unrelated to any reason for which Plaintiff would require medical leave.

Plaintiff's phone records would verify that Plaintiff was using her home telephone when she

should have been at InterSolutions' office or visiting client sites.

In their October 17 letter, Defendants narrowed the scope of information sought to

address Plaintiff's overbreadth concerns.  Exhibit K at 9.  Defendants agreed to accept "records

of calls received by Plaintiff's personal home telephone or placed by Plaintiff's personal home

telephone during normal business hours (between 8:00 a.m. and 6:00 p.m.) on non-holiday

weekdays from January 1, 2005, through August 1, 2006."  *Id.*  Plaintiff stated in response that

she "is requesting information responsive to this request" from the phone company and would

produce it with appropriate redactions when she received it.[3]  Exhibit L at 3.  Six weeks later,

Plaintiff has produced no documents responsive to this request.  Furthermore, on the parties'

December 18, 2007, teleconference, Plaintiff indicated that she had produced all documents she

intended to except for some she was withholding until entry of a protective order.  Plaintiff has

not indicated in any objection or correspondence with Defendants that this information was

being withheld until entry of a protective order.  The Court should order Plaintiff to produce

responsive documents.  If Plaintiff

> Request No. 2 of Defendants' Fifth Request for Production of Documents  *All monthly credit card statements for all your credit card accounts between January 1, 2005, and August 1, 2006.*

> *Objection*:  Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

Plaintiff cites the Court's August 29, 2007, order as evidence that this request is

overbroad.  This request, however, was not subject to the Court's order and therefore is not

controlled by it.  The records sought through this request are discoverable.  Defendants

terminated Plaintiff for good cause for, among several other reasons, excessive absences from

the office during work hours.  Plaintiff alleges she regularly worked remotely, but Defendants

have good reason to believe that during regular work hours, Plaintiff frequently tended to

personal matters wholly unrelated to any reason for which Plaintiff would require medical leave.

Plaintiff's credit card statements would verify this belief.

In their October 17 letter, Defendants narrowed the scope of information sought to

assuage Plaintiff's overbreadth concerns.  Exhibit K at 9-10.  Defendants agreed to accept

---

[3]    Defendants do not agree that redactions are appropriate for this information and request that the Court order the records produced in unredacted form.

redacted copies of all of Plaintiff's monthly credit card statements for all of Plaintiff's credit card accounts between January 1, 2005, and August 1, 2006, so long as the statements show every purchase made during regular business hours (8:00 am to 6:00 p.m.) on non-holiday weekdays. *Id.* This request appropriately captures only relevant information. In response, Plaintiff maintained her objections and asserted that "the information sought, if revealed, would constitute a gross invasion of Ms. Green's privacy." Exhibit L at 3. Plaintiff gives no facts to support this objection, and Defendants have no way to assess its legitimacy. *See* Section II.A., above. Nor does Plaintiff cite any authority for her "invasion of privacy" objection. Plaintiff brought this action; she may not now object to having to produce documents because they refer to herself.

Plaintiff clearly is improperly withholding all documents based on objections to producing only some documents. This is patently improper under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(b) and cmt. to 1993 Amendments ("[Rule 34(b)] is modified to make clear that, if a request for production is objectionable only in part, production shall be afforded with respect to the unobjectionable portions."); 7-34 *Moore's Federal Practice - Civil*, § 34.13 (3d ed. 2007). The Court should order Plaintiff to produce documents responsive to the narrowly-tailored request contained in Defendants' October 17 letter.

*Request No. 8 of Defendants' Fifth Request for Production of Documents* *All electronic mail messages sent to or from your America Online email address llgreen311@aol.com between January 1, 2006, and August 1, 2007.*

*Objection*: Plaintiff objects to this request because it is overly broad and seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff objects to the request to the extent it invades the privacy of Plaintiff. Plaintiff further objects to the extent that the request seeks attorney-client privileged documents. Per the Court's Order of August 29, 2007, this request is not appropriately limited.

Plaintiff is improperly withholding all documents based on objections to producing only some documents. This is patently improper under the Federal Rules of Civil Procedure. *See*

Fed. R. Civ. P. 34(b) and cmt. to 1993 Amendments ("[Rule 34(b)] is modified to make clear that, if a request for production is objectionable only in part, production shall be afforded with respect to the unobjectionable portions."); 7-34 *Moore's Federal Practice - Civil*, § 34.13 (3d ed. 2007).  Notwithstanding her failure to comply with Rule 34, Defendants, in their October 17 letter, narrowed the scope of this request to assuage Plaintiff's overbreadth concerns. Defendants agreed to accept copies of all email messages sent to Plaintiff's AOL email address (llgreen311@aol.com) between January 1, 2006, and August 1, 2007, from any email address ending in "intersolutionsinc.com" *and* copies of all email messages sent from Plaintiff's AOL email address (llgreen311@aol.com) between January 1, 2006, and August 1, 2007, that contain, in the text or in an attachment to the email, at least two InterSolutions client or employee names or addresses.  Exhibit K at 12.  In response, Plaintiff agreed to produce responsive documents with several new and inappropriate qualifications.  Exhibit L at 4.  For instance, Plaintiff indicated in her letter that she would not produce any emails sent *to* Plaintiff's AOL address *from* an InterSolutions email address because such emails "should already be in the possession or control of Defendants."  *Id.*  Plaintiff has a duty to produce all responsive documents regardless of whether Defendants already possess some of the documents that fall within the request. *Kindred Rehab Servs. Inc. v. Florida Convalescent Ctrs., Inc*., Case No. 3:06-cv-218-J-33MCR, 2007 WL 1695991, slip op. at * 2 (M.D. Fla. June 11, 2007).  Plaintiff also indicated that she would produce only emails that "relate[] in some way to InterSolutions' business and/or the claims and defenses in this lawsuit."  Exhibit L at 4.  Plaintiff's assertion that she intends to be the judge in her own cause concerns Defendants and suggests that Plaintiff will aggressively construe relevance in her favor.  Finally, Plaintiff said she would not produce any privileged documents.  If Plaintiff is withholding documents based on a privilege, Plaintiff has a duty to

produce a privilege log to Defendants indicating the documents withheld.  *See* Section II.E., above.

To date, Defendants have received no documents responsive to this request.  On December 18, 2007, counsel for Plaintiff informed counsel for Defendants that Plaintiff has produced all documents she intends to produce except for some that she is withholding until entry of a protective order.  Plaintiff never objected to producing these documents until entry of a protective order.  Defendants thus understand Plaintiff as saying that she does not intend to produce responsive documents.  The Court should order Plaintiff to produce all documents responsive to Defendants' narrowly-tailored request contained in their October 17 letter.

Defendants further remind the Court that in its August 29, 2007, Order, the Court specifically held that Defendants were entitled to Plaintiff's emails that contained any of InterSolutions' trade secrets as well as, arguably, "any non-privileged emails related to InterSolutions for the relevant time period."  Aug, 29, 2007, Order at 2.  It is astounding that nearly four months after the Court issue that order, Plaintiff has not even produced this limited universe of emails.

Request No. 2 of Defendants' Sixth Request for Production of Documents  *All records or documents reflecting any deductions you claimed from the U.S. Internal Revenue Service for the tax years 2004, 2005, and 2006.*

> *Objection*:  Plaintiff objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request because it invades the privacy of Plaintiff.

Plaintiff's objections are not well taken.  Plaintiff has not explained with any specificity the bases of her objections as required by the Federal Rules of Civil Procedure.  *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).  Moreover, Defendants are unaware of any authority supporting an objection based on "invasion of privacy," and Plaintiff has cited none.  Plaintiff brought this action; she may not now object to having to produce documents because

they refer to herself.  Additionally, in response to other document requests, Plaintiff has agreed

to produce all W-2s from sources other than InterSolutions, which calls into question the

sincerity of Plaintiff's privacy objections to this request.  *See* Exhibit G at 4,  Plaintiff's

Response to Request No. 3 of Defendants' Second Request for Production of Documents.

These documents are relevant to claims or defenses in this litigation.  During her tenure

with InterSolutions, InterSolutions paid the service fee for Plaintiff's personal cell phone as it

was regularly used for business purposes.  On good information and belief, Plaintiff claimed a

tax exemption for the business use of her mobile phone.  If Plaintiff in fact claimed a deduction

for use of her mobile phone, it significantly undermines the credibility of her privacy claims with

respect to calls made to or from that mobile phone.  The liberal rules of discovery permit

Defendants to obtain this information.  The Court should order Plaintiff to produce documents

responsive to this request.

 Request No. 3 of Defendants' Sixth Request for Production of Documents  *All records
or documents reflecting any deductions you claimed from the Virginia Department of Taxation
for the tax years 2004, 2005, and 2006.*

 *Objection*:  Plaintiff objects to this request because it is not reasonably calculated
to lead to the discovery of admissible evidence.  Plaintiff further objects to this request
because it invades the privacy of Plaintiff.

Plaintiff's objections are not well taken.  Plaintiff has not explained with any specificity

the bases of her objections as required by the Federal Rules of Civil Procedure.  *See Josephs v.

Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).  Moreover, Defendants are unaware of an

objection to discovery based on invasion of privacy.  Plaintiff brought this action; she may not

now object to having to produce documents because they refer to herself.  Additionally, in

response to other document requests, Plaintiff has agreed to produce all W-2s from sources other

than InterSolutions, which calls into question the sincerity of Plaintiff's privacy objections to this

request. *See* Exhibit G at 4, Plaintiff's Response to Request No. 3 of Defendants' Second Request for Production of Documents.

These documents are relevant to claims or defenses in this litigation. During her tenure with InterSolutions, InterSolutions paid the service fee for Plaintiff's personal cell phone as it was regularly used for business purposes. On good information and belief, Plaintiff claimed a tax exemption for the business use of her mobile phone. If Plaintiff in fact claimed a deduction for use of her mobile phone, it significantly undermines the credibility of her privacy claims with respect to calls made to or from that mobile phone. The liberal rules of discovery permit Defendants to obtain this information. The Court should order Plaintiff to produce documents responsive to this request.

## IV.    COSTS

Pursuant to Fed. R. Civ. P. 37, Defendants request that the Court order Plaintiff to pay Defendants' costs in bringing this Motion to Compel, which costs are directly attributable to Plaintiff's dilatory behavior throughout the discovery process in this case.

## V.    CONCLUSION

The Court should grant Defendants' Motion to Compel Production of Documents in its entirety.

Date:  December 21, 2007                    Respectfully submitted,

                                           __/s/_Manesh K. Rath_____
                                           Manesh K. Rath (D.C. Bar No. 457835)
                                           *rath@khlaw.com*

                                           Keller and Heckman LLP
                                           1001 G Street, N.W., Suite 500 West
                                           Washington, D.C. 20001
                                           Tel: (202) 434-4182
                                           Fax: (202) 434-4646

                                           Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2007, a copy of the foregoing Defendants' Motion to Compel Production of Documents was served by CM/ECF software upon:

Timothy B. Fleming (D.C. Bar No. 351114)
Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W.
Washington, D.C. 20009
Tel.: (202) 467-4123

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
        Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiff
Linda Green

___/s/_Manesh K. Rath_____
Manesh K. Rath, Esq.

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,                          )
                                      )
       Plaintiff,                  )
                                      )
       v.                          )     Case No.: 1:07-cv-00298-EGS
                                      )
INTERSOLUTIONS, INC., *et al.*,       )
                                      )
       Defendants.                 )
_____    )

## DEFENDANTS' FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants InterSolutions, Inc., Drew Golin, and Sara Walder, through undersigned counsel, pursuant to Fed. R. Civ. P. 26 and 33, requests Plaintiff Linda Green to produce for inspection and copying, pursuant to, and within the time set forth in Rule 34 of the Federal Rules of Civil Procedure, the documents listed herein. Copies may be produced in their entirety upon the offices of Keller and Heckman LLP, 1001 G Street, NW, Suite 500 West, Washington, D.C.

## DEFINITIONS

The following terms have the following meanings in this set of Interrogatories:

1. "Person" includes natural persons, corporations, partnerships (limited or general), associations, joint ventures, committees, groups, governments (including agencies and subdivisions), quasi-public entities, and any other entities, including their directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

2. "You" and "your" and "Plaintiff" means Linda Green and all other persons acting or purporting to act on her behalf, including, but not limited to, her attorneys. "You" and "your"

also means any business entity in which you have ownership, managerial responsibility, or in which you are otherwise a principal.

3.    "Defendants" means InterSolutions, Inc, Drew Golin, and Sarah Walder.

4.    "Document" means any written, printed, typed, or other graphic or photographic matter of any nature, however produced or reproduced, any audio or video or other type of mechanical and electronic recordings, whether recorded by magnetic tape, disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source, and any data or information input into any computer system, contained in any memory system of any computer or contained on computer disk or similar computer data retention device, electronic mail or e-mail, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. "Document" includes the original and every draft or copy, where such draft or copy is not an identical duplicate of the original, or where such draft or copy contains any commentary or notation whatsoever that does not appear on the original.

5.    "Communicate" or "communication" means every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise.

6.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

7.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any relevant information that might otherwise be outside its scope.

8.     "All" and "each" shall be construed as all and each.

9.     The use of the singular form of any word includes the plural and vice versa.

10.    "Identify" and "identification" shall mean:

(a.)   when used in reference to an individual person, to state with particularity his full name, present or last known residential address and telephone number, present or last known business address and telephone number, business title, and business affiliation;

(b.)   when used in reference to a person other than an individual, to state with particularity its full name, form of organization, present or last known address or principal place of business and telephone number, address and telephone number of place of business during the period covered by these interrogatories, the type and nature of its business, and the names of the individual persons who are or were principals during the period relevant to this suit, agents, or employees and who have knowledge of relevant facts;

(c.)   when used in reference to a communication, to state with particularity the date of the communication, the place where the communication occurred (e.g., telephone conversation, meeting), the substance and content of the communication, the identity of each person who made a statement, the statement, the identity of each person who received a statement, and the identity of each person present during the communication.

11.    "Describe" when used in reference to an event or incident or communication shall mean to state the date, time, and details with particularity of the event or incident or communication and identify all persons who witnessed the event or incident.

12.    "Particularity" shall mean being specific rather than general; an exactitude of detail, especially in description; an attention to, or concern with detail.

