IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil No. 1:07-cv-00298- EGS-AK |
| | ) |
| INTERSOLUTIONS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND TIME TO SERVE EXPERT REPORTS**

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned counsel (collectively "InterSolutions" or "Defendants"), hereby reply to Plaintiff's Opposition to Defendants' Motion to Extend Time To Serve Expert Reports.[1] (Dkt. No. 50).

**SUMMARY**

Contrary to Plaintiff's contention, Defendants' forensic computer consultant, Mr. Phillip Rodokanakis, cannot finalize his opinions in this matter until he learns certain information from Plaintiff's deposition. Therefore, Mr. Rodokanakis should not be required to produce his expert report until 10 days after Plaintiff's deposition transcript becomes available.

Further, there is no merit to Plaintiff's contention that she will be prejudiced by the extension Defendants request. Defendants have agreed to extend the date for Plaintiff

---

[1] Plaintiff's Opposition to Defendants' Motion to Extent Time to Serve Expert Reports was improperly conflated with her Memorandum in Support of Her Motion for Order to Show Cause Why Defendants' Counsel Should Not Be Held In Contempt. Defendants are replying separately to that Memorandum.

to name experts and serve rebuttal reports for all counterclaims until two weeks and four weeks respectively, after Defendants serve their expert report. In addition, Plaintiff has repeatedly delayed scheduling her deposition thereby preventing Mr. Rodokanakis from forming his opinions in this matter. Thus, Plaintiff cannot possibly establish prejudice when she has in fact caused the delay.

## BACKGROUND

On November 16, 2007, Defendants filed a consent motion to extend the date for filing their expert witness report from November 16, 2007 to December 4, 2007. (Dkt. No. 43). Pursuant to this motion, Defendants also consented to Plaintiff's request for an extension of time to name rebuttal experts reports relating to Defendants' Computer Fraud and Abuse Act claim. This extension allowed Plaintiff to refrain from naming rebuttal experts until two weeks after the Court rules on Plaintiff's Motion to Dismiss Defendants' Counterclaims. The Court granted the Motion on November 28, thereby requiring Defendants to name experts by December 4, 2007. (Dkt. 44).

Despite Defendants' repeated attempts, Plaintiff still has not allowed Defendants to depose her. Because Defendants' consultant can not properly form his opinions without Plaintiff's deposition testimony, on December 4, 2007, Defendants filed a motion seeking to extend the deadline to serve expert reports until 10 days after Plaintiff's deposition transcript becomes available. (Dkt. No. 46). Plaintiff has opposed this motion and Defendants hereby reply to her opposition. (Dkt. No. 50).

Two days later after Defendants filed their motion to extend, Plaintiff filed a motion for a protective order requesting that her deposition be delayed until her pending

motion to compel is resolved. (Dkt. No. 47). The court granted this motion on December 7, 2007.

## ARGUMENT

### I. Mr. Rodokanakis Must Review Plaintiff's Deposition Testimony Before He Can Finalize His Opinions

Defendants have identified Mr. Rodokanakis as a potential expert to support their counterclaims against Plaintiff for improperly accessing, using and tampering with InterSoultions' computer systems and client lists. Mr. Rodokanakis is a computer forensics and data recovery expert. He is a Certified Fraud Examiner (CFE) with 30 years of international and domestic experience investigating computer related fraud and other crimes.

Mr. Rodokanakis examined Plaintiff's computer and determined that there are several potential explanations for his findings. In order to determine which explanation is accurate, it is imperative that Plaintiff respond to specific questions under oath at her deposition. Plaintiff's responses will illuminate a number of facts and allow Mr. Rodokanakis to finalize his opinions. He cannot, however, finalize his opinions without this information.

Further, Mr. Rodokanakis is presently a consulting expert and Defendants have the option of deciding not to identify him as a testifying expert. Thus, Defendants would be prejudiced if they are required to make a decision regarding whether to identify Mr. Rodokanakis as a testifying expert at a time when he lacks adequate information to form his opinions. Thus, Plaintiffs would be prejudiced if they were required, as Plaintiff suggests, to submit an incomplete expert report and later supplement it. Although

3

Defendants have repeatedly attempted to obtain the necessary information through Plaintiff's deposition, she has failed to make herself available to be deposed.

