**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LINDA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO: 1:07CV00298-EGS |
| | ) Judge Emmet G. Sullivan |
| | ) Magistrate Judge Alan Kay |
| | ) Status Conference: Feb. 6, 2008 |
| | ) |
| INTERSOLUTIONS, INC., *ET AL.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO QUASH PLAINTIFF'S SUBPOENA**

Plaintiff Linda Green, through her undersigned Counsel, hereby respectfully files this Opposition to Defendants' Motion to Quash her Subpoena.

**I.    BACKGROUND**

On November 21, 2007, Plaintiff's Counsel caused to be served a subpoena for documents on the expert identified by Defendants, Mr. Phillip Rodokanakis. *See* Ex. 1A, Subpoena. Defendants' counsel was also served with a copy of the subpoena that same day. *See* Ex. 1B, correspondence. The subpoena required Mr. Rodokanakis to produce documents identified in the Attachment to the Subpoena to Plaintiff's counsel by 12:00 p.m. on December 11, 2007. Ex. 1A. No documents were produced by Mr. Rodokanakis on December 11, 2007. Ex. 1, Kisch Decl. On December 12, 2007, Plaintiff's Counsel sent a letter to Mr. Rodokanakis informing him that he was in violation of the subpoena and that if the documents were not received by December 14, 2007, Plaintiff would seek the assistance of the Court to enforce the subpoena. *Id.*

1

On the afternoon of December 13, 2007, Mr. Rodokanakis called Counsel for Plaintiff Lori Kisch and informed her that the reason he had not complied with the subpoena was because Defendants' Counsel contacted him prior to December 7, 2007 and instructed him not to produce any documents. *Id.* Mr. Rodokanakis stated that he understood from Defendants' counsel that a Motion to Quash had already been filed and that was the reason he did not comply with the subpoena. *Id.* When Plaintiff's Counsel indicated that no motion to quash had been filed by Defendants, Mr. Rodokanakis stated that he would still not produce any documents because Counsel for Defendants continued to instruct him not to produce any responsive documents because Defendants intended to file such a motion in the future. *Id.* Up to that time, Plaintiff had no knowledge that Defendants objected to the subpoena or planned to file a motion to quash, despite the fact that both Mr. Rodakonakis and counsel for Defendants had been served with copies of the subpoena over three weeks prior and the time for compliance with the subpoena had passed.

On December 13, 2007, Plaintiff's Counsel emailed Defendants' Counsel, inquiring why he had interfered with the subpoena, and asked that he produce all documents responsive to the subpoena and/or confirm that he had instructed Mr. Rodokanakis to comply with the subpoena. Ex. 2, email correspondence. Defendants' Counsel responded that his firm had "informed Mr. Rodokanakis that we intend to file a motion to quash the subpoena he received." *Id.* Defendants' Counsel did not produce any documents nor confirm that he had instructed Mr. Rodokanakis to comply with the subpoena. *Id.* Counsel for Defendants inquired whether counsel for Plaintiff was "available to confer regarding that subpoena and whether, in light of our objections, you will be willing to withdraw your subpoena," and to let counsel for Defendants know "what times you might be available for that purpose." *Id.*

2

Plaintiff's counsel responded that defense counsel's interference with the subpoena was improper and that the subpoena would not be withdrawn, particularly where Defendants' counsel had not articulated what possible objections existed to the subpoena.  Ex. 3, email correspondence.  Plaintiff's counsel indicated that the parties could discuss the matter further on the conference call to occur that day.  *Id.*  Plaintiff's counsel then emailed Defendants' counsel twice on the morning of December 14, 2007, Exs. 3-4, email correspondence, in an attempt to schedule such a conference call, but received no response from Defendants' counsel until 5:09 p.m., at which time Defendants' counsel indicated he would respond further on Monday, December 17, 2007, Ex. 5, email correspondence.

On December 14, 2007, Plaintiff filed a Motion to Show Cause Why Defendants' Counsel Should Not Be Held in Contempt of Court and For Sanctions based on Defendants' counsel's improper interference with Plaintiff's subpoena.  Dkt. 51.  Approximately thirty-seven minutes later, Defendants filed their instant Motion to Quash Plaintiff's Subpoena.  Dkt. 52.

## II.    ARGUMENT

### A.    Defendants' Motion to Quash Should Be Denied As Completely Without Merit

Defendants' Motion should be denied.  Defendants cite no legal authority in support of their Motion, because Plaintiff's subpoena was entirely proper and no grounds exist for quashing it.

### 1.    Plaintiff's Subpoena Is Valid, Seeks Plainly Discoverable, Non-Privileged Information, and No Grounds Exist for Quashing It

Fed. R. Civ. P. 45 and 26 allow a party to subpoena (or otherwise discover) "any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1); *see also Watts v. S.E.C.,* 482 F.3d 501, 507 (D.C. Cir. 2007).  Courts have broad discretion to tailor or limit discovery when privacy or confidentiality interests are implicated, or

when the discovery annoys, embarrasses, or oppresses the opposing party.  *See, e.g.,* Fed. R. Civ.

P. 26(c); *Flanagan v. Wyndham Intern. Inc*., 231 F.R.D. 98, 104 (D.D.C. 2005); *In re Sealed*

*Case (Medical Records)*, 381 F.3d 1205, 1216 (D.C. Cir. 2004).

Defendants notably do not argue that Plaintiff's subpoena invades privacy or

confidentiality interests, nor that it is intended to annoy, harass, embarrass, or oppress

Defendants.  Dkt. 52.  Instead, Defendants simply complain that they would rather this

information not be produced at this time.  Defendants argue that Plaintiff's subpoena is

premature because "Defendants' expert . . . is still formulating his opinions and his report is still

in draft form," and that Plaintiff's subpoena "is an unwarranted intrusion into his deliberative

process."  Mot. at 3-4.  However, Mr. Rodokanakis' "deliberative process" enjoys no protection

under the Federal Rules, and there is no support for quashing Plaintiff's subpoenas simply

because his report is in "draft form."

