IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-00298-EGS-AK |
| ) | |
| INTERSOLUTIONS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS' COUNSEL SHOULD
NOT BE HELD IN CONTEMPT OF COURT AND FOR SANCTIONS**

Defendants InterSolutions, Inc., Drew Golin and Sara Walder, through undersigned counsel, hereby oppose Plaintiff's Motion for Order to Show Cause Why Defendants' Counsel Should not be Held in Contempt of Court and For Sanctions ("Motion For Order to Show Cause") (No. 51).[1]

**I.      Summary**

Plaintiff's over-the-top response to a routine discovery dispute demonstrates the level to which this litigation has fallen. Rather than seek to compel the production of subpoenaed documents that have not been produced, Plaintiff seeks to have Defendants' counsel held in contempt for informing Defendants' expert witness that Defendants were going to seek to quash Plaintiff's subpoena to prevent Plaintiff from improperly, and prematurely, obtaining documents relating to work Defendants' expert had done, and opinions he held, before his expert report had been served. Plaintiff's motion is insincerely filed. Plaintiff's past conduct in this case is identical

---

[1] Plaintiff's Memorandum in Support of Her Motion for Order to Show Cause was conflated with her Opposition to Defendants' Motion to Extend Time to Serve Expert Reports. Defendants have replied separately to that Opposition. *See* Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Extend Time to Serve Expert Reports (No. 58).

to that which she now alleges is improper. Moreover, Plaintiff fails to recognize that her subpoena is unenforceable because it improperly seeks to circumvent the discovery limitations of Fed. R. Civ. P. 26(b)(4) relating to expert witnesses. Since Plaintiff's subpoena was improper, her motion must fail.

## II.     Background

On November 2, 2007, Defendants identified Phillip A. Rodokanakis as their expert witness in this case pursuant to the Court's Scheduling Order (No. 19). To date, Mr. Rodokanakis has not submitted an expert report to Plaintiff.

On November 16, 2007, Defendants filed a consent motion to extend the date for the filing of its expert witness report from November 16, 2007, to December 4, 2007, along with extensions for related reports. (No. 43). The Court granted the Motion on November 28. (No. 44).

While the consent motion to extend was pending, and prior to the extended due date for the filing of Defendants' expert report, Plaintiff's counsel, on November 21, 2007, issued a subpoena *duces tecum* to Mr. Rodokanakis. The subpoena required Mr. Rodokanakis to produce documents relating to the preparation of his not yet submitted expert report as well as all information provided to him by Defendants' counsel, among other things, at her office on December 11, 2007. The subpoena was served the same day.

On December 13, 2007, Plaintiff's counsel inquired of Defendants' counsel about his advice to Mr. Rodokanakis. Defendants' counsel responded that he had informed Mr. Rodokanakis that "we intend to file a motion to quash the subpoena he received. We ask you whether you are available to confer regarding that subpoena and whether, in light of our objections, you will be willing to withdraw your subpoena." Ex. 3 to Motion for Order to Show Cause.

On December 14, 2007, Defendants filed a Motion to Quash the subpoena *duces tecum* to Mr. Rodokanakis. (No. 52).

## ARGUMENT

**I.    Counsel's Actions Were Proper Since Plaintiff's Subpoena Was Invalid.**

Plaintiff's subpoena *duces tecum* to Mr. Rodokanakis was improper. Therefore, counsel informing that witness that he intended to move to quash the subpoena was proper. There is no basis for the issuance of the order to show cause that Plaintiff seeks.

The Federal Rules of Civil Procedure set forth the discovery that can be obtained from a "testifying" expert. Pursuant to Rule 26(b)(4)(A):

> A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

If an expert witness is not going to testify at trial, no discovery is allowed except upon a showing of "exceptional circumstances." *Id.* at 26(b)(4)(B).

Under these Rules, discovery from Mr. Rodokanakis is premature. Mr. Rodokanakis has not submitted an expert report. Thus, if he qualifies for discovery as a testifying expert, his deposition may not yet be taken. Furthermore, Defendant could withdraw Mr. Rodokanakis' designation prior to the date upon which his report is now due. In such a case, Mr. Rodokanakis would only be subject to discovery in "exceptional circumstances." At this stage, such a determination would be premature. *See Perry v. United States*, No. 3:96-CV-2038-T, 1997 WL 53136, at * 3 (N.D. Tex. Feb. 4, 1997). In any case, Plaintiff has not claimed or demonstrated such exceptional circumstances.

