**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                      )
LINDA GREEN,                                )
                                                      )
            Plaintiff,                             )
                                                      )
      v.                                              )        CIVIL NO: 1:07CV00298-EGS
                                                      )        Status Conference: Feb. 6, 2008
                                                      )
INTERSOLUTIONS, INC., ET AL.,        )
                                                      )
            Defendants.                         )
                                                      )
_____)

**PLAINTIFF'S REPLY MEMORANDUM
IN SUPPORT OF HER MOTION TO DISMISS DEFENDANTS'
FIRST (AMENDED) AND SEVENTH COUNTERCLAIMS**

Plaintiff Linda Green hereby submits the following Reply Memorandum in Support of

Her Motion to Dismiss Defendants' First (Amended) and Seventh Claims for Relief ("Motion").

Defendants' Opposition to Plaintiff's Motion offers no sound basis for allowing their

inadequately pled claims to survive Plaintiff's Motion. Defendants' Computer Fraud and Abuse

Act ("CFAA") and Electronic Communications Privacy Act ("ECPA") claims should be

dismissed.

While the Defendants' Opposition requires that Plaintiff discuss the technical

requirements of the CFAA and the ECPA in this Reply, it is important to note what Defendants'

Opposition makes clear this dispute is all about. It is now clear from Defendants' Opposition

that their CFAA and ECPA counterclaims boil down to nothing more than an allegation that

Linda Green accessed employee and client lists on an InterSolutions' computer and provided the

names of some employees to third parties, presumably Plaintiff's attorneys, involved in the

prosecution of civil rights claims. *See* Opp. at 5, 8; Amended Answer and Counterclaims, Dkt. 22, ("Counterclaims" or "Countercl.") ¶ 43. Thus, Defendants have sued Plaintiff, a former employee, under complex fraud and privacy statutes aimed at preventing computer hacking apparently for providing names of temporary employees to aid in the vindication of those individuals' civil rights – the gravamen of the Counterclaims thus concern protected activity.[1]

Defendants only plead boiler-plate elements of their claims in contravention of clear Supreme Court precedent. Although Defendants' Opposition purports to "set forth the proper authorities for the Court to consider in passing on a Rule 12 motion to dismiss," Opp. at 1, Defendants repeatedly misstate their burden to plead facts sufficient to raise their right to relief above a speculative level and ignore the Supreme Court's recent ruling regarding such a requirement. *See Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964 -65 (2007). In fact, Defendants repeatedly assert that they need not plead specific facts in support of their claims. *See* Opp. at 1-2, 9, 12, 14, 15, 16, 17, 19. Thus, it is now apparent that Defendants have no facts to support their allegations.

With respect to Defendants' ECPA counterclaim, Defendants do not seriously dispute that the facts alleged do not sufficiently notify Plaintiff of the nature of the claim and the grounds upon which it rests. Instead, they repeatedly assert, relying on pre-*Twombly* precedent, that their bare recitation of the elements suffices to state the claim.

With respect to their CFAA claim, it is clear that Defendants cannot state with any specificity what the basis is for that claim, because they cannot even identify the specific provision of the CFAA they allege Plaintiff violated. Defendants assert in their Opposition that

---

[1] In light of the glaring lack of factual basis for any of these counterclaims as explained in Plaintiff's Motion and in this Reply and the fact that the gravamen of their claims appear to be based only on protected activity, the mere bringing of the Counterclaims could be viewed as retaliatory action against Plaintiff.

they have stated a claim for a violation of an entirely different subsection of the statute than Plaintiff had been led to believe by their Counterclaims: 18 U.S.C. § 1030(a)(4) (rather than §§ 1030(a)(5)(i-iii)). Therefore, Plaintiff herein addresses Defendants' complete failure to allege two necessary elements of a § 1030(a)(4) claim (that Plaintiff acted with intent to defraud and through her actions furthered an intended fraud) and their further failure to plead facts sufficient to support their conclusory assertion of two other elements of the claim (that she exceeded her authorized access to their computers and that Defendants suffered a loss therefrom).

Finally, Defendants attempt to justify their failure to plead facts in support of either counterclaim by suggesting that discovery is needed to ascertain the facts that would support their counterclaims. Such statements suggest that Defendants had no good-faith basis for bringing either of these claims in the first place, and that the Defendants hoped to use discovery as a fishing expedition for factual support.

Defendants fail to properly state claims upon which relief can be granted for either the ECPA or the CFAA counterclaim, and both should be dismissed with prejudice.

