UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**LINDA GREEN,**

Plaintiff,

v.

**INTERSOLUTIONS, INC.,** *et al*,

Defendants.

---

Civil Action No. 07-298(EGS)(AK)

**MEMORANDUM ORDER**[1]

Pending before the Court are Plaintiff's Motion to Compel Defendants' Answers to Interrogatories and Production of Documents [45], Defendants' Opposition [49], and Plaintiff's Reply [56]. For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED-IN-PART AND DENIED-IN-PART.

I. **Background**

On February 9, 2007, Plaintiff Linda Green filed a Complaint [1] in the instant action against her former employer, InterSolutions, and the company's co-owners, Drew Golin and Sarah Walder. Plaintiff filed her Amended Complaint [8] on March 20, 2007. Plaintiff alleges that Defendants violated the Fair Labor Standards Act, the federal Family and Medical Leave Act, the District of Columbia Wage and Hour Law, the District of Columbia Family and Medical

---

[1] United States District Judge Emmet G. Sullivan referred this case to the undersigned Magistrate Judge for discovery purposes, pursuant to Local Civil Rule 72.2(a). (*See* Minute Order dated 10/18/07.)

Leave Act, and the District of Columbia Human Rights Act and that Defendants breached their employment contract with Plaintiff. (Am. Compl. ¶ 1.) Defendants asserted counterclaims for violation of the Electronic Communications Privacy Act, trespass to personal property, violation of the Uniform Trade Secrets Act, breach of fiduciary duty, defamation, and breach of contract. (Def.'s Answer [16] ¶¶ 20-57.)

InterSolutions is a staffing company that provides front desk, concierge, leasing, and maintenance personnel to residential and commercial properties in the District of Columbia, Maryland, Virginia, Pennsylvania, and New Jersey. (Am Compl. [8] ¶ 16.) Defendants hired Plaintiff in 2003 as a temporary, hourly wage employee at InterSolutions' Washington, D.C. headquarters. (*Id*. ¶ 19.) From December 2003 until May 2004, Plaintiff administered Defendants' billing policies and performed other administrative duties and in May 2004 she was promoted to a full-time position as Manager of InterSolutions' Front Desk/Concierge Department (*Id*. ¶ 20, 33.) Defendants terminated Plaintiff's employment in August 2006. (*Id*. ¶ 8.)

On July 31, 2007, Plaintiff served her First Set of Interrogatories and Request for Production of Documents on Defendants. (Pl.'s Mem. Supp. Mot. Compel ("Pl.'s Mem.") [45] at 4.) Defendants served their Objections and Responses on September 4 and supplemental responses to Plaintiff's interrogatories and document requests on October 12, 2007. (*Id*. at 4-6.) Plaintiff contends that Defendants' discovery responses are deficient and asks this Court to order Defendants to supplement their answers to Interrogatories Nos. 3-27 and their responses to Document Requests Nos. 1 and 3-23.

II.     **Discussion**

A.     Failure to Sign / Verify - Waiver of Objections

Federal Rule of Civil Procedure 26(g) requires that every discovery response or objection

be signed by the attorney of record in the case.  FED. R. CIV. P. 26(g)(1).  The rule further

provides that a "court must strike [the response or objection] unless a signature is promptly

supplied after the omission is called to the attorney's . . . attention."  FED. R. CIV. P. 26(g)(2).

Similarly, answers to interrogatories must be signed by the person who makes the answers and

objections to interrogatories must be signed by the attorney who objects.  FED. R. CIV. P.

33(b)(5).  Rule 34, which governs document requests, does not contain a verification provision.

Defendants failed to sign their initial responses to Plaintiff's First Set of Interrogatories

and Request for Production of Documents and Defendants' counsel failed to sign the objections.

(Pl.'s Mem. at 4-5.)  Plaintiff's counsel informed Defendants' counsel of this omission and

executed responses were eventually provided.  (*Id*. at 5-6; Pl.'s Reply [56] at 6.)  Defendants also

failed to verify their supplemental responses.  (Pl.'s Mem. at 6; Pl.'s Reply at 6.)  On these

grounds, Plaintiff argues that Defendants have waived all objections to Plaintiff's interrogatories

and document requests.  (Pl.'s Mem. at 6.)

The Court rejects Plaintiff's argument for three reasons.  First, Defendants provided

signed and verified copies of their initial answers after Plaintiff brought the matter to their

attention.  Perhaps they did not do so in a prompt manner, but Plaintiff has not shown that she

was prejudiced by the delay.  Second, holding that the party's objections are waived is not the

proper remedy for a violation of Rule 33's verification requirement.  *See Fonville v. D.C.*, 230

F.R.D. 38, 45 (D.D.C. 2005) (recommending that the District of Columbia be ordered to serve a

3

signed set of interrogatory answers when their initial responses were not signed by a representative of the District of Columbia government).  Finally, it is unclear whether, before filing its Motion to Compel, Plaintiff brought the unsigned supplemental responses to Defendants' attention as required by Rule 26(g).  Accordingly the Court will not find that Defendants waived their objections, but cautions Defendants to be more diligent and avoid such clerical errors in the future.

