UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, | ) |
| | ) |
| Plaintiff, | ) CIVIL NO: 1:07CV00298-EGS |
| | ) Settlement Conference Feb. 28, 2008 |
| | ) Judge Emmet G. Sullivan |
| | ) Magistrate Judge Alan Kay |
| v. | ) |
| | ) |
| INTERSOLUTIONS, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION FOR LEAVE TO RE-ISSUE SUBPOENAS**

Plaintiff Linda Green, respectfully submits this Memorandum in Opposition to Defendants' Motion for Leave to Re-Issue Subpoenas [Dkt. 53].

**I.    SUMMARY**

Defendants filed their Motion for Leave to Re-Issue Subpoenas ("Motion") without conferring with Plaintiff regarding the issue. Had Defendants properly conferred with Plaintiff, their Motion would have been avoided altogether. Contrary to Defendants' misrepresentation that Plaintiff has "refused to produce any responsive documents," Mot. at 2, Plaintiff informed Defendants she would produce relevant, responsive documents and, indeed, has now produced the documents that Defendants seek to subpoena.

On January 2, 2008, Plaintiff informed Defendants that she had received and would produce all related documents once the stay on discovery was lifted and requested that Defendants, therefore, withdraw their Motion. *See* Ex. 1, Jan. 2, 2008 correspondence. Defendants responded that they needed more information "to better understand Plaintiff's

request . . . ." Ex. 2, Feb. 8, 2008 correspondence. Plaintiff responded to Defendants' request on February 11, 2008, informed Defendants that all related documents would be produced this week, and again requested that Defendants withdraw their Motion. Ex. 3, Feb. 11 correspondence. As of the filing of this Opposition, Defendants have not done so.

The relief requested in Defendants' Motion was met by Plaintiff's production of documents related to Strategic Federal Credit Union, Dover Downs, Charles Town Races and Slots, and Sprint Communications, all of which were produced today, February 12, 2008. Therefore, Defendants' Motion has been rendered moot and it should be denied.

## II.     BACKGROUND AND MOOTNESS

On August 29, 2007, the Court quashed the grossly overbroad subpoenas issued by Defendants to, *inter alia*, Strategic Federal Credit Union, Charles Town Races and Slots, Dover Downs, and Sprint Communications. Dkt. 28. The Court found that Defendants' subpoenas to these entities [attached to Defendants' Motion, Exs. A-D], were "not narrowly tailored to just relevant information and thereby unnecessarily invade plaintiff's privacy." Dkt. 28 at 2. The Court further ordered that Defendants may not re-issue the subpoenas without leave of the Court and without having "first exhausted all attempts to obtain the relevant records from Plaintiff." Minute Order, Aug. 31, 2007.

Defendants, on August 17, 2007, issued document requests for the same overly broad, irrelevant information sought by Defendants' subpoenas. *See* Mot. Ex. E. On September 19, 2007, Plaintiff properly objected to these requests as overly broad, invasive of Plaintiff's privacy, invasive of the privacy of third-parties, not reasonably calculated to lead to the discovery of admissible evidence, and not appropriately limited per the Court's August 29, 2007 Order. *See* Mot. Ex. F, at 4-5. On October 17, 2007, Defendants responded that they would limit the scope

of their document requests, after which Plaintiff responded, on November 6, 2007, and agreed to most of the amendments and that such documents would be produced. Mot. Ex. H. at 4.

Plaintiff also indicated in her November 6, 2007 letter that she would agree to Defendants' proposal to produce documents prior to Judge Kay's approval of the proposed protective order, as long as Defendants abided by their stipulation articulated in their October 17, 2007 letter that they would "treat all Confidential documents as if they were produced under the proposed protective order . . . ." *See* Mot. Ex. G at 1; Ex. H at 1. Plaintiff stated that she would produce documents she had withheld pending the entry of the protective order upon receipt of Defendants' production of all documents they had withheld on that basis. Because Defendants never responded to Plaintiff's November 6, 2007 letter, and because Defendants never produced their confidential documents subject to the parties' respective stipulations, Plaintiff understood that Defendants wished to wait until the entry of the protective order to exchange the confidential information.

