## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>INTERSOLUTIONS, INC., ET AL., )<br>)<br>  Defendants. )<br>) | CIVIL NO: 1:07CV00298-EGS<br>Magistrate Judge Alan Kay |

### NOTICE OF FILING OF PLAINTIFF AND DEFENDANTS' PROPOSED REVISED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The Parties, through their undersigned counsel, hereby submit a revised proposed Confidentiality Agreement and Protective Order. Pursuant to this Court's Order of December 10, 2007, [Dkt. 48], the Parties have conferred and attempted to come to agreement on the language of the revised Order. The Parties have agreed on all revisions except to those in paragraph 4. Both parties, within two business days of the filing of this Notice, will submit a brief explanation, no longer than three pages, addressing the dispute in paragraph four.

Respectfully submitted this 13th day of February, 2008,

                                                /s/ Lori B. Kisch

Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. N.W., Suite 300
Washington, D.C. 20009
(202) 467-4123

        Susan E. Huhta (DC Bar No. 453478)
        Katherine Gillespie (DC Bar No. 480013)
        Washington Lawyers' Committee for Civil
        Rights and Urban Affairs
        11 Dupont Circle, N.W., Suite 400
        Washington, D.C. 20036
        (202) 319-1000

        ***ATTORNEYS FOR THE PLAINTIFF***


        /s/ Manesh K. Rath   (LBK w/permission)
        Manesh K. Rath (DC Bar No. 457835)
        Keller & Heckman LLP
        1001 G Street, N.W., Suite 500 West
        Washington, D.C. 20001
        (202) 434-4100

        ***ATTORNEY FOR THE DEFENDANTS***

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of February, 2008, the foregoing Notice of Filing of Plaintiff and Defendants' Proposed Revised Confidentiality Agreement and Protective Order was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                      By:
                        /s/ Lori B. Kisch
                      Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Linda L. Green,<br><br>        Plaintiff,<br><br>v.<br><br>InterSolutions, Inc., *et al.*,<br><br>        Defendants. | **Civil No. 07-cv-298 (EGS) (AK)** |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This matter comes before the Court, pursuant to Fed. R. Civ. P. 26(c), for the entry of a Protective Order governing the disclosure of confidential information by Plaintiff Linda Green ("Plaintiff") and by Defendants InterSolutions, Inc., Drew Golin and Sara Walder ("Defendants") (collectively "Disclosing Parties" or "Parties"). The Disclosing Parties have agreed, as set forth in this Confidentiality Agreement and Protective Order ("Protective Order"), to treat certain information as "Confidential" and subject to the protections afforded herein. It appears to the Court that entry of this Protective Order is appropriate.

IT THEREFORE IS ORDERED THAT:

1. The term "documents or information" shall include all documents or information in any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage or otherwise.

2. As used herein, any references to "Person" refer to and mean a natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, subsidiary, affiliate, parent company, any other form of business organization or arrangement, or government agency of any nature or type, and includes, without limitation, such Person's employees, directors, shareholders, agents, representatives, attorneys, accountants and all other

persons acting or purporting to act on behalf of the foregoing in this sentence.

3. Parties may designate documents and information in this litigation as "Confidential Information" or "Contains Confidential Information" that meet the requirements below.

4. Documents and information may be designated as "Confidential Information" if a Party believes in good faith that the documents or information contain trade secrets or confidential research, development, or commercial information or other information that would meet the qualifications for entry of a protective order under Fed. R. Civ. P. 26(c).

**PLAINTIFF'S DRAFT LANGUAGE:**

*Documents and information may also be designated as "Confidential Information" if such documents include social security numbers, health or medical-related information, and/or tax information. Such designation shall be made by stamping or otherwise affixing a label or sticker stating "Confidential Information" to the documents or information so designated at the time of their production.*

*The identity and contact information of InterSolutions' temporary employees, applicants, clients and potential clients may be treated as "Confidential Information" for purposes of this protective order. In order to maintain the confidentiality of such documents, the party seeking to maintain the confidentiality shall stamp the document containing such information to indicate that the document "Contains Confidential Information." The Confidential Information shall be redacted if disclosed to anyone other than those individuals listed in paragraph 7 of this Order and/or unless the document is filed under seal. The Party marking the document with the label "Contains Confidential Information" shall at the time of production to the opposing party, provide a copy of what it believes should be redacted should the document be disclosed, other*

than to the Court under seal, to an individual not listed in paragraph 7.

