**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| LINDA GREEN, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL NO: 1:07CV00298-EGS |
| | ) | Magistrate Judge Alan Kay |
| INTERSOLUTIONS, INC., ET AL., | ) | Settlement Conference Feb. 28, 2008 |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM REGARDING THE PROPOSED REVISED**
**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff Linda Green hereby respectfully submits her Memorandum regarding the revised

proposed Confidentiality Agreement and Protective Order ("proposed Order") [Dkt. 68].[1]

In this Court's ruling of December 10, 2007, the Court ordered that:

the identity and contact information of InterSolutions employees, applicants,
clients and potential clients shall be treated as "Confidential Information" under
paragraph 4 of the proposed Protective Order; . . . [and that] Defendants may
designate the identities of and information about these individuals or entities as
confidential, and redact them as appropriate, without subjecting the whole
document to the procedures for dealing with confidential information outlined in
the proposed Protective Order. This approach takes into account Defendants'
concerns about the release of commercially sensitive material and Plaintiff's
concern that Defendants' propose language for Paragraph 4 will cause the case to
be litigated under seal. [Dkt. No. 48].

Plaintiff's paragraph 4 of the proposed Order preserves the confidentiality of the

employee and client information by restricting its disclosure to only those individuals who the

Parties have already agreed in the proposed Order may view the information. This approach

---

[1] Plaintiff first sent a draft revised Confidentiality Agreement and Protective Order to
Defendants on December 17, 2007. After attempting without success to confer with Defendant
on at least five separate occasions regarding the draft revised Protective Order, a stay was
entered in this case. After the stay was lifted, Plaintiff again sent the proposed revised Order to
Defendants. On February 11, 2008, the Parties conferred via telephone, but were unable to reach
agreement on one significant aspect of the Order.

protects the interests of the Defendants while not prejudicing the Plaintiff.[2]  Defendants, for the first time in their proposed paragraph 4 of the Order, propose that they be permitted to redact all client and employee information from all documents *prior to producing the documents to Plaintiff*.  This would severely prejudice the Plaintiff.

Plaintiff understood that the Court's December 10, 2007 Order regarding the redaction of confidential materials, Dkt. 48 at 5, meant that the parties may redact confidential information from documents to ensure that the general public would not have access to this information, not that Plaintiff, Plaintiff's counsel, and other individuals who the parties have agreed may have access to such confidential information would be prohibited from seeing the information.[3]  The proposed Order negotiated by the parties does not limit the parties' access to information, only to whom the parties may share the information, such as the general public.  If the information relating to an employee or client were redacted from the documents produced to Plaintiff, many if not all of the documents would be rendered useless by Plaintiff and the Plaintiff would be severely prejudiced.

There are numerous examples of why Plaintiff is entitled to and must know the identity of a client and/or temporary employee whose name appears on a document.  The identity of the

---

[2] The identity and contact information of InterSolutions' temporary employees, applicants, clients and potential clients may be treated as "Confidential Information" for purposes of this protective order.  In order to maintain the confidentiality of such documents, the party seeking to maintain the confidentiality shall stamp the document containing such information to indicate that the document "Contains Confidential Information."   The Confidential Information shall be redacted if disclosed to anyone other than those individuals listed in paragraph 7 of this Order and/or unless the document is filed under seal.  The Party marking the document with the label "Contains Confidential Information" shall at the time of production to the opposing party, provide a copy of what it believes should be redacted should the document be disclosed, other than to the Court under seal, to an individual not listed in paragraph 7.

[3] Defendants have never objected to Plaintiff and Plaintiff's counsel's access to the employee and client information.

employees and clients are necessary for the preparation of both Plaintiff's claims against

Defendants as well as for her defense against the counterclaims raised against her.  For example,

Defendants have alleged that Plaintiff's termination was justified because Defendants received

complaints from clients regarding the Plaintiff.  If a document exists in which one of Defendant's

clients made a complaint about the Plaintiff and the name of the client were redacted, Plaintiff

would have no way of knowing who made the complaint and Plaintiff would be unable to use the

information in a meaningful way.  Additionally, Defendants allege that Plaintiff scheduled

certain temporary employees to work for clients after InterSolutions received complaints from

those clients regarding the particular temporary employee.  If the name of the temporary

employee and name of the client were redacted from the document, Plaintiff would have no way

of addressing the allegation.  Further, Defendants argue that they terminated Plaintiff, in part,

because she caused the loss of the Archstone contract, of one of InterSolutions largest clients.

Any documents evidencing the loss of that contract and the amount of money such loss cost

InterSolutions is evidence to which the Plaintiff is entitled.  If Archstone's name is redacted on

these documents, Plaintiff will not be able to make sense of the evidence and will not be able to

fully prepare her case.

Additionally, Defendants have filed several counterclaims against the Plaintiff alleging

that she accessed confidential and trade secret information, including employee and client lists.

If Defendants are in possession of such information, Plaintiff must be permitted to see such

evidence to prepare her defense.  There are numerous other examples that could be given as to

how the redaction of a client or employee name would significantly prejudice Plaintiff and

interfere with her efforts to prepare her case for trial.

Respectfully submitted this 14th day of February, 2008,


                                  /s/ Lori B. Kisch _

                                 Timothy B. Fleming (DC Bar No. 351114)
                                 Lori B. Kisch (DC Bar No. 491282)
                                 Abby M. Richardson (DC Bar No. 978118)
                                 Wiggins, Childs, Quinn & Pantazis, PLLC
                                 2031 Florida Ave. N.W., Suite 300
                                 Washington, D.C. 20009
                                 (202) 467-4123

                                 Susan E. Huhta (DC Bar No. 453478)
                                 Katherine Gillespie (DC Bar No. 480013)
                                 Washington Lawyers' Committee for Civil Rights
                                 and Urban Affairs
                                 11 Dupont Circle, N.W.
                                 Suite 400
                                 Washington, D.C. 20036
                                 (202) 319-1000

                                 ***ATTORNEYS FOR THE PLAINTIFF***

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February, 2008, the foregoing Memorandum Regarding the Proposed Revised Confidentiality Agreement and Protective Order was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:
    /s/ Lori B. Kisch
Attorney for Plaintiff