## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

LINDA GREEN,                                   )
                                               )
                                               )
                Plaintiff,                     )   CIVIL NO: 1:07CV00298-EGS
                                               )   Settlement Conference: Feb. 28, 2008
        v.                                     )   Judge Emmet G. Sullivan
                                               )   Magistrate Judge Alan Kay
INTERSOLUTIONS, INC., ET AL.,                  )
                                               )
                Defendants.                    )
_____)

### PLAINTIFF'S MEMORANDUM IN
### OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Plaintiff Linda Green, respectfully submits this Memorandum in Opposition to

Defendants' Motion to Compel ("Motion") [Dkt. 57].

Long before Defendants filed their Motion, Plaintiff informed Defendants that, with

respect to *each* of their requests at issue in their Motion, that Plaintiff either has no responsive

documents in her possession, custody, or control, or that she would produce all non-privileged

responsive documents.  Plaintiff has now produced 1, 296 documents responsive to Defendants'

document requests, including many at issue in Defendants' Motion.  Defendants' Motion,

therefore, is baseless, unnecessary, and it should be denied.

## I.    BACKGROUND

Between July 27, 2007 and August 22, 2007, Defendants served Plaintiff with five sets of

requests for production of documents, collectively containing thirty-four individual document

requests.  *See* Mot. Exs. A-E.  Contrary to Defendants' assertion that these requests "sought a

core of relevant, unobjectionable documents," Mot. at 3, the great majority of these requests, as

detailed more fully below, were grossly overbroad, not reasonably calculated to lead to the

discovery of admissible evidence, and clearly evidenced Defendants "fishing expedition" approach to discovery.  In fact, many of these requests sought the very same information the production of which the Court ruled was grossly overbroad and unnecessarily invasive of the privacy of Plaintiff and third parties.  *See* Dkt. 28, Order Denying in Part and Granting in Part Plaintiff's Motion to Quash.  Plaintiff timely responded to each set of requests between August 29, 2007 and September 24, 2007 and made appropriate objections.  *See* Mot. Exs. F-J.  On October 17, 2007, Defendants agreed to limit the scope of many of their requests, including many of those subject of the instant Motion.  *See* Mot. Ex. K at 10-14.  As a result, on November 6, 2007, Plaintiff agreed, with some modification, to produce documents responsive to Defendants' amended requests.  *See* Mot. Ex. L.  Indeed, for many of the requests, Plaintiff agreed to go beyond her obligations under the Federal Rules and volunteered to request responsive information from third parties.  *See id.* at 3-4.

Plaintiff began requesting responsive information from the third-party record holders prior to her November 6, 2007 letter.  *See* Green Decl., (attached hereto as Ex. 1).  Despite repeated requests, however, much of this information was not received until late December, 2007.  *See* Ex. 1.

Many of the other documents Plaintiff agreed to produce had not been produced as of the filing of Defendants' Motion because they contained confidential information and Plaintiff was awaiting entry of the protective order, or at least confirmation from Defendants that they would treat the documents as confidential.[1]  Although Plaintiff did not necessarily indicate in her

---

[1] Plaintiff informed Defendants in her November 6, 2007 letter that she would agree to Defendants' proposal to produce documents prior to Judge Kay's approval of the proposed protective order, as long as Defendants abided by their stipulation articulated in their October 17, 2007 letter that they would "treat all Confidential documents as if they were produced under the proposed protective order . . . ."  *See* Mot. Exs. K at 1, L at 1.  Plaintiff also therein stipulated "to treat all Confidential documents currently withheld by Defendants as if they were produced

discovery responses that all of these documents would be produced subject to the protective order, she is entitled to mark any document as confidential as long she has a good faith basis, pursuant to Fed. R. Civ. P. 26(c), for doing so. Many of these documents were those received from third-parties in late December, and, upon review, Plaintiff realized they should be marked as confidential. Of course, Defendants are well aware Plaintiff considers these records to contain sensitive private information, indeed, she moved to quash the subpoenas for this information, in part, on this very basis. *See* Dkt. 25.

Even though the protective order has not yet been entered,[2] and even though Defendants have not yet produced any documents they are claiming are confidential (despite having pledged to do so on October 17, 2007, Mot. Ex. K at 1), Plaintiff proceeded with her production of confidential documents this week. She produced a total of 963 such documents. *See* Ex. 2, Feb. 12, 2008 correspondence (enclosing, *inter alia*, confidential documents LG 255-60, 489-1121); Ex. 3, Feb. 14, 2008 correspondence (enclosing, *inter alia*, confidential documents LG 248, 261-401, 1122-1311).

During the December 18, 2007 conversation between Plaintiff's and Defendants' counsel referenced on page 3 of Defendants' Motion, Defendants' counsel did not inquire specifically

---

under the proposed protective order." Mot. Ex. L at 1. Plaintiff stated that she would produce documents she had withheld pending the entry of the protective order upon receipt of Defendants' production of all documents they had withheld on that basis. Because Defendants never responded to Plaintiff's November 6, 2007 letter, and because Defendants never produced their confidential documents subject to the parties' respective stipulations, Plaintiff understood that Defendants wished to wait until the entry of the protective order to exchange the confidential information.

[2] Plaintiff first sent a draft revised Confidentiality Agreement and Protective Order to Defendants on December 17, 2007. After attempting without success to confer with Defendant on at least five separate occasions regarding the draft revised Protective Order, a stay was entered in this case. Shortly after the stay was lifted, Plaintiff again sent the proposed revised Order to Defendants. On February 11, 2008, the Parties conferred via telephone, but were unable to reach agreement on one significant aspect of the Order. The parties submitted their respective versions of the proposed protective order on February 13, 2008. Dkt. 68.

about any of the documents that are the subject of Defendants' Motion. When Defendants' counsel generally inquired whether Plaintiff would be producing any additional documents, Plaintiff's counsel indicated that she had produced, as of that date, all documents in her possession (not all that "she intends to produce," Mot. at 3), except those that would be subject to the protective order. Defendants' counsel did not inquire whether Plaintiff had received any documents from the third-party record holders, nor did he inquire as to which documents Plaintiff was withholding pending entry of protective order. Plaintiff's counsel certainly did not indicate that "no documents are forthcoming." Mot. at 3.

As the above recitation of events makes clear, Plaintiff committed no "wholesale violation of the rules at nearly every turn." Mot. at 3. She, at all times, has been fully compliant with her discovery obligations, and, indeed, has gone above and beyond what the Federal Rules require of her by requesting documents from third-parties. She has diligently worked to gather responsive documents and produce them to Defendants. As of the filing of the instant Opposition, Plaintiff has produced to Defendants 1,296 pages of documents, which constitute all of the responsive, relevant documents in her possession. These documents far exceed, Plaintiff notes, the approximately 500 pages of documents produced by Defendants. *See* Dkt. 64.

As will be detailed below, Defendants' Motions is wholly without merit and should be denied in its entirety.

## II.    ARGUMENT

Contrary to Defendants' assertion, Plaintiff satisfied her burden to justify each objection she made. Plaintiff clarified in her November 6, 2007 letter her reasons for objecting to Defendants' requests. *See* Mot. Ex. L. Moreover, she did not rely on "bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant . . . to bar

production." Mot. at 4 (quoting *Fleet Systems, Inc. v. Federal Coach*, LLC, Case No. 8:07CV08, 2007 WL 2264618, at *4 (D. Neb. Aug. 6, 2007)). Nor did she interpose vague and ambiguous objections to justify withholding documents. *See* Mot. at 7. Plaintiff made these standard objections to protect against misunderstandings and misinterpretations of the language or scope of a document request. Most of these objections affected neither the substance nor the acceptability of Plaintiff's response. To the extent any documents were withheld based on any stated objection, the reasons therefore are discussed in detail below.

