IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.: 1:07-cv-00298-EGS-AK |
| ) | |
| INTERSOLUTIONS, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM ON THE PROPOSED PROTECTIVE ORDER**

**I.    BACKGROUND**

On December 10, 2007, the Court addressed §§ 4 and 10 of the Proposed Protective Order. See Order, Docket No. 48. The Court adopted Plaintiff's procedural approach in § 10. Court's Order p. 6. This provision is no longer in dispute. The Court also held that, (a) Defendants may redact trade secret information as appropriate; and (b) for purposes of the Protective Order, Defendants may treat employee and client lists as trade secrets. Id p. 4-5. Plaintiff has refused to incorporate this language into the Protective Order.

**II.    ARGUMENT**

    **A.    Defendants' Proposed Language in § 4 Should be Accepted by the Court because it Tracks the Court's Plain Order Nearly Verbatim**

Defendants' proposed language in § 4 of the Protective Order tracks the Court's language nearly verbatim. The Court held that,

> for purposes of this protective order only, [the] names of staffing employees and clients should be protected as if they were trade secrets. Id p. 4-5.

Defendants' draft Protective Order reads,

> for purposes of this Protective Order, the names of InterSolutions' staffing employees and clients should be protected as if they were trade secrets.

Similarly, the Court's Order held that,

> Defendants may designate the identities of and information about [InterSolutions employees, applicants, clients or potential clients] as confidential, and redact them as appropriate... Id p. 4-5.

§ 4 of Defendants' draft Protective Order reads,

> Defendants may designate the identities of and information about [InterSolutions' staffing employees and clients] as "Confidential Information" and redact them as appropriate…

Plaintiff informed Defendants that she refuses to accept Defendants' proposed language – despite the fact that it is nearly verbatim from the Court's Order. Plaintiff may not refuse to accept the Court's own language merely because she does not like the ruling.

### B.  § § 4 and 10 of the Protective Order are Inextricably Linked

Sections 4 and 10 of the Protective Order are inextricably linked. The Court adopted Plaintiff's version of § 10, imposing on Defendants the burden of defending all claims of confidentiality. The Court carved out an exception to this procedure by adopting Defendants' version of § 4. For the limited purpose of the Protective Order, § 4 allows Defendants to treat the identities of InterSolutions employees, applicants, clients or potential clients as trade secrets. Id. Without this exception to § 10, Defendants would be placed in the position of producing trade secrets, then defending trade secrets it has already produced. The Court's Order mitigates the disclosure of Defendants' trade secrets through its redaction provision in § 4.

More troubling is the fact that Plaintiff accepted the Court's § 10, however, refuses to accept § 4, which adopted the Court's important exception to the § 10 procedure.

### C.  § 10 Solves Plaintiff's Concern that Relevant Information will be Redacted

Plaintiff argues that Defendants must produce unredacted copies of all documents. We understand Plaintiff's concern that over-redacted documents could lack relevant information. However, this concern has been addressed in § 10 of the Court's Order.

Plaintiff's argument relies on an assumption that Defendants will over-broadly redact information. This is unfounded. The Court's Order permits the *reasonable* redaction of trade secret information. Order at 4-5 (stating "Defendants may … redact them as appropriate."). Defendants will comply with this requirement.

In addition, the Court's Order already established a procedure for challenging overbroad redaction of information. If Plaintiff feels that information was wrongly redacted, she may challenge the redaction under the § 10 procedure. This procedure places the burden on Defendants to prove their redactions were appropriate. Therefore, while Plaintiff's concerns are understandable, the Court has adequately addressed these concerns in its Order.

### D. Plaintiff Impermissibly Attempts to Relitigate this Issue

The Court need not revisit this issue. Given the Court's Order addressing §§ 4 and 10, Defendants' language must be adopted. To do otherwise, is to reopen issues of both §§ 4 and 10. Plaintiff has not filed a challenge to this Court's order; she merely refuses to comply with it, causing Defendants to have to needlessly argue the same issue a second time.

### III. CONCLUSION

The Court adjudicated two issues in its Order. Defendants have incorporated the Court's language into their version of the Protective Order. Plaintiff has not. Plaintiff's obdurate refusal to accept the Court's Order necessitated this filing and unreasonably multiplied this proceeding causing Defendants to incur the expense of litigating this issue twice. Defendants, therefore, seek costs. *See* 28 U.S.C. § 1927.

**WHEREFORE**, Defendants request that this Court, consistent with its prior Order, adopt Defendants' draft of the Proposed Revised Confidentiality Agreement and Protective Order and impose the costs of relitigating this issue on Plaintiff.

Date:  February 15, 2008			Respectfully submitted,

       /s/
Manesh K. Rath (DC Bar No. 457835)

*rath@khlaw.com*
Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendants

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 15, 2008, a copy of the foregoing was served by CM/ECF software to:

Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W.
Washington, D.C. 20009
Tel.: (202) 467-4123
Fax:  (202) 467-4489

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiff


                                                                      ____/s/_____
                                                                      Manesh K. Rath