UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, ) | |
| ) | |
| Plaintiff, ) | CIVIL NO: 1:07CV00298-EGS |
| ) | Settlement Conference: Feb. 28, 2008 |
| v. ) | Judge Emmet G. Sullivan |
| ) | Magistrate Judge Alan Kay |
| INTERSOLUTIONS, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S ANSWER TO DEFENDANTS' AMENDED COUNTERCLAIMS**

Plaintiff Linda Green ("Plaintiff"), through undersigned counsel, states the following as her Answer to Defendants InterSolutions, Inc., Drew Golin, and Sara Walder's ("Defendants") Amended Counterclaims [Dkt. 22]:

1. Plaintiff admits Paragraph 1 in part and denies it in part. Plaintiff admits the portion of Paragraph 1 stating that she worked for InterSolutions until August 1, 2006. Plaintiff is without sufficient knowledge or information sufficient to form a belief as to the remainder of the Paragraph, and thus she denies the remainder of Paragraph 1.

2. Plaintiff admits Paragraph 2 in part and denies it in part. Plaintiff admits that she signed agreements relating to her employment and non-competition, but Plaintiff is without sufficient knowledge or information sufficient to form a belief as to the dates on which they were signed, and thus she denies that they were signed on the dates stated in Paragraph 2. Plaintiff denies the remainder of Paragraph 2.

3. Plaintiff admits Paragraph 3 in part and denies it in part. Plaintiff is without sufficient knowledge or information sufficient to form a belief regarding the title of her position, and thus she denies that her position was staffing coordinator. Plaintiff

admits that she was responsible, in part, for assigning certain temporary employees to client sites.  Plaintiff denies the remainder of Paragraph 3.

    4.    Plaintiff denies Paragraph 4.

    5.    Plaintiff is without knowledge or information sufficient to form a belief as to the truth of Paragraph 5, and thus she denies Paragraph 5.

    6.    Plaintiff denies Paragraph 6.

    7.    Plaintiff denies Paragraph 7.

    8.    Plaintiff denies Paragraph 8.

    9.    Plaintiff denies Paragraph 9.

    10.    Plaintiff denies Paragraph 10.

    11.    Plaintiff denies Paragraph 11.

    12.    Plaintiff admits Paragraph 12 in part and denies it in part.  Plaintiff admits that she was given a document dated July 28, 2006 that included a statement that indicated its purpose, among others, was "to reiterate our expectations of you as the head of the Concierge Department."  Plaintiff is without knowledge or information sufficient to form a belief as to whether this document was given to her on July 28, 2006, and thus denies that portion of the Paragraph.  Plaintiff denies the remainder of Paragraph 12.

    13.    Plaintiff admits Paragraph 13 in part and denies it in part.  Plaintiff admits that she refused to sign the document dated July 28, 2006.  Plaintiff is without knowledge or information sufficient to form a belief as to whether this document was given to her on July 28, 2006, and thus denies that portion of the Paragraph.  Plaintiff denies the remainder of Paragraph 13.

    14.    Plaintiff denies Paragraph 14.

15. Plaintiff admits Paragraph 15 in part and denies it in part. Plaintiff admits that she left InterSolutions' office, but she denies the remainder of the Paragraph.

16. Plaintiff denies Paragraph 16.

17. Plaintiff denies Paragraph 17.

18. Plaintiff denies Paragraph 18.

19. Plaintiff denies Paragraph 19.

20. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of Paragraph 20, and thus she denies Paragraph 20.

21. Plaintiff denies Paragraph 21.

22. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of Paragraph 22, and thus she denies Paragraph 22.

23. Plaintiff reincorporates by reference all prior admissions, denials, and statements of insufficient information contained in Paragraphs 1 through 22.

24. Plaintiff denies Paragraph 24.

25. Plaintiff denies Paragraph 25.

26. Plaintiff denies Paragraph 26.

27. Plaintiff denies Paragraph 27.

28. Plaintiff denies Paragraph 28.

29. Plaintiff denies Paragraph 29.

30. Plaintiff reincorporates by reference all prior admissions, denials, and statements of insufficient information contained in Paragraphs 1 through 29.

31. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of Paragraph 31, and thus she denies Paragraph 31.

32. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of Paragraph 32, and thus she denies Paragraph 32.

33. Plaintiff denies Paragraph 33.

34. Plaintiff denies Paragraph 34.

35. Plaintiff denies Paragraph 35.

36. Plaintiff denies Paragraph 36.

37. Plaintiff reincorporates by reference all prior admissions, denials, and statements of insufficient information contained in Paragraphs 1 through 36.

38. Plaintiff denies Paragraph 38.

39. Plaintiff denies Paragraph 39.

40. Plaintiff admits Paragraph 40 in part and denies it in part. Plaintiff admits that she signed agreements relating to her employment and non-competition, but Plaintiff is without sufficient knowledge or information sufficient to form a belief as to the dates on which they were signed, and thus she denies that they were signed on the dates stated in Paragraph 40. Plaintiff denies the remainder of Paragraph 40.

41. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of Paragraph 41, and thus she denies Paragraph 41.

42. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of Paragraph 42, and thus she denies Paragraph 42.

43. Plaintiff denies Paragraph 43.

44. Plaintiff denies Paragraph 44.

45. Plaintiff denies Paragraph 45.

46. Plaintiff denies Paragraph 46.

4

47. Plaintiff reincorporates by reference all prior admissions, denials, and statements of insufficient information contained in Paragraphs 1 through 46.

48. Plaintiff denies Paragraph 48.

49. Plaintiff denies Paragraph 49.

50. Plaintiff denies Paragraph 50.

51. Plaintiff denies Paragraph 51.

52. Plaintiff denies Paragraph 52.

53. Plaintiff denies Paragraph 53.

54. Plaintiff denies Paragraph 54.

55. Plaintiff reincorporates by reference all prior admissions, denials, and statements of insufficient information contained in Paragraphs 1 through 54.

56. Plaintiff denies Paragraph 56.

57. Plaintiff denies Paragraph 57.

58. Plaintiff reincorporates by reference all prior admissions, denials, and statements of insufficient information contained in Paragraphs 1 through 57.

59. Plaintiff denies Paragraph 59.

60. Plaintiff denies Paragraph 60.

61. Plaintiff denies Paragraph 61.

62. Plaintiff denies Paragraph 62.

63. Plaintiff denies Paragraph 63.

64. Plaintiff denies Paragraph 64.

65. Plaintiff denies Paragraph 65.

66. Plaintiff reincorporates by reference all prior admissions, denials, and

statements of insufficient information contained in Paragraphs 1 through 65.

    67.    Plaintiff denies Paragraph 67.

    68.    Plaintiff denies Paragraph 68.

    69.    Plaintiff denies Paragraph 69.

    70.    Plaintiff denies Paragraph 70.

    71.    Plaintiff denies Paragraph 71.

    72.    Plaintiff denies Paragraph 72.

    73.    Plaintiff denies Paragraph 73.

    74.    Plaintiff denies Paragraph 74.

## **AFFIRMATIVE DEFENSES**

Plaintiff hereby asserts the following affirmative defenses in this case:

    1.    Defendants fail to state claims upon which relief may be granted against Plaintiff.

    2.    Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

    3.    Defendants' claims are barred, in whole or in part, by the applicable statutes of limitation.

    4.    Defendants' claims are barred, in whole or in part, by the doctrine of laches.

    5.    Defendants' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

    6.    Defendants' claims are barred, in whole or in part, by the doctrine of estoppel.

7.      Defendants' claims are barred, in whole or in part, by the doctrine of release.

8.      Defendants' claims are barred, in whole or in part, by the doctrine of waiver.

9.      Defendants fail to allege fraud with particularity.

10.    Defendants have not suffered any damages.

11.    Defendants have failed to mitigate their damages.

12.    Defendants have not suffered any special harm.

13.    Defendants' claims are limited, in whole or in part, by applicable law.

14.    Defendants have no legal or factual basis to recover punitive damages.

15.    Any damages Defendants may have suffered were not caused by Plaintiff's actions.

16.    Defendants' claims are barred, in whole or in part, by the defense of mistake.

17.    Defendants' claims are barred, in whole or in part, by the defenses of consent and/or ratification.

18.    Defendants' claims are barred, in whole or in part, by the defenses of immunity and/or privilege.

19.    Plaintiff lacked the requisite intent under the Electronic Communications Privacy Act and the Computer Fraud and Abuse Act.

20.    Defendants lack standing to bring their claims.

21.    Defendants' claims are retaliatory actions taken against Plaintiff in response to her filing of the present lawsuit.

22.  Plaintiff denies that she owes any money to Defendants, but if such money is owed, it must be reduced by the amount of damages sustained by Plaintiff as a result of Defendants' breach of contract, retaliatory, discriminatory, and other unlawful acts.

23.  Plaintiff reserves the right to amend her Answer to include such other defenses as they become apparent during the course of discovery.

## PRAYER FOR RELIEF

Plaintiff denies that Defendants are entitled to any relief, as requested in their Amended Counterclaims, against Plaintiff. Wherefore, Plaintiff requests that this matter be dismissed, that Defendants' prayer for relief be denied, and that Plaintiff be awarded her costs and attorneys' fees expended in the defense of this action and such other relief as the Court may deem just and appropriate.

Respectfully submitted this 20th day of February, 2008.

/s/ Lori B. Kisch
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Abby M. Richardson (DC Bar No. 978118)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW, Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of February, 2008, the foregoing Answer to Defendants' Amended Counterclaims was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

      By:
      ____/s/ Lori B. Kisch_____
      Attorney for Plaintiff