UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO: 1:07CV00298-EGS |
| | ) | Settlement Conference Feb. 28, 2008 |
| | ) | Judge Emmet G. Sullivan |
| INTERSOLUTIONS, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S
ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Pursuant to LCvR 72.2(b), Plaintiff, through her undersigned counsel, hereby submits her Objections to the Magistrate Judge's Order of February 6, 2008 on her Motion to Compel.

**I.    PROCEDURAL BACKGROUND**

On November 29, 2007, Plaintiff filed a Motion to Compel Defendants' Answers to Interrogatories and Production of Documents ("Motion"). Dkt. 45. Defendants opposed Plaintiff's Motion on December 13, 2007 [Dkt. 49], and Plaintiff filed her Reply on December 21, 2007 [Dkt. 56]. On February 6, 2008, the Magistrate Judge issued a Memorandum Order ("Order") granting in part, and denying in part, Plaintiff's Motion. Dkt. 64.

**II.   STANDARD OF REVIEW**

LCvR 72.3(c) provides that "[u]pon consideration of objections filed in accordance with this Rule, a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." A court should make this finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a

mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.,* 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 365 (1948)).

Generally, a party is entitled to discover any information that appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is broadly and liberally construed. *See, e.g., Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D.D.C. 2005) (citing *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997)). In employment matters, "liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims." *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 657 (1989), *superceded on other grounds by* Civil Rights Act of 1991, S. Res. 1745, 102nd Cong., 105 Stat. 1071 (1991). Several circuits "have expressly held that discovery in employment discrimination suits is especially broad." *Pleasants v. Allbaugh*, 208 F.R.D. 7, 9 (D.D.C. 2002) (collecting cases).

## III.   OBJECTIONS

Plaintiff respectfully submits that the following portions of the Magistrate Judge's Memorandum Order on her Motion to Compel regarding Plaintiff's Interrogatory Nos. 10 and 13 and Requests for Production of Documents Nos. 3, 5, 10, 16, and 19 were clearly erroneous and contrary to law, insofar as the Order did not compel Defendants to produce all responsive documents and/or information to which Plaintiff is entitled. For ease of the Court's reference, the portions of the Order to which Plaintiff objects are set forth below, pursuant to LCvR 72.2(b), as are the related document requests, interrogatories, objections, and responses.

### A.   Ruling on Plaintiff's Interrogatory No. 10

***Interrogatory No. 10: State fully and describe in detail the reason for, and all events leading up to, the loss of the Archstone contract, and identify all individuals who have knowledge of***

*and/or who were involved in any discussions regarding the loss of the contract, stating the knowledge of each individual, and identify all communications regarding, referencing, or pertaining to the loss of the Archstone contract, including the date of the communication, the persons involved in the communication, and the content of the communication.*

*<u>Objection:</u>     Defendants object to this request on the grounds that it is vague as to the expressions "leading up to" and "knowledge" and "involved in" as they related to all events or communications. Defendants object to this request to the extent that it seeks knowledge of nonparties. Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information that can be provided more efficiently by other means of discovery. Defendants objects to this request on the grounds that it is overbroad as to knowledge. Defendants object on the grounds that this request is vague and overbroad as to "involved in any discussions" and "loss of" contract. Defendants object as to the reference to a contract as being vague and conclusory. Defendants object to the numbering of this item as one request, as it consists of at least four wholly unrelated requests, and thus at least four interrogatories.*

*<u>Answer:</u>     Without waiving said objections, Defendants responses are as follows. Plaintiff refused to regularly work in the office during regular working hours. Plaintiff persisted in this refusal despite numerous occasions where InterSolutions requested it, counseled her, warned her, and reprimanded her for her refusal. This refusal had a direct impact on, among other critical business operations, Plaintiff's ability to recruit and hire quality candidates and upon her ability to staff client requests with persons who were eligible for a particular assignment. On this second problem, clients, including Archstone, complained to Plaintiff a number of times, but Plaintiff ignored the complaints and/or blocked the complaints from getting to others at InterSolutions. Archstone, at a late stage in its dissatisfaction with this problem, requested a meeting with the responsible persons at InterSolutions, including Plaintiff since she was the account manager for concierge assignments. Plaintiff, at the last moment, failed to attend the meeting without providing prior notice. Drew Golin attended the meeting. Archstone staff were present at the meeting. John Wagithuku was hired in part for the purpose to address quality control problems including those mentioned herein. John Wagithuku was hired in part for the purpose of either managing Plaintiff's poor work attitude and work quality, thereby hopefully improving that department's performance, or managing her termination.*

