UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA GREEN**<br><br>    Plaintiff,<br><br>    v.<br><br>**INTERSOLUTIONS, INC.,** *et al*,<br><br>    Defendants. | Civil Action No. 07-298(EGS)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court is a proposed Confidentiality Agreement and Protective Order [68-2], Plaintiff's Memorandum Regarding the Proposed Revised Confidentiality Agreement and Protective Order [70], and Defendants' Memorandum on the Proposed Protective Order [72].

**I.    Background**

On December 10, 2007, this Court issued a Memorandum Order [48] addressing two disputed provisions of a proposed Protective Order. At issue was Paragraph 4, which sets forth the categories of information that a party may designate as "Confidential Information," and Paragraph 10, which sets forth the procedure for challenging a party's designation of information as "Confidential Information."

With respect to Paragraph 4, the Court ruled that Defendants could designate the

---

[1] This case was referred to the undersigned Magistrate Judge for discovery purposes, pursuant to Local Civil Rule 72.2(a). (*See* Minute Order dated 10/18/07.)

1

identities of and information about InterSolutions employees, applicants, clients, and potential clients as confidential without designating the entire document containing that information as confidential.  (Mem. Order. at 5.)  The Court further ruled that Defendants could redact that information "as appropriate" before producing the documents to Plaintiff.  (*Id.*)  The purpose of this approach was to "take[] into account Defendants' concerns about the release of commercially sensitive material and Plaintiff's concern that Defendants' proposed language for Paragraph 4 will cause the case to be litigated under seal."  (*Id.*)  The Court concluded its Memorandum Order by directing the parties to submit "a Protective Order containing the approved language for the Court's signature."  (*Id*. at 7.)  No such Protective Order was submitted.  Instead, on February 13, 2008, the parties informed the Court that they were unable to come to an agreement about the language of Paragraph 4 and that each would submit its version along with a statement of reasons in support thereof.  (Notice of Filing [68] at 1.)

**II.     Current Dispute**

Both parties agree that Defendants may designate the identity or contact information of any InterSolutions employee, applicant, client or potential client as "Confidential Information." (Proposed Protective Order [68-2] at 2, 3.)  However, Plaintiff wants to add the following language:

> The Confidential Information shall be redacted if disclosed to anyone other than those individuals listed in paragraph 7 of this Order and/or unless the document is filed under seal.  The Party marking the document with the label "Contains Confidential Information" shall at the time of production to the opposing party, provide a copy of what it believes should be redacted should the document be disclosed, other than to the Court under seal, to an individual not listed in paragraph 7.

(*Id*. at 2-3.)  In other words, Plaintiff believes that she is entitled to un-redacted copies of documents that contain confidential information and that those documents need only be redacted if disclosed to third parties.  Plaintiff argues that she is entitled to review this confidential information to prepare her case against Defendants and to defend herself against Defendants' counterclaims.  (Pl.'s Mem. [70] at 2-3.)  Defendants, in an attempt to prevent Plaintiff from discovering what they believe to be trade secrets, offers the following language, which tracks the language of this Court's Memorandum Order:

> In the case of InterSolutions' staffing employees and clients, Defendants may designate the identities of and information about these individuals or entities as "Confidential Information," and redact them as appropriate, without subjecting the whole document to the procedures set forth herein for dealing with "Confidential Information."

(Proposed Protective Order. at 3.)

The Court agrees with Defendants that Plaintiff is attempting to re-litigate an issue that has already been decided by this Court.  (*See* Def.'s Mem. [72] at 3.)  If Plaintiff disagreed with the approved language contained in the December 10, 2007 Memorandum Opinion, she should have appealed the matter to Judge Sullivan pursuant to Local Civil Rule 72.2(b).  At this juncture, the Court stands by its earlier ruling and will allow Defendants to redact confidential information before producing documents containing such information to Plaintiff.

III.    **Conclusion**

For the foregoing reasons, it is this 21st day of February, 2008, hereby

**ORDERED** that the Court approves Defendants' Draft Language for Paragraph 4, as set

3

forth in the proposed revised Confidentiality Agreement and Protective Order [68-2]; and it is further

**ORDERED** that the parties shall submit, via electronic filing, a Protective Order containing the approved language for the Court's signature within ten days of this Memorandum Order.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE