IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, )<br>)<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>INTERSOLUTIONS, INC., *et al.* )<br>)<br>   Defendants. )<br>_____) | Civil No.: 1:07-cv-00298-EGS-AK |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME IN WHICH
TO FILE A REPLY BRIEF IN THEIR FIRST MOTION TO COMPEL**

  Defendants InterSolutions, Inc., Drew Golin, and Sara Walder, through undersigned counsel, hereby move the Court for a thirty-day extension of time in which to file a Reply brief in their Motion to Compel Production of Documents ("Motion to Compel") (No. 57). Counsel for Defendants has inquired of counsel for Plaintiff whether Plaintiff consents to this motion. Exhibit 1. As of the date of this filing, counsel for Plaintiff has not responded to Defendants' inquiry.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

  Between July 27, 2007, and August 22, 2007, Defendants served six requests for production of documents. After four months and several attempts to obtain responsive documents from Plaintiff, Defendants filed the Motion to Compel on December 21, 2007.

  Before the date on which Plaintiff's Opposition was due, the Court stayed all discovery and discovery-related matters. Thus, Plaintiff did not file an Opposition.

  The Court lifted the discovery by Minute Order on February 6, 2008, and Plaintiff opposed the Motion to Compel on February 14, 2008 (No. 71).

  Defendants' reply brief is due today, February 25, 2008.

**II.    ARGUMENT**

    **A.    An Extension of Time Would Conserve Judicial Resources**

On February 12 and 14, Plaintiff produced via U.S. Mail to Defendants over 700 pages of documents purportedly responsive to several requests on which Defendants had moved to compel production of documents. Defendants, however, did not receive the productions until February 19 and 21, three and two business days, respectively, before the due date for their Reply brief in the Motion to Compel. The sheer volume of documents produced made it impossible in such a short time for Defendants thoroughly to consider how the productions affect the Motion to Compel. To save judicial resources and promote efficiency, the Court should grant Defendants thirty days to analyze the recent productions and determine whether the documents produced moot any issues raised by Defendants in their Motion to Compel.

    **B.    Plaintiff's Production of Documents Contains Significant Errors and Omissions that Plaintiff Must Rectify Thus Necessitating Additional Time To Understand Those Errors And Omissions**

In their cursory processing of Plaintiff's February 12 and 14 productions of over 700 documents, Defendants noticed several errors in numbering and content of the documents. Defendants also have learned of significant duplicative documents contained in Plaintiff's initial 247-page production. Defendants informed Plaintiff of this by letter on February 22, 2008, attached hereto as Exhibit 2, and Plaintiff admitted in response that there were several errors in document numbering and that many documents were included multiple times under different document numbers in the early productions. Defendants have not yet had an opportunity to inspect the recent productions for duplicative documents or clerical errors. A thirty-day extension would permit Defendants to thoroughly examine the recent productions to determine whether they comport with the substance of the request.

### C. Plaintiffs Have Failed To Identify Which Documents Are Responsive To Which Requests

Defendants also have yet to receive a list from Plaintiff that indicates what documents are responsive to what requests for production. Without such a list, it is difficult or impossible to tell with certainty which requests have been responded to satisfactorily.

Wherefore, for the foregoing reasons, Defendants respectfully request that the Court grant them a thirty-day extension of time in which to file a Reply brief in the Motion to Compel.

Date: February 25, 2008                             Respectfully submitted,


                                                    __/s/_ Manesh K. Rath_____
                                                    Manesh K. Rath (D.C. Bar No. 457835)
                                                    *rath@khlaw.com*

                                                    Keller and Heckman LLP
                                                    1001 G Street, N.W., Suite 500 West
                                                    Washington, D.C. 20001
                                                    Tel: (202) 434-4182
                                                    Fax: (202) 434-4646

                                                    Counsel for Defendants

## CERTIFICATE OF SERVICE

     I hereby certify that on February 25, 2008, a copy of the foregoing was served by CM/ECF software upon:

     Timothy B. Fleming (D.C. Bar No. 351114)
     Lori B. Kisch (D.C. Bar No. 491282)
     Wiggins, Childs, Quinn & Pantazis, LLC
     2031 Florida Avenue, N.W., Suite 300
     Washington, D.C.  20009
     Tel:  (202) 467-4123

     Susan E. Huhta (D.C. Bar No. 453478)
     Carolyn P. Weiss (D.C. Bar No. 480697)
     Washington Lawyers' Committee for Civil Rights and Urban Affairs
     11 Dupont Circle, N.W., Suite 400
     Washington, D.C.  20036
     Tel: (202) 319-1000

     Counsel for Plaintiff


                                                                                      /s/ Manesh K. Rath
                                                                                     Manesh K. Rath, Esq.

