IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDA GREEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERSOLUTIONS, INC., *et al.* )<br>)<br>Defendants. )<br>_____) | Civil No.: 1:07-cv-00298-EGS-AK |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO RE-ISSUE SUBPOENAS**

Defendants InterSolutions, Inc., Drew Golin, and Sara Walder, through undersigned counsel, hereby reply to Plaintiff's Opposition to Defendants' Motion for Leave to Re-Issue Subpoenas ("Opposition").

**I.  Plaintiff Has Engaged in Dilatory and Obstructive Behavior Over the Past Six Months.**

Plaintiff has a duty under Federal Rule of Civil Procedure 34(b) to respond to a document request *to the extent not objectionable.*  Despite that duty, Plaintiff persisted that Defendants' requests were overbroad and therefore required *no* production of documents.  Motion, Exhibit F, Plaintiff's Responses to Defendants' Fifth Request for Production of Documents, Response to Request Nos. 6-10.  When Defendants narrowed the scope of the requested documents in an October 2007 letter to assuage Plaintiff's overbreadth concerns and to make a good-faith effort at resolving the issue, Plaintiff stated that she did not presently have the documents but would request them from the record holders and produce them upon receipt.  Motion, Exhibit H at 4. After seeking in vain for nearly two months to receive documents that Plaintiff said she would obtain, Defendants had no choice but file this Motion, which they did on December 19, 2007.

### A. Plaintiff Has Refused to Inform Defendants When She Received Responsive Documents

All litigants, including Plaintiff, are under a duty to supplement discovery as soon as responsive information becomes available. This was a point made clear by the Court in its Memorandum Order on Plaintiff's First Motion to Compel. No. 64 at 21 ("Defendants recognize their ongoing duty to supplement . . . additional responsive documents as they are discovered."). On January 2, 2008, Plaintiff's counsel Lori Kisch sent Defendants a letter stating: "[a]s of December 28, 2007, we are now in possession of the requested documents. We are prepared to produce these documents . . . once the Court lifts the current stay on discovery."[1] Opposition, Ex. 1. Ms. Kisch then stated that she believed Defendants' Motion to be moot and demanded that Defendants withdraw the Motion. *Id.* The timing and substance of this correspondence raises significant concerns that go directly to the truthfulness of counsel for Plaintiff's representations and her compliance with applicable rules of procedure.

Ms. Kisch's January 2 letter impliedly represents either that: a.) Plaintiff received all documents responsive to request Nos. 6-9 of Defendants' Fifth Request for Production of Documents on December 28, 2007;[2] or that b.) Plaintiff's counsel Lori Kisch delayed informing Defendants that she had *any* responsive documents until she had what she considered to be *all* responsive documents.

On February 8, 2008, after the Court lifted the stay on discovery, Defendants asked Plaintiff's counsel the dates on which she requested and received the relevant documents from their custodians. Exhibit 1. Ms. Kisch's obliquely evaded the question, stating only that "[t]he

---

[1] The Court's stay on discovery should reasonably be read to apply only to new discovery-related activities and to deadlines that fell during the stay, not to pre-existing production obligations that were already overdue by several months when the stay was imposed.

[2] This would be an unlikely occurrence since the records belong to four unrelated custodians in at least three different states.

2

records were requested multiple times via telephone and/or in writing over the last several months." Exhibit 2. Indeed, since the filing of this Motion, Defendants have learned not only that Ms. Kisch has been less than forthcoming about when she requested and received responsive documents but also that Ms. Kisch has been in possession of at least some of the relevant records since August 2007.

>	B.	**Defendants Discovered in Response to Plaintiff's Motion to Show Cause and for Sanctions that Plaintiff Has Been in Possession of Responsive Documents Since August 2007**

