UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L<small>INDA</small> G<small>REEN</small>, | ) |
| | ) |
| Plaintiff, | ) CIVIL NO: 1:07CV00298-EGS |
| | ) Settlement Conference Feb. 28, 2008 |
| | ) Judge Emmet G. Sullivan |
| | ) Magistrate Judge Alan Kay |
| v. | ) |
| | ) |
| I<small>NTER</small>S<small>OLUTIONS</small>, I<small>NC</small>., <small>ET AL</small>., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE HER SURREPLY IN
OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO RE-ISSUE SUBPOENAS**

Plaintiff Linda Green, through her undersigned Counsel respectfully requests that she be granted leave to file her Surreply in Support of her Memorandum in Opposition to Defendants' Motion for Leave to Re-Issue Subpoenas [Dkt. 53] which is attached hereto.

On February 25, 2008, Defendants filed a Reply Memorandum in which they made serious unsubstantiated misstatements regarding the actions of Plaintiff's Counsel and specifically attacked the credibility and truthfulness of counsel from Wiggins, Childs, Quinn & Pantazis, PLLC. Plaintiff hereby requests leave to file a short surreply in order to correct the record regarding the outrageous accusations made by Defendants' Counsel.

Respectfully submitted this 27th day of February, 2008,

/s/ Lori B. Kisch
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Abby Morrow Richardson (DC Bar No. 978118)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. N.W. Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***

2

## CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of February, 2008, the foregoing Plaintiff's Motion For Leave to File Her Surreply in Support of her Memorandum in Opposition to Defendants' Motion for Leave to Re-Issue Subpoenas, and attached Surreply were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

        By:
           /s/ Lori B. Kisch
        Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDA GREEN, ) |  |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) | CIVIL NO: 1:07CV00298-EGS |
| ) | Mediation: Feb. 28, 2008 |
| ) | Magistrate Judge Alan Kay |
| INTERSOLUTIONS, INC., ET AL., ) |  |
| ) |  |
| Defendants. ) |  |
| ) |  |

**PROPOSED ORDER**

WHEREAS Plaintiff Linda Green has moved the Court for leave to file a Surreply in Support of her Memorandum in Opposition to Defendants' Motion for Leave to Re-Issue Subpoenas, IT IS HEREBY ORDERED that

PLAINTIFF'S MOTION IS GRANTED and that her Surreply shall be considered filed.


Dated: _____          _____
                                  The Honorable Alan Kay
                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| L<small>INDA</small> G<small>REEN</small>, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO: 1:07CV00298-EGS |
| | ) | Settlement Conference Feb. 28, 2008 |
| | ) | Judge Emmet G. Sullivan |
| | ) | Magistrate Judge Alan Kay |
| v. | ) | |
| | ) | |
| I<small>NTER</small>S<small>OLUTIONS</small>, I<small>NC</small>., <small>ET AL</small>., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO RE-ISSUE SUBPOENAS**

Plaintiff Linda Green, respectfully submits this Surreply in Support of her Memorandum in Opposition to Defendants' Motion for Leave to Re-Issue Subpoenas [Dkt. 53].

On February 25, 2008, Defendants filed a Reply Memorandum in which they made serious unsubstantiated misstatements regarding the actions of Plaintiff's Counsel and specifically attacked the credibility and truthfulness of counsel from Wiggins, Childs, Quinn & Pantazis, PLLC. Plaintiff hereby submits a short surreply in order to correct the record regarding the outrageous accusations made by Defendants' Counsel.

Importantly, Plaintiff has not withheld any documents responsive to Defendants' document requests. In fact, the many documents recently produced by Plaintiff were produced earlier than required because they are confidential and subject to the protective order, which has not yet been entered. Further, all representations made by Plaintiff's Counsel regarding the production of such documents were accurate.