## INSTRUCTIONS

1.    With respect to any document or other communication for which you claim a privilege, identify the nature of the privilege asserted, the general subject matter of the communication, the date of the communication, the parties to the communication, where not apparent, the relationship of the parties to the communication, and the identity of every other person who has ever been privy to the communication. Provide this information in a separate list fully identifying all such withheld documents.

2.    If you are unable to produce a document in its entirety, you are requested to produce that or those portion(s) of the requested document that you are able to produce and completely and state the reasons for your inability to respond to the remainder.

3.    All requests seek documents for a time period between January 1, 2005 and the present date unless a particular interrogatory specifically states otherwise.

## DOCUMENTS

1.    All documents referenced or specifically identified in Plaintiff's Rule 26(a)(1) initial disclosures.

2.    All documents concerning any claims of any kind that you have asserted, or contemplated asserting, against any past or present employer, including, but not limited to, agency charges, complaints, lawsuits, demands, claims, appeals, and other court papers.

3.    All documents received by you from any law enforcement authority, government agency, or court system, concerning the subject matter of the pending action.

4.    All documents sent by you to any law enforcement authority, government agency, or court system, concerning the subject matter of the pending action.

5.    All documents relating to the filing of any state and/or federal tax return by you in the tax filing year of 2004.

6.    All documents relating to the filing of any state and/or federal tax return by you in the tax filing year of 2005.

7.    All documents relating to the filing of any state and/or federal tax return by you in the tax filing year of 2006.

8.    All documents relating to the filing of any state and/or federal tax return by you in the tax filing year of 2007.

Respectfully submitted,
KELLER AND HECKMAN LLP

Date: July 27, 2007

Manesh K. Rath, Esquire (D.C. Bar No. 457835)

1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001-4564
(202) 434-4182 (telephone)
(202) 434-4646 (facsimile)

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2007, a copy of the foregoing Defendant's First Request

for Production of Documents was served via Federal Express on:

Lori B. Kisch
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009

Counsel for Plaintiff

Susan E. Huhta
Washington Lawyer's Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036

Counsel for Plaintiff

_____
Manesh K. Rath

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,                          )
                                      )
        Plaintiff,                 )
                                      )
        v.                         )     Case No.: 1:07-cv-00298-EGS
                                      )
INTERSOLUTIONS, INC., *et al.*,       )
                                      )
        Defendants.                )
_____ )

## DEFENDANTS' SECOND
## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 33, requests Plaintiff Linda Green to produce for inspection and copying, pursuant to, and within the time set forth in Rule 34 of the Federal Rules of Civil Procedure, the documents listed herein. Copies may be produced in their entirety upon the offices of Keller and Heckman LLP, 1001 G Street, NW, Suite 500 West, Washington, D.C. 20001.

### DEFINITIONS

The following terms have the following meanings in this set of Interrogatories:

1.     "Person" includes natural persons, corporations, partnerships (limited or general), associations, joint ventures, committees, groups, governments (including agencies and subdivisions), quasi-public entities, and any other entities, including their directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

2.     "You" and "your" and "Plaintiff" means Linda Green and all other persons acting or purporting to act on her behalf, including, but not limited to, her attorneys. "You"

and "your" also means any business entity in which you have ownership, managerial responsibility, or in which you are otherwise a principal.

3.    "Defendants" means InterSolutions, Inc, Drew Golin, and Sara Walder.

4.    "Document" means any written, printed, typed, or other graphic or photographic matter of any nature, however produced or reproduced, any audio or video or other type of mechanical and electronic recordings, whether recorded by magnetic tape, disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source, and any data or information input into any computer system, contained in any memory system of any computer or contained on computer disk or similar computer data retention device, electronic mail or e-mail, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. "Document" includes the original and every draft or copy, where such draft or copy is not an identical duplicate of the original, or where such draft or copy contains any commentary or notation whatsoever that does not appear on the original.

5.    "Communicate" or "communication" means every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise.

6.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

2

7. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any relevant information that might otherwise be outside its scope.

8. "All" and "each" shall be construed as all and each.

9. The use of the singular form of any word includes the plural and vice versa.

10. "Identify" and "identification" shall mean:

    (a.) <u>when used in reference to an individual person,</u> to state with particularity his full name, present or last known residential address and telephone number, present or last known business address and telephone number, business title, and business affiliation;

    (b.) <u>when used in reference to a person other than an individual,</u> to state with particularity its full name, form of organization, present or last known address or principal place of business and telephone number, address and telephone number of place of business during the period covered by these interrogatories, the type and nature of its business, and the names of the individual persons who are or were principals during the period relevant to this suit, agents, or employees and who have knowledge of relevant facts;

    (c.) <u>when used in reference to a communication,</u> to state with particularity the date of the communication, the place where the communication occurred (e.g., telephone conversation, meeting), the substance and content of the communication, the identity of each person who made a statement, the statement, the identity of each person who received a statement, and the identity of each person present during the communication.

3

11.    "Describe" when used in reference to an event or incident or communication shall mean to state the date, time, and details with particularity of the event or incident or communication and identify all persons who witnessed the event or incident.

12.    "Particularity" shall mean being specific rather than general; an exactitude of detail, especially in description; an attention to, or concern with detail.

## INSTRUCTIONS

1.    With respect to any document or other communication for which you claim a privilege, identify the nature of the privilege asserted, the general subject matter of the communication, the date of the communication, the parties to the communication, where not apparent, the relationship of the parties to the communication, and the identity of every other person who has ever been privy to the communication. Provide this information in a separate list fully identifying all such withheld documents.

2.    If you are unable to produce a document in its entirety, you are requested to produce that or those portion(s) of the requested document that you are able to produce and completely and state the reasons for your inability to respond to the remainder.

3.    All requests seek documents for a time period between January 1, 2005 and the present date unless a particular interrogatory specifically states otherwise.

## DOCUMENTS

1.    All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2004.

2.    All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2005.

4

3.    All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2006.

4.    All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2007.

5.    All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2006.

6.    All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2007.

7.    All documents received by you concerning any and all income earned by you since January 1, 2005.

8.    All documents provided by you to any individual concerning any and all income earned by you since January 1, 2005.

9.    All written statements by witnesses or potential witnesses, signed and unsigned, that identify, reference, or relate to you.

Respectfully submitted,
KELLER AND HECKMAN LLP

Date: July 30, 2007

Manesh K. Rath, Esq. (D.C. Bar No. 457835)
rath@khlaw.com
1001 G Street, N.W.
Suite 500 W
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2007, a copy of the foregoing Defendant's Second

Request for Production of Documents was served via Federal Express upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009

Counsel for Plaintiff

Susan E. Huhta, Esq.
Washington Lawyer's Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036

Counsel for Plaintiff

Manesh K. Rath

**EXHIBIT C**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,     )
          )
   Plaintiff,    )
          )
   v.       )  Case No.: 1:07-cv-00298-EGS
          )
INTERSOLUTIONS, INC., *et al.*,  )
          )
   Defendants.   )
          )

## DEFENDANTS' FOURTH
## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned

counsel, pursuant to Federal Rules of Civil Procedure 26 and 33, requests Plaintiff Linda Green

to produce for inspection and copying, pursuant to, and within the time set forth in Rule 34 of the

Federal Rules of Civil Procedure, the documents listed herein.  Copies may be produced in their

entirety to Manesh K. Rath / Keller and Heckman LLP / 1001 G Street, NW, Suite 500 West /

Washington, D.C.  20001.

### DEFINITIONS

The following terms have the following meanings in this set of  Interrogatories:

1.  "Person" includes natural persons, corporations, partnerships (limited or general),

   associations, joint ventures, committees, groups, governments (including agencies

   and subdivisions), quasi-public entities, and any other entities, including their

   directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

2.  "You" and "your" and "Plaintiff" means Linda Green and all other persons acting

   or purporting to act on her behalf, including, but not limited to, her attorneys.  "You"

and "your" also means any business entity in which you have ownership, managerial responsibility, or in which you are otherwise a principal.

3.     "Defendants" means InterSolutions, Inc, Drew Golin, and Sara Walder.

4.     "Document" means any written, printed, typed, or other graphic or photographic matter of any nature, however produced or reproduced, any audio or video or other type of mechanical and electronic recordings, whether recorded by magnetic tape, disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source, and any data or information input into any computer system, contained in any memory system of any computer or contained on computer disk or similar computer data retention device, electronic mail or e-mail, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. "Document" includes the original and every draft or copy, where such draft or copy is not an identical duplicate of the original, or where such draft or copy contains any commentary or notation whatsoever that does not appear on the original.

5.     "Communicate" or "communication" means every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise.

6.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

7.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any relevant information that might otherwise be outside its scope.

8.    "All" and "each" shall be construed as all and each.

9.    The use of the singular form of any word includes the plural and vice versa.

10.    "Identify" and "identification" shall mean:

    (a.)    when used in reference to an individual person, to state with particularity his full name, present or last known residential address and telephone number, present or last known business address and telephone number, business title, and business affiliation;

    (b.)    when used in reference to a person other than an individual, to state with particularity its full name, form of organization, present or last known address or principal place of business and telephone number, address and telephone number of place of business during the period covered by these interrogatories, the type and nature of its business, and the names of the individual persons who are or were principals during the period relevant to this suit, agents, or employees and who have knowledge of relevant facts;

    (c.)    when used in reference to a communication, to state with particularity the date of the communication, the place where the communication occurred (e.g., telephone conversation, meeting), the substance and content of the communication, the identity of each person who made a statement, the statement, the identity of each person who received a statement, and the identity of each person present during the communication.

11.    "Describe" when used in reference to an event or incident or communication shall mean to state the date, time, and details with particularity of the event or incident or communication and identify all persons who witnessed the event or incident.

12.    "Particularity" shall mean being specific rather than general; an exactitude of detail, especially in description; an attention to, or concern with detail.

## INSTRUCTIONS

1.    With respect to any document or other communication for which you claim a privilege, identify the nature of the privilege asserted, the general subject matter of the communication, the date of the communication, the parties to the communication, where not apparent, the relationship of the parties to the communication, and the identity of every other person who has ever been privy to the communication.  Provide this information in a separate list fully identifying all such withheld documents.

2.    If you are unable to produce a document in its entirety, you are requested to produce that or those portion(s) of the requested document that  you are able to produce and completely and state the reasons for your inability to respond to the remainder.

3.    All requests seek documents for a time period between January 1, 2005 and the present date unless a particular interrogatory specifically states otherwise.

## DOCUMENTS

1.    All medical records (including, but not limited to, doctor reports, doctor diagnoses, medical bills, or receipts for payment of medical bills) related to any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering, associated with any facts alleged in Plaintiff's Amended Complaint.

2.    All records or correspondence relating to any insurance provider's payment, non-

payment, or other involvement in any treatment received by Plaintiff for any physical

condition, ailment, or disease; physical or mental pain or suffering; or emotional

suffering, associated with any facts alleged in Plaintiff's Amended Complaint.


Respectfully submitted,
KELLER AND HECKMAN LLP

Date: August 1, 2007

Manesh K. Rath, Esq. (D.C. Bar No. 457835)
rath@khlaw.com
1001 G Street, N.W., Suite 500 W
Washington, D.C.  20001
Tel:  (202) 434-4182
Fax:  (202) 434-4646

Counsel for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2007, a copy of the foregoing Defendant's Fourth

Request for Production of Documents was served via Federal Express upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C.  20009

Counsel for Plaintiff

Susan E. Huhta, Esq.
Washington Lawyer's Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036

Counsel for Plaintiff


Manesh K. Rath

**EXHIBIT D**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,                           )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )    Case No.: 1:07-cv-00298-EGS
                                       )
INTERSOLUTIONS, INC., *et al.*,        )
                                       )
            Defendants.                )
_____    )

## DEFENDANTS' FIFTH REQUEST
## FOR PRODUCTION OF DOCUMENTS

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, request Plaintiff Linda Green to produce for inspection and copying, pursuant to, and within the time set forth in Rule 34 of the Federal Rules of Civil Procedure, the documents listed herein.  Copies may be produced in their entirety upon the offices of Keller and Heckman LLP, 1001 G Street, NW, Suite 500 West, Washington, D.C.  20001.

## DEFINITIONS

The following terms have the following meanings in this set of  Interrogatories:

1.    "Person" includes natural persons, corporations, partnerships (limited or general), associations, joint ventures, committees, groups, governments (including agencies and subdivisions), quasi-public entities, and any other entities, including their directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

2.    "You" and "your" and "Plaintiff" means Linda Green and all other persons acting or purporting to act on her behalf, including, but not limited to, her attorneys.  "You"

and "your" also means any business entity in which you have ownership, managerial

responsibility, or in which you are otherwise a principal.

3.    "Defendants" means InterSolutions, Inc, Drew Golin, and Sara Walder.

4.    "Document" means any written, printed, typed, or other graphic or photographic

matter of any nature, however produced or reproduced, any audio or video or other

type of mechanical and electronic recordings, whether recorded by magnetic tape,

disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source,

and any data or information input into any computer system, contained in any

memory system of any computer or contained on computer disk or similar computer

data retention device, electronic mail or e-mail, and any other data compilations from

which information can be obtained, translated, if necessary, by the respondent

through detection devices into reasonably usable form. "Document" includes the

original and every draft or copy, where such draft or copy is not an identical duplicate

of the original, or where such draft or copy contains any commentary or notation

whatsoever that does not appear on the original.

5.    "Communicate" or "communication" means every manner of disclosure,

exchange, or transmittal, and every disclosure, exchange, or transmittal of

information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by

document, or whether face-to-face, by telephone, mail, personal delivery,

electronically, or otherwise.

6.    "Concerning" means relating to, referring to, describing, evidencing, or

constituting.

2

7.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any relevant information that might otherwise be outside its scope.

8.    "All" and "each" shall be construed as all and each.

9.    The use of the singular form of any word includes the plural and vice versa.

10.    "Identify" and "identification" shall mean:

    (a.)    when used in reference to an individual person, to state with particularity his full name, present or last known residential address and telephone number, present or last known business address and telephone number, business title, and business affiliation;

    (b.)    when used in reference to a person other than an individual, to state with particularity its full name, form of organization, present or last known address or principal place of business and telephone number, address and telephone number of place of business during the period covered by these interrogatories, the type and nature of its business, and the names of the individual persons who are or were principals during the period relevant to this suit, agents, or employees and who have knowledge of relevant facts;

    (c.)    when used in reference to a communication, to state with particularity the date of the communication, the place where the communication occurred (e.g., telephone conversation, meeting), the substance and content of the communication, the identity of each person who made a statement, the statement, the identity of each person who received a statement, and the identity of each person present during the communication.