Courts have recognized that it is appropriate to delay expert discovery and expert reports where defendants' expert needs information from plaintiff's deposition to form his opinions. In *Enriquez v. Dept. of Corrections,* 2006 WL 3097770, *3 (E.D. Cal. Oct. 31, 2006), defendants retained consultants to evaluate plaintiff's alleged damages related to her claim that her son died as a result of Defendants' excessive force. Plaintiff then repeatedly failed to appear for her deposition. Defendants' consultants needed plaintiff's deposition testimony in order to form their opinions. The court held that, therefore, defendants could not proceed with expert discovery or provide expert reports in the absence of plaintiff's deposition. *Id.* The court ultimately dismissed plaintiff's case as a sanction for her repeated refusal to be deposed and provide the necessary information.

Likewise, in *BMC LLC v. Verlan Fire Ins. Co.,* 2006 WL 4111838 (W.D.N.Y. Sept. 26, 2006), a case involving property damage, the defendant filed a motion to extend the deadline for filing expert reports on the basis that plaintiff had failed to produce information related to the cost of repairing its roof. The court granted the motion, thereby extending the deadline for defendants to file expert reports until 30 days after plaintiff produced this information. The court held that such an extension was appropriate, because the information regarding the cost of repairing the roof might be been useful to defendant's expert when forming his opinions. *See also Tacuban v. Zienkiewicz,* 2007 WL 1482001 (D. Hi. May 15, 2007) (granting plaintiff's motion to extend the deadline to identify experts where defendant failed to provide documents he

referenced at his deposition and that were necessary for plaintiff's expert to properly form his opinions).

Similarly, Defendants' consulting expert cannot properly form his opinions in this matter in the absence of Plaintiff's testimony.  Thus, Defendants should be granted an extension of time to file expert reports until 10 days after Plaintiff's deposition transcript becomes available.

**II.     There is No Basis For Plaintiff's Argument That She Will Be Prejudiced By An Extension of the Deadline To Serve Expert Reports**

Plaintiff has failed to establish that she will be prejudiced by the extension Defendants seek.  In fact, it is ironic that Plaintiff would allege prejudice related to extending the deadline for Defendants to identify experts when Plaintiff is responsible for the fact that Mr. Rodokanakis has not yet finalized his opinions.

Specifically, Plaintiff has refused to appear for her deposition, thereby making it impossible for Defendants' consultant to obtain the information he needs to finalize his opinions.  While Defendants' notice of deposition for Plaintiff's deposition was pending, Plaintiff filed a motion for a protective order to postpone her deposition.

Further, Plaintiff will not be prejudiced because Defendants have agreed to extend the date for Plaintiff to name experts and serve rebuttal reports for all counterclaims until after Defendants serve their expert report.  Specifically, from the date Defendants serve their expert report, Plaintiff will have two weeks to identify her own experts and four weeks to serve expert reports.  Thus, Plaintiff will have ample time to identify and prepare her expert reports following Defendants' designation of their experts.  Plaintiff, therefore, has failed to establish that she will be prejudiced by the extension Defendants seek.

WHEREFORE, for the above-stated reasons and any other reason that may become known at a hearing on this matter, Defendants respectfully request that Defendants' Motion to extend time to serve expert reports be granted.

Dated: December 21, 2007

                                        Respectfully submitted,

                                        __/s/_ Manesh K. Rath_____
                                        Manesh K. Rath (D.C. Bar No. 457835)
                                        KELLER AND HECKMAN LLP
                                        1001 G Street, N.W.
                                        Suite 500 West
                                        Washington, D.C.  20001
                                        Tel: (202) 434-4182
                                        Fax: (202) 434-4646

                                        Counsel for Defendants

## CERTIFICATE OF SERVICE

  I hereby certify that on December 21, 2007, a copy of **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO SERVE EXPERT REPORTS** was served by CM/ECF software on the following individuals:

  WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC
  Timothy B. Fleming (D.C. Bar No. 351114)
  Lori B. Kisch (D.C. Bar No. 491282)
  2031 Florida Avenue, N.W.
  Washington, D.C. 20009
  Tel.: (202) 467-4123
  Fax:  (202) 467-4489


           ___/s/_ Manesh K. Rath_____
            Manesh K. Rath