Fed. R. Civ. P. 26 (a)(2)(B) requires that a testifying expert disclose, with his report, all

"data or other information considered by the witness in forming the opinions" expressed in his

expert report.  Therefore, the Federal Rules specifically require that Plaintiff be granted access to

the very information requested in her subpoena.  Fed. R. Civ. P. 26 (a)(2)(B).  Furthermore, there

is no prohibition on the early discovery of this information via subpoena.  In fact, Fed. R. Civ. P.

26(d) provides that "discovery may be used in any sequence . . . ."  Fed. R. Civ. P. 26(d).

Defendants' strange argument that any documents and data currently held by Mr.

Rodokanakis prior to the service of his expert report "do not reflect Mr. Rodokanakis' views" is

perplexing and, in any event, not a basis for quashing Plaintiff's valid subpoena.  The documents

subpoenaed are the data and documents that Mr. Rodokanakis considered and were presumably

provided to him by Defendants because Defendants determined that they were relevant to the

claims and defenses in this case.  Insofar as the subpoena requires production of draft reports,

4

such drafts are discoverable, not privileged, and will reflect changes, if any, in Mr. Rodokanakis' views of the evidence in this case no matter when his report is produced. Defendants' suggestion that the production of these documents prior to the time their expert serves his report will somehow affect the content of his report has no basis, either in law or logic.

Therefore, because Plaintiff will gain access, through Defendants' expert report, to all of Mr. Rodokanakis' draft reports, papers, and materials used in connection with his retention as an expert in this case, there is no reason to quash the instant subpoena simply because Defendants wish to delay the production of this key evidence even further.

### 2.    Defendants' Motion to Quash Is Yet Another Attempt to Delay Plaintiff's Access to Key Evidence Pertaining to Defendants' Counterclaims

As Plaintiff detailed in her Motion for Order to Show Cause and for Sanctions and Opposition to Defendants' Motion for Extension of Time to Serve Expert Reports, Dkt. 50, 51, Defendants' expert, a "computer forensics and data recovery expert," has information regarding Defendants' allegations that Plaintiff, without authorization, accessed information on Defendants' computers or computer system and transmitted it elsewhere, thereby performing predicate acts to Defendants' Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, the Uniform Trade Secrets Act, breach of fiduciary duty, and breach of contract counterclaims. *See* Dkt. 50, 51 at 5-8; Dkt. 22, Defendants' Amended Answer and Counterclaims at 13-24. In fact, in Defendants' Responses to Plaintiff's Second Request for Production of Documents, Defendants indicate that Mr. Rodokanakis has in his possession documents, including electronic records, relating to the forensic discovery allegedly undertaken by Defendants as a result of Plaintiff's alleged breach of her employment contract, *see* Ex. 6, Response to RFP No. 45; documents related Defendants' allegation that Plaintiff accessed, used, published, and/or tampered with InterSolutions' computer system, *see id*., Response to RFP No.

48; documents related to Plaintiff's alleged use and/or interference with Defendants' email messages and accounts, *see id.*, Response to RFP No. 54; and documents related to Defendants' Computer Fraud and Abuse Act counterclaim, Response to RFP Nos. 55, 57, 58. Defendants refused to produce this information, however, because "Defendants' are already obliged to produce" this information "in their expert witness report." *See id*, Responses to Requests for Production ("RFPs") Nos. 45, 48, 54, 55, 57, and 58.

Defendants' Counsel has continuously attempted to hide this evidence by giving it to its expert, instructing the expert not to produce the evidence in response to the subpoena, informing Plaintiff that she will get the evidence once the expert report is served, then seeking to delay the service of the expert report itself until after Plaintiff is deposed. Finally, through the instant Motion to Quash, Defendants seek to derail Plaintiff's subpoena, which might have proven the only way Plaintiff would ever timely gain access to this key evidence, due to Defendants' continuous refusal to produce responsive documents and information to Plaintiff's discovery requests. *See* Dkt. 51 at 5-8.

Plaintiff is prejudiced by Defendants' continuous refusal to produce this evidence because she has yet to see, months into discovery, a single shred of evidence supporting Defendants' counterclaims. Indeed, Defendants' Motion appears to be the latest in a string of tactics employed by Defendants to stall the production of evidence bearing on the merit (or lack thereof) of their Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, the Uniform Trade Secrets Act, breach of fiduciary duty, and breach of contract counterclaims. Plaintiff is entitled to know the basis of the claims brought against her; thus far, Defendants have provided none. *See id.*

Defendants' Motion to Quash, based solely on Defendants' wish to further delay production of evidence bearing on the merits (or lack thereof) of Defendants' counterclaims, and

without any legal support whatsoever, should be denied in its entirety.  Plaintiff is entitled to this key evidence sought in her subpoena, and Defendants should not be allowed to further impede Plaintiff's access to it.

**B.     Defendants' Motion to Quash Was Untimely Filed**

Defendants' failed to file their Motion to Quash in a Timely Manner.  Defendants filed their Motion to Quash three days after the date of compliance required by the subpoena had expired.  Rule 45 permits a court to quash a subpoena "[o]n timely motion." Fed. R. Civ. P. 45(c)(3)(A).  This Court has held that "timely," in most circumstances, means "within the time set in the subpoena for compliance."  *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (citing *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (noting that in the absence of a definition of "timely" in Rule 45, "it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition"); *In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, (W.D.Va.1999) (a motion to quash filed 36 days after corporate representatives became aware of subpoena and two months after it was due is untimely). The Court noted that if the time for compliance with a subpoena is unreasonable, *i.e.*, so small that it would not even permit time to file a motion to quash, then a motion to quash filed after the time for compliance would not necessarily be deemed untimely.  *Pogue*, 238 F. Supp. 2d at 278, n.6.  No such extenuating circumstance exists in this case, and, therefore, Defendants' Motion to Quash is untimely.