Rather than comply with Rule 26, Plaintiff issued a subpoena *duces tecum* for Mr. Rodokanakis' papers in anticipation of his issuing an expert report. Courts have held such subpoenas to be improper. In *Marsh v. Jackson*, 141 F.R.D. 431 (W.D. Va. 1992), the court

addressed the question of whether a party could issue a "naked" subpoena *duces tecum*, that is a subpoena for documents alone unconnected to a deposition, to an opposing party's expert.  The court held that a party's discovery of an expert is limited by Rule 26(b)(4), which allows for the service of a Rule 45 subpoena *duces tecum* on an expert only in association with the expert's deposition related to his/her expert report.  The Court explained:

> None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas *duces tecum*.  Instead, they operate as a control, or brake, if you will, on the potential runaway use of the subpoena *duces tecum* to compel the production of the evidence of experts retained by a party to testify at trial.  These methods are tried and true.  They both are simple and provide protection for the parties and witnesses.  They contemplate gathering information first from the party *viz* Rule 26(b).  In the event a party wishes to deal directly with the opponent's expert, Rule 30 permits the use of a deposition.  In conjunction with that deposition, the expert might be served also with a Rule 45 subpoena *duces tecum* requiring him to product a designated list of materials or things.  The most important attribute of these discovery methods is that they protect the interests of the expert and the party retaining him in the work that he has produced, while also providing access to the opposing party, though such access might not be as inexpensive as the opponent might desire.

*Id.* at 433.  Many other courts have followed *Marsh*.  *See, e.g., Smith v. Transducer Tech., Inc. v. Endevco Corp.*, 2000 WL 1717332, at *2 (D.V.I. July 3, 2000); *Ambrose v. Southworth Prods. Corp.*, No. 95-0048-H, 1997 WL 470359 (W.D. Va. June 24, 1997); *Perry v. United States*, No. 3:96-CV-2038-T, 1997 WL 53136, at * 1 (N.D. Tex. Feb. 4, 1997); *Greer v. Anglemeyer*, No. 3:93-CV-649RP, 1996 WL 56557, at * 2 (N.D. Ind. Jan. 5, 1996).

Plaintiff's subpoena was clearly improper.  Given that fact, Defendants' counsel properly advised Mr. Radokanakis that a motion to quash would be filed.  That motion has since been filed.  In the interim, it was not improper for Mr. Radokanakis to withhold his documents since Plaintiff was not entitled to see them at this time.

**II.      Sanctions Are Inappropriate**

Plaintiff's motion is insincerely filed.  Plaintiff's past conduct in this case is identical to that which she now alleges is improper.  Plaintiff's counsel contacted Charles Town Races and Slots about the subpoena *duces tecum* issued by Defendants' counsel in this matter.  *See* Declaration of Phyllis LeTart, attached hereto as Exhibit A.  Plaintiff's counsel instructed Phyllis LeTart, Charles Town's Vice President for Legal and Business Affairs to "not produce the records responsive to the subpoena" because Plaintiff intended to file a motion to quash the subpoena.  *Id.* at ¶ 5.  Plaintiff's counsel's admonition caused the Custodian of Records to try to retrieve the records from the Postal Service.  *Id.* at ¶ 6.  Plaintiff's counsel cannot complain about conduct in which she herself has engaged.

Second, given that Plaintiff's subpoena was improper, as described above, no sanctions can be awarded.

Finally, the case upon which Plaintiff relies to support her request for sanctions is *sui generis* and inapposite.  In *Fox Industries, Inc. v. Gurovich*, No. 03-5166, 2006 WL 2882580 (E.D.N.Y. Oct. 6, 2006), the court imposed sanctions for a letter sent by counsel to subpoenaed third parties telling them that the subpoenas that had been served upon them were "null and void and should not be complied with."  None of the third parties in *Fox Industries* were agents of the lawyer.  The court based the imposition of sanctions upon its finding that the letters constituted a common law "an abuse of process."  *Id.* at * 9.  Furthermore, the court imposed sanctions pursuant to its "inherent power to manage its affairs."  *Id.*  The Court's actions were influenced by the fact that it had previously found defendant and its counsel guilty of such "abuse of process" and had previously imposed fines for that action.  *Id.*

This case is nothing like *Fox Industries*.  Counsel for Defendants did not commit an "abuse of process."  First, unlike *Fox Industries*, this case did not involve true third parties.  The

5

subpoenaed witness in this case is a potential testifying expert retained by defense counsel. Second, the subpoena in this case was invalid unlike the subpoenas in *Fox*. Third, there is not a history of conflict between the Court and counsel that existed in *Fox*.