## I.    ARGUMENT

At the outset, Defendants misstate their burden to sufficiently state claims that give "fair notice of what [their] claim is and the grounds upon which it rests." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). First, Defendants rely on a standard specifically overturned by the Supreme Court in *Twombly*, 127 S. Ct. at 1964 -65, that a court may dismiss a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Opp. at 3 (citing *Caribbean Broad. Syst., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998)). Second, Defendants repeatedly misrepresent the standard articulated in *Covad*

*Communications Company*, 398 F.3d 666, 671 (D.C. Cir. 2005).  Defendants quote *Covad* as stating that a counterclaimant is "not required to plead facts sufficient to *support* its allegations," Opp. at 2-3, 14, 17 (emphasis added).  In fact, the court in *Covad* held that a party is "not required to plead facts sufficient to *prove* its allegations . . . ."  398 F.3d at 671 (emphasis added).

As the Supreme Court recently found in *Twombly*, although a claim "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a [pleader's] obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and *a formulaic recitation of the elements of a cause of action will not do*[.]"  *Twombly*, 127 S. Ct. at 1964 -65 (internal citations omitted) (emphasis added).  Further, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id*. at 1965 (internal citations and quotations omitted); *see also Gibson-Michaels v. Bair*, No. 06-1940, 2007 WL 1307905, at *2 (D.D.C. May 3, 2007) (noting that a claim that contains "vague and conclusory accusations and no specific facts regarding the alleged wrongdoing does not allow a defendant to frame an intelligent defense and are subject to dismissal.").  Defendants have not pled sufficient factual allegations to raise their right to relief above the speculative level.  Nor in some instances have they even pled the necessary elements of their claims.  *See* discussion I.A.1, *infra*.

Most tellingly, throughout their Opposition Defendants make numerous statements that they are unable to allege the facts relating to their counterclaims without first conducting discovery.  For example, Defendants state that they are in need of discovery to "explore the precise factual contours of their [CFAA] claim."  Opp. at 9.  Further, Defendants state that they

need discovery "to demonstrate which records were accessed by Plaintiff and by what means" in order to state their ECPA claim. Opp. at 17. Even more surprising is that Defendants suggest that they need discovery to determine whether and if Plaintiff accessed information in violation of ECPA, and what sort of information may have been accessed by her – whether emails, satellite television broadcasts, or cell phone records. Opp. at 18. Defendants are incorrect that they may merely restate the statutory language of these claims, allege no facts in support thereof, and then expect to undertake a fishing expedition through discovery to determine whether a viable claim exists. Defendants' CFAA and ECPA counterclaims should be dismissed.

### A. Defendants Have Not Stated a Claim Under the Computer Fraud and Abuse Act

To date, Defendants have failed to identify the specific provision of the CFAA they allege Plaintiff violated. *See* Amended Answer and Counterclaims, Dkt. 22, ("Counterclaims" or "Countercl."). Because no specific subsection was cited in their Counterclaims, Plaintiff was left to guess from Defendants' pleading which section(s) Defendants were accusing Plaintiff of violating. Plaintiff's reading of Defendants' Counterclaims led her to believe that Defendants had pled a violation of subsections 18 U.S.C. §§ 1030(a)(5)(i-iii), and therefore premised her Motion to Dismiss on this subsection. *See* Motion at 15-17.

However, Defendants' Counterclaims, apparently, were pled even less precisely than Plaintiff first recognized, because Defendants' Opposition suggests that they are alleging a violation of a totally separate subsection of the CFAA: 18 U.S.C. § 1030(a)(4). Defendants concede that this CFAA cause of action has four elements:

(1) [plaintiff] has accessed a 'protected computer';
(2) has done so without authorization or by exceeding such authorization as was granted;
(3) has done so 'knowingly' and with 'intent to defraud;' and
(4) as a result has 'further[ed] the intended fraud and obtain[ed] anything of value.

Opp. at 3 (quoting *P.C. Yonkers, Inc., v. Celebrations the Party and Seasonal Superstore, LLC,* 429 F.3d 504, 508 (3d Cir. 2005)); *see also* 18 U.S.C. § 1030(a)(4).  Defendants have wholly failed to sufficiently plead a violation of this section.[2]

### 1.    Defendants Do Not Allege the "Fraud" Elements of the Claim

First and foremost, Defendants <u>nowhere</u> allege in their Counterclaims that Plaintiff acted with "intent to defraud," as the subsection requires.  18 U.S.C. § 1030(a)(4); *P.C. Yonkers,* 429 F.3d at 508.  Defendants allege that Plaintiff acted "knowingly" and "intentionally," *see* Countercl. at ¶¶ 9, 68-70, but they <u>never</u> allege that she acted with the intent to defraud.  In fact, the word defraud does not even appear anywhere in Defendants' Counterclaims, and the word "fraud" appears only when Defendants state the name of the Computer Fraud and Abuse Act. *See* Countercl.   Because the statute requires that at a minimum Defendants allege Plaintiff acted "knowingly <u>and</u> with intent to defraud," 18 U.S.C. § 1030(a)(4) (emphasis added), and Defendants have only alleged Plaintiff acted knowingly, Defendants have failed to properly plead this cause of action.