B.     Defendants' Objections to Plaintiff's Discovery Requests

Before turning to each individual interrogatory and document request, whether those requests seek relevant evidence, and whether Defendants complied with their discovery obligations, the Court will address the sufficiency of several objections that Defendants repeatedly raised in response to Plaintiff's discovery requests.

1.     *Vagueness, Ambiguousness, Overbreadth and Burden*

Defendants object on grounds of vagueness and ambiguity to Interrogatories No. 3-5, 7, 9-15, 17, 19, 21, 22, and 24-26 and Document Requests Nos. 1, 4, 10, 11, 13-16, 18 and 23. Defendants object on the basis of overbreadth to Interrogatories Nos. 3, 6-8, 10, 14, 15, and 22 and Document Requests Nos. 1, 5-8, 10, 13-17, and 19-22.  Defendants further object to Document Requests Nos. 6-8, 10, 15-17 and 19 because they allegedly impose an undue burden. Plaintiff argues that these objections are inadequate because Defendants failed to explain why these discovery requests are vague, ambiguous, overbroad and/or unduly burdensome.

Rule 33 requires a responding party to state all "ground for objecting to an interrogatory .

. . with specificity." FED. R. CIV. P. 33(b)(4). Similarly, if a party objects to a document request, it must include the reasons for the objection. FED. R. CIV. P. 34(b)(2)(B). Therefore, "pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996). *See also Gheesling v. Chester*, 162 F.R.D. 649, 650 (D. Kan. 1995) ("A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad."). Instead, the party resisting discovery must specifically demonstrate how the request is vague, ambiguous or overly broad. *Gheesling*, 162 F.R.D. at 650. *See also Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) ("An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden."). Because Defendants raised these "boilerplate" objections without adequately demonstrating why the requests were vague, ambiguous, overbroad or burdensome, the Court rejects these objections entirely.

### 2.     *Conclusions of Law*

Defendants object to Interrogatories Nos. 3, 5, 9, 10, 11, 12, 13, 15, 19, 20, 21, and 25 and Document Requests Nos. 4, 14, 18, and 23, arguing that they call for conclusions of law. Rule 33 states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to a fact or the application of law to fact." FED. R. CIV. P. 33(a)(2). *See also Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 13 (D.D.C. 2004) ("[R]equests for opinions or contentions that call for the application of law to fact [ ] can be most useful in

narrowing and sharpening the issues, which is a major purpose of discovery.").  Additionally, for many of the interrogatories to which Defendants raised this objection, the Court cannot understand how one could construe it as calling for a legal conclusion.  For example, Interrogatory No. 5 states: "Describe all the facts supporting Defendants' reason(s) for terminating Plaintiff."  (Pl.'s Mem. at 18.)  Defendants responded "that the use of the term 'Defendants' here calls for a conclusion of law and for taking an allegation in dispute as true." (*Id*.)  Clearly Plaintiff was using the work "Defendants" to substitute for naming each of the individual defendants separately, and this shorthand does not turn an otherwise proper interrogatory into one that calls for an improper conclusion of law.  Accordingly the Court finds that Defendants' "conclusion of law" objection lacks merit.

3. *Narrative Responses*

Defendants object to Interrogatories Nos. 3, 5-10, 12-16, 18-21, 23, and 25-27 on the grounds that they call for a lengthy factual narrative and for information that can be provided more efficiently through other means of discovery.  Interrogatories are one of many devices that a party may use to obtain relevant information and narrow the scope of the issues for trial.  It is not for the responding party to decide which mechanism would be best for obtaining a particular type of information.  At least one court has held that a party who propounds interrogatories that call for a narrative answer has a right to receive answers in narrative form.  *Melius v. Nat'l Indian Gaming Comm'n*, No. 98-cv-2210, 2000 WL 1174994, at *2 (D.D.C. July 21, 2000).  In *Melius*, the plaintiff was asked to describe in detail the basis for one of the allegations in his Complaint and responded by cross-referencing documents.  *Id*. at *1.  Noting that "form is just as important

6

as substance," the Court compelled plaintiff to respond in narrative form.  *Id*. at *2.  In the

present case, Plaintiff has a right to choose the method - whether it be interrogatory answers,

documents, or deposition testimony - by which she seeks discoverable information.  Accordingly

the Court rejects Defendants' argument that interrogatories that call for narrative answers are

improper.