Plaintiff began requesting responsive information from the record holders prior to her November 6, 2007 letter and had been working diligently to obtain the documents for months. *See* Ex. 4, Green Decl. Despite repeated requests, however, this information was not received from Dover Downs, the Strategic Federal Credit Union and Sprint Communications until late December, 2007. *See id.* In any event, Plaintiff's counsel has now received and produced all documents. As such, there is no need for Defendants to re-issue the subpoenas to these entities, and their Motion is, therefore, moot.

Moreover, as the above history demonstrates, Defendants utterly failed to "exhaust all attempts to obtain all relevant records from Plaintiff." Minute Order, Aug. 31, 2007. Although the parties spoke on the telephone on December 18, 2007 regarding several discovery matters,

3

Defendants did not inquire specifically about any of the documents that are the subject of Defendants' Motion or whether such documents had been received by Plaintiff's counsel, when she intended to produce them, or if they would be produced subject to the protective order. Nor did Defendants' counsel indicate at any time that he intended to file the instant Motion if the documents were not received by a given date. Had Defendants simply inquired about the status of these documents, they would have discovered that Plaintiff had not yet received them all but would produce them upon receipt and subject to the protective order.[1] This Motion, therefore, could have been altogether avoided had the Defendants properly complied with the Court's August 31, 2007 Minute Order and with this Court's Scheduling Order [Dkt. 16] and LCvR 7(m), which require that the filing party confer with the opposing counsel prior to the filing of a non-dispositive motion. Defendants' Motion fails for these additional reasons.

## III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to Re-Issue Subpoenas should be denied.

Respectfully submitted this 12th day of February, 2008,

/s/ Lori B. Kisch
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Abby Morrow Richardson (DC Bar No. 978118)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. N.W. Suite 300
Washington, D.C. 20009
(202) 467-4123

---

[1] Defendants argue that Plaintiff did not indicate in her discovery responses that all of these documents would be produced subject to the protective order. Mot. at 6. Regardless of whether Plaintiff objected to the requests on this basis, she is entitled to mark any document as confidential as long she has a good faith basis, pursuant to Fed. R. Civ. P. 26(c), for doing so. Defendants are well aware Plaintiff considers these records to contain sensitive private information, indeed, she moved to quash the subpoenas, in part, on this very basis.

        Susan E. Huhta (DC Bar No. 453478)
        Katherine Gillespie (DC Bar No. 480013)
        Washington Lawyers' Committee for Civil Rights
        and Urban Affairs
        11 Dupont Circle, N.W. Suite 400
        Washington, D.C. 20036
        (202) 319-1000

        ***ATTORNEYS FOR THE PLAINTIFF***

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 12th day of February, 2008, the foregoing Opposition to Defendants' Motion for Leave to Re-Issue Subpoenas, attached exhibits, and Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

       By:
         /s/ Lori B. Kisch
       Attorney for Plaintiff

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

January 2, 2008

**Via Electronic Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

       *Re: Green v. InterSolutions, Inc., et al.*

Dear Mr. Rath:

    As we indicated in our November 6, 2007 letter, we requested documents responsive to Defendants' amended Fifth Requests for Production of Documents Nos. 6, 7, 9, and 10 from the respective record holders (Sprint Communications, Strategic Federal Credit Union, Dover Downs, and Charles Town Races and Slots). As of December 28, 2007, we are now in possession of the requested documents. We are prepared to produce these documents, pursuant to the limitations articulated in our November 6, 2007 letter, once the Court lifts the current stay on discovery. If the Protective Order has not yet been entered at that time, we will go ahead and mark the documents as confidential and expect that you will treat them as such in accordance with the draft Protective Order.

    Because we now have these documents and will produce them subject to the resumption of discovery, we believe your Motion for Leave to Re-Issue Subpoenas to these record holders is unnecessary and moot. Accordingly, we ask that you withdraw it and ask that you do so by 5:00 p.m. today.