**DEFENDANTS' DRAFT LANGUAGE:**

*Documents and information may also be designated as "Confidential Information" or "Contains Confidential Information" if such documents include social security numbers, health or medical-related information, and/or tax information, or if such documents contain the identity or any contact information (including, without limitation, the Social Security number, address, telephone number or e-mail address) of any InterSolutions employee, applicant, client or potential client. For purposes of this Protective Order, the names of InterSolutions' staffing employees and clients should be protected as if they were trade secrets.*

*Such designations shall be made by stamping or otherwise affixing a label or sticker stating "Confidential Information" or "Contains Confidential Information" to the documents or information so designated at the time of their production.*

*In the case of InterSolutions' staffing employees and clients, Defendants may designate the identities of and information about these individuals or entities as "Confidential Information," and redact them as appropriate, without subjecting the whole document to the procedures set forth herein for dealing with "Confidential Information."*

**PLAINTIFF AND DEFENDANTS' JOINT LANGUAGE:**

If a Party inadvertently fails to mark an item as "Confidential Information" or "Contains Confidential Information" at the time of production, that Party shall have thirty (30) days thereafter in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked "Confidential Information" or "Contains Confidential Information." Within ten (10) business days of receipt of the substitute copies, the Party receiving the substitute copy shall either return the previously

unmarked items and all copies thereof to the producing party or destroy all such unmarked items and copies and inform the producing party of such destruction in writing.

     5.     In the case of depositions upon oral examination, if counsel for any Party believes that a question or answer contains Confidential Information, counsel shall so state on the record and shall request that the specific pages that include such Confidential Information be included in a separate, sealed portion of the transcript.  The reporter shall be instructed to include on the cover page of each sealed portion the legend:  "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."  When testimony designated as Confidential Information is elicited during a deposition, Persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition.  Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as Confidential Information on the record at the deposition shall have thirty (30) days, following mailing of the transcript by the court reporter, in which to correct such failure.  Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute Confidential Information, and directing the reporter to place the same under seal as provided in this paragraph and to exclude the sealed pages from the unsealed portion of the transcript.  Within ten business days of receipt of the substitute transcripts, the Party receiving the substitute transcript shall return the unmarked transcript and all copies thereof to the Party substituting the transcript or destroy all copies of the transcripts and notify in writing the Party substituting the transcript of the destruction.  The Party substituting the transcript shall bear all additional court reporter costs associated with re-issuing the transcript.

6. All documents and things marked as Confidential Information shall be treated by the Parties as Confidential Information, except as provided for in paragraph 10.

7. Unless and until the Court rules or the Parties otherwise agree in writing, access to or disclosure of Confidential Information, other than at trial, deposition, or a hearing or conference regarding any motion in this Proceeding, may not be disclosed or made available by a recipient of such documents or information to any person other than:

(a) The Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors.

(b) The Parties, provided that disclosure shall be made only to those former and present officers, directors, or employees who have a need to review such information solely for the proceedings concerning the matters in issue between the Parties in this action, including discovery, hearings, trial preparation, trial, and any appellate proceedings (and provided that any such Person who is not a signatory to this Protective Order sign an undertaking in the form of Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by it);

(c) Counsel of record of any party to this Proceeding, and any attorney associated with the counsel of record, the clerical, paralegal, secretarial, legal assistants and interns and law clerks on staff of such counsel;

(d) Outside experts or outside consultants for a Party, including their stenographic, clerical or other personnel, whose advice and consultation may be used by such Party in connection with preparation for trial, or for trial of this action, including any motions in this action, provided that the provisions of Paragraph 8 are followed; and

(e) Court reporters and videographers in connection with the recording of sworn testimony in these proceedings,

(f) individuals whom any party to this Proceeding may call as witnesses at trial, provided that each individual signs Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by its terms and the party reasonably believes the witness has information concerning the Confidential Information.