Although Defendants complain about not having received a privilege log, Mot. at 4, Plaintiff has recently discovered only one document she will withhold on the basis of attorney-client privilege. *See* discussion, *infra*, regarding Plaintiff's Response to Request No. 8 of Defendants' Fifth Request for Production of Documents. This document has been placed in a privilege log that has been produced to Defendants. No other documents have been withheld on this basis. Of course, Plaintiff is required to object to producing all privileged documents or waive that privilege, thus the insertion of that objection in her discovery responses is appropriate. *See, e.g., Byrd v. Reno*, No. CIV.A.96-2375, 1998 WL 429676, at *4 (D.D.C. Feb. 12, 1998).

Defendants also assert that Plaintiff has produced documents "with no indication of the request or requests to which they were responsive." Mot. at 6. As an initial matter, Fed. R. Civ. P. 34 (b)(i) permits a party to produce documents "as they are kept in the usual course of business," and Plaintiff's production was fully compliant with Rule 34. Nevertheless, once Defendants raised the issue, Plaintiff agreed to supplement to her initial responses to Defendants' requests for production of documents with an identification of which documents were produced in response to which request(s), *see* Mot. Ex. L at 1-2, and again reiterated to Defendants' counsel, as recently as the parties' teleconference on December 18, 2007, that she would provide

5

the supplementation. Plaintiff was preparing this supplemental response when the Court stayed

discovery. *See* Minute Order 12/27/07. Furthermore, contrary to Defendants' assertion

otherwise, Mot. at 6, since November 6, 2007, Plaintiff has produced documents that indicate to

which requests the documents are responsive. *See* Ex. 4, Nov. 28, 2007 correspondence; Exs. 2,

3. In addition, Plaintiff will serve upon Defendants her supplemental responses to all of

Defendants' documents requests, identifying the documents responsive to each request, by next

week.

In short, Defendants' Motion was made even though Plaintiff had produced and promised

to further produce documents responsive to their requests. She committed no "gross procedural

violations," Mot. at 3, but, rather, worked diligently to obtain and produce the documents

requested by Defendants, and even went so far as to request the documents from third-parties. As

is detailed below, Defendants' Motion must fail because, simply, there is nothing to compel.

**A.    Plaintiff Has Not Withheld Any Documents Regarding**
**Job Applications or Past Claims**

Defendants assert that Plaintiff has withheld documents responsive to the following

requests:

***Request No. 2 of Defendants' First Request for Production of Documents*** *All documents concerning any claims of any kind that you have asserted, or contemplated asserting, against any past or present employer, including, but not limited to, agency charges, complaints, lawsuits, demands, claims, appeals, and other court papers.*

**OBJECTION:** Plaintiff objects to this request to the extent that it is vague and overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:** Subject to Plaintiff's objection, Plaintiff will produce non-privileged documents related to the claims she has asserted against the Defendants in this action.

***Request No. 5 of Defendants' Second Request for Production of Documents*** *All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2006.*

**OBJECTION:** Plaintiff objects to the extent that this request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged documents responsive to this request.

Plaintiff has performed a thorough search of her records and does not possess any documents responsive to these requests. No documents are being withheld.

### B. Plaintiff Has Properly Responded to Document Requests Related to the Subpoenas Quashed by the Court in August 2007

Defendants next complain that Plaintiff has not responded to the following discovery requests:

***Request No. 6 of Defendants Fifth Request for Production of*** <u>*Documents*</u> *All bills, statements, and records chronicling incoming and outgoing calls placed or received by the Sprint phone number (703) 200-7884 between March 1, 2004, and September 1, 2006, indicating the geographic location where each call were placed and received.*

**OBJECTION:** Plaintiff objects to this request because it is overly broad and invades the privacy of both Plaintiff and third-parties. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited.

***Request No. 7 of Defendants' Fifth Request for Production of Documents*** *All monthly statements of account, balance statements, and all other documents detailing your account with Strategic Federal Credit Union between December 1, 2003, through December 1, 2006.*

**OBJECTION:** Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case. Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Per the Court's Order of August 29, 2007, this request is not appropriately limited.

***Request No. 9 of Defendants' Fifth Request for Production of Documents*** *All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Capital Club Card and Corresponding Capital Club Account with Dover Downs.*

**OBJECTION:** Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in

this case.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

**_Request No. 10 of Defendants' Fifth Request for Production of Documents_** *All documents, balance statements and statements of account and/or activity from May 1, 2004, through September 1, 2006, for your Players' Choice Card and corresponding Players' Choice Account with Charles Town Races and Slots.*

**OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

As detailed on Plaintiff's Opposition to Defendants' Motion for Leave to Re-Issue Subpoenas [Dkt. 67], once Defendants narrowed these overbroad requests, Plaintiff informed Defendants she would request the responsive information from the respective record holders and produce them to Defendants, *see* Mot. Ex. L at 4-5.  With respect to Request No. 7, Plaintiff maintained her objections, but has since agreed to produce and, in fact, did produce the documents pursuant to Defendants' narrowed request.  *See* Ex. 5, Jan. 2, 2008 correspondence; Ex, 2, Feb. 12, 2008 correspondence (enclosing, *inter alia*, documents LG 489-1121 responsive to these requests).

Furthermore, contrary to Defendants' unsupported assertion that Plaintiff "thumbed her nose" at the Court's Order, Mot. at 10, Plaintiff has diligently worked to obtain these records and only received the majority of the documents just prior to the entry of the stay on discovery.  *See* Ex. 1; Minute Order 12/27/07.  Plaintiff properly objected to the original requests as overbroad and unnecessarily invasive of Plaintiff's privacy, which is exactly the basis on which the Court quashed the subpoenas that sought the same information directly from the record holders.  *See* Dkt. 28 at 1-2 ("The Court finds that each of these subpoenas are not narrowly tailored to just relevant information and thereby unnecessarily invade plaintiff's privacy.").

Moreover, Plaintiff informed Defendants on January 2, 2008 that she had in her possession the documents responsive to these requests and would produce them subject to resumption of discovery.  *See* Ex. 5, Jan. 2, 2008 correspondence.  These documents were produced to Defendants six days after the stay was lifted, on February 12, 2008, even though nearly all of them are marked as confidential and no final protective order has been entered.  *See* Ex. 2.  Therefore, Plaintiff is not withholding any documents and there is nothing to compel.

### C.    Plaintiff Has Adequately Responded to Document Requests for Medical Records

Defendants next baselessly assert that Plaintiff has withheld documents responsive to the following discovery requests on the basis of the physician-patient privilege (Mot. at 12):

*__Request No. 3 of Defendants' Fifth Request for Production of Documents__* For Dr. Bruce *Lundeen, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.*

**RESPONSE:**  Plaintiff will produce all non-privileged documents in her possession which are responsive to this request after a protective order is entered in the case.

*__Request No. 4 of Defendants' Fifth Request for Production of Documents__* For Dr. David A. *Schreiner, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006.*

**RESPONSE:**  Plaintiff will produce all non-privileged documents in her possession responsive to this request after a protective order is entered in the case.

*__Request No. 5 of Defendants' Fifth Request for Production of Documents__* For Dr. Robert C. *Wagner, M.D., all medical records, bills, and receipts for payment from December 1, 2003, through September 1, 2006*

**RESPONSE:**  Plaintiff will produce all non-privileged documents in her possession which are responsive to this request after a protective order is entered in the case.

Defendants once again seek to create an issue where none exists, thereby wasting the Court's and the parties' time briefing non-existent discovery disputes.  Plaintiff has not withheld any documents responsive to these requests on the basis of the physician-patient privilege.  Had Defendants ever asked Plaintiff if she were withholding documents on the basis of this privilege,

she would have so informed them.  Furthermore, Defendants subpoenaed all of the requested medical records several months ago, and should, therefore, already be in possession of all the requested documents.[3]  Moreover, prior to this Court's ruling on Plaintiff's Motion to Quash, Dkt. 25, Plaintiff had offered to gather these medical records from her doctors and produce them to Defendants so that they need not be subpoenaed by Defendants, but Defendants rejected this offer.  The fact that Defendants have moved to compel Plaintiff to produce the very same documents, which they already have in their possession and which they outright refused to accept in lieu of the subpoena, is perplexing.  Finally, these documents will obviously be subject to the protective order and Defendants utterly fail to mention that they were aware Plaintiff had not produced these documents for that very reason.  *See* Mot. Ex. L at 4.