       Magistrate Judge's Order:

       Interrogatory No. 10 relates to InterSolutions' loss of the Archstone contract.  In
       general, Defendants' response to this interrogatory was sufficient.  To the extent
       that this question asks about the knowledge of other individuals, Defendants
       cannot be expected to answer.  However, the Court will order Defendants to
       provide the dates on which the complaints, conversations and meetings referenced
       in their answer occurred, or, at a minimum, the general time period during which
       these events took place.

Order at 13-14.

Plaintiff objects to the Order insofar as it did not order Defendants to provide a full and complete response to the interrogatory.  While the Magistrate Judge ordered that Defendants update their response with the time frame during which the events in their response took place, he did not order Defendants to (1) identify all individuals "who were involved in any discussions regarding the loss of the [Archstone] contract," (2) state what was discussed with or by each individual who was involved in any discussions regarding the loss of the Archstone contract and therefore what knowledge each individual has about the loss of the Archstone contract, and (3) identify all communications regarding, referencing, or pertaining to the loss of the Archstone contract.  Plaintiff is entitled to this relevant, responsive information because it is vital to help plaintiff establish pretext for her termination claims.

Defendants argue that they terminated Plaintiff, in part, due to the loss of the Archstone contract.  Therefore, Plaintiff seeks to discover all the facts related to the loss of the contract, including the reasons for the loss, discussions related to the loss, the individuals involved in any discussions regarding the loss of the contract, both from Archstone and InterSolutions, and all individuals from Archstone who allegedly complained, and the individuals who received such complaints, about Linda Green.  These are the key facts which Defendants refused to provide in their answer and for which the Magistrate Judge did not order a more complete response.

Defendants must be aware of at least some of the individuals at Archstone with whom Defendants communicated because in their partial answer they state that Archstone made complaints, and that Defendant Drew Golin attended a meeting with Archstone staff.  At a minimum, Defendants should be able to identify who from Archstone made complaints and who was present at the meeting attended by Drew Golin.

Defendants should also be required to provide the knowledge of any InterSolutions'

employee involved in the discussions with Archstone regarding the loss of the contract. It is reasonable to assume Defendants have that information about others' knowledge, contrary to the Magistrate Judge's ruling, because Defendants allegedly relied on that knowledge and information in deciding to terminate Plaintiff.  Finally, Defendants should be compelled to describe all conversations in which they were involved regarding the loss of the Archstone contract.  At a minimum, the Defendants should be able to describe the conversations which took place during the meeting between Drew Golin and Archstone staff.  The communications between InterSolutions and Archstone will help the Plaintiff prove that Defendants' argument that Plaintiff was responsible for the loss of the contract is false and is a mere pretext for discrimination and retaliation.

Because this information is relevant, and because Defendants have not provided any basis for withholding the information except for those specifically and rightfully rejected by the Magistrate Judge, *see* Order at 4-8, a full and complete response to this Interrogatory should have been ordered.  The Magistrate Judge's failure to do so was clearly erroneous and contrary to law because such information is relevant to prove that Defendants' proffered reason for her termination was pretextual.  She is entitled to broad discovery to prove her employment discrimination and retaliation claims.  *See, e.g., Burlington Ins.*, 368 F. Supp. 2d at 86. Defendants should be compelled to provide a full and complete response to this interrogatory.