# EXHIBIT 1

# Sheffield, Robert

**From:** Sheffield, Robert
**Sent:** Thursday, February 21, 2008 3:19 PM
**To:** 'Lori Kisch'
**Cc:** Rath, Manesh; Wright, Wesley
**Subject:** Green v. InterSolutions

Lori,

We just received this afternoon a CD purporting to contain documents LG255 through LG1121.  In addition, yesterday we received a different CD purporting to contain documents LG248, 261-401, 1122-1311.  We will need time to review how these documents affect our pending Motion to Compel.  We therefore intend to seek a 30-day extension of time in which to file a reply brief in Defendants'' Motion to Compel.  Please let us know if you consent to such an extension.

Thank you,

Robert A. Sheffield
tel: 202.434.4139 | fax: 202.434.4646 | Sheffield@khlaw.com
1001 G Street, N.W., Suite 500 West | Washington, D.C. 20001

## Keller and Heckman LLP
*Serving Business through Law and Science®*

**Washington, D.C.** | **Brussels** | **San Francisco** | **Shanghai**

*Visit our websites at* www.khlaw.com *or* www.packaginglaw.com *for additional information on Keller and Heckman.*

# EXHIBIT 2


**KELLER AND HECKMAN LLP**
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
Manesh K. Rath
(202) 434-4182
Rath@khlaw.com

February 22, 2008

**Via E-Mail and U.S. Postal Service**

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, NW
Suite 300
Washington, DC 20009

Re:   ***Green v. InterSolutions, Inc., et al.***

Dear Lori:

We received your February 12 and 14, 2008, productions of documents and we have several serious concerns with their comprehensiveness.

First, you produced to us LG1307-11. However, your privilege log indicates that you have withheld documents LG1307-11. Your privilege log also indicates that the documents withheld are different than the ones you produced as LG1307-11. Please rectify this error.

Additionally, we received your February 12, 2008, production on February 21, nine days after it was postmarked. This production purports to contain LG255-60, LG402-84, and LG489-1121. However, we received your February 14, 2008, production on February 19. This production purports to contain LG248, LG261-401, LG1122-1311. We do not understand why you would include documents numbered in the 1100s in your February 12 production and documents numbered in the 200s and 400s in your February 14 production. Please explain the non-sequential production. We also do not understand why it took nine days for a parcel to ship from your office to ours, a distance of less than two miles. In the future, please be more attentive to the way in which your office handles its mail service.

Our discovery of these problems has given us cause to revisit your previous productions of documents, and we have discovered additional errors there, which we now address.

First, in our telephone conference in late December, we requested that you identify for each document produced the request to which it was responsive. You indicated that "shortly after the New Year" you would provide us a list indicating which documents in LG0001-247 are responsive to which of Defendants' document requests. When we asked you in that call to be more specific, you persisted that you would address this "shortly after the New Year." Nearly two months into the New Year, we have still not received any such list. Please provide us this list immediately.

Second, six pages are missing from LG00001-247. Specifically missing are LG00002-04, LG00198-99, and LG00201. Please explain the basis of these omissions.

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
February 22, 2008
Page 2

Third, we have uncovered extensive duplicative productions. Specifically:

- LG00001 is identical to LG00022
- LG00005 is identical to LG00021
- LG0009-10 are identical to LG0029-30
- LG00023 is identical to LG00035
- LG00024 is identical to LG00034
- LG00025-28 are identical to LG00032-33
- LG00139-40 are identical to LG00193-94
- LG00141-42 are identical to LG00195-96
- LG00200 is identical to LG00206
- LG00202 is identical to LG00205
- LG00227-28 are identical to LG00229-30
- LG00242 is identical to LG00225-26.

We are surprised by this large number of duplicative documents in a production consisting of less than 250 pages. We have not yet had a chance to review your February 12 and 14 productions to determine the extent to which documents have been duplicatively produced but we certainly must now undertake the process of doing so. We hope not to find any more duplicative documents in these productions. Please explain whether these documents are in fact identical duplicates produced under different Bates numbers or whether there are material differences among them.

# KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
February 22, 2008
Page 3

    The issues raised in this letter represent significant additional costs imposed upon Defendants due to acts or omissions that appear to have been easily avoidable by you. In addition, these production issues represent one more delay imposed upon Defendants' efforts to conduct discovery efficiently. We ask that you kindly address the issues raised in this letter without delay.

Sincerely,

Manesh K. Rath

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LINDA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.: 1:07-cv-00298-EGS-AK |
| | ) | |
| INTERSOLUTIONS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**(PROPOSED) ORDER**

It is hereby **ORDERED** this _____ day of _____, 2008, that Defendants' Motion for an Extension of Time in Which to File a Reply Brief in Their First Motion to Compel is **GRANTED**. Defendants shall file their Reply Brief in their Motion to Compel (No. 57) within 30 days of the date of this order.

**SO ORDERED.**


_____          _____
Date                                        Magistrate Judge Alan Kay