On December 14, 2007, Plaintiff filed a Motion For Order to Show Cause and For Sanctions against counsel for Defendants ("Motion for Sanctions") (No. 51). The Motion for Sanctions sought sanctions against Defendants' counsel for requesting Defendants' own expert not to respond to Plaintiff's subpoena *duces tecum* because Defendants intended to move to quash the subpoena. Defendants did subsequently file a motion to quash the subpoena (No. 52). According to Plaintiff, "Defendants' counsel has purposefully . . . interfered with Plaintiff's properly issued subpoena for documents served on [Defendants' expert]. . . . This interference with a properly issued subpoena is improper and should be sanctioned by the Court." Motion to Sanctions at 6-7. In the course of Defendants' research of their Opposition to the Motion for Sanctions, Defendants learned that on August 10, 2007, counsel for Plaintiff telephoned Phyllis LeTart, the Custodian of Records at Charles Town Races and Slots, and instructed her not to produce records responsive to Defendants' subpoena "as a Motion to Quash the subpoena would be filed on behalf of the Plaintiff." Declaration of Phyllis LeTart, attached hereto as Exhibit 3, ¶ 5. Defendants' discovery of Plaintiff's unclean hands likely prompted Plaintiff's unilateral withdrawal of her insincerely-filed Motion for Sanctions on February 22, 2008. *See* Plaintiff's Notice of Withdrawal of Her Motion for an Order to Show Cause and for Sanctions (No. 78).

Further, on August 14, 2007, Ms. LeTart received a fax from Plaintiff's counsel requesting copies of the records responsive to Defendants' subpoena. Exhibit 3, ¶ 7. Ms. LeTart forwarded copies of the records to Ms. Kisch on that day. *Id.*, ¶ 8. In light of Ms. LeTart's statements, Defendants now know that Ms. Kisch was in possession of documents from Charles Town Races and Slots[3] in November 2007 when Ms. Kisch informed Defendants that she "is requesting responsive documents from Charles Town Races and Slots" and "will produce the responsive documents upon receipt of same." Motion, Exhibit H at 4. Given such incongruous statements, Defendants have good cause to believe that Plaintiff's production is incomplete and unreliable as to the documents received from Plaintiff that purport to be responsive to these subpoenas and document requests.

The Court should permit Defendants to re-issue these subpoenas to receive the documents without Plaintiff's obstructive screen.

### C. The Timing of Plaintiff's January 2, 2008, Letter Supports Granting Defendants' Motion for Leave to Re-Issue Subpoenas

In addition to Plaintiff's vague non-response about the dates on which she received— which she phrases as being "in possession of"—"responsive" documents, the December 28 date on which Plaintiff alleges to have received simultaneous responses from four unrelated custodians leads to further confusion. First, after five months of argument over these documents and over strenuous objections to production by Plaintiff, Defendants were left with no choice but to file the instant Motion. Yet, exactly a week after filing the Motion, Ms. Kisch indicated that she suddenly was in possession of all responsive documents and demanded that Defendants' Motion was moot and should be withdrawn. *See* Opposition, Exhibit 1. The timing is not lost on

---

[3] These documents are responsive to request No. 10 of Defendants' 5th Request for Production of Documents. *See* Motion, Exhibit E at 5.

4

Defendants, and, taken together with Ms. Kisch's knowing suppression of documents from Charles Town Races and Slots, strongly suggests that Plaintiff was in possession of additional responsive documents at the time Defendants filed their Motion. Second, Ms. Kisch suddenly announced on January 2 that she possessed all documents "as of December 28"—one day after Judge Sullivan stayed all discovery in the case "until further order of the Court." *See* Dec. 27, 2007, Minute Order. Ms. Kisch's receipt of "all" the documents "as of" one day after the stay ensured that Plaintiff could simultaneously demand that Defendants' Motion was moot and should be withdrawn while not having to produce a single responsive document to Defendants. This is exactly what Ms. Kisch did; she produced nothing responsive to Defendants' requests for production and subpoenas until February 12 and 14, 2008. Some documents she possesses still have not been produced.

### D.    Plaintiff Incorrectly States That She Has Produced All Documents Defendants Seek.

Plaintiff asserts in her Opposition that on February 12, 2008—the same day she filed her Opposition—she produced all documents Defendants seek to subpoena. Opposition at 2. This is yet another inaccurate statement by Plaintiff. For example, Plaintiff did not produce documents purportedly responsive to request No. 8 of Defendants' 5th Request for Production of Documents until February 14, 2008, two days after she represented to the Court that she had done so. Exhibit 4.