The accusations made by Defendants' Counsel surround the production of one piece of

evidence; documents received by Plaintiff's counsel from the Charles Town Races and Slots.[1] Defendants' accusations regarding the production of these documents is astonishing given that Plaintiff produced these documents earlier than required. These documents are confidential and subject to the protective order, which has not yet even been entered. Plaintiff had been willing to produce these documents even earlier than she did, but Plaintiff's letter of November 6, 2007 -- in which Plaintiff agreed to produce such confidential documents prior to the entry of the protective order if Defendants would respond in kind -- went unanswered by Defendants.[2] In an apparent attempt to create the illusion of impropriety regarding the Charles Town Races and Slots documents, Defendants' Counsel cite to a portion of Plaintiff's statement in her letter of November 6th, while omitting another more germane section of the letter in which she specifically informed Defendants that she was "gathering responsive documents in her possession . . ."[3] Further, Plaintiff's Counsel subsequently informed Defendants' Counsel via telephone, on more than one occasion, that she did have documents responsive to Defendants' requests, but all those in her possession had not yet been produced because they would be marked confidential.

Defendants also insinuate that Plaintiff withdrew her Motion To Show Cause Why Defendants' Counsel Should Not Be Held in Contempt of Court and for Sanctions because of

---

[1] It should be noted that these are copies of the very same documents which Defendants received through their quashed subpoena and which Judge Sullivan ordered Defendants to destroy because they were not entitled to the broad scope of information that would be revealed in the documents.

[2] Indeed, despite Defendants' promise on October 17, 2008, to similarly produce all documents which they have withheld due to confidentiality issues, to date, they have not produced such documents. Plaintiff also produced the other documents at issue in this case prior to the entry of the protective order even though the documents are confidential and have been marked as such.
[3] Based upon Defendants' narrowing of their request from Charles Town Races and Slots, Plaintiff's counsel reviewed the documents already in her possession and determined that no further request was necessary.

2

"Defendants' discovery of Plaintiff's unclean hands." There was nothing improper about Plaintiff's conduct; Plaintiff's counsel did not instruct a third party not to comply with a valid subpoena without moving to quash that subpoena, as did Defendants' Counsel.[4] Plaintiff withdrew her motion for one reason only: to attempt to focus the disputes presently before the Court on issues that would directly impact the substantive issues in this case. After the Court entered a stay in the case and questioned Plaintiff's counsel during the recent status conference (that Defendants' Counsel failed to attend) as to which motions needed to be decided by the Court, Plaintiff's Counsel determined that whether or not Defendants' counsel was held in contempt and sanctioned by the Court would not substantively affect the outcome of the case. Plaintiff decided to withdraw the motion to save the Court's resources and to try and focus this case on the substantive issues regarding the Plaintiff's unlawful termination. The withdrawal of the motion was in no way an admission or signal that Defendants' Counsel's actions were anything less than sanctionable.

Finally, Plaintiff has produced all documents in her possession. The only evidence that Defendants put forth to question Plaintiff's representations in this regard is the production of documents responsive to Defendants' request regarding documents sent to Plaintiff's AOL account. The AOL documents are not even an issue before the Court as Defendants have not moved to re-issue a subpoena to AOL. More importantly, as explained in a letter which Defendants received prior to the filing of their Opposition, Plaintiff pointed out that the documents produced in response to Defendants' AOL request were attachments to an email sent to Plaintiff's AOL account, and therefore responsive to Defendants' request. It is perplexing that

---

[4] In fact, Plaintiff's counsel did file the Motion to Quash with respect to this record holder, and it was granted prior to the date of compliance. Defendants' counsel did not file his Motion to Quash until after the time for compliance with Plaintiff's subpoena had passed and until after Plaintiff had filed her Motion for an Order to Show Cause and for Sanctions.

Defendants now argue that Plaintiff is producing too many documents.

The remainder of Defendants' arguments contain numerous factual misstatements which the Plaintiff is willing to address should the Court have any questions. But the fact remains that with regard to this specific motion, Plaintiff has produced all the documents that Defendants' seek to subpoena, and Defendants have failed to establish, as required by Judge Sullivan, what documents, if any, they have not been able to obtain.

Respectfully submitted this 27th day of February, 2008,

/s/ Lori B. Kisch
Timothy B. Fleming (DC Bar No. 351114)
Lori B. Kisch (DC Bar No. 491282)
Abby Morrow Richardson (DC Bar No. 978118)
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Ave. N.W. Suite 300
Washington, D.C. 20009
(202) 467-4123

Susan E. Huhta (DC Bar No. 453478)
Katherine Gillespie (DC Bar No. 480013)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W. Suite 400
Washington, D.C. 20036
(202) 319-1000

***ATTORNEYS FOR THE PLAINTIFF***