3

11.    "Describe" when used in reference to an event or incident or communication shall mean to state the date, time, and details with particularity of the event or incident or communication and identify all persons who witnessed the event or incident.

12.    "Particularity" shall mean being specific rather than general; an exactitude of detail, especially in description; an attention to, or concern with detail.

## INSTRUCTIONS

1.    With respect to any document or other communication for which you claim a privilege, identify the nature of the privilege asserted, the general subject matter of the communication, the date of the communication, the parties to the communication, where not apparent, the relationship of the parties to the communication, and the identity of every other person who has ever been privy to the communication.  Provide this information in a separate list fully identifying all such withheld documents.

2.    If you are unable to produce a document in its entirety, you are requested to produce that or those portion(s) of the requested document that  you are able to produce and completely and state the reasons for your inability to respond to the remainder.

3.    All requests seek documents for a time period between January 1, 2005 and the present date unless a particular interrogatory specifically states otherwise.

## DOCUMENTS

1.    All traditional land-line telephone bills received by you for your personal telephone lines between January 1, 2005, and August 1, 2006.

2.    All monthly credit card statements for all your credit card accounts between January 1, 2005, and August 1, 2006.

4

3.         For Dr. Bruce Lundeen, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.

4.         For Dr. David A. Schreiner, all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.

5.         For Dr. Robert C. Wagner, all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.

6.         All bills, statements, and records chronicling incoming and outgoing calls placed or received by the Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, indicating the geographic location where each call were placed and received.

7.         All monthly statements of account, balance statements, and all other documents detailing your account with Strategic Federal Credit Union between December 1, 2003, through December 1, 2006.

8.         All electronic mail messages sent to or from your American Online email address llgreen311@aol.com between January 1, 2006, and August 1, 2007.

9.         All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Capital Club Card and corresponding Capital Club Account with Dover Downs.

10.        All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots.

Respectfully submitted,
KELLER AND HECKMAN LLP

Date: August 17, 2007

Manesh K. Rath, Esquire (D.C. Bar No. 457835)

1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001-4564
(202) 434-4182 (telephone)
(202) 434-4646 (facsimile)

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2007, I caused a copy of the foregoing Defendants'

Fifth Request for Admissions to be served via U.S. Postal Service – First Class Mail upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300

Counsel for Plaintiff

Manesh K. Rath

6

**EXHIBIT E**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,                           )
                                       )
      Plaintiff,                     )
                                       )
      v.                             )    Case No.: 1:07-cv-00298-EGS
                                       )
INTERSOLUTIONS, INC., *et al.*,        )
                                       )
      Defendants.                    )
_____)

### DEFENDANTS' SIXTH REQUEST
### FOR PRODUCTION OF DOCUMENTS

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, request Plaintiff Linda Green to produce for inspection and copying, pursuant to, and within the time set forth in Rule 34, the documents listed herein.

Copies may be produced in their entirety upon the offices of Keller and Heckman LLP, 1001 G Street, NW, Suite 500 West, Washington, D.C. 20001, Attn: Manesh K. Rath.

### DEFINITIONS

The following terms have the following meanings in this set of Interrogatories:

1.    "Person" includes natural persons, corporations, partnerships (limited or general), associations, joint ventures, committees, groups, governments (including agencies and subdivisions), quasi-public entities, and any other entities, including their directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

2.    "You" and "your" and "Plaintiff" means Linda Green and all other persons acting

or purporting to act on her behalf, including, but not limited to, her attorneys. "You" and "your" also means any business entity in which you have ownership, managerial responsibility, or in which you are otherwise a principal.

3.    "Defendants" means InterSolutions, Inc, Drew Golin, and Sara Walder.

4.    "Document" means any written, printed, typed, or other graphic or photographic matter of any nature, however produced or reproduced, any audio or video or other type of mechanical and electronic recordings, whether recorded by magnetic tape, disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source, and any data or information input into any computer system, contained in any memory system of any computer or contained on computer disk or similar computer data retention device, electronic mail or e-mail, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. "Document" includes the original and every draft or copy, where such draft or copy is not an identical duplicate of the original, or where such draft or copy contains any commentary or notation whatsoever that does not appear on the original.

5.    "Communicate" or "communication" means every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise.

6.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

7.    "And" and "or" shall be construed either disjunctively or conjunctively as

2

necessary to bring within the scope of these interrogatories any relevant information that might otherwise be outside its scope.

8.    "All" and "each" shall be construed as all and each.

9.    The use of the singular form of any word includes the plural and vice versa.

10.   "Identify" and "identification" shall mean:

   (a.)   when used in reference to an individual person, to state with particularity his full name, present or last known residential address and telephone number, present or last known business address and telephone number, business title, and business affiliation;

   (b.)   when used in reference to a person other than an individual, to state with particularity its full name, form of organization, present or last known address or principal place of business and telephone number, address and telephone number of place of business during the period covered by these interrogatories, the type and nature of its business, and the names of the individual persons who are or were principals during the period relevant to this suit, agents, or employees and who have knowledge of relevant facts;

   (c.)   when used in reference to a communication, to state with particularity the date of the communication, the place where the communication occurred (e.g., telephone conversation, meeting), the substance and content of the communication, the identity of each person who made a statement, the statement, the identity of each person who received a statement, and the identity of each person present during the communication.

3

11.     "Describe" when used in reference to an event or incident or communication shall mean to state the date, time, and details with particularity of the event or incident or communication and identify all persons who witnessed the event or incident.

12.     "Particularity" shall mean being specific rather than general; an exactitude of detail, especially in description; an attention to, or concern with detail.

## INSTRUCTIONS

1.     With respect to any document or other communication for which you claim a privilege, identify the nature of the privilege asserted, the general subject matter of the communication, the date of the communication, the parties to the communication, where not apparent, the relationship of the parties to the communication, and the identity of every other person who has ever been privy to the communication.  Provide this information in a separate list fully identifying all such withheld documents.

2.     If you are unable to produce a document in its entirety, you are requested to produce that or those portion(s) of the requested document that  you are able to produce and completely and state the reasons for your inability to respond to the remainder.

3.  All requests seek documents for a time period between January 1, 2005 and the present date unless a particular interrogatory specifically states otherwise.

## DOCUMENTS

1.     All releases you signed to obtain copies of your medical records since the filing of *Cryer, et al. v. InterSolutions, Inc., et al.*, Case No. 06-02032 (D.D.C.) and *Wells, et al. v. InterSolutions, Inc., et al.*, Case No. 06-02033 (D.D.C.), on November 29, 2006.

2.     All records or documents reflecting any deductions you claimed from the U.S. Internal Revenue Service for the tax years 2004, 2005, and 2006.

4

3.    All records or documents reflecting any deductions you claimed from the Virginia

Department of Taxation for the tax years 2004, 2005, and 2006.


Respectfully submitted,

KELLER AND HECKMAN LLP

Date: August 22, 2007                    Manesh K. Rath, Esquire (D.C. Bar No. 457835)

1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001-4564
(202) 434-4182 (telephone)
(202) 434-4646 (facsimile)

Counsel for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2007, a copy of the foregoing Defendants' Sixth
Request for Production of Documents was served via U.S. Postal Service – First Class Mail
upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, NW
Suite 300
Washington, DC  20009

Counsel for Plaintiff


Manesh K. Rath

**EXHIBIT F**

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

————

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

August 29, 2007

**Via First Class U.S. Mail**
Manesh K. Rath
Keller & Heckman LLP
1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001

Re: *Linda Green v. InterSolutions, Inc., et al.*

Dear Manesh:

Enclosed please find Plaintiff Linda Green's Responses to Defendants' First Request for Production of Documents, which was served on July 27, 2007.

Sincerely,

Lori Kisch

Enclosure

cc:    Sue Huhta, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

LINDA GREEN,           )
                      )     CIVIL NO: 1:07CV00298-EGS
         Plaintiff,   )
                      )     JURY TRIAL DEMANDED
v.                      )
                      )
INTERSOLUTIONS, *et al.*   )
                      )
        Defendants.   )

## PLAINTIFF LINDA GREEN'S RESPONSES TO DEFENDANTS' <br> FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** Plaintiff, Linda Green, and objects/responds to the Defendants' specific Requests for Production of Documents as follows:

### GENERAL CONDITIONS

1.     The provision of any information in connection with these discovery responses does not constitute an admission that such information, or any part of such information, is either material or relevant to any issue in this case or is admissible in any proceeding, including trial, in this action.

2.     The Plaintiff makes the disclosures herein based on information reasonably available and expressly reserves the right (a) to object to the admissibility of any information or documents produced in connection with such response in any proceeding, including trial, in this action, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such modification.

3.     The responses herein are based on information or documents presently available to the Plaintiff. Investigation and discovery are presently continuing, however, and additional

information pertinent to these requests for documents may well be disclosed as a result of such ongoing and continuing investigation.

## GENERAL OBJECTIONS

1.    The Plaintiff objects to the definitions and instructions accompanying these discovery requests to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.    The Plaintiff objects to these discovery requests to the extent that they are overly broad and/or unduly burdensome and seek information regarding matters about which the Defendant has knowledge.

3.    The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

4.    The Plaintiff objects to these document requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiff.

5.    The Plaintiff objects to these document requests to the extent that the documents sought, if any, were obtained and/or prepared in anticipation of litigation, and the Defendant has not made the required showing of substantial need for the documents or information or that the substantial equivalent of such documentation or information is unobtainable by other means. The Plaintiff further objects to these document requests to the extent that the documents or information called for, if any, are privileged and are not discoverable under Fed. R. Civ. P. Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

2

6.     The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.     The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in Plaintiff's possession, custody or control.

8.     The Plaintiff objects to these document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad and/or unduly burdensome.

9.     The Plaintiff objects to these document requests to the extent that they seek documents or information regarding matters which are not at issue in this action.

10.     The Plaintiff objects to these document requests to the extent that they do not place any temporal limits on the requests and/or seek documents or information covering an unreasonably long time period.

11.     Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below.  By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.


### SPECIFIC RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

*Request No. 1:*     *All documents referenced or specifically identified in Plaintiff's Rule 26(a)(1) initial disclosures.*

**ANSWER:**   Plaintiff will produce all non-privileged documents responsive to this request.


3

**_Request No. 2:_**    _All documents concerning any claims of any kind that you have asserted, or contemplated asserting, against any past or present employer, including, but not limited to, agency charges, complaints, lawsuits, demands, claims, appeals, and other court papers._

**OBJECTION:**  Plaintiff objects to this request to the extent that it is vague and overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:**  Subject to Plaintiff's objection, Plaintiff will produce non-privileged documents related to the claims she has asserted against the Defendants in this action.

**Request No. 3:**    _All documents received by you from any law enforcement authority, government agency, or court system, concerning the subject matter of the pending action._

**OBJECTION:**  Plaintiff objects to this request to the extent it requests documents such as documents received through the electronic filing system for the pending case to which Defendants have access.   Plaintiff further objects to this request to the extent it requests documents related to the subject matter of the pending action rather than the claims and defenses of the pending action.

**ANSWER:**  Subject to Plaintiff's objections, Plaintiff will produce all non-privileged documents responsive to this request.

**Request No. 4:**    _All documents sent by you to any law enforcement authority, government agency, or court system, concerning the subject matter of the pending action._

**OBJECTION:**  Plaintiff objects to this request to the extent it requests documents related to the subject matter of the pending action rather than the claims and defenses of the pending action.

**ANSWER:**  Subject to Plaintiff's objection, she will produce all non-privileged documents responsive to this request.

**Request No. 5:**    _All documents relating to the filing of any state and/or federal tax return by you in the tax filing year of 2004._

**OBJECTION:**  Plaintiff objects to the request to the extent that it is overly broad and not reasonably calculated to the discovery of admissible evidence.   Plaintiff objects to producing these documents prior to the entry of a protective order in this case.

**ANSWER:**  Subject to Plaintiff's objection, and subject to the entry of a protective order, Plaintiff will produce all W-2 forms for the year 2004.

**Request No. 6:**    _All documents relating to the filing of any state and/or federal tax return by you in the tax filing year of 2005._

**OBJECTION:**  Plaintiff objects to the request to the extent that it is overly broad and not reasonably calculated to the discovery of admissible evidence.   Plaintiff objects to producing these documents prior to the entry of a protective order in this case.

**ANSWER:** Subject to Plaintiff's objection, and subject to the entry of a protective order, Plaintiff will produce all W-2 forms for the year 2005.

***Request No. 7:*** *All documents relating to the filing of any state and/or federal tax return by you in the tax filing year of 2006.*

**OBJECTION:** Plaintiff objects to the request to the extent that it is overly broad and not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case.

**ANSWER:** Subject to Plaintiff's objection, and subject to the entry of a protective order, Plaintiff will produce all W-2 forms for the year 2006.

***Request No. 8:*** *All documents relating to the filing of any state and/or federal tax return by you in the tax filing year of 2007.*

**OBJECTION:** Plaintiff objects to the request to the extent that it is overly broad and not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case.

**ANSWER:** Subject to Plaintiff's objection, and subject to the entry of a protective order, Plaintiff will produce all W-2 forms for the year 2007.

_____

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
2031 Florida Ave, NW, Suite 300
Washington, DC  20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*Attorneys for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via First Class U.S. Mail this 29th day of August, 2007, upon:

Manesh K. Rath
KELLER AND HECKMAN LLP
1001 G Street, NW
Suite 500 West
Washington, DC 20001

*Counsel for Defendants*

_____
Attorney for Plaintiff

6

**EXHIBIT G**

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN,<br><br>        Plaintiff,<br><br>v.<br><br>INTERSOLUTIONS, *et al.*<br><br>        Defendants. | CIVIL NO: 1:07CV00298-EGS<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF LINDA GREEN'S RESPONSES TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** Plaintiff, Linda Green, and objects/responds to the Defendants' specific Requests for Production of Documents as follows:

### GENERAL CONDITIONS

1.    The provision of any information in connection with these discovery responses does not constitute an admission that such information, or any part of such information, is either material or relevant to any issue in this case or is admissible in any proceeding, including trial, in this action.