As noted above, Mr. Rodokanakis and Defendants' counsel were served with the subpoena on November 21, 2007.  Ex. 1A.  The date for compliance with the subpoenas was December 11, 2007, twenty days later.  *Id.*  Thus, Defendants had ample time to file a motion to quash and/or consult with Plaintiff's counsel regarding any objections they had to the subpoena

prior to the time for compliance with the subpoena.[1]  No such motion was filed, and counsel for Defendants never informed Plaintiff's counsel that Defendants had any objections to the subpoena prior to the time Plaintiff's counsel raised the matter of Mr. Rodokanakis' non-compliance with the subpoena on December 13, 2007, two days after the time for compliance had passed.   The Motion to Quash itself was not filed until December 14, 2007, three days after the time for compliance had passed and at least one week after Defendants' counsel had instructed Mr. Rodokanakis not to comply with the subpoena.  *See* Ex. 1, Kisch declaration at ¶ 10.

Defendants' tardy Motion to Quash, therefore, is, at best, a result of Defendants' lack of diligence in pursuing this matter, and, at worst, yet another example of Defendants' counsel's attempts to delay discovery in this litigation, to hide evidence, and to rely on extra-legal means to do so.  *See* Dkt. 51, Plaintiff's Motion for Order to Show Cause.  Defendants' Motion to Quash should, therefore, be denied on the basis that it was not timely filed.

---

[1] Defendants did not confer with Plaintiff as required by LCvR 7(m) and this Court's Order of July 10, 2007 (Dkt. 19) which require that Defendants confer "either in person or by the telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed."  Although Defendants initially suggested a conference call to discuss the issue, Defense Counsel ignored Plaintiff's counsel's requests, on December 14, 2007, to proceed with the conference call.  Exs. 4-5.  Defendants' counsel later stated that he had been out of the office for the majority of the day on December 14, 2007 (the same day on which he filed the Motion to Quash), but made no further attempt to discuss the Rodokanakis subpoena prior to filing the Motion to Quash.  Furthermore, Defendants' Motion to Quash contained no "statement that the required discussion occurred . . . ."  LCvR 7(m).

## III.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny

Defendants' Motion to Quash.

Respectfully submitted this 28th day of December, 2007.

                     _____/s/ Lori B. Kisch_____
                     Timothy B. Fleming (DC Bar No. 351114)
                     Lori B. Kisch (DC Bar No. 491282)
                     Wiggins, Childs, Quinn & Pantazis, PLLC
                     2031 Florida Ave. NW, Suite 300
                     Washington, D.C. 20009
                     (202) 467-4123

                     Susan E. Huhta (DC Bar No. 453478)
                     Katherine Gillespie (DC Bar No. 480013)
                     Washington Lawyers' Committee for Civil Rights
                     and Urban Affairs
                     11 Dupont Circle, N.W., Suite 400
                     Washington, D.C. 20036
                     (202) 319-1000

                     ***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December, 2007, a copy of the foregoing Motion to Strike and Opposition to Plaintiff's Motion to Quash, Memorandum in Support, and Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:
   /s/ Lori B. Kisch
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                            )
LINDA GREEN,                )
                            )
        Plaintiff,          )
                            )
    v.                      )    CIVIL NO: 1:07CV00298-EGS
                            )    Status Conference: Feb. 6, 2008
                            )
INTERSOLUTIONS, INC., ET AL.,)
                            )
        Defendants.         )
                            )
_____ )
```

### DECLARATION OF LORI B. KISCH

I, Lori B. Kisch, state the following:

1.  I am an attorney with the law firm Wiggins, Childs, Quinn & Pantazis, PLLC ("WCQP") located in its Washington, D.C. office.

2.  I have personal knowledge of the facts stated herein, and am competent to testify.

3.  I am a member in good standing of the Bars of the District of Columbia and Maryland.

4.  On November 21, 2007, I issued a subpoena upon Defendants' designated expert, Mr. Phillip A. Rodokanakis, CFE, EnCE at the U.S. DataForensics, LLC, 4520 East West Highway, Suite 640, Bethesda, MD 20814. Attached hereto as Exhibit A is a true and accurate copy of the subpoena.

5.  The subpoena was served upon Mr. Rodokanakis on that same day.

6.  I also caused to be served on November 21, 2007 a copy of the subpoena upon Defendants' counsel. Attached hereto as Exhibit B is a true and accurate copy of the cover letter which accompanied the subpoena.

7.    The subpoena required Mr. Rodokanakis to produce documents identified in the Attachment to the Subpoena to Plaintiff's counsel by 12:00 p.m. on December 11, 2007.

8.    No documents were produced by Mr. Rodokanakis on December 11, 2007.

9.    On December 12, I sent a letter to Mr. Rodokanakis informing him that he was in violation of the subpoena and that if the documents were not received by December 14, 2007, Plaintiff would seek the assistance of the Court to enforce the subpoena.

10.    On the afternoon of December 13, 2007, Mr. Rodokanakis called me on the telephone. Mr. Rodokanakis informed me that the reason he had not complied with the subpoena was because counsel for Intersolutions contacted him prior to December 7th and told him not to produce any documents because Defendants were filing a motion to quash the subpoena. Mr. Rodokanakis informed me that he understood from Intersolutions' counsel that a Motion to Quash had already been filed and that was the reason he did not comply with the subpoena.

11.    He then informed me that he now understands no motion to quash has yet been filed, but that he would not produce any documents because counsel for InterSolutions continued to instruct him not to produce any responsive documents and that Defendants still intended to file a Motion to Quash the subpoena.

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of December, 2007 in Washington, D.C.

Lori B. Kisch

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

For The | DISTRICT OF | Columbia

Linda Green

V.

**SUBPOENA IN A CIVIL CASE**

InterSolutions, Inc., Sara Walder, and Drew Golin

Case Number:[1]  1:07CV00298-EGS

TO:  Phillip A. Rodokanakis, CFE, EnCE
U.S. Data Forensics, LLC
4520 East West Highway, Suite 640
Bethesda, MD 20814

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE    Wiggins, Childs, Quinn & Pantazis, PLLC  2031 Florida Ave NW, Suite 300, Washington, DC 20009 | DATE AND TIME  12/11/2007 12:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiff | DATE  11/21/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lori B. Kisch, Attorney for Plaintiff Linda Green
Wiggins, Childs, Quinn & Pantazis, PLLC 2031 Florida Ave. NW Suite 300 Washington, DC 20009 (202) 467-4123

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## ATTACHMENT A

1. All documents, including notes, obtained from, or relating to any interviews or discussions conducted in conjunction with the preparation of your expert report.

2. All documents received from, or distributed to, any individuals who were interviewed in conjunction with preparation of your expert report.

3. All documents, including, but not limited to, all computer files, drafts, e-mails, and notes, given to, or received from, Keller and Heckman LLP and/or InterSolutions, Inc., any employee of InterSolutions, Inc., Drew Golin, and/or Sarah Walder.

4. Your complete file, including, but not limited to, notes, drafts, reports, memoranda, correspondence, e-mail messages, photographs, videotapes, computer files, etc. regarding *Green v. Intersolutions, Inc., et al.*, Civil Action No. 1:07-CV-00298.

5. All documents (including any computer files) relied upon, reviewed by, or used by you, or anyone working with or for you, in reaching the opinions you express in your expert report in the above-referenced matter.

6. All documents (including computer files) provided to you, or individuals working with or for you, by counsel for Defendants and/or InterSolutions, Inc., any employee of InterSolutions, Inc., Drew Golin, and/or Sarah Walder, in the above-referenced matter.

7. All documents used by or created by you, or anyone working with or for you, in conducting any tests related to the above-referenced matter, including, but not limited to, preliminary and draft tests and notes.

8. All drafts of the expert reports submitted by you in the above referenced matter.

9. All notes or documents (including any emails) provided by you, or anyone working with or for you, to counsel for Defendants in the above-referenced matter.

10. All documents you, or any individual working with or for you, provided to any other expert witness or consultant in the above-referenced matter.

11. All documents received from any other expert witness or consultant in the above-referenced matter.

12. All computer programming syntax and resulting computer output.

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Linda Green

vs.

InterSolutions, Inc., et al.

No. 1:07CV00298-EGS

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

I, FREDERICK PARSONS, JR., having been duly authorized to make service of the Letter dated November 21, 2007 and Subpoena Duces Tecum with Attachment A in the above entitled case, hereby depose and say:

That my date of birth / age is 12-18-1965.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 1:00 pm on November 21, 2007, I served Phillip A. Rodokanakis, CFE, EnCE at US Data Forensics LLC, 4520 East West Highway, Suite 640, Bethesda, Maryland 20814 by serving Phillip A. Rodokanakis, CFE, EnCE, personally.  Described herein:

```
    SEX-    MALE
    AGE-    54
 HEIGHT-    5'9"
   HAIR-    GRAY
 WEIGHT-    170
   RACE-    WHITE
```

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Affidavit of Service is true and correct.

Executed on **11-20-07**
                Date

FREDERICK PARSONS, JR.
1827 18th Street, N.W.,
Washington, D.C. 20009
Our File#- 197843

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

———————

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

November 21, 2007

**Via U.S. First Class Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

**_Re: Green v. InterSolutions, Inc._**

Dear Manesh:

Please find enclosed a subpoena to Dr. Phillip A. Rodokanakis.

Sincerely,

Lori B. Kisch

Enclosure

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

## Abby M. Richardson

**From:**    Rath, Manesh [Rath@khlaw.com]
**Sent:**    Thursday, December 13, 2007 5:02 PM
**To:**    Lori Kisch
**Subject:** RE: Green v. Intersolutions, Inc., et al.

Lori,

We informed Mr. Rodokanakis that we intend to file a motion to quash the subpoena he received.  We ask you whether you are available to confer regarding that subpoena and whether, in light of our objections, you will be willing to withdraw your subpoena.

Please let us know what times you might be available for that purpose.

Per your request below, I will look into, and see that you get another copy of the Defendants' document production that you are seeking.

Thank you,

Manesh K. Rath
Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
  Tel: (202) 434-4182
  Fax: (202) 434-4646
  Mobile: (703) 980-7068
  rath@khlaw.com

**K e l l e r  a n d  H e c k m a n  LLP**
**Washington, D.C. | Brussels | San Francisco | Shanghai**

---

**From:** Lori Kisch [mailto:LKisch@wcqp.com]
**Sent:** Thursday, December 13, 2007 4:42 PM
**To:** Rath, Manesh; Sheffield, Robert
**Cc:** Susan Huhta; Katherine Gillespie; Abby M. Richardson
**Subject:** Green v. Intersolutions, Inc., et al.

Counsel,

I received a phone call today from Mr. Rodokanakis informing me that he was instructed by your firm not to produce documents responsive to the subpoena that was served upon him.  As you know, Mr. Rodokanakis was served with a valid supboena 22 days ago and the time for him to respond has passed.  Please provide me with a full explanation immediately as to why you have interfered with a properly served subpoena.  Further, please produce by 9:00 a.m. tomorrow morning all documents responsive to the subpoena served upon Mr. Rodokanakis and/ or provide me with written confirmation by that time that you have informed Mr. Rodokankis that he must comply with the subpoena.

Also, we still have not received Defendants' response to Plaintiff's Second Request for Production of Documents

which was due December 5th. Although I requested yesterday that you fax or email a copy of the response which you have stated was served on December 6th, I neither received such a copy nor did you respond to my request. I again request that you email or fax me a copy of the response. I also again request that you inform us as to whether any documents were served and, if so, when.

Lori B. Kisch
Wiggins Childs Quinn & Pantazis, PLLC
2031 Florida Ave, N.W., Suite 300
Washington, D.C. 20009
Tel: 202-263-3681
Fax:202-467-4489

This e-mail is from a law firm and is not encrypted. Unless otherwise indicated or obvious from the nature of the above communication, the information contained in or attached to it is attorney-client privileged and confidential information/work product or constitutes non-public information. The communication is intended to be conveyed only to the above-designated recipient(s) for their use. If the reader of this transmission is not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify the sender by return e-mail, delete this e-mail from your system and destroy any copies, electronic, paper or otherwise which you may have of the above communication. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

This message and any attachments may be confidential and/or subject to the attorney/client privilege,   IRS Circular 230 Disclosure or otherwise protected from disclosure.

If you are not a designated addressee (or an authorized agent), you have received this e-mail in error, and any further use by you, including review, dissemination, distribution, copying, or disclosure, is strictly prohibited. If you are not a designated addressee (or an authorized agent), we request that you immediately notify us of this error by reply e-mail and then delete it from your system.

12/14/2007

## Lori Kisch

| | |
|---|---|
| **From:** | Lori Kisch |
| **Sent:** | Friday, December 14, 2007 10:55 AM |
| **To:** | 'Rath, Manesh' |
| **Subject:** | RE: Green v. Intersolutions, Inc., et al. |

Your interference with the subpoena is wholly improper.  Futher, you have not articulated any reason for an objection.  We will not withdraw the subpoena.  If you would like to discuss this issue further we can do so on our conference call today.

---

**From:** Rath, Manesh [mailto:Rath@khlaw.com]
**Sent:** Thursday, December 13, 2007 5:02 PM
**To:** Lori Kisch
**Subject:** RE: Green v. Intersolutions, Inc., et al.

Lori,

We informed Mr. Rodokanakis that we intend to file a motion to quash the subpoena he received. We ask you whether you are available to confer regarding that subpoena and whether, in light of our objections, you will be willing to withdraw your subpoena.

Please let us know what times you might be available for that purpose.

Per your request below, I will look into, and see that you get another copy of the Defendants' document production that you are seeking.

Thank you,

Manesh K. Rath
Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
    Tel: (202) 434-4182
    Fax: (202) 434-4646
    Mobile: (703) 980-7068
    rath@khlaw.com

**Keller and Heckman LLP**

**Washington, D.C.  |  Brussels  |  San Francisco  |  Shanghai**

---

**From:** Lori Kisch [mailto:LKisch@wcqp.com]
**Sent:** Thursday, December 13, 2007 4:42 PM
**To:** Rath, Manesh; Sheffield, Robert
**Cc:** Susan Huhta; Katherine Gillespie; Abby M. Richardson
**Subject:** Green v. Intersolutions, Inc., et al.

Counsel,

I received a phone call today from Mr. Rodokanakis informing me that he was instructed by your firm not to produce documents responsive to the subpoena that was served upon him. As you know, Mr. Rodokanakis was served with a valid supboena 22 days ago and the time for him to respond has passed. Please provide me with a full explanation immediately as to why you have interfered with a properly served subpoena. Further, please produce by 9:00 a.m. tomorrow morning all documents responsive to the subpoena served upon Mr. Rodokanakis and/ or provide me with written confirmation by that time that you have informed Mr. Rodokankis that he must comply with the subpoena.