The Court has before it Defendants' Motion to Quash Plaintiff's Subpoena to Mr. Rodokanakis. The Court should address that motion on its merits and not be distracted with Plaintiff's inappropriate requests for sanctions.

WHEREFORE, for the above-stated reasons and any other reason that may become known at a hearing on this matter, Defendants respectfully request that Plaintiff's Motion for an Order to Show Cause and For Sanctions be denied.

Dated:  December 28, 2007                                          Respectfully submitted,

                                                                    __/s/_ Manesh K. Rath_____
                                                                    Manesh K. Rath (D.C. Bar No. 457835)

                                                                    KELLER AND HECKMAN LLP
                                                                    1001 G Street, N.W.
                                                                    Suite 500 West
                                                                    Washington, D.C.  20001
                                                                    Tel: (202) 434-4182
                                                                    Fax: (202) 434-4646

                                                                    Counsel for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 28, 2007, a copy of **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS' COUNSEL SHOULD NOT BE HELD IN CONTEMPT OF COURT AND FOR SANCTIONS** was served by CM/ECF software on the following individuals:

WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC
Timothy B. Fleming (D.C. Bar No. 351114)
Lori B. Kisch (D.C. Bar No. 491282)
2031 Florida Avenue, N.W.
Washington, D.C. 20009
Tel.: (202) 467-4123
Fax:  (202) 467-4489

WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN
     AFFAIRS
Susan E. Huhta (D.C. Bar No. 453478)
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax: (202) 319-1010

Counsel for Plaintiff


                                                                 /s/ Manesh K. Rath

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Linda L. Green

        Plaintiff,

v.                                                                           Civil No.: 1:07-cv-00298-EGS-AK

InterSolutions, Inc., et al

        Defendants.

## DECLARATION OF PHYLLIS LeTART

I, Phyllis LeTart, state the following:

1. I am employed by PNGI Charles Town Gaming, LLC, t/a "Charles Town Races & Slots" ("CTRS"), as its Vice President – Legal & Business Affairs.

2. On or about August 2, 2007, CTRS was served with a subpoena duces tecum issued in the above-captioned referenced matter by Defendant's counsel.

3. This subpoena requested "All documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006 for the Players' Choice Card and corresponding Player's Choice Account of Linda L. Green…", as further identified.

4. On or about August 9, 2007, I sent the records responsive to the subpoena to Defendant's counsel.

5. On or about August 10, 2007, I received a phone call from Plaintiff's counsel requesting that I not produce the records responsive to the subpoena as a Motion to Quash the subpoena would be filed on behalf of the Plaintiff.

6. On or about August 10, 2007, I attempted to retrieve the records sent to Defendant's counsel but was unsuccessful as the enveloped had already been picked up for delivery to the post office.

7. On August 14, 2007, via facsimile, I received a letter from Plaintiff's counsel requesting copies of the records responsive to the subpoena that were forwarded to Defendant's counsel.

8. On or about August 14, 2007, copies of the records were forwarded to Plaintiff's counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of December, 2007, in Charles Town, West Virginia.

_Phyllis LeTart_
Phyllis LeTart

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINDA GREEN,                )<br>                                                )<br>            Plaintiff,            )<br>                                                )<br>     v.                                        )<br>                                                )<br>INTERSOLUTIONS, INC., *et al.*  )<br>                                                )<br>            Defendants.        )<br>_____) | Civil No.: 1:07-cv-00298-EGS-AK |

**<u>(PROPOSED) ORDER</u>**

It is hereby **ORDERED** this _____ day of _____, 200__, that Plaintiff's Motion for Order to Show Cause Why Defendants' Counsel Should Not Be Held in Contempt of Court and for Sanctions is hereby **DENIED.**

**SO ORDERED.**

_____                    _____
Date                                                The Honorable Emmet G. Sullivan,
                                                         United States District Judge

                                                         The Honorable Alan Kay,
                                                         United States Magistrate Judge