The court in *Dudick, ex rel. Susquehanna Precision, Inc. v. Vaccarro*, No. 3:06-CV-2175, 2007 WL 1847435, *6 (M.D. Pa. June 15, 2007), dismissed a claim under CFAA § 1030(a)(4) for failure to plead intent to defraud.  The allegations in that case, strikingly similar to those here, were that the defendant "without authorization or exceeding the authorization he had been given as an employee of SPI [the plaintiff], intentionally accessed the SPI computer system and

---

[2] Defendants assert that Plaintiff has conceded that they adequately pled elements (1) and (3) as articulated in *P.C. Yonkers*.  Opp. at 6.  To the contrary, Plaintiff does not concede that Defendants have pled these elements, as discussed herein.  These elements were not addressed in Plaintiff's Motion because, as discussed, Defendants had not identified and Plaintiff was therefore not aware (due to the insufficiency of Defendants' pleading) that Defendants were alleging a violation of subsection (a)(4).

obtained, communicated, delivered and/or transmitted information from SPI's protected computer to EMS, an entity not entitled to receive such information." *Id.* at *2. The plaintiff further alleged that the defendant, through his actions, (1) "did intentionally cause customers' orders, including but not limited to orders from Aero, and other valuable, confidential, and proprietary business information to be transmitted from SPI's protected computer to EMS, an entity not entitled to receive such information"; and (2) that "such conduct caused damage because it impaired the integrity of the confidential and proprietary information on the SPI computer." *Id.* at *2-3. The court held that "noticeably absent" from the complaint were "any allegations that Defendants acted with the 'intent to defraud.'" *Id.* at *6. The court held "[a]s such, Defendants cannot fairly be said to be on notice of a section 1030(a)(4) claim," and dismissed the cause of action. *Id.*

Likewise, noticeably absent from Defendants' Counterclaims are any allegations that Plaintiff acted with the intent to defraud. Defendants, therefore, have not fairly put Plaintiff on notice of a section 1030(a)(4) claim, and the claim should be dismissed.

Defendants also fail to allege that Plaintiff's purported unlawful access to their computers "further[ed] the intended fraud . . . ." 18 U.S.C. § 1030(a)(4). Indeed, the only "improper purpose" alleged by Defendants was "prosecuting her own lawsuit and assisting in the prosecution of other lawsuits against InterSolutions." Countcl. at ¶¶ 10, 33, 43, 69. Defendants certainly offer no facts in support of a theory that access to employee and client lists and their subsequent use in a lawsuit would constitute a fraud. Thus, Defendants' claim entirely fails to give Plaintiff fair notice of what "intended fraud" Defendants allege Plaintiff furthered when she purportedly accessed their protected computers. *See Browning*, 292 F.3d at 242.

Because Defendants failed to plead either that Plaintiff acted with the "intent to defraud" or that she "further[ed] the intended fraud" through her actions, the pleading of this counterclaim is insufficient, and it should be dismissed.

> **2.     Defendants Do Not Properly Allege Facts to Support Their Allegation that Ms. Green's Access to Their Computers Was Unauthorized or In Excess of Her Authorization**

As Plaintiff noted in her Motion, Defendants clearly admit in paragraph 4 of their Counterclaims that by virtue of her position at InterSolutions, Plaintiff had authorized "access" to the very confidential and trade secret information Defendants allege she unlawfully accessed. Counterclaims at ¶ 4.  In their Opposition, Defendants try to get around this dispositive admission by arguing that Plaintiff exceeded her authorization to this information.  Opp. at 6-10. Plaintiff cannot be simultaneously authorized to access this information and restricted from accessing it.  Defendants, therefore, fail to sufficiently allege that Ms. Green was not entitled to "obtain" the confidential and trade secret information.  *See, e.g., Lockheed*, 2006 WL 2683058, at \*4 ("because Lockheed permitted the Employees to access the precise information at issue, the Employees did not exceed authorized access").

The CFAA defines "exceeds authorized access" as follows: "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled to so obtain or alter . . . ."  18 U.S.C. § 1030(e)(6).  Defendants have not alleged any facts to support the notion that Plaintiff was "not entitled to [] obtain" the purported confidential information.  *See id.*  The only factual allegations made by Defendants in their Counterclaims relating to the issue of *access* to information are the following two paragraphs:

> 2. On or about March 15, 2005, and April 16, 2006, Ms. Green signed an "Employment Agreement Relating to Business Information, Trade Secrets and Noncompetition" ("the Agreements"), which Agreements set forth the bounds and scope of her authorized access to, and use of, InterSolutions' client name and

> address lists, employee name and address lists, and prospective employee name and address lists, all of which is confidential and trade secret information.
>
> 4. In her position as staffing coordinator, Ms. Green had access to InterSolutions' confidential and trade secret information.