### 4.      *Numbering of Interrogatories and Subparts*

Defendants refused to answer several of Plaintiff's Interrogatories, arguing that she had

exceeded the maximum number of permitted interrogatories.  Specifically, Defendants assert that

Interrogatories Nos. 3, 4, 6, 7, 9-21, and 27 consist of two or more "wholly unrelated requests"

and therefore should be treated as separate interrogatories.  (*See, e.g.*, Pl.'s Mem. at 16.)  Plaintiff

responds that the interrogatories are accurately numbered and that the relevant case law allows

her to include subparts within a single question.  (*Id*. at 10-11.)

Federal Rule of Civil Procedure 33 allows each party to serve no more than twenty-five

written interrogatories "[u]nless otherwise stipulated or ordered by the court."  FED. R. CIV. P.

33(a)(1).  In this case, Judge Sullivan's July 10, 2007 Scheduling Order alters the default rule and

provides that each party is allowed to propound thirty interrogatories.  (Scheduling Order [19] at

1.)  In general subparts of an interrogatory are not treated as separate questions for purposes of

calculating the number of interrogatories that a party has propounded.  However,  "if a subpart of

an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by

the portion of the interrogatory that precedes it, the subpart must be considered a separate

interrogatory, no matter how it is designated."  *Miller v. Holzmann*, 240 F.R.D. 1, 3 (D.D.C.

2006). *C.f. Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 139 n.22 (D.D.C. 2005) ("[W]hen subdivisions of an interrogatory relate to a single topic, the subdivisions are deemed part of the same interrogatory.").

The Court has reviewed the eighteen interrogatories that Defendant challenged on this basis and concludes that, with the exception of Interrogatory No. 11, Plaintiff's use of subparts was permissible because none of the subparts introduce a new line of inquiry. Interrogatory No. 11, discussed in further detail below, consists of two separate and distinct lines of inquiry - one related to communications between Plaintiff and Defendants and one related to communications by employees. (Pl.'s Mem. at 28.) Counting this interrogatory as two separate interrogatories, the total number of interrogatories that Plaintiff propounded still does not exceed the limit set by the trial court. Therefore the Court rejects Defendants' argument that Plaintiff exceeded the maximum number of interrogatories.

### C.    Defendants' Substantive Responses to Interrogatories

Federal Rule of Civil Procedure 33(b)(1) provides: "Each interrogatory shall be answered separately and fully in writing under oath, unless objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." If a party to whom an interrogatory was propounded fails to answer, the Rules provide that "the discovering party may move for an order compelling an answer." FED. R. CIV. P. 37(a)(2)(B). An "evasive or incomplete" answer is treated as a failure to answer when determining whether the discovering party is permitted to file a motion to compel. FED. R. CIV. P. 37(a)(3). The party moving to compel discovery has the burden of proving that the opposing

party's answers were incomplete. *Daiflon, Inc., v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976), *cited in U.S. ex rel. El-Amin v. George Washington Univ.*, No. 1:95-cv-2000, 2000 WL 1763679, at *1 (D.D.C. Nov. 27, 2000).

1.    *Interrogatory No. 3*

This interrogatory asks Defendants to identify adverse actions they took against Plaintiff, the reasons for each action, and the persons with knowledge thereof.  (Pl.'s Mem. at 16.)  In addition to the objections discussed above, Defendants argued that the last part of the question, which calls on them to "identify all persons with knowledge related to such action," is not calculated to lead to the discovery of admissible evidence.  (*Id*.)  Subject to their objections, Defendants provided some actions they took against Plaintiff, noting that these are "[a]mong the many facts that . . . may be responsive to this request."  (*Id*.)  The Court finds that this interrogatory seeks relevant information because Defendants raised the issue of Plaintiff's poor job performance in their Amended Counterclaim.  (Am. Countercl. [22] ¶ 17.)  The Court further finds that Defendants did not provide a complete answer to this interrogatory because the enumerated actions were only "[a]mong the many facts that . . . may be responsive to this request."  (Pl.'s Mem. at 16.)  Therefore Defendants must supplement their response.

2.    *Interrogatory No. 4*

Interrogatory No. 4 asks Defendants to "[i]dentify all persons who made or participated in the decision to terminate Plaintiff's employment and describe the job title and role of each such person."  (*Id*. at 17.)  Defendants responded that "InterSolutions made the decision to terminate

Plaintiff's employment" and that persons who "had involvement in the terminate process *include*:
Drew Golin, John Wagithuku." (*Id*. at 18 (emphasis added).)  This is not a complete answer
because it implies that they may be other individuals who were involved in the decision to
terminate Plaintiff.  Therefore Defendants must either provide the names of other individuals or
state that no other individuals were involved in this decision.