    We also have documents responsive to Defendants' Seventh Request for Production of Documents, which we are prepared to produce once the stay on discovery is lifted. At the time the stay is lifted, we will also supplement Plaintiff's Responses to Defendants' discovery requests to indicate which documents produced are responsive to which document requests.

    Please let me know if you have any questions.

                        Sincerely,

                        Lori B. Kisch

cc:    Susan Huhta, Esq.
        Katherine Gillespie, Esq.

THE KRESS BUILDING                2031 FLORIDA AVE, N.W.
301 19TH STREET NORTH             SUITE 300
BIRMINGHAM, AL 35203             WASHINGTON, D.C. 20009
(205) 328-0640                           (202) 467-4123


**KELLER AND HECKMAN LLP**
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
**Manesh K. Rath**
(202) 434-4182
Rath@khlaw.com

February 8, 2008

**Via E-Mail and U.S. Postal Service**

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
2031 Florida Avenue, NW
Suite 300
Washington, DC 20009

Re:   *Green v. InterSolutions, Inc., et al.*

Dear Lori:

This letter follows Defendants' January 4 and 7 letters, which responded to Plaintiff's January 2 letter requesting that Defendants withdraw their Motion for Leave to Re-Issue subpoenas to Charles Town Races and Slots, Sprint Communications, Dover Downs, and Strategic Federal Credit Union.

To better understand Plaintiff's request, please provide us with (1) copies of the letters you sent to request the relevant records of the aforementioned third parties and (2) the dates you received the relevant records from each of the record holders.

Sincerely,

*Rath*

Manesh K. Rath

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

February 11, 2008

<u>**Via Electronic Mail**</u>
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

<u>*Re: Green v. InterSolutions, Inc., et al.*</u>

Dear Mr. Rath:

We write to respond to your letter of February 8, 2008. You inquired about the dates on which records were requested and received from Strategic Federal Credit Union, Charles Town Races and Slots, Dover Downs, and Sprint Communications. The records were requested multiple times via telephone and/or in writing over the last several months. We have now received all the records and intend to produce them this week.

We ask again, therefore, that you please withdraw your Motion for Leave to Re-Issue Subpoenas to these entities.

Please let me know if you have any questions.

Sincerely,

Lori B. Kisch

cc:   Susan Huhta, Esq.
      Katherine Gillespie, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO: 1:07CV00298-EGS |
| ) | Status Conference: Feb. 6, 2008 |
| ) | |
| INTERSOLUTIONS, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

### Declaration of Linda Green

I, Linda Green, declare as follows:

1. My name is Linda Green. I am over the age of 18 and am legally competent to make this Declaration. This statement is based on my own personal knowledge.

2. I am the Plaintiff in the instant case.

3. After receiving the Defendants' Fifth Request for Production of Documents, I understood that although I did not have all of the documents requested in my possession relating to Dover Downs, Strategic Federal Credit Union, and Sprint Communications, I began requesting documents from the entities to produce to my attorneys for production in this case.

4. Even prior to my attorneys' November 6, 2007 letter to Defendants' counsel, I had requested documents from some of the entities.

5. After the November 6, 2007 letter, I continued to request documents from all of the entities and follow up with them to obtain the documents.

Initialed: _[signature]_

6.  I understand that my attorneys had received all of the requested documents by December 28, 2007. I had not previously received the documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 2, 2008.

*Linda Green* (signature)
Linda Green

Initialed: *LG*

- 2 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
LINDA GREEN,                  )
                              )
        Plaintiff,            )
                              )
    v.                        )   CIVIL NO: 1:07CV00298-EGS
                              )   Settlement Conference Feb. 28, 2008
                              )
INTERSOLUTIONS, INC., ET AL., )
                              )
        Defendants.           )
                              )
_____)

**PROPOSED ORDER**

    WHEREAS Defendants have moved the Court to grant them leave to re-issue subpoenas, and

    WHEREAS Plaintiff has opposed the Motion,

    IT IS HEREBY ORDERED that Defendants' Motion is DENIED.


Dated: _____          _____
                                 The Honorable Alan Kay
                                 United States Magistrate Judge