8. Counsel desiring to disclose Confidential Information to outside experts or outside consultants under Paragraph 7 shall first obtain from each Person to whom disclosure is intended a signed undertaking in the form of Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by it. Counsel desiring to disclose Confidential Information to any Person other than those designated in Paragraph 7 shall first obtain from each such Person a signed undertaking in the form of Attachment 1 hereto stating that he or she has read this Protective Order and agrees to be bound by it, shall serve a copy of said undertaking upon opposing counsel, and shall obtain the prior written consent of opposing counsel for the disclosure to said Persons. If opposing counsel does not give written consent, there shall be no disclosure to such Person except by further order of the Court pursuant to resolution of a motion brought by counsel for the Party seeking disclosure.

9. Confidential Information shall be used by the Parties and Persons to whom the Confidential Information are disclosed pursuant to the provisions of this Protective Order solely for the proceedings concerning the matters in issue between the Parties in this action, including discovery, hearings, trial preparation, trial, and any appellate proceedings. Confidential Information shall not be used by the Parties or Persons for any business or competitive purpose or function, including for the purpose of unrelated litigation or administrative proceedings,

unless agreed to in writing by the Parties or as authorized by further order of the Court. No Party or Person shall divulge information subject to this Protective Order to a third Person other than those Persons entitled to receive such information under this Protective Order.

No Confidential Information, whether embodied in physical objects, documents, electronically-stored data, tangible items or the transcription of statements of persons, shall be filed with the Court, unless the Parties consent in writing to such filing, or unless filed under seal.

10. In the event that there is a dispute about the propriety of a designation of information as "Confidential Information" or "Contains Confidential Information," the following procedure shall be followed. Upon written notice to the party designating the information as Confidential Information ("Designating Party") of the intention of counsel for another party to declassify any information designated as "Confidential Information" or "Contains Confidential Information," the Designating Party shall, within ten (10) calendar days after receiving such notice, state in writing whether it objects to such declassification.

In the event that objection is made, counsel for the party desiring the declassification and counsel for the Designating Party shall promptly, but in no more than three business days from the date of the objection, make a good faith effort to resolve the matter.

Failing such resolution, the Designating Party may make a motion to the Court to preserve such classification and prevent disclosure, and shall bear the burden of demonstrating that the material should be protected under Fed. R. Civ. P. 26(c).

In the event of a failure to reach agreement upon the confidentiality classification, the classification shall remain in effect for an additional eleven days, or, if the Designating Party files a motion to preserve the designation, until the motion is resolved by the Court. Should no

such motion be filed within eleven days, the document or material shall no longer be regarded as "Confidential Information" or "Contains Confidential Information" and shall no longer be subject to this Protective Order. The burden to prove the information is confidential shall be upon the Party seeking protection.

11. A Party's consent that another Party may disclose Confidential Information to a third Person does not prejudice its right to object to disclosure of the same Confidential Information to a different third Person.

12. After final termination of this action, counsel for the Parties shall return all copies of Confidential Information to the Parties claiming such Confidential Information or shall destroy such Confidential Information and certify the destruction to the Parties claiming such Confidential Information except to the extent that such Confidential Information has been incorporated into any document filed with the Court or entered as an exhibit.

13. Restrictions and obligations set forth herein relating to Confidential Information shall not apply to any information that the Parties agree in writing, or the Court rules, has come or shall come into a Party's legitimate possession independently. However, if documents or other information was received by a Party pursuant to a subpoena, any party shall be permitted to designate such documents received as a result of such a subpoena as CONFIDENTIAL INFORMATION pursuant to paragraph four above.

**So Ordered:**

Dated: _____        _____

**Judge Emmet G. Sullivan**
**Magistrate Judge Alan Kay**

## ATTACHMENT 1

## UNDERTAKING RE: PROTECTIVE ORDER

UNDERTAKING OF _____

I, _____, declare:

1. My address is _____. My present occupation is _____.

2. I have received a copy of the Protective Order entered by the United States District Court for the District of Columbia in connection with the case captioned *Linda L. Green v. InterSolutions, et al.*, United States District Court for the District of Columbia, Civil No. 07-298 (EGS) (AK). I have carefully read and understand the provisions of the Protective Order.

3. I shall comply with all of the provisions of the Protective Order. I shall hold in confidence, shall not disclose to anyone other than those persons specifically authorized by the Protective Order, and shall not copy or use except for the proceedings concerning the matters in issue between the Parties, any information designated "Confidential Information" or "Contains Confidential Information" that I receive in this action.

Executed this \_\_\_ day of _____, 200\_\_.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
SIGNATURE

_____
NAME