In any event, Plaintiff has now produced all medical records in her possession, despite the fact that no protective order has been entered and despite the fact that Defendants have not produced any of their confidential documents.  *See* Exs. 2 & 3.  These records constitute all medical records responsive to Requests Nos. 4 & 5.  *See* Ex. 3 (enclosing, *inter alia*, documents LG 248, 261-62, 400-01, 1122-1306).  Plaintiff has requested but has not yet received documents responsive to Request No. 3, but will produce those records upon receipt. There is, therefore, nothing to compel.

### D.    Plaintiff Has Adequately Responded to Defendants' "Miscellaneous" Requests

Plaintiff has also adequately responded to all of Defendants' "Miscellaneous" requests identified in their Motion to Compel.  Each is addressed below.

---

[3] It is noteworthy that in Plaintiff's Second Request for Production of Documents, Plaintiff requested that Defendants produce copies of all medical records they received through their subpoenas.  They refused to produce such documents. *See* Ex. 6, Defendants' Responses to Plaintiff's Second Request for Production of Documents, at 2.

***Request No. 6 of Defendants' Second Request for Production of Documents*** *All correspondence (including, but not limited to, resumes, cover letters, job applications, offer letters, rejection letters) relating to employment between you and any employer in the calendar year 2007.*

**OBJECTION:** Plaintiff objects to the extent that this request is vague and ambiguous. Plaintiff assumes that Defendants do not intend to request correspondence and letters between Defendants and Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged documents responsive to this request.

Defendants' assertion that Plaintiff has withheld responsive documents is baseless and incorrect. Plaintiff has produced all documents in her possession that are responsive to this request. Furthermore, Defendants' assertion that Plaintiff did not produce responsive documents subsequent to her November 6, 2007 letter is flatly false. Mot. at 13 (stating that "Over six weeks [after Plaintiff stated in her Nov. 6 letter that she would produce responsive documents], Defendants have received no additional documents."). In fact, Plaintiff served upon Defendants on November 9, 2007, documents LG 220-44, all of which are job applications and related documents responsive to this request. *See* Ex. 7, Nov. 9, 2007, correspondence. In addition, Plaintiff served upon Defendants additional responsive documents on November 28, 2007. *See* Ex. 4 (enclosing documents LG 245-46). Plaintiff has now produced all responsive documents in her possession. No documents are being withheld. There is, therefore, nothing to compel.

***Request No. 2 of Defendants' Fourth Request for Production of Documents*** *All records or correspondence relating to any insurance provider's payment, non-payment, or other involvement in any treatment received by Plaintiff for any physical condition, ailment, or disease; physical or mental pain or suffering; or emotional suffering, associated with any facts alleged in Plaintiff' Amended Complaint.*

**OBJECTION:** Plaintiff objects to this Request to the extent that it is vague and ambiguous. Plaintiff further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Based on the foregoing objections, Plaintiff objects to producing documents responsive to this request.

Plaintiff informed Defendants in her November 6 letter that she "is requesting information responsive to this request from her insurance providers and will produce the responsive information subject to the protective order approved by Judge Kay." Mot. Ex. L at 3. Plaintiff's response was not "evasive" in any way, Mot. at 14, rather, Plaintiff volunteered to go above and beyond her discovery obligations to produce not only what was in her possession and control, but to request responsive information from a third-party.  In any event, Plaintiff conducted a thorough search of her own records and discovered that she, in fact, possessed the documents sought by this request.  Again, even though the protective order is not yet entered, Plaintiff has produced all of these documents.  *See* Ex. 3 (enclosing, *inter alia*, documents LG 263-399).  Plaintiff is not withholding any responsive documents and there is, therefore, nothing to compel.

***Request No. 1 of Defendants' Fifth Request for Production of Documents*** *All traditional land-line telephone bills received by you for your personal telephone lines between January 1, 2005, and August 1, 2006.*

**OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of both Plaintiff and third-parties.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

Plaintiff properly objected to Defendants' initial request as overbroad and invasive of the privacy of both Plaintiff and third-parties.  As Judge Sullivan ruled in quashing Defendants' subpoena that sought similarly overbroad records from Plaintiff's cellular telephone carrier,

> This request too is overly broad and will yield many irrelevant calls and the phone numbers of those who may wish to keep their numbers private. It also unnecessarily invades plaintiff's privacy for defendants to have access to all telephone numbers she called and when even if those calls were not made during work hours, were made on days off, were made during breaks from work, etc. Certain of plaintiff's phone records may well be relevant to defendants' defenses in this case. As such, defendants can submit an appropriate document request to plaintiff for such records if they have not done so already.

Dkt. 28, Order at 2-3.  Similarly, Defendants' request for all of Plaintiff's telephone bills for over eighteen months, which would have revealed private details of calls made by or to Plaintiff which had nothing to do with this case, would have unnecessarily invaded the privacy of Plaintiff and the persons with whom Plaintiff communicated during that time.  Plaintiff's objections that the request was overbroad, invasive of privacy interests, and not reasonably calculated to lead to the discovery of admissible evidence were, therefore, justified.

In recognition of the overbreadth of their original request, Defendants narrowed the scope of this request to "records of calls received by Plaintiff's personal home telephone or placed by Plaintiff's personal home telephone during normal business hours (between 8:00 a.m. and 6:00 p.m. on non-holiday weekdays) from January 1, 1005 through August 1, 2006."  Mot. Ex. K at 9. Plaintiff responded on November 6, 2007 that she was requesting this information from her telephone carrier and would produce the information "with appropriate redactions" upon receipt. *See* Mot. Ex. L at 3.

Defendants now assert that no redactions are appropriate and "request that the Court order the records produced in unredacted form."  Mot. at 16 n.3.  Plaintiff intends only to redact those portions of the records that show calls not responsive to Defendants' amended request (*e.g.,* calls placed on weekends, holidays, and before or after Defendants' stated business hours), the amounts Plaintiff was billed and paid for her telephone service (which is irrelevant and not, in any event, responsive to the revised request), and the telephone numbers of the persons called by Plaintiff, which Judge Sullivan ruled was necessary to protect the interests of the third parties to whom or from whom Plaintiff made or received calls.  *See* Dkt. 28, Order at 2-3.

Plaintiff has made several requests to Verizon for these records.  However, it was not until January 15, 2008 that Plaintiff's counsel learned that Verizon would not release these

records without a subpoena.  *See* Ex. 8, Jan. 15, 2008 correspondence.  Once the stay on

discovery was lifted on February 6, 2008, *see* Minute Order 2/6/08, Plaintiff's counsel proceeded

with preparing a subpoena for these records.  The subpoena was issued on February 14, 2008.

*See* Ex. 9, Subpoena.  The records will be produced, in the redacted form articulated above, upon

receipt.  There is, therefore, nothing to compel.

**_Request No. 2 of Defendants' Fifth Request for Production of Documents_** *All monthly credit card statements for all your credit card accounts between January 1, 2005, and August 1, 2006.*

    **OBJECTION:**  Plaintiff objects to this request because it is overly broad and invades the privacy of Plaintiff with regard to her financial dealings unrelated to the claims and defenses in this case.  Plaintiff also objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

    Plaintiff justifiably objected to this grossly overbroad request.  As Judge Sullivan ruled in

quashing Defendants' similarly overbroad subpoena of Plaintiff's bank records:

> Again, defendants' subpoenas for all plaintiff's bank records for a period of almost three years . . . [is] not narrowly tailored to only relevant records and unnecessarily invade plaintiff's privacy as to her financial dealings unrelated to the claims or defenses in this case. Some of plaintiff's financial records, and certainly any records indicating plaintiff was visiting gambling establishments or tending to personal affairs when she was supposed to be working remotely, are likely relevant. Accordingly, if defendants have not done so already, they may submit an appropriate document request to plaintiff for any relevant financial documents . . . .