      **B.**    **Ruling on Interrogatory No. 13**

*Interrogatory No. 13:  Describe in detail all efforts undertaken by Defendants to determine their obligation to pay overtime wage rates to employees, the scope of Defendants' failure to properly pay overtime wage rates to employees, and all efforts made to rectify Defendants' failure to properly pay overtime wage rates to InterSolutions' employees.*

*Objection:*    *Defendants object on the grounds that it calls for a conclusion of law as to an "obligation," and as to Defendant's alleged "failure." Defendants object to this Interrogatory to the extent that it calls for a lengthy factual narrative or itemization and that calls for information*

*that can be provided more efficiently by other means of discovery. Defendants object that this request is vague as to rectify as to failure. Defendants object to the numbering of this item as one request, as it consists of at least three wholly unrelated requests, and thus at least three interrogatories. Defendants object that this request exceeds the amount allowed by the Federal Rules of Civil Procedure.*

*<u>Answer:</u>    Without waiving said objections, Defendants responses are as follows. InterSolutions pay practices and its internal controls are reliable and accurate and achieve results that are reliable and accurate.*

>Magistrate Judge's Order:
>
>Interrogatories Nos. 12 and 13 relate to Defendants' allegedly belated payments of overtime wages owed to InterSolutions employees. (*Id*. at 29.) The party moving to compel discovery "bears the initial burden of explaining how the requested information is relevant." *Jewish War Veterans of the United States of America, Inc. v. Gates*, 506 F.Supp.2d 30, 42 (D.D.C. 2007). Plaintiff has not demonstrated how belated payments to other employees bear on her wage and hour claims or whether such evidence would be admissible at trial in light of the restrictions on character and similar instance evidence in Rule 404 and case law interpreting Rule 401. Accordingly the Court will not order Defendants to answer these interrogatories.

Order at 14-15.

The Magistrate Judge's rationale for not compelling Defendants to answer this interrogatory was based on two findings: that Plaintiff had not demonstrated its relevance and such evidence would not be admissible under the Fed. R. Evid. 401 and 404. *See id.* The Magistrate Judge's rulings were clearly erroneous on each ground.

With regard to the issue of Plaintiff establishing relevance, Defendants had not objected on this basis, perhaps because they understood that the information sought is so clearly relevant to Plaintiff's claims in this lawsuit. As Plaintiff stated in her Reply,

>This information is highly relevant to Plaintiff's claims because Defendants' failure to pay hourly wage employees in accordance with the law was the basis of her multiple complaints to Defendants and to the Department of Labor, and the reason, consequently, of her retaliatory termination. Furthermore, this information establishes Defendants' pattern and practice of violating wage-and-hour laws, which supports her [Fair Labor Standards Act ("FLSA")] and D.C. Wage and Hour Law ("DCWHL")] claims.

6

Reply at 18-19.  To clarify even further, the information is relevant to her claim that Defendants retaliated against her due to her repeated complaints to Defendants, and ultimately to the Department of Labor, regarding Defendants' failure to pay hourly employees lawful overtime wage rates.  *See* Dkt. 8, Amended Complaint, ¶¶ 81-86, 112-17.  The information sought by Interrogatory No. 12 would establish that Defendants belatedly paid hourly employees their due overtime wages only once the stated cases were filed against them, and knowingly refused to correct their unlawful practices prior to that time, despite Plaintiff's repeated complaints about their unlawful practices.

In addition, Plaintiff alleges that she, too, was not paid lawful overtime wage rates when she was employed as an hourly employee by Defendants.  *See* Dkt. 8, Amended Complaint, ¶¶ 74-80, 103-11.  The Magistrate Judge erred when he held that that the information was not discoverable because Plaintiff had not adequately "demonstrated how belated payments to other employees bear on her wage and hour claims or whether such evidence would be admissible at trial in light of the restrictions on character and similar instance evidence in Rule 404 and case law interpreting Rule 401."  Order at 14-15.

First, Plaintiff is not required to show that the information would be admissible at trial, rather she need only demonstrate that the information appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  In addition, relevance for discovery purposes is broadly and liberally construed.  *See, e.g., Burlington Ins.,* 368 F. Supp. 2d at 86.  To the extent the Magistrate Judge held that Plaintiff is not entitled to discover this evidence because she had not demonstrated it was admissible at trial, this ruling was clearly erroneous and contrary to law.