Even then, the documents produced by Plaintiff purportedly responsive to request No. 8 are not responsive at all. Request No. 8 seeks electronic mail messages from Plaintiff's America Online ("AOL") account. *See* Motion, Exhibit E at 5. In Plaintiff's February 14 production, Plaintiff asserts that LG 1307-1311 are responsive to Request No. 8. Exhibit 4. These Bates ranges, however, contain two letters from November 2006 exchanged between former counsel

5

for InterSolutions and an attorney that represented plaintiffs in *Cryer v. InterSolutions* (No. 06-02032) and *Wells v. InterSolutions* (No. 06-02033), two cases that were previously before this Court that have nothing to do with AOL. The Court should permit Defendants to obtain the documents they seek directly from the custodians of records.

Additionally, Defendants did not receive Plaintiff's February 12 and 14 productions until February 21 and 19, respectively—3 business days before this Reply brief was due. These productions contain several errors and omissions, which Defendants brought to Plaintiff's attention by letter on February 22, 2008. Exhibit 5. These errors and omissions are yet more cause for concern about the comprehensiveness of Plaintiff's productions and an additional reason why the Court should permit Defendants to re-issue the subpoenas to the custodians of record.

## II. Defendants' Motion for Leave to Re-issue Subpoenas is Not Moot

Plaintiff's sole argument in her Opposition is that she has now produced all responsive documents and thus Defendants' Motion is moot and must be denied. Plaintiff's reading of the Court's August 31, 2007, Minute Order, is unduly constrained and not supported by Plaintiff's own behavior during Defendants' six-month journey to obtain these documents.

The Court's Minute Order reads: "Should Plaintiff not produce the records or should Defendants' counsel have reason to believe that the records produced are incomplete, Defendants' counsel may seek leave of the Court to issue necessary subpoenas." Regardless of what documents Plaintiff purports to have mailed to Defendants on the very same day she electronically filed her Opposition, the foregoing amply proves that Defendants have good cause to be concerned about the thoroughness of Plaintiff's production and the accuracy of her representations over the past six months. Indeed, Plaintiff's behavior is the precise reason Judge

6

Sullivan wisely included in his minute order an exception for productions that appear incomplete or suspicious.

At every turn, Plaintiff has resisted producing responsive records, and Defendants recently learned that Plaintiff has been in possession of documents from Charles Town Races and Slots since August 2007. Plaintiff's obstruction is not surprising given her position that the documents sought through Defendants' subpoenas "are not reasonably calculated to lead to the discovery of admissible evidence, require the production of privileged documents, and if complied with, would invade the privacy interests of the Plaintiff as well those of as third parties." Memorandum in Support of Plaintiff's Motion to Quash Subpoenas (No. 25) at 1. This conduct contravenes the Court's own orders on this issue as well as rules of procedure. The Court should sanction Plaintiff's inappropriate behavior by permitting Defendants to re-issue subpoenas to Strategic Federal Credit Union, Charles Town Races and Slots, Dover Downs, and Sprint Communications.

## III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Leave to Re-Issue Subpoenas to Strategic Federal Credit Union, Charles Town Races and Slots, Dover Downs, and Sprint Communications.

Date: February 25, 2008

Respectfully submitted,

_____/s/_____
Manesh K. Rath (DC Bar No. 457835)
*rath@khlaw.com*
Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendants

7

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 25, 2008, a copy of the foregoing was served by CM/ECF software to:

Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W.
Washington, D.C. 20009
Tel.: (202) 467-4123
Fax: (202) 467-4489

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiff

              _____/s/_____
              Manesh K. Rath

# EXHIBIT 1



**KELLER AND HECKMAN LLP**
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
**Manesh K. Rath**
(202) 434-4182
Rath@khlaw.com

February 8, 2008

**Via E-Mail and U.S. Postal Service**

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
2031 Florida Avenue, NW
Suite 300
Washington, DC 20009

Re:   *Green v. InterSolutions, Inc., et al.*

Dear Lori:

This letter follows Defendants' January 4 and 7 letters, which responded to Plaintiff's January 2 letter requesting that Defendants withdraw their Motion for Leave to Re-Issue subpoenas to Charles Town Races and Slots, Sprint Communications, Dover Downs, and Strategic Federal Credit Union.

To better understand Plaintiff's request, please provide us with (1) copies of the letters you sent to request the relevant records of the aforementioned third parties and (2) the dates you received the relevant records from each of the record holders.