2.    The Plaintiff makes the disclosures herein based on information reasonably available and expressly reserves the right (a) to object to the admissibility of any information or documents produced in connection with such response in any proceeding, including trial, in this action, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such modification.

3.    The responses herein are based on information or documents presently available to the Plaintiff. Investigation and discovery are presently continuing, however, and additional

information pertinent to these requests for documents may well be disclosed as a result of such ongoing and continuing investigation.

## **GENERAL OBJECTIONS**

1.      The Plaintiff objects to the definitions and instructions accompanying these discovery requests to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.      The Plaintiff objects to these discovery requests to the extent that they are overly broad and/or unduly burdensome and seek information regarding matters about which the Defendant has knowledge.

3.      The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

4.      The Plaintiff objects to these document requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiff.

5.      The Plaintiff objects to these document requests to the extent that the documents sought, if any, were obtained and/or prepared in anticipation of litigation, and the Defendant has not made the required showing of substantial need for the documents or information or that the substantial equivalent of such documentation or information is unobtainable by other means. The Plaintiff further objects to these document requests to the extent that the documents or information called for, if any, are privileged and are not discoverable under Fed. R. Civ. P. Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

6.    The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in Plaintiff's possession, custody or control.

8.    The Plaintiff objects to these document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad and/or unduly burdensome.

9.    The Plaintiff objects to these document requests to the extent that they seek documents or information regarding matters which are not at issue in this action.

10.    The Plaintiff objects to these document requests to the extent that they do not place any temporal limits on the requests and/or seek documents or information covering an unreasonably long time period.

11.    Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below.  By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.


### SPECIFIC RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**_Request No. 1:_** _All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2004._

**OBJECTION:**    Plaintiff objects to this Request to the extent that it is vague and ambiguous.  To the extent that this request seeks documents reflecting the amount of income earned from sources other than Defendants, such a request is not reasonably calculated to lead to the discovery of admissible evidence and is designed to harass and invade the privacy interests of Plaintiff.  Therefore, Plaintiff objects to producing documents responsive to this request.

3

***Request No. 2:***  *All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2005.*

**OBJECTION:**  Plaintiff objects to this Request to the extent that it is vague and ambiguous.  To the extent that this request seeks documents reflecting the amount of income earned from sources other than Defendants, such a request is not reasonably calculated to lead to the discovery of admissible evidence and is designed to harass and invade the privacy interests of Plaintiff.  Therefore, Plaintiff objects to producing documents responsive to this request.

***Request No. 3:***  *All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2006.*

**OBJECTION:**  Plaintiff objects to this Request to the extent that it is vague and ambiguous.  To the extent that this request seeks documents reflecting income earned from sources other than Defendants during Plaintiff's employment, such a request is not reasonably calculated to lead to the discovery of admissible evidence and is designed to harass and invade the privacy interests of Plaintiff.

**RESPONSE:**  Plaintiff will produce any W-2 statements received from sources other than Defendants after her termination from Defendants.

***Request No. 4:***  *All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2007.*

**OBJECTION:**  Plaintiff objects to this Request to the extent that it is vague and ambiguous.  To the extent that this request seeks documents reflecting income earned from sources other than an employer, Plaintiff objects to such a request as not reasonably calculated to lead to the discovery of admissible evidence and is designed to harass and invade the privacy interests of Plaintiff.

**RESPONSE:**  Plaintiff will produce W-2 statements received during 2007.

***Request No. 5:***  *All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2006.*

**OBJECTION:**  Plaintiff objects to the extent that this request is vague and ambiguous.  Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**RESPONSE:**  Plaintiff will produce all non-privileged documents responsive to this request.

***Request No. 6:***  *All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2007.*

**OBJECTION:**  Plaintiff objects to the extent that this request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**RESPONSE:**  Plaintiff will produce all non-privileged documents responsive to this request.

***Request No. 7:***  *All documents received by you concerning any and all income earned by you since January 1, 2005.*

**OBJECTION:**  Plaintiff objects to this Request to the extent that it is vague and ambiguous. Plaintiff further objects to this request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**RESPONSE:**  Plaintiff will produce all W-2 statements received since January 1, 2005.

***Request No. 8:***  *All documents provided by you to any individual concerning any and all income earned by you since January 1, 2005.*

**OBJECTION:**  Plaintiff objects to this Request to the extent that it is vague and ambiguous. Plaintiff further objects to the extent that this request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the extent that this request seeks discovery of privileged documents. Based on these objections, Plaintiff objects to producing documents responsive to this request.

***Request No. 9:***  *All written statements by witnesses or potential witnesses, signed and unsigned, that identify, reference, or relate to you.*

**OBJECTION:**  Plaintiff objects to this Request to the extent that it is vague and ambiguous and fails to identify the documents requested with reasonable particularity.  Plaintiff also objects to this request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request to the extent it seeks production of documents protected by the attorney-client privilege and/or work product doctrine.

_Lori B. Kisch_  *with permission*  *AWR*

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
2031 Florida Ave, NW, Suite 300
Washington, DC  20009

(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via First Class U.S. Mail this 4th day of September, 2007, upon:

Manesh K. Rath
KELLER AND HECKMAN LLP
1001 G Street, NW
Suite 500 West
Washington, DC 20001

*Counsel for Defendants*

_Lori Kisah_ / w/her permission Amb

_____
Attorney for Plaintiff

7

**EXHIBIT H**

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA GREEN, | ) | CIVIL NO: 1:07CV00298-EGS |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| INTERSOLUTIONS, *et al.* | ) | |
| Defendants. | ) | |

## PLAINTIFF LINDA GREEN'S RESPONSES TO DEFENDANTS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** Plaintiff, Linda Green, and objects/responds to the Defendants' specific Requests for Production of Documents as follows:

### GENERAL CONDITIONS

1.      The provision of any information in connection with these discovery responses does not constitute an admission that such information, or any part of such information, is either material or relevant to any issue in this case or is admissible in any proceeding, including trial, in this action.

2.      The Plaintiff makes the disclosures herein based on information reasonably available and expressly reserves the right (a) to object to the admissibility of any information or documents produced in connection with such response in any proceeding, including trial, in this action, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such modification.

3.      The responses herein are based on information or documents presently available to the Plaintiff.  Investigation and discovery are presently continuing, however, and additional

information pertinent to these requests for documents may well be disclosed as a result of such ongoing and continuing investigation.

## GENERAL OBJECTIONS

1.     The Plaintiff objects to the definitions and instructions accompanying these discovery requests to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.     The Plaintiff objects to these discovery requests to the extent that they are overly broad and/or unduly burdensome and seek information regarding matters about which the Defendant has knowledge.

3.     The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

4.     The Plaintiff objects to these document requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiff.

5.     The Plaintiff objects to these document requests to the extent that the documents sought, if any, were obtained and/or prepared in anticipation of litigation, and the Defendant has not made the required showing of substantial need for the documents or information or that the substantial equivalent of such documentation or information is unobtainable by other means. The Plaintiff further objects to these document requests to the extent that the documents or information called for, if any, are privileged and are not discoverable under Fed. R. Civ. P. Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

6.    The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in Plaintiff's possession, custody or control.

8.    The Plaintiff objects to these document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad and/or unduly burdensome.

9.    The Plaintiff objects to these document requests to the extent that they seek documents or information regarding matters which are not at issue in this action.

10.    The Plaintiff objects to these document requests to the extent that they do not place any temporal limits on the requests and/or seek documents or information covering an unreasonably long time period.

11.    Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below.  By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

***Request No. 1:***  *All medical records (including, but not limited to, doctor reports, doctor diagnoses, medical bills, or receipts for payment of medical bills) related to any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering, associated with any facts alleged in Plaintiff's Amended Complaint.*

**OBJECTION:**  Plaintiff objects to this request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

3

**RESPONSE:** Plaintiff will produce non-privileged documents responsive to this request.

*Request No. 2:* *All records or correspondence relating to any insurance provider's payment, non-payment, or other involvement in any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering, associated with any facts alleged in Plaintiff' Amended Complaint.*

**OBJECTION:** Plaintiff objects to this Request to the extent that it is vague and ambiguous. Plaintiff further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Based on the foregoing objections, Plaintiff objects to producing documents responsive to this request.

_____

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
2031 Florida Ave, NW, Suite 300
Washington, DC  20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via First Class U.S. Mail this 4th day of September, 2007, upon:

Manesh K. Rath
KELLER AND HECKMAN LLP
1001 G Street, NW
Suite 500 West
Washington, DC 20001

*Counsel for Defendants*

_____
Attorney for Plaintiff

**EXHIBIT I**

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

September 21, 2007

**Via Electronic and First Class U.S. Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

Re: *Green v. InterSolutions, Inc., et al.*

Dear Mr. Rath:

Enclosed please find a copy of Plaintiff Linda Green's Responses to Defendants' Fifth Request for Production of Documents. This was originally served on Wednesday, September 19, 2007, but, unfortunately, due to a clerical error, it was returned to our office today. Therefore, we are re-sending these Responses via e-mail and U.S. Mail.

Sincerely,

*Lori Kisch / with permission*

Lori B. Kisch

Enclosure

cc:    Susan Huhta, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

September 19, 2007

**Via First Class U.S. Mail**
Manesh K. Rath
Keller & Heckman LLP
1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001

*Re: Linda Green v. InterSolutions, Inc., et al.*

Dear Manesh:

Enclosed please find the Plaintiff's Response to Defendants' Fifth Request for Production of Documents.

Sincerely,

Lori Kisch

Enclosure

cc:    Sue Huhta, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

LINDA GREEN,                      )

        Plaintiff,        )

v.                            )

INTERSOLUTIONS, *et al.*    )

        Defendants.    )

CIVIL NO: 1:07CV00298-EGS

JURY TRIAL DEMANDED

## PLAINTIFF LINDA GREEN'S RESPONSES TO DEFENDANTS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** Plaintiff, Linda Green, and objects/responds to the Defendants' specific Requests for Production of Documents as follows:

### GENERAL CONDITIONS

1.     The provision of any information in connection with these discovery responses does not constitute an admission that such information, or any part of such information, is either material or relevant to any issue in this case or is admissible in any proceeding, including trial, in this action.

2.     The Plaintiff makes the disclosures herein based on information reasonably available and expressly reserves the right (a) to object to the admissibility of any information or documents produced in connection with such response in any proceeding, including trial, in this action, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such modification.

3.     The responses herein are based on information or documents presently available to the Plaintiff. Investigation and discovery are presently continuing, however, and additional

information pertinent to these requests for documents may well be disclosed as a result of such ongoing and continuing investigation.

## GENERAL OBJECTIONS

1.      The Plaintiff objects to the definitions and instructions accompanying these discovery requests to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.      The Plaintiff objects to these discovery requests to the extent that they are overly broad and/or unduly burdensome and seek information regarding matters about which the Defendant has knowledge.

3.      The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

4.      The Plaintiff objects to these document requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiff.

5.      The Plaintiff objects to these document requests to the extent that the documents sought, if any, were obtained and/or prepared in anticipation of litigation, and the Defendant has not made the required showing of substantial need for the documents or information or that the substantial equivalent of such documentation or information is unobtainable by other means. The Plaintiff further objects to these document requests to the extent that the documents or information called for, if any, are privileged and are not discoverable under Fed. R. Civ. P. Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

2

6.     The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.     The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in Plaintiff's possession, custody or control.

8.     The Plaintiff objects to these document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad and/or unduly burdensome.

9.     The Plaintiff objects to these document requests to the extent that they seek documents or information regarding matters which are not at issue in this action.

10.     The Plaintiff objects to these document requests to the extent that they do not place any temporal limits on the requests and/or seek documents or information covering an unreasonably long time period.

11.     Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below.  By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO DEFENDANTS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

***Request No. 1:***      *All traditional land-line telephone bills received by you for your personal telephone lines between January 1, 2005, and August 1, 2006.*

**OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of both Plaintiff and third-parties.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

3

**_Request No. 2:_**        *All monthly credit card statements for all your credit card accounts between January 1, 2005, and August 1, 2006.*

    **OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

**_Request No. 3:_**        *For Dr. Bruce Lundeen, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.*

    **RESPONSE:**  Plaintiff will produce all non-privileged documents in her possession which are responsive to this request after a protective order is entered in the case.

**_Request No. 4:_**        *For Dr. David A. Schreiner, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.*

    **RESPONSE:**  Plaintiff will produce all non-privileged documents in her possession responsive to this request after a protective order is entered in the case.

**_Request No. 5:_**        *For Dr. Robert C. Wagner, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006*

    **RESPONSE:**  Plaintiff will produce all non-privileged documents in her possession which are responsive to this request after a protective order is entered in the case.

**_Request No. 6:_**        *All bills, statements, and records chronicling incoming and outgoing calls placed or received by the Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, indicating the geographic location where each call were placed and received.*

    **OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of both Plaintiff and third-parties.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

***Request No. 7:*** *All monthly statements of account, balance statements, and all other documents detailing your account with Strategic Federal Credit Union between December 1, 2003, through December 1, 2006.*

**OBJECTION:** Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited.

***Request No. 8:*** *All electronic mail messages sent to or from your American Online email address llgreen311@aol.com between December 1, 2003, through December 1, 2006.*

**OBJECTION:** Plaintiff objects to this request because it is overly broad and seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff objects to the request to the extent it invades the privacy of Plaintiff. Plaintiff further objects to the extent that the request seeks attorney-client privileged documents. Per the Court's Order of August 29, 2007, this request is not appropriately limited.