Also, we still have not received Defendants' response to Plaintiff's Second Request for Production of Documents which was due December 5th. Although I requested yesterday that you fax or email a copy of the response which you have stated was served on December 6th, I neither received such a copy nor did you respond to my request. I again request that you email or fax me a copy of the response. I also again request that you inform us as to whether any documents were served and, if so, when.

Lori B. Kisch
Wiggins Childs Quinn & Pantazis, PLLC
2031 Florida Ave, N.W., Suite 300
Washington, D.C. 20009
Tel: 202-263-3681
Fax:202-467-4489

This e-mail is from a law firm and is not encrypted. Unless otherwise indicated or obvious from the nature of the above communication, the information contained in or attached to it is attorney-client privileged and confidential information/work product or constitutes non-public information. The communication is intended to be conveyed only to the above-designated recipient(s) for their use. If the reader of this transmission is not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify the sender by return e-mail, delete this e-mail from your system and destroy any copies, electronic, paper or otherwise which you may have of the above communication. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

This message and any attachments may be confidential and/or subject to the attorney/client privilege, IRS Circular 230 Disclosure or otherwise protected from disclosure.

If you are not a designated addressee (or an authorized agent), you have received this e-mail in error, and any further use by you, including review, dissemination, distribution, copying, or disclosure, is strictly prohibited. If you are not a designated addressee (or an authorized agent), we request that you immediately notify us of this error by reply e-mail and then delete it from your system.

**Lori Kisch**

| | |
|---|---|
| **From:** | Lori Kisch |
| **Sent:** | Friday, December 14, 2007 11:55 AM |
| **To:** | 'Rath, Manesh'; 'Sheffield, Robert' |
| **Cc:** | 'Susan Huhta'; Katherine Gillespie; Abby M. Richardson |
| **Subject:** | Green v. Intersolutions, Inc., et al |

Please let us know when you are available today for a conference call.

Thank you.

Lori B. Kisch
Wiggins Childs Quinn & Pantazis, PLLC
2031 Florida Ave, N.W., Suite 300
Washington, D.C. 20009
Tel: 202-263-3681
Fax:202-467-4489

*Privilege and Confidentiality Notice*
*This message and any attachments are confidential and may contain information protected by the attorney/client privilege. This message and any attachments are intended only for the individual or entity named above. Any dissemination, use, distribution, copying or disclosure of this communication by any other person or entity is strictly prohibited. If you are not the intended recipient, do not read, copy, use or disclose this communication to others. Please notify the sender by replying to the message and then deleting it from your system. Thank you.*

12/27/2007

## Lori Kisch

| | |
|---|---|
| **From:** | Rath, Manesh [Rath@khlaw.com] |
| **Sent:** | Friday, December 14, 2007 5:09 PM |
| **To:** | Lori Kisch |
| **Subject:** | RE: Green v. InterSolutions, Inc., et al. |

Lori,

I have been in meetings today and have just returned to my office. I see that you have left me some emails; I will take a look at them and look forward to responding on Monday.

Thank you,

Manesh K. Rath
Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
  Tel: (202) 434-4182
  Fax: (202) 434-4646
  Mobile: (703) 980-7068
  rath@khlaw.com

**Keller and Heckman LLP**

**Washington, D.C. | Brussels | San Francisco | Shanghai**

---

**From:** Lori Kisch [mailto:LKisch@wcqp.com]
**Sent:** Friday, December 14, 2007 2:59 PM
**To:** Rath, Manesh; Sheffield, Robert
**Cc:** Susan Huhta; Katherine Gillespie; Abby M. Richardson
**Subject:** Green v. InterSolutions, Inc., et al.

Manesh,

I have not received a response to my email of earlier today requesting that you inform us as to who you plan to depose. Because you have requested this information by 4:00 p.m. today we provide the following dates:

We are available for a deposition of Mr. Craig El-Amin on any of the following dates: January 3, 4, 7-11.

We are available for other depositions on January 4, 8, 9, 11, 15, 16.

Depending upon who you plan to depose, we may be available for additional dates, but are unable to provide those dates without knowing who the witness is.

If these dates do not work for you or a witness we can find additional dates after January 16th.

We expect that you will not schedule any depositions on dates other than the ones listed above without first conferring with us to find alternatives.

Lori B. Kisch
Wiggins Childs Quinn & Pantazis, PLLC

12/27/2007

2031 Florida Ave, N.W., Suite 300
Washington, D.C. 20009
Tel: 202-263-3681
Fax:202-467-4489

This e-mail is from a law firm and is not encrypted. Unless otherwise indicated or obvious from the nature of the above communication, the information contained in or attached to it is attorney-client privileged and confidential information/work product or constitutes non-public information. The communication is intended to be conveyed only to the above-designated recipient(s) for their use. If the reader of this transmission is not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify the sender by return e-mail, delete this e-mail from your system and destroy any copies, electronic, paper or otherwise which you may have of the above communication. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

This message and any attachments may be confidential and/or subject to the attorney/client privilege,  IRS Circular 230 Disclosure or otherwise protected from disclosure.

If you are not a designated addressee (or an authorized agent), you have received this e-mail in error, and any further use by you, including review, dissemination, distribution, copying, or disclosure, is strictly prohibited. If you are not a designated addressee (or an authorized agent), we request that you immediately notify us of this error by reply e-mail and then delete it from your system.

12/27/2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:07-cv-00298-EGS-AK |
| | ) | |
| INTERSOLUTIONS, INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants state the following objections and responses to Plaintiff's Second Request for Production of Documents:

## GENERAL OBJECTIONS

Defendants interpose the following General Objections to Plaintiff's Second Request for Production of Documents. These general objections apply to each individual discovery request. To the extent that certain objections are cited in response to a specific request, Defendants may reiterate these objections because the objections are believed to be particularly applicable to that request. These specific iterations are not to be construed as a waiver of any other general objections applicable to information falling within the scope of the discovery request.