Countcl. ¶ 2, 4.  Defendants further allege the following with regard to the scope of the Plaintiff's authority to *use* such information:

> 6.  By signing the Agreements, Ms. Green agreed not to disclose to third parties, use for her own benefit or for the benefit of third parties, copy, or make notes of any of InterSolutions' confidential or trade secret information.

Countcl. ¶ 6.  Defendants assert that paragraphs 2 and 6 establish that Plaintiff's access to their confidential and trade secret information was limited.  *See* Opp. at 6-7.  Paragraph 6 in no way even addresses the issue of *access* to which Plaintiff was entitled, but rather only addresses the issue of the *use* of such information.  Further, paragraph 2 does not state whether there is any limit on the scope of Plaintiff's access, it merely provides that the scope of her authorized access is set forth in the Agreement.[3]  Noticeably missing from paragraph 2 is any affirmative statement that Plaintiff's access was limited in any way. It does not describe the scope or bounds of her authorized access, whether it is limited or unlimited.  While the scope of the *use* of such information by Plaintiff is somewhat explained in paragraph 6, there is no similar explanation as to the scope of Plaintiff's *authorized access*.[4]

_____

[3] Although Defendants argue to the contrary (Opp. at 6), Plaintiff did not intend to and does not concede in her Motion that Defendants have alleged that Plaintiff signed an agreement limiting her access to certain information. In fact, Defendants concede that Plaintiff was allowed access to that information.  Countercl. ¶ 4.

[4] It is noteworthy that, notwithstanding the fact that Defendants are in possession of Ms. Green's confidentiality agreements and in fact produced a copy of them in discovery, they nowhere allege any specific verbiage from the agreements supporting their allegation that the agreements in some way restrict Ms. Green's access to confidential information.  Plaintiff finds this highly

Furthermore, Defendants do not allege a single fact that would establish that Plaintiff actually obtained or altered information in *excess of her authorization to do so*. *See* 18 U.S.C. § 1030(e)(6). Instead, Defendants' Counterclaims (and their Opposition) focus on Plaintiff's alleged *use* of the information once obtained. Such unauthorized use of information, as Plaintiff established in her Motion, is not proscribed by the CFAA, only unauthorized access or alteration. *See* Mot. at 16-17.

Defendants argue in their Opposition that Plaintiff contends that "some access permits all access," Opp. at 8. To the contrary, Plaintiff contends that unauthorized access and unauthorized use are two distinct concepts, and Defendants appear unable or unwilling to differentiate the two. Defendants repeatedly complain about Plaintiff's alleged unauthorized use of confidential and trade secret information, but they never identify how Plaintiff exceeded her authorized access to this information. In other words, they do not establish that Plaintiff was not permitted to "obtain" the information, *see* 18 U.S.C. § 1030(e)(6); they only allege that she was not permitted to use it in the way she purportedly did. As stated in Plaintiff's Motion, unauthorized use of information is not actionable under CFAA, and the claim should be dismissed. *See* Mot. at 16-17.

The *Lockheed* case is squarely on point. In *Lockheed*, the court dismissed a CFAA Section (a)(4) claim where the plaintiff alleged that on their last day of work the defendant employees copied and downloaded company files containing confidential and proprietary trade secret information to a personal digital assistant. 2006 WL 2683058 at *1. Because the

---

noteworthy. Although Plaintiff's Motion to Dismiss arises solely under R. 12(b)(6) and is based entirely on the allegations, and/or the lack thereof, in Defendants' Amended Answer and Counterclaims, Plaintiff notes for the record that neither she nor her counsel can find anything in the agreements mentioning any limitations on Ms. Green's access to InterSolutions' computerized data.

complaint alleged that, as employees, the defendants had authorized access to the plaintiff's computers and this information, the court held that the plaintiff had not adequately pled that the defendants accessed "without authorization" or "exceed[ed] authorized access" in violation of the statute. *Id*. at *4. The court explained:

> The analysis is not a difficult one. Because Lockheed permitted the Employees to access the company computer, they were not without authorization. Further, because Lockheed permitted the Employees to access the precise information at issue, the Employees did not exceed authorized access.

*Id.* at *5. The court went on to say that the "gist of Lockheed's complaint is aimed not so much at the Employees' improper access of the [] information, but rather at the Employees' actions subsequent to their accessing the information. As much as Lockheed might wish it to be so, § 1030(a)(4) does not reach the actions alleged in the complaint." *Id. See also International Ass'n of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 499 (D. Md. 2005) (holding that the "CFAA . . . do[es] not prohibit the unauthorized disclosure or use of information, but rather unauthorized access. Nor do [its] terms proscribe authorized access for unauthorized or illegitimate purposes."), discussed in Plaintiff's Motion at 17.

The same is true in the instant case. As much as Defendants might wish it to be so, their multiple complaints about Plaintiff's alleged improper use of the Defendants' confidential and trade secret information do not amount to a violation of § 1030(a)(4). Defendants concededly gave Plaintiff access to their computers and this confidential and trade secret information, and therefore her access to them was not without authorization or in excess of her authorization.