3. *Interrogatory No. 5*

This interrogatory seeks "all facts supporting Defendants' reason(s) for terminating
Plaintiff." (*Id*.)  Defendant's response is lengthy, and includes many reasons for Plaintiff's
termination. (*Id*. at 19.)  However, the response begins by stating: "Defendants incorporate as
part of their response herein any and all applicable statements in their Answer and elsewhere in
this response." (*Id*. at 18-19.)  This is inappropriate because Rule 33 does not allow a party to
answer an interrogatory by referencing a document; rather, the rule states that each question must
be "answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(1).  *See Sempier
v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995) (finding that reference to party's
"position statement" was not sufficient to answer an interrogatory that sought the factual basis for
plaintiff's termination).  If there are reasons for Plaintiff's termination that are contained in their
Answer but were not included in responding to this interrogatory, Defendants must supplement
their response to include them.

4.     *Interrogatory No. 6*

Interrogatory No. 6 seeks the identities of "all persons who have been disciplined by and/or terminated from employment by InterSolutions," as well of the surrounding circumstances and people with knowledge thereof.  (Pl.'s Mem. at 20.)  Defendants objected on relevance grounds, but stated that "[a]mong possible other individuals, Everett Bethea, Tina Wells, and Linda Green have been disciplined and/or terminated."  (*Id*.)  The Court agrees with Plaintiff that this interrogatory is reasonably calculated to lead to the discovery of admissible evidence on the issue of pretext.  Defendants' answer is deficient because it implies that there are other individuals who were disciplined or terminated by InterSolutions and because it fails to provide additional details about the discipline or termination of Everett Bethea and Tina Wells.  Accordingly the Court will order Defendants to supplement their response, but to address potential issues of overbreadth and burden will limit the temporal scope to the two years preceding Plaintiff's termination.

5.     *Interrogatory No. 7*

Interrogatory No. 7 relates to "persons who have violated an InterSolutions' policy, who have received negative performance reviews, and/or who have received a verbal warning regarding poor performance."  (*Id*. at 21.)  Defendants argue that this interrogatory will not lead to the discovery of admissible evidence because it is not limited in temporal scope or to relevant persons.  (*Id*. at 22.)  Defendant's substantive answer includes information about Everett Berthea and about Plaintiff, but again uses language ("among other persons") that implies there is responsive information that Defendants chose to omit.  (*See id*.)

11

The court believes that inquiry of this sort may be relevant to the issue of pretext, but is concerned that the question is not sufficiently tailored to discover admissible evidence. For example, it is possible that an InterSolutions employee received a verbal warning for some type of violation that is completely immaterial to Plaintiff's case. Accordingly the Court will deny Plaintiff's Motion with respect to this interrogatory without prejudice, but give Plaintiff an opportunity to re-phrase the question to cure the overbreadth. In doing so, Plaintiff should take care that the interrogatory only seeks information about relevant persons and that the time frame is reasonably limited.

### 6.    *Interrogatory No. 8*

This interrogatory seeks InterSolutions' revenue and net profit for each month from December 2002 until the present. (*Id.* at 24.) In addition to the objections discussed above, Defendants objected on grounds of relevance and scope. (*Id.*) Subject to the that objection, Defendants provided various figures relating to business volume but no information relating to revenue or profit. (*Id.*) Defendants have made allegations regarding Plaintiff's performance at InterSolutions, and Plaintiff seeks to rebut those allegations with evidence "that the Plaintiff performed her job well and that the Concierge Department outperformed other departments." (*Id.*) Even though the Court finds that the interrogatory seeks relevant information and that Defendants' answer was non-responsive, the Court is concerned about the private nature of the material sought.

On December 10, 2007, this Court approved language for a Confidentiality Agreement and Protective Order and directed the parties to "submit, via electronic filing a Protective Order

12

containing the approved language for the Court's signature." (Mem. Order dated 12/10/07 [48] at 7.) The parties never submitted such a protective order and therefore there is no protective order currently in place in this case. Until such time as there are procedures for handling confidential information such as that sought by Interrogatory No. 8, the Court will not order Defendants to produce such sensitive information. Plaintiff can bring a renewed motion to compel this information once a protective order is entered.

7.    *Interrogatory No. 9*

This interrogatory asks Defendants to provide information relating to the calculation of bonuses that InterSolutions paid Plaintiff as well as documents that support or evidence the method of calculation. (Pl.'s Mem. at 25.) Defendants responded that "Plaintiff received a bonus from time to time in a discretionary manner and also received payment for department performance or revenue generated minus costs . . . multiplied by a percent." (*Id*. at 25-26.) The Court finds that Defendants' description of the methods of calculating Plaintiff's bonuses is sufficient. However their response is inadequate to the extent that the interrogatory also asks them to identify documents relating to the calculation of bonuses. Therefore Defendant must identify these documents or state that no such materials exist.