*See* Dkt. 28, Order at 3.  Defendants clearly did not narrow this request to only "relevant

financial documents," such as those referenced in Judge Sullivan's Order, instead requesting

records of all of plaintiff's credit card transactions over the course of over eighteen months.  *Id.*

    In recognition of the overbreadth and invasiveness of their request, on October 17, 2007,

Defendants narrowed their request to "redacted copies of all of Plaintiff's monthly credit card

statements for all of Plaintiff's credit card accounts between January 1, 2005 and August 1, 2006,

so long as the statements show every purchase made during regular business hours (8:00 am to

6:00 p.m. [sic] on non-holiday weekdays." Mot. Ex. K at 9-10.  Plaintiff initially responded that

she would not produce any responsive documents, but she has since reconsidered her position

and produced responsive documents on February 12, 2008.[4]  She is not withholding any

responsive information and there is, therefore, nothing to compel.

**_Request No. 8 of Defendants' Fifth Request for Production of Documents_**  *All electronic mail messages sent to or from your America Online email address llgreen311@aol.com between December 1, 2003, through December 1, 2006.*

  **OBJECTION:**  Plaintiff objects to this request because it is overly broad and seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff objects to the request to the extent it invades the privacy of Plaintiff.  Plaintiff further objects to the extent that the request seeks attorney-client privileged documents.  Per the Court's Order of August 29, 2007, this request is not appropriately limited.

  Plaintiff properly objected to this grossly overbroad request which sought the same

overbroad information as the subpoena quashed by Judge Sullivan.  The Court held:

> The America Online subpoena to obtain all of plaintiff's emails for an almost two-year period will likely yield volumes of personal emails unrelated to this case, as well as attorney client privileged emails to which defendants should not have access. Giving defendants access to every email plaintiff sent and received for almost two years is an unwarranted invasion on plaintiff's privacy. The Court does find, however, that defendants are entitled to some of plaintiffs emails. Defendants indicate that they need access to plaintiff's personal email account Because they have reason to believe that plaintiff emailed InterSolutions' trade secrets and other confidential information to herself and others. Certainly, defendants are entitled to any such emails and, arguably, any non-privileged emails related to InterSolutions for the relevant time period. If defendants have not done so already, they may submit an appropriate document request to plaintiff to obtain relevant emails.

*See* Dkt. 28, Order at 2.  Defendants' document request was far from "appropriate"; instead, it

sought the very same information which the Court held amounted to "an unwarranted invasion of

---

[4] Because Plaintiff did not have a credit card other than her Strategic Federal Credit Union Visa check card during this time frame, these records are the same as those produced in response to Request No. 7 of Defendants' Fifth Request for Production of Documents.

plaintiff's privacy." *Id.* Plaintiff properly objected to respond to this clearly inappropriate request.

In recognition of the request's impropriety, Defendants narrowed its scope to "all email messages sent to Plaintiff's AOL email address (llgreen311@aol.com) between January 1, 2006, and August 1, 2007, from any email address ending in "intersolutionsinc.com" and copies of all email messages sent from Plaintiff's AOL email address (llgreen311@aol.com) between January 1, 2006, and August 1, 2007, that contain, in the text or in an attachment to the email, at least two InterSolutions client or employee names or addresses." Mot. Ex. K at 12. Plaintiff responded that she "is in the process of gathering the responsive documents in her possession and will produce emails sent to Plaintiff's AOL account through August 1, 2006 . . . Plaintiff will produce emails sent from her AOL account that contain at least two InterSolutions' client or employee names other than Plaintiff's, so long as the email relates in some way to InterSolutions' business and/or the claims and defenses in this lawsuit. Plaintiff will not produce any privileged documents." Mot. Ex. L at 4.

Plaintiff has searched her email records and she possesses no documents responsive to this request other than one email from her former attorney with attachments containing the names of two former InterSolutions' employees. Plaintiff has now produced the attachments and has placed the email itself on a privilege log. *See* Ex. 3 (enclosing, *inter alia*, documents LG 1307-11 and the privilege log). Plaintiff possesses no other documents responsive to this request. There is, therefore, nothing to compel. Nevertheless, Plaintiff has repeatedly tried to request such emails from AOL, but thus far has been unsuccessful. AOL has indicated that it does not retain records of emails not retained by the individual user. Plaintiff's counsel wrote

the AOL Legal Department yesterday to have this fact confirmed.  *See* Ex. 10, Feb. 13, 2008 correspondence.

Thus, unless AOL is able to provide Plaintiff, via subpoena or otherwise, copies of these emails, Defendants' Motion is moot.  Plaintiff will nevertheless address Defendants' arguments in the event AOL indicates that these records are obtainable.

First, Defendants assert that Plaintiff indicated in her November 6 letter that "she would not produce any emails sent to Plaintiff's AOL address from an InterSolutions email address . . . ."  Mot. at 18.  This is not true.  Although Plaintiff pointed out in her letter that Defendants should already possess emails sent from an InterSolutions email address, she did not say that she would not produce any such emails.  *See* Mot. Ex. L at 4.  In fact, she stated that she "will produce emails sent to Plaintiff's AOL account . . . ."  *Id.*

Defendants further assert that Plaintiff "intends to be the judge in her own cause," which "concerns Defendants and suggests that Plaintiff will aggressively construe relevance in her favor."  Mot. at 18.  Defendants seem to think that they are entitled to information that has no relevance to this case whatsoever.  Plaintiff, on the other hand, properly agreed to produce only relevant information.  Plaintiff fully intends to produce all responsive and relevant information subject to the parameters articulated in her November 6, 2007 letter, should she be able to obtain the emails from AOL.

As noted above, Plaintiff does not have nor has she been able to obtain any documents responsive to this request, other than those already produced.  There is, therefore, nothing to compel.

**_Request No. 2 of Defendants' Sixth Request for Production of Documents_**  *All records or documents reflecting any deductions you claimed from the U.S. Internal Revenue Service for the tax years 2004, 2005, and 2006.*

**OBJECTION:**  Plaintiff objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request because it invades the privacy of Plaintiff.

***Request No. 3of Defendants' Sixth Request for Production of Documents***  *All records or documents reflecting any deductions you claimed from the Virginia Department of Taxation for the tax years 2004, 2005, and 2006.*

**OBJECTION:**  Plaintiff objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request because it invades the privacy of Plaintiff.

Plaintiff properly objected to these requests as not reasonably calculated to lead to the discovery of admissible evidence and invasive of Plaintiff's privacy rights.  Defendants are not permitted unfettered access to Plaintiff's private financial records; they must, at least, offer some justifiable link between such broad requests and the matters at issue in this case.  They must demonstrate that "(1) that the returns are relevant to the subject matter of the action; and (2) that there is a compelling need for the returns because the information contained therein is not readily otherwise obtainable."  *American Air Filter Co., Inc. v. Kannapell*, CIV. A. No. 85-3566, 1990 WL 137385, *3 (D.D.C. Sept. 10, 1990) (citing *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985)).

This Court has explained why access to these documents is not readily granted:

> With respect to the discoverability *vel nom* of the tax returns, courts have recognized that "income tax returns are confidential communications between a taxpayer and the government." *Federal Savings & Loan Insurance Company v. Krueger*, 55 F.R.D. 512, 514 (N.D. Ill.1972). Case law addressing the issue reflects that courts "having broadly construed the statutory provisions to embody a general federal policy against indiscriminate disclosure of tax returns." *Payne,* 75 F.R.D. at 469. "While the courts vary in their interpretations of the breadth of the statutory protection . . . courts . . . recognize a general federal policy limiting disclosure to appropriate circumstances." *Eglin Federal Credit Union v. Cantor*, 91 F.R.D. 414, 416 (N.D. Ga.1981). Thus, "although there is no privilege protecting the production of tax returns, the courts have been reluctant to [routinely order] their discovery." *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y.1979).