In any event, this evidence would likely be admissible at trial.  Plaintiff could introduce

7

the evidence to establish the basis of her complaints to Defendants and the Department of Labor on behalf of hourly employees who were not being paid lawful overtime wage rates, for which she was subjected to retaliation, and to establish absence of mistake or accident on behalf of Defendants when they failed to pay her lawful overtime wage rates. Fed. R. Ev. 404. This Court has repeatedly held in employment cases that evidence of prior complaints of similar bad acts or of the bad acts themselves are discoverable and admissible. *See, e.g., Williams v. Johanns*, No. 03-2245, 2007 WL 2480367, at *2 -3 (D.D.C. Sept. 4, 2007) ("evidence of other acts of discrimination similar to the discrimination charged may be admitted to show motive or intent"); *see also Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002) ("While a complaint in itself proves nothing about the accusation made, knowledge of its existence might yield admissible evidence as to the discriminatory animus on a prior occasion of a particular manager and that likelihood suffices under Fed. R. Civ. P. 26(b)(1)."). *See also* Plaintiff's Reply in Support of the Motion to Compel ("Reply"), Dkt. 56 at 7-8.

Therefore Plaintiff is entitled to discover this information to help her prove the protected activity – her complaints about Defendants' failure to pay hourly employees overtime wage rates – was grounded in fact and caused Defendants' retaliation against her. The information also goes to Defendants' motive and intent to retaliate against her as well as to show their intent to not pay overtime wages to Plaintiff or others. S*ee, e.g., Williams*, 2007 WL 2480367, at *2. Finally, the information is relevant to both claims insofar as it shows Defendants' intentional failure to comply with the law and their consequential hostility to Plaintiff when she discovered they were doing so.

Defendants should be ordered to fully respond to this interrogatory**.**

### C. Ruling on Document Request No. 3

*Request No. 3*: *All documents referring or relating to the termination and/or renewal or potential renewal of the Archstone Contract.*

*Objection:* Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to admissible evidence.

*Answer:* Without waiving said objections, Defendants respond as follows. Defendant produce herein documents responsive to this request, including documents numbered between Def. 00261 and Def. 00313, notably including Def. 00266.

*Supplemental Answer:* Without waiving the objections in Defendants' Responses to Plaintiffs First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.

>Magistrate Judge's Order:
>
> . . . In their Opposition, Defendants recognize their ongoing duty to supplement prior disclosures and indicate that they will provide additional responsive documents as they are discovered. At the present time, however, the Court can find no basis for compelling further production in response to this document request.

Order at 21.

Plaintiff objects to the Magistrate Judge's ruling that there is no "basis for compelling further production in response to this document request." The Magistrate Judge's ruling overlooked that Defendants' own letter of November 1, 2007, demonstrate the existence of documents responsive to this request which were not produced to Plaintiff. As Plaintiff stated in her Motion, "In a recent letter, Defendants concede that '[c]ertainly, InterSolutions would have documents that reflect the termination of the contract with Archstone and the reasons for the termination . . . [and] contracts that reflect the business relationship between Archstone and InterSolutions . . . .' *See* November 1, 2007 correspondence (attached hereto as Ex. 12)." Although Defendants have produced some information responsive to this request, they have not produced the information referenced in their November 1, 2007 correspondence. Further, the

fact that Defendants have withheld this information, and represented to the Court that they have produced all responsive documents, calls into question their credibility regarding the production of documents in general. The Magistrate Judge's ruling on this discovery request is clearly erroneous, and Defendants should be compelled to produce all responsive documents.

        **D.**    **Ruling on Document Request Nos. 5 & 10**

*Request No. 5:* **All documents referring and/or relating to any audit or review conducted by any of the Defendants relating to the payment of overtime wages to employees or former employees, and copies of all checks issued as a result of such audit or review.**

*Objection:*    Defendants object on the grounds that this request is not reasonably calculated to lead to admissible evidence. Defendants object to this request on the grounds that it is overbroad in that it is not limited in temporal scope, and not limited to audits or reviews that are likely to lead to admissible evidence.