Sincerely,

Manesh K. Rath

Washington, D.C.    Brussels    San Francisco    Shanghai

www.khlaw.com

# EXHIBIT 2

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

February 11, 2008

**Via Electronic Mail**
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

   *Re: Green v. InterSolutions, Inc., et al.*

Dear Mr. Rath:

  We write to respond to your letter of February 8, 2008. You inquired about the dates on which records were requested and received from Strategic Federal Credit Union, Charles Town Races and Slots, Dover Downs, and Sprint Communications. The records were requested multiple times via telephone and/or in writing over the last several months. We have now received all the records and intend to produce them this week.

  We ask again, therefore, that you please withdraw your Motion for Leave to Re-Issue Subpoenas to these entities.

  Please let me know if you have any questions.

            Sincerely,

            Lori B. Kisch

cc: Susan Huhta, Esq.
   Katherine Gillespie, Esq.

| THE KRESS BUILDING | 2031 FLORIDA AVE, N.W. |
| --- | --- |
| 301 19TH STREET NORTH | SUITE 300 |
| BIRMINGHAM, AL 35203 | WASHINGTON, D.C. 20009 |
| (205) 328-0640 | (202) 467-4123 |

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Linda L. Green

       Plaintiff,

v.                                           Civil No.: 1:07-cv-00298-EGS-AK

InterSolutions, Inc., et al

       Defendants.

### DECLARATION OF PHYLLIS LeTART

I, Phyllis LeTart, state the following:

1. I am employed by PNGI Charles Town Gaming, LLC, t/a "Charles Town Races & Slots" ("CTRS"), as its Vice President – Legal & Business Affairs.

2. On or about August 2, 2007, CTRS was served with a subpoena duces tecum issued in the above-captioned referenced matter by Defendant's counsel.

3. This subpoena requested "All documents, balance statements and statements of account and/or activity from May 1, 2004 through September 1, 2006 for the Players' Choice Card and corresponding Player's Choice Account of Linda L. Green…", as further identified.

4. On or about August 9, 2007, I sent the records responsive to the subpoena to Defendant's counsel.

5. On or about August 10, 2007, I received a phone call from Plaintiff's counsel requesting that I not produce the records responsive to the subpoena as a Motion to Quash the subpoena would be filed on behalf of the Plaintiff.

6. On or about August 10, 2007, I attempted to retrieve the records sent to Defendant's counsel but was unsuccessful as the enveloped had already been picked up for delivery to the post office.

7. On August 14, 2007, via facsimile, I received a letter from Plaintiff's counsel requesting copies of the records responsive to the subpoena that were forwarded to Defendant's counsel.

8. On or about August 14, 2007, copies of the records were forwarded to Plaintiff's counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of December, 2007, in Charles Town, West Virginia.

                                                                */s/ Phyllis LeTart*
                                                                 Phyllis LeTart

# EXHIBIT 4

Case 1:07-cv-00298-EGS   Document 80-5   Filed 02/25/2008   Page 1 of 2

**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

February 14, 2008

<u>Via First Class U.S. Mail</u>
Manesh K. Rath, Esq.
Keller & Heckman LLP
1001 G St, NW, Suite 500 W
Washington, DC 20001

<u>*Re: Green v. InterSolutions, Inc., et al.*</u>

Dear Mr. Rath:

Enclosed please find a CD with the following documents:

- LG 248 (Confidential): Responsive to 4th RFP, No. 1 and 5th RFP, No. 3
- LG 261-262 (Confidential): Responsive to 4th RFP, No. 1 and 5th RFP, No. 5
- LG 263-401 (Confidential): Responsive to 4th RFP, No. 2
- LG 1122-1135 (Confidential): Responsive to 5th RFP, No. 5
- LG 1136-1188 (Confidential): Responsive to 5th RFP, No. 4
- LG 1189 (Confidential): Responsive to 5th RFP, No. 5 and 6th RFP, No. 1
- LG 1190-1306 (Confidential): Responsive to 5th RFP, No. 5
- LG 1307-1311: Responsive to 5th RFP, No. 8

You will notice that many of these documents are marked "Confidential." We expect that you will abide by the stipulation articulated in your October 17, 2007 letter to treat these documents as if they were produced under the proposed protective order, until such time as the final protective order is approved by the Court. At that time, of course, the "Confidential" designation indicates that they fall within the ambit of the Court-approved protective order.