***Request No. 9:*** *All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Capital Club Card and Corresponding Capital Club Account with Dover Downs.*

**OBJECTION:** Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited.

***Request No. 10:*** *All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots.*

**OBJECTION:** Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited.

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
2031 Florida Ave, NW, Suite 300
Washington, DC  20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND
    URBAN AFFAIRS**
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served via First Class U.S. Mail this 19th day of September, 2007, upon:

Manesh K. Rath
KELLER AND HECKMAN LLP
1001 G Street, NW
Suite 500 West
Washington, DC 20001

*Counsel for Defendants*

 

 

 

_____
Attorney for Plaintiff

**EXHIBIT J**

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

LINDA GREEN,               )

       Plaintiff,       )    CIVIL NO: 1:07CV00298-EGS

               )    JURY TRIAL DEMANDED

v.                   )

               )

INTERSOLUTIONS, *et al.*    )

               )

       Defendants.    )

               )

## PLAINTIFF LINDA GREEN'S RESPONSES TO DEFENDANTS' SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** Plaintiff, Linda Green, and objects/responds to the Defendants' specific Requests for Production of Documents as follows:

## GENERAL CONDITIONS

1.    The provision of any information in connection with these discovery responses does not constitute an admission that such information, or any part of such information, is either material or relevant to any issue in this case or is admissible in any proceeding, including trial, in this action.

2.    The Plaintiff makes the disclosures herein based on information reasonably available and expressly reserves the right (a) to object to the admissibility of any information or documents produced in connection with such response in any proceeding, including trial, in this action, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such modification.

3.    The responses herein are based on information or documents presently available to the Plaintiff. Investigation and discovery are presently continuing, however, and additional

information pertinent to these requests for documents may well be disclosed as a result of such ongoing and continuing investigation.

## **GENERAL OBJECTIONS**

1.     The Plaintiff objects to the definitions and instructions accompanying these discovery requests to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.     The Plaintiff objects to these discovery requests to the extent that they are overly broad and/or unduly burdensome and seek information regarding matters about which the Defendant has knowledge.

3.     The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

4.     The Plaintiff objects to these document requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiff.

5.     The Plaintiff objects to these document requests to the extent that the documents sought, if any, were obtained and/or prepared in anticipation of litigation, and the Defendant has not made the required showing of substantial need for the documents or information or that the substantial equivalent of such documentation or information is unobtainable by other means. The Plaintiff further objects to these document requests to the extent that the documents or information called for, if any, are privileged and are not discoverable under Fed. R. Civ. P. Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

2

6.    The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in Plaintiff's possession, custody or control.

8.    The Plaintiff objects to these document requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad and/or unduly burdensome.

9.    The Plaintiff objects to these document requests to the extent that they seek documents or information regarding matters which are not at issue in this action.

10.    The Plaintiff objects to these document requests to the extent that they do not place any temporal limits on the requests and/or seek documents or information covering an unreasonably long time period.

11.    Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below.  By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO DEFENDANTS'
## SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS

***Request No. 1:***  *All releases you signed to obtain copies of your medical records since the filing of* Cryer, et al. v. InterSolutions, Inc., et al., *Case No. 06-02032 (D.D.C.) and* Wells, et al. v. InterSolutions, Inc., et al., *Case No. 06-02033 (D.D.C.), on November 29, 2006.*

**OBJECTION:**  Plaintiff objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**  Notwithstanding Plaintiff's objections, Plaintiff has no documents in her possession responsive to this request.

3

**_Request No. 2:_**  _All records or documents reflecting any deductions you claimed from the U.S. Internal Revenue Service for the tax years 2004, 2005, and 2006._

**OBJECTION:**  Plaintiff objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request because it invades the privacy of Plaintiff.

**_Request No. 3:_**  _All records or documents reflecting any deductions you claimed from the Virginia Department of Taxation for the tax years 2004, 2005, and 2006._

**OBJECTION:**  Plaintiff objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request because it invades the privacy of Plaintiff.

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
**Wiggins, Childs, Quinn & Pantazis, PLLC**
2031 Florida Ave, NW, Suite 300
Washington, DC  20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
**Washington Lawyers' Committee for Civil Rights and Urban Affairs**
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

_Attorneys for Plaintiff_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing has been served via First Class U.S. Mail this 24th day of September, 2007, upon:

Manesh K. Rath
KELLER AND HECKMAN LLP
1001 G Street, NW
Suite 500 West
Washington, DC 20001

*Counsel for Defendants*

_____
Attorney for Plaintiff

**EXHIBIT K**

# **KH**® KELLER AND HECKMAN LLP
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
**Manesh K. Rath**
(202) 434-4139
Rath@khlaw.com

October 17, 2007

**Via E-Mail and U.S. Postal Service**

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
2031 Florida Avenue, NW, Suite 300
Washington, D.C. 20009

> Re:  ***Green v. InterSolutions, Inc., et al.***
> **Plaintiff's Responses to Defendants' Requests for Production of Documents.**

Dear Ms. Kisch:

This letter addresses your client's objections and responses to Defendants' Requests for Production of Documents. Please consider this letter to be part of our personal consultation on this matter and a sincere effort to resolve the parties' dispute. Please provide us a response to this letter by 5:00 p.m. on October 24, 2007.

As an initial matter, Defendants hereby stipulate to treat all Confidential documents as if they were produced under the proposed protective order since both parties' proposed protective orders treat confidential documents similarly. We therefore ask that you provide us with all such documents promptly rather than wait for the Court to enter a protective order. We are prepared to do the same upon your agreement to similar conditions.

Second, we ask that you comply with Rule 34(b)(i) for the documents you intend to produce and retroactively for those that you have previously produced. Rule 34(b)(i) requires that documents produced shall be organized and labeled to correspond with the categories in the request. You have not done this. Please provide us with a list indicating which documents go to what document request. For ease of reference, please use the Bates numbers you have assigned to Plaintiff's documents rather than the title or content of the document itself.

Next, we ask that you reconsider your objections to the following requests for production of documents.

## *Defendants' First Request for Production of Documents (issued July 27, 2007)*

Request 1 requested: "All documents referenced or specifically identified in Plaintiff's Rule 26(a)(1) initial disclosures." You indicated that "Plaintiff will produce all non-privileged documents responsive to this request." Plaintiff's initial disclosures specifically identified the following documents as within Plaintiff's "possession, custody or control":

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 2

- Correspondence and emails between Linda Green and InterSolutions' employees and owners, and other documents regarding Ms. Green's employment, termination, bonuses, time off, requests for leave and/or notification of medical appointments;

- Correspondence and emails regarding Linda Green's complaints regarding InterSolutions;

- InterSolutions' Policies and Expectations; and,

- InterSolutions' Corporate Employee Manual, dated September 2004.

To date, we have received only some of the documents referenced in Plaintiff's initial disclosures. Please produce all documents listed in Plaintiff's initial disclosures, including any documents identified since the filing of Plaintiff's initial disclosures.

Request 2 requested: "All documents concerning any claims of any kind that you have asserted, or contemplated asserting against any past or present employer, including, but not limited to, agency charges, complaints, lawsuits, demands, claims, appeals, and other court papers." You objected and refused to provide documents because the request "is vague and overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Your objection is not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to claims or defenses in this litigation. The fact of whether Plaintiff has previously filed administrative charges or lawsuits against past employers would undoubtedly lead to admissible evidence. For example, the documents would provide admissible evidence regarding Plaintiff's past employers and supervisors at her previous jobs. Moreover, as you know, the Federal Rules of Civil Procedure do not require that discoverable information also be admissible under the Federal Rules of Evidence. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3d Cir. 1982). You seem to have conflated the two standards. Third, the information sought through this request is properly admissible for impeachment purposes. We ask that you reconsider your objection and produce responsive documents.

Request 3 requested: "All documents received by you from any law enforcement authority, government agency, or court system, concerning the subject matter of the pending action." You objected to this request "to the extent it requests documents related to the subject matter of the pending action rather than the claims and defenses of the pending action." Your objection is not well taken. Any document received by Plaintiff from any law enforcement authority or government agency concerning the subject matter of the pending action is relevant and discoverable under the Federal Rules of Civil Procedure. To the extent you have withheld

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 3

documents based on this objection, we ask that you reconsider your objection and produce responsive documents.

Request 4 requested: "All documents sent by you to any law enforcement authority, government agency, or court system, concerning the subject matter of the pending action." You objected to this request "to the extent it requests documents related to the subject matter of the pending action rather than the claims and defenses of the pending action." Your objection is not well taken. Any document sent by Plaintiff to any law enforcement authority or government agency concerning the subject matter of the pending action is relevant and discoverable under the Federal Rules of Civil Procedure. To the extent you have withheld documents based on this objection, we ask that you reconsider your objection and produce responsive documents.

Request 5 requested: "All documents related to the filing of any state and/or federal tax return by you in the tax filing year of 2004." You objected "to the extent that it is overly broad and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that Plaintiff should have disclosed the information sought through this request in her initial disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C), Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay, lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this information as Confidential under the proposed protective orders. We ask that you reconsider your objections and produce responsive documents.

Request 6 requested: "All documents related to the filing of any state and/or federal tax return by you in the tax filing year of 2005." You objected "to the extent that it is overly broad and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that Plaintiff should have disclosed the information sought through this request in her initial disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C), Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay, lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 4

information as Confidential under the proposed protective orders. We ask that you reconsider your objections and produce responsive documents.

Request 7 requested: "All documents related to the filing of any state and/or federal tax return by you in the tax filing year of 2006." You objected "to the extent that it is overly broad and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that Plaintiff should have disclosed the information sought through this request in her initial disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C), Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay, lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this information as Confidential under the proposed protective orders. We ask that you reconsider your objections and produce responsive documents.

Request 8 requested: "All documents related to the filing of any state and/or federal tax return by you in the tax filing year of 2007." You objected "to the extent that it is overly broad and not reasonably calculated to [lead to] the discovery of admissible evidence. Plaintiff objects to producing these documents prior to the entry of a protective order in this case." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought in this request goes directly to Plaintiff's damages and is therefore discoverable. Third, Defendants note that Plaintiff should have disclosed the information sought through this request in her initial disclosures. Instead of providing a calculation of damages as required by Rule 26(a)(1)(C), Plaintiff's initial disclosures conclusorily stated that she "seeks awards of back pay, front pay, lost benefits, and other equitable relief." *See* Plaintiff's Initial Disclosures at 5. This is insufficient. Finally, as stated at the outset of this letter, Defendants stipulate to treat this information as Confidential under the proposed protective orders. We ask that you reconsider your objections and produce responsive documents.

### Defendants' Second Request for Production of Documents

Request 1 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2004." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting the amount of income earned from sources other than Defendants, such a request is not reasonably calculated to lead to the discovery of admissible

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 5

evidence and is designed to harass and invade the privacy interests of Plaintiff. Therefore, Plaintiff objects to producing documents responsive to this request." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request seeks relevant and discoverable information. On information and belief, Plaintiff was engaged in other income-earning activity while employed at InterSolutions. This information is relevant to claims or defenses in this litigation. Please reconsider your objections and produce responsive documents.

Request 2 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2005." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting the amount of income earned from sources other than Defendants, such a request is not reasonably calculated to lead to the discovery of admissible evidence and is designed to harass and invade the privacy interests of Plaintiff. Therefore, Plaintiff objects to producing documents responsive to this request." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request seeks relevant and discoverable information. On information and belief, Plaintiff was engaged in other income-earning activity while employed at InterSolutions. This information is relevant to claims or defenses in this litigation. Please reconsider your objections and produce responsive documents.

Request 3 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2006." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting income earned from sources other than Defendants during Plaintiff's employment, such a request is not reasonably likely to lead to discoverable information and is designed to harass and invade the privacy interests of Plaintiff." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this information is relevant to claims and defenses in this litigation. On information and belief, Plaintiff was engaged in other income-earning activity while employed at InterSolutions. Plaintiff has a duty to mitigate damages, and this income is relevant to Plaintiff's duty to mitigate her damages. As you know, the standard for discoverability is a low one. *Id.* at 417. Please reconsider your objections and produce responsive documents. Notwithstanding your objections, you indicated, without qualification, that you would produce "any W-2 statements received from sources other than Defendants after her termination from Defendants." To date, we have not received any W-2 statements from Plaintiff. Please produce documents responsive to this request.

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 6

Request 4 requested: "All documents received by you, or otherwise provided to you, concerning income earned from any source other than from Defendants in the calendar year 2007." You objected "to the extent that it is vague and ambiguous. To the extent that this request seeks documents reflecting income earned from sources other than Defendants during Plaintiff's employment, such a request is not reasonably likely to lead to discoverable information and is designed to harass and invade the privacy interests of Plaintiff." Your objections are not well taken. First, Plaintiff has not explained her objections with the required specificity under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this information is relevant to claims and defenses in this litigation. Plaintiff has a duty to mitigate damages, and this income is relevant to Plaintiff's duty to mitigate her damages. As you know, the standard for discoverability is a low one. *Id.* at 417. Please reconsider your objections and produce responsive documents. Notwithstanding your objections, you indicated, without qualification, that you would produce "any W-2 statements received from sources other than Defendants after her termination from Defendants." To date, we have not received any W-2 statements from Plaintiff. Please produce documents responsive to this request.

Request 5 requested: "All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2006." You objected "to the extent that this request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff." Your objection is not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request is clear on its face. Your attempt to deliberately misunderstand the request does not render it vague or ambiguous. In any event, you stated that you would produce all documents responsive to this request. To date, however, we have not received any documents responsive to this request. Please produce responsive documents.

Request 6 requested: "All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2007." You objected "to the extent that this request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff." Your objection is not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request is clear on its face. Your attempt to deliberately misunderstand the request does not render it vague or ambiguous. In any event, you stated that you would produce all documents responsive to this request. To date, however, we have not received any documents responsive to this request. Please produce responsive documents.

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 7

Request 7 requested: "All documents received by you concerning any and all income earned by you since January 1, 2005." You objected "to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence," but you indicated, without qualification, that Plaintiff would produce all W-2 statements received since January 1, 2005. Your objections are not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this information is relevant to claims and defenses in this litigation. On information and belief, Plaintiff was engaged in other employment while employed at InterSolutions, and this income is relevant to Plaintiff's duty to mitigate her damages on some of her claims against Defendants. As you know, the standard for discoverability is a low one. *Id.* at 417. Third, to date, we have not received any W-2 statements or other documents responsive to this request. Please produce responsive documents.

Request 8 requested: "All documents provided by you to any individual concerning any and all income earned by you since January 1, 2005." You objected "to the extent that this request is vague and ambiguous. Plaintiff further objects to the extent that this request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the extent that this request seeks discovery of privileged documents." Plaintiff refused to produce documents. Your objections are not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request seeks information relevant to claims and defenses in this litigation. On information and belief, Plaintiff had other sources of income while employed by InterSolutions. This additional income is relevant to Defendants' counterclaims and defenses as well as to Plaintiff's duty to mitigate her damages on some of her claims against Defendants. Please reconsider your objections and produce responsive documents.