1.      Defendants object to the instructions and definitions that precede Plaintiff's Second Request for Production of Documents to the extent that they attempt to impose obligations upon Defendants that are beyond those set forth in the Federal Rules of Civil Procedure.

2.      Defendants object to Plaintiff's Second Request for Production of Documents to
the extent that any request or portion thereof seeks information or documents privileged from
disclosure by the attorney-client privilege or by the work product doctrine.

## GENERAL RESPONSES

1.      Defendants' responses are based upon information and documents that are
presently available to the Defendants and Defendants intend to supplement these responses if
they later become available.

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 24:**  Any and all documents received in response to a subpoena issued by
Defendants in this case.

**OBJECTION:**  Defendants object that this request seeks documents that
pertain to Plaintiff's medical treatment, which documents Plaintiff already possesses.  For the
past five months, Plaintiff has consistently refused to produce—or has agreed to produce but
consistently failed to produce—the documents Defendants sought through these subpoenas.

**Request No. 25:**  Any and all documents referring to or reflecting the salary, wage rate, and/or
bonus structure of and/or amount paid to Harry McNeil from January 1, 2003 to the present.

**OBJECTION**:  Defendants object that this request is overbroad, unduly burdensome and
not reasonably calculated to lead to discoverable information.  Defendants also object to this
request to the extent that Plaintiff insinuates that Harry McNeil replaced Plaintiff after her
termination.  Nowhere in the pleadings or in the issues as framed by Plaintiff has Mr. McNeill's
name ever arisen.  His employment with InterSolutions is not relevant to any claim or defense of
Plaintiff.

**Request No. 26:**  Any and all compilations and/or lists of telephone numbers of individuals
currently and/or formerly employed by InterSolutions at any time since December 1, 2003.

**OBJECTION:**  Defendants object that this request is overbroad, unduly burdensome,
seeks information not reasonably calculated to lead to the discovery of admissible evidence, and
is intended to harass and annoy.  This case involves a single plaintiff's grievances against
Defendants.  InterSolutions' employee lists bear no relevance to the claims presented by
Plaintiff.  Defendants further object to this request because it calls for the production of
documents that contain trade secrets and confidential information.

**Request No. 27:** If Defendants possess no documents responsive to Request No. 26, produce any and all documents reflecting the telephone numbers of all individuals currently and/or formerly employed by InterSolutions at any time since December 1, 2003.

**OBJECTION:** Defendants object that this request is overbroad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass and annoy. This case involves a single plaintiff's grievances against Defendants. InterSolutions' employee lists bear no relevance to the claims presented by Plaintiff. Defendants further object to this request because it calls for the production of documents that contain trade-secret and confidential information.

**Request No. 28:** Any and all compilations and/or lists of the telephone numbers of InterSolutions' current and/or former clients since December 1, 2003.

**OBJECTION:** Defendants object that this request is overbroad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence. This case involves a single plaintiff's grievances against Defendants. InterSolutions' client lists bear no relevance to the claims presented by Plaintiff. Defendants further object to this request because it calls for the production of documents that contain trade-secret and confidential information.

**Request No. 29:** If Defendants possess no documents responsive to Request No. 28, produce any and all documents reflecting the telephone numbers of all InterSolutions' current and/or former clients since December 1, 2003.

**OBJECTION:** Defendants object that this request is overbroad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass and annoy. This case involves a single plaintiff's grievances against Defendants. InterSolutions' employee lists bear no relevance to the claims presented by Plaintiff. Defendants further object to this request because it calls for the production of documents that contain trade-secret and confidential information.

**Request No. 30:** Any and all documents reflecting or relating to payments made by Archstone-Smith, and/or any individual Archstone-Smith property, to InterSolutions on a weekly, monthly and/or yearly basis, from January 1, 2002 to the present.

**OBJECTION:** Defendants object that this request is overbroad insofar as it seeks information relating to payments by Archstone for periods of time well before Plaintiff's employment began. It is also overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks payments from Archstone not related to InterSolutions' concierge services.

**RESPONSE:** Subject to the foregoing objections, Plaintiff will produce responsive documents that are within the scope of discovery when the Court issued an appropriate protective order in this case.

**Request No. 31:** If Defendants possess no documents responsive to Request No. 30, produce any and all documents reflecting or relating to payments made by Archstone-Smith, and/or any individual Archstone-Smith property, to InterSolutions from January 1, 2002 to the present.

**OBJECTION:** Defendants incorporate their objection to Request Number 30 herein. Defendants object that this request is overbroad insofar as it seeks information relating to payments by Archstone for periods of time well before Plaintiff's employment began. It is also overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks payments from Archstone not related to InterSolutions' concierge services.

**RESPONSE:** Subject to the foregoing objections, Plaintiff will produce responsive documents when the Court issues an appropriate protective order in this case.

**Request No. 32:** Documents reflecting or relating to the quantity of services rendered (whether indicated by hours of service provided and/or the number of employees provided to render such hours of service) by InterSolutions to Archstone-Smith and/or any individual Archstone-Smith property from January 1, 2002 to the present.