*E.F. Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 578 (1st Cir. 2001), cited by Defendants, Opp. at 7-8, is inapposite. First, the court in *E.F. Cultural* was addressing an appeal of a preliminary injunction, not the sufficiency of a CFAA claim on a 12(b)(6) motion to dismiss and therefore its applicability to Plaintiff's Motion is highly questionable. *See id.* Second, the

facts of that case are completely distinguishable.  There, the individual defendant was a former executive of the plaintiff who used confidential and trade secret information to develop a device that "mined" the plaintiff's website to obtain information (pricing data) for use by his new employer, the plaintiff's competitor.  *Id*. at 578.  The court found that the defendant's use of confidential and trade secret information to develop a new device which would "obtain" information from the plaintiff's website indicated that he had exceeded his authorization to such information.  *Id.* at 581-82.   In short, the plaintiff there had properly alleged (1) that his access to the pricing data on the plaintiff's website was restricted; and (2) that he exceeded this authorized access by using confidential data in developing a tool to "obtain" the pricing data on the plaintiff's website in a manner that he would have not been able to do absent use of this confidential information.  *See id*.  The CFAA violation was adequately pled because the plaintiff sufficiently alleged that the defendant's actions in accessing and obtaining the information on the website exceeded his authorization.  *See id*.; *see* 18 U.S.C. § 1030(e)(6).

     The facts of the instant case are fundamentally different.  As discussed, Defendants have not adequately pled (1) that her *access* to the information was limited (since they contrarily allege that she did have such access) or (2) that she actually exceeded her authorized access to the information.  Whereas, in *E.F. Cultural*, the defendant used confidential information to obtain the pricing data on the company's website, thereby simultaneously breaching his confidentiality agreement and exceeding his authority to access the pricing data on the website as a normal user of the website would,  *see* 274 F.3d at 578-82, here, the confidentiality agreement only (purportedly) sets forth the bounds of Plaintiff's access to the confidential and trade secret information; Defendants have not pled any facts in support of their allegation that she actually exceeded this access.  The only facts pled concern Plaintiff's use of the purported confidential

and trade secret information.  As the courts in both *Lockheed* and *Werner-Matsuda* held, the CFAA does not prohibit the unauthorized disclosure or use of information, but unauthorized access.  *Werner-Masuda*, 390 F. Supp. 2d at 499; *Lockheed*, 2006 WL 2683058 at \*5.

In effect, Defendants' assertion that their pleading is sufficient to maintain a CFAA claim can only be sustained if the Court adopts an expansive reading of the CFAA's plain terms, such that unauthorized use of information is equated with unauthorized access to that information.  Such an expansive reading of the CFAA would distort its plain language and legislative intent.  *See, e.g., Lockheed*, 2006 WL 2683058 at \* 4-7 (thoroughly exploring the language and intent of the statute and roundly criticizing a broad interpretation which would expand the statute's application to unauthorized "use" of the information).  The CFAA prohibits (1) accessing protected computers without authorization and (2) using authorization to "obtain or alter information in the computer that the accesser is not entitled so to obtain or alter."  18 U.S.C. § 1030(e)(6), (a)(4).  It plainly does not prohibit unauthorized "use" of information obtained with access.  In any event, the Court need not even reach this issue because the Defendants have so clearly failed to plead the other necessary elements of a § (a)(4) claim, as discussed *supra* and *infra*.  The claim should be dismissed regardless of the Court's interpretation of the statute's "exceeding authorization" element.

### 3.    Defendants Do Not Properly Plead a CFAA "Damage" or "Loss"

Defendants' Opposition claims that they have sufficiently pled "loss" because they allege they performed forensic discovery to determine the source of Plaintiff's alleged breach of contract.  Countcl. at ¶ 63; Opp. at 11.  However, Defendants have not alleged that this "forensic discovery" was needed to assess damage to their data, computers, computer system, or resulted from an interruption of service as is clearly required.  *See* 18 U.S.C. § 1030(e)(8,11); Mot. at 18-

21; *Nexan Wires S.A. v. Sark-USA, Inc.,* 319 F. Supp. 2d 468, 475 (S.D.N.Y. 2004), *aff'd* 166

Fed. Appx. 559 (2d Cir. 2006) (granting summary judgment, holding that "the meaning of 'loss'

[under the CFAA] has consistently meant a cost of investigating or remedying damage to a

computer, or a cost incurred because the computer's service was interrupted"); *Civic Ctr.*

*Motors, Ltd. v. Mason St. Imp. Cars, Ltd.,* 387 F. Supp. 2d 378, 382 (S.D.N.Y. 2005) (granting

motion to dismiss, holding that costs unrelated to computer impairment or computer damage not

compensable under CFAA); *Resdev, LLC v. Lot Builders Ass'n,* No. 6:04-CV-1374ORL31DAB,

2005 WL 1924743, at *4 (M.D. Fla. Aug. 10, 2005) (holding that CFAA does not permit

recovery for the exclusivity value of information obtained through unauthorized access to

"protected computers"); *In Re DoubleClick Inc. Privacy Litigation,* 154 F. Supp. 2d 497, 524-25

(S.D.N.Y. 2001) (finding that only costs associated with remedying computer damage are

recoverable under CFAA); *Perl Investments, LLC v. Standard I/O Inc.,* 257 F. Supp. 2d 326, 349

(D. Me. 2003) (granting summary judgment on CFAA claim because no evidence that conduct

damaged computer system).