8.    *Interrogatory No. 10*

Interrogatory No. 10 relates to InterSolutions' loss of the Archstone contract. (*Id*. at 26.) In general, Defendants' response to this interrogatory was sufficient. To the extent that this question asks about the knowledge of other individuals, Defendants cannot be expected to

answer.  However the Court will order Defendants to provide the dates on which the complaints,

conversations and meetings referenced in their answer occurred or, at a minimum, the general

time period during which these events took place..

9.    *Interrogatory No. 11*

This interrogatory states:

> Identify all individuals with knowledge of any or all of Ms. Green's
> communications with Defendants regarding their failure to pay overtime to
> employees, and for each such complaint, state the date the complaint was made,
> the individuals who have knowledge of the complaint, and what action, if any, the
> Defendants took in response to the complaints.

(*Id*. at 28.)  As discussed above, the Court will treat Interrogatory No. 11 as two separate

interrogatories.  With respect to the first part, Defendant failed to identify any individuals with

knowledge of Plaintiff's communications regarding Defendants' alleged failure to pay overtime

and the Court will order them to provide this information.  With respect to the second part,

Plaintiff does not adequately explain what is meant by the word "complaint" and therefore the

Court cannot order Defendants to supplement this portion of their response.

10.    *Interrogatories No. 12 and 13*

Interrogatories Nos. 12 and 13 relate to Defendants' allegedly belated payments of

overtime wages owed to InterSolutions employees.  (*Id*. at 29.)  The party moving to compel

discovery "bears the initial burden of explaining how the requested information is relevant."

*Jewish War Veterans of the United States of America, Inc. v. Gates*, 506 F.Supp.2d 30, 42

(D.D.C. 2007).  Plaintiff has not demonstrated how belated payments to other employees bear on

her wage and hour claims or whether such evidence would be admissible at trial in light of the restrictions on character and similar instance evidence in Rule 404 and case law interpreting Rule 401. Accordingly the Court will not order Defendants to answer these interrogatories.

11.    *Interrogatory No. 14*

This interrogatory seeks information relating to complaints against Plaintiff. (Pl.'s Mem. at 31.) Defendants provided the names of five clients who "complained specifically about Plaintiff's poor work quality and refusal to follow client instructions about not resending specific staff persons." (*Id.*) However, Defendants did not provide any details about these complaints, as requested by the interrogatory, and the interrogatory answer implies that there are clients other than those specified who complained about Plaintiff. (*See id.*) Because Defendants' reasons for terminating Plaintiff are at issue in this case, the Court finds that this interrogatory is reasonably calculated to lead to the discovery of admissible evidence and will order Defendants to supplement their responses.

12.    *Interrogatory No. 15*

This interrogatory asks about "conversations between and/or among defendants and/or any other individual regarding the fact that Ms. Green had cancer and/or her requests for medical leave." (*Id.* at 33.) Defendants provided a lengthy response, indicating that Plaintiff did not request medical leave and that they were unaware that she had cancer. (*Id.*) This is a sufficient response and the Court will not order any supplementation.

13.   *Interrogatory No. 16*

Interrogatory No. 16 seeks facts supporting Defendants' "contentions that Plaintiff was disruptive, uncontrollable, and threatened to commit acts of physical violence to Intersolutions' office and employees." (*Id*. at 34.)  In their initial answer, Defendants stated that "[a]mong several others, John Wagithuku, Craig Al Amin, and Rashida Ahmed had knowledge of threats and disruptive acts." (*Id*.)  This answer implies that there are other individuals with knowledge of these facts that Defendants omitted from their answer.  Therefore Defendants must supplement their response to include any additional individuals with knowledge of Plaintiff's threats or disruptive behavior.

14.   *Interrogatory No. 17*

This interrogatory asks for the names of "individuals who supplied information for or otherwise contributed to the answering of Ms. Green's Interrogatories" and the subject matter of each person's information or contribution.  (*Id*. at 35.)  Between Defendants' initial answer and supplemental answer, they adequately set forth the names of the individuals and their area of knowledge.  No further answer is required.

15.   *Interrogatory No. 18*

This interrogatory relates to an incident in which Plaintiff allegedly told an employee of Crystal House, one of InterSolutions' clients, that Defendants fired her because she had cancer.  (*Id*. at 36.)  Between Defendants' initial answer and supplemental answer, they adequately responded to Plaintiff's request.  The Court will not order Defendants to provide additional

16

information.