> "The historic trend stems in part from the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns." *Id.* (citations omitted). "[U]nless clearly required in the interests of justice, litigants ought not to be required to submit such returns as the price for bringing or defending a lawsuit." *Wiesenberger v. W.E. Hutton & Co.*, 35 F.R.D. 556, 557 (S.D.N.Y.1964).

*American Air Filter,* 1990 WL 137385, at *3.

The only possible relevance of this information proffered by Defendants is that they hope documents related to her tax returns will establish that she claimed a tax exemption for the business use of her mobile phone, which they argue "significantly undermines the credibility of her privacy claims with respect to calls made to or from that mobile phone." Mot. at 20. Even assuming, *arguendo*, that this strained reasoning would justify production of these documents, Plaintiff has already informed Defendants that "No such documents exist, because Plaintiff never claimed a deduction for using her cell phone for business purposes." Mot. Ex. L at 5.

Because Defendants purport to only seek documents related to deductions claimed for cell phone use, and because no such documents exist because no such deductions were claimed, there are no documents to compel.

### E.     An Award of Costs Is Not Justified

Federal Rule of Civil Procedure 37 permits an award of costs for the prevailing party in a discovery dispute, unless

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A), *cited in* Order on Plaintiff's Motion to Compel, Dkt. 64. Plaintiff's responses and objections were substantially justified, made in good faith and based on a firm belief that she had a duty to raise those objections to preserve them, and she produced scores of

responsive documents despite her objections.  Most importantly, as detailed throughout this
Opposition, Plaintiff has not withheld any responsive, relevant documents and there is, therefore
no non-disclosure, much less unjustified non-disclosure.  Sanctions, therefore, are not warranted.
In fact, if any party is entitled to an award of costs, it should be to Plaintiff for the resources
expended responding to Defendants' baseless Motion.

Plaintiff's behavior has not been "dilatory," Mot. at 21; she has complied with all
reasonable requests for relevant information and continues to do so.  She has now produced all
responsive documents in her possession, totaling 1,296 pages of documents, and has even gone
beyond her discovery obligations in requesting and even subpoenaing responsive documents she
did not posses.  It was Defendants' refusal to properly tailor the great majority of their requests
that delayed the production of the responsive information, which is ongoing and continuously
made in good faith.

Finally, Defendants failed to confer in good faith with Plaintiff prior to filing their
Motion to Compel, in contravention of the Court's Scheduling Order [Dkt. 16] and LCvR 7(m),
which require that the filing party confer with the opposing counsel prior to the filing of a non-
dispositive motion.  In the parties' December 18, 2007 teleconference, Defendants' counsel
generally inquired whether Plaintiff's counsel was producing any more documents.  She replied
that she had produced everything in her possession except those documents that were subject to
the protective order.  Defendants' counsel never addressed specifically any of the document
requests subject of the Motion to Compel, never inquired which of these documents Plaintiff was
withholding pending entry of the protective order, and never inquired whether Plaintiff had yet
received the documents she requested from third-parties.  There was no attempt to identify or

narrow the areas of disagreement, as required by LCvR 7(m).  Defendants' request for an award of costs should fail for this additional reason.  *See* FED. R. CIV. P. 37(a)(5)(A)(i).

An award of costs to Defendants is wholly unjustified, particularly since Defendants' Motion was largely baseless and unnecessary given that Plaintiff had informed Defendants she either had no responsive documents or would produce responsive information.  This request, and the entirety of Defendants' Motion, should be denied.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel should be denied in its entirety.

Respectfully submitted this 14th day February, 2008,

/s/ Lori B. Kisch
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Abby Morrow Richardson (DC Bar No. 978118)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. N.W. Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February, 2008, the foregoing Opposition to Defendants' Motion to Compel, attached exhibits, and Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


By:
_____/s/ Lori B. Kisch_____
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO: 1:07CV00298-EGS |
| | )   Status Conference: Feb. 6, 2008 |
| | ) |
| INTERSOLUTIONS, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## Declaration of Linda Green

I, Linda Green, declare as follows:

1.    My name is Linda Green. I am over the age of 18 and am legally competent to make this Declaration. This statement is based on my own personal knowledge.

2.    I am the Plaintiff in the instant case.

3.    After receiving the Defendants' Fifth Request for Production of Documents, I understood that although I did not have all of the documents requested in my possession relating to Dover Downs, Strategic Federal Credit Union, and Sprint Communications, I began requesting documents from the entities to produce to my attorneys for production in this case.

4.    Even prior to my attorneys' November 6, 2007 letter to Defendants' counsel, I had requested documents from some of the entities.

5.    After the November 6, 2007 letter, I continued to request documents from all of the entities and follow up with them to obtain the documents.

Initialed: _____

6.     I understand that my attorneys had received all of the requested documents by December

28, 2007. I had not previously received the documents.


    I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 2, 2008.

Linda Green

Initialed:

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

February 12, 2008

**Via First Class U.S. Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

### _Re: Green v. InterSolutions, Inc., et al._

Dear Mr. Rath:

Enclosed please find a CD with the following documents:

- LG 255-256 (Confidential): Responsive to 1st RFP, No. 5
- LG 257-258 (Confidential): Responsive to 1st RFP, No. 6 and 2nd RFP, No. 7
- LG 259-260 (Confidential): Responsive to 1st RFP, No. 7 and 2nd RFP, No. 7
- LG 402: Responsive to 7th RFP, No. 1
- LG 403-411, 485-488: Responsive to 7th RFP, Nos. 3 and 4
- LG 412-484: Responsive to 7th RFP, No. 7
- LG 489-501 (Confidential): Responsive to 5th RFP, No. 10
- LG 502-507 (Confidential): Responsive to 5th RFP, No. 9
- LG 508-1009 (Confidential): Responsive to 5th RFP, Nos. 1 and 6
- LG 1010-1121 (Confidential): Responsive to 5th RFP, No. 7

You will notice that many of these documents are marked "Confidential." We expect that you will abide by the stipulation articulated in your October 17, 2007 letter to treat these documents as if they were produced under the proposed protective order, until such time as the final protective order is approved by the Court. At that time, of course, the "Confidential" designation indicates that they fall within the ambit of the Court-approved protective order.

We plan to produce Ms. Green's medical records later this week.

If you have any questions, please feel free to contact us.

Sincerely,

Lori Kisch
Abby M. Richardson

Enclosures

cc:    Susan Huhta, Esq.
       Katherine Gillespie, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

———————

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

February 14, 2008

**Via First Class U.S. Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

### *Re: Green v. InterSolutions, Inc., et al.*

Dear Mr. Rath:

Enclosed please find a CD with the following documents:

- LG 248 (Confidential): Responsive to 4th RFP, No. 1 and 5th RFP, No. 3
- LG 261-262 (Confidential): Responsive to 4th RFP, No. 1 and 5th RFP, No. 5
- LG 263-401 (Confidential): Responsive to 4th RFP, No. 2
- LG 1122-1135 (Confidential): Responsive to 5th RFP, No. 5
- LG 1136-1188 (Confidential): Responsive to 5th RFP, No. 4
- LG 1189 (Confidential): Responsive to 5th RFP, No. 5 and 6th RFP, No. 1
- LG 1190-1306 (Confidential): Responsive to 5th RFP, No. 5
- LG 1307-1311: Responsive to 5th RFP, No. 8

You will notice that many of these documents are marked "Confidential." We expect that you will abide by the stipulation articulated in your October 17, 2007 letter to treat these documents as if they were produced under the proposed protective order, until such time as the final protective order is approved by the Court. At that time, of course, the "Confidential" designation indicates that they fall within the ambit of the Court-approved protective order.

You will also notice that there are several Bates numbers missing, specifically LG 247, 249-254, and 1118-1120. This was due to an administrative error.

Also enclosed please find a copy of our privilege log. If you have any questions, please feel free to contact us.