*Answer:*    [No Answer]

    Magistrate Judge's Order:

> . . . The Court does not believe that Plaintiff has met her burden of demonstrating how this request is reasonably calculated to lead to the discovery of admissible evidence and therefore will not compel production.

Order at 22.

*Request No. 10:* **All documents referring and/or relating to any complaints made by Defendants' employees regarding Defendants' failure to pay overtime wages.**

*Objection:*    Defendants object to this request on the grounds that it is vague as to the use of the word "Defendants" in this context, and as to the term "complaint." Defendants object that this request is overbroad and is not reasonably calculated to lead to admissible evidence. Defendants object that this request is vague as to temporal scope. Defendants object that this request is unduly burdensome.

*Answer:*    [No Answer]

    Magistrate Judge's Order:

> This Court does not believe that Plaintiff has met her burden of demonstrating how this request is reasonably calculated to lead to the discovery of admissible evidence and therefore will not compel Defendants to produce any responsive documents.

Order at 23.

The Magistrate Judge's ruling that Plaintiff did not meet her burden of demonstrating that this information is reasonably calculated to lead to the discovery of admissible evidence was clearly erroneous and contrary to law. Plaintiff has alleged both that Defendants failed to pay her overtime as required by the FLSA and the DCWHL and that she was retaliated against for complaining about Defendants' failure to pay its temporary employees overtime as required under the FLSA and DCWHL. Documents responsive to these requests include audits conducted by Defendants regarding the scope of their failure to pay lawful overtime wage rates, as well as Plaintiff's own complaints and any related documents, such as responses from Defendants, as well as the complaints of other employees regarding the same issue. As Plaintiff stated in her Reply:

> Responsive documents could provide evidence relating to Plaintiff's retaliation claim and could tend to show that Defendants had knowledge of the complaints regarding their violation of the FLSA by failing to pay their employees overtime wages. Although Defendants state that Plaintiff claims she was retaliated against based on her complaints to the Department of Labor, Opp. at 32, they omit that Plaintiff alleges that Defendants' retaliation was also based on her repeated complaints to Defendants regarding their overtime wage violations. *See* Amended Complaint, Dkt. 8, ¶¶ 41, 47, 71. These documents directly relate both to her complaints and the underlying reasons for her complaints. In addition, these documents will help Plaintiff establish that she, too, was not paid lawful overtime wage rates as an hourly employee. Defendants state, ironically, that "Plaintiff's overtime claim may be proven merely by resort to Plaintiff's own time sheets." Opp. at 32. That may be true, if Defendants had actually produced Plaintiff's timesheets for the time that she worked as an hourly employee. Instead, they refuse to produce even this most basic information.

Reply at 22.

As argued in her briefing on the Motion to Compel, the information is clearly relevant to Plaintiff's claims in this lawsuit, specifically her claim that Defendants retaliated against her due to her repeated complaints to Defendants, and ultimately to the Department of Labor, regarding

11

Defendants' failure to pay hourly employees lawful overtime wage rates. *See* Dkt. 8, Amended Complaint, ¶¶ 81-86, 112-17. Thus, the information is relevant to Plaintiff's retaliation claim because it shows the reasons for the protected activity in which she engaged, *i.e.*, reporting Defendants' violations of the Fair Labor Standards Act and its local counterpart. It also establishes Defendants' motive and intent to retaliate against her for engaging in such protected activity. *See* 29 U.S.C. § 215(a)(3); *Haile-Iyanu v. Central Parking System of VA, Inc.*, No. 06-2171(EGS), 2007 WL 1954325, *2 (D.D.C. July 5, 2007) (slip copy) (discussing the elements of an FLSA retaliation claim). Finally, it helps establish that Defendants' failure to pay Plaintiff a lawful overtime wage rate when she was employed as an hourly employee by Defendants was not a mistake or accident, but knowing and intentional. *See* Dkt. 8, Amended Complaint, ¶¶ 74-80, 103-11. S*ee, e.g., Williams*, 2007 WL 2480367, at *2. The audit information, specifically, would reveal the scope of Defendants' failure to comply with wage laws and, potentially, the scope of their failure to pay Plaintiff lawful overtime wages. Further, to the extent that the failure to pay overtime continued after such audits were conducted, such evidence would prove intent.