You will also notice that there are several Bates numbers missing, specifically LG 247, 249-254, and 1118-1120. This was due to an administrative error.

Also enclosed please find a copy of our privilege log. If you have any questions, please feel free to contact us.

Sincerely,

Lori Kisch
Abby M. Richardson

Enclosures

cc:    Susan Huhta, Esq.
       Katherine Gillespie, Esq.

THE KRESS BUILDING
301 19TH STREET NORTH
BIRMINGHAM, AL 35203
(205) 328-0640

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, D.C. 20009
(202) 467-4123

# EXHIBIT 5


**KELLER AND HECKMAN LLP**
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access
**Manesh K. Rath**
(202) 434-4182
Rath@khlaw.com

February 22, 2008

**Via E-Mail and U.S. Postal Service**

Lori B. Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, NW
Suite 300
Washington, DC  20009

Re:   *Green v. InterSolutions, Inc., et al.*

Dear Lori:

We received your February 12 and 14, 2008, productions of documents and we have several serious concerns with their comprehensiveness.

First, you produced to us LG1307-11. However, your privilege log indicates that you have withheld documents LG1307-11. Your privilege log also indicates that the documents withheld are different than the ones you produced as LG1307-11. Please rectify this error.

Additionally, we received your February 12, 2008, production on February 21, nine days after it was postmarked. This production purports to contain LG255-60, LG402-84, and LG489-1121. However, we received your February 14, 2008, production on February 19. This production purports to contain LG248, LG261-401, LG1122-1311. We do not understand why you would include documents numbered in the 1100s in your February 12 production and documents numbered in the 200s and 400s in your February 14 production. Please explain the non-sequential production. We also do not understand why it took nine days for a parcel to ship from your office to ours, a distance of less than two miles. In the future, please be more attentive to the way in which your office handles its mail service.

Our discovery of these problems has given us cause to revisit your previous productions of documents, and we have discovered additional errors there, which we now address.

First, in our telephone conference in late December, we requested that you identify for each document produced the request to which it was responsive. You indicated that "shortly after the New Year" you would provide us a list indicating which documents in LG0001-247 are responsive to which of Defendants' document requests. When we asked you in that call to be more specific, you persisted that you would address this "shortly after the New Year." Nearly two months into the New Year, we have still not received any such list. Please provide us this list immediately.

Second, six pages are missing from LG00001-247. Specifically missing are LG00002-04, LG00198-99, and LG00201. Please explain the basis of these omissions.

## KELLER AND HECKMAN LLP

Lori B. Kisch, Esq.
February 22, 2008
Page 2

Third, we have uncovered extensive duplicative productions. Specifically:

- LG00001 is identical to LG00022
- LG00005 is identical to LG00021
- LG0009-10 are identical to LG0029-30
- LG00023 is identical to LG00035
- LG00024 is identical to LG00034
- LG00025-28 are identical to LG00032-33
- LG00139-40 are identical to LG00193-94
- LG00141-42 are identical to LG00195-96
- LG00200 is identical to LG00206
- LG00202 is identical to LG00205
- LG00227-28 are identical to LG00229-30
- LG00242 is identical to LG00225-26.

We are surprised by this large number of duplicative documents in a production consisting of less than 250 pages. We have not yet had a chance to review your February 12 and 14 productions to determine the extent to which documents have been duplicatively produced but we certainly must now undertake the process of doing so. We hope not to find any more duplicative documents in these productions. Please explain whether these documents are in fact identical duplicates produced under different Bates numbers or whether there are material differences among them.

KELLER AND HECKMAN LLP
Lori B. Kisch, Esq.
February 22, 2008
Page 3

     The issues raised in this letter represent significant additional costs imposed upon Defendants due to acts or omissions that appear to have been easily avoidable by you. In addition, these production issues represent one more delay imposed upon Defendants' efforts to conduct discovery efficiently. We ask that you kindly address the issues raised in this letter without delay.

                                  Sincerely,

                                  Manesh K. Rath