Request 9 requested: "All written statements by witnesses or potential witnesses, signed and unsigned, that identify, reference or relate to you." You objected "to the extent that it is vague and ambiguous and fails to identify the documents requested with reasonable particularity. Plaintiff also objects to this request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it seeks production of documents protected by the attorney-client privilege and/or work product doctrine." Your objections are not well taken. First, Plaintiff has provided no factual predicate for her objections as required under the Federal Rules of Civil Procedure. *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Second, this request is clear on its face and Plaintiff's attempt to deliberately misunderstand it does not render this request vague or ambiguous. Third, this request clearly seeks information likely to lead to admissible evidence. This information is at the core of discoverable information under the Federal Rules of Civil Procedure. Finally, no written statement by a witness or potential witness other than Plaintiff is protected by the attorney-client privilege unless the person making the statement is your client. If you represent any of Plaintiff's witnesses or potential witnesses

## KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 8

please inform us of this so that we will know not to contact those individuals directly. Even if you do represent any of Plaintiff's witnesses or potential witnesses, Defendants disagree that a written statement made by an individual in their capacity as a witness or potential witness is a confidential communication. Please reconsider your objections and produce responsive documents.

### *Defendants' Fourth Request for Production of Documents*

Request 1 requested: "All medical records (including, but not limited to, doctor reports, doctor diagnoses, medical bills, or receipts for payment of medical bills) related to any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering associated with any facts alleged in Plaintiff's Amended Complaint." You objected to this request on the grounds that "it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the Court made clear in its August 29, 2007, Order on Plaintiff's Motion to Quash that Plaintiff has put her medical condition at issue in this case and that Plaintiff's medical records are relevant to claims and defenses in the litigation. Third, Plaintiff to date has not specified with any degree of certainty the date on which she alleges to have been diagnosed with cancer. Defendants are without a doubt entitled to this key piece of information, and Plaintiff's medical records are the only reliable source for this. Notwithstanding your objections, you indicated that you would produce the requested documents. To date, however, we have received no documents from Plaintiff responsive to this request. Please produce documents responsive to this request.

Request 2 requested: "All records or correspondence relating to any insurance provider's payment, non-payment, or other involvement in any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering, associated with any facts alleged in Plaintiff's Amended Complaint." You objected "to the extent that it is vague and ambiguous. Plaintiff further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence." You refused to produce any documents responsive to this request. Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the request is neither vague nor ambiguous. The request plainly seeks insurance records related to medical treatment associated with any facts alleged in Plaintiff's complaint. Plaintiff certainly knows what medical treatment she received regarding the facts she has set forth in her Amended Complaint, and she should possess the appropriate insurance records from treatment she received. Third, the Court made clear in its August 29, 2007, Order on Plaintiff's Motion to Quash that Plaintiff has put her medical condition directly at issue in this case and that Plaintiff's medical records are relevant to claims and defenses in the litigation. The same

KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 9

principle holds true for Plaintiff's insurance records that relate to medical treatment received. Fourth, to date, Plaintiff has not specified with any degree of certainty the date on which she alleges to have been diagnosed with cancer. Plaintiff's insurance records will indicate, at a minimum, the dates she sought or received treatment for her cancer. Defendants are entitled tot his information under the Federal Rules of Civil Procedure. Please reconsider your objections and produce responsive documents.

### Defendants' Fifth Request for Production of Documents

Request 1 requested: "All traditional land-line telephone bills received by you for your personal telephone lines between January 1, 2005, and August 1, 2006." You objected to this request "because it is overly broad and invades the privacy of both Plaintiff and third-parties. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have provided no factual support for any of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, you do not have standing to assert the interests of third parties, and your objection on that basis is plainly invalid. Third, Plaintiff has an expectation of privacy in the content of a telephone conversation not the fact that the conversation occurred. *E.g., Reporters Comm. For Freedom of the Press v. Am. Tel. & Tel. Co.*, 593 F.2d 1030, 392 (D.C. Cir. 1978). Defendants seek only evidence that the calls occurred not their contents. Fourth, the information sought is relevant to claims and defenses in this litigation. Defendants terminated Plaintiff for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's phone records would verify that Plaintiff was using her home telephone when she should have been at InterSolutions' office or visiting client sites. Fifth, the fact that the Court found this language in a subpoena to be overbroad does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept records of calls received by Plaintiff's personal home telephone or placed by Plaintiff's personal home telephone during normal business hours (between 8:00 a.m. and 6:00 p.m.) on non-holiday weekdays from January 1, 2005, through August 1, 2006.

Request 2 requested: "All monthly credit card statements for all your credit card accounts between January 1, 2005, and August 1, 2006." You objected to this request "because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have provided no factual bases for any of your objections as required

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 10

by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request properly seeks information relevant to claims and defenses in this litigation. Defendants terminated Plaintiff for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's credit card statements for the time period requested would verify that Plaintiff used her credit card for personal reasons when she should have been at InterSolutions' office or visiting client sites. The statements would also pinpoint the locations of the purchases, which would further prove Plaintiff's misconduct. Third, the fact that the Court found this language in a subpoena to be overbroad does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all of Plaintiff's monthly credit card statements for all of Plaintiff's credit card accounts between January 1, 2005, and August 1, 2006, so long as the statements show every purchase made during regular business hours (8:00 am to 6:00 p.m.) on non-holiday weekdays.

Request 3 requested: "For Dr. Bruce Lundeen, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006." You indicated that Plaintiff would produce these documents after a protective order is entered in the case. Per the introductory paragraph of this letter, Defendants stipulate to treat this information as Confidential until a protective order is in place. Please produce records responsive to this request.

Request 4 requested: "For Dr. David A. Schreiner, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006." You indicated that Plaintiff would produce these documents after a protective order is entered in the case. Per the introductory paragraph of this letter, Defendants stipulate to treat this information as Confidential until a protective order is in place. Please produce records responsive to this request.

Request 5 requested: "For Dr. Robert C. Wagner, M.D., all medical records, bills and receipts for payment from December 1, 2003, through September 1, 2006." You indicated that Plaintiff would produce these documents after a protective order is entered in the case. Per the introductory paragraph of this letter, Defendants stipulate to treat this information as Confidential until a protective order is in place. Please produce records responsive to this request.

Request 6 requested: "All bills, statements and records chronicling incoming and outgoing calls placed or received by the Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, indicating the geographic location where each call was placed and

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 11

received." You objected to this request "because it is overly broad and invades the privacy of both Plaintiff and third-parties. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have provided no factual bases for any of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, you do not have standing to assert the interests of third parties, and your objection on that basis is plainly invalid. Third, this request seeks information relevant to claims and defenses in this case. Defendants terminated Plaintiff for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's mobile phone records would verify that Plaintiff was using her mobile telephone during work hours for non-work related purposes. Fourth, the fact that the Court found this language in a subpoena to be overbroad does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all bills, statements and records chronicling Plaintiff's Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, so long as the bills, statements and records indicate the time and geographic location of every incoming call and outgoing call that was received or placed by Plaintiff's Sprint mobile telephone, between March 1, 2004, and September 1, 2006, while Plaintiff's mobile telephone was at a location outside of Washington, D.C.

Request 7 requested: "All monthly statements of account, balance statements, and all other documents detailing your account with Strategic Federal Credit Union between December 1, 2003, and December 1, 2006." You objected to this request because "it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have not explained with the required specificity how this request is "overly broad." *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to claims and defenses in this litigation. Plaintiff was terminated by InterSolutions for good cause for, among several other reasons, excessive absences from the office during work hours. Plaintiff alleges she regularly worked remotely, but Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. Plaintiff's monthly statements of account, balance statements, and all other documents detailing her account with Strategic Federal Credit Union would verify that Plaintiff used her debit card for personal reasons when she should have been at InterSolutions' office or visiting client sites. The statements would also pinpoint the locations of any purchases or ATM withdrawals. Third, the

## KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 12

fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of Plaintiff's monthly statements of account, balance statements, and all other documents detailing her account with Strategic Federal Credit Union between December 1, 2003, and December 1, 2006, so long as the data shows every debit card purchase or ATM withdrawal made during normal working hours (8:00 a.m. to 6:00 p.m.) on non-holiday weekdays.

Request 8 requested: "All electronic mail messages sent to or from your America Online email address llgreen311@aol.com between January 1, 2006, and August 1, 2007." You objected to the request because it is is overly broad, seeks documents which are not reasonably calculated to lead to the admission of discoverable evidence, invades Plaintiff's privacy, seeks attorney-client privileged documents, and not appropriately limited pursuant to the Court's August 29, 2007, order. Your objections are not well taken. First, you have provided no factual support for any of your objections as required by the federal Rules of Civil Procedure. *See United States ex rel. Pogue v. Diabetes Treatment Center*, 235 F.R.D. 521, 523 (D.D.C. 2006); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the contents of Plaintiff's emails are relevant to claims and defenses in this litigation. On information and belief, Plaintiff emailed Defendants' trade secrets from her InterSolutions' email address to her America Online (AOL) email address and distributed InterSolutions' trade secrets to others from her AOL address. The emails sought through this request would pinpoint the date and time when Plaintiff emailed Defendants' trade secrets and other confidential information to her personal email address. Third, the fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept copies of all email messages sent to Plaintiff's AOL email address (llgreen311@aol.com) between January 1, 2006, and August 1, 2007, from any email address ending in "intersolutionsinc.com" *and* copies of all email messages sent from Plaintiff's AOL email address (llgreen311@aol.com) between January 1, 2006, and August 1, 2007, that contain, in the text or in an attachment to the email, at least two InterSolutions client or employee names or addresses. This limitation should adequately protect Plaintiff's privacy and concerns. We note in advance that under the crime-fraud exception to the attorney-client privilege, Defendants' would take exception to Plaintiff withholding any emails meeting the above definition on privilege grounds.

Request 9 requested: "All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Capital Club Card and corresponding Capital Club Account with Dover Downs." You objected to this request "because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the

## KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 13

Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have not explained how or why this request is overly broad, as required under the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to Defendants' defenses in this litigation. Plaintiff was terminated by InterSolutions for good cause for, among several other reasons, excessive absences from the office during work hours. Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require medical leave. On good information and belief, Plaintiff spent time during regular working hours at Dover Downs during times she said she was working remotely or visiting client sites. Documents detailing Plaintiff's account would verify that Plaintiff was gambling at Dover Downs when she should have been at InterSolutions' office or visiting client sites. Third, this request does not invade Plaintiff's privacy interests. Plaintiff has previously stated in this litigation that she has gambled at Dover Downs. *See* Plaintiff's Response to Interrogatory 1 of Defendants' Second Set of Interrogatories. Defendants only seek records detailing Plaintiff' activity at Dover Downs to pinpoint the dates and times she was gambling there. In any case, the records sought by this request are, as a matter of law, the business records of Dover Downs, *Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980), and Plaintiff cannot legitimately claim to have a privacy interest in Dover Downs' records. Finally, the fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed. Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information. Therefore, we are prepared to accept redacted copies of all documents, balance statements and statements of account or activity from May 1, 2004, through September 1, 2006, for Plaintiff's Capital Club Card and corresponding Capital Club Account with Dover Downs so long as the documents show all gambling activity conducted at Dover Downs during regular business hours (8:00 a.m. to 6:00 p.m.) on non-holiday weekdays.

Request 10 requested: "All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots." You objected to this request "because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited." Your objections are not well taken. First, you have not explained how or why this request is overly broad, as required under the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, this request seeks information relevant to Defendants' defenses in this litigation. Plaintiff was terminated by InterSolutions for good cause for, among several other reasons, excessive absences from the office during work hours. Defendants have good reason to believe that during regular work hours, Plaintiff frequently tended to personal matters wholly unrelated to any reason for which Plaintiff would require

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 14

medical leave.  On good information and belief, Plaintiff spent time during regular working hours at Charles Town Races and Slots during times she said she was working remotely or visiting client sites.  Documents detailing Plaintiff's account would verify that Plaintiff was gambling at Charles Town Races and Slots when she should have been at InterSolutions' office or visiting client sites.  Third, this request does not invade Plaintiff's privacy interests.  Plaintiff has previously stated in this litigation that she has gambled at Charles Town Races and Slots. *See* Plaintiff's Response to Interrogatory 1 of Defendants' Second Set of Interrogatories. Defendants only seek records detailing Plaintiff' activity at Charles Town Races and Slots to pinpoint the dates and times she was gambling there.  In any case, the records sought by this request are, as a matter of law, the business records of Charles Town Races and Slots, *Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980), and Plaintiff cannot legitimately claim to have a privacy interest in Charles Town Races and Slots' records. Finally, the fact that the Court found this language in a subpoena to be objectionable does not render this document request fatally flawed.  Plaintiff has a duty to respond to the document request to the extent that it seeks non-objectionable information.  Therefore, we are prepared to accept redacted copies of all documents, balance statements and statements of account or activity from May 1, 2004, through September 1, 2006, for Plaintiff's Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots so long as the documents show all gambling activity conducted at Charles Town Races and Slots during regular business hours (8:00 a.m. to 6:00 p.m.) on non-holiday weekdays.

### *Defendants' Sixth Request for Production of Documents*

Request 2 requested:  "All records or documents reflecting any deductions you claimed from the U.S. Internal Revenue Service for the tax years 2004, 2005, and 2006."  You objected to this request "because it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request because it invades the privacy of Plaintiff." You refused to produce the requested documents.  Your objections are not well taken.  First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).  Second, Plaintiff has agreed to produce all W-2s from sources other than Defendants thereby calling into doubt the genuineness of Plaintiff's privacy objections to this request. *See* Plaintiff's Response to Request Number 3 of Defendants' Second Request for Production of Documents.  Third, the information sought by this request is relevant to claims or defenses in this litigation and is therefore discoverable.  We know that Plaintiff used her private mobile phone for business purposes.  However, that use was never authorized or condoned by InterSolutions. This request seeks to verify whether Plaintiff ever claimed a deduction for using her cell phone for business purposes.  Please reconsider your objections and produce responsive documents.