**OBJECTION:** Defendants object that this request is overbroad insofar as it seeks information relating to services rendered by InterSolutions to Archstone for periods of time well before Plaintiff's employment began. It is also overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to services rendered by InterSolutions to Archstone not related to InterSolutions' concierge services.

**RESPONSE:** Subject to the foregoing objections, Defendants will produce responsive documents that are within the scope of discovery when the Court issues an appropriate protective order in this case.

**Request No. 33:** All documents reflecting or relating to the termination of Archstone-Smith's use of InterSolutions' services in 2006, including all documents reflecting or relating to the reasons for such termination.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 34:** All documents reflecting or relating to Archstone-Smith's satisfaction with the services rendered by Plaintiff and/or Archstone-Smith's dissatisfaction with the services rendered by Harry McNeil and/or John Wagithuku and/or Sara Walder and/or Drew Golin.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 35:** All documents reflecting or relating to any meetings, including the meeting requested by Archstone referred to by Defendants in their response to Plaintiff's Interrogatory Number 10, attended by a representative, employee, and/or agent of Archstone-Smith (1) with an InterSolutions' representative, employee, and/or agent, and/or (2) about InterSolutions, Inc., and/or (3) during which InterSolutions' services were discussed, including announcements of the meeting's time, place, purpose, subject matter, and/or attendees; minutes and/or notes taken

during the meeting; presentations given at and/or prepared for the meeting; and all other documents reflecting the purpose of the meeting, the topics discussed during the meeting, the expected attendees of the meeting, the actual attendees of the meeting, and the results of the meeting.

**OBJECTION:** Defendants object to this request on the grounds that it is vague and ambiguous in its structure and content, that it is vague for being compound in nature, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it is overbroad and unduly burdensome.

**RESPONSE:** Defendants will produce responsive documents subject to the foregoing objections.

**Request No. 36:** All correspondence and/or other documents transmitted between employees, representatives, and/or agents of InterSolutions, Inc. and employees, representatives, and/or agents of Archstone-Smith from January 1, 2006 to the present, as well as all documents reflecting or relating to such correspondence and/or transmissions.

**OBJECTION:** Defendants object that this request is vague and ambiguous both in content and structure; it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and is intended merely to annoy and harass. The vast majority of correspondence between the persons listed in this request concerns day-to-day business matters that have no relevance whatsoever to Plaintiff's claims or Defendants' defenses in this litigation.

**Request No. 37:** All contracts between Archstone-Smith and InterSolutions, Inc. and/or any individual Archstone-Smith property and InterSolutions, Inc. regarding InterSolutions' provision of services to Archstone-Smith and/or any individual Archstone-Smith property.

**OBJECTION:** Defendants object that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and is intended merely to annoy and harass. The scope of services provided by InterSolutions bears no relevance to this litigation. InterSolutions provided concierge services to Archstone, and, pursuant to a protective order issued by the Court, InterSolutions will produce documents reflective of the value of those services.

**Request No. 38:** All documents referring to, relating to and/or supporting Defendants' assertion that InterSolutions' place of business and/or computer system constitute a facility through which an electronic communication service is provided.

**RESPONSE:** Defendants will produce responsive documents, if any, to the extent that such documents are within the scope of discovery.

**Request No. 39:** All documents, including but not limited to electronic records reflecting access to InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, and/or supporting Defendants' assertion that Ms.

Green accessed without authorization, and/or in excess of her authorization, InterSolutions' computers and/or computer system.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 40:** All documents referring to, relating to, and/or identifying communications, including the communications themselves, allegedly accessed by Plaintiff in violation of the Electronic Communications Privacy Act ("ECPA").

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 41:** All documents, including but not limited to electronic records reflecting access to InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, and/or identifying the time, date and/or location of Ms. Green's alleged violations of the ECPA.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 42:** All documents referring to, relating to, and/or supporting Defendants' assertion that the communications allegedly accessed by Plaintiff were in electronic storage at the time of Plaintiff's unauthorized access.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 43:** All documents referring to, relating to, and/or identifying the alleged trade secret(s) Defendants believe Plaintiff misappropriated.

**OBJECTION:** Defendants object that this request calls for production of trade-secret and confidential information.

**RESPONSE:** Defendants will produce responsive documents when the Court issues an appropriate protective order in this case.

**Request No. 44:** All documents referring to, relating to, and/or supporting Defendants' assertion that Plaintiff misappropriated Defendants' trade secrets.

**OBJECTION:** Defendants object that this request calls for production of trade-secret and confidential information.

**RESPONSE:** Defendants will produce responsive documents when the Court issues an appropriate protective order in this case.

**Request No. 45:** All documents, including electronic records, referring to, relating to, documenting, or memorializing in any way the "forensic discovery" allegedly undertaken by Defendants as a result of Plaintiff's alleged breach of contract, including without limitation documents that refer to, relate to, establish, or tend to establish when such forensic discovery

occurred, by whom it was conducted, information revealed or gleaned during the forensic discovery, why such forensic discovery was necessary, and what resources were expended by Defendants in conducting the forensic discovery.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 46:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, documenting, establishing or tending to establish Defendants' Computer Fraud and Abuse Act claim, including all documents referring to, relating to, or identifying in any way the e-mail messages and accounts with which Plaintiff allegedly tampered, the nature of any such tampering, and when any such tampering occurred.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 47:** All documents referring or relating to any measures taken by Defendants to restrict access to and maintain the secrecy of the confidential and/or trade secret information Defendants identify in their Amended Answer and Amended Counterclaims.