      Moreover, Defendants assert that the language pled in *H & R Block E. Enters., Inc. v. J &*

*M. Securities, LLC*, No. 05-1056, 2006 WL 1128744 (W.D. Mo. Apr. 24, 2006) and *Southwest*

*Airlines Co. v. Farechase, Inc*., 318 F. Supp. 2d 435 (N.D. Tex. 2004)  is "identical" to that pled

by Defendants in support of their CFAA loss element.  Opp. at 12.   However, even assuming

*arguendo* that were the case, those cases were decided pre-*Twombly*.  Moreover, in *H & R Block*,

the complaint contained, at least, a mention that their $5,000 loss included but was not limited to

"its cost to respond to this offense."  2006 WL 1128744 at *4.  No such explanation of the source

of Defendants' alleged $5,000 expenditure is mentioned by Defendants in stating their CFAA

counterclaim; Defendants state only that "[a]s a result of Ms. Green's conduct, InterSolutions has

suffered 'loss,' as that term is defined in the Computer Fraud and Abuse Act, of at least the jurisdictional amount of $5,000 during the one-year period preceding the filing of this complaint." *See* Countercl. at ¶ 71.  Furthermore, both *H & R Block* and *Southwest* were decided before the Supreme Court's *Twombly* decision, which found that such a "formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 127 S. Ct. at 1965.

Defendants' failure to adequately plead this loss element, and the facts supporting it, further necessitates dismissal of this cause of action.

Perhaps in recognition of their failure to plead any facts in support of their CFAA claim, Defendants assert that they are "entitled to discovery to explore the precise factual contours of their claim . . . ." Opp. at 9; *see also* Opp. at 10 (suggesting the need for discovery to identify relevant facts).[5]  Defendants are not entitled to allege Plaintiff has violated the law without any factual basis for doing so, then engage her in costly litigation while pursuing discovery in a fishing expedition to troll for evidence to support their insufficiently pled claims.  *See, e.g., Jung v. Association of American Medical Colleges*, 300 F. Supp. 2d 119, 157 (D.D.C. 2004) ("Conclusory allegations, in a complaint, if they stand alone, are a danger sign that the [pleader] is engaged in a fishing expedition.") (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 55 (1st Cir.1999)); *see also* Fed. R. Civ. P. 11 (requiring that that a pleading be "well grounded in fact" and authorizing the imposition of sanctions if it is not).  Due to Defendants' failure to plead any facts in support of their conclusory allegations, Plaintiff remains entirely in the dark as to the basis of Defendants' CFAA claim, and therefore she has not

---

[5] Defendants' further reference to Plaintiff's alleged "resist[ance]" to producing her personal emails on pages 9-10 of their Opposition is both irrelevant to whether they have properly pled a CFAA violation and inappropriate to raise in briefing on a Motion to Dismiss, particularly when all discovery in this case has been stayed by the Court.

been put on fair notice of the claim or the grounds upon which it rests. *Browning*, 292 F.3d at 242.

In sum, Defendants have not alleged that Plaintiff accessed their computers with an intent to defraud or that by doing so she furthered the intended fraud; they have not sufficiently alleged that her access to the computer was without authorization or in excess of her authorization; nor have they sufficiently alleged the damage or loss element of the claim. They have, therefore, not properly pled a cause of action under 18 U.S.C. § 1030(a)(d). The claim should be dismissed.

**B.     Defendants Have Not Stated A Claim Under the Electronic Communications Privacy Act ("ECPA")**

In their Opposition, Defendants fail to justify the clear insufficiency of the pleading of their ECPA claim and essentially concede that they have no facts to support their ECPA claim. Instead, they recite the now-familiar, and erroneous, refrain that they are not required to plead facts in support of their claim and reply on incorrect pleading standards. *See* Opp. at 14, 15, 16, 17, and 19. They fail to rebut Plaintiff's argument that ECPA does not apply to a business like that of InterSolutions. Nor do they cite to a single communication that qualifies under ECPA or a single instance in which they believe Plaintiff accessed an electronic communication beyond her authorization to do so. In fact, they state that they are not required to allege facts that support their allegations beyond stating the elements of an ECPA claim – an assertion which has clearly been rejected. Opp. at 14. Defendants' failure to allege facts to support the elements of an ECPA claim warrants dismissal of this cause of action.