16.     *Interrogatories Nos. 19, 20, 23 and 26*

These interrogatories relate to Defendants' Counterclaims against Plaintiff and the

reasons for Plaintiff's termination.  (Pl.'s Mem. at 37, 40.)  In addition to asserting the objections

that the Court has already rejected, Defendant refused to provide any substantive answers to these

interrogatories on the ground that Plaintiff exceeded the maximum number of interrogatories set

by Judge Sullivan.  (Def.'s Opp'n at 27.)  Because the Court has already found that Plaintiff did

not violation Judge Sullivan's scheduling order and because these interrogatories seek relevant

information, Defendant must answer them.

17.     *Interrogatory No. 21*

Interrogatory No. 21 relates to "forensic discovery" that "Defendants allegedly conducted

due to Plaintiff's alleged breach of contract."  (Pl.'s Mem. at 40.)  Defendant objected, arguing

that this interrogatory calls for information protected by the attorney-client and work product

privileges, but did not provide a privilege log or explain why the material is privileged.  (*Id*. at

41.)  Additionally, Defendant did not provide a substantive response to this questions on the

ground that it exceeded the maximum number of interrogatories.  (*Id*.)

A party may not assert a general claim of privilege in response to a discovery request.

*Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996).  This

requirement is embodied in Rule 26, which states:

When a party withholds information otherwise discoverable by claiming that the

17

> information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5)(A). The Court has no basis for evaluating Defendants' claims of privilege, but is reluctant to order Defendant to supplement their answer in the event that it would contain privileged materials. Therefore Defendants have the option of producing a privilege log or supplementing their response to Interrogatory No. 21.

18.    *Interrogatory No. 22*

Defendants did not provide an answer to this interrogatory, which seeks information about other InterSolutions employees from December 2003 until the present. (Pl.'s Mem. at 42.) Defendants asserted that this information is not relevant, but Plaintiff responded that "information regarding potential comparators to Plaintiff" bear on her breach of contract and age discrimination claims. (*Id.*) Although this information may be relevant, the Court cannot ignore the fact that a comprehensive answer to this interrogatory would invade the privacy rights of third parties. Once a protective order is entered in this case, Plaintiff may make a renewed motion to compel Defendants' answer.

18

19.    *Interrogatory No. 24*

Interrogatory No. 24 seeks information about the work history of Harry McNeill.  (Pl.'s Mem. at 43.)  Defendants objected based on relevance and did not answer on the grounds that Plaintiff exceeded the maximum number of interrogatories.  (*Id*.)  As Plaintiff states in her Motion to Compel, Mr. McNeil is Plaintiff's successor and "[t]herefore, his qualifications for the position, his rise through the company, his previous responsibilities, and his salary" are relevant to Plaintiff's claims.  The Court finds that Plaintiff has met her burden of establishing that this interrogatory is reasonably calculated to lead to the discovery of admissible evidence.  Because the Court has rejected all of Defendants' objections, Defendants' must provide an answer.

20.    *Interrogatory No. 25*

This interrogatory asks Defendants to describe the steps that they "took to restrict access to and maintain the secrecy of the confidential and/or trade secret information" that they identify in their Counterclaims.  (*Id*. at 44.)  In addition to asserting the litany of objections that this Court has already rejected, Defendants argued that this question does not seek relevant evidence.  (*Id*.)  Defendants refused to provide a substantive answer on the grounds that Plaintiff exceeded the maximum number of interrogatories.  (*Id*.)  The Court believes that this interrogatory is reasonably calculated to lead to the discovery of admissible evidence because it relates to Defendants' trade secrets Counterclaim.  Therefore Defendants must provide an answer.

D.    Defendants' Substantive Reponses to Document Requests

Federal Rule of Civil Procedure 34 governs requests for the production of documents.

Rule 34(b)(2)(B) provides that for each document or category of documents sought, the

responding party "must either state that inspection and related activities will be permitted as

requested or state an objection to the request, including the reasons."  If the responding "party

fails to respond that inspection will be permitted - or fails to permit inspection - as requested by

Rule 34," the party seeking disclosure may move for an order compelling production or

inspection.  FED. R. CIV. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure . . . must be

treated as a failure to disclose" when determining whether a requesting party may file a motion to

compel.  FED. R. CIV. P. 37(a)(4).  The party alleging the deficiency in document production and

bringing the motion to compel bears the burden of proof.  *El-Amin*, 2000 WL 1763679, at *1.


1.    *Document Request No. 1*

Document Request No. 1 asks Defendants to produce all documents they identified in

their answers to Plaintiff's Interrogatories and all documents that Defendants intend to introduce

at trial.  (Pl.'s Mem. at 46.)  In response, Defendants produced almost 500 documents and

indicated that nearly 200 more would be "produced under an appropriate protective order."  (*Id*.

at 46-47.)  Plaintiff asserts that it is unclear from this response whether Defendants have

produced any documents that are responsive to this request for production.  (*Id*. at 47.)  The

Court believes that Defendants' production in response to this document request was sufficient.