Sincerely,

Lori Kisch
Abby M. Richardson

Enclosures

cc:    Susan Huhta, Esq.
        Katherine Gillespie, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

November 28, 2007

**<u>Via U.S. First Class Mail</u>**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

### <u>*Re: Green v. InterSolutions, Inc.*</u>

Dear Mr. Rath:

Enclosed please find Plaintiff Linda Green's First Supplemental Responses to Defendants' First Set of Interrogatories.

Also enclosed please find documents bates-stamped LG 00245-246, which are responsive to Requests Nos. 5 and 6 from Defendants' Second Set of Requests for Production of Documents.

Sincerely,

Bert Choe
*Legal Assistant*
*(202) 263-3698*
*bchoe@wcqp.com*

Enclosures

cc:    Lori B. Kisch, Esq.
Susan Huhta, Esq.
Katherine Gillespie, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE  (202) 467-4489

January 2, 2008

**Via Electronic Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

### Re: Green v. InterSolutions, Inc., et al.

Dear Mr. Rath:

As we indicated in our November 6, 2007 letter, we requested documents responsive to Defendants' amended Fifth Requests for Production of Documents Nos. 6, 7, 9, and 10 from the respective record holders (Sprint Communications, Strategic Federal Credit Union, Dover Downs, and Charles Town Races and Slots).  As of December 28, 2007, we are now in possession of the requested documents.  We are prepared to produce these documents, pursuant to the limitations articulated in our November 6, 2007 letter, once the Court lifts the current stay on discovery.  If the Protective Order has not yet been entered at that time, we will go ahead and mark the documents as confidential and expect that you will treat them as such in accordance with the draft Protective Order.

Because we now have these documents and will produce them subject to the resumption of discovery, we believe your Motion for Leave to Re-Issue Subpoenas to these record holders is unnecessary and moot.  Accordingly, we ask that you withdraw it and ask that you do so by 5:00 p.m. today.

We also have documents responsive to Defendants' Seventh Request for Production of Documents, which we are prepared to produce once the stay on discovery is lifted.  At the time the stay is lifted, we will also supplement Plaintiff's Responses to Defendants' discovery requests to indicate which documents produced are responsive to which document requests.

Please let me know if you have any questions.

Sincerely,

Lori B. Kisch

cc:    Susan Huhta, Esq.
       Katherine Gillespie, Esq.

THE KRESS BUILDING          2031 FLORIDA AVE, N.W.
301 19TH STREET NORTH       SUITE 300
BIRMINGHAM, AL 35203        WASHINGTON, D.C. 20009
(205) 328-0640             (202) 467-4123

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA GREEN,                              )
                                         )
      Plaintiff,                          )
                                         )
      v.                                  )    Case No.: 1:07-cv-00298-EGS-AK
                                         )
INTERSOLUTIONS, INC., *et al.*,          )
                                         )
      Defendants.                         )
_____ )

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants state the following objections and responses to Plaintiff's Second Request for Production of Documents:

## GENERAL OBJECTIONS

Defendants interpose the following General Objections to Plaintiff's Second Request for Production of Documents. These general objections apply to each individual discovery request. To the extent that certain objections are cited in response to a specific request, Defendants may reiterate these objections because the objections are believed to be particularly applicable to that request. These specific iterations are not to be construed as a waiver of any other general objections applicable to information falling within the scope of the discovery request.

1.      Defendants object to the instructions and definitions that precede Plaintiff's Second Request for Production of Documents to the extent that they attempt to impose obligations upon Defendants that are beyond those set forth in the Federal Rules of Civil Procedure.

2.      Defendants object to Plaintiff's Second Request for Production of Documents to the extent that any request or portion thereof seeks information or documents privileged from disclosure by the attorney-client privilege or by the work product doctrine.

## GENERAL RESPONSES

1.      Defendants' responses are based upon information and documents that are presently available to the Defendants and Defendants intend to supplement these responses if they later become available.

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 24:**  Any and all documents received in response to a subpoena issued by Defendants in this case.

**OBJECTION:**  Defendants object that this request seeks documents that pertain to Plaintiff's medical treatment, which documents Plaintiff already possesses. For the past five months, Plaintiff has consistently refused to produce—or has agreed to produce but consistently failed to produce—the documents Defendants sought through these subpoenas.

**Request No. 25:**  Any and all documents referring to or reflecting the salary, wage rate, and/or bonus structure of and/or amount paid to Harry McNeil from January 1, 2003 to the present.

**OBJECTION:**  Defendants object that this request is overbroad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendants also object to this request to the extent that Plaintiff insinuates that Harry McNeil replaced Plaintiff after her termination. Nowhere in the pleadings or in the issues as framed by Plaintiff has Mr. McNeill's name ever arisen. His employment with InterSolutions is not relevant to any claim or defense of Plaintiff.

**Request No. 26:**  Any and all compilations and/or lists of telephone numbers of individuals currently and/or formerly employed by InterSolutions at any time since December 1, 2003.

**OBJECTION:**  Defendants object that this request is overbroad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass and annoy. This case involves a single plaintiff's grievances against Defendants. InterSolutions' employee lists bear no relevance to the claims presented by Plaintiff. Defendants further object to this request because it calls for the production of documents that contain trade secrets and confidential information.

**Request No. 27:** If Defendants possess no documents responsive to Request No. 26, produce any and all documents reflecting the telephone numbers of all individuals currently and/or formerly employed by InterSolutions at any time since December 1, 2003.

**OBJECTION:** Defendants object that this request is overbroad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass and annoy. This case involves a single plaintiff's grievances against Defendants. InterSolutions' employee lists bear no relevance to the claims presented by Plaintiff. Defendants further object to this request because it calls for the production of documents that contain trade-secret and confidential information.

**Request No. 28:** Any and all compilations and/or lists of the telephone numbers of InterSolutions' current and/or former clients since December 1, 2003.

**OBJECTION:** Defendants object that this request is overbroad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence. This case involves a single plaintiff's grievances against Defendants. InterSolutions' client lists bear no relevance to the claims presented by Plaintiff. Defendants further object to this request because it calls for the production of documents that contain trade-secret and confidential information.

**Request No. 29:** If Defendants possess no documents responsive to Request No. 28, produce any and all documents reflecting the telephone numbers of all InterSolutions' current and/or former clients since December 1, 2003.

**OBJECTION:** Defendants object that this request is overbroad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and is intended to harass and annoy. This case involves a single plaintiff's grievances against Defendants. InterSolutions' employee lists bear no relevance to the claims presented by Plaintiff. Defendants further object to this request because it calls for the production of documents that contain trade-secret and confidential information.

**Request No. 30:** Any and all documents reflecting or relating to payments made by Archstone-Smith, and/or any individual Archstone-Smith property, to InterSolutions on a weekly, monthly and/or yearly basis, from January 1, 2002 to the present.

**OBJECTION:** Defendants object that this request is overbroad insofar as it seeks information relating to payments by Archstone for periods of time well before Plaintiff's employment began. It is also overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks payments from Archstone not related to InterSolutions' concierge services.

**RESPONSE:** Subject to the foregoing objections, Plaintiff will produce responsive documents that are within the scope of discovery when the Court issued an appropriate protective order in this case.

**Request No. 31:** If Defendants possess no documents responsive to Request No. 30, produce any and all documents reflecting or relating to payments made by Archstone-Smith, and/or any individual Archstone-Smith property, to InterSolutions from January 1, 2002 to the present.

**OBJECTION:** Defendants incorporate their objection to Request Number 30 herein. Defendants object that this request is overbroad insofar as it seeks information relating to payments by Archstone for periods of time well before Plaintiff's employment began. It is also overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks payments from Archstone not related to InterSolutions' concierge services.

**RESPONSE:** Subject to the foregoing objections, Plaintiff will produce responsive documents when the Court issues an appropriate protective order in this case.

**Request No. 32:** Documents reflecting or relating to the quantity of services rendered (whether indicated by hours of service provided and/or the number of employees provided to render such hours of service) by InterSolutions to Archstone-Smith and/or any individual Archstone-Smith property from January 1, 2002 to the present.