Defendants should be ordered to produce all documents responsive to these plainly relevant requests.

### E.  Ruling on Document Request No. 16

*Request No. 16: Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant.*

*Objection:   Defendants object that this request is overbroad, unduly burdensome, and not likely to lead to admissible evidence. Defendants object that this request is vague as to the term discipline, overbroad as to employees unrelated to any matter herein, and vague as to compilation, databases or lists.*

*Answer:* Without waiving said objections, Defendants respond as follows. Defendants produced herein documents responsive to this request including documents numbered Def. 00261 through Def. 00313.

*Supplemental Answer:* Without waiving the objections in Defendants' Responses to Plaintiffs First Request for Production of Documents, Defendants respond as follows. Documents numbered DEF 00366 through DEF 00495 are produced herein.

> Magistrate Judge's Order:
>
> . . . Defendants asserted several objections, but produced numerous responsive documents and accordingly there is no basis for granting Plaintiff's Motion to Compel with respect to Document Requests No. 15 and 16.

Order at 25.

Plaintiff objects to this Order because Defendants appear to have withheld discipline and/or termination related documents regarding Tina Wells and Everett Bethea. Plaintiff stated in her Reply Memorandum in support of her Motion to compel that:

> . . . even though Defendants identified Tina Wells and Everett Bethea in their response to Interrogatory No. 6 as two employees who had been disciplined and/or terminated, "among other possible individuals," Mot. at 20, Defendants failed to produce any documents relating to the discipline of Tina Wells or Everett Bethea or anyone else. Therefore, it is clear that Defendants have not produced all responsive documents. This evidence will establish whether Plaintiff's discipline (and termination) was like or akin to the discipline of other employees . . . .

Reply at 24.

Because Defendants have not produced all responsive documents, the Magistrate Judge's Order that "there is no indication that Defendants are withholding any additional responsive documents" was in error. Defendants should be compelled to produce all responsive documents.

### F. Ruling on Document Request No. 19

*Request No. 19:* **Documents referring to, relating to, or referencing the salaries and/or bonus structures of all InterSolutions' employees employed since December 2003.**

*Objection:* Defendants object that this request is overbroad, not reasonably limited in temporal scope, unduly burdensome, and not likely to lead to admissible evidence.

13

*Answer:*   Defendants produced herein documents responsive to this request including documents numbered Def. 00261.

>Magistrate Judge's Order:
>
>This request seeks salary and bonus information for all InterSolutions employees since December 2003. (Pl.'s Mem. at 61.) Plaintiff asserts that these documents "are relevant for purposes of determining whether [Plaintiff] was compensated correctly, and for determining damages." (*Id.*) Plaintiff explains how the salary and bonus information of Harry McNeill, Plaintiff's successor, is reasonably calculated to lead to the discovery of admissible evidence, but makes no such showing with respect the salaries and bonus information of other employees. For example, Plaintiff states that "the salary and bonus information relating to other department coordinators and/or managers (of which there are less than ten) are relevant to Plaintiff's claims of age discrimination, breach of contract, and retaliation claims," but does not explain how this is so. Therefore the Court will only order Defendants to produce the salary and bonus information for Mr. McNeill from August 1, 2006 until the present.

Order at 26.

Plaintiff objects to the Order on this request insofar as Defendants were not ordered to produce all key comparator evidence. The Order recognized that Plaintiff had narrowed her request to the "salary and bonus information relating to other department coordinators and/or managers," but still did not compel production of this evidence. Plaintiff's comparators, or the similarly-situated employees whose jobs were similar to Plaintiff's "in all relevant aspects of their respective employment circumstances," which may include having the same supervisor and similar job responsibilities, *Dorchy v. Washington Metropolitan Area Transit Authority*, 45 F. Supp. 2d 5, 17 (D.D.C. 1999); *see also Phillips v. Holladay Property Serv.,* 937 F. Supp. 32, 37 (D.D.C. 1996), include the other staffing coordinators/department heads (including Craig El-Amin, Rasheedah Ahmed, Jamal Ahmed, Chad Craven, Jason Zerbe, and Kim (LNU)). These employees are similarly-situated to Plaintiff because their job duties, like Plaintiff's, involved responsibility for an InterSolutions department, and because they were all supervised by

Defendants Drew Golin, Sara Walder, and during 2006, InterSolutions CEO John Wagithuku. Plaintiff should be able to discover the information regarding their salary and bonus structures to prove that she was treated differently than others similarly-situated.