Request 3 requested:  "All records or documents reflecting any deductions you claimed from the Virginia Department of Taxation for the tax years 2004, 2005, and 2006."  You objected to this request "because it is not reasonably calculated to lead to the discovery of

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
October 17, 2007
Page 15

admissible evidence. Plaintiff further objects to this request because it invades the privacy of Plaintiff." You refused to produce the requested documents. Your objections are not well taken. First, you have not explained with the required specificity the bases of your objections as required by the Federal Rules of Civil Procedure. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Second, the information sought is relevant to claims or defenses in this litigation and is therefore discoverable. We know that Plaintiff used her private mobile phone for business purposes. However, that use was never authorized or condoned by InterSolutions and that use goes to the issue of Plaintiff's unauthorized absences from work. This request seeks to verify whether Plaintiff ever claimed a deduction for using her cell phone for business purposes. Please reconsider your objections and produce responsive documents.

Sincerely,

Manesh K. Rath

c:    Drew Golin
      John Wagithuku

**EXHIBIT L**

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

——————

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

November 6, 2007

**Via Email and U.S. First Class Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

*Re: Green v. InterSolutions, Inc.*

Dear Manesh:

We write in response to your letter of October 17, 2007 alleging deficiencies in Plaintiff's responses to Defendants' requests for production of documents and your October 29, 2007 letter alleging deficiencies in Plaintiff's responses to interrogatories.

Regarding your proposal that we produce documents prior to Judge Kay's approval of the proposed protective order, we will agree to produce documents marked as confidential only if Defendants abide by their stipulation articulated in your October 17, 2007 letter that you will "treat all Confidential documents as if they were produced under the proposed protective order . . . ." Plaintiff also expects that any medical records Defendants have received pursuant to their subpoenas be treated as if they were marked confidential and produced under the proposed protective order. Plaintiff similarly stipulates to treat all Confidential documents currently withheld by Defendants as if they were produced under the proposed protective order. Upon receipt of Defendants' production of all such confidential documents, Plaintiff will produce confidential documents she has withheld on this basis.

Regarding your assertion that Plaintiff has not complied with Fed. R. Civ. P. 34(b)(i), you are mistaken. The Rule requires that a party producing documents for inspection "shall produce them as they are kept in the usual course of business **or** shall organize and label them to correspond with the categories in the request . . . ." Fed. R. Civ. P. 34 (b)(i) (emphasis added). Because Plaintiff produced the documents as they are normally kept in the course of her personal affairs, she has complied with the rule. In any event, in the spirit of compromise, Plaintiff will provide a supplement to her initial responses to Defendants' requests for production of documents which identifies which documents were produced in response to which request(s).

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

**Defendants' First Request for Production of Documents (issued July 27, 2007):**

Request No. 1: Plaintiff has produced all documents in her possession referenced or specifically identified in her Rule 26(a)(1) initial disclosures.

Request No. 2: Notwithstanding Plaintiff's objections, which she maintains, Plaintiff will produce documents responsive to this request.

Request No. 3: Plaintiff has produced all documents responsive to this request; no documents have been withheld based on the stated objections.

Request No. 4: Plaintiff has produced all documents responsive to this request. No documents have been withheld based on the stated objections.

Request Nos. 5-8: Plaintiff maintains her objections and will produce her W-2 tax forms subject to the protective order that is approved by Judge Kay. Plaintiff's W-2s will contain all necessary information needed for Defendants to assess Plaintiff's damages. Plaintiff disagrees that her Rule 26(a)(1)(C) disclosures were insufficient. As stated therein, damages cannot yet be calculated because, *inter alia*, Plaintiff requires discovery to ascertain her damages. This allegation is particularly surprising given that Defendants only offered an estimation of damages related to their defamation counterclaim; Defendants failed to make any statement at all regarding damages alleged for their other six counterclaims, only a statement that their initial disclosures would be supplemented "on an ongoing basis." No such supplementation has occurred.

**Defendants' Second Request for Production of Documents**

Request Nos. 1-3: Plaintiff maintains her objections. To the extent Defendants seek documents establishing Plaintiff was employed by, for, or on behalf of an organization or employer other than Defendants while working for Defendants, no such documents exist. As previously stated, Plaintiff will produce her W-2 tax forms subject to the protective order that is approved by Judge Kay. Plaintiff's W-2s will contain all necessary information needed for Defendants to assess Plaintiff's damages and her efforts to mitigate such damages.

Request No. 4: Plaintiff maintains her objections. However, Plaintiff will produce her W-2 statements received from sources other than Defendants after her termination by Defendants subject to the protective order that is approved by Judge Kay.

Request Nos. 5-6: Plaintiff maintains her objections. This request is so broad that it could include all daily correspondence between Plaintiff and her current employer. However, Plaintiff will produce any documents related to applications for employment in the calendar years 2006 and 2007 shortly.

Request No. 7: Plaintiff maintains her objections. This request is so broad it is difficult for Plaintiff to determine what information Defendants seek. To the extent Defendants seek documents establishing Plaintiff was employed by, for, or on behalf of an organization or

employer other than Defendants while working for Defendants, no such documents exist. As previously stated, Plaintiff will produce her W-2 tax forms subject to the protective order that is approved by Judge Kay. Plaintiff's W-2s will contain all necessary information needed for Defendants to assess Plaintiff's damages and her efforts to mitigate such damages. If Defendants would like to further clarify this request, Plaintiff will respond accordingly.

Request No. 8: Plaintiff maintains her objections. This request is so broad it is difficult for Plaintiff to determine what information Defendants seek. To the extent Defendants seek documents establishing Plaintiff was employed by, for, or on behalf of an organization or employer other than Defendants while working for Defendants, no such documents exist. As previously stated, Plaintiff will produce her W-2 tax forms subject to the protective order that is approved by Judge Kay. Plaintiff's W-2s will contain all necessary information needed for Defendants to assess Plaintiff's damages and her efforts to mitigate such damages. If Defendants would like to further clarify this request, Plaintiff will respond accordingly.

Request No. 9: Plaintiff maintains her objections. The request is worded so broadly that it does not appear to be tailored to the claims and defenses in this lawsuit. Obviously, any witness statements not related to the claims and defenses in this lawsuit are not discoverable and Plaintiff objects to the request for that reason, among the others stated. To the extent Plaintiff's counsel collects any such statements for preparation of Plaintiff's case for trial, they are protected by the work product doctrine.

**Defendants' Fourth Request for Production of Documents**

Request No. 1: Plaintiff has requested information responsive to this request from her doctors and will produce the responsive information subject to the protective order approved by Judge Kay.

Request No. 2: Plaintiff is requesting information responsive to this request from her insurance providers and will produce the responsive information subject to the protective order approved by Judge Kay.

**Defendants' Fifth Request for Production of Documents**

Request No. 1: Plaintiff maintains her objections to this request. However, subject to the narrowing of this request in your October 17, 2007 letter, Plaintiff is requesting information responsive to this request from her telephone carrier and will produce responsive information, with appropriate redactions, when it is received. As you are well aware, Judge Sullivan rejected your argument that Ms. Green does not have standing to raise these privacy concerns and, indeed, because of such privacy concerns quashed the subpoena served for her cell phone records. *See* Judge Sullivan's August 29, 2007 Order.

Request No. 2: Plaintiff maintains her objections. The information sought, if revealed, would constitute a gross invasion of Ms. Green's privacy. The overbroad requests seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 3:  Plaintiff maintains her objections to this request.  However, Plaintiff has requested these documents from Dr. Lundeen and will produce such documents reflecting medical treatment sought and received through September 1, 2006, subject to the protective order approved by Judge Kay, upon receipt of same.

Request No. 4:  Plaintiff maintains her objections to this request.  However, Plaintiff has requested documents from Dr. Schreiner and will produce such documents reflecting medical treatment sought and received through September 1, 2006, subject to the protective order approved by Judge Kay, upon receipt of same.

Request No. 5:  Plaintiff maintains her objections to this request.  However, Plaintiff has requested these documents from Dr. Wagner and will produce such documents reflecting medical treatment sought and received through September 1, 2006, subject to the protective order approved by Judge Kay, upon receipt of same.

Request No. 6:  Plaintiff maintains her objections to this request.  However, pursuant to your amended request, Plaintiff is requesting documents from Sprint and will produce responsive documents, dated through August 1, 2006, in redacted form, upon receipt. As you are well aware, Judge Sullivan rejected your argument that Ms. Green does not have standing to raise these privacy concerns and, indeed, because of such privacy concerns quashed the subpoena served for these records.  *See* Judge Sullivan's August 29, 2007 Order.

Request No. 7:  Plaintiff maintains her objections.  The information sought, if revealed, would constitute a gross invasion of Ms. Green's privacy.  The overbroad requests seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 8: Plaintiff maintains her objections.  Pursuant to your amended request, Plaintiff is in the process of gathering the responsive documents in her possession and will produce emails sent to Plaintiff's AOL account through August 1, 2006.   However, any emails sent to or from an InterSolutions' email address should already be in the possession or control of Defendants.  Plaintiff will produce emails sent from her AOL account that contain at least two InterSolutions' client or employee names other than Plaintiff's, so long  as the email relates in some way to InterSolutions' business and/or the claims and defenses in this lawsuit.  Plaintiff will not produce any privileged documents.  Please explain your statement that Plaintiff may not withhold attorney-client privileged communications due to the crime-fraud exception.

Request No. 9:  Plaintiff maintains her objections.  However, pursuant to your amended request, Plaintiff is gathering the responsive documents in her possession and requesting responsive documents from Dover Downs.  Plaintiff will produce the responsive documents upon receipt of same.

Request No. 10:  Plaintiff maintains her objections.  However, pursuant to your amended request, Plaintiff is gathering responsive documents in her possession and requesting responsive documents from Charles Town Races and Slots.  Plaintiff will produce the responsive documents upon receipt of same.

**Defendants' Sixth Request for Production of Documents**

Request No. 2: Plaintiff maintains her objections. Your October 17, 2007 letter indicates that such documents are sought to establish whether Plaintiff ever claimed a deduction for using her cell phone for business purposes. No such documents exist, because Plaintiff never claimed a deduction for using her cell phone for business purposes.

Request No. 3: Plaintiff maintains her objections. Your October 17, 2007 letter indicates that such documents are sought to establish whether Plaintiff ever claimed a deduction for using her cell phone for business purposes. No such documents exist, because Plaintiff never claimed a deduction for using her cell phone for business purposes.

**Defendants' Interrogatories**

First of all, none of Plaintiff's interrogatory responses were provided "without objection," as you contend. Plaintiff's Interrogatory Responses include ten objections on pages two and three, under the heading "General Objections," which are not waived by Plaintiff's responses. See Plaintiff's Responses to Defendants' First Set of Interrogatories. These objections were made to each of Defendants' Interrogatories.

Interrogatory No. 2: Plaintiff maintains her objections. Plaintiff will supplement her response with the telephone number of her current employer and her salary.

Interrogatory No. 3: Definition 10(d) is a definition regarding Plaintiff's employer, but Interrogatory No. 3 requests information about potential employers. Therefore, definition 10(d) is inapplicable and there is nothing to supplement.

Interrogatories No. 5: Defendants' misnumbering of these requests caused some confusion on Plaintiff's part and resulted in the inadvertent omission of Plaintiff's response to Defendants' first Interrogatory No. 5. Plaintiff maintains the general objections made in response to all of Defendants' Interrogatories. Plaintiff responds as follows:

Plaintiff seeks awards of back pay, front pay, lost benefits, and other equitable relief, as well as nominal damages, compensatory damages, punitive damages, and attorneys' fees and expenses. At this time, however, damages cannot be fully calculated because, *inter alia*, Plaintiff requires discovery to ascertain her damages. Plaintiff will supplement this information in accordance with the scheduling order and as discovery proceeds.

Plaintiff will formally supplement her response shortly.

Interrogatory No. 7: Plaintiff has no other accounts of any kind, including no retirement accounts, 401(k) accounts, or other accounts that would fall within the scope of this request.

Interrogatory No. 8: Defendants have subpoenaed all of Plaintiff's medical records and therefore have access to all of the information requested in this Interrogatory. Plaintiff refers Defendants to such records. Once Plaintiff receives her medical records, she will supplement

*Manesh Rath, Esq.*
*November 6, 2007*
*Page 6 of 6*

this response.

Sincerely,

Lori B. Kisch

Enclosures

cc:     Susan Huhta, Esq.
        Katherine Gillespie, Esq.

**EXHIBIT M**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Linda Green, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-cv-00298-EGS |
| | ) | |
| InterSolutions, Inc., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Defendants InterSolutions, Inc., Drew Golin, and Sara Walder, through undersigned counsel, pursuant to Fed. R. Civ. P. 26 and 33, request Plaintiff Linda Green to fully and completely answer the interrogatories set forth below, and to serve written answers to the offices of Keller and Heckman LLP, 1001 G Street, NW, Suite 500 West, Washington, D.C., 20001 within 30 days after the service of these Interrogatories.

## DEFINITIONS

The following terms have the following meanings in this set of Interrogatories:

1.     "Person" includes natural persons, corporations, partnerships (limited or general), associations, joint ventures, committees, groups, governments (including agencies and subdivisions), quasi-public entities, and any other entities, including their directors, officers, employees, subsidiaries, affiliates, related entities, and agents.

2.     "You" and "your" and "Plaintiff" means Linda Green and all other persons acting

or purporting to act on her behalf, including, but not limited to, her attorneys. "You" and "your" also means any business entity in which you have ownership, managerial responsibility, or in which you are otherwise a principal.

3.    "Defendants" means InterSolutions, Inc, Drew Golin, and Sara Walder.

4.    "Document" means any written, printed, typed, or other graphic or photographic matter of any nature, however produced or reproduced, any audio or video or other type of mechanical and electronic recordings, whether recorded by magnetic tape, disc, video, film, microfilm, microfiche, or transcripts thereof from whatever source, and any data or information input into any computer system, contained in any memory system of any computer or contained on computer disk or similar computer data retention device, electronic mail or e-mail, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. "Document" includes the original and every draft or copy, where such draft or copy is not an identical duplicate of the original, or where such draft or copy contains any commentary or notation whatsoever that does not appear on the original.

5.    "Communicate" or "communication" means every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise.

6.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

7.    "And" and "or" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of these interrogatories any relevant information that might otherwise be outside its scope.