**OBJECTION:** Defendants object to the extent that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** *See* DEF.00354-65.

**Request No. 48:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, and/or supporting Defendants' assertion that Plaintiff accessed, used, published, and/or tampered with InterSolutions' computer system, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report.

**Request No. 49:** All documents referring to, relating to, and/or supporting Defendants' assertion that Plaintiff electronically transmitted InterSolutions' confidential and trade secret information via email or other electronic transmission to her personal address, to a third person, or to an agent acting on behalf, including without limitation copies of any such electronic transmissions.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 50:** All documents referring or relating to Crystal House's alleged cessation of its use of InterSolutions' services, including without limitation documents that refer to, relate to,

memorialize, or document in any way the date on which it ceased doing business with InterSolutions and its reasons for ceasing to do business with InterSolutions.

**OBJECTION:** Defendants object that this request is vague and ambiguous as to the term "Crystal House" and as to the terms "doing business" and "do business."

**Request No. 51:** All documents referring or relating to any efforts undertaken by Defendants to regain the business of Crystal House after it ceased doing business with Defendants, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request is vague and ambiguous as to the term "Crystal House" and as to the term "doing business."

**RESPONSE:** Defendants will produce responsive documents subject to the foregoing objections.

**Request No. 52:** All documents referring to, relating to, documenting, or memorializing in any way Defendants' alleged loss of business that has allegedly ensued as a result of Plaintiff's alleged breach of her confidentiality agreement with Defendants, as alleged in Defendants' Amended Answer and Counterclaim.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 53:** All documents referring to, relating to, documenting, or memorializing in any way Defendants' allegedly numerous requests for the return of its confidential information and Plaintiff's alleged refusals to return such alleged confidential information, as alleged in Defendants' Amended Answer and Counterclaims.

**RESPONSE:** *See* DEF.00262.

**Request No. 54:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, documenting, or memorializing in any way Plaintiff's alleged access, use, copying, transmittal, and/or tampering with InterSolutions' email messages and accounts, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 55:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, documenting, identifying, or memorializing in any way the alleged damage caused by Plaintiff in violation of the Computer Fraud and Abuse Act ("CFAA"), as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve their expert report.

**Request No. 56:** All documents referring to, relating to, or outlining the scope of Plaintiff's authority to access Defendants' computer system, computers, email messages, and/or email accounts.

**RESPONSE:** *See* DEF.00354-65.

**Request No. 57:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system referring to, relating to, documenting, identifying, or memorializing in any way Plaintiff's alleged transmission of a program, information, code or command, in violation of the CFAA, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 58:** All documents referring to, relating to, documenting, identifying, or memorializing in any way the type and/or amount of loss suffered by Defendants as a result of Plaintiff's alleged violation of the CFAA, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 59:** All documents reflecting the method(s) used to determine the amount of each of the bonuses given to Plaintiff by Defendants.

**OBJECTION:** Defendants object that this request is outside the scope of discovery on the ground that Plaintiff is in possession of this information and need not request that Defendants provide it.

**RESPONSE:** Defendants' objections, Defendants will produce responsive documents subject to the foregoing objections.

**Request No. 60:** All documents referring to, relating to, or reflecting Defendants' response to any complaints, expressions of concern, and/or communication to Defendants indicating the Defendants had not fully paid overtime wage rates to their employee(s).

**OBJECTION:** Defendants object that this request is overbroad as to temporal boundaries and as to scope, is unduly burdensome, seeks documents not reasonably calculated to lead to the discovery of admissible evidence, and is intended merely to annoy and harass. Defendants further object that this request is vague, including as to whose complaints "responses" are sought and as to the meaning of "response." Plaintiff alleges InterSolutions failed to pay her overtime when she was employed and compensated on a temporary and hourly basis, respectively. Plaintiff also alleges that InterSolutions retaliated against her for "reporting an opposing Defendants' overtime wage and hour violations." Amended Complaint, ¶ 8. No other count in Plaintiff's Amended Complaint implicates Plaintiff's overtime pay practices. Defendants' "response" to overtime complaints bears no relevance to Plaintiff's claims as it is neither a defense to the allegations nor additional evidence in support of Plaintiff's counts.

Respectfully submitted,

Date:  December 6, 2007

Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C.  20001
Tel:  (202) 434-4182
Fax:  (202) 434-4646

Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 6, 2007, a copy of Defendant's Objections and Responses To Plaintiff's Second Request For Production Of Documents was served via U.S. Postal Service – First Class Mail upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009

Counsel for Plaintiff


_____
Manesh K. Rath