1.    **Defendants Do Not Plead Sufficient Facts to Establish That InterSolutions' Place of Business and Computer System Constitute a "Facility Through Which An Electronic Communications Service is Provided"**

First, Defendants' Opposition does not refute Plaintiff's argument that the ECPA counterclaim does not plead sufficient facts to establish that InterSolutions' "place of business and computer system" is "a facility through which an electronic communication service is provided," an essential element of an ECPA claim. *See* Counterclaims at ¶ 24; Opp. at 14-17.

Defendants rely on *Lopez v. First Union Nat. Bank of Florida* in an attempt to justify their complete failure to allege any facts in support of their assertion that InterSolutions' place of business and computer system is a facility through which an electronic communication service is provided. 129 F.3d 1186 (11th Cir. 1997); Opp. at 15. However, in *Lopez*, the plaintiff's complaint contained numerous facts which supported its allegations, unlike Defendants' Counterclaims. 129 F.3d at 1188-90. First, the complaint in that case was assessed under the pre-*Twombly* standard. Second, the complaint there alleged that the defendant was part of "an electronic funds transfer system which permits large dollar fund transfers by computer-to-computer communications between banks." *Id.* at 1188. Third, the plaintiff alleged that the defendant was a bank within this system that used electronic storage to maintain the contents of electronic funds transfers. *Id.* The complaint then detailed the ways in which the defendant bank provided law enforcement authorities access to the contents of the electronic transfers, which plaintiff maintained violated ECPA. *Id.*

At the time, electronic funds transfers were protected "electronic communications" under ECPA. *Id.* at 1190 & n.2 (noting that these types of transfers were later excluded from the statute's protections). Therefore, the plaintiff, by alleging that the defendant was a part of an electronic funds transfer system and which used electronic storage to maintain the contents of

these transfers, had established which electronic communications she alleged were unlawfully

accessed [the electronic funds transfers to her account], the electronic communication service

[the electronic funds transfer system] provided by the defendant, and that the defendant bank was

the facility through which this electronic communication service was provided. *Id*. at 1188-90.

     In stark contrast, Defendants' Counterclaims here do not identify the electronic

communications allegedly accessed or the electronic communications service they purportedly

provide, and therefore there is absolutely no support for their allegation that InterSolutions and

its computer system constitute a facility through which an electronic communications service is

provided.  In their Opposition, Defendants make an unsupported proffer about their business

model and an alleged email and intranet service provided to third-parties.  However, these facts

were not pled, nor even alluded to, in Defendants' Counterclaims.  Of course, at issue in this

Motion are the facts (or lack thereof) pled in Defendants' Amended Answer and Counterclaims,

and the sufficiency of that pleading.  Although Defendants assert that Plaintiff "improperly asks

the Court to look beyond the pleadings to evaluate the sufficiency of Defendants' ECPA

counterclaim," it is they who attempt to provide factual support in their Opposition where none

exists in their Counterclaims.  Contrary to Defendants' assertion, Opp. at 16, Plaintiff does not

seek a "definitive finding, based solely on the pleadings, as to whether the alleged unauthorized

access was from a facility through which an electronic communication service was provided,"

*Kaufman v. Nest Seekers*, LLC, 05-6782, 2007 WL 2807177, at *6 (S.D.N.Y. Sept. 26, 2006),

but merely asserts that Defendants are required to meet the pleading standard articulated by the

Supreme Court.  Defendants are required to plead some facts in their Counterclaims that are, at

least, sufficient to put her on notice of the nature of their claims against her. *Twombly*, 127 S. Ct.

at  1964 -65.  This they have not done, and the claim, therefore, should be dismissed.

## 2.     Defendants Do Not Sufficiently Allege that Green Unlawfully Accessed Electronic Communications

Defendants also assert that they are not required to plead to any facts that identify the nature or type of electronic communications allegedly accessed by Plaintiff.  Opp. at 17.  Their Opposition further indicates, shockingly, that they do not even know which electronic communications they believe she accessed.  Opp. at 17.  Defendants state that they need discovery to identify "which records were accessed by Plaintiff and by what means," *id*., and suggest that the electronic communications accessed could be emails, satellite television broadcasts, or cell phone records, but that this inquiry "must await discovery and trial."  Opp. at 18.