Defendants have pledged that once a protective order is entered in this case, they will produce the

documents that have been withheld on that basis.  (Def.'s Opp'n at 28.)  If they fail to do so,

Plaintiff may bring a renewed motion to compel.

      2.    *Document Request No. 3*

This request seeks documents relating to the loss of the Archstone contract. (Pl.'s Mem. at 48.) Subject to an objection on the basis of relevance, Defendants produced 181 responsive documents, but Plaintiff claims that there are additional documents that Defendants are holding back. (*Id.* at 48-49.) In their Opposition, Defendants recognize their ongoing duty to supplement prior disclosures and indicate that they will provide additional responsive documents as they are discovered. (Def.'s Opp'n at 29.) At the present time, however, the Court can find no basis for compelling further production in response to this document request.

      3.    *Document Request No. 4*

This request seeks "[a]ll documents supporting and/or contradicting any statements made in Defendants' counterclaims." (Pl.'s Mem. at 49.) In response, Defendants asserted several objections but produced over 300 documents and indicated that almost 200 more would be produced under a protective order. (*Id.*) Plaintiff argues that Defendants' objections are meritless but do not contest the adequacy of their production. Therefore the Court does not believe that Plaintiff has met her burden of compelling production of additional documents in response to Document Request No. 4.

4.       *Document Request No. 5*

Document Request No. 5 asks Defendants to produce "documents referring and/or relating to any audit or review conducted by any of the Defendants relating to the payment of overtime wages to employees or former employees, and copies of all checks issued as a result of such audit or review." (*Id*. at 50.)  Plaintiff subsequently limited her request to documents that date back to December 1998, five years before Defendants hired Plaintiff.  (*Id*. at 51; Pl.'s Reply at 21. )  Plaintiff argues that this request seeks evidence that relates to her retaliation claim, while Defendants contend that the request is overbroad and unduly burdensome in that it seeks hundreds of inadmissible documents.  (Pl.'s Mem at 51; Def.'s Opp'n at 30.)  Defendant did not produce any responsive documents.  (Pl.'s Mem. at 51.)  The Court does not believe that Plaintiff has met her burden of demonstrating how this request is reasonably calculated to lead to the discovery of admissible evidence and therefore will not compel production

5.       *Document Requests Nos. 6-8*

These requests seek documents relating to the financial health of InterSolutions and specifically its concierge department, including the number of hours that temporary employees worked, amounts paid by clients for the services of temporary concierge workers, and the amount of money InterSolutions received from clients from January 2003 until the present.  (*Id*. at 51-52.)  Defendants objected on grounds of overbreadth and relevance, but further argue in their Opposition that these requests call for confidential information.  (Opp'n at 31.)  The Court will not order Defendants to produce this type of sensitive material when a protective order has yet to be entered in this case.  If, after such an order is entered, Defendants still refuse to produce

documents that are responsive to these requests, Plaintiff may make a renewed motion to compel.

6.    *Document Request No. 9*

Document Request No. 9 asks Defendants to produce "[a]ll documents referring and /or relating to the termination of Plaintiff." (Pl.'s Mem. at 53.)  Defendants did not assert an objection and identified multiple responsive documents that were included in their production. (*Id*.)  Because Plaintiff has failed to demonstrate that Defendants are withholding additional responsive documents, the Court has no basis for compelling further production.

7.    *Document Request No. 10*

Document Request No. 10 seeks "documents referring and/or relating to any complaints made by Defendants' employees regarding Defendants' failure to pay overtime wages." (*Id*. at 32.)  The Court does not believe that Plaintiff has met her burden of demonstrating how this request is reasonably calculated to lead to the discovery of admissible evidence and therefore will not compel Defendants to produce any responsive documents.

8.    *Document Requests Nos. 11-13, 18 and 20-23*

Defendants produced numerous documents in response to these requests, but Plaintiff asserts that Defendants have not confirmed whether the documents produced comprise all responsive documents (*Id*. at 55-56, 61, 62-64.)  There is no indication that Defendants are withholding documents and, as they state in their Opposition, they are aware of their ongoing duty to supplement prior disclosures.  Therefore the Court has no basis for granting Plaintiff's

Motion with respect to these requests for production.

9.    *Document Request No. 14*

Document Request No. 14 seeks documents relating to complaints of discrimination, retaliation, and/or harassment against Defendants from 2000 until the present.  (*Id*. at 56.) Defendants objected on various grounds, including relevance, and refused to produce any documents.  (*Id*. at 56-57.)  Plaintiff cites case law indicating that other complaints against Defendants are discoverable because they demonstrate motive and intent.  (*Id*. at 57.)