**OBJECTION:** Defendants object that this request is overbroad insofar as it seeks information relating to services rendered by InterSolutions to Archstone for periods of time well before Plaintiff's employment began. It is also overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to services rendered by InterSolutions to Archstone not related to InterSolutions' concierge services.

**RESPONSE:** Subject to the foregoing objections, Defendants will produce responsive documents that are within the scope of discovery when the Court issues an appropriate protective order in this case.

**Request No. 33:** All documents reflecting or relating to the termination of Archstone-Smith's use of InterSolutions' services in 2006, including all documents reflecting or relating to the reasons for such termination.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 34:** All documents reflecting or relating to Archstone-Smith's satisfaction with the services rendered by Plaintiff and/or Archstone-Smith's dissatisfaction with the services rendered by Harry McNeil and/or John Wagithuku and/or Sara Walder and/or Drew Golin.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 35:** All documents reflecting or relating to any meetings, including the meeting requested by Archstone referred to by Defendants in their response to Plaintiff's Interrogatory Number 10, attended by a representative, employee, and/or agent of Archstone-Smith (1) with an InterSolutions' representative, employee, and/or agent, and/or (2) about InterSolutions, Inc., and/or (3) during which InterSolutions' services were discussed, including announcements of the meeting's time, place, purpose, subject matter, and/or attendees; minutes and/or notes taken

during the meeting; presentations given at and/or prepared for the meeting; and all other documents reflecting the purpose of the meeting, the topics discussed during the meeting, the expected attendees of the meeting, the actual attendees of the meeting, and the results of the meeting.

**OBJECTION:** Defendants object to this request on the grounds that it is vague and ambiguous in its structure and content, that it is vague for being compound in nature, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it is overbroad and unduly burdensome.

**RESPONSE:** Defendants will produce responsive documents subject to the foregoing objections.

**Request No. 36:** All correspondence and/or other documents transmitted between employees, representatives, and/or agents of InterSolutions, Inc. and employees, representatives, and/or agents of Archstone-Smith from January 1, 2006 to the present, as well as all documents reflecting or relating to such correspondence and/or transmissions.

**OBJECTION:** Defendants object that this request is vague and ambiguous both in content and structure; it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and is intended merely to annoy and harass. The vast majority of correspondence between the persons listed in this request concerns day-to-day business matters that have no relevance whatsoever to Plaintiff's claims or Defendants' defenses in this litigation.

**Request No. 37:** All contracts between Archstone-Smith and InterSolutions, Inc. and/or any individual Archstone-Smith property and InterSolutions, Inc. regarding InterSolutions' provision of services to Archstone-Smith and/or any individual Archstone-Smith property.

**OBJECTION:** Defendants object that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and is intended merely to annoy and harass. The scope of services provided by InterSolutions bears no relevance to this litigation. InterSolutions provided concierge services to Archstone, and, pursuant to a protective order issued by the Court, InterSolutions will produce documents reflective of the value of those services.

**Request No. 38:** All documents referring to, relating to and/or supporting Defendants' assertion that InterSolutions' place of business and/or computer system constitute a facility through which an electronic communication service is provided.

**RESPONSE:** Defendants will produce responsive documents, if any, to the extent that such documents are within the scope of discovery.

**Request No. 39:** All documents, including but not limited to electronic records reflecting access to InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, and/or supporting Defendants' assertion that Ms.

Green accessed without authorization, and/or in excess of her authorization, InterSolutions' computers and/or computer system.

RESPONSE: Defendants will produce responsive documents.

**Request No. 40:** All documents referring to, relating to, and/or identifying communications, including the communications themselves, allegedly accessed by Plaintiff in violation of the Electronic Communications Privacy Act ("ECPA").

RESPONSE: Defendants will produce responsive documents.

**Request No. 41:** All documents, including but not limited to electronic records reflecting access to InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, and/or identifying the time, date and/or location of Ms. Green's alleged violations of the ECPA.

RESPONSE: Defendants will produce responsive documents.

**Request No. 42:** All documents referring to, relating to, and/or supporting Defendants' assertion that the communications allegedly accessed by Plaintiff were in electronic storage at the time of Plaintiff's unauthorized access.

RESPONSE: Defendants will produce responsive documents.

**Request No. 43:** All documents referring to, relating to, and/or identifying the alleged trade secret(s) Defendants believe Plaintiff misappropriated.

OBJECTION: Defendants object that this request calls for production of trade-secret and confidential information.

RESPONSE: Defendants will produce responsive documents when the Court issues an appropriate protective order in this case.

**Request No. 44:** All documents referring to, relating to, and/or supporting Defendants' assertion that Plaintiff misappropriated Defendants' trade secrets.

OBJECTION: Defendants object that this request calls for production of trade-secret and confidential information.

RESPONSE: Defendants will produce responsive documents when the Court issues an appropriate protective order in this case.

**Request No. 45:** All documents, including electronic records, referring to, relating to, documenting, or memorializing in any way the "forensic discovery" allegedly undertaken by Defendants as a result of Plaintiff's alleged breach of contract, including without limitation documents that refer to, relate to, establish, or tend to establish when such forensic discovery

occurred, by whom it was conducted, information revealed or gleaned during the forensic discovery, why such forensic discovery was necessary, and what resources were expended by Defendants in conducting the forensic discovery.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 46:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, documenting, establishing or tending to establish Defendants' Computer Fraud and Abuse Act claim, including all documents referring to, relating to, or identifying in any way the e-mail messages and accounts with which Plaintiff allegedly tampered, the nature of any such tampering, and when any such tampering occurred.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 47:** All documents referring or relating to any measures taken by Defendants to restrict access to and maintain the secrecy of the confidential and/or trade secret information Defendants identify in their Amended Answer and Amended Counterclaims.

**OBJECTION:** Defendants object to the extent that this request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** *See* DEF.00354-65.

**Request No. 48:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, and/or supporting Defendants' assertion that Plaintiff accessed, used, published, and/or tampered with InterSolutions' computer system, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report.

**Request No. 49:** All documents referring to, relating to, and/or supporting Defendants' assertion that Plaintiff electronically transmitted InterSolutions' confidential and trade secret information via email or other electronic transmission to her personal address, to a third person, or to an agent acting on behalf, including without limitation copies of any such electronic transmissions.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 50:** All documents referring or relating to Crystal House's alleged cessation of its use of InterSolutions' services, including without limitation documents that refer to, relate to,

memorialize, or document in any way the date on which it ceased doing business with InterSolutions and its reasons for ceasing to do business with InterSolutions.

**OBJECTION:** Defendants object that this request is vague and ambiguous as to the term "Crystal House" and as to the terms "doing business" and "do business."

**Request No. 51:** All documents referring or relating to any efforts undertaken by Defendants to regain the business of Crystal House after it ceased doing business with Defendants, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request is vague and ambiguous as to the term "Crystal House" and as to the term "doing business."

**RESPONSE:** Defendants will produce responsive documents subject to the foregoing objections.

**Request No. 52:** All documents referring to, relating to, documenting, or memorializing in any way Defendants' alleged loss of business that has allegedly ensued as a result of Plaintiff's alleged breach of her confidentiality agreement with Defendants, as alleged in Defendants' Amended Answer and Counterclaim.

**RESPONSE:** Defendants will produce responsive documents.

**Request No. 53:** All documents referring to, relating to, documenting, or memorializing in any way Defendants' allegedly numerous requests for the return of its confidential information and Plaintiff's alleged refusals to return such alleged confidential information, as alleged in Defendants' Amended Answer and Counterclaims.

**RESPONSE:** *See* DEF.00262.

**Request No. 54:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, documenting, or memorializing in any way Plaintiff's alleged access, use, copying, transmittal, and/or tampering with InterSolutions' email messages and accounts, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 55:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system, referring to, relating to, documenting, identifying, or memorializing in any way the alleged damage caused by Plaintiff in violation of the Computer Fraud and Abuse Act ("CFAA"), as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve their expert report.

**Request No. 56:** All documents referring to, relating to, or outlining the scope of Plaintiff's authority to access Defendants' computer system, computers, email messages, and/or email accounts.

**RESPONSE:** *See* DEF.00354-65.

**Request No. 57:** All documents, including but not limited to electronic records from InterSolutions' computers, databases, hard drives, website, or any other components of its computer system referring to, relating to, documenting, identifying, or memorializing in any way Plaintiff's alleged transmission of a program, information, code or command, in violation of the CFAA, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 58:** All documents referring to, relating to, documenting, identifying, or memorializing in any way the type and/or amount of loss suffered by Defendants as a result of Plaintiff's alleged violation of the CFAA, as alleged in Defendants' Amended Answer and Counterclaims.

**OBJECTION:** Defendants object that this request seeks information possessed by Defendants' expert, which pursuant to the Federal Rules of Civil Procedure, Defendants are already obliged to produce in their expert witness report. Plaintiff will obtain this information when Defendants serve an expert report.

**Request No. 59:** All documents reflecting the method(s) used to determine the amount of each of the bonuses given to Plaintiff by Defendants.

**OBJECTION:** Defendants object that this request is outside the scope of discovery on the ground that Plaintiff is in possession of this information and need not request that Defendants provide it.

**RESPONSE:** Defendants' objections, Defendants will produce responsive documents subject to the foregoing objections.

**Request No. 60:** All documents referring to, relating to, or reflecting Defendants' response to any complaints, expressions of concern, and/or communication to Defendants indicating the Defendants had not fully paid overtime wage rates to their employee(s).

**OBJECTION:**  Defendants object that this request is overbroad as to temporal boundaries and as to scope, is unduly burdensome, seeks documents not reasonably calculated to lead to the discovery of admissible evidence, and is intended merely to annoy and harass. Defendants further object that this request is vague, including as to whose complaints "responses" are sought and as to the meaning of "response."  Plaintiff alleges InterSolutions failed to pay her overtime when she was employed and compensated on a temporary and hourly basis, respectively.  Plaintiff also alleges that InterSolutions retaliated against her for "reporting an opposing Defendants' overtime wage and hour violations."  Amended Complaint, ¶ 8.  No other count in Plaintiff's Amended Complaint implicates Plaintiff's overtime pay practices. Defendants' "response" to overtime complaints bears no relevance to Plaintiff's claims as it is neither a defense to the allegations nor additional evidence in support of Plaintiff's counts.

Respectfully submitted,

Date:   December 6, 2007

Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C.  20001
Tel:  (202) 434-4182
Fax:  (202) 434-4646

Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 6, 2007, a copy of Defendant's Objections and Responses To Plaintiff's Second Request For Production Of Documents was served via U.S. Postal Service – First Class Mail upon:

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009

Counsel for Plaintiff

_____
Manesh K. Rath

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

November 9, 2007

**Via Electronic and U.S. First Class Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

*Re: Green v. InterSolutions, Inc.*

Dear Manesh:

Please find attached documents Bates-numbered LG 00220-00244.

Sincerely,

Lori B. Kisch

Enclosures

cc:    Susan Huhta, Esq.
       Katherine Gillespie, Esq.

THE KRESS BUILDING                    2031 FLORIDA AVE, N.W.
301 19TH STREET NORTH                 SUITE 300
BIRMINGHAM, AL 35203                  WASHINGTON, D.C. 20009
(205) 328-0640                        (202) 467-4123

VERIZON LEGAL COMPLIANCE
P O BOX 1001
6TH FLOOR NORTH
SAN ANGELO, TX 76902 - 1001
888-483-2600

January 15, 2008

WIGGINS,CHILDES,QUINN & PANTAZIS
ATTN: LORI KISCH
2031 FLORIDA AVE NW
SUITE 300
WASHINGTON, DC 20009

Verizon Case #: 08252514
Requesting Agency #: **
Telephone #s: 703-241-5899,

Please Note:


(X  ) A legal document (subpoena, court order, or search warrant) needs to be
directed to the appropriate Verizon entity for the release of records.  The correct
Verizon entity is: VERIZON VIRGINIA, INC.

( X ) A state issued legal document is not enforceable to request information in
a different state.


( X ) Under a normal course of business, Verizon does not track incoming calls
or local outgoing calls.  If records are available they will appear on the
customer's bill.


( X ) Verizon Legal Compliance policy requires the original subpoena or a
certified copy on all civil cases. NO FAX COPIES OR XEROX COPIES


( X) Be very specific as to what records are needed...see attached "Suggested
Wording".


Sincerely,
Jennifer
Verizon Legal Compliance

AO88  (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Northern _____ DISTRICT OF _____ Texas

Linda Green

V.

InterSolutions, Inc., et al.

### SUBPOENA IN A CIVIL CASE

Case Number:[1]  07-cv- 00298 (EGS)
U.S. District Court for the
District of Columbia

TO:  Verizon Virginia Inc. Legal Compliance Dept.
     271 S. Johnson Street
     San Angelo, TX 76904

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Copies of all records of incoming or outgoing calls placed to or from Linda Green's telephone number (703) 241-5899 from January 1, 2005 to August 1, 2006.

| PLACE  Please mail the documents to Abby M. Richardson, Atty. for Plaintiff, Wiggins Childs Quinn & Pantazis, PLLC, 2031 Florida Ave. NW Suite 300 Washington, DC 20009 | DATE AND TIME  2/28/2008  5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiff | DATE  2/14/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Abby M. Richardson, Wiggins Childs Quinn & Pantazis, PLLC 2031 Florida Ave. NW Suite 300 Washington, DC 20009
(202) 467-4123

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/14/2008 | Verizon Virginia Inc. Legal Compliance Dept. 271 S. Johnson St., San Angelo, TX 76904 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Verizon Virginia Inc. Legal Compliance Dept. | U.S. Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Abby Morrow Richardson | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___2/14/08___
DATE

_____
SIGNATURE OF SERVER

Wiggins Childs Quinn & Pantazis, PLLC
ADDRESS OF SERVER

2031 Florida Ave. NW, Suite 300 Washington, DC 20009

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).



**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

February 13, 2008

*Via Fax, Electronic, and First-Class Mail*

AOL LLC, Legal Dept. Custodian of Records – Civil Subpoena
2200 AOL Way
Dulles, VA 20166
Fax: 703.265.2208
Email: Legaldpt@aol.com ; aollegal@aol.com

To Whom It May Concern:

    I write to inquire whether a subpoena is necessary or useful in obtaining e-mails sent to or from the account of Linda Green (e-mail address llgreen311@aol.com). I represent Ms. Green (the plaintiff) in a legal matter wherein the Defendants have requested copies of emails sent to and from Ms. Green's e-mail address and dating from January 1, 2006, and August 1, 2007. Ms Green no longer retains copies of these emails in her email account.

    Two of AOL's customer service representatives have told Ms. Green and me that AOL does not retain copies of any emails not saved by the individual user. Please confirm if this is the case, so that we need not subpoena documents that AOL does not have.

    Thank you for your prompt attention to this matter.

Sincerely,

Abby Morrow Richardson

Cc:   Susan Huhta, Esq.
      Katherine Gillespie, Esq.
      Lori B. Kisch, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
LINDA GREEN,                            )
                                        )
                Plaintiff,              )
                                        )
        v.                              )    CIVIL NO: 1:07CV00298-EGS
                                        )    Settlement Conference Feb. 28, 2008
                                        )
INTERSOLUTIONS, INC., ET AL.,           )
                                        )
                Defendants.             )
                                        )
_____)

## <u>PROPOSED ORDER</u>

WHEREAS Defendants have moved the Court to compel Plaintiff's production of

documents, and

WHEREAS Plaintiff has opposed the Motion,

IT IS HEREBY ORDERED that Defendants' Motion is DENIED.


Dated: _____              _____
                                       The Honorable Alan Kay
                                       United States Magistrate Judge