As Plaintiff stated in her Reply, "This evidence goes directly to Plaintiff's retaliation, age discrimination, and breach of contract claims; she claims that Defendants paid her less than employees under the age of forty and that Defendants did not unilaterally alter the bonus structure or adjust the pay rates of employees who did not complain about Defendants' unlawful wage practices, were under the age of forty, and who did not take and seek medical leave. *See* Amended Complaint, Dkt. 8, ¶¶ 46, 55. Thus, the information is directly relevant." Reply at 24-25.

The Court should order Defendants to produce all of this clearly relevant, key comparator evidence. The Magistrate Judge's Order was contrary to law, because it prevents Plaintiff the broad access to discovery to which she is entitled. *See, e.g., Burlington Ins.*, 368 F. Supp. 2d at 86; *see also Paquin v. Federal Nat. Mortg. Ass'n*, 119 F.3d 23, 28, 326 (D.C. Cir. 1997) (reversing summary judgment and remanding for further discovery where the district court had failed to compel discovery of relevant comparator evidence) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973) (evidence that similarly-situated employees engaged in comparable activity to that used to justify failure to rehire plaintiff "especially relevant" to show proffered reason is pretext for discrimination)).

## IV.   CONCLUSION

For all of the foregoing reasons, the above-specified portions of the Magistrate Judge's Order on Plaintiff's Motion to Compel should be reversed, and Defendants should be ordered to produce all information and/or documents responsive to these discovery requests.

15

Respectfully submitted this 21st day of February, 2008.

        /s/ Lori B. Kisch
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Abby M. Richardson (DC Bar No. 978118)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. NW
Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

## CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of February, 2008, the foregoing Objections to the Magistrate Judge's Order on Plaintiff's Motion to Compel and Proposed Order were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

      By:
         /s/ Lori B. Kisch
      Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LINDA GREEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL NO: 1:07CV00298-EGS |
|  | ) | Settlement Conference: Feb. 28, 2008 |
| INTERSOLUTIONS, INC., ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |

## **PROPOSED ORDER**

WHEREAS Plaintiff Linda Green has objected to certain portions of the Magistrate Judge's Order on her Motion to Compel,

IT IS HEREBY ORDERED that that the challenged portions of the Magistrate Judge's Order on Plaintiff's Motion to Compel are hereby modified, and

IT IS FURTHER ORDERED that Defendants must produce the following documents and/or information within ten days of the date of this Order:

In response to **Plaintiff's Interrogatory No. 10**, in addition to the production compelled by the Magistrate Judge, Defendants shall provide a full and complete answer to the Interrogatory that identifies all individuals who were involved in any discussions regarding the loss of the Archstone contract, what knowledge each individual has about the loss of the Archstone contract, and all communications regarding, referencing, or pertaining to the loss of the Archstone contract.

In response to **Plaintiff's Interrogatory No. 13**, Defendants shall provide a full and

complete answer.

In response to **Plaintiff's Requests for Production No. 3,** Defendants shall produce all responsive documents.

In response to **Plaintiff's Request for Production No. 5**, Defendants shall produce all responsive documents dating from December 2001.

In response to **Plaintiff's Request for Production No. 10**, Defendants shall produce all responsive documents dating from December 2001.

In response to **Plaintiff's Request for Production No. 16**, Defendants shall produce all responsive documents, including documents related to the discipline and/or termination of Tina Wells and Everett Bethea.

In response to **Plaintiff's Request for Production No. 19**, in addition to the production compelled by the Magistrate Judge, Defendants shall produce all responsive documents related to staffing or department coordinators and/or managers.


Dated: _____                        _____
                                                The Honorable Emmet G. Sullivan
                                                United States District Judge