8.    "All" and "each" shall be construed as all and each.

9.    The use of the singular form of any word includes the plural and vice versa.

10.    "Identify" and "identification" shall mean:

(a.)    when used in reference to an individual person, to state with particularity his or her full name, present or last known residential address and telephone number, present or last known business address and telephone number, business title, and business affiliation;

(b.)    when used in reference to a person other than an individual, such as an employer, to state with particularity its full name, form of organization, present or last known address or principal place of business and telephone number, address and telephone number of place of business during the period covered by these interrogatories, the type and nature of its business, and the names of the individual persons who are or were principals during the period relevant to this suit, agents, or employees and who have knowledge of relevant facts;

(c.)    when used in reference to a communication, to state with particularity the date of the communication, the place where the communication occurred (e.g., telephone conversation, meeting), the substance and content of the communication, the identity of each person who made a statement, the statement, the identity of each person who received a statement, and the identity of each person present during the communication.

(d.)    when used in reference to Plaintiff's employer, state the name, address,

3

and telephone number of the employer; the dates of employment; salary earned; name of supervisor; and, reason for leaving.

11.     "Describe" when used in reference to an event or incident or communication shall mean to state the date, time, and details with particularity of the event or incident or communication and identify all persons who witnessed the event or incident.

12.     "Particularity" shall mean being specific rather than general; an exactitude of detail, especially in description; an attention to, or concern with detail.

13.     "Financial Accounts" shall mean any and all savings accounts; checking accounts; credit card accounts; retirement accounts.  Information provided with respect to Financial Accounts shall include account numbers and associated financial institutions.

## INSTRUCTIONS

1.     With respect to any communication for which you claim a privilege, identify the nature of the privilege asserted, the general subject matter of the communication, the date of the communication, the parties to the communication, where not apparent, the relationship of the parties to the communication, and the identity of every other person who has ever been privy to the communication.  Provide this information in a separate list.

2.     If you are unable to fully and completely answer an interrogatory, you are requested to answer that or those portion(s) of the interrogatory you are able to respond to fully and completely and state the reasons for your inability to respond to the remainder.

3.     All interrogatories seek information for a time period between January 1, 2005 and the present date unless a particular interrogatory specifically states otherwise.

4

## INTERROGATORIES

1.      Identify all medical professionals (including, but not limited to all doctors, physicians, psychiatrists, psychologists or any other medical professional) from which Plaintiff has sought treatment for symptoms or conditions relating to any fact(s) alleged in Plaintiff's Amended Complaint. *See* ¶ 10(d) of the Definitions section.

2.      Identify with particularity each job that Plaintiff has held since her separation from InterSolutions, Inc. *See* ¶ 10(d) of the Definitions section.

3.      Identify with particularity each potential employer to which Plaintiff applied for employment since leaving InterSolutions, Inc. *See* ¶ 10(d) of the Definitions section.

4.      Identify with particularity all employers for whom plaintiff has worked in the past ten (10) years. *See* ¶ 10(d) of the Definitions section.

5.      Identify with particularity a computation of any category of damages claimed by Plaintiff, particularly those referenced in ¶¶ 79, 80, 85, 86, 101, 102, 110, 111, 116, 117, 131, 132, 140, 141, 148, 149, and 150.

5.      Identify with particularity all Financial Accounts that bear Plaintiff's name; over which Plaintiff exerts control; into which Plaintiff has deposited funds; or out of which Plaintiff has withdrawn funds since January 1, 2005.

6.      Identify with particularity all persons (as that term is used in ¶ 1 of the Definitions section) that have provided telephone service to Plaintiff from January 2003 to the present, including the name, address and telephone number of the telephone service provider, Plaintiff's telephone number with each provider, and Plaintiff's account number with each provider.

7.    Identify with particularity, including account numbers, all financial institutions that currently hold any assets of Plaintiff, including, but not limited to, savings accounts, checking accounts and retirement accounts.

8.    Describe with particularity the dates for which Plaintiff sought leave from InterSolutions, Inc., for medical treatment between January 1, 2005, and the termination of your employment, and the dates for which leave was denied.

Respectfully submitted,
KELLER AND HECKMAN LLP

Date: August 2, 2007

Manesh K. Rath, Esquire (D.C. Bar No. 457835)
1001 G Street, N.W., Suite 500 W
Washington, D.C. 20001-4564
(202) 434-4182 (telephone)
(202) 434-4646 (facsimile)

Counsel for Defendants

6

## CERTIFICATE OF SERVICE

I certify that on August 2, 2007, a copy of the foregoing Defendants' First Set of

Interrogatories was served via FedEx on the following individuals:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009

Counsel for Plaintiff

Susan E. Huhta
Washington Lawyer's Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036

Counsel for Plaintiff

_____
Manesh K. Rath

7

**EXHIBIT N**

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

LINDA GREEN,                    )

       Plaintiff,              )

                       )

v.                             )

INTERSOLUTIONS, *et al.*        )

       Defendants.             )

                       )

CIVIL NO: 1:07CV00298-EGS

JURY TRIAL DEMANDED

## PLAINTIFF LINDA GREEN'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERRROGATORIES

**COMES NOW** Plaintiff, Linda Green, and objects/responds to the Defendants' specific Interrogatories as follows:

### GENERAL CONDITIONS

1.    The provision of any information in connection with these discovery responses does not constitute an admission that such information, or any part of such information, is either material or relevant to any issue in this case or is admissible in any proceeding, including trial, in this action.

2.    The Plaintiff makes the disclosures herein based on information reasonably available and expressly reserves the right (a) to object to the admissibility of any information or documents produced in connection with such response in any proceeding, including trial, in this action, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such modification.

3.    The responses herein are based on information or documents presently available to the Plaintiff. Investigation and discovery are presently continuing, however, and additional

information pertinent to these requests for documents may well be disclosed as a result of such ongoing and continuing investigation.

**GENERAL OBJECTIONS**

1.    The Plaintiff objects to the definitions and instructions accompanying these discovery requests to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.    The Plaintiff objects to these interrogatories to the extent that they are overly broad and/or unduly burdensome and seek information regarding matters about which the Defendants have knowledge.

3.    The Plaintiff objects to these interrogatories to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

4.    The Plaintiff objects to these interrogatories to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiff.

5.    The Plaintiff objects to these interrogatories to the extent that the documents sought, if any, were obtained and/or prepared in anticipation of litigation, and the Defendants have not made the required showing of substantial need for the documents or information or that the substantial equivalent of such documentation or information is unobtainable by other means. The Plaintiff further objects to these interrogatories to the extent that the documents or information called for, if any, are privileged and are not discoverable under Fed. R. Civ. P. Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

6.    The Plaintiff objects to these interrogatories to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    The Plaintiff objects to these interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad and/or unduly burdensome.

8.    The Plaintiff objects to these interrogatories to the extent that they seek documents or information regarding matters which are not at issue in this action.

9.    The Plaintiff objects to these interrogatories to the extent that they do not place any temporal limits on the interrogatories and/or seek documents or information covering an unreasonably long time period.

10.    Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below.  By responding to any of the interrogatories, the Plaintiff does not waive any of the foregoing General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO
## DEFENDANTS' FIRST SET OF INTERROGATORIES

***Interrogatory No. 1:***  *Identify all medical professionals (including, but not limited to all doctors, physicians, psychiatrists, psychologists or any other medical professional) from which Plaintiff has sought treatment for symptoms or conditions relating to any fact(s) alleged in Plaintiff's Amended Complaint.  See ¶ 10(d) of the Definitions section.*

**ANSWER:**  I have seen the following doctors:

W. Bruce Lundeen, M.D.
1701 North George Mason Drive
Arlington, VA 22205

David A. Schreiner, M.D.
611 S. Carlin Spring Road, #405
Arlington, VA 22204

3

Robert C. Wagner, M.D.
1635 N. George Mason Drive, Suite 140
Arlington, VA 22205

***Interrogatory No. 2:***  *Identify with particularity each job that Plaintiff has held since her separation from InterSolutions, Inc.  See ¶ 10(d) of the Definitions section.*

**ANSWER:**  From March 2007 to the present, I have worked as Office Manager / Coordinator at the American Cancer Society, located at 124 Park Street, SE, Vienna, VA 22180. The telephone number is (703) 938-5550.  My annual salary is $40,000.

***Interrogatory No. 3:***  *Identify with particularity each potential employer to which Plaintiff applied for employment since leaving InterSolutions, Inc.  See ¶ 10(d) of the Definitions section.*

**ANSWER:**  Since I left InterSolutions, Inc., I have applied for employment with many employers, including the following: AA Temps / Ardelle Financial, American Association of Pharmaceutical Scientists, American Cancer Society, Argon Engineering, B.H. Griner Associates, CACI, Career Concepts USA, Columbus Club of Arlington, Consolidated Engineering Services, Inc, Eagle Hill Consulting, Emerging Markets Group, ESI International, Guest Services, Inc., Industrial Research Institute, Inc., IOS, National Telecommunications Cooperative Association, NRECA, Pearson, Saavantage, SAIC, Shugard, Signature Theatre, Sparks Personnel, Systems Integration, The Wexford Group International, Virginia Hospital Center, and Washington Post: Newsweek Interactive.

***Interrogatory No. 4:***  *Identify with particularity all employers for whom plaintiff has worked in the past ten (10) years.  See ¶ 10(d) of the Definitions section.*

**OBJECTION:**  Plaintiff objects to the extent that the request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:**  Subject to Plaintiff's objection, Plaintiff directs Defendants to LG00210-211 attached hereto which identifies the employers for whom I have worked over the past ten years.

*See also* Response to Interrogatory No. 2.

***Interrogatory No. 5:***  *Identify with particularity a computation of any category of damages claimed by Plaintiff, particularly those referenced in ¶¶ 79, 80, 85, 86, 101, 102, 110, 111, 116, 117, 131, 132, 140, 141, 148, 149, and 150.*

**ANSWER:**  Plaintiff seeks awards of back pay, front pay, lost benefits, and other equitable relief, as well as nominal damages, compensatory damages, punitive damages, and attorneys' fees and expenses.  At this time, however, damages cannot be fully calculated because, *inter alia*, Plaintiff requires discovery to ascertain her damages.  Plaintiff will supplement this information in accordance with the scheduling order and as discovery proceeds.

4

***Interrogatory No. 5:*** *Identify with particularity all Financial Accounts that bear Plaintiff's name; over which Plaintiff exerts control; into which Plaintiff has deposited funds; or out of which Plaintiff has withdrawn funds since January 1, 2005.*

**OBJECTION:** Plaintiff objects to this interrogatory to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**ANSWER:** I have savings and checking accounts at Strategic Federal Credit Union, located at 7700 Arlington Blvd, Falls Church, VA 22042, and a checking account with Bank of America, 6307 Arlington Blvd, Falls Church, VA 22044.

***Interrogatory No. 6:*** *Identify with particularity all persons (as that term is used in ¶ 1 of the Definitions section) that have provided telephone service to Plaintiff from January 2003 to the present, including the name, address and telephone number of the telephone service provider, Plaintiff's telephone number with each provider, and Plaintiff's account number with each provider.*

**OBJECTION:** Plaintiff objects to the extent that this interrogatory requests information that is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:** Subject to Plaintiff's objection Plaintiff answers as follows: I have a cell phone with Sprint Communications Company and a home phone with Verizon at 703-200-7884 and 703-241-5899, respectively. I also had another cell phone with Sprint at number 703-585-7045, but it is no longer in service.

***Interrogatory No. 7:*** *Identify with particularity, including account numbers, all financial institutions that currently hold any assets of Plaintiff, including, but not limited to, savings accounts, checking accounts and retirement accounts.*

**OBJECTION:** Plaintiff objects to the extent that this interrogatory requests information which is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:** Subject to Plaintiff's objections, Plaintiff responds as follows: *See* Response to Interrogatory No. 5.

***Interrogatory No. 8:*** *Describe with particularity the dates for which Plaintiff sought leave from InterSolutions, Inc., for medical treatment between January 1, 2005, and the termination of your employment, and the dates for which leave was denied.*

**ANSWER:** In March 2006, I was away from work while receiving two mammograms. A few weeks afterwards, I was away from work while receiving a needle biopsy.

5

On June 9, 2006, I took a full day of PTO for surgery. The following Tuesday, June 12, 2006, I took a half-day of PTO. On June 13, 2006, I requested PTO for June 15, 2006 from John Wagithuku. *See* LG00010.

I took a full day of PTO on July 7, 2006 due to a second surgery.

In or around mid-July 2006, I requested from Wagithuku daily leave for approximately one hour per day for radiation treatments beginning July 31, 2006. I never received a response.

On July 24, 2006, I requested from Wagithuku approximately two to three hours of PTO for the following Wednesday, July 26, 2006. I did not receive a response. On July 26, 2006, I informed Wagithuku that I would need approximately two hours of PTO the following day. In this same e-mail, I repeated my request for daily leave. *See* LG00015-16.

*See also* documents produced in discovery.

Dated: 28th day of November, 2007

For objections only:

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
2031 Florida Ave, NW, Suite 300
Washington, DC 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*Attorneys for Plaintiff*

## VERIFICATION FOR INTERROGATORY RESPONSES

I, Linda Green, declare under penalty of perjury that the foregoing interrogatory responses are true and correct to the best of my present knowledge and recollection.

Executed on this __21__ day of November, 2007.


*Linda Lee Green*
[Signature]


LINDA LEE GREEN
[Print Full Name]

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via First Class U.S. Mail this 28th day of November, 2007, upon:

Manesh K. Rath
KELLER AND HECKMAN LLP
1001 G Street, NW
Suite 500 West
Washington, DC 20001

*Counsel for Defendants*

_____
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.: 1:07-cv-00298-EGS-AK |
| | ) | |
| INTERSOLUTIONS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## (PROPOSED) ORDER

It is hereby **ORDERED** this _____ day of _____, 2007, that Defendants' Motion to Compel Production of Documents is **GRANTED** in its entirety.

It is further **ORDERED** that Plaintiff shall pay Defendants' attorneys' fees and expenses associated with this Motion.  Defendants' fees and costs shall be itemized and submitted to the Court within ten days of the date of this Order.

**SO ORDERED.**


_____          _____
Date                           Judge Emmet G. Sullivan