Therefore, Defendants' Opposition indicates that no facts were pled in support of their ECPA counterclaim because there are no facts that would support this claim, or at least no facts known by Defendants.  Defendants clearly hoped to engage (and indeed, have engaged) in a discovery fishing expedition in the hopes of finding some support for this claim.  *See Jung*, 300 F. Supp. 2d at 157 ("Conclusory allegations, in a complaint, if they stand alone, are a danger sign that the [pleader] is engaged in a fishing expedition.").  Defendants should not be permitted to bring a baseless claim against Plaintiff and attempt to bootstrap it into legitimacy by fishing for evidence during discovery.  Indeed, the Supreme Court explicitly rejected the notion that a complaint is sufficiently pled "whenever the pleadings left open the possibility that a plaintiff might later establish 'some set of [undisclosed] facts' to support recovery."  *Twombly*, 127 S. Ct. at 1968 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)) (alteration in original).  As is evident from Defendants' Counterclaims and further revealed by their Opposition, Defendants' ECPA counterclaim lacks any factual support and should be dismissed.

  **3.**  **Defendants Do Not Allege That Plaintiff Accessed Electronic Communications While the Communications Were In Electronic Storage In A System That Provides Electronic Communication Services**

  Defendants further fail to support their allegation that the electronic communications purportedly accessed by Plaintiff were in electronic storage at the time of the purported access. To state a proper ECPA claim, Defendants must also allege that the electronic communications Plaintiff allegedly accessed were in "electronic storage in such a system . . . ."  *See* 18 U.S.C. § 2701(a).  As discussed in Plaintiff's Motion and incorporated herein, Defendants failed to allege any facts in support of their assertion that Plaintiff accessed electronic communications in electronic storage.  Mot. at 9-11. Indeed, the type and purpose of any such storage is not identified, likely because Defendants have not even identified the type of electronic communications allegedly accessed.  *See* discussion II.B.2, *supra*.  Defendants cannot sustain this cause of action by simply reciting the statutory elements of the claim without one ounce of factual support.  *See Twombly*, 127 S. Ct. at 1964-65.  Defendants fail to provide notice of the grounds upon which their claims rest and therefore fail to state a claim upon which relief can be granted.  The cause of action should be dismissed.

  **4.**  **Defendants Allege Insufficient Facts to Support Their Claim That Plaintiff's Access to Their Computer System Was Unauthorized or In Excess of Her Authorization**

  Finally, Defendants allege insufficient facts to support their allegation that Ms. Green's access to the alleged communications was unauthorized or in excess of her authorization.  *See* Counterclaims at ¶ 25.  Defendants argue simply that they are not required to present any such facts.  Opp. at 19.  Of course, Defendants are required "to provide the grounds of [their] entitle[ment] to relief," and they must provide factual allegations sufficient to "raise a right to relief above the speculative level[.]"  *Twombly*, 127 S. Ct. at 1965.  As discussed above, in their

Counterclaims, Defendants nowhere alleged that Plaintiff's access to their computer system was restricted in any way.  Again, as discussed above and in Plaintiff's Motion, Defendants' factual allegations concern Plaintiff's alleged use of information, not her access to it or the computers on which it was allegedly stored.  Moreover, Defendants concede that Plaintiff had access to the very information they apparently allege she accessed in excess of her authorization. Counterclaims at ¶ 4.

ECPA, like CFAA, was intended to "create a cause of action against 'computer hackers (*e.g.*, electronic trespassers).'"  *Werner-Masuda*, 390 F. Supp. at 495-96; *see also* S. Rep. No. 99-541 at 35 (stating that Section 2701 "addresses the growing problem of unauthorized persons deliberately gaining access to, and sometimes tampering with, electronic or wire communications that are not intended to be available to the public."), *quoted in Werner-Masuda*, 390 F. Supp. 2d at 497.  Section 2701(a) is not applicable to "conduct authorized (1) by the person or entity providing a wire or electronic communications service; (2) by a user of that service with respect to a communication of or intended for that user; . . . ."  18 U.S.C.A. § 2701(c).  Defendants nowhere allege any facts indicating that Ms. Green's access to InterSolutions' computer system was limited in any way, that she accessed communications not intended for her, nor that there were private zones in Defendants' computer system to which she did not or should not have access.  This element, too, is insufficiently pled.

In sum, Defendants have failed to state a claim under the ECPA because they have not alleged facts supporting their contentions (1) that InterSolutions' place of business and computer system constitute *a facility though which an electronic communications service is provided*; (2) that Plaintiff obtained access to *electronic communications*; (3) that any electronic communications allegedly accessed were in *electronic storage in a system that provides*

*electronic communications services*; or (4) that Plaintiff accessed InterSolutions' computer system *without authorization* or *in excess of her authorization*. Defendants are required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Twombly*, 127 S. Ct. at 1965. Defendants ECPA counterclaim should be dismissed.

## II.    CONCLUSION

For all of the foregoing reasons, and those stated in her Motion, Plaintiff respectfully requests that the Court grant her Motion to Dismiss regarding Defendants' First (Amended) and Seventh Claims for Relief.

Respectfully submitted this 15th day of January, 2008.

/s/ Lori B. Kisch
_____

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW, Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine A. Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2008, the foregoing Reply in Support of Plaintiff's Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


By:
    ___/s/ Lori B. Kisch_____
    Attorney for Plaintiff

23