Complaints such as those Plaintiff seeks "are discoverable if limited to the same form of discrimination claimed by plaintiff . . . and if limited to a reasonable time before and after the discrimination complained of."  *Mitchell v. Nat'l R.R. Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002).  The Court in *Mitchell* reasoned that a defendant's knowledge of prior complaints might yield admissible evidence regarding their "discriminatory animus."  *Id*.  The Court finds that Document Request No. 14 generally seeks relevant information, but needs to be limited in scope before Defendants can be ordered to produce responsive materials.  Accordingly, Defendants are ordered to produce all complaints of discrimination based on age and retaliation relating to overtime pay violations from January 2003 - approximately 1 year prior to Plaintiff's arrival at InterSolutions, until August 1, 2006 - the date of her termination.

10.     *Document Requests Nos. 15 and 16*

Document Request No. 15 seeks personnel files that contain employment information relating to Plaintiff and Document Request No. 16 seeks documents relating to discipline of employees. (Pl.'s Mem. at 58, 59.) Defendants asserted several objections, but produced numerous responsive documents. (*Id*.) There is no indication that Defendants are withholding any additional responsive documents and accordingly there is no basis for granting Plaintiff's Motion to Compel with respect to Document Requests No. 15 and 16.

11.     *Document Request No. 17*

Document Request No. 17 simply states: "Document retention policies of Defendants." (*Id*. at 60.) In her Motion to Compel, Plaintiff states that she is seeking document retention policies from December 1, 2003 until the present. (*Id*.) Defendants objected on grounds of overbreadth, burden, and relevance and refused to produce any documents. (*Id*.) Plaintiff argues that this "request is clearly relevant, as it will help Plaintiff determine whether all responsive documents have been produced, where documents are stored, which documents are retained and saved, and which potentially relevant and responsive documents have been destroyed, and whether any such destruction was in violation of Defendants' policies." (*Id*.) Rule 26(b)(1), which allows parties to obtain discovery regarding "the existence, description, nature, custody, condition and location of any documents," may be construed to allow for discovery of a party's document retention policies. *Doe v. D.C.*, 230 F.R.D. 47, 56 (D.D.C. 2005). Accordingly the Court will order Defendants to produce documents evidencing their document retention policies from December 1, 2003 until the present.

12.     *Document Request No. 19*

This request seeks salary and bonus information for all InterSolutions employees since December 2003.  (Pl.'s Mem. at 61.)  Plaintiff asserts that these documents "are relevant for purposes of determining whether [Plaintiff] was compensated correctly, and for determining damages."  (*Id*.)  Plaintiff explains how the salary and bonus information of Harry McNeill, Plaintiff's successor, is reasonably calculated to lead to the discovery of admissible evidence, but makes no such showing with respect the salaries and bonus information of other employees.  For example, Plaintiff states that "the salary and bonus information relating to other department coordinators and/or managers (of which there are less than ten) are relevant to Plaintiff's claims of age discrimination, breach of contract, and retaliation claims," but does not explain how this is so.  Therefore the Court will only order Defendants to produce the salary and bonus information for Mr. McNeill from August 1, 2006 until the present.

E.     <u>Sanctions</u>

Plaintiff seek sanctions under Federal Rule of Civil Procedure 37, which provides:

If the motion [to compel] is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).  In particular, Plaintiff points to Defendants' "baseless objections" and "evasive and/or non-responsive answers" as grounds for granting sanctions.  (Pl.'s Mem. at 65.)  The Court does not agree that sanctions are warranted in this case.  Although the Court ultimately found that many of Defendants' objections lacked merit, Defendants firmly believed that they had a duty to raise those objections to preserve them.  (Def.'s Opp'n at 6.) Additionally, there were many instances in which Defendants provided responsive information despite their objections to the discovery request.  Accordingly the Court finds that Defendants' "nondisclosure, response, or objection was substantially justified," FED. R. CIV. P. 37(a)(5)(A)(ii), and will not order sanctions.

### III.    <u>Conclusion</u>

For the foregoing reasons, it is this _6th_ day of February, 2008, hereby

**ORDERED** that Plaintiff's Motion to Compel Defendants' Answers to Interrogatories and Production of Documents [45] is **granted-in-part and denied-in-part**; and it is further

**ORDERED** that Defendants supplement their responses to Interrogatories Nos. 3-6, 9-11, 14, 16, 19-21, and 23-27 and Document Requests Nos. 14, 17, and 19 within ten days of this Memorandum Order; and it is further

**ORDERED** that Plaintiff may make a renewed motion to compel with respect to Interrogatories Nos. 8 and 22 and Document Requests Nos. 1 and 6-8 after a Protective Order is entered in this case; and it is further

**ORDERED** that Plaintiff may submit a revised version of Interrogatory No. 7 to

27

Defendants; and it is further

   **ORDERED** that Plaintiff's request for sanctions is **denied**.


_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE